Mark D. Estle, Esq. (CA Bar No. 135004)
Brice, Vander Linden & Wernick, P.C.
12520 High Bluff Drive, Suite 265
San Diego, CA 92130
Telephone: (858) 720-0890
Fax: (858) 720-0092
Mark.Estle@bvwlaw.com

Attorney for Secured Creditor

# UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | Case No. 1:12-bk-10986-AA |
| Allana Baroni | Chapter 11 |
| Debtor, | **OPPOSITION TO DEBTOR'S MOTION FOR ORDER APPROVING DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION FOR ALLANA BARONI** |
| | <u>Hearing</u>:<br>Date:  November 14, 2012<br>Time:  10:00 a.m.<br>Place:  Courtroom 303<br>          21041 Burbank Boulevard<br>          Woodland Hills, CA 91367 |

**TO THE HONORABLE ALAN M. AHART, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTOR, THE DEBTOR'S COUNSEL, THE U.S. TRUSTEE, AND OTHER INTERESTED PARTIES:**

Nationstar Mortgage, LLC ("Secured Creditor") hereby opposes Debtor's Motion for Order Approving Disclosure Statement and Plan of Reorganization for Allana Baroni filed in the above-captioned matter. Secured Creditor is a party in interest as the holder of a secured claim and therefore

has standing to oppose Debtor's Motion. Secured Creditor opposes the Debtor's Motion for Order Approving Disclosure Statement and Plan of Reorganization for Allana Baroni on the following grounds:

## INTRODUCTION

1. Section 1125(b) of the Bankruptcy Code requires that a proponent of a plan of reorganization disclose adequate information in the form of a disclosure statement in order for a hypothetical reasonable investor to make an informed judgment on the plan. Section 1125(a)(1) provides in pertinent part:

> [I]nformation of a kind, and in sufficient detail as far as is reasonable practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan…

See In re Scioto Valley Mortg. Co., 88 B.R. 168, 170-171 (Bankr. S. D. Ohio 1988); In re Metrocraft Pub. Services, Inc., 39 B.R. 567, 568 (Bankr. N.D. Ga. 1984).

2. The Disclosure Statement fails to provide adequate information, and thus cannot be approved.

## THE DISCLOSURE STATEMENT CANNOT BE APPROVED BASED ON INADEQUATE FINANCIAL INFORMATION AND EVIDENCE OF STEADY INCOME

3. Debtor's Disclosure Statement claims that Debtor owns and operates Baroni Enterprises, LLC with her spouse and that it generate income totaling $22,570.00 per month. A review of Debtor's Schedule I shows that Debtor's spouse is currently self employed as a "Business Aviation Consulting." Debtor's Disclosure Statement is inconsistent and inadequate with her schedules with regards to her spouse's income.

4. In addition, Debtor's Disclosure Statement indicates that her own income is generated by "personal services" performed under Baroni Enterprises, LLC. Debtor's Schedule further indicates that Debtor is an "Author; Spokeswoman." Debtor does not provide any information regarding current projects or speaking commitments that would indicate that she will be able to maintain a steady

stream of income averaging $5,884.55, as her Disclosure Statement would lead creditors to believe. The information provided in Debtor's Disclosure Statement is speculative and incomplete at best.

5.  Debtor's income and expense projections detailing Debtor's expected future performance are overly simplistic and wholly inadequate.  Debtor does not provide copies of leases or other information to demonstrate the likelihood of continued receipt of future rental payments.  Debtor's information detailing income is really nothing more than hopeful aspirations as to the continued receipt of rents, income from "personal services" and her spouse's unspecified services for Baroni Enterprises, LLC. Much more information is needed to satisfy 11 U.S.C. § 1125(b).

## APPROVAL OF THE DISCLOSURE STATEMENT IS PREMATURE AS MATERIAL DETERMINATIONS AFFECTING THE PLAN ARE UNRESOLVED

6.  The Debtor's treatment of Secured Creditor's claim is predicated on the valuation of the Property.  This Court has not yet determined the value of the Property, and in fact the Debtor has not yet filed any pleadings requesting the valuation of the Property.  The valuation of the Property impacts not only the treatment of Secured Creditor and all other secured creditors, but will also impact: (1) the estimated return to creditors under a chapter 7 liquidation and (2) the feasibility of the Chapter 11 Plan. Thus, until there is a Court determined valuation of the Property, it is premature to approve the Disclosure Statement.

7.  The Debtor also makes vague references to Secured Creditor's claim being disputed and that Debtor objects to Secured Creditor's Claim; however, Debtor has made no such objection.  Further there is presently no litigation pending to dispute the validity of Secured Creditor's Claim.

## CONCLUSION

Based upon the objections outlined herein, Secured Creditor cannot make an informed decision about the Chapter 11 Plan and Secured Creditor respectfully requests that the Disclosure Statement be denied approval.

Dated: October 31, 2012                                      Respectfully Submitted,

                                                          Brice, Vander Linden & Wernick, P.C.
                                       By: */s/ Mark D. Estle*
                                            MARK D. ESTLE
                                            Attorney for Secured Creditor

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

9441 LBJ Freeway, Suite 250
Dallas, TX 75243

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION TO DEBETOR'S MOTION FOR ORDER APPROVING DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION FOR ALLANA BARONI** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **10/31/2012**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

*U.S. Trustee*
ustpregion16.wh.ecf@usdoj.gov

*Debtor's Attorney*
Ian Landsberg
ilandsberg@landsberg-law.com

☐  Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On **10/31/2012**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | | | |
|---|---|---|---|
| *U.S. Bankruptcy Court*<br> JUDGE ALAN M. AHART<br>U.S. BANKRUPTCY COURT<br>21041 BURBANK BLVD, SUITE 342<br>WOODLAND HILLS, CA 91367-6606 | *Debtor*<br>Allana Baroni<br>3339 Via Verde Ct<br>Calabasas, California | *Attorney for Debtor*<br>Summer Saad, Esq.<br>16030 Ventura Blvd,<br>#470<br>Encino, CA 91436 | *Attorney for U.S. Trustee*<br>21051 Warner Center Lane,<br>Suite 115<br>Woodland Hills, CA 91367 |

☐  Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following person(s) and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, overnight mail service, the judge will be completed no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 10/31/2012 | Darren May | */s/ Darren May* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |