Ian S. Landsberg, Esq. (SBN: 137431)
Summer Saad, Esq. (SBN: 250337)
**LANDSBERG & ASSOCIATES**
**A Professional Law Corporation**
16030 Ventura Boulevard, Suite 470
Encino, California 91436
Telephone: (818) 855-5900
Facsimile: (818) 855-5910
Email: ilandsberg@landsberg-law.com

Attorneys for Debtor and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re | Case No. 1:12-bk-10986-AA |
| ALLANA BARONI, | Chapter 11 |
| | **NOTICE OF MOTION AND MOTION FOR ORDER:** |
| Debtor and Debtor in Possession. | **(1) CONFIRMING FIRST AMENDED PLAN OF REORGANIZATION ("PLAN");** |
| | **(2) DETERMINING VALUE OF REAL PROPERTY FOR PURPOSES OF PLAN CONFIRMATION AND TREATMENT OF CLASSES 5, 6 AND 7; AND** |
| | **(3) APPROVING STIPULATION REGARDING TREATEMENT OF CLASS 1 SECURED CLAIM** |
| | Date: February 27, 2013
Time: 10:00 a.m.
Ctrm: "303" |

Case No. 1:12-bk-10986-AA
NOTICE OF MOTION AND MOTION TO CONFIRM PLAN OF REORGANIZATION

**TO THE HONORABLE ALAN M. AHART, UNITED STATES BANKRUPTCY JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE, AND THEIR RESPECTIVE COUNSEL:**

**PLEASE TAKE NOTICE** that on February 27, 2013 at 10:00 a.m., or as soon thereafter as can be heard, in Courtroom "303" at 21041 Burbank Boulevard, Woodland Hills, California 91367, Allana Baroni, debtor and debtor-in-possession (the "Debtor") in the above-captioned chapter 11 case, will and hereby does, move (the "Motion") for an order: (1) confirming the First Amended Disclosure Statement and Plan of Reorganization for Allana Baroni filed on January 16, 2013 [Docket No. 283] (the "Plan"); (2) determining the value of real property for purposes of plan confirmation and treatment of Classes 5, 6 and 7; and (3) approving stipulation regarding treatment of Class 1 Secured Creditor.

**PLEASE TAKE FURTHER NOTICE** that the real property subject to valuation, lien-stripping and bifurcation under the Plan includes: (1) 2240 Village Walk Drive, Unit 2311, Henderson, Nevada ("Henderson Rental"); (2) 3435 Rio Road, Carmel California ("Carmel Rental"); and (3) 5390 Plata Rosa Court, Camarillo, California ("Camarillo Rental").

The parties who have filed a proof of claim asserting a claim secured by the real property subject to valuation, lien-stripping and bifurcation, include **(1) Green Tree Servicing, LLC; (2) Bank of America, N.A. on behalf of Wells Fargo Bank, NA, as trustee for structured adjustable rate mortgage loan trust mortgage pass-through certificates, series 20005-17; (3) Nationstar Mortgage, LLC; and (4) Bank of America, N.A. on behalf of the Bank of New York Mellon fka The Bank of New York, as Successor Trsutee to JP Morgan Chase Bank, N.A., as trustee for the holders of SAMIII Trust 2006-AR6 Mortgage Pass-through Certificates, Series 2006-AR6**. The original creditors are identified in the Plan as: **Countrywide Home Loans, Inc.**; and **Platinum Capital Group**. Debtor will specifically request in this Motion a finding that: (1) the value of the Henderson Rental is $196,000; (2) the value of the Carmel Rental is $1,400,000; and (3) the value of the Camarillo Rental is $1,145,000.

1 **PLEASE TAKE FURTHER NOTICE** this Motion is based on the Plan.  This Motion is
2 additionally supported by any other oral or documentary evidence that may be presented in support
3 of the Plan, the arguments and representations of counsel at the hearing regarding confirmation of
4 the Plan, and the record in this chapter 11 case.

5 **PLEASE TAKE FURTHER NOTICE** that pursuant to Federal Rule of Bankruptcy
6 Procedure 3020  the last day for serving and filing any objections to confirmation of the Plan shall
7 be **February 13, 2013**, which objections must be stated in writing and must be accompanied by
8 appropriate declarations to support any factual issues raised.

9 **PLEASE TAKE FURTHER NOTICE** that the last day to file and serve a reply to
10 objections to confirmation is **February 20, 2013.**

11 **WHEREFORE**, the Debtor respectfully requests that the Court enter an Order:

12 (1) Granting the Motion in its entirety;

13 (2) Determining the value of certain collateral as follows: (a) the value of the Henderson
14     Rental is $196,000; (b) the value of the Carmel Rental is $1,400,000; and (c) the value
15     of the Camarillo Rental is $1,145,000.

16 (3) Approving the Stipulation Regarding Treatment of Class 1 Claim;

17 (4) Confirming the Plan; and

18 (5) Granting such other and further relief as the Court deems just and proper.

20 Dated: February 6, 2013

**LANDSBERG & ASSOCIATES**
**A Professional Law Corporation**

*/s/ Ian S. Landsberg*

---

Ian S. Landsberg
Summer Saad
Attorneys for Chapter 11 Debtor and Debtor in Possession

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The Plan is a reorganizing plan which provides for the following sources of money to pay creditors, including: (1) cash on hand in all debtor in possession accounts on the Effective Date; (2) Debtor's income from personal services rendered; (3) Debtor and her spouse's joint income from the rental of real property described in the Plan; and (4) the amount of Debtor's spouse's income which he has agreed to contribute towards the Plan, as reflected in Exhibit 8 of the Plan and as reflected in the Declaration of James Baroni Regarding Spouse's Income, which is on file with the Court as docket number 285.

Classes 1, 2, 3, 5, 6, 7, 8 and 9 are impaired under the Plan. Class 4 is unimpaired under the Plan. Class 1 is the secured claim of Ventura County Treasurer and Tax Collector, who has consented to the impairment described in the Stipulation Regarding Treatment of Class 1 Claim ("Ventura County Stipulation"), which is on file with the court as docket number 294. Debtor has lodged an order approving the Ventura County Stipulation in its entirety, which has not yet been entered by the Court. If an order has not been entered approving the Ventura County Stipulation by the date of the confirmation hearing, Debtor respectfully requests by way of this Motion that the Court approve the Ventura County Stipulation at the confirmation hearing.

Section II below addresses the dates with respect to balloting and voting results. Solicitation materials were mailed to all required parties on January 16, 2013. The evidence and argument set forth in Section III below establishes that the Plan complies with all applicable sections of the Bankruptcy Code.

The Debtor submits that the Plan is confirmable and requests that the Court enter an order confirming the Plan.

///
///
///
///

## II.

## BALLOTING

At a hearing held on January 9, 2013 the Court approved Debtor's First Amended Disclosure Statement as containing "adequate information" within the meaning of section 1125 and authorized the Debtor to solicit acceptances of the Plan. Thereafter, on January 16, 2013, the Debtor caused the The First Amended Disclosure Statement and Plan of Reorganization for Allana Baroni and related solicitation materials to be served on the required parties. The deadline for receipt of ballots accepting or rejecting the Plan is February 6, 2013 by 5:00 p.m., which is 28 days from the date of service of the solicitation materials. A Ballot Summary will be filed on or before February 13, 2013.

To date, the following Classes have voted in favor of the Plan: Class 1; Class 2; Class 3; and Class 8. Class 4 has voted against the Plan, but is unimpaired.

## III.

## SUMMARY OF THE PLAN

### 1) TREATMENT OF CREDITORS

**a. Administrative Claims**

Administrative claimants do not vote on the Plan. However, the Plan provides proper and adequate treatment such that the Plan should be confirmed. Administrative claimants include Landsberg & Associates, A Professional Law Corporation, general bankruptcy counsel for the Debtors. The Plan provides for payment in full on the Effective Date of this administrative claim, which is subject to Court approval.

Other administrative claims include fees owed to the Office of the United States Trustee and fees of other professionals employed by the estate including the following: (1) special counsel, Michael S. Riley; (2) prior bankruptcy counsel, Law Offices of Linda M. Blank ("Blank"); (3) prior bankruptcy counsel, Goodman Faith, LLP ("Goodman"). The Plan provides that all

professional fees that have been allowed as of the Effective Date, will be paid in full from cash on hand on the Effective Date. It further provides, with respect to the fees of Blank and Goodman that to the extent any unresolved issues exist on the Effective Date respecting allowance or disgorgement of fees, amounts will be held in an account for disputed administrative claims.

### b. Unsecured Priority Tax Claims

There are no unsecured priority tax claims.

### c. Classified Claims

#### i. Class 1

Class 1 consists of the secured claim of the Ventura County Treasurer and Tax Collector ("Ventura County") for property taxes relating to the Debtor's residence located at 3339 Via Verde Ct., Calabasas, California. Debtor and Ventura County have reached an agreement for the treatment proposed in the Ventura County Stipulation, which impairs the claim. Under state law the claim would accrue interest at 18%. However, the proposed treatment of the claim in the Ventura County Stipulation does not provide for the accrual of interest so long as Debtor remains current on Plan Payments to Class 1. Debtor respectfully requests that the court approve the Ventura County Stipulation and enter an order confirming the Plan and the modified treatment of Class 1 as described in the Ventura County Stipulation.

Class 1 is impaired. Class 1 is entitled to vote on the Plan and has voted in favor of the Plan.

#### ii. Class 2

Class 2 consists of the secured claim of Condos at the District HOA. Class 2 will be paid $1,000 on the Effective Date and thereafter $202.71 of monthly installments commencing on the first business day of the second full month following the Effective Date. The lien is not modified

by the Plan.  Class 2 is impaired. Class 2 is entitled to vote on the Plan and has voted in favor of the Plan.

### iii. Class 3

Class 3 consists of the secured claim of The District at Green Valley Ranch. Class 3 will be paid $500 on the Effective Date and thereafter monthly installments of $117.07 commencing on the first business day of the second full month following the Effective Date.  The lien is not modified by the Plan.  Class 3 is impaired. Class 3 is entitled to vote on the Plan.

### iv. Class 4

Class 4 consists of the secured claim of the first trust deed holder relating to the Debtor's Residence located at 3339 Via Verde Ct., Calabasas, California. The terms of the original note will not be modified in any way except that all arrears owing on the Effective Date will be added to the principal balance of the loan and Debtor will continue to make the regular monthly payments under the loan until the entire balance is paid in full.  In the event a balance remains owing as of the current maturity date of the loan, a balloon payment for the remaining balance will be paid at that time. Monthly payments under the Plan will commence (whether to the allowed claim holder or to a disputed reserve account) on the first business day of the first full month following the Effective Date.   Class 4 is unimpaired and is conclusively presumed to have accepted the Plan under 11 U.S.C. §1126(f).  Nonetheless, Class 4 cast a ballot voting against the Plan.

### v. Class 5

Class 5 consists of the secured claim of the first trust deed holder relating to the Debtor's rental property located at 2240 Village Walk Drive, Unit 2311, Henderson, Nevada ("Henderson Rental").  Monthly payments under the Plan will commence (whether to the allowed claim holder or to a disputed reserve account) on the first business day of the first full month following the Effective Date. The lien is modified as follows:  The amount secured by the lien is reduced to the

value of the Property, which according to the appraisal attached as Exhibit 4 to the Plan is $196,000.

Class 5 is impaired and is entitled to vote on the Plan.

### vi. **Class 6**

Class 6 consists of the secured claim of the first trust deed holder relating to the Debtor's rental property located at 3435 Rio Road, Carmel California ("Carmel Rental"). Monthly payments under the Plan will commence (whether to the allowed claim holder or to a disputed reserve account) on the first business day of the first full month following the Effective Date. The lien is modified as follows: The amount secured by the lien is reduced to the value of the Property, which according to the Appraisal attached as Exhibit 5 to the Plan is $1,400,000.

Class 6 is impaired and is entitled to vote on the Plan.

### vii. **Class 7**

Class 7 consists of the secured claim of the first trust deed holder relating to the Debtor's rental property located at 5390 Plata Rosa Court, Camarillo, California ("Camarillo Rental"). Monthly payments under the Plan will commence (whether to the allowed claim holder or to a disputed reserve account) on the first business day of the first full month following the Effective Date. The lien is modified as follows: The amount secured by the lien is reduced to the value of the Property, which according to the Appraisal attached as Exhibit 6 to the Plan is $1,145,000.

Class 7 is impaired and is entitled to vote on the Plan.

### viii. **Class 8**

Class 8 consists of the class of undisputed general unsecured creditors. Payments to Class 8 will commence on the first business day of the 6th full month following the Effective Date. The total distribution to Class 8 members will be $50,000 (which will be shared with the disputed

reserve account for Class 9 until all such claims are resolved). Class 8 members will receive a pro-rata share of the total distribution to Classes 8 and 9.

Class 8 is an impaired class. Class 8 is entitled to vote on the Plan. To date, Class 8 is voting to accept the Plan.

### ix. Class 9

Class 9 consists of the class of disputed general unsecured creditors. Payments to the Class 9 disputed reserve account will commence on the first business day of the 6th full month following the Effective Date. The total distribution to Class 9 members will be $50,000 (which will be shared with Class 8). Class 9 members will receive a pro-rata share of the total distribution to Classes 8 and 9.

Class 9 is an impaired Class but consists solely of disputed claims.

## IV.

## THE PLAN SHOULD BE CONFIRMED AS IT SATISFIES ALL OF THE REQUIREMENTS FOR CONFIRMATION

**A. The Plan Complies with the Provisions of 11 U.S.C. § 1129(a)**

**a. 11 U.S.C. § 1129(a)(1)**

Section 1129(a)(1) of Title 11 of the United States Code ("the Bankruptcy Code") provides that a Court may confirm a plan of reorganization only if "the plan complies with the applicable provisions of this title." The phrase "applicable provisions" means Bankruptcy Code sections 1122 and 1123, which govern the classification of claims and interests, and the contents of a plan of reorganization. *See In re Dow Corning Corp.*, 244 B.R. 634 (Bankr. E.D. Mich. 199); *Kane v. Johns-Manville Corp.*, 244 843 f.2d 636, 648-9 (2nd Cir. 1988); 5 Collier on Bankruptcy ¶1129.03 (L. King 15t ed. Rev. 2000); and H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 412 (1977) ("Paragraph (1) requires that the plan comply with the applicable provisions of chapter 11 such a as sections 1122 and 1123, governing classification and contents of plan"). Accordingly, the Court

1 may confirm the Debtor's' Plan only if the Plan complies with Bankruptcy Code Sections 1122 and
2 1123.

### i. 11 U.S.C. § 1122 – Classification of Claims or Interests

Bankruptcy Code section 1122 governs the classification of claims and interests. Section 1122(a) requires that a plan "place a claim or an interests in a particular class only if such claim or interest is substantially similar to the other claims or interests in such class."

The Plan contains 9 classes. Classes 1 through 7 consist of classes of secured creditors with different collateral and different loans or claims and therefore are not substantially similar.

Class 8 is the class of undisputed general unsecured creditors.

Class 9 includes the unsecured portion of Classes Five, Six and Seven (including the duplicative proofs of claims identified therein) and the claim of a wholly unsecured junior lienholder of a second positioned deed of trust encumbering the Henderson Property in the amount of $135,395.60, which has been scheduled as the disputed secured claim of Countrywide Home Loans, Inc., and for which a duplicative claim has been filed by Green Tree Servicing, LLC in proof of claim number 4-1. There will be protracted litigation and claim objections relating to these claims which may result in setoffs against such claims. For this reason, they are separately classified from the undisputed general unsecured claims.

The classification of claims is appropriate under 11 U.S.C. §1122.

### ii. 11 U.S.C. § 1123 – Contents of the Plan

A plan must also comply with the seven (7) mandatory requirements of Bankruptcy Code section 1123(a)(1) through (7).

Bankruptcy Code Section 1123(a) (1) requires that a plan designate classes of claims, other than claims of a kind specified in Bankruptcy Code sections 507(a)(1), (a)(2) and (a)(8). The Plan does designate classes of claims and meets the requirements of Bankruptcy Code Section 1123(a)(1).

Bankruptcy Code section 1123(a)(2) requires that a plan specify any class of claims or interests which is not impaired under the Plan; and Bankruptcy Code section 1123(a)(3) requires

that a plan specify the treatment of any class of claims or interests that is impaired under the Plan. The Plan complies with each of these code sections. Plan, pgs. 13-33.

Bankruptcy Code section 1123(a)(4) requires that a plan provide the same treatment for each claim or interest of a particular class unless the holder of a particular claim or interest agrees to a less favorable treatment of such particular claim or interest. All claim and interest holders receive identical treatment under the Plan as the other claims or interests within their respective class. The Plan meets the requirements of Bankruptcy Code section 1123(a)(4).

Bankruptcy Code section 1123(a)(5) requires that a plan provide adequate means for execution of the Plan. Pages 33-34 of the Plan describe the means for implementing the Plan. Pages 38 to 39 of the Plan explain the future financial outlook of the Debtor. The Cash Flow projections attached to the Plan as **Exhibit "8"** also establish the Debtor's ability to implement and execute the Plan. Finally, the Debtor's projected cash on hand on the Effective Date further establish the Debtors' ability to execute the Plan.

Bankruptcy Code section 1123(a)(6) provides that a plan shall prohibit the issuance of nonvoting equity securities and provide as to the several classes of securities possessing voting power, an appropriate distribution of such power among such classes. The Plan does not issue any nonvoting equity securities. Therefore, this provision is inapplicable here.

Bankruptcy Code section 1123(a)(7) requires that a plan contain only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the plan. The Debtor is an individual and therefore this is inapplicable here. However, pages 37-38 of the Plan provide that the Debtor shall be the person responsible for managing her financial affairs. It is in the best interest of creditors and public policy to allow the Debtor to be responsible for managing her financial affairs.

11 U.S.C. 1123(b) provides the permissive provisions that may appear in a Plan. The Plan does not contain any provisions that are violative of the mandatory provisions set forth above or which are not permissive under subsection (b).

For example, 11 U.S.C. §1123(b)(1) permits a Debtor to "impair or leave unimpaired any class of claims, secured or unsecured, or of interests." The Plan modifies the rights of secured creditors in Classes 1, 2, 3, 5, 6, and 7 as permitted under 11 U.S.C. § 1123(b)(5).

Pursuant to Bankruptcy Code section §1123(b)(3), a plan may provide for (A) the settlement or adjustment of any claim or interest belonging to the debtor or to the estate; or (B) the retention and enforcement by the debtor, by the trustee, or by a representative of the estate appointed for such purpose, of any such claim or interest. 11 U.S.C. §1123(b)(3). Section XX(d) of the Plan identifies specific causes of actions and claims and provides that: Debtor is designated as representative of the estate under 11 U.S.C. 1123(b)(3) (West 2004) and shall have the right to assert any or all of the above causes of action post-confirmation. Post-confirmation, all causes of action which will revert to the Debtor. Debtor shall have the right to assert any or all of the above causes of action post-confirmation in accordance with applicable law. Plan, pg. 42.

### b. 11 U.S.C. § 1129(a)(2)

Bankruptcy code section 1129(a)(2) provides that a Court may confirm a plan only if "[t]he proponent of the plan complies with the applicable provisions of this title." The "principal purpose of Section 1129(a)(2) is to assure that the proponents have complied with the requirements of section 1125 in solicitation of acceptances to the plan." *In re Texaco, Inc.,* 84 B.R. 893, 906-7 (Bankr. S.D.N.Y. 1988). The other "applicable provisions" are Bankruptcy Code sections 1121 and 1127. *In re Downtown Inv. Club III*, 89 B.R. 59, 65 (BAP Bankr. 9th Cir. 1988).

### i. 11 U.S.C. § 1121

Bankruptcy Code section 1121(a) provides that a debtor may file a plan of reorganization at any time in a voluntary case. Bankruptcy Code section 101(13) defines "debtor" as a person "concerning which a case under this title has been commenced." Allana Baroni, as debtor and debtor in possession, is the plan proponent. Allana Baroni is certainly within the definition of a "debtor" under the Code and therefore have authority to file the Plan pursuant to Bankruptcy Code section 1121(a).

///

///

### ii. 11 U.S.C. § 1125

Bankruptcy Code section 1125(b) provides, in part, that:

> An acceptance or rejection of a plan may not be solicited after the commencement of the case under this title from a holder of a claim or interest with respect to such claim or interest, unless, at the time of or before such solicitation, there is transmitted to such holder the plan or a summary of the plan, and a written disclosure statement approved, after notice and a hearing, by the court as containing adequate information.

At a hearing held on January 9, 2013 the Court approved Debtor's First Amended Disclosure Statement as containing "adequate information" within the meaning of section 1125 and authorized the Debtor to solicit acceptances of the Plan. Thereafter, on January 16, 2013, acceptances of the Plan were solicited in a mailing to all creditors, which included: (1) the Plan (and combined approved Disclosure Statement); (2) Notice of Hearing to Consider Confirmation of Debtor's Plan of Reorganization; Ballot Deadline; and Objection Deadline; (3) Declaration of James Baroni Regarding Spouse's Income; and (4) Ballot for Accepting or Rejecting Plan.

Plan acceptances were not solicited before January 16, 2013. Therefore, the Debtor has fully complied with the applicable provisions of Bankruptcy Code section 1125.

### iii. 11 U.S.C. § 1127

11 U.S.C. § 1127 provides that "the proponent of a plan may modify such plan at any time before confirmation, but may not modify such plan so that such plan as modified fails to meet the requirements of sections 1122 and 1123 of this title. After the proponent of a plan files a modification of such plan with the court, the plan as modified becomes the plan." In this case, the only modification proposed is with regard to the treatment of Class 1, as described by the Ventura County Stipulation. Debtor respectfully request that the Court approve that Stipulation and enter an order confirming the Plan as modified thereby.

///
///
///
///

13    Case No. 1:12-bk-10986-AA
NOTICE OF MOTION AND MOTION TO CONFIRM PLAN OF REORGANIZATION

**c.  11 U.S.C. § 1129(a)(3)**

11 U.S.C. § 1129(a)(3) provides a requirement that "the plan has been proposed in good faith and not by any means forbidden by law."

In order to meet the "good faith" standard, a plan proponent's plan of reorganization must achieve a "result consistent with the objectives of the Bankruptcy Code. *In re Corey*, 892 F.2d 829, 835 (9th Cir. 1989); *See Also In re Stolrow's Inc.*, 84 B.R. 167, 172 (BAP 9thCir. 1988); *Jorgensen v. Federal Land Bank of Spokane (In re Jorgensen)*, 66 B.R. 104, 109 (BAP 9th Cir. 1986). Good faith "requires a fundamental fairness in dealing with one's creditors." *In re Stolrow's Inc.*, 84 B.R. at 172.

The existence or non-existence of "good faith" is to be assessed by the bankruptcy judge who, in rendering that evaluation, is to consider the totality of the circumstances. *In re Jorgensen*, 66 B.R. at 108-9. The bankruptcy judge's evaluation of "good faith" is a question of fact and will not be disturbed on appeal unless clearly erroneous. *See In re Koelbl*, 751 F.2d 137, 139 (2nd Cir. 1984).

The Debtor has satisfied the "good faith" standard during the entire process of this Chapter 11 case and in the manner in which the Debtor's Plan deals with the claims of the Debtor's creditors. During the pendency of this case, the Debtor has worked diligently to piece together a plan which would provide a return to creditors of the estate. In view of this, the Debtor submits that the Plan satisfies the "good faith" test in the manner in which it deals with the claims of the Debtors' creditors.

**d.  11 U.S.C. § 1129(a)(4)**

The requirements of 11 U.S.C. § 1129(a)(4) are essentially a requirement that a debtor disclose to the Court all professional fees and expenses and that such fees and expenses must be subject to Court approval. *In re Texaco, Inc.*, 85 B.R. 934, 939 (Bankr. S.D.N.Y. 1988).

The Debtor has disclosed the fees and expenses that will be paid as administrative claims. Plan, pgs.13-14, and 19-20. Payment to professionals employed by the estate shall be made in accordance with the Bankruptcy Code and the Federal and Local rules of Bankruptcy Procedure.

All pre-confirmation fees and costs are subject to Court approval following notice to creditors. Id. Therefore, the Plan meets the requirements of the Bankruptcy Code section 1129(a)(4).

### e. 11 U.S.C. § 1129(a)(5)

Bankruptcy Code section 1129(a)(5) provides that the court shall confirm a Plan only if "[t]he proponent of the plan has disclosed the identity and affiliation of any individual proposed to serve, after confirmation of the Plan, as a director, officer, or voting trustee of the debtor." This requirement has been satisfied. Page 37 of the Plan provides that the reorganized debtor shall be the person responsible for managing her financial affairs upon the Effective Date. Accordingly, the Plan complies with section 1129(a)(5).

### f. 11 U.S.C. § 1129(a)(6)

Bankruptcy Code section 1129(a)(6) requires that the appropriate regulatory commission, if any, must approve any rate changes a plan of reorganization provides, or a plan of reorganization must expressly condition any rate changes upon approval. This section is inapplicable to the Plan because the Debtor is not subject to any governmental regulatory approval regarding rates.

### g. 11 U.S.C. § 1129(a)(7)

Bankruptcy Code section 1129(a)(7) requires that a plan of reorganization meet the so-called "Best Interest" test. Under the "Best Interest" test, each holder of an impaired claim or interest must either accept the plan or the plan must provide for a distribution to each holder of an impaired claim or interest, property of a value, as of the Effective Date of the plan, that is not less than the amount that such holder would receive if the debtor were liquidated under chapter 7 of the Bankruptcy Code. *Kane v. Johns-Manville Corp.*, 843 F.2d at 1460; *In re Victory Construction Co., Inc.*, 42 B.R. 145, 151 (Bankr. C.D. Cal. 1984).

As discussed above, at least one impaired class has voted in favor of the Plan.

With regard to Classes who rejected the Plan or failed to vote on the Plan, the liquidation analysis set forth in the Plan as compared with the treatment of each Class establishes that all creditors are receiving not less than the amount that such holder would receive if the Debtor's assets were liquidated under Chapter 7. For example, other than Class 1, who has consented to the treatment, all secured creditors are receiving either the total amount claimed, or the value of the

1  collateral (whichever is smaller) securing the purported secured claim, plus interest.  This is not
2  less than what they would receive in a Chapter 7.  Furthermore, the liquidation analysis set forth on
3  pages 36 to 37 of the Plan reflects that unsecured creditors would not receive a distribution under
4  Chapter 7.  Accordingly, the "Best Interest Test" is satisfied.

5       **h.  11 U.S.C. § 1129(a)(8)**

6       Bankruptcy Code section 1129(a)(8) requires that, in order to confirm a plan of
7  reorganization, without satisfying the cram down provisions of Bankruptcy Code section 1129(b),
8  each impaired class must accept the plan.

9       To date, the following Classes have voted to accept the Plan:  Class 1, Class 2, and Class 8.

10       Class 4 is deemed to have accepted the Plan because it is unimpaired. In any event, the
11  cram down provisions with respect thereto would be satisfied under 11 U.S.C. §1129(b)(2)(A)(i)
12  because the Class 4 claim holder is retaining its purported lien (unmodified) and is receiving on
13  account of its claim deferred cash payments totaling at least the allowable amount of such claim, a
14  value as of the effective date of the Plan, of at least the value of such holder's claimed interest in
15  the estate's interest in such property.

16       The treatment of the secured claims in Classes 5, 6 and 7 satisfies the cram down provisions
17  of the bankruptcy code under 11 U.S.C. §1129(b)(2)(A)(i) because: (1) each claim will retain its
18  purported lien to the extent of the allowable amount of the secured portion of the claim (determined
19  by collateral value, established by appraisals attached to the Plan); and (2) each purported claim (or
20  the disputed reserve account established for such class) will receive on account of such claim
21  deferred cash payments totaling at least the allowable amount of such claim, of a value, as of the
22  effective date of the Plan, of at least the value of such holder's claimed interest in the estates'
23  interest in such property.

24       In sum, the allowable amount of the secured portion of the claim will not exceed the value
25  of the collateral, because no party asserting a claim in Class 5, 6 or 7 made the 1111(b) election as
26  described in the Plan at pages 16 to 18.  The Plan proposes to pay Classes 5, 6 and 7 (or the
27  disputed reserve account for such classes), deferred cash payments equal to the amount of the
28  ///

collateral value plus a reasonable interest rate which satisfies the requirements of the bankruptcy code.[1]

Debtor respectfully requests that the Court make a finding that: (1) the value of the Henderson Rental is $196,000; (2) the value of the Carmel Rental is $1,400,000; and (3) the value of the Camarillo Rental is $1,145,000. These values are consistent with the values established by the appraisals of each property, which were attached to the Plan as Exhibits 4, 5 and 6. Debtor further requests that the Court confirm the Plan, including the lien-stripping and lien-bifurcation provisions thereof, based on such findings. The Court has the authority to make such findings regarding the valuation of collateral after notice and a hearing under 11 U.S.C. §506(a) and FRBP 3012. While other issues respecting these classes (such as the identity of the allowed claim holder and setoffs relating to the causes of action identified in Exhibit 2 of the Plan) remain in dispute and will continue to be litigated post-confirmation, it is appropriate for the Court to determine collateral value at this time, which will set the limit of the allowability of the secured portion of the claim for purposes of plan confirmation. The other issues will affect only whether plan payments continue to be paid into the reserve account or to an identified allowed claim holder (subject to offsets which may later be determined to exist).

Class 9 consists of a disputed class of unsecured creditors who are not entitled to vote on the Plan. In any event, the Plan satisfies the cram down requirements under 11 U.S.C. §1129(b)(2)(B). Class 9 is sharing in the distribution to unsecured creditors until a final determination is made as to the allowability of the particular Class 9 member's claim. No classes junior to Class 9 are receiving anything under the Plan, except that Debtor, an individual, is

---

[1] Class 5 will receive an interest rate of 3.25%. Class 6 will receive an interest rate of 2.22%. Class 7 will receive an interest rate of 2.22%. Debtor believes these rates are reasonable in comparison to recent loan modifications as low as 1% that have been observed in recent times as well as information set forth in the proofs of claims filed by secured creditors in this case. For example, Nationstar attaches a note to its proof of claim which uses an interest rate of LIBOR plus 2.25% and which provides that the interest rate can become as low as 2.25%. See Claim 9-1, Part 2, page 2 of 36, Section 4.

retaining property included in the estate under section 1115 as permitted by 11 U.S.C. §1129(b)(2)(B)(ii).

### i. 11 U.S.C. § 1129(a)(9)

Bankruptcy Code Section 1129(a)(9) requires that priority claims receive special treatment. As described in III.(1)(b) above, there are no priority tax claims.

### j. 11 U.S.C. § 1129(a)(10)

If a plan impairs one or more classes of claims, Bankruptcy Code section 1129(a)(10) requires that at least one such impaired class accept the plan, determined without including any acceptance of the plan by any insider. Classes 1, 2, 3 and 8 are impaired classes who voted to accept the Plan. None of these classes contain the claim of an insider. This requirement is satisfied.

### k. 11 U.S.C. § 1129(a)(11)

Bankruptcy Code section 1129(a)(11) requires the Court to determine that confirmation of the plan is not "likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the plan, unless such liquidation or reorganization is proposed in the plan." In order to meet this feasibility standard, a debtor "must demonstrate that the plan has a reasonable probability of success." *In re Acequia, Inc.*, 787 F.2d 1352, 1364 (9th Cir. 1986).

The Court in *In re Agawam Creative Marketing Associates, Inc.,* 63 B.R. 612, 619 (Bankr. D. Mass. 1986) stated the purpose of the "feasibility requirement as follows:

> The purpose of section 1129(a)(11) is manifold: (1) "to prevent confirmation of visionary schemes which promise creditors and equity security holders more under a proposed plan than the debtor can possibly obtain after confirmation . . ." (2) to prevent an abuse of the reorganization process by the confirmation of a plan of a debtor likely to return to bankruptcy . . . and (3) to promote the willingness of those who deal with post confirmation debtors to extend the credit that such companies frequently need. (Citations omitted).

*See also Matter of Pizza of Hawaii, Inc.*, 761 F.2d 1374, 1382 (9th Cir. 1985).

As set forth in the Cash Flow projections attached as **Exhibit "8"** to the Plan and pages 33-34 of the Plan, upon confirmation, the Debtor will be adequately funded and will be able to effectuate the Plan as proposed.

### l. 11 U.S.C. § 1129(a)(12)

Bankruptcy section 1129(a)(12) requires the payment of all required Court fees. The Debtor will be able to and will pay all required court fees.

### m. 11 U.S.C. § 1129(a)(13), (14), (15) and (16) are inapplicable

Bankruptcy code sections (a)(13), (14), (15) and (16) are inapplicable to this case, as the Debtor does not pay retiree benefits, the time period for parties to object to confirmation of the Plan has not yet passed, do not owe domestic support obligations, and are not transferring property under the Plan.

## B. The Plan Complies with All Requirements of 11 U.S.C. § 1129(b)

Bankruptcy Code section 1129(b) provides:

> Notwithstanding section 510(a) of this title, if all of the applicable requirements [of section 1129(a)] other than paragraph (8) are met with respect to a plan, the court, on request of the proponent of the plan, shall confirm the plan notwithstanding the requirements of such paragraph if the plan does not discriminate unfairly, and is fair and equitable, with respect to each class of claims or interests that is impaired under, and has not accepted, the plan.

11 U.S.C. § 1129(b)(2)(B). The Plan does not discriminate unfairly but treats each secured creditor and creditor appropriately given the circumstances surrounding each claim, such as collateral value, money available in a liquidation, etc.

## C. The Plan Complies with 11 U.S.C. § 1129(d) Because the Principal Purpose of the Plan Is Not to Avoid Taxes of Applicable Securities Laws

Bankruptcy Code section 1129(b) provides:

> Notwithstanding any other provisions of this section, on request of a party in interest that is a governmental unit, the court may not confirm a plan if the principal purpose of the plan is avoidance of taxes or the avoidance of the application of section 5 of the Securities Act 1933 (15 U.S.C. § 77e).

11 U.S.C. § 1129(d). Here, the Debtor purpose in commencing this case was to reorganize. The principal purpose of the Plan is unrelated to tax or securities related matters, particularly since the Debtor is an individual and not a publicly held company.

# V.

# **CONCLUSION**

**WHEREFORE,** the Debtor respectfully submits that the Plan meets each and every requirement for confirmation pursuant to 11 U.S.C. § 1129 and requests that the Court enter an order:

(6) Granting the Motion in its entirety;

(7) Determining the value of certain collateral as follows: (a) the value of the Henderson Rental is $196,000; (b) the value of the Carmel Rental is $1,400,000; and (c) the value of the Camarillo Rental is $1,145,000.

(8) Approving the Stipulation Regarding Treatment of Class 1 Claim;

(9) Confirming the Plan; and

(10) Granting such other and further relief as the Court deems just and proper.

Dated: February 6, 2013

**LANDSBERG & ASSOCIATES**
**A Professional Law Corporation**

*/s/ Ian S. Landsberg*
_____

Ian S. Landsberg
Summer Saad
Attorneys for Chapter 11 Debtor and Debtor in Possession