Kathleen P. March, Esq., (CA SBN 80366)
**THE BANKRUPTCY LAW FIRM, PC**
10524 W. Pico Blvd, Suite 212, LA, CA 90064
Phone: 310-559-9224; Fax: 310-559-9133
Email: kmarch@BKYLAWFIRM.com
Counsel for Debtor Allana Baroni on this Motion

UNITED STATES BANKRUPTCY COURT OF THE CENTRAL DISTRICT OF CALIFORNIA—SAN FERNANDO VALLEY DIV.

In re

ALLANA BARONI

Debtor

**Bankruptcy Case No. 1:12-bk-10986-MB**

Chapter 7

**NOTICE OF MOTION AND MOTION OF DEBTOR ALLANA BARONI, MOVING THE BANKRUPTCY COURT FOR AN ORDER REMOVING CHAPTER 7 TRUSTEE DAVID SEROR FOR CAUSE, PURSUANT TO 11 USC §324(b); AND MOVING COURT TO MAKE CRIMINAL REFERRALS OF WELLS FARGO BANK, OF BANK'S ATTORNEY BERNARD KORNBERG, AND OF SEROR, AS SPECIFIED IN THE ATTACHED NOTICE OF MOTION AND MOTION; WITH MEMORANDUM OF P & A; DECLARATIONS OF APRIL HESS, KATHLEEN MARCH, ESQ., AND ALLANA BARONI, EACH WITH EXHIBITS**

**<u>Hearing Date/Time/Location of this Motion</u>**:
Date: December 8, 2021
Time: 11:00 a.m.
Location: Zoom Video/audio web address:
https://cacb.zoomgov.com/j/1617986034

ZoomGov meeting number: 161 798 6034

Password: 477579

Telephone conference lines:
1 (669) 254 5252 or 1 (646) 828 7666

TO RESPONDENT CHAPTER 7 TRUSTEE DAVID SEROR, AND TO

HIS ATTORNEYS; TO WELLS FARGO BANK AND TO BERNARD KORNBERG, ESQ (WELLS FARGO BANK ATTORNEY OF RECORD ON WELLS FARGO POC 7-2), WHO ARE ADDITIONAL RESPONDENTS ON THIS MOTION, AND TO ALL CREDITORS AND ADDITIONAL PARTIES IN INTEREST, AND THEIR ATTORNEYS, AND TO OFFICE OF US TRUSTEE:

**NOTICE OF MOTION**

**PLEASE TAKE NOTICE** that at the date/time/place listed on page one hereof, the Bankruptcy Court will hear this **NOTICE OF MOTION AND MOTIONOF DEBTOR ALLANA BARONI, MOVING THE BANKRUPTCY COURT FOR AN ORDER REMOVING CHAPTER 7 TRUSTEE DAVID SEROR FOR CAUSE, PURSUANT TO 11 USC §324(b); AND MOVING COURT TO MAKE CRIMINAL REFERRALS OF WELLS FARGO BANK, ITS ATTORNEY BERNARD KORNBERG AND SEROR, AS SPECIFIED IN THE ATTACHED NOTICE OF MOTION AND MOTION; WITH MEMO OF P & A; DECLARATIONS OF KATHLEEN P. MARCH, ESQ., APRIL HESS, AND ALLANA BARONI, EACH W/EXHIBITS**

Read this Notice of Motion, Motion, and Declarations with Exhibits carefully, as this Motion affects the rights of Respondent David Seror, of Respondents Wells Fargo Bank and its attorney Bernard Kornberg, Esq. and may affect rights of creditors and other parties in interest.

This Motion is based on this Notice of Motion, on the attached Memorandum of Points and Authorities, on the Declaration to this Motion of Declaration of April Hess, with Exhibits, Declaration of Debtor Allana Baroni, with Exhibits, and Exhibits Kathleen P. March, Esq., with exhibit. In addition, this Motion is based on the Baroni pacer docket, and on all pleadings filed in Baroni's bankruptcy case, which are already party of the Court record, and which this

NOTICE OF MOTION AND MOTION OF DEBTOR ALLANA BARONI FOR AN ORDER REMOVING CHAPTER 7 TRUSTEE DAVID SEROR FOR CAUSE, AND MOVING FOR CRIMINAL REFERRALS; MEMO OF P & A; DECLS OF HESS, MARCH AND BARONI ii

Motion requests this Court to take Judicial Notice of.

This Motion moves for an order removing respondent David Seror, for cause, pursuant to 11 USC §324(b), from continuing as chapter 7 Trustee in movant debtor Allana Baroni's bankruptcy case, and moves for an order removing Seror from acting as Trustee in all additional cases where Seror is appointed as Trustee.

In addition, this Motion requests the Bankruptcy Court to refer Wells Fargo Bank, Bank's attorney Bernard Kornberg (who is attorney of Record on Wells Fargo POC 7-2), and Seror, to the Office of US Trustee and to the Office of US Attorney, for consideration for prosecution for bankruptcy crimes, specifically for Wells Fargo Bank and its attorney Kornberg violating 18 USC §152(4), by **presenting** (aka filing) a knowingly fraudulent Wells Fargo Bank POC 7-2 in Baroni's bankruptcy case, on 7/16/19. This Motion moves for criminal referral of Seror, for violating 18 USC §152(4), by **using** Wells Fargo Bank's fraudulent POC 7-2, in Seror's Motion to approve Compromise (dkt.1120, filed 2/21/20 and heard and granted 5/1/20), as the basis for moving the Court to grant Wells Fargo an allowed $450,000 claim, on Wells Fargo's fraudulent POC 7-2, on which Seror knew zero was owed.

Any Response to the herein Motion must be served, a minimum of 14 days before the hearing date stated on page 1 hereof, on The Bankruptcy Law Firm, PC, which is counsel to movant Baroni on this Motion, and on Baroni's main counsel of record as listed on the pacer docket, all of which are e-file/e-serve attorneys. In addition, any Response to this Motion must be served on the Office of US Trustee, and on all additional persons/entities listed on the pacer service list for Baroni's bankruptcy case no less than 14 days before the hearing date of Motion stated on p.1 hereof. If you fail to file a written response to this Motion within such time

period, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated: November 17, 2021

THE BANKRUPTCY LAW FIRM, PC

/s/ Kathleen P. March

By Kathleen P. March, Counsel to Movant Debtor Allana Baroni on this Motion

**TABLE OF CONTENTS TO**

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THIS MOTION TO REMOVE TRUSTEE DAVID SEROR, FOR CAUSE..........1

I. Summary of this Motion………………………………………….….................1

II. Controlling Bankruptcy Code and Controlling Case Law, Governing Removing A Trustee For Cause……….................................................... .2

III. Applying this Law to Trustee Seror's Conduct in Baroni's Bankruptcy Case Requires Removing Seror for Cause………………...………....…………4

A. Trustee Seror Must be Removed, for Cause, for <u>Lying</u>—Both Individually and through Seror's Law Firm and Real Estate Broker, who are Seror's Agents..........................................................................4-5

1. *Seror, through Seror's Attorney Bagdanov (a member of Trustee's own law firm, which law firm is representing Trustee in Baroni's bankruptcy case), made a completely illegal ex parte appearance before the Court, and LIED TO THE COURT about Baroni, during that ex parte appearance…..……...................................................…6*

***2.*** *Seror Made False Statements to the Court in Pleadings filed by Seror's Own Law Firm, which Seror is Responsible, Pleadings containing Seror Declarations* ....................................………….....….10

*3. Before obtaining Court Authorization to do Anything, Seror and his Real estate broker Made Mulitple Demands on the Tenants in Baronis' Carmel Property—while Concealing their Lack of Authorization—which is abuse of power that damaged the bankruptcy estate, by causing those paying tenants to leave………………….....12-13*

NOTICE OF MOTION AND MOTION OF DEBTOR ALLANA BARONI FOR AN ORDER REMOVING CHAPTER 7 TRUSTEE DAVID SEROR FOR CAUSE, AND MOVING FOR CRIMINAL REFERRALS; MEMO OF P & A; DECLS OF HESS, MARCH AND BARONI v

    4. *Seror has Repeatedly Failed to do Things Timely.............................15*

B. Seror Must be Removed for Cause, for <u>Gross</u> <u>Mismanagement</u> of Baroni's Bankruptcy Estate, and for <u>Breach of his Fiduciary Duty</u> Owed to Baroni's Bankruptcy Estate……………………………………...…….16

1. *As found by the US District Court, Seror's "Poor Listing Strategy" LOST $400,000 for the bankruptcy estate, Loss Could be as Much as $800,000…........................................................................17*
2. *Seror Lost $75,000 of Rent, due to misconduct of Seror and his broker regarding the Carmel Property…………………………….......……..20*
3. *Seror wasted Significant Additional bankruptcy estate money…......20*
4. *Seror violated Trustee procedures by leaving up to $652,00 in zero interest bank accounts, while paying $17,528 of bank and technology fees, for services Seror did not need…………..............................22*

C. Seror Committed <u>Knowing Misconduct</u>, and <u>Bankruptcy Crime</u>, by Filing, and Misleading this Court into granting, Seror's Motion to Compromise (Dkt.1120, filed 2/21/20; heard and granted 5/1/20)…...........................23

**1.** *<u>False</u> that Seror's Compromise Motion "Settled" Wells Fargo POC 7-2; It <u>CREATED</u> an allowed General Unsecured Claim for Wells Fargo Bank, by <u>Using</u> Wells Fargo's Fraudulent POC 7-2 (filed on 7/16/19) as basis for "settling" -- when Zero was Owed, as a Matter of Law, because Bank had returned the Original Note to the Baronis, on 4/1/19, stamped "PAID IN FULL"--but POC 7-2 <u>fraudulently</u>*

*attached a copy of the Note, Not stamped "PAID IN FULL"*.........23

2. *Wells Fargo Bank, its attorney Kornberg, and Seror, Each Committed Bankruptcy Crime, by violating 18 USC §152(4)*……………..........……27

3. *Trustee's briefing (dkt1132) admits Baroni's confirmed plan is binding, and admits a confirmed plan is NOT undone because a debtor fails to consummate the Plan; Yet Trustee has repeatedly acted contrary to the terms of the Confirmed Plan, and Has Asked this Court to Order things that Violate Baroni's confirmed Plan*.............30

4. *The Settlements that Seror's Motion to Compromise got the Court to Granted Nationstar (loan on Carmel property) and BofNYM (loan on Camarillo property), are Improper, because those Settlements are More Favorable than, andCconflict with, Baroni's Confirmed Plan*..............................................................................................31-32

5. *Trustee's Motion to Compromise is FALSE in Alleging the Compromise Settles 4 Adversary Proceedings—It does NOT do so*...33

IV. CONCLUSION……………………………………………………………35

April Hess Decl with Exhibits…………………………………………………36

Kathleen March, Esq. Decl with Exhibits…………………………………..…….…59

Allana Baroni Decl., with Exhibits……………………………………….……147

# TABLE OF AUTHORITIES

*Cases*

*Hinman v. Westinghouse Elec. Co.*, 2 Cal. 3d 956 (Cal. 1970)..............................15

*In re AFI Holding, Inc.*, 530 F.3d 832 (9th Cir. 2008).....................................3, 17

*In re AFI Holding, Inc* ., 355 B.R. 139 (9th Cir. BAP 2006), aff'd and Adopted, 530 F.3d 832 (9th Cir.2008)..........................................17

*In re Judith Gap Commercial Co*., 291 F. 792 (D.C.Mont.1923)..........................16

*In re Log & Conventional Homes, Inc*., 2011 WL 7145883 (B.A.P. 9th Cir. Dec. 22, 2011), aff'd, 523 F. App'x 440 (9th Cir. 2013)..........................3, 17

*In re Lundborg*, 110 B.R. 106 (Bankr.D.Conn.1990)...........................................17

*In re Martin*, 817 F.2d 175 (1st Cir. 1987)............................................................3

*In re Reed,* 178 B.R. 817 (Bankr.D.Ariz.1995)....................................................17

*In re Sheehan*, 185 B.R. 819 (Bankr. D.Ariz.1995).........................................16-17

*Matter of Depew*, 115 B.R. 965 (Bankr. N.D. Ind. 1989)......................................30

*Perez v. Van Groningen & Sons, Inc.*, 41 Cal. 3d 962 (Cal. 1986)........................15

*United States v. Union Sur. & Guar. Co*., 118 F. 482 (D.C. S.D.N.Y.1902)...............................................................16

*U.S. Trustee v. Joseph (In re Joseph),* 208 B.R. 55 (9th Cir. BAP 1997)..............17

*Statutes and Rules*

11 USC §324...........................................................................................1-2, 35

11 U.S.C. §704.........................................................................................17, 26

11 USC §1141(a)...........................................................................................30

18 USC §152(4)...........................................................2, 26-27, 29, 35

Cal. Civ. Code §1950.5....................................................................................14

Cal. Civ. Code §2338.......................................................................................15

CD CA LBR 3020-1(d).....20

California Rules of Professional Conduct Rule 3.1.....5

California Rules of Professional Conduct Rule 3.3.....5

US Trustee Handbook for Chapter 7 Trustees.....22

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMOVE TRUSTEE DAVID SEROR, FOR CAUSE

### I. SUMMARY OF THIS MOTION

This Hon. Bankruptcy Court should properly apply 11 USC §324(b) to remove David Seror ("Trustee" or "Seror"), for cause, from continuing as Chapter 7 Trustee in the bankruptcy case of debtor Allana Baroni, for multiple reasons:

A. Intentional misrepresentations and concealments made to the Court, by Seror and Seror's attorneys, and misrepresentations made to Baronis' Carmel tenant April Hess, by Seror and by Seror's real estate agent, which Seror, as principal, is liable for;

B. Before Seror obtained Orders allowing him to operate any of Baronis' rental properties, or hire a real estate agent to market Baronis' Carmel property, Seror demanded tenants pay Seror the rental payments, and Seror's real estate agent demanded that the tenants in Baronis' Carmel property give the agent access to the Carmel property. The Carmel tenants were harassed to the point they vacated, and then Seror took the tenants' utility refund and withheld returning the tenants $5,000 security deposit;

C. Seror lost $400,000 for the bankruptcy estate, by Seror's "poor listing strategy" (as found by US District Judge Fitzgerald on Baroni's Appeal); the amount lost could be up to $800,000;

D. Seror cost the bankrupty estate significant and unnecessary amounts of money, including because he let insurance lapse;

E. Seror violated USTrustee policy by putting up to $650,000 in a zero interest bank account for 1 ½ year, when US Trustee policy requires interest;

F. Seror—by his law firm representing Seror—brought Seror's Motion to Compromise (dkt 1120), with Seror's Declaration, and mislead the Court into

granting it, including that Seror's Compromise Motion (which claimed to be settling a Wells Fargo POC, actually **created** an allowed general unsecured claim of $450,000 for Wells Fargo Bank, alleged to be owed on the Henderson property; when Trustee **knew zero was owed, as a matter of law**, because the Henderson Note and DOT had been returned to the Baronis on 4/1/19, each stamped "PAID IN FULL", and Baroni filed the cancelled, "PAID IN FULL" Note and DOT with the Court on 8/20/19 as **Exhibit F** to dkt 1037, p.8:19-26 – p.9:1-13, along with the Bank letter saying congratulations for having paid your Note in full;

G. Wells Fargo and its attorney Kornberg **committed bankruptcy crime** by **filing** fraudulent POC 7-2 on 7/16/19. Seror **committed bankruptcy crime**, violating 18 USC §152(4), by **using** Wells Fargo's fraudulent POC 7-2--on which Seror knew ZERO was owed—as the basis for "settling" that fraudulent POC 7-2 for an allowed $450,000 general unsecured claim granted to Wells Fargo, via Seror's Motion to Compromise (dkt.1120, filed 2/21/20, granted 5/1/20); and

H. Seror's Motion to Compromise (dkt1120) was additionally false in claiming it should be granted because it settled 4 adversary proceedings (not true).

## II. CONTROLLING BANKRUPTCY CODE AND CONTROLLING CASE LAW, GOVERNING REMOVING A TRUSTEE FOR CAUSE

The controlling Bankruptcy Code section governing the Bankruptcy Court removing a Trustee for cause is 11 U.S.C. §324, which states:

> "(a) The court, after notice and a hearing, may **remove a trustee**, other than the United States trustee, or an examiner, **for cause**.
> (b) Whenever the court removes a trustee or examiner under subsection (a) in a case under this title, such trustee or examiner shall thereby be removed in all other cases under this title in which such trustee or examiner is then serving unless the court orders otherwise." [bold/underline added]

The controlling Ninth Circuit Court of Appeals case regarding a Bankruptcy Court removing a Trustee for cause is *In re AFI Holding, Inc.*, 530 F.3d 832, 845,

852 (9th Cir. 2008). *AFI* adopted a "totality of the circumstances" test, borrowing from the First Circuit's articulation in *In re Martin*, 817 F.2d 175, 182 (1st Cir. 1987). In *In re AFI Holding, Inc.*, 530 F.3d 832, 845, 852 (9th Cir. 2008), a Chapter 7 Trustee, Carolyn Dye, was removed for cause, because Dye had a conflict of interest, because her firm had previously represented an insider to the debtor:

> "Once assigned to a particular case, a panel trustee can be removed from a pending case only if the bankruptcy court finds 'cause' after notice and a hearing. *Brooks v. United States*, 127 F.3d 1192, 1193 (9th Cir.1997); 11 U.S.C. § 324(a). '[A]lthough sufficient cause is not defined in the Bankruptcy Code, it is left for the courts to determine on a **case by case basis**.' 3 Collier on Bankruptcy ¶ 324, 02, at 324–3 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.2006).
>
> "**It is well established that 'cause' may include trustee incompetence, violation of the trustee's fiduciary duties, misconduct or failure to perform the trustee's duties, or lack of disinterestedness or holding an interest adverse to the estate**. *Id*. at 324–3 to 324–4. Such cause must be supported by specific facts, *Schultz Mfg. Fabricating Co*., 956 F.2d at 692, and the party seeking removal has the burden to prove them. *Alexander v. Jensen–Carter (In re Alexander)*, 289 B.R. 711, 714 (8th Cir.BAP2003), aff'd, 80 Fed.Appx. 540 (8th Cir.2003). This listing is illustrative, but not exhaustive.
>
> ...
>
> "Cause for removal of an appointed panel trustee under § 324(a) is not susceptible to sharp definition, but is determined on a case-by-case, **totality-of-circumstances approach**, subject to the bankruptcy court's broad discretion."

See *In re Log & Conventional Homes, Inc*., a reported (i.e., "for publication") BAP decision, affirmed in a 9th Circuit decision which is only reported in F.App'x, and so Circuit decision is considered "not for publication." The BAP decision (case No. BAP SC-11-1000-KIMKH) is reported in 2011 WL 7145883, at *4 (B.A.P. 9th Cir. Dec. 22, 2011), aff'd, 523 F. App'x 440 (9th Cir. 2013). The BAP decision, in *In re Log & Conventional Homes, Inc*, states:

> "A bankruptcy trustee is the legal representative and **fiduciary of the estate**. *In*

*re AFI Holding, Inc., 530 F.3d at 844* (*citing United States Trustee v. Joseph (In re Joseph)*, 208 B.R. 55, 60 (9th Cir.BAP1997)). A trustee's duties revolve around marshaling and distributing the assets of the debtor's estate according to the distribution scheme prescribed by the Code, and then closing the estate. *Id*. at 845.

"The court, after notice and a hearing, may remove a trustee for 'cause.' § 324(a). Removal of a trustee is an extreme remedy. *Morgan v. Goldman (In re Morgan)*, 375 B.R. 838, 847 (8th Cir.BAP2007); *United States Trustee v. Repp (In re Sheehan)*, 185 B.R. 819, 822 (Bankr.D.Ariz.1995). If a trustee is removed for cause, then that trustee is removed from all other cases in which the trustee is then serving. See § 324(b).

"Although not defined in the Code, case law has established that 'cause' to remove a trustee may include **incompetence, violation of fiduciary duties, misconduct or failure to perform the trustee's duties, or lack of disinterestedness or holding an interest adverse to the estate**. *In re AFI Holding, Inc.*, 530 F.3d at 845. The party seeking removal has the burden to show specific facts supporting 'cause.' *Id.*"

## III. APPLYING THIS LAW TO TRUSTEE SEROR'S CONDUCT IN BARONI'S BANKRUPTCY CASE REQUIRES REMOVING SEROR FOR CAUSE

Applying the law discussed in II. Supra, to Trustee Seror's conduct in Baroni's bankruptcy case, requires removing Seror, for cause:

### A. TRUSTEE SEROR MUST BE REMOVED, FOR CAUSE, FOR LYING—BOTH INDIVIDUALLY, AND BY SEROR'S LAW FIRM AND REAL ESTATE BROKER, WHO ARE SEROR'S AGENTS

A trustee must be removed, if Trustee (or Trustee's attorneys or real estate Agents—whose Conduct Trustee, as principal, is responsible for) **lie** to the Court, or lie to other parties in interest, because lying in a bankruptcy case is breach of

fiduciary duty, is serious misconduct, and can be bankruptcy crime (per 18 USC §151(2)). Seror is a California lawyer (CA Bar #67488 admitted December 16, 1975). Like all California lawyers, Seror is bound by the California Rules of Professional Conduct, which state, in Rule 3.3 (*Candor Toward the Tribunal*):

" (a) A lawyer shall **not**:

(1) knowingly* **make a false statement of fact or law** to a tribunal* or **fail to correct a false statement of material fact or law previously made** to the tribunal* by the lawyer;

...

(3) offer evidence that the lawyer knows* to be false. If a lawyer, the lawyer's client, or a witness called by the lawyer, has offered material evidence, and the lawyer comes to know* of its falsity, the lawyer shall take reasonable* remedial measures, including, if necessary, disclosure to the tribunal,* unless disclosure is prohibited by Business and Professions Code section 6068, subdivision (e) and rule 1.6. A lawyer may refuse to offer evidence, other than the testimony of a defendant in a criminal matter, that the lawyer reasonably believes* is false." [Note: Asterisks are in original, and indicate defined terms; definitions not quoted here]

In addition, California Rules of Professional Conduct **Rule 3.1** (*Meritorious Claims and Contentions*) states:

"(a) A lawyer shall **not**:

(1) bring or continue an action, conduct a defense, **assert a position** in litigation, or take an appeal, without probable cause and for the purpose of harassing or maliciously injuring any person;* or

(2) **present a claim** or defense in litigation that is **not warranted** under existing law, unless it can be supported by a good faith argument for an extension, modification, or reversal of the existing law."

Seror, through his own law firm (in which he is a partner) as his counsel of record, made **numerous false statements** to the Court, including those itemized in. 1, 2 & 3 of this section III.A. Plus Seror brought a Motion for Compromise (dkt.1120) (discussed at III.D), that moved the Court to "compromise," for a $450,000 general

unsecured claim, Wells Fargo's **fraudulent** POC 7-2 (filed 7/16/19), despite Seror having conclusive evidence that zero was owed on that POC 7-2, as a matter of law, because the Note on which claim 7-2 was based had been returned to the Baronis stamped "PAID IN FULL", months before Wells Fargo filed POC 7-2. Seror was aware of this, because Baroni filed the stamped "PAID IN FULL" Note and DOT with the Court (**Exhibit F** to dkt 1037, filed 8/20/19, and Seror's Compromise Motion (dkt.1120 was not filed until 2/21/20 and was not heard and granted until 5/1/20). Seror's Compromise Motion (dkt.1120) makes multiple additional false statements to mislead the Court into granting Trustee's Motion, which Seror did not correct, on the 5/1/20 hearing date of the Motion.

Trustee Seror is responsible for **lying** to the Court and to parties in interest, THREE ways:

1. ***Seror, through Seror's attorney Bagdanov (a member of Trustee's own law firm, which law firm is representing Trustee in Baroni's bankruptcy case), made a completely illegal ex parte appearance before the Court, and LIED TO THE COURT about Baroni, during that ex parte appearance***

Trustee is liable for the acts of his agents, particularly when that agent is an attorney in his own firm, representing Seror as trustee.

On 2/6/20 Jessica Bagdanov, Esq. made an ex parte appearance before Judge Barash, with no notice to any attorney for Baroni, concerning a debtor in a different bankruptcy case, assigned to Bankruptcy Judge Victoria Kaufman, who expressed dismay in the common area outside courtroom 301 because Trustee Seror sold that debtor's property, in that debtor's bankruptcy case, in a hearing held that day before Judge Kaufman. ("the Incident")(Baroni Decl.). Bagdanov informed this Court that she perceived Baroni may have taken cell phone video of the Incident (Baroni Decl., Official Transcript of 2/6/20 Ex Parte Hearing is **Exhibit A** to Baroni Decl.; copy of the U.S. Marshal video of the common area, obtained by Baroni under the Freedom of

Information Act, is **Exhibit B** to Baroni Decl.). The only signs posted in the common area state that taking photos or video inside courtrooms, when court is in session, is prohibited (Baroni Decl.). There were no signs stating that taking photos or video in the common area outside courtrooms is prohibited (Baroni Decl).

Judge Barash was not the correct judge for Bagdanov to appear before, because the distressed debtor's case was assigned to Judge Kaufman, not Judge Barash. If Bagdanov was going to appear ex parte before any judge, it should have been Judge Kaufman, not Judge Barash (March Decl).

Bagdanov informed Judge Barash that she was afraid Baroni would use video taken of Bagdanov, to embarrass Seror (at some unspecified future date). (Transcript of Ex Parte Appearance, **Exhibit A,** p.7:1 to Baroni Decl.). There was no emergency of any kind to justify an ex parte appearance before Judge Barash, or before any Judge. (See Exh.A and B to Baroni Decl). Further, whether or not Seror might be embarrassed by a video of Bagdanov was **legally irrelevant**, and not grounds for Bagdanov's ex parte appearance. (March Decl). In any event, Baroni, a writer, has a First Amendment right to take video in the common area outside the Courtrooms. (March and Baroni Decls).

Judge Barash should have instructed Bagdanov to follow LBR 9075-1 to set a hearing with under 48 hours' notice, including the submission of written and telephonic notice, on motion. As soon as Bagdanov represented that she was appearing ex parte before Judge Barash because she was concerned that Baroni might use video to "embarrass" Seror at some unspecified future date, Judge Barash should have terminated the ex parte appearance without any further discussion (March Decl.).

Instead, Bagdanov compounded her misconduct during the ex parte appearance, by making **false statements** about Baroni, which were not in any way related to the Incident. (Transcript is **Exhibit A** to Baroni Decl). Bagdanov's allegations are: (1) **not relevant,** (2) **improper for Bagdanov to state,** and (3) **false**. At the time the

Court entered the Ex Parte Order (dkt.1118 entered 2/7/20, **Exh.C** to Baroni Decl), the Court was not aware that Bagdanov's representations were (1) **false** about Bagdanov having a confrontation with Baroni in the hallway (there was none), (2) **false** that Baroni was instructed to cease recording video by Court Security (no such instruction), and (3) **false** that Seror's real estate agent had had difficulties with Baroni family member (false, as discussed *infra*). **All three representations are false.** (Baroni Decl.). The Court did not know Bagdanov's representations are false, because neither Bagdanov, nor the Court, gave any notice to Baroni's attorneys of the ex parte hearing, with the result that Baroni's attorneys had no opportunity to correct Bagdanov's false statements. (Baroni Decl.).

The Court's Ex Parte Order (dkt. 1118, entered 2/7/20) states that there was a confrontation between Baroni and Bagdanov, that Baroni was instructed by a Court Security Officer to cease recording video, and that Seror had had additional difficulties with Baroni. Regarding what other difficulties Trustee Seror had allegedly had with Baroni, Bagdanov stated:

> "There have been issues this week that I will not get into because they are not before you, with some **harassment of the trustee's broker on one of the properties by her [Baroni's] family members**."
> (Transcript, Exhibit A to Baroni Decl, p.6:17-20)

This Court, in this Court's Order (dkt.1118, entered 2/7/20, **Exhibit C** to Baroni Decl) relied on this false statement by Bagdanov, stating:

> "During that colloquy, Bagdanov alluded to other difficulties that she and/or other representatives of the trustee have had with Baroni." (Order p.2:24-25).

.

When Bagdanov told the Court that there had been harassment of the trustee's broker on one of the properties by Baroni's family members, Bagdanov **failed to tell the Court** that at the time of the alleged "difficulties", the Trustee had **not** obtained an order authorizing Seror to hire the real estate broker in question (Thunderbird Real

**NOTICE OF MOTION AND MOTION OF DEBTOR ALLANA BARONI, MOVING THE BANKRUPTCY COURT FOR AN ORDER REMOVING CHAPTER 7 TRUSTEE SEROR FOR CAUSE, PURSUANT TO 11 USC §324(b); MEMO OF P & A; MARCH A8ND BARONI DECLS** **8**

Estate) to show and sell Baronis' Carmel house, and had **not** obtained an order authorizing Trustee to operate Baroni's rental properties. (Baroni Decl).

The Trustee's reference to "her [Baroni's] family members" refers to Baroni's husband, James Baroni. (Baroni Decl) On February 5, 2020, James Baroni emailed Heidi Robinson of Thunderbird Real Estate, asking who she is and why she is requesting access to the Baronis' Carmel property. (James' email to Robinson is included in **Exhibit G** to Baroni Decl). As of 2/5/20, no application to employ Thunderbird/Robinson had been filed with the Court, much less granted. The Application to employ was filed at 3:36pm on 2/6/20, immediately after Bagdanov appeared ex parte (at 3:27pm on 2/6/21—time stated at p.2 Order (dkt.1118, line 9)).

On 2/5/21, Suzie Seflin, Esq. of Seror's law firm, sent a threatening email to Baroni's husband, James, stating:

> "If you continue down this path, we will also seek to hold you responsible for all attorneys' fees and costs associated with your violation(s) of the automatic stay…..Please confirm for me that you are receipt of this email and that you will no longer be making any attempts to interfere with the Carmel Property, the sale of the Carmel Property, or Heidi Robinson. If I do not receive this confirmation from you or your counsel, then we will seek emergency relief against you in Bankruptcy Court." (Baroni Decl.)

Selfin's email is attached as part of **Exhibit G** to Baroni's Decl hereto. Selfin's email was **amazingly false**, considering that it was Trustee Seror and Thunderbird Real Estate which were acting **without authority** in making demands on the Baronis tenant, to pay rent to Trustee, and to let agent into Carmel house, before Seror filed any application to hire a real estate broker to show/sell the Carmel house, and when no order was obtained, authorizing Seror to hire agent, until 4/6/20 (dkt.1155).

Bagdanov's ex parte appearance before Judge Barash on February 6, 2020, **did prejudice Baroni**, because shortly after that ex parte appearance, Judge Barash, on 3/31/20, through orders (dkts 1146, 1147, 1148, and 1149) granted Trustee's motion

for turnover, and denied Baroni's motion to dismiss Baroni's bankruptcy case, both of which motions had been under submission for nine months. That timing shows the Court was affected by Bagdanov's improper ex parte appearance, and false statements, whether or not the Court believes it was affected. (March Decl. and Baroni Decl.). This Court's Ex Parte Order (dkt.1118, entered 2/7/20) attached as **Exhibit C** to Baroni Decl hereto) states the erroneous conclusion that there was no bad faith on Bagdanov's part, when the Court had never heard from Baroni, regarding the false statements Bagdanov made to the Court, due to there being no notice to Baroni's attorneys, that the ex parte hearing was occurring. (Baroni Decl).

During Bagdanov's illegal ex parte appearance before this Court, a more senior attorney from Seror's firm was present, but failed to stop Bagdanov, or attempt to correct any of her lies. Failure of the more senior attorney to step in and correct Bagdanov's ex parte misconduct, constitutes ratification by Seror's law firm of Bagdanov's wholly improper conduct (Baroni Decl.).

***2. Seror Made False Statements to the Court in Pleadings filed by Seror's Own Law Firm, which Seror is Responsible, Pleadings containing Seror Declarations***

Seror as Trustee, as the client on pleadings, and as a partner in Seror's law firm representing Seror, is responsible for his false statements and those of his own law firm (his agent) made to the Court, in representing Seror. Following is a list of some of the false statements Seror made to this Hon. Bankruptcy Court, in Seror's declarations and pleadings:

A. **Seror's False Statement in dkt 1003 Seror's Declaration and Pleading**: Seror's Declaration to dkt.1003 attaches, as Exhibit B, a 7/2/19 email of Susan Selfin, Esq of Seror's firm, sent to Baroni's counsel, which states "Your client's sale of the Henderson property without filing a motion was

a material default under the plan." (dkt.1003 p.16 of 26: last two lines). That is a **false** statement.  Baroni's post confirmation status reports (dkt 941) detail Baroni's plan to sell the Henderson property after Baroni's Second Amended Chapter 11 Plan (dkt.376) was confirmed on 4/15/13, and selling Henderson was discussed at the 3/5/19 status conference (dkt.983 is transcript of the 3/5/19 status conference establishes that the sale of Henderson was discussed.  As a reorganized Chapter 11 debtor, Baroni was **not required to seek or receive Court approval** to sell the Henderson property. Pursuant to Baroni's confirmed plan (p.40, line 1 of confirmed Second Amended Plan,dkt,376), all the property revested in Baroni, upon confirmation of Baroni's Plan, and therefore Baroni was entitled to sell Henderson, after her Plan was confirmed, without being required to seek or receive Court approval to do so.  After the sale, Wells Fargo Bank, by its servicer Nationstar,  on 4/1/16, returned the Note and DOT to the Baronis, each stamped as "PAID IN FULL". (These are Exh.F to dkt.1037)

B.    **Seror's False Statement in dkt 991 Motion for Turnover Pleading**: "To the best of the Trustee's knowledge, no Secured Creditor has yet received the treatment that the Plan provided for it."(dkt 991 P. 4:25). This is a **false** statement. As the record reflects, in November 2018, Baroni distributed $596,770.00, the amounts held in the Claim 3 reserve account, to counsel for secured claimant OneWest Bank, FSB. Baroni paid the November 2018 – February 2019 plan payments to counsel for OneWest, and the ongoing plan payments to LoanCare as of the March 2019 payment. That loan was current. (Debtor's Motion to Dismiss dkt 989 P.10:3) As the record also reflects, on or about October 15, 2018, Baroni distributed the Claim 7 reserve account amounts of $57,208.45 to Nationstar Mortgage, LLC on behalf secured claimant Wells Fargo Bank N.A. as Trustee for the Certificate Holders of SARM 2005-17. (dkt 905).  Between  1/4/19 and 2/13/19, Baroni made $10,255.38 in plan payments to Nationstar. (dkt 942).  On or about 3/26/19, Wells Fargo's  claim was fully satisfied through the sale of the Henderson property.  On 4/1/19, the original Note and DOT on the Henderson loanwere return to Baronis, by Wells Fargo (by its servicer Nationstar) each stamped "PAID IN FULL". (Copies are Exh.F to dkt.1037).  A Full Reconveyance and Satisfaction was filed in the Clark County, NV recorders' office on  4/11/19, as Instrument No. 20190411-0000032. (Dkt.989), p.11:iv (Exh.G to dkt. 1037).

C. **<u>Seror's false statement in Seror's Declaration to Seror's dkt 991 Motion:</u>** Seror's Declaration is **<u>false</u>** in stating: "On June 19, 2019, the Debtor turned over $533,307.62 in funds she alleges were segregated under the Plan for the Disputed Secured Creditors to the Trustee. **<u>The Trustee was not provided any accounting relating to these funds.</u>**" Seror so stating is false, because Baroni's Motion to Dismiss (dkt.989 p.12:5-6, filed 6/25/19) gives an accounting, including explaining that Baroni made payments monthly into reserve accounts as required by the confirmed Plan: "Pursuant to the Plan, Baroni paid $4,083.33 for 60 months and $4,583.33 thereafter into one account [the Claim 9 Reserve Account], and $3,339.58 for first 60 months and $3,839.58 thereafter into the other [the Claim 10 Reserve Account]."

D. **<u>Seror's false statement in dkt 1003 (Opposition to Debtor's Motion to Dismiss Bankruptcy Case):</u>** "The Debtor has failed to pay ... all amounts owed to the Class 6 secured creditor [Carmel property] including claim amount of at least $2 million..." (Dkt. 1003, p. 3:28-4:5; brackets in original). Another false statement. The Class 6 claimant is Nationstar Mortgage, LLC who purported to represent Wells Fargo Bank N.A. as Trustee for the Certificate Holders of SARM 2004-5. The adversary proceeding (1:13-ap-01069-MB) was tried by Judge Barash. Trial ended 10/28/18. (Baroni Decl hereto). But 18 months after trial ended, the Court had still not entered a decision. Therefore, it is premature to pay a claim that has been objected to and not been allowed. It was **<u>false</u>** for Seror to say Baroni had **<u>failed to</u>** pay… all amounts owing to the Class 6 secured creditor, because Baroni had paid monthly to the Class 6 reserve account, the amount provided in the confirmed Plan, to be distributed after the adversary proceeding was resolved, the adversary proceeding was not resolved, because 18 months after trial was completed, the Court had still not decided the adversary. (Baroni Decl hereto).

E. **<u>Seror's False Statements and Concealments in Seror's Motion to Approve Compromise (dkt.1120)—a Motion supported by Seror's Declaration:</u>** Discussed in detail at III. D infra.

***3. Before obtaining Court Authorization to do Anything, Seror and his Real estate broker Made Mulitple Demands on the Tenants in Baronis' Carmel Property—while Concealing their Lack of Authorization—which is <u>abuse</u>***

***<u>of power</u>, damaging the bankruptcy estate by causing those paying tenants to leave***

Seror did not file a Motion to operate Baroni's properties until 10/30/19 (dkt 1086). That Motion was not granted until 12/9/19 (dkt 1110), Seror did not file an application to employ a real estate broker to show and sell the Carmel property until 2/6/20 (dkt 1116). That Application was not granted until 4/6/20 (dkt 1155).

**<u>Before</u>** Seror obtained an Order authorizing Seror to operate Baroni's properties and **<u>before</u>** Seror received an Order authorizing Seror to employ a real estate agent (Thunderbird Real Estate/Heidi Robinson) to show and sell the Baronis' Carmel property, Seror and Robinson were each **<u>making demands</u>** on the Hesses, when Seror had no authorization from the Court to operate, or sell, the Baronis' Carmel house, in which the Hess family were long term tenants. (Baroni Decl; April Hess Decl hereto). Seror and his real estate agent, Robinson, misled and bullied the Hess tenants to the extent they vacated the Carmel property. (Attested to in April Hess Decl. hereto, which attaches, as **<u>Exhibit A</u>**, April Hess's extensive letter to the Office of USTrustee, detailing the misconduct of Seror and his real estate agent towards the Hesses.)

Neither Seror nor Robinson informed the Hesses that Seror had not yet obtained an order to operate Baroni's properties, and that Seror had not yet obtained an order to employ Robinson. (April Hess Decl ¶12). On October 8, 2019, Seror demanded the Hesses pay their $5,000 a month rent to Seror, before Seror obtained an order to operate Baroni's properties. (Hess Decl). Seror's real estate agent, Robinson, made demands on Hesses for access to the Carmel property, and gained access to the house, **<u>under false pretenses</u>**, before any order was entered authorizing Seror to hire Thunderbird Real Estate/Robinson to market the Carmel property. (Hess Decl.)

Driving the Hesses to vacate the Carmel property has cost the bankruptcy estate approximately $75,000, arising from the $5,000 a month rent the Hesses paid the Baronis under the lease for years, and would have kept on paying each month, if

Main Document Page 23 of 271

the Trustee had not driven the Hesses out of the Carmel property (January 2019 through May 2021). (Baroni Decl.)

After the Hesses were driven out of the Carmel property, Seror retroactively changed the water utility bill into his name, and kept the Hesses utility refund of $1,046.19. Seror only returned that utility deposit to the Hesses, after the Hesses complained to the Office of the US Trustee, which directed Seror to return that $1,046.19 to Hesses. (April Hess Decl. hereto; MOR 21 (dkt 1316 shows Seror took).

Trustee Seror also failed to perform the property "walk through" required under CA Civil Code §1950.5 for a vacating tenant, and failed to return the Hesses $5,000 security deposit to them, within the 21 days after the Hesses vacated, specified in CA Civil Code §1950.5, despite the fact that the Hesses left the Carmel property in perfect, clean, condition. (April Hess Decl).

Seror's and Robinson's illegal treatment of the Hesses, before Seror obtained an order to operate the properties, and before Seror obtained an order to employ real estate agent Robinson, is a **flagrant abuse of power** by Seror, which taken alone, requires removing Seror for cause. (Baroni Decl; March Decl.).

After forcing the Hesses out by making improper demands and false statements, Seror then (allegedly) leased the Carmel property to tenants named Captain, who are also the parties seeking to purchase the property for $1,400,000. (Baroni Decl) However, Seror has refused to provide a copy of that lease to Baroni's attorneys, so they can determine whether/how much rent the Captains are paying. (Baroni Decl) It is unknown whether the lease agreement provides for lease payments to go toward the purchase price. If so, then the Captains are paying no rent, rather they are making installment payments toward the purchase price, which does not benefit the estate. This is particularly problematic, because the price for which Seror allowed the Captains to purchase the property was at least $400,000

**NOTICE OF MOTION AND MOTION OF DEBTOR ALLANA BARONI, MOVING THE BANKRUPTCY COURT FOR AN ORDER REMOVING CHAPTER 7 TRUSTEE SEROR FOR CAUSE, PURSUANT TO 11 USC §324(b); MEMO OF P & A; MARCH A14ND BARONI DECLS** **14**

below the fair market value of the Carmel property at the time, as discussed infra (Giordano Decls dated 2/3/21 (dkt 52 in appeal to District ct 2:20-cv-04388-MWF; and 10/13/21 (dkt.1366 in this bky); Baroni Decl.)

After the improper actions of Seror and his real estate agent caused the Hesses to vacate the Carmel property, Seror then claimed, in his declaration filed with dkt1241, that having no tenant in the Carmel property, was a reason to sell the Carmel property (for between $400,000 and currently $800,000 below fair market value), while failing to inform the court that he drove out the Hesses.

Seror is responsible for the actions of the real estate agent he hired. Under California Law, a principal (here, Trustee Seror) is liable for the wrongdoing of his agents.  See Cal. Civ. Code § 2338:

> "Principal's responsibility for agent's negligence or omission. Unless required by or under the authority of law to employ that particular agent, a principal is responsible to third persons for the negligence of his agent in the transaction of the business of the agency, including wrongful acts committed by such agent in and as a part of the transaction of such business, and for his willful omission to fulfill the obligations of the principal."

The doctrine of *respondeat superior* makes an employer (principal) liable for the torts of his employee (agent). E.g., *Hinman v. Westinghouse Elec. Co.*, 2 Cal. 3d 956, 959–60 (Cal. 1970); *Perez v. Van Groningen & Sons, Inc.*, 41 Cal. 3d 962, 968 (Cal. 1986).

**4.    *Seror has Repeatedly Failed to Do Things timely***

Seror began operating Baroni's  properties on or before October 3, 2019.  Seror sent the Camarillo property tenant a letter on 10/3/19 demanding that tenant pay rent to Seror (copy of letter is **Exhibit E** to Baroni Decl).  Seror sent a letter to the Carmel tenants (Hesses) on 10/8/19 (see April Hess Decl), demanding the Hesses pay their rent to Seror.  Both letters were mailed 2 months before Seror obtained an order authorizing Seror to operate those properties.  Seror did not obtain an Order

authorizing him to operate Baroni's properties until 12/9/19 (Order is dkt.1110, entered 12/9/19). That Order (Dkt.1110) authorized Seror to operate Baroni's properties through September 9, 2020. (Baroni Decl.). On 9/4/20 (5 days before the dkt.1110 order expired) Seror filed a Motion (dkt.1226) to continue operation of the properties through 9/9/21. However, because Seror was late filing that Motion, the order to continue operating Baroni's properties was not entered until 10/7/20 (dkt1235). Nonetheless, Seror continued operating Baroni's properties during the month long "gap" in authorization. (Baroni Decl) Seror, for a third time, failed to timely move or obtain an order to operate Baroni's properties after September 9, 2021, but continued operating Baroni's properties. Dkt. is1335 Seror's Motion to operate through 9/9/22. The Order granting that Motion was not entered until 10/21/21 (dkt.1369). (Baroni Decl).

### B. **SEROR MUST BE REMOVED FOR CAUSE, FOR GROSS MISMANAGEMENT OF BARONI'S BANKRUPTCY ESTATE, AND FOR BREACH OF HIS FIDUCIARY DUTY OWED TO BARONI'S BANKRUPTCY ESTATE**:

It has long been the rule that a trustee should be removed, for cause, where the trustee is guilty of **gross delinquencies** in the management of the bankruptcy estate. *In re Judith Gap Commercial Co*., 291 F. 792 (D.C.Mont.1923), reversed on other grounds 298 F. 89. Trustee who mismanaged the estate and wholly failed to account was subject to removal. *United States v. Union Sur. & Guar. Co*., 118 F. 482 (D.C. S.D.N.Y.1902).

As *In re AFI*, quoted supra, states, and as the BAP in *In re Log & Conventional Homes, Inc*., quoted *supra*, states, "A trustee is the 'legal representative' and 'fiduciary' of the estate." *In re AFI Holding, Inc* ., 355 B.R. 139 (9th Cir. BAP 2006), aff'd and Adopted, 530 F.3d 832, 844 (9th Cir.2008) (adopting the BAP's analysis as its own) (other citations omitted). A chapter 7 trustee's role facilitates a fundamental

bankruptcy concept of "equitable distribution." *AFI Holding*, 530 F.3d at 844. The trustee's **"primary job is to marshal and sell assets, so that those assets can be distributed to the estate's creditors and then close the estate."** *AFI Holding,* 530 F.3d at 845, quoting *U.S. Trustee v. Joseph (In re Joseph),* 208 B.R. 55, 60 (9th Cir. BAP 1997) (quoting *In re Reed,* 178 B.R. 817, 821 (Bankr.D.Ariz.1995)); *see also* 11 U.S.C. § 704 (duties of trustee).

As the Ninth Circuit holds in AFI, a trustee's breach of the fiduciary duty the trustee owes the bankruptcy estate is grounds to remove the trustee for cause.

***1. As found by the US District Court, Seror's "Poor Listing Strategy" LOST $400,000 for the bankruptcy estate; Loss Could be as Much as $800,000***

Seror moved to sell the Carmel property for $1.4 million, despite the fact that a well-respected real estate broker, Anthony Giordano, filed 2 separate declarations (one filed on 2/3/21 (Dkt.52 in appeal docket of Baroni appeal 2:20-cv-04338-MWF to US District Ct), and a second declaration filed on 10/13/21(dkt.1366 in Baroni bky docket) citing comparable sales establishing the fair market value of the Carmel property is $2.25 to $2.3 million, over $800,000 more than the $1.4 million sale price Trustee asked the Court to approve, and which the Court did approve.

Giordano's 2/3/21 declaration, filed in the District Court appeal on 2/3/21 (dkt 52 in that appeal) attests that Trustee's failure to receive offers above $1.4 million was due to Trustee's **poor listing strategy**. Only as a result of Baroni seeking and being granted a stay from the District Court of the Bankruptcy Court's turnover order, stopped the sale of Carmel from closing.

The Minute Order (Dkt.52 in that appeal 2:20-cv-04338-MWF, entered 2/5/2021) of the District Court, Judge Fitzgerald, granting Baroni a stay, relies on Giordano's February 3, 2021 Declaration. That Minute Order is **Exhibit D** to Baroni Decl. hereto). Judge Fitzgerald stayed Trustee from "administering" Baroni's Carmel, Calabasas and Camarillo properties, until the Ninth Circuit Court of Appeals rules on

Baroni's appeal of this Hon. Bankruptcy Court granting Trustee Seror's motion for turnover of her real properties, and funds, to Seror. (Baroni Decl.).

Judge Fitzgerald's Minute Order evidences **significant disapproval of the Trustee's undervaluation of the Carmel property**, stating, inter alia, at p.10-12 of Minute Order:

> "Appellant [Baroni] disputes the Trustee's unsubstantiated claim that the buyer will walk away or that the Carmel Property will lose value if the sale falls through. Appellant submits the Declaration of Anthony Giordano ("Giordano Decl."), a California real estate agent with over twenty years of experience, to disprove the Trustee's claim that the estate will be financially harmed by a stay. (Reply at 8-11). Giordano states that, in his professional opinion, the **pending sale price of the Carmel Property ($1.4 million) undervalues the Property by approximately $400,000, a likely consequence of the broker using POOR LISTING STRATEGY during the COVID-19 pandemic**. (Giordano Decl. ¶ 6). Giordano also states that the likelihood that the value of the Property will dip below the current sale price of $1.4 million within the next year is "slim to none." (*Id.* ¶ 8). **By evaluating comparable property listings and sales in the Carmel area, Giordano predicts that home values in Carmel will increase an additional five to ten percent during 2021**. (*Id.* ¶ 5).
>
> "The **Trustee makes vague and unsubstantiated claims of possible future harm that will befall the estate if a stay is granted**. For example, the Trustee states that he "believe[s] that [the Carmel Property Buyer] is ***considering*** walking away from the sale in the event [he is] unable to close escrow in the coming weeks" and that he is "very concerned that if the estate loses this Buyer, the Carmel Property will prove very difficult to sell in the future (at least within the same general price range)." (Seror Decl. ¶ 3) (emphasis added). The Trustee claims that the estate risks owing $42,000 in broker's commission if escrow falls through. (*Id.* ¶ 4(a)(iii)). He also mentions the potential costs to the estate of ongoing litigation regarding the Carmel Property if the buyer sues for specific performance. (*Id.* ¶ 4(a)(iv)).
>
> "The **Trustee offers no explanation for why he believes that the Carmel Property will be difficult to sell in the future and produces no facts substantiating this claim.** He adduces no facts establishing how likely it is that the Buyer will actually walk away from the sale or sue for specific performance. He does not explain why he believes that the estate would "risk"

owing $42,000 in lost commission to the broker or how likely this risk is. The Trustee also claims that leaving the Carmel Property vacant "exposes the estate to all kinds of risk," (Opposition at 12), but fails to explain what those specific risks are or why the Carmel Property could not be rented during the pendency of the appeal to help cover some of the estate's carrying costs.

"In contrast, **Appellant produces a declaration from an expert in the real estate field who offers persuasive opinions on the value of the property and how the current sale could actually damage the estate by relying on POOR LISTING STRATEGY and underselling the Carmel Property by approximately $400,000**. (Giordano Decl. ¶ 6). These opinions are not merely conclusory and unsubstantiated but are based on concrete evidence which includes Giordano's expert assessment of the Carmel housing market, the Carmel Property itself, and the Carmel Property compared to other similar properties that have recently sold in the area. (*Id.* ¶¶ 5-8). The **Giordano Declaration casts serious doubt on the Trustee's claim that a stay pending appeal will harm the estat**e. Any non-speculative carrying costs can be mitigated by requiring Appellant to post a bond.

...

"As stated above, the Giordano Declaration casts doubt on Nationstar's claim that the sale proposed by the Trustee will necessarily result in the highest return for Nationstar and the creditors. If the Carmel Property sells after the appeal for an amount closer to its value, (**roughly $400,000 more than the current sale price**), Nationstar may be able to avoid paying the Trustee the $75,000 carve-out of its secured claim ($1,400,000) (*See* Trustee Settlement Agreement (Docket No. 23 at 121-122))." [bold/underline & capitalization of "POOR LISTING STRATEGY" added for emphasis].

Giordano filed an updated declaration on 10/13/21 (dkt 1336), in Baroni's bankruptcy case, citing "comparable sales" that are actually comparable, whereas trustee's "comparable sales" were not comparable, as Giordano explains. Using comparable sales which are actually comparable, Giordano attests the present FMV of the Carmel property is $2.25 to $2.3 million. Trustee's attempt to sell the Carmel property for $1.4 million in October 30, 2020, which is now over **$800,000 too low**, should prompt the Court to require Trustee Seror to explain, under penalty of perjury, WHY Seror would be pushing for a sale at a price $800,000 low, after Giordano's February 2021

**NOTICE OF MOTION AND MOTION OF DEBTOR ALLANA BARONI, MOVING THE BANKRUPTCY COURT FOR AN ORDER REMOVING CHAPTER 7 TRUSTEE SEROR FOR CAUSE, PURSUANT TO 11 USC §324(b); MEMO OF P & A; MARCH A19ND BARONI DECLS** 19

and October 2021 Declarations. Is Trustee going to receive something from the buyer for a sale far below fair market value? The Court should inquire.

The 9th Circuit Court of Appeals has set oral argument for 12/7/21, in Baroni's appeals of this Court's Order converting case to Chapter 7 (dkt 967) and of this Court's Order granting Trustee's motion for turnover (dkt 1146). (Baroni Decl). Baroni may well win her appeal, including because Seror's Ninth Circuit brief relies on a version of CD CA LBR 3020-1(d) [later renumbered as 1( e )], **which did not exist on 4/15/13**, the date Baroni's second amended plan was confirmed.

***2. Seror Lost $75,000 of Rent, due to misconduct of Seror and his broker regarding the Carmel Property:***

Illegal treatment of the Hess tenants in Baronis' Carmel property, by Seror and his broker Robinson, drove the Hesses out of the property, costing the bankruptcy estate $75,000 of rent plus maintenance costs($5,000 a month, from January 2019 to June 1, 2021, the date Seror alleges he leased the property to the Captains (dkt 1346, p.5:23-28). (April Hess Decl, Baroni Decl).

***3. Seror Wasted Significant Additional Bankruptcy Estate Money***

Trustee Seror squandered $36,200 when he represented that the roof replacement costs for the Carmel property roof are $47,000 when Baroni could have replaced the roof for $10,800. (Dkt. 56 in Dist. Ct. case 2:20-cv-04338-MWF; dkt. 1322 Exh. 2; dkt 1347; Baroni Decl. hereto)

Before this Court converted Baroni's Chapter 11 case to Chapter 7, Baroni had State Farm insurance policies in place with an annual premium of $3,393 for the Carmel property, and $2,031 for the Camarillo property, effective through September 2020. (dkt 1322 p.8) Trustee Seror was aware of the policies and premiums because he requested the policies from Baroni's attorney, and paid the quarterly premium

amounts of $477.99 and $848.25 on 11/7/19 (shown in MOR 3, p.3, filed 12/5/19 as dkt 1109). Thereafter, Trustee allowed the Camarillo State Farm policy to lapse and instead paid Trustee Resource Group $14,958.52 for a 13-month period (Shown in MORs 10 through 24), nearly *seven times* the amount of debtor Baroni's Camarillo policy. Further, the Trustee allowed the Carmel insurance to lapse and allowed Nationstar to put in place high-rate force-placed insurance on the Carmel property. The premium and coverages are unknown because the Trustee refuses to disclose the policy details. Further, if Seror had continued to keep the same insurance that Baroni had in place, the following costs would have been avoided (the exact amounts are unknown because the Trustee refuses to disclose their itemization) (dkt 1347):

- Mold remediation (would have been covered by State Farm Insurance Policy);
- Repairing a sewer line required by the City of Carmel (not required by the City of Carmel, unclear if insurance would have covered it as the Trustee did not explain the problem, or its location);
- Replacing garage door (would have been covered by Fidelity Warranty); and
- Replacing water heater (would have been covered by Fidelity Warranty). (dkt 1347)

### *4. Seror violated Trustee Procedures By Leaving Up to $652,000 In Zero Interest Bank Accounts, while paying $17,528 of Bank and Technology Fees, for Services Seror did Not Need*

From the period of 3/31/20 through 8/25/21 Trustee Seror paid Metropolitan Commercial Bank $17,528.50 in bank and technology fees (See MORS 7 through 24). The Trustee did not invest any estate funds and has not received any interest or investment return on the estate's funds of over $652,106.00, because; "This is what all trustees have to do in accordance with the guidelines promulgated by the UST." (Trustee's Reply, dkt 1346, P.12, ¶k). That excuse is false. The official US Trustee Handbook for Chapter 7 Trustees states:

> "…estate funds are to be deposited into an **interest-bearing account** to maximize the return to creditors. The trustee may be held personally liable for lost interest. When substantial funds (e.g., $50,000) are received by the estate, which will not be distributed for an extended period (e.g., six months), the trustee must consider higher yield investments such as Certificates of Deposit or Treasury Bills. Interest-bearing estate accounts are either money market accounts or savings accounts".
> [https://www.justice.gov/ust/file/handbook_for_chapter_7_trustees.pdf/download]

The MORS Seror filed establish that during the 24 month period from 9/19 to 9/21, that Seror allowed up to $650,000 in estate funds to remain in one checking account earning **zero interest**, while paying Metropolitan Commercial Bank thousands in fees, for services Seror did not need. The MORS further establish that the estate issues very few checks each month, in some months no checks are issued at all. Seror failed to negotiate an interest rate with the bank and failed to recognize that the estate does not require extensive technology that costs the estate an average of $1,000 per month. (Baroni Decl).

**D. SEROR COMMITTED KNOWING MISCONDUCT, AND BANKRUPTCY CRIME, BY FILING, AND MISLEADING THIS COURT INTO GRANTING, SEROR'S MOTION TO COMPROMISE (DKT.1120, FILED 2/21/20; HEARD AND GRANTED ON 5/1/20)**

Seror's Compromise Motion, (dkt.1120, filed 2/21/20; heard and granted on 5/1/20)--attested to by Seror's Declaration--is deliberately FALSE, which constitutes **knowing misconduct** by Seror. Seror's Compromise Motion **uses** Wells Fargo's **fraudulent** POC 7-2 (**on which ZERO was owed, as a matter of law**), as the basis for misleading this Court into granting Wells Fargo an allowed $450,000 general unsecured claim, to "settle" Wells Fargo's POC 7-2, on which ZERO was owed, as a matter of law. What Seror did is not just knowing misconduct, it is **bankruptcy crime** by Seror. (Baroni and March Decls.) Seror's Compromise Motion additionally

alleges that the proposed Compromise should be granted because it settles four adversary proceedings. Also not true. (Baroni Decl).

1. ***False* that Seror's Compromise Motion "Settled" Wells Fargo POC 7-2; It *CREATED* an allowed General Unsecured Claim for Wells Fargo Bank, by *Using* Wells Fargo's *Fraudulent* POC 7-2 (filed on 7/16/19) as basis for "settling" -- when Zero was Owed, as a Matter of Law, because Bank had returned the Original Note to the Baronis, on 4/1/19, stamped "PAID IN FULL"--but POC 7-2 *fraudulently* attached a copy of the Note, *Not* stamped "PAID IN FULL"**

It was FALSE, that the Seror's Motion to Compromise (which includes Seror's Declaration) **settled** an unsecured claim of Wells Fargo Bank (POC 7-2). (March Decl) Wells Fargo was owed ZERO, as a matter of law, on POC 7-2, and Wells Fargo's attorney Kornberg, and Seror, both knew zero was owed (Baroni Decl. March Decl). Seror's Motion **created** a $450,000 allowed general unsecured claim for Wells Fargo Bank, concerning the Henderson property, when, as a matter of law, Wells Fargo was owed ZERO, because the original Note, on which Wells Fargo's POC 7-2 (filed 7/16/19) was based, had been returned to the Baronis on 4/1/19, stamped "PAID IN FULL", by Wells Fargo's servicer Nationstar (Baroni Decl).

Seror was aware Wells Fargo was owed zero, because on 8/20/19 (dkt.1037), Baroni had filed with the Court the Henderson property Note and DOT, each stamped "**PAID IN FULL**", along with a 4/1/19 letter from Wells Fargo's servicer, Nationstar, congratulating the Baronis that their loan on Henderson was paid in full (Note and DOT, each stamped "PAID IN FULL", and 4/1/19 "paid in full" letter, are all in **Exhibit F** to dkt.1037 (filed 8/29/19). Downloaded from pacer copies of all 3 documents are attached as **Exhibit F** to Baroni Decl hereto). Wells Fargo's alleged $839,944 general unsecured POC 7-2 was **fraudulent**, because zero was owed, and

because the copy of the Note that is attached to POC 7-2 is a copy **not** stamped "PAID IN FULL." (Baroni Dec., March Decl.)

Nor was it coincidence that Kornberg, the attorney for Wells Fargo, filed Wells Fargo POC 7-2 on 7/16/19, which was the day before 7/17/19, the date Baroni's Motion to pay unsecured claims and dismiss Baroni's bankruptcy case (dkt.989, filed 6/25/19) was first set for hearing. (Baroni Decl, March Decl).

The logical inference is that in exchange for Wells Fargo filing the **criminally false** POC 7-2 on 7/16/19, to help Seror to block Baroni's Motion to Pay and Dismiss from being granted (by adding an additional $839,944 (**non-existant**) general unsecured claim, that Seror brought and got granted Seror's Compromise Motion(dkt.1120, granted 5/1/20), to mislead this Court into granting Wells Fargo an **allowed $450,000 general unsecured claim**, when, as a matter of law, Wells Fargo was owed ZERO, on the Note attached to POC 7-2 and both Seror and Wells Fargo's attorney Kornberg, knew this.  Both knew this, because by dkt 1037 (filed 8/20/19), in Exhibit F to Motion, Baroni had filed that Note and DOT,  each stamped "PAID IN FULL", with this Court, along with the 4/1/19 letter congratulating Baronis for paying off the Note in full.  (March Decl). Note that that the BAP and the Ninth Circuit ruled against Baroni, on Baroni's appeals, solely on the ground that the lender had possession of the Note, saying party in possession of Note can enforce the Note.

From 4/1/19 onward, the Baronis were in possession of the original Henderson Note and DOT, each stamped "PAID IN FULL", which Baroni had filed with this Court(dkt.1037); but Seror none-the-less made, and got granted, Seror's Compromise Motion (dkt.1120, granted 5/1/20), to have Wells Fargo granted an **allowed** $450,000 general unsecured claim, by **using** Wells Fargo's **fraudulent** POC 7-2, on which Zero was owed, and on which Seror knew Zero was owed, as the basis for misleading this Court into allowing Wells Fargo a $450,000 general unsecured claim. (Baroni Decl).

Seror's Motion to Compromise seeks to "settle" Wells Fargo's fraudulent POC

7-2, by creating for Wells Fargo an **allowed** $450,000 general unsecured Claim. That is not just **knowing misconduct** by Seror, its bankruptcy crime as discussed immediately infra.  The Note (and DOT) had both been returned to Baronis on 4/1/19, each stamped "PAID IN FULL".  That is 2 reasons zero was owed as a matter of law: (1) stamped paid in full, and (2) as of 4/1/19, Baronis—not Wells Fargo—had possession of the Note and DOT.  Seror was fully aware that Wells Fargo's standing to enforce the Henderson Note (POC 7-2) required that Wells Fargo have physical possession of the Note (which, as of 4/1/19 Baronis had possession of).  Seror admits the same in his Compromise Motion:

> "The Ninth Circuit stated, "The undisputed facts in the record established that Wells Fargo possessed Baroni's promissory note indorsed in blank. As the holder of a negotiable instrument, Wells Fargo is entitled to enforce the note in Baroni's bankruptcy case." Ninth Circuit Memorandum, entered Oct. 5, 2017 [Doc. #203, Adv. No. 1:13-ap-01071-MB]. The mandate has been returned to this Court." Motion for Compromise dkt. 1122 P.14:20-24.

Seror was aware that as of 4/1/19, Wells Fargo no longer possessed the Note and DOT on Henderson, because those had been returned to Baronis stamped "PAID IN FULL", on 4/1/19,  and Baronis had filed those with the Court (dkt.1037, Exh. F thereto, filed 8/20/19).  For all these reasons, Seror,  and Wells Fargo, and Wells Fargo's attorney Kornberg, were aware that Wells Fargo was not entitled to enforce the "PAID IN FULL", returned to Baronis, Note and DOT, and that Wells Fargo POC 7-2, which sought to do just that, was **fraudulent**. (March Decl; Baroni Decl).

The Trustee mislead the Court in the Motion for Compromise (dkt.1120) when he asserted, at p.22:18-21; "As the Ninth Circuit explained (cited above), these lending institutions held the notes as of the petition date, and are thus entitled to enforce them in this bankruptcy case." False, because the relevant date is who had possession of the Note and DOT on the 7/16/19 date Wells Fargo's POC 7-2 was

filed, and from 4/1/19 onward, that was the Baronis, NOT Wells Fargo. (Baroni Decl)

Instead of "settling" the $839,944 (fraudulent, and invalid as a matter of law) Wells Fargo POC 7-2, for an **allowed $450,000 general unsecured claim**, it was Seror's duty, as Trustee, to demand that Wells Fargo withdraw its fraudulent POC, and if Wells Fargo did not do so, to file an Objection to that POC. 11 USC §704(a)(5) (duties of trustee) states: "(5) if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper" (March Decl.).

Wells Fargo would very likely have filed a withdrawal of that fraudulent POC 7-2, if Seror had simply demanded that Wells Fargo withdraw its false proof of claim, citing 18 USC §152(4). Therefore, it is likely that filing an Objection to POC 7-2 would not have been necessary (March Decl.). But if Seror needed to file an Objection to POC 7-2, it would have been a very simple Objection, because all Seror would have needed to do would be to attach to the Objection the "**PAID IN FULL"** Note and "**PAID IN FULL"** DOT, and to point out that from 4/1/19 onward, Baronis, not Wells Fargo, had possession of the Note and DOT. (March Decl; Baroni Decl).

Instead, Seror's Compromise Motion **used** the fraudulent Wells Fargo POC 7-2 to **mislead this Court** into approving a "compromise" of the obviously fraudulent $839,944 Wells Fargo general unsecured claim, by **not informing the Court** that Wells Fargo was not in possession of the Note, and that the cancelled, stamped "PAID IN FULL" Note and DOT had been returned to Baronis on 4/1/19, so ZERO was owed, as a matter of law. (Baroni Decl., March Decl.)

2. ***Wells Fargo Bank, Wells Fargo's attorney Kornberg, and Seror, Each Committed Bankruptcy Crime, by violating 18 USC §152(4)***

Wells Fargo Bank, its attorney Kornberg, and Seror**, each commited bankruptcy crime**. 18 USC §152(4) not only makes it a bankruptcy crime to "**present**" a knowingly false claim in a bankruptcy case. 18 USC §152(4) additionally

makes it a bankruptcy crime to "**use**" such a false claim in a bankruptcy case**:**

> "A person who---… (4) knowingly and fraudulently **presents** any false claim for proof against the estate of a debtor, or **uses** any such claim in any case under title 11, in a personal capacity or as or through an agent, proxy or attorney;… shall be fined under this title, imprisoned not more than 5 years, or both." [bold/underline added for emphasis].

Wells Fargo and its attorney (Bernard Jaron Kornberg, Esq (CA state bar #252006) of Severson & Werson, PC, who signed Wells Fargo's fraudulent POC 7-2 (filed 7/16/19), under penalty of perjury, should be referred by this Court for investigation for prosecution for filing a knowingly fraudulent Proof of Claim, including that POC 7-2 attaches a copy of the Note on the Henderson property that is **not** stamped "PAID IN FULL," over 3 months after Wells Fargo, by its servicer Nationstar, had, on 4/1/19, returned that original Note (and also the Deed of Trust) to the Baronis, each stamped "PAID IN FULL." Wells Fargo's misconduct is shown to be intentional, because (1) Baroni's Motion (dkt.1037, filed 8/20/19) to take 2004 exam of a Wells Fargo officer regarding the validity and extent of Wells Fargo POC 7-2 (filed 7/16/19), attached the Note and DOT on the Henderson property (Exhibit F to Motion), each stamped "PAID IN FULL", along with the letter congratulating the Baronis for paying that Note in full. Wells Fargo's Objection (dkt.1040, filed 8/21/19, signed by Kornberg, with Kornberg Decl) to Baroni's 2004 Motion **did not deny** that Baronis had the original Note back, stamped "PAID IN FULL"; and **did not deny** (2) it was fraudulent for Wells Fargo to file POC 7-2 based on a Note which had been returned to the Baronis stamped paid in full, before that POC 7-2 was filed. But even if Kornberg denied knowing this (he never denied this) when he signed and filed POC 7-2 on 7/16/19, Kornberg knew this when he filed Wells Fargo's Objection (Dkt.1040, filed 8/21/19) to Baroni's Motion for 2004 exam (dkt.1037) because Baroni's Motion attached the stamped "PAID IN FULL" Note and DOT, which had been returned to the Baronis on 4/1/19. Yet Wells Fargo never withdrew POC 7-2 (signed by Kornberg

under penalty of perjury, as Wells Fargo's attorney).  (March Decl).  The Court has a duty to make that criminal referral of Wells Fargo and Kornberg. (March Decl.).

Seror, by Seror's Motion to Compromise (dkt.1120)—based on Seror's Declaration to Motion-- **used** Wells Fargo's fraudulent POC 7-2, as the basis for this Court granting Seror's Compromise Motion, to grant an allowed $450,000 general unsecured claim to Wells Fargo, based on "settling" Wells Fargo's fraudulent e POC 7-2, on which ZERO was owed, as a matter of law.  (March Decl).  Seror's Motion, and Seror's Declaration to Seror's Motion, **concealed** from this Court that the original Note (and DOT) on the Henderson property had been returned to Baronis on 4/1/19, each stamped "PAID IN FULL" (as attached to Baoni dkt.1037, filed 8/20/19, and concealed that POC 7-2 was fraudulent, including for attaching as its support, a copy of the Henderson Note that was **not** stamped "PAID IN FULL".

Seror **used** Wells Fargo's POC 7-2, which Seror knew was false, to mislead this Court into granting Seror's Compromise Motion, to grant Wells Fargo an allowed $450,000 general unsecured claim, based "settling" Wells Fargo's fraudulent POC 7-2, on which Seror and Kornberg both knew ZERO was owed, as a matter of law. (March Decl).

Seror **using** Wells Fargo's fraudulent POC 7-2, as the basis getting Wells Fargo granted an allowed $450,000 general unsecured claim, via Seror's Motion to Compromise (dkt.1120), is **bankruptcy crime by Seror**, violating 18 USC §152(4). The Court has a duty to refer Wells Fargo,  and its attorney Kornberg (who signed fraudulent POC 7-2),  to the Office of US Trustee and to the US Attorney's office, for investigation for criminal prosecution. The Court has a duty to include Seror in that referral.  (March Decl).

Seror's Motion to Compromise did not settle a Wells Fargo claim, it **created** an allowed $450,000 general unsecured claim for Wells Fargo, **where ZERO was owed**, as a matter of law, because the original Henderson Note had been returned to the

Baronis on 4/1/19, stamped "PAID IN FULL", and Wells Fargo POC 7-2 fraudulently attached a copy of the Henderson Note **not** stamped "PAID IN FULL".

The logical inference to be drawn is that Seror misleading this Court into granting Wells Fargo (which was owed ZERO as a matter of law) an allowed $450,000 general unsecured claim, via Seror's Motion to Compromise, is the *quid pro quo* for Wells Fargo assisting Seror to defeat Baroni's Motion to pay creditors and dismiss Baroni's bankruptcy, by Wells Fargo filing its false POC claim 7-2 for $839,944, on 7/16/19, the day before Baroni's Motion to Pay and Dismiss her bankruptcy case, was set for hearing. (March Decl).

Seror's misconduct was as bad, or worse, than that of Wells Fargo and Wells Fargo's attorney, because, as Trustee, Seror owed a fiduciary duty to Baroni's bankruptcy estate, and Seror's motivation in moving the Court to grant Wells Fargo an allowed $450,000 general unsecured claim, based on Wells Fargo's **criminally false** POC 7-2, is that Seror's needed Wells Fargo to file its fraudulent $839,944 general unsecured POC 7-2 (filed the day before 7/17/19, the original hearing date for Baroni's motion to pay and dismiss), to defeat Baroni's Motion to Pay and Dismiss, by making it impossible for Baroni to pay all unsecured claims as a condition for the Court granting Baroni's Motion to Dismiss Baroni's bankruptcy case (March Decl.). Baroni could have paid her actual existing unsecured claims as a condition of dismissal (Baroni Decl.).

Baroni's actual unsecured creditors would have been better off being paid 100% by Baroni, as Baroni's Motion to dismiss offered Baroni would do, than the effect on those unsecured creditors of having a fraudulent additional $450,000 allowed general unsecured claim added to their claims (Baroni Decl.). Seror fabricating an allowed $450,000 general unsecured claim for Wells Fargo was **detrimental** to the actual existing general unsecured claims, because adding a $450,000 general unsecured claim, to the unsecured claim total, reduces the pro rata payment to the actually

existing general unsecured claims (Baroni Decl, March Decl).

3. ***Trustee Seror's briefing (dkt.1132) admits Baroni's confirmed plan is binding, and admits a confirmed plan is NOT undone because a debtor fails to consummate the Plan; Yet Trustee has repeatedly acted contrary to the terms of the Confirmed Plan, and Has Moved this Court to Order things that Violate Baroni's confirmed Plan***

11 USC §1141(a) states expressly that the provisions of a confirmed plan bind the debtor,...any creditor…" Default does NOT undo the confirmed plan. E.g., *Matter of Depew*, an oft cited seminal case, 115 B.R. 965, at 967, 973-74 (Bankr. N.D. Ind. 1989):

> "So long as the order of confirmation stands, it must have the effect given it by the Bankruptcy Code—binding both debtors and creditors to its terms and discharging debtors' pre-petition obligations. *See In re Jersey Island Packing Co., supra,* 152 F. at 840. The post-confirmation dismissal of a Chapter 11 does not affect the finality of the confirmation order or the discharge that goes with it. *See Matter of Bishop,* 74 B.R. 677, 681 (Bankr.M.D.Ga.1987). *See also In re Smith,* 95 B.R. 468 (Bankr.W.D.Ky.1988). Both are effective "without regard to whether the debtor pays according to the plan or not." *In re N.S. Garrott & Sons,* 48 B.R. 13, 16 (Bankr.E.D.Ark.1984). *See also* Robert E. Ginsberg, Bankruptcy ph. 11,6541, at p. 11,073 and ph. 11,652, at p. 11,074. Thus, although this case will be dismissed, dismissal ***968** does not revoke debtors' discharge and their obligations to creditors, as set forth in the confirmed plan, remain unaltered."

Seror's own pleading (Dkt. 1132, see p.3:22-4:10) agrees terms of a confirmed plan are **NOT undone** merely because a debtor fails to consummate a plan and states that default does not undo Baroni's confirmed plan:

> "The Debtor's arguments about Nationstar and BoNYM also ignore the fact that the plan and the confirmation order are binding, legal documents. The **terms of a plan are not undone merely because a debtor fails to consummate a plan**." (Dkt. 1132 p.4:7-9)

Notwithstanding that Seror admits Baroni's confirmed Plan is binding, even if Baroni fails to fully perform her confirmed plan (Baroni didn't default, see Baroni Decl hereto), Seror has repeatedly acted **contrary** to what Baroni's confirmed Plan provides, and has repeatedly moved this Court to order things that are contrary to what Baroni's confirmed Plan provides. That is misconduct. This includes that Seror has violated the following provisions in Baroni's confirmed Pan:

(1) Confirmed Plan does not provide that the Carmel and Camarillo properties will be sold to satisfy unsecured claims—Seror has been trying to sell those properties (Baroni Decl);

(2) Confirmed plan does not allow claimants to file amended claims with new and higher secured or unsecured amounts—but Trustee's Motion to Compromise (dkt.1120) moved the Court to grant "compromises" that gave creditors Nationstar (Carmel property loan) and BofNYM(Camarillo property loan) **more** than the confirmed Plan gave those creditors (March Decl) (discussed immediately infra).

*4.* ***The Settlements that Seror's Motion to Compromise Granted to Nationstar (loan on Carmel property) and BofNYM (loan on Camarillo property), are Improper, because those settlements are more favorable than, and conflict with, Baroni's Confirmed Plan***

Seror's Motion to Compromise (dkt.1120), was additionally improper, for **conflicting** with the terms of Baroni's confirmed Plan. Seror's "compromise" gives Nationstar (loan on Carmel property) and BofNYM (loan on Camarillo property) settlements that are more favorable than what Baroni's confirmed plan gives those creditor's claims as follows:

**Treatment of Nationstar (Carmel, Class Six, Claim 9) in Plan:**
Entire Claim $1,480,705.83

Secured Portion of Claim $1,400,000
Unsecured Portion of Claim $80,705.83 (Class Nine Provides For Treatment of Unsecured Portion Through $50,000 Pot)
Interest rate: 3.5%
Impaired

*Compared to treatment in Motion to Compromise:*

**Treatment of Nationstar in Motion to Compromise**
Allowed Claim: $2,141,930.21
Secured Portion of Claim: $1,763,971.98
Unsecured Portion of Claim: $363,971.98 (for attorneys fees that were never applied for, nor awarded, nor even filed with the Court)
Admin Claim: $44,211.78
Interest rate: 3.5%
Impaired

and

**Treatment of BoNYM (Camarillo, Class Seven, Claim 10) in Plan:**
Entire Claim: $1,401,460.91
Secured Portion of Claim: $1,145,000
Unsecured Portion of Claim: $256,460.90 (Class Nine Provides For Treatment of Unsecured Portion Through $50,000 Pot)

*Compared to treatment in Motion to Compromise:*

**Treatment of BoNYM in Seror's Motion to Compromise:**
Allowed Claim: $1,564,100.12 (which improperly resurrects (ie adds) $305,977 of unsecured debt which BofNYM admitted (in BofNYM pleading, dkt.957, p.2:4-5) had been cancelled, by Bank's servicer, Specialized Loan Services.)
Secured Portion of Claim $1,402,147.92
Unsecured Portion of Claim $161,952.20 (for attorneys' fees, never applied for, never awarded, and which Bank was time barred from seeking) (Baroni Decl)

5. ***Trustee's Motion to Compromise is FALSE in Alleging the Compromise Settles 4 Adversary Proceedings—It does NOT Do So***

Seror's Motion (dkt.1120) additionally asks the Court to grant the Compromise Motion because the compromise will **<u>settle 4 adversary proceedings</u>** (listed at p.1 of Motion, dkt.1120). By the 5/1/20 hearing on the Motion, this assertion was false, but Seror did not tell the Court this assertion was false. (Baroni Decl) In fact, the Motion for Compromise did NOT settle 4 adversary proceedings, because **<u>before the 5/1/20</u>**

**hearing on Trustee's Motion to Compromise,** two of the four adversary proceedings were already closed and disposed of by the Court, so there was nothing to settle. (Baroni Decl. March Decl). The two closed adversary proceedings are 1:13-ap-01071(*Baroni v Wells Fargo as Trustee for SARM 2005-17*) closed on 4/17/20 (dkt.210 of adversary docket); and adversary proceeding 1:13-ap-01072 (*Baroni v Bank of New York Mellon as Trustee for SAMI II 2006-AR6*) closed as disposed of and no longer pending on 4/21/20 (dkt.168 of adversary proceeding docket).

The third of the four adversary proceedings, which Trustee's compromise motion claims to settle, (*Baroni v. Nationstar,* 1:13-ap-01069-MB) was fully tried by a trial that ended on 10/28/18. (Baroni Decl). Had the Bankruptcy Court ruled after trial--as it should have done during the 18 months between end of trial and 5/1/20--Baroni should have prevailed because Nationstar did not sustain its burden of proof on the issues on remand from the BAP. (Baroni Decl) But contrary to the evidence at trial (held after remand from the BAP), Seror's Compromise Motion (dkt1120), at p.22:7 and p.38:9, says Seror will **stipulate to the Bankruptcy Court entering judgment in favor of Nationstar** on that adversary proceeding. Citing no trial evidence to justify Seror so stipulating, Seror's Motion states:

> "Trustee, having reviewed the filings and post-trial briefs in the case, believes, in his reasonable judgment, that there is a high probability that [Nationstar will win]"

It was improper for Seror to ask the Court to approve judgment in favor of Nationstar, contrary to the evidence at trial. (Baroni Decl)

With respect to the fourth adversary proceeding that Trustee's Motion to Compromise claims to settle, 1:19-ap-01037-MB (*Baroni v. Specialized Loan Servicing, et al),* Trustee had no need to settle that adversary proceeding. That adversary proceeding objected to the transfer of Claim 10 of BofNYM to Nationstar and concerned two Forms 1099-C , which BofNYM issued to Baroni for mortgage debt forgiveness, but did not deduct from Claim 10. Specialized Loan Servicing was

Bank of New York Mellon's servicer, before BofNYM transferred its claim to Nationstar. During the conversion hearing and also during the conversion reconsideration phase (both before the 5/1/20 hearing date of Trustee's Motion for Compromise), Baroni had offered in writing (in Baroni's Motion to reconsider conversion, dkt 974, filed 5/13/19, p.6:17-21) to pay BofNYM the **whole reserve account**, established under the confirmed plan for BofNYM, dismiss her adversary proceeding about the 1099s, sign mutual releases, and Baroni and her husband would deal with the IRS regarding the 1099 tax issue (Baroni Decl.). Baroni's Attorney, Richard Antognini, offered the same at the 4/9/19 hearing (dkt 966, at p.16:11-14.).

Baroni's offer was a more favorable outcome for BofNYM than the compromise Seror convinced the Court to grant, by which BofNYM gave up all but 25% of the $234,000 reserve account amounts, which Baroni had turned over to Seror (dkt1120). (Baroni Decl) The "compromise" as to BofNYM in Seror's Compromise Motion (dkt.1120) additionally improperly resurrected $305,977 debt BofNYM had cancelled on 5/18/13. Debt that has previously been cancelled by BofNYM cannot properly be resurrected by a settlement debtor Baroni opposed (dkt1129, filed 3/3/20).

The major beneficiary of the Court granting Seror's Motion to Compromise is Seror, who will receive $400,000, consisting of 75% of the reserve account for BofNYM and 75% of the reserve account for Nationstar. Trustee's Motion to Compromise glibly asserts the $400,000 would go toward unsecured claims (Baroni Decl.). In actuality, Seror will seek to use that $400,000 to pay administrative claims of Seror as Trustee and of Seror's own law firm, which attorneys fees Seror will share in as a partner of the firm. (March Decl.). At the 5/1/20 hearing date of Seror's Motion to approve compromise, Seror did **NOT** update the Court in connection with the actual status of the 4 adversary proceedings, thereby misleading the Court into granting the Motion to Approve compromise. (Baroni Decl)

## IV. CONCLUSION

For all reasons briefed herein, Seror should be removed, for cause, pursuant to 11 USC §324(b), from being Chapter 7 Trustee in Baroni's case, and should be removed from all additional cases where Seror is Trustee.

Seror and his law firm are filing fee applications, which will be set for hearing on 12/8/21. Fees should be denied to both, for the misconduct briefed in this Motion.

The Court has a duty to refer Wells Fargo, and Wells Fargo's attorney Kornberg, for investigation for criminal prosecution, for **filing** (and signing under penalty of perjury) a knowingly false POC 7-2, thereby violating 18 USC §152(4).

This Court has a duty to refer Seror for investigation for criminal prosecution, for **using** that fraudulent POC 7-2, as the basis for the Court granting Wells Fargo an allowed $450,000 general unsecured claim, via Seror's Motion to Compromise. Seror's Motion **used** Wells Fargo's **fraudulent** POC 7-2 as the basis for moving the Court to grant Wells Fargo an allowed $450,000 general unsecured claim, despite Seror knowing ZERO was owed, as a matter of law, because the original Note (copy **not** stamped "PAID IN FULL") that was attached to POC 7-2, had been returned to the Baronis on 4/1/19, stamped as "PAID IN FULL", **before** Wells Fargo filed POC 7-2 on 7/16/19; and Baroni had filed those documents with the Court (in dkt.1037).

Dated: Nov. 17, 2021

THE BANKRUPTCY LAW FIRM,
/s/ Kathleen P. March
By Kathleen P. March, Esq.,
Counsel to Baroni on this Motion

# DECLARATION OF APRIL HESS

I, APRIL HESS, declare and state as follows:

1. My husband Hans Hess and I leased and resided in (along with our children) a house owned by the Allana and James Baroni ("Baronis"), located at 3435 Rio Road, Camel, CA 93923 (the "property") from the period of August 1, 2016 to January 19, 2020. I submit this declaration in support of removing David Seror ("Seror"), for cause, from acting as a Chapter 7 Trustee in Baroni's bankruptcy case, and in other bankruptcy cases, in the hopes of protecting other people, in future, from being subjected to Seror's misconduct, to which our family was subjected. I have personal knowledge of the matters set forth in this declaration, and if called as a witness, I could and would testify to those matters.

2. We leased the property from the Baronis pursuant to a written lease for $5,000 per month, which we paid on time, and were at all times current. The Baronis were good landlords, responsive to our communications, and performed necessary maintenance on the house.

3. Seror informed me and my husband through a letter he sent us, dated October 8, 2019, sent via U.S. Postal Service, that he is managing the property and therefore demanded we send him the monthly lease payments payable to him. We then contacted Seror to inform him we'd like to continue to lease the property for at another 18-24 months while we built our new home. I am sorry that I did not save a copy of Seror's 10/8/19 letter, but at the time Seror's letter came in the mail, I did not realize I should save Seror's letter, because I did not realize Seror was going to cause such a problem for us.

4. Meanwhile, Allana Baroni informed us that she was appealing any orders authorizing Seror to act/sell the property, and seeking a stay. We contacted

Seror to confirm that he was aware of Ms. Baroni's intentions. Seror advised us directly during a telephone call that Ms. Baroni would not likely be granted a stay that would prohibit the sale of the property, and told us Seror planned to list the property for sale in the first quarter of 2020.

5.    As I describe in my April 22, 2021 letter complaining about Seror's misconduct, and the misconduct of Seror's real estate agent Heidi Robinson of Thunderbird Real Estate ("our Complaint") (copy attached as **Exhibit A** hereto), that misconduct falls into two categories; pre-vacancy misstatements and bullying, and post-vacancy misconduct.

6.    Pre-vacancy, during the two month period of approx. October 15, 2019 through December 15, 2019, Seror's communications, including through numerous telephone conversations I had with Seror himself, made it known that it would be much easier for him and us, if we bought the home as quickly as possible. We had our realtor phone Seror with a proposed price, which he did not accept.   Seror told me that: (1) Ms. Baroni would not be granted a stay in her appeal; (2) that prospective buyers would be coming through the house, to view it, and that Seror couldn't promise us that we would be given any specific amount of notice before prospective buyers came to view the house; and (3) that it was uncertain whether or not we would "maybe" have 60 days to vacate the property in the middle of a school year.   That was too much possible disruption and uncertainty for me, my husband and our children, so on December 10, 2019, we gave our notice to Seror that we would vacate the property by January 19, 2020.

7.    On January 8, 2020 Seror informed us via email that he decided to list the property for sale with Heidi Robinson, who was copied on the email, informed us that she Robinson would conduct a walkthrough inspection of the property. Robinson contacted us minutes later, requesting we give her access to the property

the next day. We were not vacating the property until January 19th, therefore an inspection 10 days earlier would not be productive. A true and correct copy of this email thread is attached as **Exhibit B**.

8. We now know that Robinson never intended to conduct the walkthrough inspection, she only wanted to see the property to list it for sale, so the premise that she was conducting the landlord walkthrough inspection because we were vacating, was a convenient means of obtaining pictures. After we scheduled the move out cleaning, handyman, and carpet cleaning, we reached out to Robinson to schedule her walkthrough inspection as Seror advised was the procedure. January 18, 2020, was set for Robinson's inspection when she walked the interior and exterior of the property for approx. 45 minutes. At some point, Robinson disclosed that she was not there to conduct the walkthrough inspection, or to confirm condition of the property upon our vacating the property, as she had led us to believe, but instead, that she was just taking pictures so she could list the property for sale, and collect the keys from us. This maneuver was improper, time consuming and frustrating, and violated our right to a walkthrough inspection to confirm the property was in good condition as we were leaving. At the time of the faux walk-through, I informed. Robinson that the toilet in the powder room had been turned off because of a toilet leak that should be addressed right away. She didn't say anything, that I recall, about getting it fixed.

9. As detailed in our Complaint (**Exhibit A** hereto), after failing to conduct the walkthrough inspection, Seror's post-vacancy misconduct was a continuation of Seror's pre-vacancy wrongdoing. This included that Seror **failed to return our $5,000 security deposit to us, within the 21 day period after we vacated the property**, despite our demanding he return the $5,000 to us. 21 days after the tenant vacates rented property is the maximum time a landlord is allowed

to hold onto the tenant's security deposit, per CA Code 1950.5. This included that Seror took our $1,046 water utility refund, which Seror had no right to take, and refused to give us the $1,046 refund. And it included that Seror communicated with us in a sarcastic and unprofessional manner.

10. Summarized below, our Complaint (**Exhibit A** hereto) sets out eight areas of misconduct by Seror:

a. Seror advised us that Allana Baroni would likely not be granted a stay pending appeal that would stop the sale of the Carmel property, when in fact she was later granted the stay;

b. Seror pushed us out of the property by making it known that the peace of our family would be disrupted by the sale process, including a procession of potential buyers walking through the property with little notice to us;

c. Seror harassed us by requiring us to provide the 3.5 year old cancelled check used to pay our $5,000.00 security deposit, when Calif. Code 1950.5 only requires the lease specifying the deposit (the lease was already in Seror's possession), or a statement from us;

d. Seror engaged Realtor Heidi Robinson before Seror received court approval and informed us she was conducting the final inspection of the property, but Seror and Ms. Robinson intentionally mislead us. After walking Ms. Robinson around the property for 45 minutes Robinson informed us she was not conducting the inspection, she was actually engaged to sell the property and was present to take pictures and collect the keys to facilitate the sale -- our time was wasted under false pretenses.

e. Seror did not show up or send a representative to conduct the

walkthrough inspection on the agreed upon date, he did not provide us with a statement of deductions, nor the notices that are to accompany a statement of deductions as required under Calif. Code 1950.5;

f. Seror then improperly withheld our $5,000.00 security deposit after the 21 day post vacancy period specified under Calif. Code 1950.5 had run;

g. Seror then retroactively changed the water utility bill into his name to manufacture a utility issue as if it provided reasoning for not returning our $5,000.00 security deposit, Seror then took our $1,046 utility refund; and

h. Seror was hostile and unprofessional in an email response to our February 25, 2020, demand he immediately return our security deposit or we would be forced to inform Liberty Mutual, the company who provides the bond under which Seror operates as Trustee. A true of correct copy of this email thread is attached as **Exhibit C** hereto.

11.     Our Complaint letter (**Exhibit A** hereto) is accurate.  Our Complaint describes the hoops Seror made us jump through to receive our utility refund that he swiped. The motivation of Seror's and Robinson's misconduct was for the purpose of harassing us, to drive us to vacate the property, and then for Seror to improperly keep our security deposit and utility refund. After receiving our Complaint (**Exhibit A** hereto), the Office of US Trustee forced Seror to return our utility refund to us, which Seror returned to us on approximately May 21, 2021.

12.     We were **unaware**, at the time that all the foregoing was going on, that Seror was **not** authorized by the Court to operate the property, or to make demands on us, **before December 9, 2019**, because the Bankruptcy Court did not enter an Order authorizing Seror to operate any of Baroni's properties, until December 9, 2019.  In addition, we were **unaware** that the Bankruptcy Court did not enter any

Order, **until April 6, 2020**, authorizing Seror to employ Thunderbird Real Estate/Robinson's to market the property. Seror and Robinson never told us either of these things. We found these things out later, from Baroni, after we had moved out of the property. If Seror or Robinson had told us either of these things, we would have not given notice on December 10, 2019 that we were moving out. When we moved out, that lost Seror the $5,000 a month rent we had paid monthly, and would have kept paying monthly, if we had continued to lease the property.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration is executed by me at Carmel, California, on November 12th, 2021.

[signature]

APRIL HESS

# EXHIBIT A

# HESS DECL.

April and Hans Hess
25891 Elinore Place
Carmel, CA 93923

April 22, 2021

Clifford J. White III
Director U.S. Trustee Program
441 G Street, NW. Suite 6150
Washington, DC 20530
Clifford.J.White@usdoj.gov
Via email and USPS

Peter Anderson
Office of The United States Trustee
915 Wilshire Blvd.
Suite 1850
Los Angeles, CA 90017
peter.c.anderson@usdoj.gov
Via email and USPS

Re:   Complaint Regarding Trustee David Seror
      Central District of California, Case No, 1-12-bk-10986-MB, Allana Baroni

Gentleman,

        By way of introduction, we leased the real property located at 3435 Rio Road,
Carmel, CA 93923, from Allana Baroni prior to David Seror acting as trustee of her
estate and manager of the property. The purpose of this letter is to set out the
mistreatment and deception our family endured from Seror as well as our disappointment
that he manages the public's assets representing the U.S. Trustee Program, in hopes that
it will stop his mistreatment of other Americans. As more detailed below, Seror put our
family under such duress that we vacated the property, after which he continued his
bullying tactics by improperly withholding our $5,000.00 security deposit, only to stop
payment on it once he mailed it to us. In addition, Seror retroactively changed our water
utility account into his name in order to keep our $674.50 refund, which to this day he
has not forwarded to us. He generally conducted himself in a calculating, manipulative,

abusive, and entitled manner. It's obvious he is emboldened by his trustee status which he wields as a sword, and by the cover the U.S. Trustee Program provides him.

**Background:**

A. From the period of 8/1/2016 to 1/19/2020 we leased the property from the owners, Allana and James Baroni.

B. Through a letter dated October 8, 2019, Seror informed us that the Rio Road property was property of the bankruptcy estate of Allana Baroni, and therefore he would manage the property going forward.

C. Within a week of receiving Seror's October 8th letter we contacted him to discuss our intention to continue to lease the property for another 18-24 months. During this time, our plan was to build our dream home on a 75-acre property in Carmel Valley. At the time Seror informed us he was managing the property, we were in the process of finalizing our already approved financing. However, through our communications with Seror, he informed us that he would be selling the property in the first quarter of 2020, that the house would be shown to prospective buyers with little notice to us, and that he might be able to give us 60 days' notice to vacate.

D. Meanwhile, Ms. Baroni informed us that she was appealing any orders authorizing Seror to act/sell the property, and seeking a stay. We contacted Seror to confirm that he was aware of Allana's intentions. Seror advised us that Ms. Baroni would not likely be granted a stay that would prohibit the sale of the property, and therefore the easiest thing for everyone would be for us to purchase the home from the estate. However, Ms. Baroni was granted a stay of any sale of the property pending appeal to the 9th Circuit. Unfortunately, the property has now been vacant since late January 2020, when we could have been paying rent for the last 15 months -- a loss of at least $75,000.00 plus utilities to the estate.

E. At the time, we had two middle school children, a 2.5-year-old, and pets. April was running our small business and Hans was working half the week in San Francisco. We couldn't imagine anything more stressful than suddenly having to move with 60 days (or less) notice, finding a new place to live in a tight housing market, while managing our workloads -- all in the middle of a school year.

F. As a result of the pressure from Seror's advice and representations: (1) Ms. Baroni would not be granted a stay; (2) the stress that multiple prospective buyers would be coming through the house with little notice disrupting our

family life; and (3) the uncertainty that we would "maybe" have 60 days to vacate in the middle of a school year, we abandoned our plans for our dream home and instead offered to purchase the property from the estate on October 29, 2019. However, our representative could not come to an agreement with Seror.

G. Once it was clear we could not agree on terms to purchase the property from the estate it became obvious that Seror's strategy was to make our departure less than straight-forward. As explained below, Seror cruelly withheld our $5,000.00 security deposit and utility refund.

**Seror's Withholding of our Security Deposit and Water Utility Refund:**

Under duress from Seror's threats of disruption to our family's lives, and his advice that Ms. Baroni would not be granted a stay that would stop a sale of the property pending the 18-24 month appeal process, we found another property to purchase within our children's school district. It was not our dream of building a custom home, but we felt we had no choice and could not disrupt our children's school year. On December 10, 2019 we notified Seror that we would be vacating the Rio Road property by January 19, 2020. In that notification, we calculated the prorated rent for January, provided the address for Seror to forward our security deposit refund, and suggested that someone walk through the property with us. Although the deposit is identified on the lease agreement in Seror's possession, Seror responded that he required proof of our deposit.[1] On January 5, 2020 we forwarded Seror a copy of the cleared security deposit check.

On January 8, 2020 Seror informed us via email that he had decided to list the Rio Road property for sale with Heidi Robinson, who was copied on the email. Although hesitant to deal with Ms. Robinson because the Baronis had no idea who she is, and there was no notice that Ms. Robinson's employment was approved by the Court, Seror informed us that she would reach out "within the next few days and also will inspect the property when you vacate." Robinson requested to see the property with no notice, the next day, but we simply wouldn't be ready for the inspection the next day. We were scheduling and managing work, packing, managing the sickness of multiple family members, and trying to process the loss of Hans's father who had just passed away the day before.

[1] Under the California Code that covers tenant security deposits, it appears the lease sufficed to establish the existence of the deposit, giving the appearance that Seror was harassing us to prove the deposit. Cal Code 1950.5 (o) Proof of the existence of and the amount of a security deposit may be established by any credible evidence, including, but not limited to, a canceled check, a receipt, ***a lease indicating the requirement of a deposit as well as the amount***, prior consistent statements or actions of the landlord or tenant, or a statement under penalty of perjury that satisfies the credibility requirements set forth in Section 780 of the Evidence Code [attached].

After we scheduled the move out cleaning, the handyman, and the carpet cleaning, we reached out to Robinson to schedule her inspection as Seror advised was the procedure. January 18, 2020, was set for Robinson's inspection when she walked the interior and exterior of the property for approx. 45 minutes. Only after walking her around for 45 minutes, did Robinson disclose that she was only responsible for taking pictures and taking the keys. In direct contradiction to Seror's January 8th email, Robinson said she was not responsible for the inspection and that questions regarding the walk-through should be directed to Seror.[2] This conflicting communication was not only improper, time consuming and frustrating but also damaging to the property. At the time of the walk-through, April informed Ms. Robinson that the toilet in the powder room had been turned off because of a toilet leak that should be addressed right away.

On January 22, 2020 Cal Am Water (the water utility company) notified us via email that a large water bill was incurred indicating that there was likely a leak at the property, considering the bill was much larger than our regular monthly bill. Cal Am advised us they would adjust the bill down to two times our rolling 12-month average if we could provide proof that the leak had been fixed.

On January 28th, we sent Seror and Robinson an email request for help establishing the leak was repaired per Cal Am's request (we no longer had access to the property, and previously informed Robinson of the leak on January 18th.) After no response, on February 5, 2020 we sent another email asking why Seror and Robinson were both unresponsive. Notwithstanding that the Baronis had a home warranty policy that would send a plumber and cover the cost for a $75.00 fee, Seror replied that he authorized Robinson to hire a plumber. In their typical circular and unprofessional manner, Robinson replied that she had been on vacation, and for some reason asked Seror on the email thread to confirm again that she was authorized to solicit a bid for the repair.

On February 9th, we forwarded Seror an email notifying him that we had not received our deposit refund. We explained our understanding that our deposit is due to us within 21 days of our January 18th move out, and asked when we could we expect it. Seror replied on February 10th requesting the address where to send the deposit refund, giving the appearance of an excuse for not timely forwarding our security deposit as we previously provided him the address on December 10, 2019[3]. We know Seror received

---

[2] Robinson asserted she is not the party to inspect the property, while Seror asserted she is, therefore it appears that Seror did not meet his obligations under the California Code that covers tenant security deposits. 1950.5 (f) (1) Within a reasonable time after notification of either party's intention to terminate the tenancy, or before the end of the lease term, the landlord shall notify the tenant in writing of the tenant's option to request an initial inspection and of the tenant's right to be present at the inspection. [attached].

[3] The California Code covering tenant security deposits appears to provide that if Seror did not have our address, then he was to hand deliver or mail the security deposit to the Rio Road Address. We provided

our December 10th email because it contained our notice, and he responded by demanding we prove the amount of our security deposit. Nonetheless, on February 10th, we again provided the address to send the security deposit and asked if the toilet leak repair was completed. Seror replied on February 10th that our security deposit refund was going out that day, and that he authorized the plumber to complete the repairs the previous week. We requested to be provided the repair confirmation in order to submit documentation to Cal Am for our credit.

As of the afternoon of February 14, 2020 we had not received our security deposit refund. We left town the next morning for a family trip to Colorado. On the afternoon of February 18th, we received an email from Seror explaining that the plumber discovered additional leaks and that he authorized those repairs. Seror also asserted that he "received a bill from the water company" and that "it appears you owe $1,128 for water usage while you were in possession of the property. **I have taken the liberty of stopping payment on the security deposit refund check until this issue is resolved**." We were shocked by Seror's misconduct; he is, or should be, aware that deductions cannot be summarily taken from a security deposit after the 21 day post-vacancy period has run, and he certainly had no authority to withhold the entire $5,000.00 deposit.[4] We responded via email that stopping payment was unnecessary, once we establish the leak repair was completed, the water bill will be reduced and we will pay it; the bill had not yet come due and we were working diligently with Cal Am. We were in no way in violation of our lease. We pushed him via email to explain how it is legal for him to keep our entire deposit as a result of the water bill issue, to which Seror transparently never responded,

---

the address for the deposit refund on December 10, 2019, Seror did not timely deliver or mail the security deposit to the address we provided, nor to the Rio Road property. Cal. Code 1950.5 g (6) Any mailings to the tenant pursuant to this subdivision shall be sent to the address provided by the tenant. If the tenant does not provide an address, mailings pursuant to this subdivision shall be sent to the unit that has been vacated [attached].

[4] The California Code covering tenant security deposits appears to provide that within 21 days of vacating the property Seror was required to provide us with an itemized statement of the basis of any deductions from the security deposit, provide us with the text of the code setting out what deductions are allowed, and return any remaining deposit amounts. Seror did none of these. 1950.5. f (2) Based on the inspection, the landlord shall give the tenant an itemized statement specifying repairs or cleanings that are proposed to be the basis of any deductions from the security the landlord intends to make pursuant to paragraphs (1) to (4), inclusive, of subdivision (b). This statement shall also include the texts of paragraphs (1) to (4), inclusive, of subdivision (b). The statement shall be given to the tenant, if the tenant is present for the inspection, or shall be left inside the premises. 1950.5 (g) (1) No later than 21 calendar days after the tenant has vacated the premises, but not earlier than the time that either the landlord or the tenant provides a notice to terminate the tenancy under Section 1946 or 1946.1, Section 1161 of the Code of Civil Procedure, or not earlier than 60 calendar days prior to the expiration of a fixed-term lease, the landlord shall furnish the tenant, by personal delivery or by first-class mail, postage prepaid, a copy of an itemized statement indicating the basis for, and the amount of, any security received and the disposition of the security, and shall return any remaining portion of the security to the tenant. [attached].

forcing us to consult with several attorneys who confirmed it was improper for Seror to withhold our $5,000.00 security deposit.

An hour after we emailed Seror requesting he explain how he can legally withhold our security deposit, Mark Herbst, our contact at Cal Am who was working with us about the unusually high water bill, emailed us that "Something has changed. Someone changed your move out date to 12/4 (6 days before we gave notice) and thus removed the high water bill from your account." When we contacted the Cal Am Dept. Mr. Herbst provided, we were informed that David Seror changed our move out date from January 18, 2020 to December 4, 2019. After receiving our email(s), Seror apparently rushed to retroactively put the water bill in his name. There is no reason for Seror to take over a bill in our name that was not yet due; particularly when we were making every effort to lower the bill by confirming to Cal Am that the leak was repaired -- as Seror was well aware. To this day, Seror has never attempted to correct the move out date with Cal Am which would have moved the amounts owed back to our account. Seror's strategy appeared twofold: retroactively put the Cal Am account into his own name dating back to December 4, 2019 in an attempt to cover for why he didn't timely return any portion of our security deposit as required by California State Law, and to manufacture a reason to continue to withhold our entire $5,000 deposit as if it were proper.

Seror's bully tactics disrupted our family vacation during which we tirelessly worked with Cal Am to return the bill to our name during the relevant time frame, but were met with, "Billing would be in touch but it could take 30 days." We continuously reached out to different departments at Cal Am during our vacation but never reached anyone who could immediately resolve it.

On February 25, 2021 we emailed Seror demanding he release the stop payment on the security deposit refund check by Friday or we would inform Liberty Mutual, the Office of the U.S. Trustee's blanket bond issuer, of his abuse, bullying, and self-serving practices. Seror sarcastically responded that we were required to pay utilities under the lease and that he would not release the deposit until we had paid the water bill; feigning ignorance that the bill is not yet due, that we were working with Cal Am to reduce the amount as result of the leak repair, that he took over the bill, and his tactic to withhold the *entire* $5,000.00 security deposit after the 21 day post-vacancy period ran is improper, while also refusing to correct the move out date with Cal Am. Seror was arrogant regarding our reference to the bond, not at all concerned that he put at risk the Office of the U.S. Trustee blanket bond i.e., the American public's trust and funds by unlawfully withholding our entire security deposit after the 21 day post-vacancy period and swiping our utility refund. We replied by requesting Seror change the water utility move out date for accuracy so we could proceed with the procedure Cal Am advised us to follow. Seror refused to do so and never forwarded us the leak repair documentation we requested.

Instead of agreeing to inform Cal Am of the accurate dates of our move out, on February 26th, Seror threatened us and lied when he wrote to us, "I did not do anything with your water bill. I took service in my name on January 28. . . the water company unilaterally added your past due balance to my account. . . If this is not clarified by Friday, February 28, I will deduct prior balance from deposit." However, Cal Am has no motive to arbitrarily and retroactively change the utility into Seror's name on some random date that has no relevance to them. Seror should be fully aware that California State Law does not allow him to abuse our rights by withholding our entire $5,000.00 security deposit as a result of a utility issue that he manufactured after the 21 day post-vacancy period has run. Seror just didn't care that he was abusing our rights. His attitude gave the appearance that as tenants we wouldn't have the inclination or the resources to unwind his story.... and even if we did, we couldn't do anything about it as he was under the protection of the U.S. Trustee Program.

Although it was unlawful for Seror to hold our entire security deposit hostage, in an effort to relieve ourselves from the duress of Seror's tactics, and to receive our $5,000.00, on February 27th we wrote to Seror offering to pay our portion of the water bill, if Seror would agree to forward us the credit refund from Cal Am when he received it. Seror responded "once I have evidence that you have paid your share of water bill, I will pay to you the deposit. If I receive your refund, I will return it to you." After a few emails regarding the amount of the water bill attributed to when we occupied the property, we agreed to pay $1,046.19. Here, Seror admits he withheld our entire $5,000.00 deposit as a result of a utility issue concerning $1,046.19, that by all accounts was raised after the 21 day post-vacancy period. And remarkably, as described below, Seror received our $674.50 Cal Am credit, but after more than a year he hasn't forwarded it to us. We literally consider him to have stolen it.

On February 28th, we paid $1,046.19 directly to Cal Am. On or about March 7, 2020 we received a new $5,000 deposit check refund from Seror, nearly a month later than California State Law allows.

On March 23rd, we received 3 letters and 4 bills from Cal Am. The documentation shows that the balance on the account in our name was zero as of March 13th, but Cal Am moved $1,076.17 off Seror's account back to the account in our name as we requested but they did not know we had negotiated with him that we only owed $1,046.19. One of the bills also shows Cal Am issuing a leak credit for $674.50. The final of the four bills showed us owing $379.21.

On April 1st, we contacted Cal Am requesting they credit our payments of $1,046.19 to the account in our name since they had moved the balance back. Cal Am responded that Seror's permission was required to credit the amounts we paid to our account. We immediately emailed Seror (copying Dominic the Cal Am representative) explaining how Cal Am applied our payment and the leak credit. We asked that Seror

respond to the email with his permission to allow Dominic to credit our payments to the account in our name thus taking care of the outstanding balance and leave us with the repair credit. Seror never responded to our April 1, 2020, email.

Over a year has transpired, and Seror has never returned to us the $1,046.19 that we should have never had to pay on his water bill. While Seror's improper, morally indefensible and outright horrible conduct toward us was progressing, the COVID-19 pandemic unfolded across the globe. Due to financial struggles and challenges for our small business that were brought on by COVID-19, it would have been helpful for Seror to act expeditiously in the matter. The amount due back to us could have paid our current water bill for three months.

We occupied the property for almost 3.5 years. During that time, the Baronis were responsible, professional, and kind landlords. They were knowledgeable and responsive to the issues we brought to them. Conversely, Seror caused us to abandon our dream home plans, and caused us significant duress. If not for Seror's improper and disreputable conduct, we could still be renting the property to this day. We are horrified that Seror is a representative of the U.S. Trustee Program managing the public's assets. As described above, Seror's mismanagement caused Ms. Baroni's estate to lose at least $75,000.00 so far, an amount that will increase every month. He is either inept or self-dealing; we leave that for you to determine. But we feel Seror uses the cover of the U.S. Trustee Program to violate the rights of individuals, and does not represent the mission of the U.S. Trustee Program. To say that Seror promotes the integrity and efficiency of the bankruptcy system for the benefit of all stakeholders – debtors, creditors, and the public, is laughable.

We have copied here our Congressional Representative, the Congressional Chairs of the Committees with oversight of the U.S. Trustee Program, and the California State Bar. We await being contacted in the course of your investigations into Seror's misconduct, his disregard of his obligations to the public including under the U.S. Trustee's blanket bond, and his embarrassment to the U.S. Trustee Program.

Regards,

April Hess, CPA (VA), CFP                Hans Hess

cc:   Congressman Jimmy Panetta
      Congressman Jerrold Nadler
      Senator Dick Durbin

California State Bar

Encl: Cal Civil Code Section 1950.5

*CALIFORNIA CIVIL CODE - CIV*

*DIVISION 3. OBLIGATIONS [1427 - 3273.16]*

*( Heading of Division 3 amended by Stats. 1988, Ch. 160, Sec. 14. )*

*PART 4. OBLIGATIONS ARISING FROM PARTICULAR TRANSACTIONS [1738 - 3273.16]*

*( Part 4 enacted 1872. )*

*TITLE 5. HIRING [1925 - 1997.270]*

*( Title 5 enacted 1872. )*

CHAPTER 2. Hiring of Real Property [1940 - 1954.06]

*( Chapter 2 enacted 1872. )*

1950.5.

(a) This section applies to security for a rental agreement for residential property that is used as the dwelling of the tenant.

(b) As used in this section, "security" means any payment, fee, deposit, or charge, including, but not limited to, any payment, fee, deposit, or charge, except as provided in Section 1950.6, that is imposed at the beginning of the tenancy to be used to reimburse the landlord for costs associated with processing a new tenant or that is imposed as an advance payment of rent, used or to be used for any purpose, including, but not limited to, any of the following:

(1) The compensation of a landlord for a tenant's default in the payment of rent.

(2) The repair of damages to the premises, exclusive of ordinary wear and tear, caused by the tenant or by a guest or licensee of the tenant.

(3) The cleaning of the premises upon termination of the tenancy necessary to return the unit to the same level of cleanliness it was in at the inception of the tenancy. The amendments to this paragraph enacted by the act adding this sentence shall apply only to tenancies for which the tenant's right to occupy begins after January 1, 2003.

(4) To remedy future defaults by the tenant in any obligation under the rental agreement to restore, replace, or return personal property or appurtenances, exclusive of ordinary wear and tear, if the security deposit is authorized to be applied thereto by the rental agreement.

(c) (1) Except as provided in paragraph (2), (3), or (4), a landlord may not demand or receive security, however denominated, in an amount or value in excess of an amount equal to two months' rent, in the case of unfurnished residential property, and an amount equal to three months' rent, in the case of furnished residential property, in addition to any rent for the first month paid on or before initial occupancy.

(2) Notwithstanding paragraph (1), and except as provided in subparagraphs (A) and (B), a landlord shall not demand or receive security, however denominated, from a service member who rents residential property in which the service member will reside in an amount or value in excess of an amount equal to one months' rent, in the case of unfurnished residential property, or in excess of an amount equal to two months' rent, in the case of furnished residential property, in addition to any rent for the first month paid on or before initial occupancy. A landlord shall not refuse to enter into a rental agreement for residential property with a prospective tenant who is a service member because this paragraph prohibits the landlord

from demanding or receiving a greater amount of security than that which is established in paragraph (1). For purposes of this paragraph, "service member" has the same meaning as in Section 400 of the Military and Veterans Code.

(A) A landlord may demand or receive security from a service member who rents residential property in which the service member will reside as provided in paragraph (1), if the tenant has a history of poor credit or of causing damage to the rental property or its furnishings.

(B) This paragraph does not apply to a situation in which the property is rented to a group of individuals, one or more of whom is not the service member's spouse, parent, domestic partner, or dependent.

(C) For purposes of this paragraph "resides" means that the service member will be listed as a tenant on the residential property lease agreement.

(3) This subdivision does not prohibit an advance payment of not less than six months' rent if the term of the lease is six months or longer.

(4) This subdivision does not preclude a landlord and a tenant from entering into a mutual agreement for the landlord, at the request of the tenant and for a specified fee or charge, to make structural, decorative, furnishing, or other similar alterations, if the alterations are other than cleaning or repairing for which the landlord may charge the previous tenant as provided by subdivision (e).

(d) Any security shall be held by the landlord for the tenant who is party to the lease or agreement. The claim of a tenant to the security shall be prior to the claim of any creditor of the landlord.

(e) The landlord may claim of the security only those amounts as are reasonably necessary for the purposes specified in subdivision (b). The landlord may not assert a claim against the tenant or the security for damages to the premises or any defective conditions that preexisted the tenancy, for ordinary wear and tear or the effects thereof, whether the wear and tear preexisted the tenancy or occurred during the tenancy, or for the cumulative effects of ordinary wear and tear occurring during any one or more tenancies.

(f) (1) Within a reasonable time after notification of either party's intention to terminate the tenancy, or before the end of the lease term, the landlord shall notify the tenant in writing of the tenant's option to request an initial inspection and of the tenant's right to be present at the inspection. The requirements of this subdivision do not apply when the tenancy is terminated pursuant to subdivision (2), (3), or (4) of Section 1161 of the Code of Civil Procedure. At a reasonable time, but no earlier than two weeks before the termination or the end of lease date, the landlord, or an agent of the landlord, shall, upon the request of the tenant, make an initial inspection of the premises prior to any final inspection the landlord makes after the tenant has vacated the premises. The purpose of the initial inspection shall be to allow the tenant an opportunity to remedy identified deficiencies, in a manner consistent with the rights and obligations of the parties under the rental agreement, in order to avoid deductions from the security. If a tenant chooses not to request an initial inspection, the duties of the landlord under this subdivision are discharged. If an inspection is requested, the parties shall attempt to schedule the inspection at a mutually acceptable date and time. The landlord shall give at least 48 hours' prior written notice of the date and time of the inspection if either a mutual time is agreed upon, or if a mutually agreed time cannot be scheduled but the tenant still wishes an inspection. The tenant and landlord may agree to forgo the 48-hour prior written notice by both signing a written waiver. The landlord shall proceed with the inspection whether the tenant is present or not, unless the tenant previously withdrew their request for the inspection. Written notice by the landlord shall contain, in substantially the same form, the following:

"State law permits former tenants to reclaim abandoned personal property left at the former address of the tenant, subject to certain conditions. You may or may not be able to reclaim property without incurring additional costs, depending on the cost of storing the property and the length of time before it is

reclaimed. In general, these costs will be lower the sooner you contact your former landlord after being notified that property belonging to you was left behind after you moved out."

(2) Based on the inspection, the landlord shall give the tenant an itemized statement specifying repairs or cleanings that are proposed to be the basis of any deductions from the security the landlord intends to make pursuant to paragraphs (1) to (4), inclusive, of subdivision (b). This statement shall also include the texts of paragraphs (1) to (4), inclusive, of subdivision (b). The statement shall be given to the tenant, if the tenant is present for the inspection, or shall be left inside the premises.

(3) The tenant shall have the opportunity during the period following the initial inspection until termination of the tenancy to remedy identified deficiencies, in a manner consistent with the rights and obligations of the parties under the rental agreement, in order to avoid deductions from the security.

(4) Nothing in this subdivision shall prevent a landlord from using the security for deductions itemized in the statement provided for in paragraph (2) that were not cured by the tenant so long as the deductions are for damages authorized by this section.

(5) Nothing in this subdivision shall prevent a landlord from using the security for any purpose specified in paragraphs (1) to (4), inclusive, of subdivision (b) that occurs between completion of the initial inspection and termination of the tenancy or was not identified during the initial inspection due to the presence of a tenant's possessions.

(g) (1) No later than 21 calendar days after the tenant has vacated the premises, but not earlier than the time that either the landlord or the tenant provides a notice to terminate the tenancy under Section 1946 or 1946.1, Section 1161 of the Code of Civil Procedure, or not earlier than 60 calendar days prior to the expiration of a fixed-term lease, the landlord shall furnish the tenant, by personal delivery or by first-class mail, postage prepaid, a copy of an itemized statement indicating the basis for, and the amount of, any security received and the disposition of the security, and shall return any remaining portion of the security to the tenant. After either the landlord or the tenant provides notice to terminate the tenancy, the landlord and tenant may mutually agree to have the landlord deposit any remaining portion of the security deposit electronically to a bank account or other financial institution designated by the tenant. After either the landlord or the tenant provides notice to terminate the tenancy, the landlord and the tenant may also agree to have the landlord provide a copy of the itemized statement along with the copies required by paragraph (2) to an email account provided by the tenant.

(2) Along with the itemized statement, the landlord shall also include copies of documents showing charges incurred and deducted by the landlord to repair or clean the premises, as follows:

(A) If the landlord or landlord's employee did the work, the itemized statement shall reasonably describe the work performed. The itemized statement shall include the time spent and the reasonable hourly rate charged.

(B) If the landlord or landlord's employee did not do the work, the landlord shall provide the tenant a copy of the bill, invoice, or receipt supplied by the person or entity performing the work. The itemized statement shall provide the tenant with the name, address, and telephone number of the person or entity, if the bill, invoice, or receipt does not include that information.

(C) If a deduction is made for materials or supplies, the landlord shall provide a copy of the bill, invoice, or receipt. If a particular material or supply item is purchased by the landlord on an ongoing basis, the landlord may document the cost of the item by providing a copy of a bill, invoice, receipt, vendor price list, or other vendor document that reasonably documents the cost of the item used in the repair or cleaning of the unit.

(3) If a repair to be done by the landlord or the landlord's employee cannot reasonably be completed within 21 calendar days after the tenant has vacated the premises, or if the documents from a person or entity providing services, materials, or supplies are not in the landlord's possession within 21 calendar

days after the tenant has vacated the premises, the landlord may deduct the amount of a good faith estimate of the charges that will be incurred and provide that estimate with the itemized statement. If the reason for the estimate is because the documents from a person or entity providing services, materials, or supplies are not in the landlord's possession, the itemized statement shall include the name, address, and telephone number of the person or entity. Within 14 calendar days of completing the repair or receiving the documentation, the landlord shall complete the requirements in paragraphs (1) and (2) in the manner specified.

(4) The landlord need not comply with paragraph (2) or (3) if either of the following applies:

(A) The deductions for repairs and cleaning together do not exceed one hundred twenty-five dollars ($125).

(B) The tenant waived the rights specified in paragraphs (2) and (3). The waiver shall only be effective if it is signed by the tenant at the same time or after a notice to terminate a tenancy under Section 1946 or 1946.1 has been given, a notice under Section 1161 of the Code of Civil Procedure has been given, or no earlier than 60 calendar days prior to the expiration of a fixed-term lease. The waiver shall substantially include the text of paragraph (2).

(5) Notwithstanding paragraph (4), the landlord shall comply with paragraphs (2) and (3) when a tenant makes a request for documentation within 14 calendar days after receiving the itemized statement specified in paragraph (1). The landlord shall comply within 14 calendar days after receiving the request from the tenant.

(6) Any mailings to the tenant pursuant to this subdivision shall be sent to the address provided by the tenant. If the tenant does not provide an address, mailings pursuant to this subdivision shall be sent to the unit that has been vacated.

(h) Upon termination of the landlord's interest in the premises, whether by sale, assignment, death, appointment of receiver, or otherwise, the landlord or the landlord's agent shall, within a reasonable time, do one of the following acts, either of which shall relieve the landlord of further liability with respect to the security held:

(1) Transfer the portion of the security remaining after any lawful deductions made under subdivision (e) to the landlord's successor in interest. The landlord shall thereafter notify the tenant by personal delivery or by first-class mail, postage prepaid, of the transfer, of any claims made against the security, of the amount of the security deposited, and of the names of the successors in interest, their addresses, and their telephone numbers. If the notice to the tenant is made by personal delivery, the tenant shall acknowledge receipt of the notice and sign their name on the landlord's copy of the notice.

(2) Return the portion of the security remaining after any lawful deductions made under subdivision (e) to the tenant, together with an accounting as provided in subdivision (g).

(i) Prior to the voluntary transfer of a landlord's interest in the premises, the landlord shall deliver to the landlord's successor in interest a written statement indicating the following:

(1) The security remaining after any lawful deductions are made.

(2) An itemization of any lawful deductions from any security received.

(3) Their election under paragraph (1) or (2) of subdivision (h).

This subdivision does not affect the validity of title to the real property transferred in violation of this subdivision.

(j) (1) In the event of noncompliance with subdivision (h), the landlord's successors in interest shall be jointly and severally liable with the landlord for repayment of the security, or that portion thereof to which the tenant is entitled, when and as provided in subdivisions (e) and (g). A successor in interest of a

landlord may not require the tenant to post any security to replace that amount not transferred to the tenant or successors in interest as provided in subdivision (h), unless and until the successor in interest first makes restitution of the initial security as provided in paragraph (2) of subdivision (h) or provides the tenant with an accounting as provided in subdivision (g).

(2) This subdivision does not preclude a successor in interest from recovering from the tenant compensatory damages that are in excess of the security received from the landlord previously paid by the tenant to the landlord.

(3) Notwithstanding this subdivision, if, upon inquiry and reasonable investigation, a landlord's successor in interest has a good faith belief that the lawfully remaining security deposit is transferred to the successor in interest or returned to the tenant pursuant to subdivision (h), the successor in interest is not liable for damages as provided in subdivision (l), or any security not transferred pursuant to subdivision (h).

(k) Upon receipt of any portion of the security under paragraph (1) of subdivision (h), the landlord's successors in interest shall have all of the rights and obligations of a landlord holding the security with respect to the security.

(l) The bad faith claim or retention by a landlord or the landlord's successors in interest of the security or any portion thereof in violation of this section, or the bad faith demand of replacement security in violation of subdivision (j), may subject the landlord or the landlord's successors in interest to statutory damages of up to twice the amount of the security, in addition to actual damages. The court may award damages for bad faith whenever the facts warrant that award, regardless of whether the injured party has specifically requested relief. In an action under this section, the landlord or the landlord's successors in interest shall have the burden of proof as to the reasonableness of the amounts claimed or the authority pursuant to this section to demand additional security deposits.

(m) No lease or rental agreement may contain a provision characterizing any security as "nonrefundable."

(n) An action under this section may be maintained in small claims court if the damages claimed, whether actual, statutory, or both, are within the jurisdictional amount allowed by Section 116.220 or 116.221 of the Code of Civil Procedure.

(o) Proof of the existence of and the amount of a security deposit may be established by any credible evidence, including, but not limited to, a canceled check, a receipt, a lease indicating the requirement of a deposit as well as the amount, prior consistent statements or actions of the landlord or tenant, or a statement under penalty of perjury that satisfies the credibility requirements set forth in Section 780 of the Evidence Code.

(p) The amendments to this section made during the 1985 portion of the 1985–86 Regular Session of the Legislature that are set forth in subdivision (e) are declaratory of existing law.

(q) The amendments to this section made during the 2003 portion of the 2003–04 Regular Session of the Legislature that are set forth in paragraph (1) of subdivision (f) are declaratory of existing law.

# EXHIBIT B

# HESS DECL.

**From:** David Seror <dseror@bg.law>
**Sent:** Wednesday, January 8, 2020 3:23 PM
**To:** aprilahess@gmail.com; Hans Hess <hanshess@me.com>
**Cc:** heidi@heidirobinson.com
**Subject:** 3435 Rio Road, Carmel

April and Hans.  Thank you for your recent emails.  I have decided to list the Rio Road property for sale with Heidi Robinson, who is copied above.  Heidi will contact you to arrange for an inspection of the premises within the next few days, and also, will inspect the property when you vacate.  Please cooperate with her to arrange for an inspection.  Thanks, and please contact me with any questions.

From: <heidi@heidirobinson.com>
Date: Wed, Jan 8, 2020 at 3:57 PM
Subject: RE: 3435 Rio Road, Carmel
To: David Seror <dseror@bg.law>, <aprilahess@gmail.com>, Hans Hess <hanshess@me.com>

Hi April and Hans,

I would like to inspect the property tomorrow if possible. Would 11AM work for you?

Thanks,

Heidi

# EXHIBIT C

# HESS DECL.

From: Hans Hess hanshess@me.com
Sent: Tuesday, February 25, 2020 9:53 PM
To: David Seror dseror@bg.law
Subject: Demand letter

Dear David,

Please release the stop payment on the deposit check by this Friday or I'm going after your bond with Liberty.

Sincerely,
Hans Hess

On Feb 26, 2020, at 10:45 AM, David Seror dseror@bg.law wrote:

Gee, the "I'm going after your bond threat." I haven't heard that in the last week. You must be getting advice from Debtor. Before you make threats, you should get your facts straight. The agreement through which you occupied the property requires you to pay all utilities. Last week I sent you the water bill which you are obligated to pay in the amount of $1,128. You have not told me you paid it, nor have you provided any evidence of payment. If you prefer, I will deduct the water bill from the deposit check and send the difference.

David Seror, Partner
Brutzkus Gubner Rozansky Seror Weber LLP
21650 Oxnard Street, Suite500
Woodland Hills, CA 91367

**DECLARATION OF ALLANA BARONI**

I, ALLANA BARONI, declare:

1. I am the bankruptcy debtor in bankruptcy case 1:12-bk-10986-MB, which I filed in 2012. The Court confirmed my proposed Second Amended Chapter 11 plan (dkt.376) on 4/15/13, and I fully performed that Plan for six years. I was still performing—and was not in default in performing--my confirmed plan when a secured creditor Bank of New York Mellon ("BofNYM", filed a Motion to convert my Chapter 11 case to Chapter 7, by falsely alleging I was in default in performing that confirmed Plan. The Bankruptcy Court, in error, granted BofNYM's Motion, ordering my Chapter 11 case converted to Chapter 7, on by Order (dkt 967) entered 4/29/19, That decision is on appeal to the Ninth Circuit Court of Appeals, with oral argument set for 12/7/21.

2. On 4/3019 (day after conversion order was entered), David Seror ("Seror") was appointed as chapter 7 Trustee in my bankruptcy case (dkt.968, *Notice of appointment and Acceptance of Trustee Seror*). This Court should grant my herein Motion to remove Seror, for cause, pursuant to 11 USC §324(b), from continuing to act as the Chapter 7 Trustee in my bankruptcy case, and from continuing to act in other debtors' bankruptcy cases, for the multiple misconduct of Seror himself, and for multiple misconduct by Seror's law firm and real estate agent (for which Seror is responsible), as discussed in my herein Motion, including:

a. Intentional misrepresentations (aka LYING) and concealments made to the Court, by Seror in Declarations, and by Seror's own law firm, which firm is Seror's counsel of record in my bankruptcy case, and misrepresentations made to my husband and to my Carmel tenant April Hess, by Seror and by Seror's real estate agent, which Seror, as principal, is liable for;

b. Before Seror obtained Orders allowing him to operate any of my (and my husband's) rental properties, or hire a real estate agent to market our rental Carmel property, Seror demanded tenants pay Seror the monthly rental payments, and Seror's real estate agent demanded that the tenants in our Carmel property give the agent access to our Carmel property. The Carmel tenants were harassed to the point they vacated, and then Seror took the tenants' utility refund and withheld returning the tenants $5,000 security deposit (all described in Declaration of April Hess to my herein Motion);

c. Seror lost $400,000 (maybe up to $800,000) of the bankruptcy estate, by Seror's "poor listing strategy" (as found by US District Judge Fitzgerald on my appeal to District Court)

d. Seror cost the bankrupty estate significant and unnecessary amounts of money, including because he let insurance lapse;

e. Seror violated USTrustee policy by putting up to $650,000 in a zero interest bank account for 1 ½ years, when USTrustee policy requires interest;

f. Seror—by his law firm representing Seror—brought Seror's Motion to Compromise (dkt 1120), with Seror's Declaration, and mislead the Court into granting it, including that Seror's Compromise Motion (which claimed to be settling a Wells Fargo POC, actually **created** an allowed general unsecured claim of $450,000 for Wells Fargo Bank (alleged to be owed on the Henderson property), when Trustee **knew zero was owed, as a matter of law**, because the original Henderson Note and DOT had been returned to the me and my husband, on 4/1/19, each stamped "PAID IN FULL", by Wells Fargo's servicer, Nationstar; and Seror knew this because I had filed the cancelled, "PAID IN FULL" Note and DOT with

the Court on 8/20/19 as **Exhibit F** to my Motion that is dkt 1037, p.8:19-26 – p.9:1-13, along with a congratulatory letter for having paid the Henderson property Note in full;

g.   As briefed at III.D of my herein Motion, Wells Fargo and its attorney Kornberg committed bankruptcy crime, in violation of 18 USC §152(4), by "**presenting**" (aka filing) Wells Fargo's fraudulent POC 7-2 on 7/16/19.

h.   Seror **committed bankruptcy crime**, in violation of 18 USC §152(4), by **using** Wells Fargo's fraudulent POC 7-2--on which Seror knew ZERO was owed, as a matter of law—as the basis for creating an allowed $450,000 general unsecured claim for Wells Fargo,  via Seror's Motion to Compromise (dkt.1120); and

i.   Seror's Motion to Compromise (dkt1120) was additionally false in claiming it should be granted because it settled 4 adversary proceedings (not true).

3.   My herein Motion cites many of the pleadings filed in my bankruptcy case, by their pacer docket numbers.  I have checked every pacer docket number cited in my herein Motion, and the docket numbers cited are accurate.  In addition, I have checked each pleading described in my herein Motion, and  my Motion accurately describes what each cited pleading says.   The full pacer docket of my bankruptcy case is **Exhibit A** to March Declaration to this Motion, and shows the sequencing of what pleadings were filed when.

4.    Seror's own law firm (Brutzkus  Gubner Rozansky Seror Weber LLP) (in which Seror is a partner) has represented Seror, as the Chapter 7 Trustee in my bankruptcy case, from when Seror was appointed as Chapter 7 Trustee, to present. Seror, through his own law firm, as his counsel of record, has made **numerous false**

**statements** to the Court, including those itemized in **III.A.1, 2, 3** of my herein Motion.

5.   Plus Seror filed a Motion for Compromise (dkt.1120, filed 2/21/20, heard and granted on 5/1/20) (discussed at **III. D**) of my Motion, supra, which included moving the Court to "compromise"--for an allowed $450,000 general unsecured claim to be given to Wells Fargo--Wells Fargo's wholly **false** 7-2 Proof of Claim (filed 7/16/19), even though Seror had **conclusive evidence that zero was owed** on that 7-2 Proof of Claim, as a matter of law. Seror had conclusive evidence that the Note and DOT on which claim 7-2 was based, had both been cancelled and returned to me and my husband on 4/1/19, each stamped "PAID IN FULL" , along with a letter from Wells Fargo's servicer, Nationwide, congratulating me and my husband for paying off our loan on the Henderson property in full.  Seror was aware of all this, before he filed his Motion to Compromise (dkt.1120, filed 2/21/20 and heard and granted 5/1/21) because I had filed the stamped "PAID IN FULL" Note and DOT with the Court, along with the Bank "congratulations on paying your loan on Henderson in full" letter, dated 4/1/19, with the Bankruptcy Court, on 8/20/19, as Exhibit F to dkt 1037, my Motion to take the 2004 exam of a Wells Fargo officer, regarding Wells Fargo's POC 7-2 (filed 7/16/19).

1.   A true and correct copy of  the stamped "PAID IN FULL" Note and DOT, with Bank letter, which are attached as Exhibit F to dkt 1037, filed 8/20/19, are attached as Exhibit F to my herein Declaration, downloaded from pacer, from dkt.1037.

2.   Seror was not "settling" a "disputed"  $839,944 general unsecured Wells Fargo Proof of Claim 7-2.  Claim 7-2 was not disputed, it was **obviously invalid, as a matter of law for at least 2 reasons**:  (1) my husband and I had received back the original Note and DOT on the Henderson property back on 4/1/21, from Nationstar, servicer for Wells Fargo Bank, , so we, not Wells Fargo had possession of the

Main Document Page 73 of 271

original Note and DOT; (2) both the Note and DOT were stamped "PAID IN FULL" by Bank.

3. In addition, that Note had, from issuance, been stamped "No Recourse Note", so no general unsecured claim could be made on that Note.

4. Instead of "settling" Wells Fargo's claim 7-2, Seror's Motion to Compromise improperly **created** a $450,000 allowed general unsecured claim for Wells Fargo, when Wells Fargo was obviously owed ZERO, on the stamped as "PAID IN FULL" Note and DOT on the Henderson property, which had been returned to me and my husband by Wells Fargo's servicer, Nationstar, on 4/1/19.

5. Seror **using** the fraudulent Wells Fargo POC 7-2 as the basis for getting Wells Fargo allowed a $450,000 general unsecured claim is bankruptcy crime by Seror, violating 18 USC 152(4), which makes "**use**" of a fraudulent proof of claim a crime, as briefed in III.D.2 of my herein Motion, and as attested to in attorney Kathleen March Decl hereto.

6. Seror's Motion to Compromise made additional erroneous statements to the Court, to induce the Court to grant the Motion, which Seror failed to correct on or before the 5/1/20 hearing date, on which the Court heard and granted the Motion to Compromise. Seror's **misstatement** of facts and **concealment** of facts misled the Court into granting Seror's Compromise Motion, when that Motion should have been denied, but for Seror's misstatements and concealments.

7. Trustee Seror is responsible for **lying** to the Court and to parties in interest, THREE ways: (1) Jessica Bagdanov, Esq. 2/6/20 ex parte appearance before Judge Barash, (2) Seror himself, and Seror's real estate agent Thunderbird Real Estate/Robinson misrepresenting to, and mistreating, the tenants in my husband and my Carmel property, driving them out, **before** Seror obtained an Order from the Bankruptcy Court to operate my properties, and **before** Seror obtained an Order from the Bankruptcy Court, authorizing Seror to hire a real estate agent to market our

NOTICE OF MOTION AND MOTION OF DEBTOR ALLANA BARONI, MOVING THE BANKRUPTCY COURT FOR AN ORDER REMOVING CHAPTER 7 TRUSTEE SEROR FOR CAUSE, PURSUANT TO 11 USC §324(b); MEMO OF P & A; MARCH A5ND BARONI DECLS
63

Carmel property; and (3) Seror's pleadings, filed by Seror's own law firm, and in
some cases Seror's own Declaration, made false statements to the Court.

8. I personally witnessed what happened in the common area outside
courtroom 301 on 2/6/20, and have personal knowledge that what Bagdanov informed
the Court, in Bagdanov's 2/6/20 ex parte appearance before Judge Barash was false,
for multiple reasons.  I was in the common area outside courtroom 301, after Judge
Barash had completed a hearing in my case, and I observed what I later learned was a
debtor in a different bankruptcy case, assigned to Bankruptcy Judge Victoria
Kaufman,  expressing dismay because Trustee Seror just sold that debtor's property,
in that debtor's bankruptcy case, in a hearing held that day before Judge Kaufman.

9. Neither I, nor any of my attorneys were given any notice that Bagdanov was
appearing ex parte before Judge Barash.

10.     The official transcript of Bagdanov's  ex parte appearance is attached to
my herein Declaration as **Exhibit A**. I ordered the transcript from the Court's audio
file.  The Court security video, which I obtained from the U.S. Marshal, is **Exhibit B**
to my herein Declaration.

11.     The transcript, **Exhibit A** hereto, establishes that in her ex parte
appearance,  Bagdanov informed Judge Barash  that she perceived I may have taken
cell phone video of the distressed debtor.  Bagdanov told Judge Barash that she was
afraid I would use video taken of the debtor whose house Seror sold, to embarrass
Seror (at some unspecified future date).

12.     There was no emergency of any kind to justify an ex parte appearance
before Judge Barash, or before any Judge.  As March's Declaration hereto attests,
whether or not video might be used to "embarrass" Seror, at some unspecified future
date, is not an emergency, and certainly not an emergency justifying Bagdanov
appearing ex parte before Judge Barash with no notice of any kind to my attorneys of
record.

13. Further, whether or not Seror might be embarrassed by video of the debtor whose case was assigned to Judge Kaufman was **legally irrelevant**, and not grounds for complaining that I may have taken video of the other debtor when there were no posted signs stating video was prohibited in the common area outside the courtrooms.

14. The posted signs ONLY prohibit taking photos/videos inside courtrooms, when court is in session. I am a writer, and I have a first amendment right to video a distraught debtor in the common area outside the Courtrooms. There were no signs stating that taking photos or video in the common area outside courtrooms is prohibited.

15. The ex parte hearing Transcript, Exhibit A hereto, establishes that Bagdanov compounded her misconduct during the ex parte appearance, by making **false statements** about me and my husband,  which were not in any way related to the common area incident.  What Bagdanov told the Court was (1) **not relevant** and (2) **improper for Bagdanov to state** and (3) **false**.

16. This Court entered an ex parte Order (dkt.1118, entered 2/7/20), which is attached as **Exhibit  C** to my Declaration.

17. At the time the Court entered the Ex Parte Order, the Court was not aware that Bagdanov's representations were (1) **false** about Bagdanov having a confrontation with me in the hallway, (2) **false** that I was instructed to cease recording video by Court Security, and (3) **false** that Seror had had additional difficulties with me and family members. **All three representations are false.**

18. The Court did not know Bagdanov's representations are false, because neither Bagdanov, nor the Court gave notice to my attorneys of the ex parte hearing, and therefore my attorneys were not given any opportunity to correct Bagdanov's multiple **false statements** to the Court.

19. The Court's Ex Parte Order (dkt. 1118, entered 2/7/20) regarding Bagdanov's ex parte appearance states that there was a confrontation between me and Bagdanov (false), that I was instructed by a Court Security Officer to cease recording video (false), and that Seror had had additional difficulties with my family members (false).

20. Regarding what other difficulties Trustee Seror had allegedly had with my family, Bagdanov stated:

> "There have been issues this week that I will not get into because they are not before, you with **some harassment of the trustee's broker on one of the properties by her family members**." (Transcript p.6:17-20)

21. This Court, in this Court's Order (dkt.1118, entered 2/7/20) relied on this false statement by Bagdanov, stating:

> "During that colloquy, Bagdanov alluded to other difficulties that she and/or other representatives of the trustee have had with Baroni." (Order p.2:24-25).

22. When Bagdanov told this Court that there had been harassment of the trustee's broker on one of the properties by Baroni's family members, Bodanov **failed to tell the Court** that the Trustee had **not yet applied** to hire the real estate broker in question (Thunderbird Real Estate) to show and sell Baronis' Carmel house, and had not received any Court order authorizing Trustee to hire a real estate broker to show and sell the Carmel house. See Declaration of April Hess to this Motion.

23. Bagdanov's reference to harassment of Trustee Seror's broker by my "family members" refers to the fact that my husband, James Baroni, on 2/5/20, emailed Heidi Robinson of Thunderbird Real Estate, asking who she is and why she is requesting access to the Carmel property. (Second email in **Exhibit G** to my herein Decl). As of 2/5/20, no application to employThunderbird/Robinson had been filed

with the Court. The Application to employ was filed at 3:36pm on 2/6/20, which was immediately after Bagdanov appeared ex parte (at 3:27pm on 2/6/21—stated at p.2 Order (dkt.1118, line 9).

24. On 2/5/21, Suzie Seflin, as counsel for Trustee Seror, sent a threatening email to my husband, James, stating:

> "If you continue down this path, we will also seek to hold you responsible for all attorneys' fees and costs associated with your violation(s) of the automatic stay…..Please confirm for me that you are receipt of this email and that you will no longer be making any attempts to interfere with the Carmel Property, the sale of the Carmel Property, or Heidi Robinson. If I do not receive this confirmation from you or your counsel, then we will seek emergency relief against you in Bankruptcy Court."

25. Selfin's email is attached as first page of **Exhibit G** to my herein Declaration, given to me by my husband James.

26. Attorney Selfin's email (**Exhibit G** hereto) was **amazingly false**, since it was Trustee Seror and Thunderbird Real Estate which were acting without authority, in making demands on me and my husband, demanding rent be paid to Seror, and demanding Robinson be given entry into the Carmel house, before Seror had filed any application to hire a real estate broker to show/sell the Carmel house, and when no Order was obtained, authorizing Seror to hire Thunderbird Real Estate until 4/6/20 (dkt.1155), and when no order had been entered authorizing Seror to operate my rental properties.

27. Seror referred me for prosecution for bankruptcy crime, for not cooperating with Seror, when Seror was the one acting without authority. (See dkt. 1346, filed 9/15/21, p.3:6-9 where Seror alleged that I embezzled sale proceeds from the Henderson property).

28.     Bagdanov's ex parte appearance before Judge Barash on 2/6/20, **did prejudice me**, because shortly after that ex parte appearance, Judge Barash, on 3/31/20,  through orders (dkts 1146, 1147, 1148, and 1149) granted Trustee's motion to force turnover, and denied my motion to dismiss my chapter 11 case, both of which motions had been under submission for nine months. That timing shows the Court was affected by Bagdanov's improper ex parte appearance, and false statements, whether or not the Court believes it was affected.

29.     The Court's Ex Parte Order (**Exhibit C** to this Declaration) came to the erroneous conclusion that there was no bad faith on Bagdanov's part, when the Court had never heard from my attorneys, to correct the several false statements Bagdanov made to the Court.

30.     During Bagdanov's illegal ex parte appearance before this Court, a more senior attorney from Seror's firm, Richard Burstein, was present, but failed to stop Bagdanov, or attempt to correct any of her lies.  Failure of the more senior attorney to step in and correct Bagdanov's ex parte misconduct, constitutes ratification by Seror's law firm of Bagdanov's improper conduct.

31.     Seror as Trustee, as the client on pleadings, as a Declarant on 2 Declarations, and as a partner in Seror's law firm representing Seror, is responsible for his false statements and those of his own law firm (his agent) made to the Court, in representing Seror.   Following is a list of some of the false statements Seror made to this Hon. Bankruptcy Court, in Seror's declarations and pleadings:

A.     **Seror's False Statement in dkt 1003 Seror's Declaration and Pleading**: Seror's Declaration to dkt.1003 attaches, as Exhibit B, a 7/2/19 email of Susan Selfin, Esq of Seror's firm, sent to my counsel, which states "Your client's sale of the Henderson property without filing a motion was a material default under the plan." (dkt 1003 P.16: last two lines). That is a **false** statement.  My post confirmation status reports (dkt 941) detail my plan to sell the Henderson property after my Second Amended Chapter 11 Plan (dkt.376)

was confirmed on 4/15/13. Selling Henderson was also discussed at the 3/5/19 status conference (dkt.983 is transcript of the 3/5/19 status conference, establishing that the sale of Henderson was discussed). As a reorganized Chapter 11 debtor, I was **not required to seek or receive Court approval** to sell the Henderson property. Pursuant to my confirmed plan (p.40, line 1 of confirmed Second Amended Plan,dkt 376), all the property revested in me, upon confirmation of my Plan, and therefore I was entitled to sell Henderson, after my Plan was confirmed, without being required to seek or receive Court approval to do so. After the sale, Wells Fargo Bank, by its servicer Nationstar, on 4/1/16, returned the original Note and DOT on the Henderson property to me and my husband, each stamped as "PAID IN FULL". (These are Exh.F to dkt.1037)

B. **Seror's False Statement in dkt 991 Motion for Turnover Pleading**: "To the best of the Trustee's knowledge, no Secured Creditor has yet received the treatment that the Plan provided for it."(dkt 991 P. 4:25). This is a **false** statement. As the record reflects, in November 2018, I distributed $596,770.00, the amounts held in the Claim 3 reserve account, to counsel for secured claimant OneWest Bank, FSB. I paid the November 2018 – February 2019 plan payments to counsel for OneWest, and the ongoing plan payments to LoanCare as of the March 2019 payment. That loan was current. (Debtor's Motion to Dismiss dkt 989 P.10:3) As the record also reflects, on or about October 15, 2018, I distributed the Claim 7 reserve account amounts of $57,208.45 to Nationstar Mortgage, LLC on behalf secured claimant Wells Fargo Bank N.A. as Trustee for the Certificate Holders of SARM 2005-17. (dkt 905). Between 1/4/19 and 2/13/19, I made $10,255.38 in plan payments to Nationstar. (dkt 942). On or about 3/26/19, Wells Fargo's claim was fully satisfied through the sale of the Henderson property. On 4/1/19, the original Note and DOT on the Henderson loan were return to me and my husband, by Wells Fargo (by its servicer Nationstar) each stamped "PAID IN FULL". (Copies are Exh.F to dkt.1037). A Full Reconveyance and Satisfaction was filed in the Clark County, NV recorders' office on 4/11/19, as Instrument No. 20190411-0000032. (Dkt.989), p.11:iv (Exh.G to dkt. 1037).

C. **Seror's false statement in Seror's Declaration to Seror's dkt 991 Motion:** Seror's Declaration is **false** in stating: "On June 19, 2019, the

Debtor turned over $533,307.62 in funds she alleges were segregated under the Plan for the Disputed Secured Creditors to the Trustee. **<u>The Trustee was not provided any accounting relating to these funds.</u>**" Seror so stating is **<u>false</u>**, because my Baroni Motion to Dismiss (dkt.989 p.12:5-6, filed 6/25/19) gives an accounting, including explaining that I made payments monthly into reserve accounts as required by the confirmed Plan: "Pursuant to the Plan, Baroni paid $4,083.33 for 60 months and $4,583.33 thereafter into one account [the Claim 9 Reserve Account], and $3,339.58 for first 60 months and $3,839.58 thereafter into the other [the Claim 10 Reserve Account]."

D. **<u>Seror's false statement in dkt 1003 (Opposition to Debtor's Motion to Dismiss Bankruptcy Case):</u>** "The Debtor has failed to pay ... all amounts owed to the Class 6 secured creditor [Carmel property] including claim amount of at least $2 million..." (Dkt. 1003, p. 3:28-4:5; brackets in original). Another false statement. The Class 6 claimant is Nationstar Mortgage, LLC who purported to represent Wells Fargo Bank N.A. as Trustee for the Certificate Holders of SARM 2004-5. The adversary proceeding (1:13-ap-01069-MB) was tried by Judge Barash. Trial ended 10/28/18. (Baroni Decl hereto). But 18 months after trial ended, the Court had still not entered a decision. Therefore, it is premature to pay a claim that has been objected to and not been allowed. It was **<u>false</u>** for Seror to say I had **<u>failed to</u>** pay… all amounts owing to the Class 6 secured creditor, because I had paid monthly to the Class 6 reserve account, the amount provided in my confirmed Plan, to be distributed after the adversary proceeding was resolved. However, the adversary proceeding was not resolved, because 18 months after trial was completed, the Court had still not decided the adversary.

E. **<u>Seror's False Statements and Concealments in Seror's Motion to Approve Compromise (dkt.1120), with Seror's Declaration:</u>** Discussed in detail at **<u>III. D</u>** of my Motion.

32. Seror did not file a Motion to operate my rental properties until 10/30/19 (dkt 1086). That Motion was not granted until 12/9/19 (dkt 1110), Seror did not file an application to employ a real estate broker to show and sell my husband and my Carmel property until 2/6/20 (dkt 1116). That Application was not granted until 4/6/20 (dkt 1155).

33.    **Before** Seror obtained an Order authorizing Seror to operate Baroni's properties and **before** Seror received an Order authorizing Seror to employ a real estate agent (Thunderbird Real Estate/Heidi Robinson) to show and sell our Carmel property, Seror and Robinson were each **making demands** on the Hesses, and making **false statements** to the Hesses, when Seror had no authorization from the Court to operate or sell my Carmel house, in which the Hess family were long term tenants. (April Hess Decl hereto explains this in detail).  Seror and his real estate agent, Robinson, misled and bullied the Hess tenants to the extent they vacated the Carmel property. (Attested to in April Hess Decl. hereto,  which attaches, as **Exhibit A**, April Hess's extensive letter to the Office of USTrustee, detailing the misconduct of Seror and Seror's real estate agent towards the Hesses.)

34.    Seror and Robinson driving the Hesses to vacate the Carmel property has cost the bankruptcy estate approximately $75,000, arising from the $5,000 a month rent the Hesses paid under the lease for years, and would have kept on paying each month, if the Trustee had not driven the Hesses out of the Carmel property (January 2019 through May 2021).

35.    Seror's and Robinson's illegal treatment of the Hesses, before Seror obtained an order to operate the properties, and before Seror obtained an order to employ real estate agent Robinson, is a **flagrant abuse of power** by Seror, which taken alone, requires removing Seror for cause.

36.    After forcing the Hesses out by making improper demands and false statements, Seror then (allegedly) leased the Carmel property to tenants named Captain, who are also the parties seeking to purchase the property for $1,400,000. However, Seror has refused to provide a copy of that lease to my attorneys, so they can determine whether/how much rent the Captains are paying. It is unknown whether the lease agreement provides for lease payments to go toward the purchase price. If so, then the Captains are paying no rent, rather they are making installment payments

toward the purchase price, which does not benefit the estate. This is particularly problematic, because the price for which Seror allowed the Captains to purchase the property was at least $400,000 below the fair market value of the Carmel property at the time, as discussed infra (Giordano Decls dated 2/3/21 (dkt 52 in appeal to District ct 2:20-cv-04388-MWF; and 10/13/21 (dkt.1366 in this bky); Baroni Decl.)

37. After Seror and his real estate agent's unauthorized demands on the Hesses drove the Hesses to vacate the Carmel property (made before Seror had obtained an order authorizing him to operate the Baronis' properties, and made before Seror obtained an order authorizing him to employ the real estate agent (Thunderbird/Robinson) to market the Carmel property), Seror then claimed in his declaration filed with dkt1241 that having no tenant in the Carmel property, was a reason to sell the Carmel property (for between $400,000 and currently $800,000 below fair market value), while failing to inform the court that he drove out the Hesses.

38. Seror has repeatedly f*ailed* to do things timely: Seror began operating my rental properties on or before October 3, 2019. Seror sent the Camarillo property tenant a letter on 10/3/19 demanding that tenant pay rent to Seror (copy of letter is **Exhibit E** to this Decl, given to me by the Camarillo tenant at the time). Seror sent a letter to the Carmel tenants (Hesses) on 10/8/19 (see April Hess Decl), demanding the Hesses pay their rent to Seror. Both letters were mailed 2 months before Seror obtained an order authorizing Seror to operate those properties. Seror did not obtain an Order authorizing him to operate my rental properties until 12/9/19 (Order is dkt.1110, entered 12/9/19). That Order (Dkt.1110) authorized Seror to operate my rental properties through September 9, 2020. (Baroni Decl.). On 9/4/20 (5 days before the dkt.1110 order expired) Seror filed a Motion (dkt.1226) to continue operation of the properties through 9/9/21. However, because Seror was late filing that Motion, the order to continue operating Baroni's properties was not entered until 10/7/20

(dkt1235). Nonetheless, Seror continued operating my (and my husband's) rental properties during the month long "gap" in authorization. Seror, for a third time, failed to timely move or obtain an order to operate Baroni's properties after September 9, 2021, but continued operating my (and my husband's) rental properties. Dkt. is1335 Seror's Motion to operate through 9/9/22. The Order granting that Motion was not entered until 10/21/21 (dkt.1369).

39.    Seror LOST $400,000 to $800,000 for my "bankruptcy estate": Seror's "Poor Listing Strategy" (as found by the District Court on Appeal) resulted in Seror selling the Carmel Property for only 1.4 million, when its Fair Market Value was 1.8 million, in February 2021, and when its Fair Market Value, as of October 2021, is 2.25 to 2.3 million.

40.    Seror moved to sell the Carmel property for $1.4 million, despite the fact that a well-respected real estate broker, Anthony Giordano, filed 2 separate declarations (one filed on 2/3/21 (Dkt.52 in appeal docket of Baroni appeal 2:20-cv-04338-MWF to US District Ct),  and a second declaration filed on 10/13/21(dkt.1366 in Baroni bky docket) citing comparable sales establishing the fair market value of the Carmel property is $2.25 to $2.3 million, over $800,000 more than the $1.4 million sale price Trustee asked the Court to approve, and which the Court did approve.

41.    Giordano's 2/3/21 declaration, filed in the District Court appeal on 2/3/21 (dkt 52 in that appeal) attests that Trustee's failure to receive offers above $1.4 million was due to Trustee's **poor listing strategy**.  Only as a result of Baroni seeking and being granted a stay from the District Court of the Bankruptcy Court's turnover order, was the sale of Carmel stopped from closing.

42.    The Minute Order (Dkt.52 in that appeal 2:20-cv-04338-MWF, entered 2/5/2021) of the District Court, Judge Fitzgerald, granting me a stay until the Ninth Circuit rules, relies on Giordano's February 3, 2021 Declaration.  That Minute Order is **Exhibit D** to my herein Decl.  Judge Fitzgerald stayed Trustee from

"administering" my (and my husband's) Carmel, Calabasas and Camarillo rental properties, until the Ninth Circuit Court of Appeals rules on my appeal of this Hon. Bankruptcy Court granting Trustee Seror's motion for turnover of my real properties, and funds, to Seror. (Baroni Decl.).

43. Judge Fitzgerald's Minute Order evidences **significant disapproval of the Trustee's undervaluation of the Carmel property**, stating, inter alia, at p.10-12 of Minute Order:

> "Appellant [Baroni] disputes the Trustee's unsubstantiated claim that the buyer will walk away or that the Carmel Property will lose value if the sale falls through. Appellant submits the Declaration of Anthony Giordano ("Giordano Decl."), a California real estate agent with over twenty years of experience, to disprove the Trustee's claim that the estate will be financially harmed by a stay. (Reply at 8-11). Giordano states that, in his professional opinion, the **pending sale price of the Carmel Property ($1.4 million) undervalues the Property by approximately $400,000, a likely consequence of the broker using POOR LISTING STRATEGY during the COVID-19 pandemic**. (Giordano Decl. ¶ 6). Giordano also states that the likelihood that the value of the Property will dip below the current sale price of $1.4 million within the next year is "slim to none." (*Id.* ¶ 8). **By evaluating comparable property listings and sales in the Carmel area, Giordano predicts that home values in Carmel will increase an additional five to ten percent during 2021**. (*Id.* ¶ 5).

> "The **Trustee makes vague and unsubstantiated claims of possible future harm that will befall the estate if a stay is granted**. For example, the Trustee states that he "believe[s] that [the Carmel Property Buyer] is ***considering*** walking away from the sale in the event [he is] unable to close escrow in the coming weeks" and that he is "very concerned that if the estate loses this Buyer, the Carmel Property will prove very difficult to sell in the future (at least within the same general price range)." (Seror Decl. ¶ 3) (emphasis added). The Trustee claims that the estate risks owing $42,000 in broker's commission if escrow falls through. (*Id.* ¶ 4(a)(iii)). He also mentions

the potential costs to the estate of ongoing litigation regarding the Carmel Property if the buyer sues for specific performance. (*Id.* ¶ 4(a)(iv)).

"The **Trustee offers no explanation for why he believes that the Carmel Property will be difficult to sell in the future and produces no facts substantiating this claim.** He adduces no facts establishing how likely it is that the Buyer will actually walk away from the sale or sue for specific performance. He does not explain why he believes that the estate would "risk" owing $42,000 in lost commission to the broker or how likely this risk is. The Trustee also claims that leaving the Carmel Property vacant "exposes the estate to all kinds of risk," (Opposition at 12), but fails to explain what those specific risks are or why the Carmel Property could not be rented during the pendency of the appeal to help cover some of the estate's carrying costs.

"In contrast, **Appellant produces a declaration from an expert in the real estate field who offers persuasive opinions on the value of the property and how the current sale could actually damage the estate by relying on POOR LISTING STRATEGY and underselling the Carmel Property by approximately $400,000**. (Giordano Decl. ¶ 6). These opinions are not merely conclusory and unsubstantiated but are based on concrete evidence which includes Giordano's expert assessment of the Carmel housing market, the Carmel Property itself, and the Carmel Property compared to other similar properties that have recently sold in the area. (*Id.* ¶¶ 5-8). The **Giordano Declaration casts serious doubt on the Trustee's claim that a stay pending appeal will harm the estat**e. Any non-speculative carrying costs can be mitigated by requiring Appellant to post a bond.

...

"As stated above, the Giordano Declaration casts doubt on Nationstar's claim that the sale proposed by the Trustee will necessarily result in the highest return for Nationstar and the creditors. If the Carmel Property sells after the appeal for an amount closer to its value, (**roughly $400,000 more than the current sale price**), Nationstar may be able to avoid paying the Trustee the $75,000 carve-out of its secured claim ($1,400,000) (*See* Trustee Settlement Agreement (Docket No. 23 at 121-122))." [bold/underline & capitalization of "POOR LISTING STRATEGY" added for emphasis].

44. Giordano filed an updated declaration on 10/13/21 (dkt 1336), in my bankruptcy case, citing "comparable sales" that are actually comparable, whereas

trustee's "comparable sales" were not comparable, as Giordano explains. Using comparable sales which are actually comparable, Giordano attests the present FMV of the Carmel property is $2.25 to $2.3 million. Trustee's attempt to sell the Carmel property for $1.4 million in October 30, 2020, which is now over **$800,000 too low**, should prompt the Court to require Trustee Seror to explain, under penalty of perjury, WHY Seror would be pushing for a sale at a price $800,000 low, after Giordano's February 2021 and October 2021 Declarations.  Is Trustee going to receive something from the buyer for a sale far below fair market value?  The Court should inquire.

45.    The 9th Circuit Court of Appeals has set oral argument for 12/7/21, in my appeals of this Court's Order converting case to Chapter 7 (dkt 967) and of this Court's Order granting Trustee's motion for turnover (dkt 1146). I may well win my appeals,  including because Seror's Ninth Circuit brief relies on a version of  CD CA LBR 3020-1(d) [later renumbered as 1( e )], **which did not exist on 4/15/13**, the date my second amended plan was confirmed.

46.    Illegal treatment of the Hess tenants in the Carmel property, by Seror and his broker Robinson, drove the Hesses out of the  property, costing the bankruptcy estate $75,000 of rent plus maintenance costs($5,000 a month, from January 2019 to June 1, 2021, the date Seror alleges he leased the property to the Captains (dkt 1346, p.5:23-28).

47.    Seror Wasted Significant Additional bankruptcy estate money: Trustee Seror squandered $36,200 when he represented that the roof replacement costs for the Carmel property roof are $47,000 when I could have replaced the roof for $10,800. (Dkt. 56 in Dist. Ct. case 2:20-cv-04338-MWF; dkt. 1322 Exh. 2; dkt 1347.

48.    Before this Court converted my Chapter 11 case to Chapter 7, I had State Farm insurance policies in place with an annual premium of $3,393 for the Carmel property, and $2,031 for the Camarillo property,  effective through September 2020. (dkt 1322 p.8)  Trustee Seror was aware of the policies and premiums because he

Main Document Page 87 of 271

requested the policies from my attorney, and paid the quarterly premium amounts of $477.99 and $848.25 on 11/7/19 (shown in MOR 3, p.3, filed 12/5/19 as dkt 1109). Thereafter, Trustee allowed the Camarillo State Farm policy to lapse and instead paid Trustee Resource Group $14,958.52 for a 13-month period (Shown in MORs 10 through 24), nearly *seven times* the amount of my Camarillo policy. Further, the Trustee allowed the Carmel insurance to lapse and allowed Nationstar to put in place high-rate force-placed insurance on the Carmel property. The premium and coverages are unknown because the Trustee refuses to disclose the policy details. Further, if Seror had continued to keep the same insurance that I had in place, the following costs would have been avoided (the exact amounts are unknown because the Trustee refuses to disclose their itemization) (dkt 1347):

- Mold remediation (would have been covered by State Farm Insurance Policy);
- Repairing a sewer line required by the City of Carmel (not required by the City of Carmel, unclear if insurance would have covered it as the Trustee did not explain the problem, or its location);
- Replacing garage door (would have been covered by Fidelity Warranty); and
- Replacing water heater (would have been covered by Fidelity Warranty). (dkt 1347)

49. Seror violated Trustee procedures by leaving up to $652,000 in zero interest bank accounts, while paying $17,528 of Bank and Technology Fees, for services Seror did not need. From the period of 3/31/20 through 8/25/21 Trustee Seror paid Metropolitan Commercial Bank $17,528.50 in bank and technology fees (See MORS 7 through 24). The Trustee did not invest any estate funds and has not received any interest or investment return on the estate's funds of over $652,106.00, because; "This is what all trustees have to do in accordance with the guidelines promulgated by the UST." (Trustee's Reply, dkt 1346, P.12, ¶k). That excuse is false. The official US Trustee Handbook for Chapter 7 Trustees states:

NOTICE OF MOTION AND MOTION OF DEBTOR ALLANA BARONI, MOVING THE BANKRUPTCY COURT FOR AN ORDER REMOVING CHAPTER 7 TRUSTEE SEROR FOR CAUSE, PURSUANT TO 11 USC §324(b); MEMO OF P & A; MARCH A19ND BARONI DECLS
77

"…estate funds are to be deposited into an **interest-bearing account** to maximize the return to creditors. The trustee may be held personally liable for lost interest. When substantial funds (e.g., $50,000) are received by the estate, which will not be distributed for an extended period (e.g., six months), the trustee must consider higher yield investments such as Certificates of Deposit or Treasury Bills. Interest-bearing estate accounts are either money market accounts or savings accounts." [https://www.justice.gov/ust/file/handbook_for_chapter_7_trustees.pdf/download]

50. The MORS Seror filed establish that during the 24 month period from 9/19 to 9/21, that Seror allowed up to $650,000 in estate funds to remain in one checking account earning **zero interest**, while paying Metropolitan Commercial Bank thousands in fees, for services Seror did not need. The MORS further establish that the estate issues very few checks each month, in some months no checks are issued at all. Seror failed to negotiate an interest rate with the bank and failed to recognize that the estate does not require extensive technology that costs the estate an average of $1,000 per month.

51. Seror committed knowing misconduct, and bankruptcy crime, by filing, and asking the court to grant Seror's motion to compromise (dkt1120, filed 2/21/20; heard and granted 5/1/20 ). Seror's Compromise Motion, (dkt.1120, filed 2/21/20; heard and granted 5/1/20), attested to by Seror's Declaration, is deliberately FALSE, which constitutes **knowing misconduct** by Seror. Seror's Compromise Motion **uses** Wells Fargo's fraudulent POC 7-2 (**on which ZERO was owed, as a matter of law**), as the basis for misleading this Court into to granting Wells Fargo an allowed $450,000 general unsecured claim, to "settle" Wells Fargo's POC 7-2, on which ZERO was owed, as a matter of law. What Seror did is not just knowing misconduct, it is **bankruptcy crime** by Seror. Seror's Compromise Motion additionally alleges that the proposed Compromise should be granted because it

settles four adversary proceedings. Not true: the Motion did not settle four adversary proceedings.

52. It is false that Seror's Compromise Motion "settled" Wells Fargo POC 7-2; Instead, it CREATED an allowed general unsecured claim for Wells Fargo Bank, when Zero was Owed on POC 7-2, as a Matter of Law, because the original of the Note attached to Wells Fargo's POC 7-2 had been returned to me and my husband on 4/1/19, by Wells Fargo's servicer, Nationstar, stamped "PAID IN FULL", but Wells Fargo's POC 7-2 (filed 7/16/19) fraudulently attached a copy of that Note, **not** stamped "PAID IN FULL".

53. Both Wells Fargo's attorney Kornberg, and Seror, knew zero was owed to Wells Fargo, on POC 7-2, because the original Note on which Wells Fargo's POC 7-2 (filed 7/16/19) was based, had been returned to the me and my husband over 3 months earlier (on 4/1/19), by Wells Fargo's servicer Nationstar, along with the original DOT, each stampedAID IN FULL" , and on 8/20/19 (dkt.1037), I had filed with the Court copies of the Henderson property Note and DOT, each stamped "**PAID IN FULL**", along with a 4/1/19 letter from Wells Fargo's servicer, Nationstar, congratulating me and my husband that our loan on Henderson was paid in full (Note and DOT, each stamped "PAID IN FULL", and 4/1/19 "paid in full" letter, are all in **Exhibit F** to my Motion that is dkt.1037 (filed 8/29/19). Downloaded from pacer copies of all 3 documents are attached as **Exhibit F** to this Declaration.

54. It was NOT a coincidence that Kornberg, the attorney that signed Wells Fargo POC 7-2, filed Wells Fargo POC 7-2 on 7/16/19. 7/16/19 was the day before 7/17/19, which was the date my Motion to pay unsecured claims and dismiss my bankruptcy case (dkt.989, filed 6/25/19) was first set for hearing.

55. The logical inference is that in exchange for Wells Fargo filing the **criminally false** POC 7-2 on 7/16/19, to help Seror to block my Motion to Pay and Dismiss from being granted by adding an additional $839,944 (**non-existant**) general

unsecured claim, that Seror brought and was granted Seror's Compromise Motion (dkt.1120, granted 5/1/20), to mislead this Court into granting Wells Fargo an **allowed $450,000 general unsecured claim**, when, as a matter of law, Wells Fargo was owed ZERO, on POC 7-2 and both Seror and Wells Fargo's attorney Kornberg, knew this. They both knew this, because by my Motion (dkt.1037, filed 8/20/19), filed the stamped as "PAID IN FULL" Note and DOT, plus the Bank 4/1/19 "congratulations your Note is paid in full letter) , with this Court, as Exhibit F to my Motion(dkt.1037).

56. It should be noted that the BAP and the Ninth Circuit ruled against me, on my appeal of a Note, solely on the ground that the lender had possession of the Note, holding that the party in possession of Note can enforce the Note. But here, as of 4/1/19, my husband and I are in possession of the original Henderson Note and DOT, each stamped "PAID IN FULL."

57. After all that occurred, Seror still filed the Compromise Motion (dkt.1120, filed 2/21/20; heard and granted on 5/1/20), in which Seror **used** Wells Fargo's fraudulent POC 7-2, on which Zero was owed, and on which Seror knew zero was owed (due to my dkt.1037 Motion, filed 8/20/19) as the basis for granting Wells Fargo an **allowed** $450,000 general unsecured claim, by **using** Wells Fargo's fraudulent POC 7-2, on which Zero was owed, and on which Seror knew Zero was owed, as the justification for granting Wells Fargo an allowed $450,000 general unsecured claim.

58. I could have paid my actual unsecured claims in full, as a condition of the Court granting my motion to dismiss my bankruptcy case. However, I could not pay my actual unsecured claims, plus pay the additional $839,944 fraudulent POC 7-2 which Wells Fargo filed on 7/16/19.

59. Seror **using** Wells Fargo's fraudulent POC 7-2 as he did is not just **knowing misconduct** by Seror, Seror using Wells Fargo's fraudulent POC 7-2, as the

basis for this Court granting Wells Fargo an allowed $450,000 general unsecured claim, violates 18 USC 152(4), which is **<u>bankruptcy crime</u>**.

60. Seror was fully aware that Wells Fargo's standing to enforce the Henderson Note (POC 7-2) required that Wells Fargo have physical possession of the Note (which, as of 4/1/19 my husband and I, and NOT Wells Fargo, had possession of). Seror's Compromise Moton quotes from the Ninth Circuit decision:

> "The Ninth Circuit stated, "The undisputed facts in the record established that Wells Fargo possessed Baroni's promissory note indorsed in blank. As the holder of a negotiable instrument, Wells Fargo is entitled to enforce the note in Baroni's bankruptcy case." Ninth Circuit Memorandum, entered Oct. 5, 2017 [Doc. #203, Adv. No. 1:13-ap-01071-MB]. The mandate has been returned to this Court." Motion for Compromise dkt. 1122 P.14:20-24.

61. Seror was aware that as of 4/1/19, Wells Fargo **<u>no longer possessed</u>** the Note and DOT on Henderson, because those had been returned to me and my husband by Bank, on 4/1/19, each stamped "PAID IN FULL," and I had filed those with the Court (dkt.1037, **<u>Exh. F</u>** thereto, filed 8/20/19). Seror—like Wells Fargo and Wells Fargo's attorney Kornberg--was aware that Wells Fargo was not entitled to enforce the "PAID IN FULL", Note and DOT that the Bank had returned to me and my husband on 4/1/19. Like Kornberg, Seror was aware that Wells Fargo POC 7-2, which sought to enforce a Note that Wells Fargo no longer had possession of, which had been returned to me and my husband, stamped "PAID IN FULL", was **<u>fraudulent</u>**. Seror's Compromise Motion **<u>used</u>** the fraudulent Wells Fargo POC 7-2 to **<u>mislead this Court</u>** into approving a "compromise" of the obviously fraudulent $839,000 Wells Fargo general unsecured claim, by **<u>not informing the Court</u>** that Wells Fargo was not in possession of the Note, and that the original, stamped "PAID IN FULL" Note and DOT had been returned to me and my husband on 4/1/19, so ZERO was owed, as a matter of law.

62. Trustee Seror misled the Court, in Seror's Compromise Motion (dkt.1120) when Motion states, at p.22:18-21; "As the Ninth Circuit explained (cited above), these lending institutions held the notes as of the petition date, and are thus entitled to enforce them in this bankruptcy case." That is wrong: The relevant date is who had possession of the original Note and DOT on the 7/16/19 date Wells Fargo's POC 7-2 was filed, and from 4/1/19 onward, that was the Baronis, NOT Wells Fargo.

63. As my herein Motion, at III.D.2 explains, and as March's Declaration hereto explains, Wells Fargo Bank, its attorney Kornberg, and Seror**, each commited bankruptcy crime** by violating 18 USC §152(4).

64. Trustee's briefing (dkt1132) admits my confirmed plan is binding, and admits a confirmed plan is NOT undone because a debtor fails to consummate the Plan. Yet Seror has repeatedly acted contrary to the terms of my confirmed Second Amended Confirmed Plan, and has moved this Court to issue Orders that violate terms of my confirmed Plan.

65. The Settlements that Seror's Motion to Compromise granted to Nationstar (loan on Carmel property) and BofNYM (loan on Camarillo property, are Improper, because those settlements are more favorable than, and conflict with, Baroni's Confirmed Plan. Seror's "compromise" gives Nationstar (loan on Carmel property) and BofNYM (loan on Camarillo property) settlements that are more favorable than what Baroni's confirmed plan gives those creditor's claims as follows:

**Treatment of Nationstar (Carmel, Class Six, Claim 9) in Plan:**
Entire Claim $1,480,705.83
Secured Portion of Claim $1,400,000
Unsecured Portion of Claim $80,705.83 (Class Nine Provides For Treatment of Unsecured Portion Through $50,000 Pot)
Interest rate: 3.5%
Impaired

*Compared to treatment in Motion to Compromise:*

**Treatment of Nationstar in Motion to Compromise**

Allowed Claim: $2,141,930.21
Secured Portion of Claim: $1,763,971.98
Unsecured Portion of Claim: $363,971.98 (for attorneys fees that were never applied for, nor awarded, nor even filed with the Court, and bank was time barred from seeking)
Admin Claim: $44,211.78
Interest rate: 3.5%
Impaired

and

**Treatment of BoNYM (Camarillo, Class Seven, Claim 10) in Plan:**
Entire Claim: $1,401,460.91
Secured Portion of Claim: $1,145,000 12 (which improperly resurrects (ie adds) $305,977 of unsecured debt which BofNYM admitted (in BofNYM pleading, dkt.957, p.2:4-5) had been cancelled, by Bank's servicer, Specialized Loan S.)
Unsecured Portion of Claim: $256,460.90 (Class Nine Provides For Treatment of Unsecured Portion Through $50,000 Pot)

*Compared to treatment in Motion to Compromise:*

**Treatment of BoNYM in Seror's Motion to Compromise:**
Allowed Claim: $1,564,100.12
Secured Portion of Claim $1,402,147.92
Unsecured Portion of Claim $161,952.20 (for attorneys' fees, never applied for, never awarded, and which Bank was time barred from seeking)

66. Trustee's Motion to Compromise (dkt.1120) is FALSE in Alleging the Compromise settles 4 adversary proceedings—It does NOT do so. Seror's Motion (dkt.1120) at p.1 of Motion, says that the Motion should be granted because it will settle 4 adversary proceedings, listed at p.1 of Motion. By the 5/1/20 hearing on the Motion, this assertion was false, but Seror did not tell the Court that assertion was false.

67. In fact, the Motion for Compromise did NOT settle 4 adversary proceedings, because **<u>before the 5/1/20 hearing on Trustee's Motion to Compromise,</u>** two of the four adversary proceedings were already closed and disposed of by the Court, so there was nothing to settle. The two closed adversary proceedings are 1:13-ap-01071(*Baroni v Wells Fargo as Trustee for SARM 2005-17*)

closed on 4/17/20 (dkt.210 of that adversary docket); and adversary proceeding 1:13-ap-01072 (*Baroni v Bank of New York Mellon as Trustee for SAMI II 2006-AR6*) closed as disposed of an no longer pending on 4/21/20 (dkt.168 of that adversary docket).

68. The third of the four adversary proceedings, which Trustee's compromise motion claims to settle, (*Baroni v. Nationstar,* 1:13-ap-01069-MB) was fully tried by a trial ending on 10/28/18. (Baroni Decl). Had the Bankruptcy Court ruled after trial--as it should have done during the 18 months between end of trial and 5/1/20--Baroni should have prevailed because Nationstar did not sustain its burden of proof on the issues the BAP remand decision stated Nationstar had to prove at trial. But contrary to the evidence at trial, Seror's Compromise Motion (dkt1120), at p.22:7 and p.38:9, says Seror will **stipulate to the Bankruptcy Court entering judgment in favor of Nationstar** on that adversary proceeding. Citing no trial evidence to justify Seror so stipulating, Seror states:

> "Trustee, having reviewed the filings and post-trial briefs in the case, believes, in his reasonable judgment, that there is a high probability that [Nationstar will prevail]".

69. It was improper for Seror to ask the Court to approve judgment in favor of Nationstar, contrary to the evidence at trial.

70. With respect to the fourth adversary proceeding that Trustee's Motion to Compromise claims to settle, 1:19-ap-01037-MB (*Baroni v. Specialized Loan Servicing, et al),* Trustee had no need to settle that adversary proceeding. That adversary proceeding objected to the transfer of Claim 10 of BofNYM to Nationstar and concerned two Forms 1099-C, which BofNYM issued to Baroni for mortgage debt forgiveness, but did not deduct from Claim 10. Specialized Loan Servicing was Bank of New York Mellon's servicer, before BofNYM transferred its claim to Nationstar. During the conversion hearing and also during the conversion

reconsideration phase (both before the 5/1/20 hearing date of Trustee's Motion for Compromise), I had offered in writing (in my Motion to reconsider conversion, dkt 974, filed 5/13/19, p.6:17-21) to pay BofNYM the **whole reserve account**, established under the confirmed plan for BofNYM, to dismiss my adversary proceeding about the 1099s, to sign mutual releases with BofNYM, and that my husband and I would deal with the IRS regarding the 1099 tax issue. My attorney Richard Antognini, offered the same at the 4/9/19 hearing (dkt 966, at p.16:11-14.).

71.    My offer was a more favorable outcome for BofNYM than the compromise Seror convinced the Court to grant, by which BofNYM gave up all but 25% of the $234,000 reserve account amounts, which Baroni had turned over to Seror (dkt1120). (Baroni Decl)  The "compromise" as to BofNYM in Seror's Compromise Motion (dkt.1120)  additionally improperly resurrected $305,977 debt BofNYM had cancelled on 5/18/13.  Debt that has previously been cancelled by BofNYM cannot properly be resurrected by a settlement debtor Baroni opposed (dkt1129, filed 3/3/20).

72.    The major beneficiary of the Court granting Seror's Motion to Compromise is Seror, and his attorneys (which are his own law firm) who will receive up to $400,000, consisting of 75% of the reserve account for BofNYM and 75% of the reserve account for Nationstar.  Trustee's Motion to Compromise glibly asserts the $400,000 would go toward unsecured claims.  In actuality, Seror will seek to use that $400,000 to pay administrative claims of Seror as Trustee and of Seror's own law firm, which attorneys fees  Seror will share in as a partner of the firm.  (March Decl.).

73.    At the 5/1/20 hearing date of Seror's Motion to approve compromise, Seror did **NOT** update the Court in connection with the actual status of the 4 adversary proceedings, thereby misleading the Court into granting the Motion to Approve compromise.

74.    My herein Motion is being filed on 11/17/21.  I expect that Seror and his law firm will be filing fee applications, which will be set for hearing on 12/8/21 (same

date my herein Motion is being set for hearing). This Court should propery deny Trustees fees to Seror, and should deny attorneys fees to Seror's law firm (Brutzkus Gubner Rozansky Seror Weber LLP) for the misconduct briefed in this Motion.

75. The Court has a duty to refer Wells Fargo, and Wells Fargo's attorney Kornberg, for investigation for criminal prosecution, for **filing** (and signing under penalty of perjury) a knowingly false POC 7-2, thereby violating 18 USC §152(4).

76. This Court has a duty to refer Seror for investigation for criminal prosecution, for **using** that fraudulent POC 7-2 to have Wells Fargo granted an allowed $450,000 general unsecured claim, via Seror's Motion to Compromise, which **used** Wells Fargo's fraudulent POC 7-2 as the rationale for granting Wells Fargo an allowed $450,000 general unsecured claim, despite Seror knowing ZERO was owed on Wells Fargo's POC 7-2, as a matter of law, because the Note and DOT on which POC 7-2 was based had been returned to the Baronis on 4/1/19, each stamped as "PAID IN FULL".

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration is executed at Calabasas, California on November 17, 2021.

ALLANA BARONI

# EXHIBIT A

# BARONI DECL.

UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
SAN FERNANDO VALLEY DIVISION

IN RE: . Case No. 1:12-bk-10986-MB
. Chapter 7
ALLANA BARONI, .

Debtor. .

RICHARD L. ANTOGNINI, . Adv. No. 1:19-ap-01134-MB

Plaintiff, .

v. .

WELLS FARGO BANK, N.A., . Woodland Hills, California
. Thursday, February 6, 2020
Defendant. . 2:35 p.m.

TRANSCRIPT OF NOTICE OF EX PARTE COMMUNICATIONS
AND ORDER SETTING DEADLINE FOR ANY
RESPONSES THERETO
BEFORE THE HONORABLE MARTIN R. BARASH
UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES:

For Defendant Wells Fargo Bank, N.A.: Severson & Werson
By: BERNARD J. KORNBERG, ESQ.
1 Embarcadero Center #2600
San Francisco, CA 94111
(415) 398-3344

For Chapter 7 Trustee: Brutzkus Gubner Rozansky Seror Weber LLP
By: JESSICA BAGDANOV, ESQ.
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
(818) 827-9000

Proceedings recorded by electronic sound recording, transcript produced by transcription service.

---

**J&J COURT TRANSCRIBERS, INC.**
**268 Evergreen Avenue**
**Hamilton, New Jersey 08619**
**E-mail: jjcourt@jjcourt.com**

**(609)586-2311 Fax No. (609) 609)587-3599**

TELEPHONIC APPEARANCES:

For the Plaintiff:

Law Office of Richard L. Antognini
By: RICHARD ANTOGNINI, ESQ.
2036 Nevada City Highway
Suite 636
Grass Valley, CA 95945
(916) 295-4896

- - -

THE COURT: Having called and disposed of all the matters on today's calendar --

MS. BAGDANOV: Your Honor --

THE COURT: Yes, did I miss one?

MS. BAGDANOV: No, but I have to talk to you.

THE COURT: Ms. Bagdanov, yes.

MS. BAGDANOV: I would request that you call one of the Baroni matters.

THE COURT: I think I've called them already.

MS. BAGDANOV: I understand.

THE COURT: Which one are you here to appear on?

MS. BAGDANOV: It doesn't matter.

THE COURT: Okay.

MS. BAGDANOV: Something happened in the hall that I need to put on the record.

THE COURT: Okay. What happened? Take your time.

MS. BAGDANOV: Sorry. I was appearing before Judge Kaufman today on a sale and there were some very upset pro se litigants. The trustee sold the property, I represented the trustee and I was in the hallway having a like altercation with them and the marshal was there and I turned around and Allana Baroni was in the area and I perceived her to be videotaping me.

THE COURT: Okay. State your name.

MS. BAGDANOV: Jessica Bagdanov.

THE COURT: Okay, and who do you represent?

MS. BAGDANOV: David Seror, the Chapter 7 Trustee for the bankruptcy estate of Allana Baroni.

THE COURT: Okay.

MS. BAGDANOV: I perceived her to be videotaping me with her iPhone up and then when the marshal turned around and saw what she was doing, she kind of scurried out of the courtroom and I felt the need to put that on the record somewhere before you.

THE COURT: Okay.

MS. BAGDANOV: And I thought that I would be here to monitor those motions to dismiss that were on calendar and thought that I would be able to put that on the record during those matters but I think you had already called them.

THE COURT: Okay.

MS. BAGDANOV: And now in hindsight, I’m glad that they’re not here.

THE COURT: Okay. All right. I’m not sure what to do with that information.

MS. BAGDANOV: The marshals asked me to tell you about it.

THE COURT: Okay. And, of course, you can only communicate with me on the record.

MS. BAGDANOV: Yes.

THE COURT: I probably need to file some kind of a

notice that we had this communication so that other parties in those matters are aware of it and can review the transcript if they care to do so because, while we're here on the record, technically the time and place for everyone to be here and speak to the Judge at the same time has passed.

MS. BAGDANOV: Yes.

THE COURT: So, it is in the nature of an ex parte communication, perhaps not an inappropriate one, but it is without others here. So, I may file a notice that you appeared late and made comments on the record. And people if they want to hear them can listen to the recording or obtain a transcript.

MS. BAGDANOV: Okay.

THE COURT: You understand that.

MS. BAGDANOV: Yes, Your Honor.

THE COURT: Okay. Because it's a public space.

MS. BAGDANVO: Yes.

THE COURT: Okay, all right. Let me just ask you -- for God sake where is the Kleenex? Do we not have --

MS. BAGDANOV: I'm sorry, I'm a mess. I'm sorry I'm such a mess.

THE COURT: I'm going to Target later to buy Kleenex. Why don't you give her some. Okay. Is there anything that the Court, within our power, can do for you? Would you like to be -- you can be escorted to your car by the CSOs?

MS. BAGDANOV: I note my colleagues are in the courtroom and I am comfortable leaving the courtroom with them.

THE COURT: Okay.

MS. BAGDANOV: I'm sorry.

THE COURT: Is there anything you want to say about just -- since you've already told me stuff, what is it that you are feeling that is causing you to be so upset? Did you feel physically threatened or --

MS. BAGDANOV: Not by her, by the other people, but that was fine. I am more upset that I don't know where that video is going to go, I don't know what she's going to do with it.

THE COURT: Okay.

MS. BAGDANOV: I'm concerned about her taking videos in a courthouse, I'm concerned that there have been --

THE COURT: Which does violate court rules.

MS. BAGDANOV: There have been issues this week that I will not get into because they are not before, you with some harassment of the trustee's broker on one of the properties by her family members.

THE COURT: Okay.

MS. BAGDANOV: And there are a lot of things happening in the case where I am -- I just don't know what she's going to do with that.

THE COURT: Okay.

MS. BAGDANOV: If she's going to use it to embarrass the trustee in anyway. If she had been here and we could have this not in an ex parte manner, I would have requested to you that you confiscate her video or examine her under oath regarding the issue.

THE COURT: Okay.

MS. BAGDANOV: I know that she's not here and I understand it.

THE COURT: Okay. All right.

MS. BAGDANOV: I'm here because the marshals asked me to talk to you about it.

THE COURT: Okay. All right.

MS. BAGDANOV: And I'm sorry that I was late, I got here as soon as I could based on when my sale hearing ended.

THE COURT: You don't need to apologize. I can tell you without getting back into all the details that I dismissed the complaint with leave to refile if, as and when, the creditor/plaintiff -- the alleged creditor/plaintiff seeks and obtains an order granting him standing.

MS. BAGDANOV: Yes, sir.

THE COURT: Okay. With respect to the first cause of action that alleges a bankruptcy crime, I dismissed it with prejudice because that is not an appropriate basis under 502(b) to object to a claim. Okay?

MS. BAGDANOV: Okay.

THE COURT: And on a personal level, I'm very sorry that you're upset and I understand --

MS. BAGDANOV: I am too.

THE COURT: -- I understand why that was unsettling. I think it's pretty clear that taking video inside this courthouse facility is against the rules, it may also be against federal regulations. I don't know whether that -- what the consequences of that are or may be. I'll sort of leave that up to people that are smarted and more experienced than me to figure that out because there's nothing before me. Okay?

MS. BAGDANOV: Yes, sir.

THE COURT: All right. And -- well, I'm glad there was a marshal there. I will say generally, as I say to anybody who has come to court and felt uncomfortable by anybody else that's here, you are always free and I encourage you to ask them to walk you to your car, walk you upstairs, be in the courtroom, if you ever feel threatened in any way.

MS. BAGDANOV: Thank you. Sorry.

THE COURT: Okay? They're here for you safety and protection and your sense of security, as well as mine. All right?

MS. BAGDANVO: Thank you, Your Honor.

THE COURT: Okay.

MS. BAGDANOV: Sorry.

THE COURT: Okay. I understand. All right. Is

there anything else that you want to say?

MS. BAGDANOV: Thank you, Your Honor.

THE COURT: Okay. All right. All right, having disposed of all the matters on today's calendar, the Court is adjourned.

* * * * *

**C E R T I F I C A T I O N**

I, ELAINE HOWELL, court approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter and to the best of my ability.

/s/ Elaine Howell

ELAINE HOWELL

J&J COURT TRANSCRIBERS, INC. DATE: February 25, 2020

# EXHIBIT B

# BARONI DECL.

# EXHIBIT B TO ALLANA BARONI DECLARATION

Exhibit B is the video of what occurred in the common area outside the
Courtrooms, on 2/6/20, before attorney Jessica Bagdanov of Seror's law firm made
her ex parte appearance before Judge Barash on 2/6/20.  Baroni obtained that
video, taken by Court security, from the US Marshal Service. That video is not
capable of being efiled, as far as counsel for Baroni is aware, and therefore counsel
for Baroni is delivering a CD-ROM disk of that video to the filing window of the
Court, by hand, on 11/17/21, with Law Firm cover letter, immediately after this
Motion is filed, for hand filing.

# EXHIBIT C

# BARONI DECL.

FILED & ENTERED

FEB 07 2020

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Bever DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

In re:

ALLANA BARONI,

Debtor.

Case No.: 1:12-bk-10986-MB

Chapter 7

**NOTICE OF EX PARTE COMMUNICATION AND ORDER SETTING DEADLINE FOR ANY RESPONSES THERETO**

RICHARD L. ANTOGNINI,

Plaintiff,

vs.

WELLS FARGO BANK, N.A.,

Defendant.

Adv No. 1:19-ap-01134-MB

On February 6, 2020, beginning at approximately 2:35 p.m., this Court held hearings in the above-captioned adversary proceeding with respect to certain pending motions and an adversary status conference.  Appearances were made telephonically by attorney Richard Antognini, on behalf of himself, as plaintiff, and attorney Bernard Kornberg, on behalf of the defendant.  The court observed that the debtor Allana Baroni was present in the courtroom for a portion of the Court's discussion of the matters calendared in that adversary proceeding.  The court completed its consideration of those matters at approximately 2:44 p.m., after which it proceeded to hear other unrelated matters on its calendar.

At approximately 3:27 p.m., after disposing of its other matters and indicating it was ready to adjourn for the day, attorney Jessica Bagdanov ("Bagdanov") appeared and asked the Court to recall the matters in the above-referenced adversary proceeding.  Bagdanov is counsel to the chapter 7 trustee in the above-referenced case, David Seror, although Seror is not a party to the above-referenced adversary proceeding.  Bagdanov, who appeared visibly distraught and in tears, suggested she had some sort of confrontation with the debtor, Allana Baroni, in the hallway of the Court.

Specifically, Bagdanov advised the Court that while she was in the middle of a heated argument with several parties in an unrelated bankruptcy case, Baroni took out her cell phone and began filming video of the argument.  Bagdanov stated that a Court Security Officer was nearby, saw what was happening, and ultimately directed Baroni to cease recording video within the courthouse.  Bagdanov represented to the Court that the Court Security Officer advised her to bring the matter to the attention of the Court.

The Court engaged in a short colloquy with Bagdanov, in order to understand why she was so visibly upset, whether she felt physically threatened in any way, and whether she required additional assistance from the Court Security Officers.  During that colloquy, Bagdanov alluded to other difficulties that she and/or other representatives of the trustee have had with Baroni.  After determining that there was no imminent threat to Bagdanov, that additional communication was neither necessary nor appropriate, and encouraging her to seek the assistance of the Court Security Officers if she ever felt she needed it, the Court adjourned for the day.

Despite what appeared to the Court to be exigent circumstances, and even though the Court does not ascribe any bad faith or improper motive to Bagdanov, the Court is concerned that Bagdanov's statements constitute ex parte communications within the meaning of Federal Rule of Bankruptcy Procedure 9003. As such, the Court is filing this notice and order in both the chapter 7 case and the above-referenced adversary proceeding, so that all parties in interest are aware that the communication occurred and provide them an opportunity to respond to that communication in writing. Any party that wishes to review the communication described above should obtain from the Clerk of Court an audio recording or transcript of the Court's official record of proceedings on February 6, 2020, beginning at 3:27 p.m.

Based on the foregoing, it is hereby **ORDERED:**

1. Any party that wants to address the Court in response to the above-referenced statements of Jessica Bagdanov may do so by filing a written statement in response thereto, on the docket of the above-referenced chapter 7 case, no later than **February 28, 2020.**
2. Any such written response must be served on Bagdanov, as counsel to the chapter 7 trustee, counsel for the plaintiff and defendant in the above-referenced adversary proceeding, and counsel for the United States Trustee.
3. The Clerk of the Court shall enter this Notice and Order in both the above-referenced chapter 7 case and adversary proceeding.

###

Date: February 7, 2020

Martin R Barash
United States Bankruptcy Judge

# EXHIBIT D

# BARONI DECL.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 20-4338-MWF** **Date: February 5, 2021**
Title: In re Allana Baroni

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk: Rita Sanchez
Court Reporter: Not Reported

Attorneys Present for Plaintiff: None Present
Attorneys Present for Defendant: None Present

**Proceedings (In Chambers):** ORDER DENYING APPELLANT'S EMERGENCY MOTION TO STAY [45]

Before the Court is Appellant Allana Baroni's Emergency Motion for an Order Granting a Limited Stay Pending Appeal of Order Requiring Turnover of Certain Assets to Chapter 7 Trustee (the "Motion"), filed on January 28, 2021. (Docket No. 45). On January 29, 2021, David Seror, the duly appointed and acting Chapter 7 Trustee and Appellee herein, filed an opposition. (Docket No. 49). On February 2, 2021, interested party Nationstar Mortgage LLC ("Nationstar") filed a response to the Motion and joined in the Trustee's Opposition. (Docket No. 51). Appellant filed a reply on February 3, 2021. (Docket No. 52).

Appellant seeks an emergency stay of the Court's Order affirming the bankruptcy court's Order requiring Appellant to turn over her three real properties: her real property located at 3435 Rio Rd., Carmel, California 93921 (the "Carmel Property"), her residence (the "Calabasas Property"), and a second rental property (the "Camarillo Property"). (Motion at 2).

The Court has read and considered the papers filed in connection with the Motion. A hearing was initially set for February 12, 2021, but was **VACATED**, at the parties' request, in order to issue an expedited ruling.

For the reasons that follow, the stay is **CONDITIONALLY GRANTED**. Appellant has made a sufficiently strong showing that she will be irreparably harmed absent a stay and that any financial harm to Nationstar and the Trustee can be mitigated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 20-4338-MWF** **Date: February 5, 2021**
Title: In re Allana Baroni

by posting a bond. Nationstar is **ORDERED** to file a supplemental declaration, on or before **February 12, 2021**, at 5:00 p.m., outlining in detail the holding costs that it expects to incur during the stay. After the Court receives Nationstar's filing, it will issue an order setting an appropriate bond amount, taking into consideration the concrete costs that the stay will cause the Trustee and Nationstar to incur. The order will also set a deadline by which Appellant must post the bond in the amount set by the Court.

## I. BACKGROUND

This appeal sought reversal of the bankruptcy court's order directing Appellant to turn over all putative property of the chapter 7 estate (the "Turnover Order"), including three real properties, including the Calabasas Property, the Carmel Property, and the Camarillo Property (collectively, the "Real Properties"). (*See* Order Affirming Turnover Order at 2 (Docket No. 40)). The Turnover Order also required Appellant to turn over the proceeds from her sale of another rental property, the Henderson Property. (*Id.*).

Appellant has filed two prior motions to stay pending appeal in this action, the first on July 10, 2020 (the "First Stay Motion"), and the second on December 16, 2020 (the "Second Stay Motion"), specifically with respect to the Trustee's sale of the Carmel Property. (Docket Nos. 10, 23).

On August 28, 2020, the Court denied Appellant's First Stay Motion, holding that Appellant failed show that the Turnover Order would result in the irreparable harm of losing her real properties absent a stay because sale of the real properties was not imminent, as there were no sale agreements or sales pending (the "First Stay Order"). (Docket No. 20 at 7-9).

On October 9, 2020, the Trustee entered into an agreement to sell the Carmel Property, and on October 30, 2020, moved the bankruptcy court for approval of the sale agreement and sale. (*See* Second Stay Motion, Ex. A, Sale Order at 4 (Docket No. 24)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 20-4338-MWF** **Date: February 5, 2021**
Title: In re Allana Baroni

On December 9, 2020, the bankruptcy court held a hearing on the Trustee's motion to sell as well as Baroni's motion to stay the sale of the Carmel Property pending appeal. (*Id.* at 2). The bankruptcy court granted the Trustee's motion for approval of sale and denied Baroni's motion to stay. (*Id.* at 5-7; Second Stay Motion, Ex. B, Transcript of December 9, 2020 Hearing at 41 (Docket No. 24)). The bankruptcy court held that Baroni had not met her burden to demonstrate that a stay pending appeal was justified under the circumstances. (*Id.* at 51).

On December 18, 2020, the Court granted a limited stay of the sale of the Carmel Property until Appellant's Second Stay Motion could be heard. (Docket No. 28). The Court held a hearing on the Second Stay Motion on January 5, 2021. (Docket No. 31). On January 8, 2021, the Court granted a limited stay pending completion of the appeal. (Docket Nos. 32, 38, 39).

On January 19, 2021, the Court held a hearing on the merits of the appeal, and on January 25, 2021, issued an order affirming the bankruptcy court's Turnover Order (the "Appeal Order"). (Docket Nos. 37, 40).

Pursuant to Federal Rule of Bankruptcy Procedure 8025(a), the Court's Appeal Order was automatically stayed for fourteen days after its entry. Accordingly, the stay is set to expire on February 8, 2021. Appellant represents that the Carmel Property is likely to be sold the next day. (Motion at 2).

Appellant now seeks a stay of the Appeal Order affirming the Turnover Order pending appeal to the Ninth Circuit. (Motion at 2).

## II. DISCUSSION

"A stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (internal citations and alterations omitted). In determining whether a stay pending appeal is warranted, courts must evaluate four factors:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 20-4338-MWF** **Date: February 5, 2021**
Title: In re Allana Baroni

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* at 434 (citation and internal quotation marks omitted). The first two factors "are the most critical." *Id.*

The Ninth Circuit uses a "sliding scale" approach which balances the four elements "so that a stronger showing of one element may offset a weaker showing of another." *Al Otro Lado v. Wolf*, 952 F.3d 999, 1007 (9th Cir. 2020). "The minimum threshold showing for a stay pending appeal requires that irreparable injury is likely to occur during the period before the appeal is likely to be decided." *Id.* (citation omitted). Therefore, "under the sliding scale approach, a stay applicant's burden with regard to irreparable harm is higher than it is on the likelihood of success prong, as she must show that an irreparable injury is the ***more probable*** or ***likely*** outcome." *Id.* (emphasis added) (citation and internal quotation marks omitted). Where the moving party fails to satisfy the first two factors, a court "need not dwell on the final two factors[.]" *Id.* at 1014 (citation omitted).

**A. Irreparable Injury**

"An applicant for a stay pending appeal must show that a stay is necessary to avoid likely irreparable injury to the applicant while the appeal is pending." *Al Otro Lado*, 952 F.3d at 1007 (citing *Nken*, 556 U.S. at 434).

It is undisputed that the Trustee intends to close on the sale of the Carmel Property as soon as possible. (*See* Opposition at 2) (citing Declaration of David Seror ("Seror Decl.") (Docket No. 49 at 21-23) (Trustee stating that he believes the buyer will walk away from the Carmel Property sale if he is not permitted to close promptly). Absent a stay, then, Appellant will permanently lose title to the Carmel Property.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 20-4338-MWF** **Date: February 5, 2021**
Title: In re Allana Baroni

The Trustee asserts that the sale of the Carmel Property will not irreparably injure Appellant because (1) the loss of real property which is used to generate rental income (as opposed to as a primary residence) can be remedied by damages, and (2) as a practical matter, Appellant will be entitled to no relief even if she wins her appeal because the Carmel Property is significantly over-encumbered and she would face immediate foreclosure. (Opposition at 5-9).

In support of his arguments, the Trustee cites to various lower-court authorities holding that a movant failed to show irreparable harm where the real property at issue was used for rental income instead of as a primary residence, and therefore any harm could be remedied by monetary damages. (*Id.*) (citing *Aniel v. Aurora Loan Servs. LLC*, No. C10-01042 JSW, 2010 WL 963206, at *3 (N.D. Cal. Mar. 16, 2010) (holding that the plaintiffs failed to meet their burden of showing irreparable harm by the trustee's sale of their real property because "although the Property may be unique, Plaintiffs are not in jeopardy of being evicted from their home"); *Diaz-Barba v. Kismet Acquisition, LLC*, No. 08-CV-1446-BTM (BLM), 2008 WL 4093802, at *4 (S.D. Cal. Sept. 3, 2008) ("The Court therefore declines to find irreparable injury on the ground that the Diaz family has an emotional attachment to this property as a vacation home."); *In re Giambrone*, 600 B.R. 207, 213 (Bankr. E.D.N.Y. 2019) (holding that the appellant had not "established that any harm from sale of the property cannot be fully remedied by monetary damages" it was not appellant's residence, but "one of many investment properties"); *Vitalich v. Bank of New York Mellon*, No. 16-CV-00420-BLF, 2016 WL 2939235, at *3 (N.D. Cal. May 20, 2016) ("The fact that the Seaside property may be sold does not demonstrate that [the appellant] will suffer irreparable injury. [The appellant] has not presented any evidence that the Seaside property is his primary residence or is anything other than an investment.")).

The Court disagrees that the loss of real property can necessarily be remedied by damages merely because the property at issue is an income-producing asset rather than a movant's primary residence. *See Sundance Land Corp. v. Cmty. First Fed. Sav. & Loan Ass'n*, 840 F.2d 653, 661-62 (9th Cir. 1988) (holding that the plaintiff met the equitable criteria to obtain injunctive relief to prevent foreclosure of its orchard property, reasoning that "[s]ince the property at issue is unique, [the plaintiff's legal

Main Document Page 119 of 271

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 20-4338-MWF** **Date: February 5, 2021**
Title: In re Allana Baroni

remedy — i.e., damages — is inadequate"); *Signal Hill Serv., Inc. v. Macquarie Bank Ltd.*, No. CV-11-1539-MMM (JEMx), 2011 WL 13220305, at *19 (C.D. Cal. June 29, 2011) (holding that a business met its burden to prove imminent foreclosure of its "income-producing assets" would cause irreparable injury because "money damages would inadequate to compensate [the plaintiff] for the loss of these unique pieces of real property").

Moreover, even if the loss of an income-producing piece of real property could, in general, be remedied by monetary damages, the Court doubts that such relief would be available to Appellant here. *See Lair v. Bullock*, 697 F.3d 1200, 1214 (9th Cir. 2012) (explaining that courts must "focus on the individualized nature of irreparable harm and not whether it is 'categorically irreparable'") (quotation omitted).

At the hearing on the Second Stay Motion, Appellant argued that if she were to win her appeal after the sale of the Carmel Property, she would have no feasible avenue to seek damages. (Transcript of January 5, 2021 Hearing ("Tr.") at 3:17-6:2). Appellant distinguished the cases relied upon by the Trustee, pointing to the fact that they all involved foreclosures of real properties by banks. (*Id.* at 4:24-25). As a result, in those cases, the movant would have the option to sue the bank to recover damages if it were later determined that the foreclosure was improper. (*Id.* at 5:1-5). In contrast, here, Appellant will have no legal claim to seek damages against the Trustee even if the Turnover Order is reversed on appeal. (*Id.* at 3:19-25). The Trustee conceded as much. (*Id.* at 11:18-23) (Trustee: "What would [Appellant's] damages be against the chapter 7 Trustee [upon reversal of the Turnover Order]? I would submit that there would be no claim because at all times the Trustee would have been acting pursuant to court orders. And there are very strict standards of what must be shown to lay that kind of a claim against a chapter 7 trustee").

The Trustee also cites *In re Triple A & R Capital Inv. Inc* and *In re de Kleinman* for the proposition that no irreparable harm exists where a debtor has no equity in the real property at issue. (Opposition at 8) (2015 WL 1138485, at *2 (Bankr. D.P.R. Mar. 9, 2015); 150 B.R. 524, 528 (Bankr. S.D.N.Y. 1992)). Neither of these cases are persuasive, as both courts determined that "the harm could easily be repaired with

**CIVIL MINUTES—GENERAL** **6**

109


UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 20-4338-MWF** **Date: February 5, 2021**
Title: In re Allana Baroni

monetary damages." *In re Triple A & R Capital Inv. Inc* 2015 WL 1138485, at *2; *see also In re de Kleinman*, 150 B.R. at 528 ("assuming *arguendo* that [the debtor] does have equity in the Apartment, any injury to such equity could be compensated by money damages").

The Court is satisfied that if Appellant successfully reverses the Turnover Order on appeal after her Real Properties are sold, she will have no remedy at law. Accordingly, Appellant has made a showing of irreparable harm.

**B. Likelihood of Success on the Merits**

Appellant contends that a stay is warranted because her appeal raises serious legal questions. (Motion at 12). The Ninth Circuit has clarified that, regardless of the different formulations of this factor, whether it be a "strong showing of success on the merits" or a showing that the appeal "raises serious legal questions," at a minimum, it requires the movant to show that "there is a substantial case for relief on the merits." *Lair*, 697 F.3d at 1204 (citation omitted).

In the Appeal Order, the Court grappled with the applicability of the Ninth Circuit's opinion in *In re Consolidated Pioneer Mortgage Entities ("Pioneer")*, 264 F.3d 803, 807 (9th Cir. 2001), the leading decision on how courts should determine what happens to a debtor's revested property upon post-confirmation conversion to chapter 7 when the chapter 11 plan provides no express answer. (*See* Appeal Order at 8-12). The Court ultimately ruled in Appellant's favor on this issue, determining that the facts of *Pioneer* were distinguishable in many important respects, including that a primary purpose of Appellant's Plan was to allow her to keep financial control and management of her real properties. (*Id.*).

The Court also evaluated Appellant's assertion that the Rules Enabling Act prohibited the Central District of California's Local Bankruptcy Rule 3020-1(d) from providing a default term revesting a debtor's property into the chapter 7 estate upon post-confirmation conversion. (*See* Appeal Order at 12-14). Although Appellant raised a novel issue, the Court was ultimately persuaded by the Trustee and Nationstar's arguments that the Rules Enabling Act and general principles of contract

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 20-4338-MWF** **Date: February 5, 2021**
Title: In re Allana Baroni

interpretation in California (which govern a court's analysis of a chapter 11 plan) permit district courts to create local rules that gap-fill situations which the Bankruptcy Code does not expressly address. (*See id.*).

The Court agrees with Appellant that the appeal involves novel legal questions. There is a dearth of case law guiding courts on how broadly *Pioneer* applies and the Court identified no case addressing Appellant's argument with respect to the Local Bankruptcy Rule. However, the relevant inquiry for determining whether a stay is warranted is not whether the appeal raises novel questions, but whether there is "a ***substantial case*** for relief on the merits." *Lair*, 697 F.3d at 1204 (emphasis added); *see also Al Otro Lado*, 952 F.3d at 1010 ("An applicant for a stay pending appeal must make 'a ***strong showing*** that he is likely to succeed on the merits.'") (emphasis added) (quoting *Nken*, 556 U.S. at 434). Appellant must show more than a "better than negligible" or a "mere possibility of relief." *See Nken*, 556 U.S. at 434.

Despite the important and novel legal issues that her appeal raises, the Court is hesitant to conclude that Appellant has a substantial case for relief on the merits. The Ninth Circuit may very well decide that this Court's interpretation of *Pioneer* was unduly narrow, and that *Pioneer* does stand for the broad rule that the Trustee advanced, sweeping in nearly every chapter 11 plan. Moreover, given the Bankruptcy Code's silence on what happens to a debtor's revested property upon post-confirmation conversion to chapter 7, it seems unlikely that the Ninth Circuit will decide that the Local Bankruptcy Rule 3020-1(d) "abridge[s], enlarge[s], or modif[ies] any substantive right." *In re Greene*, 223 F.3d 1064, 1070 (9th Cir. 2000) (holding that Federal Rule of Bankruptcy Procedure 9006(a) violated the Rules Enabling Act because its application was inconsistent with an express condition of the Bankruptcy Code). While Appellant has demonstrated that her appeal raises important questions in need of resolution, she ultimately falls short of showing that she has a substantial case for relief on the merits.

This does not end the Court's analysis, however, since pursuant to the Ninth Circuit's sliding scale approach, "a stronger showing of one element may offset a weaker showing of another" and "a stay applicant's burden with regard to irreparable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 20-4338-MWF** **Date: February 5, 2021**
Title: In re Allana Baroni

harm is higher than it is on the likelihood of success prong[.]" *Al Otro Lado*, 952 F.3d at 1007 (citation and internal quotation marks omitted).

### C. Harm to Other Interested Parties

The third factor, "whether issuance of the stay will substantially injure the other parties interested in the proceeding," *Nken*, 556 U.S. at 434, weighs in favor of granting the stay.

Appellant argues that a stay would not cause substantial harm to the estate because it will receive the $75,000 carve-out whenever it is sold (whether it happens now or later), since the value of the Carmel Property far exceeds that amount. (Motion at 13). Appellant acknowledges that the estate might bear some "carrying costs" of the Carmel Property pending appeal, including maintenance costs like gardening and utilities. (*Id.* at 14). However, Appellant offers to post a $100,000 bond to cover these costs and ensure that the estate is not financially harmed by the stay. (*Id.* at 14-15).

The Trustee asserts that a stay would cause substantial harm to the estate and creditors. (Opposition at 11). The Trustee represents that he believes that the buyer of the Carmel Property will walk away from the sale if escrow continues to be delayed. (*Id.*) (citing Seror Decl.). If the buyer walks away, the Trustee asserts that his broker will lose her $42,000 commission. (*Id.*). The Trustee also claims that the fact that the Carmel Property is vacant exposes the estate "to all kinds of risk," but does not specify what that risk includes. (*Id.* at 12). Further, the Trustee contends that a stay will devalue the estate because it will (1) enable Appellant "more time to render herself judgment-proof"; (2) prevent the Trustee from obtaining the $315,000 which Appellant was ordered to turn over; and (3) bar the Trustee from selling the Camarillo Property, which has already been marketed extensively. (*Id.*). The Trustee argues that if the Court is inclined to grant the stay, it should set a bond of $1,000,000, which will cover potential losses to the estate related to the Carmel Property, the Camarillo Property, and the Henderson Property proceeds. (*Id.* at 13-16) (listing a detailed accounting of the potential losses associated with each property).

Main Document Page 123 of 271

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 20-4338-MWF** **Date: February 5, 2021**
Title: In re Allana Baroni

Appellant disputes the Trustee's unsubstantiated claim that the buyer will walk away or that the Carmel Property will lose value if the sale falls through. Appellant submits the Declaration of Anthony Giordano ("Giordano Decl."), a California real estate agent with over twenty years of experience, to disprove the Trustee's claim that the estate will be financially harmed by a stay. (Reply at 8-11). Giordano states that, in his professional opinion, the pending sale price of the Carmel Property ($1.4 million) undervalues the Property by approximately $400,000, a likely consequence of the broker using poor listing strategy during the COVID-19 pandemic. (Giordano Decl. ¶ 6). Giordano also states that the likelihood that the value of the Property will dip below the current sale price of $1.4 million within the next year is "slim to none." (*Id.* ¶ 8). By evaluating comparable property listings and sales in the Carmel area, Giordano predicts that home values in Carmel will increase an additional five to ten percent during 2021. (*Id.* ¶ 5).

The Trustee makes vague and unsubstantiated claims of possible future harm that will befall the estate if a stay is granted. For example, the Trustee states that he "believe[s] that [the Carmel Property Buyer] is ***considering*** walking away from the sale in the event [he is] unable to close escrow in the coming weeks" and that he is "very concerned that if the estate loses this Buyer, the Carmel Property will prove very difficult to sell in the future (at least within the same general price range)." (Seror Decl. ¶ 3) (emphasis added). The Trustee claims that the estate risks owing $42,000 in broker's commission if escrow falls through. (*Id.* ¶ 4(a)(iii)). He also mentions the potential costs to the estate of ongoing litigation regarding the Carmel Property if the buyer sues for specific performance. (*Id.* ¶ 4(a)(iv)).

The Trustee offers no explanation for why he believes that the Carmel Property will be difficult to sell in the future and produces no facts substantiating this claim. He adduces no facts establishing how likely it is that the Buyer will actually walk away from the sale or sue for specific performance. He does not explain why he believes that the estate would "risk" owing $42,000 in lost commission to the broker or how likely this risk is. The Trustee also claims that leaving the Carmel Property vacant "exposes the estate to all kinds of risk," (Opposition at 12), but fails to explain what

**CIVIL MINUTES—GENERAL** **10**

113

Main Document Page 124 of 271

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 20-4338-MWF** **Date: February 5, 2021**
Title: In re Allana Baroni

those specific risks are or why the Carmel Property could not be rented during the pendency of the appeal to help cover some of the estate's carrying costs.

In contrast, Appellant produces a declaration from an expert in the real estate field who offers persuasive opinions on the value of the property and how the current sale could actually damage the estate by relying on poor listing strategy and underselling the Carmel Property by approximately $400,000. (Giordano Decl. ¶ 6). These opinions are not merely conclusory and unsubstantiated but are based on concrete evidence which includes Giordano's expert assessment of the Carmel housing market, the Carmel Property itself, and the Carmel Property compared to other similar properties that have recently sold in the area. (*Id.* ¶¶ 5-8). The Giordano Declaration casts serious doubt on the Trustee's claim that a stay pending appeal will harm the estate. Any non-speculative carrying costs can be mitigated by requiring Appellant to post a bond.

Nationstar claims that the Trustee's sale of the Carmel Property will result in the highest return to Nationstar and other creditors. (Nationstar Opposition at 2). Nationstar also asserts that, if this Court grants the stay pending appeal to the Ninth Circuit, it will seek relief from the bankruptcy court's automatic stay and foreclose on the Carmel Property because Appellant has not made payments on the Carmel Property loan or paid property taxes since before 2012,. (*Id.* at 2-3) ("should this Court preclude the Trustee from selling the property for the pendency of an appeal to the Ninth Circuit, generally a two-year process, Nationstar will have little choice [but to foreclose]").

Appellant responds that Nationstar's financial interest is protected because the Carmel Property is worth at least the value of Nationstar's claim. (Reply at 7). Appellant asserts that Nationstar's right to foreclose will not in any way be altered by a stay pending appeal. (*Id.*). Further, Appellant contends that the Trustee is in possession of the Nationstar reserve funds, and that a stay would not prevent Nationstar from pursuing its right to those funds. (*Id.* at 5).

**CIVIL MINUTES—GENERAL** **11**

114

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 20-4338-MWF** **Date: February 5, 2021**
Title: In re Allana Baroni

As stated above, the Giordano Declaration casts doubt on Nationstar's claim that the sale proposed by the Trustee will necessarily result in the highest return for Nationstar and the creditors. If the Carmel Property sells after the appeal for an amount closer to its value, (roughly $400,000 more than the current sale price), Nationstar may be able to avoid paying the Trustee the $75,000 carve-out of its secured claim ($1,400,000) (*See* Trustee Settlement Agreement (Docket No. 23 at 121-122)).

While the Court certainly understands Nationstar's desire for a swift sale of the Carmel Property, particularly considering how many years Nationstar has been eagerly awaiting resolution and payment, the Court agrees with Appellant that a stay will not terminate Nationstar's rights or remedies. Whether the Carmel Property sells now or after the appeal (or if Appellant wins her appeal and manages to gather sufficient funds to keep the Property), Nationstar's secured claim is protected by the Carmel Property assets and Nationstar will receive those funds. Any holding costs that Nationstar will incur during the appeal could potentially be offset by a bond posted by Appellant.

The Court acknowledges that the Trustee and Nationstar entered into a "hard negotiated settlement over the course of several months regarding the Carmel Property." (Nationstar Opposition at 2). But a stay would not terminate Trustee and Nationstar's Agreement. It would merely pause the Agreement until the Ninth Circuit can make a final determination about the parties' respective interests in the Real Properties before the Trustee and Nationstar take actions that cannot be undone.

**D. The Public Interest**

As to the fourth factor, Appellant argues that a stay will benefit the public interest by requiring resolution of the important legal issues at stake in her appeal, which will provide much needed clarity for future parties crafting chapter 11 plans in this District. (Motion at 14). Appellee responds that the public interest favors expeditious administration of bankruptcy estates. (Opposition at 12-13).

Because both sides have pointed to legitimate public interests at stake, this factor is neutral and does not weigh in favor of either party.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 20-4338-MWF** **Date: February 5, 2021**
Title: In re Allana Baroni

### E. Balancing the Factors

In sum, while Appellant has not shown a strong likelihood of success on the merits of her appeal, she has pointed to important legal issues in need of resolution. She has also demonstrated that she will be irreparably harmed if the Carmel Property is imminently sold because she will have no avenue to seek relief if she ultimately wins her appeal. Damages are not an adequate remedy for the loss of Appellant's unique real property, and even if they were, the Trustee has acknowledged that Appellant would have no claim for damages against the Trustee in the event that her appeal succeeds. *See Al Otro Lado*, 952 F.3d at 1007 (explaining that "a stronger showing of one element may offset a weaker showing of another").

Further, Appellant submitted persuasive evidence that the estate will not likely be harmed by a stay because (1) the current sale price vastly undervalues the Carmel Property, (2) the Carmel Property could be rented pending appeal to generate income for the estate, and (3) Appellant will post a bond to cover any carrying costs incurred due to the stay.

## III. CONCLUSION

For the reasons stated above, the stay is **CONDITIONALLY GRANTED**. Nationstar is **ORDERED** to file a supplemental declaration, on or before **February 12, 2021**, at 5:00 p.m., outlining in detail the holding costs that it expects to incur during the stay. After the Court receives Nationstar's filing, it will issue an order setting an appropriate bond amount, taking into consideration the concrete costs that the stay will cause the Trustee and Nationstar to incur. The order will also set a deadline by which Appellant must post the bond in the amount set by the Court.

If Nationstar fails to file the declaration on or before **February 12, 2021**, at 5:00 p.m., the Court will proceed in setting a bond amount that it finds to be appropriate. If Appellant fails to post the bond by the set deadline, the Court will deny the Motion and revoke the stay.

IT IS SO ORDERED.

# EXHIBIT E

# BARONI DECL.

**DAVID SEROR,**
**TRUSTEE**
**21650 Oxnard Street, Suite 500**
**Woodland Hills, California 91367**
**Telephone (818) 827-9200**
**Facsimile (818) 936-0624**

October 3, 2019

Jack Kasarjian
Karlene Kelley
5390 Plata Rosa Court
Camarillo, CA 93012

**Re: Baroni, Allana 12-10986MB**

Dear Mr. Kasarjian and Ms. Kelley:

This letter is to advise you that the Chapter 11 Bankruptcy Case of Allana Baroni was recently converted to a Chapter 7 case, and I have been appointed Chapter 7 Trustee. The property you occupy at the above address pursuant to a month-to-month rental agreement is property of this bankruptcy estate and is subject to my sole administration.

I have your rental payment for September in the amount of $4,170. It has been explained to me that the monthly rent is $4,500, less $200 per month for gardening expense, and that for September there was the additional expense of $130 to replace 2 exterior sprinkler valves.

Effective immediately, please send all rent payments, correspondence and any other documents concerning this property to me at the above address. Please also provide me with receipts or other evidence of payment for expenses deducted from the rent payment.

Thank you for your anticipated cooperation and please call with any questions.

Very truly yours,

DAVID SEROR

DS/d

2192256.DOCX

# EXHIBIT F

# BARONI DECL.

PAID IN FULL

Prepared by: CONNIE R. BROWN

LOAN #: 100568157

# InterestOnly[SM] ADJUSTABLE RATE NOTE

(One-Year **LIBOR** Index (As Published in *The Wall Street Journal*) - Rate Caps)

**THIS NOTE CONTAINS PROVISIONS ALLOWING FOR A CHANGE IN MY FIXED INTEREST RATE TO AN ADJUSTABLE INTEREST RATE AND FOR CHANGES IN MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY ADJUSTABLE INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

MAY 19, 2005 [Date] HENDERSON [City] NEVADA [State]

2240 VILLAGE WALK DR UNIT 2311, HENDERSON, NV 89052-7800
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 674,992.00 (this amount is called "Principal"), plus interest, to the order of Lender. Lender is COUNTRYWIDE HOME LOANS, INC. .
I will make all payments under this Note in the form of cash, check or money order.

I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 6.250 %. The interest rate I will pay may change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

## 3. PAYMENTS

**(A) Time and Place of Payments**

I will make a payment on the first day of every month, beginning on JULY 01, 2005 . Before the First Principal and Interest Payment Due Date as described in Section 4 of this Note, my payment will consist only of the interest due on the unpaid principal balance of this Note. Thereafter, I will pay principal and interest by making a payment every month as provided below.

I will make my monthly payments of principal and interest beginning on the First Principal and Interest Payment Due Date as described in Section 4 of this Note. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date, and if the payment includes both principal and interest, it will be applied to interest before Principal. If, on JUNE 01, 2035 , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at
P.O. Box 10219, Van Nuys, CA 91410-0219
or at a different place if required by the Note Holder.

**(B) Amount of My Initial Monthly Payments**

My monthly payment will be in the amount of U.S. $ 3,515.58 before the First Principal and Interest Payment Due Date, and thereafter will be in an amount sufficient to repay the principal and interest at the rate determined as described in Section 4 of this Note in substantially equal installments by the Maturity Date. The Note Holder will notify me prior to the date of change in monthly payment.

**(C) Monthly Payment Changes**

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 or 5 of this Note.

LOAN #: 100568157

**4. ADJUSTABLE INTEREST RATE AND MONTHLY PAYMENT CHANGES**

**(A) Change Dates**

The initial fixed interest rate I will pay will change to an adjustable interest rate on the first day of JUNE, 2015 , and the adjustable interest rate I will pay may change on that day every 12th month thereafter. The date on which my initial fixed interest rate changes to an adjustable interest rate, and each date on which my adjustable interest rate could change, is called a "Change Date."

**(B) The Index**

Beginning with the first Change Date, my adjustable interest rate will be based on an Index. The "Index" is the average of interbank offered rates for one-year U.S. dollar-denominated deposits in the London market (LIBOR), as published in *The Wall Street Journal.* The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding TWO & ONE-QUARTER percentage points ( 2.250 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than 11.250 % or less than 2.250 %. Thereafter, my adjustable interest rate will never be increased or decreased on any single Change Date by more than two percentage points from the rate of interest I have been paying for the preceding 12 months. My interest rate will never be greater than 11.250 %.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

Before the effective date of any change in my interest rate and/or monthly payment, the Note Holder will deliver or mail to me a notice of such change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**(G) Date of First Principal and Interest Payment**

The date of my first payment consisting of both principal and interest on this Note (the "First Principal and Interest Payment Due Date") shall be the first monthly payment date after the first Change Date.

**5. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date of my monthly payments unless the Note Holder agrees in writing to those changes. If the partial Prepayment is made during the period when my monthly payments consist only of interest, the amount of the monthly payment will decrease for the remainder of the term when my payments consist of only interest. If the partial Prepayment is made during the period when my payments consist of principal and interest, my partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

**6. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**7. BORROWER'S FAILURE TO PAY AS REQUIRED**

LOAN #: 100568157

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**8. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**9. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**10. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**11. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions read as follows:

(A) Until my initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section 4 above, Uniform Covenant 18 of the Security Instrument shall read as follows:

> **Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.
>
> If all or any part of the Property or any interest in it is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law.
>
> If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

(B) When my initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section 4 above, Uniform Covenant 18 of the Security Instrument described in Section 11(A) above shall then cease to be in effect, and Unif

LOAN #: 100568157

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_______________________________ (Seal)
ALLANA A. BARONI -Borrower

_______________________________ (Seal)
JAMES J. BARONI -Borrower

_______________________________ (Seal)
-Borrower

_______________________________ (Seal)
-Borrower

*[Sign Original Only]*

PAY TO THE ORDER OF

WITHOUT RECOURSE
COUNTRYWIDE HOME LOANS, INC.
BY
David A. Spector
Managing Director

PAID IN FULL

Assessor's Parcel Number:
178-19-611-049
After Recording Return To:
COUNTRYWIDE HOME LOANS, INC.
ESCROW#05-04-0462-KJL

74

MS SV-79 DOCUMENT PROCESSING
P.O.Box 10423
Van Nuys, CA 91410-0423
Prepared By:
CONNIE R. BROWN
~~Recording Requested~~ By:
C. CHANNEL

COUNTRYWIDE HOME LOANS, INC

2850 W.HORIZON RIDGE
PKWY.#100
HENDERSON
NV 89052-3901

20050526-0003502
Fee: $43.00
N/C Fee: $0.00
05/26/2005 14:24:34
T20050098355
Requestor:
NEVADA TITLE COMPANY
Frances Deane HXP
Clark County Recorder Pgs: 30

610 100568157 D2 001 001

[Space Above This Line For Recording Data]

05-04-0462-KJL
[Escrow/Closing #]

00010056815705005
[Doc ID #]

# DEED OF TRUST

MIN 1000157-0005145178-5

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) **"Security Instrument"** means this document, which is dated MAY 19, 2005, together with all Riders to this document.

* 2 3 9 9 1 *

* 1 0 0 5 6 8 1 5 7 0 0 0 0 0 1 0 0 6 A *

DOC ID #: 00010056815705005

**(B) "Borrower"** is
ALLANA A BARONI, AND JAMES J BARONI, WIFE AND HUSBAND AS JOINT TENANTS

Borrower is the trustor under this Security Instrument.
**(C) "Lender"** is
COUNTRYWIDE HOME LOANS, INC.

Lender is a
CORPORATION

organized and existing under the laws of NEW YORK . Lender's address is
4500 Park Granada
Calabasas, CA 91302-1613
**(D) "Trustee"** is
RECONTRUST COMPANY, N.A.

225 W HILLCREST DRIVE, MSN: TO-02
THOUSAND OAKS, CA 91360 .
**(E) "MERS"** is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. **MERS is the beneficiary under this Security Instrument.** MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
**(F) "Note"** means the promissory note signed by Borrower and dated MAY 19, 2005 .
The Note states that Borrower owes Lender
SIX HUNDRED SEVENTY FOUR THOUSAND NINE HUNDRED NINETY TWO and 00/100
Dollars (U.S. $ 674,992.00 ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than JUNE 01, 2035 .
**(G) "Property"** means the property that is described below under the heading "Transfer of Rights in the Property."
**(H) "Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
**(I) "Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

[X] Adjustable Rate Rider
[X] Condominium Rider
[X] Second Home Rider
[ ] Balloon Rider
[ ] Planned Unit Development Rider
[ ] 1-4 Family Rider
[ ] VA Rider
[ ] Biweekly Payment Rider
[ ] Other(s) [specify]

**(J) "Applicable Law"** means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

Initials: AB JB

DOC ID #: 00010056815705005

**(K) "Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

**(L) "Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

**(M) "Escrow Items"** means those items that are described in Section 3.

**(N) "Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

**(O) "Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on, the Loan.

**(P) "Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

**(Q) "RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(R) "Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower

Initials: AB

DOC ID #: 00010056815705005

irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the COUNTY of

[Type of Recording Jurisdiction]

CLARK :

[Name of Recording Jurisdiction]

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

which currently has the address of

2240 VILLAGE WALK DR UNIT 2311, HENDERSON

[Street/City]

Nevada 89052-7800 ("Property Address"):

[Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

Initials: ______

DOC ID #: 00010056815705005

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

**2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

**3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums

Initials: AB

DOC ID #: 00010056815705005

any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

**4. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or

Initials: ______

DOC ID #: 00010056815705005

defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be

Initials:

paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

**6. Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

**7. Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is

Initials: ______

DOC ID #: 00010056815705005

reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive

Initials: AB

from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

**(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.**

**(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.**

**11. Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Initials: ______

DOC ID #: 00010056815705005

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

Initials: AB

DOC ID #: 00010056815705005

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees,

Initials: AB JB

property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

**20. Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

**21. Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Initials: AVS

DOC ID #: 000100568157

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option, and without further demand, may invoke the power of sale, including the right to accelerate full payment of the Note, and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

**If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold, and shall cause such notice to be recorded in each county in which any part of the Property is located. Lender shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the persons prescribed by Applicable Law. Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.**

**Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.**

**23. Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs. Lender may charge such person or persons a fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law.

**24. Substitute Trustee.** Lender at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law.

**25. Assumption Fee.** If there is an assumption of this loan, Lender may charge an assumption fee of U.S. $ 300.00 .

Initials: [signature]

DOC ID #: 00010056815705005

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_______________________________

_______________________________

_______________________________(Seal)
ALLANA A. BARONI -Borrower

_______________________________(Seal)
JAMES J. BARONI -Borrower

_______________________________(Seal)
-Borrower

_______________________________(Seal)
-Borrower

DOC ID #: 00010056815705005

**STATE OF ~~NEVADA~~** CALIFORNIA
**COUNTY OF** LOS ANGELES

This instrument was acknowledged before me on MAY 21 2005 by

ALLANA A. BARONI AND JAMES J. BARONI

Wendi R. Castaneda

Mail Tax Statements To:
ALLANA BARONI

3339 VIA VERDE CT
CALABASAS, CA 91302

WENDI R. CASTANEDA
Commission # 1400526
Notary Public - California
Ventura County
My Comm. Expires Feb 13, 2007

Initials: AB



mr. cooper®
CHANGING THE FACE OF HOME LOANS

8950 Cypress Waters Blvd.
Coppell, TX 75019

04/01/2019

**OUR INFO**
CUSTOMER SERVICE
**888-480-2432**
Mon-Thu 7 a.m. to 8 p.m. (CT)
Fri 7 a.m. to 7 p.m. (CT)
Sat 8 a.m. to 12 p.m. (CT)

ONLINE
**www.mrcooper.com**

1366 1 MB 0.428 T3 P1 AUTO 961625.2-NNNN-30191247
ALLANA A BARONI
JAMES J BARONI
3339 VIA VERDE CT
CALABASAS, CA 91302

**YOUR INFO**
LOAN NUMBER
**0610770935**

PROPERTY ADDRESS
**2240 VILLAGE WALK DR UNIT 2311**
**HENDERSON, NV 89052**

# YOU MADE BUSINESS A PLEASURE.

Dear ALLANA BARONI and JAMES BARONI,

To me, homeownership is a great journey – a life adventure that we here at Mr. Cooper are privileged to share with our customers. It's been a pleasure serving you and I hope we've made your journey rewarding.

Please take a moment to congratulate yourself on a milestone achieved. Your home loan with us is paid in full. It feels great, doesn't it?

Wherever the journey takes you from here – whether it's a new home, a vacation home or refinancing another mortgage – please keep us in mind. We're here to help you as always. And since our business is built on customer satisfaction, please share your positive experience with others.

**THANK YOU:**
*Being your home loan company has been a privilege.*

Sincerely,

Jay Bray
*President, CEO & Chairman*
Mr.Cooper

Mr. Cooper is a brand name for Nationstar Mortgage LLC. Nationstar Mortgage LLC is doing business as Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper is a registered service mark of Nationstar Mortgage LLC. All rights reserved.

If you are a successor in interest (received the property from a relative through death, devise, or divorce, and you are not a borrower on the loan) that has not assumed, or otherwise become obligated on the debt, this communication is for informational purposes only and is not an attempt to collect a debt from you personally.

EQUAL HOUSING OPPORTUNITY

43-116



Dear Valued Mr. Cooper Customer,

Congratulations on paying off your home loan. Attached are your loan documents for your reference.

Thank you,

Mr. Cooper LLC.

Mr. Cooper[SM] is a registered mark of Nationstar Mortgage LLC.

DA1961
Nationstar Mortgage LLC d/b/a Mr. Cooper
8950 Cypress Waters Blvd.
Coppell, TX 75019

Date: 04/13/2019
Check #: 1008636526
Payment Amount: 937.33
Vendor #:

000468 R3N2T1A
ALLANA A BARONI JAMES J BARONI
3339 VIA VERDE CT
CALABASAS CA 91302

## Remittance Advice

| Date | Reference | Description | Amount |
|---|---|---|---|
| 04/13/2019 | PAYOFF REFUND | Ln #: 0610770935 | 937.33 |

PLEASE DETACH BEFORE DEPOSITING CHECK

SHADED AREA MUST GRADUALLY CHANGE FROM BLUE AT TOP TO GREEN AT BOTTOM

Nationstar Mortgage LLC d/b/a Mr. Cooper
8950 Cypress Waters Blvd.
Coppell, TX 75019

11-24/1210

Date: 04/13/2019
Check #: 1008636526

**Pay Exactly** **Nine Hundred Thirty-Seven and 33/100 -US Dollars **

**Amount**
**$*****937.33**

TO THE ORDER OF ALLANA A BARONI JAMES J BARONI

VOID AFTER 180 DAYS

Security Details on Back

WELLS FARGO BANK, N.A.

*Nationstar Mortgage*
Authorized Signer

⑈1008636526⑈ ⑆121000248⑆4121888218⑈

# EXHIBIT G

# BARONI DECL.



---------- Forwarded message ---------
From: **Susan K. Seflin** <sseflin@bg.law>
Date: Wed, Feb 5, 2020 at 3:44 PM
Subject: Your Violation of the Automatic Stay - FW: 3435 Rio Rd. Carmel, CA 93923
To: 10201996jb@gmail.com <10201996jb@gmail.com>
Cc: David Seror <dseror@bg.law>, Matt Resnik <matt@rhmfirm.com>

Mr. Baroni –

I represent the Chapter 7 Trustee David Seror ("Trustee") in your wife's chapter 7 bankruptcy case. We are in receipt of the below email which you sent to Heidi Robinson, the broker that the estate is in the process of employing. Based upon the petition, schedules, the Plan and Disclosure Statement, Alana Baroni has admitted and the Bankruptcy Court has ruled and determined that the 3435 Rio Road, Carmel property (the "Carmel Property") is property of the bankruptcy estate. Therefore, the automatic stay of Section 362 of the Bankruptcy Code applies to this property. Your email below appears to be an "act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate" and violates 11 U.S.C. § 362(a)(3). Please be advised that if you take any further action to interfere in any way whatsoever with the Carmel Property, including any contact whatsoever with Heidi Robinson or any other professional retained by the estate in connection with the Carmel Property, we will seek emergency relief in

Bankruptcy Court to hold you in contempt for violation of the automatic stay and we will seek a temporary restraining order against you. I strongly advise that you obtain your own bankruptcy counsel so that he or she can advise you that you are violating the automatic stay. If you continue down this path, we will also seek to hold you responsible for all attorneys' fees and costs associated with your violation(s) of the automatic stay.

Please confirm for me that you are receipt of this email and that you will no longer be making any attempts to interfere with the Carmel Property, the sale of the Carmel Property, or Heidi Robinson. If I do not receive this confirmation from you or your counsel, then we will seek emergency relief against you in Bankruptcy Court.

Best regards, Susie

**Susan K. Seflin**
Of Counsel

21650 Oxnard St., Suite 500
Woodland Hills, CA 91367

www.bg.law

(818) 827-9000 Main
(818) 827-9210 Direct
(310) 429-8255 Cell
(818) 827-9053 Fax

sseflin@bg.law

 Susan K. Seflin

The preceding e-mail message is subject to Brutzkus Gubner Rozansky Seror Weber LLP's e-mail policies, which can be found at: https://www.bg.law/web-disclaimer

**From:** James Baroni <10201996jb@gmail.com>
**Sent:** Wednesday, February 5, 2020 2:08 PM
**To:** heidi@heidirobinson.com
**Subject:** 3435 Rio Rd. Carmel, CA 93923

Ms. Robinson,

I am James Baroni, the owner of the property located at 3435 Rio Rd., Carmel, CA 93923 (Property). I am informed by performing tenants who were living in my Property that you have inserted yourself into my Property. Who are you? Have you been acting in any capacity in connection with my Property? If so I demand an explanation and the authority under which you have been acting, and all communications with any individual concerning my Property. I do not consent to your involvement in my Property, including trespass. Immediately provide the name of your insurance carrier and notify your insurance carrier that you will named as a defendant in any and all litigation relating to my Property.

James Baroni

**DECLARATION OF KATHLEEN P. MARCH**

I, KATHLEEN P. MARCH, declare:

1. I am an attorney admitted to practice in the District Court and Bankruptcy Court, CD CA, among other Courts. I own and run The Bankruptcy Law Firm PC, which is counsel of record to bankruptcy debtor Allana Baroni, only on this Motion to Remove David Seror ("Seror") as Trustee, for cause, from continuing to act as Chapter 7 Trustee in Baroni's bankruptcy case 1:12-bk-10986-MB, and from continuing to act as Trustee in the bankruptcy cases of other debtors, where Seror is presently acting as Trustee.

2. I and an additional attorney of The Bankruptcy Law Firm, PC, with assistance of additional attorneys, researched and wrote the Allana Baroni's ("Baroni") herein Motion to Remove Seror as Trustee, for cause.

3. Baroni's herein Motion cites many of the pleadings filed in Baroni's bankruptcy case, by those pleadings pacer docket numbers. I and an additional attorney of my firm have checked every pacer docket number cited in the herein Motion, and the docket numbers cited are accurate. In addition, I have checked each pleading described in Baroni's herein Motion, and what the Motion says, that each pleading says, is accurate.

4. The full pacer docket of Baroni's bankruptcy case from start to 11/16/21, is attached as **Exhibit A** hereto, downloaded by me from pacer, and shows the **sequencing** of what pleadings were filed when. That **sequencing is particularly important to analyzing Seror's Motion to Compromise** (dkt.1120, filed 2/21/20, and heard and granted 5/1/20), because several months **before** Seror filed his dkt. 1120 Compromise Motion, filed 2/21/20, with Seror's Declaration, Baroni had, on 8/20/19, filed Baroni's Motion that is dkt.1037 with this Court; and Baroni's dkt 1037 Motion attached, as **Exhibit F** to Baroni's dkt.1037 Motion, the Note and

NOTICE OF MOTION AND MOTION OF DEBTOR ALLANA BARONI, MOVING THE BANKRUPTCY COURT FOR AN ORDER REMOVING CHAPTER 7 TRUSTEE SEROR FOR CAUSE, PURSUANT TO 11 USC §324(b); MEMO OF P & A; MARCH A29ND BARONI DECLS

147

DOT on the Baroni's Henderson property, each stamped "PAID IN FULL", along with a letter from Nationstar (servicer for Wells Fargo Bank) dated 4/1/19, returning the original Note and DOT to the Baronis, each stamped "PAID IN FULL", and congratulating the Baronis on having paid the Note, in full.

5. Therefore, at the time that Seror filed his Motion that claimed to be "settling" Wells Fargo's POC 7-2, filed 7/16/19, by having this Hon. Court grant Wells Fargo an allowed $450,000 general unsecured claim in Baroni's bankruptcy case regarding the Note on the Henderson property, Seror knew that, as a matter of law, ZERO was owed to Wells Fargo on that Note, because (1) on 4/1/19 the original Note and DOT on the Henderson property had been returned to the Baronis by Wells Fargo's servicer Nationstar, and (2) the returned Note and DOT were each stamped "PAID IN FULL", and (3) Wells Fargo's POC 7-2, filed 7/16/19, was **fraudulent**, because POC 7-2 attached a copy of the Note,that was **not** stamped paid in full.

6. Seror's Compromise Motion did not settle POC 7-2. Instead, Seror's Compromise Motion (dkt.1120) **used** Wells Fargo's **fraudulent** POC 7-2, to **create** an allowed $450,000 general unsecured claim for Wells Fargo, via Seror's Compromise Motion, when Wells Fargo was owed Zero.

7. Wells Fargo Bank, and Bank's attorney Bernard Kornberg, both committed bankruptcy crime, by violating 18 USC §152(4), by "**presenting"** (aka filing) POC 7-2, on 7/16/19, claiming Wells Fargo had a general unsecured claim of $839,944, when as a matter of law, ZERO was owed Bank, on a Note, when the original Note had previously been returned to the borrowers (Baronis) by Bank's servicer, stamped "PAID IN FULL". Attorney Kornberg signed Wells Fargo's POC 7-2, attaching the copy of the Henderson Note that was **not** stamped paid in full, over 3 months after the original of that Note had been returned to the Baronis by Wells Fargo's servicer Nationstar, stamped paid in full on 4/1/19.

8. Seror committed bankruptcy crime, 18 USC §152(4), by "**using**" Wells

Fargo's fraudulent POC 7-2, in Seror's Compromise Motion (dkt.1120) as the basis for moving this Hon. Bankruptcy Court to grant Wells Fargo Bank (which was owed ZERO) an allowed general unsecured claim of $450,000, based on "settling" Wells Fargo's fraudulent POC 7-2.

9. Seror using Wells Fargo's fraudulent POC 7-2 is bankruptcy crime, because **using** a fraudulent claim in a bankruptcy case, is bankruptcy crime, just as presenting (aka filing) a fraudulent claim in a bankruptcy case, violates 18 USC §152(4).

10. This Court has a duty to refer Wells Fargo, its attorney Kornberg, and Seror to the Office of US Trustee and to the Office of US Attorney, for investigation for possible prosecution for bankruptcy crimes.

11. Instead of "settling" the $839,944 (fraudulent, and invalid as a matter of law) Wells Fargo POC 7-2, for an **allowed $450,000 general unsecured claim**, it was Seror's duty, as Trustee, to demand that Wells Fargo **withdraw** its fraudulent POC, and if Wells Fargo did not do so, to file an **Objection** to that POC. 11 USC §704(a)(5) (duties of trustee) states: "(5) if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper."

12. Wells Fargo would very likely have filed a withdrawal of that fraudulent POC 7-2, if Seror had simply demanded that Wells Fargo withdraw its false proof of claim, citing 18 USC §152(4). Therefore, it is likely that filing an Objection to POC 7-2 would not have been necessary. But if Seror needed to file an Objection to POC 7-2, it would have been a very simple Objection, because all Seror would have needed to do would be to attach to Seror's Objection the "**PAID IN FULL"** Note and "**PAID IN FULL"** DOT, which Bank had returned to Baronis on 4/1/19 (printing them from Exhibit F to Baroni's Motion that is dkt.1037, filed 8/20/19, and to point out that from 4/1/19 onward, Baronis, not Wells Fargo, had possession of that Note.

13. A trustee who commits bankruptcy crime must be removed for cause, without anything else. But here, Seror has additionally **abused his power s trustee**, by Seror and his real estate broker acting without authorization regarding the Hess tenants; has lied to the Court via Seror's attorney Bagdanov; has lied to the Court in pleadings filed by Seror's firm (including Seror's Declaration to the Compromise Motion (dkt.1120); has lost $400,000 (maybe up to $800,000) for the bankruptcy estate by poor listing procedures (as found by US District Judge Fitgerald) regarding Baronis' Carmel rental property; has lost the bankruptcy estate additional money, including but not limited to because Seror allowed insurance to lapse, and by leaving up to $650,000 in Zero interest accounts (in violation of USTrustee guidelines).

14. All this evidence requires this Court to grant Baroni's herein Motion to remove Seror, for cause, pursuant to 11 USC §324(b), from continuing to act as the Chapter 7 Trustee in Baroni's bankruptcy case, and from continuing to act as Trustee in additional bankruptcy cases.

15. 18 USC §152(4) not only makes it a bankruptcy crime to "**present**" (aka file) a knowingly false claim in a bankruptcy case. 18 USC §152(4) additionally makes it a bankruptcy crime to "**use**" such a false claim in a bankruptcy case. Wells Fargo **presented** (aka filed) fraudulent Wells Fargo POC 7-2 on 7/16/19. Seror **used** Wells Fargo's fraudulent POC 7-2, in Seror's Compromise Motion (dkt.1120 filed 2/21/20 and heard and granted on 5/1/20) as the basis for the Court granting Wells Fargo an allowed $450,000 general unsecured claim, when zero was owed, and Seror knew zero was owed, because Baroni's Motion(dkt.1037, filed 8/20/19), had filed with the Court the Note and DOT on Henderson, each stamped "PAID IN FULL" and the 4/1/19 Letter to Baronis from Wells Fargo's servicer, Nationstar, congratulating Baronis for having paid the Henderson Note in full; all filed as Exhibit F to Baroni's dkt.1037 Motion.

16. Wells Fargo and its attorney (Bernard Jaron Kornberg, Esq (CA state bar

#252006) of Severson & Werson, PC, who signed Wells Fargo's fraudulent POC 7-2 (filed 7/16/19),  under penalty of perjury,  should be referred by this Court for investigation for prosecution for filing a knowingly false Proof of Claim, including that POC 7-2 attaches copies of the Note and Deed of Trust on the Henderson property that are **not** stamped "PAID IN FULL," over 3 months after Wells Fargo, by its servicer Nationstar, had, on 4/1/19,  returned that original Note and Deed of Trust to the Baronis, each stamped "PAID IN FULL."

17.     Wells Fargo's misconduct is shown to be intentional, because (1) Baroni's Motion (dkt.1037, filed 8/20/19) to take 2004 exam of a Wells Fargo officer regarding the validity and extent of Wells Fargo POC 7-2 (filed 7/16/19), attached the Note and DOT on the Henderson property (Exhibit F to Motion), each stamped "PAID IN FULL", along with the letter congratulating the Baronis for paying that Note in full.  Wells Fargo's Objection (dkt.1040, filed 8/21/19) objecting to Baroni taking a 2004 exam of a bank officer, regarding validity of that Note, which Kornberg signed, and which includes Kornberg's Declaration, **does not deny** that the Baronis had the original Note and DOT back, each stamped "PAID IN FULL" as of 4/1/19.  It  was fraudulent for Wells Fargo to file POC 7-2 based on a Note and DOT which had been returned to the Baronis each stamped paid in full, months **before** that POC 7-2 was filed.  But even if Kornberg denied knowing this (he never denied this) when he signed and filed POC 7-2 on 7/16/19, Kornberg knew this when he filed Wells Fargo's Objection (Dkt.1040, filed 8/21/19) to Baroni's Motion for 2004 exam (dkt.1037) because Baroni's Motion attached the stamped "PAID IN FULL" Note and DOT, which had been returned to the Baronis on 4/1/19; yet Wells Fargo never withdrew POC 7-2 (which Kornberg had signed under penalty of perjury, as Wells Fargo's attorney.

18.     The Court has a duty to make that criminal referral of Wells Fargo and Kornberg.

**NOTICE OF MOTION AND MOTION OF DEBTOR ALLANA BARONI, MOVING THE BANKRUPTCY COURT FOR AN ORDER REMOVING CHAPTER 7 TRUSTEE SEROR FOR CAUSE, PURSUANT TO 11 USC §324(b); MEMO OF P & A; MARCH A33ND BARONI DECLS**

151

19.     Seror, by Seror's Motion to Compromise (dkt.1120)—based on Seror's Declaration to Motion-- **used** Wells Fargo's fraudulent POC 7-2, as the basis for this Court granting Seror's Compromise Motion, to grant an allowed $450,000 general unsecured claim to Wells Fargo, based on "settling" Wells Fargo's fraudulent e POC 7-2, on which ZERO was owed, as a matter of law.

20.     Seror's Motion, and Seror's Declaration to Seror's Motion, **concealed** from this Court that the Note and DOT on the Henderson property had been returned to Baronis on 4/1/19, each stamped "PAID IN FULL" (attached as Exhibit F to Baoni dkt.1037, filed 8/20/19) and concealed from the Court that Wells Fargo's POC 7-2 was fraudulent, including because **Wells Fargo no longer had possession of the Note** on Henderson, and because the copy of the Note, that POC 7-2 attached, as the support for POC 7-2, was a copy of the Henderson Note that was **not** stamped "PAID IN FULL", months after Wells Fargo's servicer, Nationstar, had returned the original Note and DOT to the Baronis, on 4/1/19, each stamped "PAID IN FULL".

21.     In sum, Seror **used** Wells Fargo's POC 7-2, which Seror knew was fraudulent,  to mislead this Court into granting Seror's Compromise Motion, to grant Wells Fargo an allowed $450,000 general unsecured claim, based "settling" Wells Fargo's fraudulent POC 7-2, on which Seror and Kornberg both knew ZERO was owed, as a matter of law.  Seror **using** Wells Fargo's fraudulent POC 7-2, as the basis getting Wells Fargo granted an allowed $450,000 general unsecured claim, via Seror's Motion to Compromise (dkt.1120), is **bankruptcy crime by Seror**, violating 18 USC §152(4).

22.     The Court has a duty to refer Wells Fargo,  and its attorney Kornberg (who signed fraudulent POC 7-2),  to the Office of US Trustee and to the US Attorney's office, for investigation for criminal prosecution. The Court has a duty to include Seror in that criminal referral.

23.     Seror's Motion to Compromise did not settle a Wells Fargo claim, it

**created** an allowed $450,000 general unsecured claim for Wells Fargo, **where ZERO was owed**, as a matter of law, because the Henderson Note and DOT had been returned to the Baronis on 4/1/19, each stamped "PAID IN FULL", and Wells Fargo POC 7-2 fraudulently attached a copy of the Henderson Note **not** stamped "PAID IN FULL".

24. The logical inference to be drawn is that Seror misleading this Court into granting Wells Fargo (which was owed ZERO as a matter of law) an allowed $450,000 general unsecured claim, via Seror's Motion to Compromise, is the ***quid pro quo*** for Wells Fargo assisting Seror to defeat Baroni's Motion to pay creditors and dismiss Baroni's bankruptcy, by Wells Fargo filing its false POC claim 7-2 for $839,944, on 7/16/19--the day before Baroni's Motion to pay and dismiss her bankruptcy case, was first set to be heard.

25. Seror's misconduct was as bad, or worse, than that of Wells Fargo and Wells Fargo's attorney Kornberg, because, as Trustee, Seror owed a **fiduciary duty** to Baroni's bankruptcy estate, and Seror's motivation in moving the Court to grant Wells Fargo an allowed $450,000 general unsecured claim, based on Wells Fargo's **criminally false** POC 7-2, is that Seror's needed Wells Fargo to file its fraudulent $839,944 general unsecured POC 7-2 (filed the day before 7/17/19, the original hearing date for Baroni's motion to pay and dismiss), to defeat Baroni's Motion to pay unsecured claims and dismiss her bankruptcy case, by making it impossible for Baroni to pay all unsecured claims as a condition for the Court granting Baroni's Motion to Dismiss Baroni's bankruptcy case.

26. Baroni's actual unsecured creditors would have been better off being paid 100% by Baroni, as Baroni's Motion to dismiss offered Baroni would do, than the effect on those unsecured creditors of having a fraudulent additional $450,000 allowed general unsecured claim added to their claims. Seror fabricating an allowed $450,000 general unsecured claim for Wells Fargo was **detrimental** to the actual

existing general unsecured claims, because adding a $450,000 general unsecured

claim, to the unsecured claim total, reduces the pro rata payment to the actually

existing general unsecured claims

27.    Seror is responsible for **lying** to the Court and to parties in interest,

THREE ways:  (1) Jessica Bogdanov, Esq. 2/6/20 ex parte appearance before Judge

Barash,

(2) Seror himself, and Seror's real estate agent Thunderbird Real

Estate/Robinson misrepresenting to, and mistreating,  the tenants in the Baronis'

Carmel property, driving them out, and doing this **before** Seror obtained an Order

from the Bankruptcy Court to operate Baroni's rental properties, and doing this

**before** Seror had obtained an Order from the Bankruptcy Court authorizing Seror

to hire a real estate agent to market the Baronis' Carmel property; and

(3) Seror's pleadings, filed by Seror's own law firm, including in some cases

Seror's own Declaration, made false statements to the Court and concealed the

truth from the Court.

28.    The ex parte appearance (no notice to any of Baroni's attorneys) that

attorney Jessica Bogdanov, Esq (a partner in Seror's own law firm, which is

representing Seror as Chapter 7 Trustee in Baroni's bankruptcy case), made on

2/6/21, was wholly improper for multiple reasons:

29.    First, the debtor in the common area, who was distressed because Seror

had just sold the debtor's property was  a debtor whose bankruptcy case was assigned

to bankruptcy judge Sandra Klein, not to Judge Barash, Therefore, if Bagdanov was

going to appear before any Judge, it should have been Judge Klein, not Judge Barash.

30.    Second, as Allana Baroni's Declaration attests, and as Exhibits A and B

to Baroni's Declaration establish, there was no emergency of any kind, and it was

wholly improper for Bagdanov to appear ex parte (no notice of any kind to Baroni's

attorneys).  This Court should have immediately have refused to hear Bagdanov, and

should have told Bagdanov to bring a Motion on shortened time, or on regular time, served on Baroni's attorneys, and to bring that Motion before the correct Judge.

31.    Third, whether or not this Court thinks the lies that Bagdonov told this Court, in her ex parte appearance, those lies **did prejudice Baroni**, because shortly after that ex parte appearance, Judge Barash, on 3/31/20, through orders (dkts 1146, 1147, 1148, and 1149) granted Trustee's motion for turnover, and denied Baroni's motion to dismiss Baroni's bankruptcy case,  both of which motions had been under submission for nine months. That timing shows the Court was affected by Bagdanov's improper ex parte appearance, and false statements, whether or not the Court believes it was affected.

32.    11 USC §1141(a) states expressly that the provisions of a confirmed plan bind the debtor,...any creditor…"  Default does NOT undo the confirmed plan.  E.g., *Matter of Depew*, an oft cited seminal case, 115 B.R. 965, at 967973-74 (Bankr. N.D. Ind. 1989) (quoted from in Memorandum of Points and Authorities, supra).

33.    Seror's own pleading  (Dkt. 1132, see p.3:22-4:10) agrees terms of a confirmed plan are **NOT undone** merely because a debtor fails to consummate a plan and states that default does not undo Baroni's confirmed plan:

> "The Debtor's arguments about Nationstar and BoNYM also ignore the fact that the plan and the confirmation order are binding, legal documents. The **terms of a plan are not undone merely because a debtor fails to consummate a plan**." (Dkt. 1132 p.4:7-9)

34.    Notwithstanding that Seror admits Baroni's confirmed Plan is binding, even if Baroni fails to fully perform her confirmed plan (Baroni didn't default, see Baroni Decl hereto),  Seror has repeatedly acted **contrary** to what Baroni's confirmed Plan provides, and has repeatedly moved this Court to order things that are contrary to what Baroni's confirmed Plan provides. That is misconduct.  This includes that Seror has violated the following

provisions in Baroni's confirmed plan:

(1) Confirmed Plan does not provide that the Carmel and Camarillo properties will be sold to satisfy unsecured claims—Seror has been trying to sell those properties; and

(2) Confirmed plan does not allow claimants to file amended claims with new and higher unsecured or secured amounts—but Trustee's Motion to Compromise (dkt.1120) moved the Court to grant "compromises" that gave creditors Nationstar (Carmel property loan) and BofNYM(Camarillo property loan) **more** than Baroni's confirmed Second Amended Plan gave those creditors (see figures in Paragraph 71 of Baroni Decl heret). That is improper.

35. The major beneficiary of the Court granting Seror's Motion to Compromise is Seror, and his attorneys (which are his own law firm, Brutzkus Gubner Rozansky Seror Weber LLP) who together can seek to have fees allowed equal to the whole $400,000 (consisting of 75% of the reserve account for BofNYM and 75% of the reserve account for Nationstar) to be used to pay unsecured claims. But though Seror's Motion to Compromise (dkt.1120) glibly asserts the $400,000 would go toward paying unsecured claims, in actuality, Seror will seek to use that $400,000 to pay administrative claims of Seror as Trustee and to pay attorneys fees to Seror's own law firm, which attorneys fees Seror will share in, as a partner of the firm.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration is executed at Los Angeles, California on November 17, 2021.

_________/s/ Kathleen P. March________

KATHLEEN P MARCH

# EXHIBIT A

# MARCH DECL.

**CONVERTED, DEFER, NoFeeRequired, APPEAL, APL9thCirt**

**U.S. Bankruptcy Court**
**Central District of California (San Fernando Valley)**
**Bankruptcy Petition #: 1:12-bk-10986-MB**

*Assigned to:* Martin R. Barash
Chapter 7
Previous chapter 11
Voluntary
Asset

*Date filed:* 02/01/2012
*Date converted:* 04/29/2019
*341 meeting:* 11/15/2019
*Deadline for filing claims:* 02/18/2020
*Deadline for filing claims (govt.):* 01/14/2013
*Deadline for objecting to discharge:* 07/30/2019
*Deadline for financial mgmt. course:* 07/30/2019

***Debtor***
**Allana Baroni**
3339 Via Verde Ct
Calabasas, CA 91302
LOS ANGELES-CA
818-222-0393
SSN / ITIN: xxx-xx-1163

represented by **Richard L Antognini**
2036 Nevada City Highway Ste 636
Grass Valley, CA 95945-7700
916-295-4896
Fax : 530-420-4220

**Eric Bensamochan**
The Bensamochan Law Firm, Inc.
9025 Wilshire Blvd. Suite 215
Beverly Hills, CA 90211
818-574-5740
Fax : 818-230-1931
Email: eric@eblawfirm.us
*TERMINATED: 02/26/2018*

**Linda M Blank**
1925 Century Park East #2000
Los Angeles, CA 90067
310-277-2236
Fax : 310-526-6503
Email: linda@lmblank.com
*TERMINATED: 08/16/2012*

**Louis J Esbin**
Law Offices of Louis J. Esbin
27451 Tourney Road
Suite 120
Valencia, CA 91355
661-254-5050
Fax : 661-254-5252
Email: Louis@Esbinlaw.com
*TERMINATED: 02/12/2016*

**Andrew Goodman**
Goodman Law Offices, APC
30700 Russell Ranch Road
Suite 250
Westlake Village, CA 91362
818-802-5044
Fax : 818-975-5256
Email: agoodman@andyglaw.com
*TERMINATED: 04/25/2012*

**M. Jonathan Hayes**
Resnik Hayes Moradi LLP
17609 Ventura Blvd.
Suite 314
Encino, CA 91316
(818) 285-0100
Fax : (818) 855-7013
Email: jhayes@rhmfirm.com

**Ian Landsberg**
Sklar Kirsh, LLP
1880 CENTURY PARK EAST, SUITE 300
Los Angeles, CA 90067
(310) 845-6416
Fax : (310) 929-4469
Email: ilandsberg@sklarkirsh.com
*TERMINATED: 08/02/2013*

**Matthew D. Resnik**
Resnik Hayes Moradi
17609 Ventura Blvd. Suite 314
Encino, CA 91316
(818)285-0100
Fax : (818)855-7013
Email: matt@rhmfirm.com

**Michael S Riley**
242 Algiers Ave
Fortt Lauderdale, FL 33308
954-401-3757
Fax : 818-855-5910
Email: mriley8@aol.com

**Summer Saad**
5950 Canoga Ave Ste 605
Woodland Hills, CA 91367
818-855-5900
Fax : 818-855-5910
*TERMINATED: 09/17/2013*

**Meghann A Triplett**
Goodman Faith LLP
21550 Oxnard St Ste 830
Woodland Hills, CA 91367
818-705-2777
Fax : 818-705-3777
Email: Meghann@MarguliesFaithlaw.com
*TERMINATED: 04/25/2012*

***Trustee***
**Elizabeth (SV) F Rojas (TR)**
Valley Executive Center
15260 Ventura Blvd., Suite 710
Sherman Oaks, CA 91403
818-933-5700
*TERMINATED: 02/29/2012*

***Trustee***
**U.S. Trustee**
600 W. Santa Ana Bl., #501
Santa Ana, CA 92701
714-246-8184
*TERMINATED: 02/29/2012*

***Trustee***
**David Seror (TR)**
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
(818) 827-9200

represented by **Jessica L Bagdanov**
Brutzkus Gubner Rozansky Seror Weber LLP
21650 Oxnard St, Ste 500
Woodland Hills, CA 91367
818-827-9212
Fax : 818-827-9099
Email: jbagdanov@bg.law

**Ryan Coy**
Brutzkus Gubner

21650 Oxnard St Ste 500
Woodland Hills, CA 91367
818-827-9000
Fax : 818-827-9099
Email: ecf@bg.law

**Susan K Seflin**
Brutzkus Gubner Rozansky Seror Weber LLP
21650 Oxnard St., Suite 500
Woodland Hills, CA 91367
818-827-9000
Fax : 818-927-9099
Email: sseflin@bg.law

*U.S. Trustee*
**United States Trustee (SV)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

represented by **S Margaux Ross**
915 Wilshire Blvd.
Suite 1850
Los Angeles, CA 90017
213-894-4494
Fax : 213-894-0276
Email: margaux.ross@usdoj.gov

| Filing Date | # | Docket Text |
|---|---|---|
| 02/01/2012 | 1 (8 pgs; 3 docs) | Chapter 13 Voluntary Petition . Fee Amount $281 Filed by Allana Baroni Schedule A due 2/15/2012. Schedule B due 2/15/2012. Schedule C due 2/15/2012. Schedule D due 2/15/2012. Schedule E due 2/15/2012. Schedule F due 2/15/2012. Schedule G due 2/15/2012. Schedule H due 2/15/2012. Schedule I due 2/15/2012. Schedule J due 2/15/2012. Statement of Financial Affairs due 2/15/2012. Chapter 13 Plan due by 2/15/2012. Statement - Form 22C Due: 2/15/2012.Statement of Related Case due 2/15/2012. Notice of available chapters due 2/15/2012. Statement of assistance of non-attorney due 2/15/2012. Verification of creditor matrix due 2/15/2012. Summary of schedules due 2/15/2012. Declaration concerning debtors schedules due 2/15/2012. Cert. of Credit Counseling due by 2/15/2012. Statistical Summary due 2/15/2012. Debtor Certification of Employment Income due by 2/15/2012. Incomplete Filings due by 2/15/2012. Section 316 Incomplete Filings due by 3/15/2012. (Kinsley, Terri) (Entered: 02/01/2012) |
| 02/01/2012 | 2 | Statement of Social Security Number(s) Form B21 Filed by Debtor Allana Baroni . (Kinsley, Terri) (Entered: 02/01/2012) |
| 02/01/2012 | 3 (2 pgs) | Meeting of Creditors with 341(a) meeting to be held on 03/07/2012 at 01:00 PM at RM 105, 21051 Warner Center Lane, Woodland Hills, CA 91367. Confirmation hearing to be held on 04/05/2012 at 10:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. Proof of Claim due by 06/05/2012. (Kinsley, Terri) (Entered: 02/01/2012) |
| 02/01/2012 | | Receipt of Chapter 13 Filing Fee - $281.00 by 16. Receipt Number 10049107. (admin) (Entered: 02/02/2012) |
| 02/03/2012 | 4 (4 pgs) | BNC Certificate of Notice (RE: related document(s)3 Meeting (AutoAssign Chapter 13)) No. of Notices: 8. Notice Date 02/03/2012. (Admin.) (Entered: 02/03/2012) |
| 02/03/2012 | 5 (3 pgs) | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Allana Baroni) No. of Notices: 1. Notice Date 02/03/2012. (Admin.) (Entered: 02/03/2012) |
| 02/03/2012 | 6 (3 pgs) | BNC Certificate of Notice (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Allana Baroni) No. of Notices: 1. Notice Date 02/03/2012. (Admin.) (Entered: 02/03/2012) |
| 02/09/2012 | 7 (33 pgs; 3 docs) | Motion to Dismiss Debtor *AND CHAPTER 13 BANKRUPTCY CASE PURSUANT TO 11 U.S.C. SECTION 109(e)* Filed by Creditor OneWest Bank, FSB (Attachments: # 1 Exhibit # 2 Proof of Service) (Burnett, Michael) (Entered: 02/09/2012) |
| 02/09/2012 | 8 (2 pgs) | Notice of Hearing Filed by Creditor OneWest Bank, FSB (RE: related document(s)7 Motion to Dismiss Debtor *AND CHAPTER 13 BANKRUPTCY CASE PURSUANT TO 11 U.S.C. SECTION 109). (Burnett, Michael) (Entered: 02/09/2012)* |
| 02/10/2012 | 9 | Hearing Set (RE: related document(s)7 Dismiss Debtor filed by Creditor OneWest Bank, FSB) The Hearing date is set for 3/8/2012 at 09:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Alan M. Ahart (Harraway, Phillip) (Entered: 02/10/2012) |

| | | |
|---|---|---|
| 02/10/2012 | 10 (4 pgs) | Motion to Convert Case From Chapter 13 to 11. *with proof of service* Fee Amount $765 Filed by Debtor Allana Baroni (Goodman, Andrew) (Entered: 02/10/2012) |
| 02/10/2012 | | Receipt of Motion to Convert Case(1:12-bk-10986-AA) [motion,mconv] ( 765.00) Filing Fee. Receipt number 25311040. Fee amount 765.00. (U.S. Treasury) (Entered: 02/10/2012) |
| 02/10/2012 | 11 (3 pgs) | Notice of motion/application *with proof of service* Filed by Debtor Allana Baroni (RE: related document(s)10 Motion to Convert Case From Chapter 13 to 11. *with proof of service* Fee Amount $765 Filed by Debtor Allana Baroni). (Goodman, Andrew) (Entered: 02/10/2012) |
| 02/10/2012 | 12 (5 pgs) | Motion to Extend Deadline to File Schedules or Provide Required Information *with proof of service* Filed by Debtor Allana Baroni (Goodman, Andrew) (Entered: 02/10/2012) |
| 02/13/2012 | 13 (4 pgs) | Order Granting in part, Denying in part Motion To Extend Deadline to File Schedules or Provide Required Information to 2/28/2012(Related Doc # 12) Signed on 2/13/2012. (Harraway, Phillip) (Entered: 02/13/2012) |
| 02/13/2012 | 14 (3 pgs) | Certificate of Credit Counseling *Exhibit D* Filed by Debtor Allana Baroni (RE: related document(s)1 Voluntary Petition (Chapter 13)). (Triplett, Meghann) (Entered: 02/13/2012) |
| 02/28/2012 | 15 (11 pgs) | Declaration re: non opposition *with proof of service* Filed by Debtor Allana Baroni (RE: related document(s)10 Motion to Convert Case From Chapter 13 to 11. *with proof of service* Fee Amount $765). (Triplett, Meghann) (Entered: 02/28/2012) |
| 02/28/2012 | 16 | Schedule A , Schedule B , Schedule C , Schedule D , Schedule E , Schedule F , Schedule G , Schedule H , Schedule I , Schedule J , Chapter 11 Statement of Current Monthly Income (Form 22B), Statement of Financial Affairs , Statement of Social Security Number(s) Form B21, Summary of Schedules , Verification of creditor matrix , Declaration Re: Electronic Filing , Disclosure of Compensation of Attorney for Debtor , Equity Security Holders Filed by Debtor Allana Baroni (RE: related document(s)1 Voluntary Petition (Chapter 13)). (Goodman, Andrew)WARNING: Item subsequently amended by docket number 18 . Modified on 2/29/2012 (Boyd, Brenda). (Entered: 02/28/2012) |
| 02/29/2012 | 17 (4 pgs) | Order Converting Case to Chapter 11. Trustee Elizabeth (SV) F Rojas (TR) removed from the case. Signed on 2/29/2012. (Harraway, Phillip) Modified on 2/29/2012 (Harraway, Phillip). (Entered: 02/29/2012) |
| 02/29/2012 | 18 | Notice to Filer of Error and/or Deficient Document **Other - THE STATEMENT OF SOCIAL SECURITY FORM B21 WAS INCLUDED WITH THE SCHEDULES. TO ADHERE TO PRIVACY LAWS, YOU MUST ALWAYS FILE THIS FORM SEPARATELY. PLEASE RESUBMIT ALL SCHEDULES/STATEMENTS SEPARATELY FROM THE STATEMENT OF SOCIAL SECURITY FORM B21.** (RE: related document(s)16 Schedule A - Real Property filed by Debtor Allana Baroni, Schedule B - Personal Property, Schedule C, Schedule D - Creditors Holding Secured Claims, Schedule E - Creditors Holding Unsecured Priority Claims, Schedule F - Creditors Holding Unsecured Nonpriority Claims, Schedule G, Schedule H, Schedule I - Average Income, Schedule J - Current Expenditures, Chapter 11 Statement of Current Monthly Income, Statement of Financial Affairs, Statement of Social Security Number(s) Form B21, Summary of Schedules, Verification of creditor matrix, Declaration Re: Electronic Filing, Disclosure of Compensation of Attorney for Debtor, Equity Security Holders) (Boyd, Brenda) (Entered: 02/29/2012) |
| 02/29/2012 | 19 (49 pgs) | Schedule A , Schedule B , Schedule C , Schedule D , Schedule E , Schedule F , Schedule G , Schedule H , Schedule I , Schedule J , Chapter 11 Statement of Current Monthly Income (Form 22B), Statement of Financial Affairs , Declaration Re: Electronic Filing Filed by Debtor Allana Baroni. (Goodman, Andrew) WARNING: Item subsequently amended by docket entry #20. Modified on 3/1/2012 (Dominguez, Amy). (Entered: 02/29/2012) |
| 03/01/2012 | 20 | Notice to Filer of Error and/or Deficient Document **Other -** ALL EVENT CODES NOT SELECTED AT THE TIME OF FILING. ALSO INCLUDED WITHIN THE PDF, VOLUNTARY PETITION, EXHIBIT D, LIST OF 20 LARGEST UNSECURED CREDITORS, LIST OF EQUITY SECURITY HOLDERS, STATEMENT OF RELATED CASES, NOTICE OF AVAILABLE CHAPTERS, SUMMARY OF SCHEDULES, STATISTICAL SUMMARY PAGE, DECLARATION RE SCHEDULES, DISCLOSURE OF ATTORNEY FEES, DECLARATION RE EMPLOYEE INCOME RECORD, VERIFICATION OF MATRIX AND MATRIX. (RE: related document(s)19 Schedule A - Real Property filed by Debtor Allana Baroni, Schedule B - Personal Property, Schedule C, Schedule D - Creditors Holding Secured Claims, Schedule E - Creditors Holding Unsecured Priority Claims, Schedule F - Creditors Holding Unsecured Nonpriority Claims, Schedule G, Schedule H, Schedule I - Average Income, Schedule J - Current Expenditures, Chapter 11 Statement of Current Monthly Income, Statement of Financial Affairs, Declaration Re: Electronic Filing) (Dominguez, Amy) (Entered: 03/01/2012) |
| 03/06/2012 | 21 (2 pgs) | Meeting of Creditors 341(a) meeting to be held on 4/3/2012 at 03:00 PM at RM 105, 21051 Warner Center Lane, Woodland Hills, CA 91367. (Espino, Cecilia) (Entered: 03/06/2012) |
| 03/07/2012 | 22 | Withdrawal re: *of Motion to Dismiss* Filed by Creditor OneWest Bank, FSB (RE: related document(s)7 |

| | | |
|---|---|---|
| | (2 pgs) | Motion to Dismiss Debtor *AND CHAPTER 13 BANKRUPTCY CASE PURSUANT TO 11 U.S.C. SECTION 109(e)*). (Burnett, Michael) (Entered: 03/07/2012) |
| 03/07/2012 | | Receipt of Certification Fee - $66.00 by 09. Receipt Number 10049814. (admin) (Entered: 03/08/2012) |
| 03/07/2012 | | Receipt of Photocopies Fee - $12.00 by 09. Receipt Number 10049814. (admin) (Entered: 03/08/2012) |
| 03/08/2012 | 23 (4 pgs) | BNC Certificate of Notice (RE: related document(s)21 Meeting of Creditors Chapter 11 & 12) No. of Notices: 11. Notice Date 03/08/2012. (Admin.) (Entered: 03/08/2012) |
| 03/17/2012 | 24 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Landau, Lewis. (Landau, Lewis) (Entered: 03/17/2012) |
| 03/21/2012 | 25 (5 pgs) | Substitution of attorney *with Proof of Service* Filed by Creditor OneWest Bank, FSB. (Landau, Lewis) (Entered: 03/21/2012) |
| 03/23/2012 | 26 (3 pgs) | Trustee's Final Report and Account Filed by. (Rojas (TR), Elizabeth (SV)) (Entered: 03/23/2012) |
| 03/23/2012 | 27 (1 pg) | Proof of service Filed by. (Rojas (TR), Elizabeth (SV)) (Entered: 03/23/2012) |
| 03/27/2012 | 28 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Fujimoto, Daniel. (Fujimoto, Daniel) (Entered: 03/27/2012) |
| 03/28/2012 | 29 (17 pgs) | Application to Employ Goodman Faith LLP as Attorneys *for Debtor and Debtor-in-Possession; and Declaration of Andrew Goodman in Support Thereof* Filed by Debtor Allana Baroni (Goodman, Andrew) (Entered: 03/28/2012) |
| 03/28/2012 | 30 (7 pgs) | Notice of motion/application *to Employ Goodman Faith LLP as Attorneys for Debtor and Debtor-in-Possession; and Declaration of Andrew Goodman in Support Thereof* Filed by Debtor Allana Baroni. (Goodman, Andrew) (Entered: 03/28/2012) |
| 03/29/2012 | | Receipt of Certification Fee - $22.00 by 11. Receipt Number 10050274. (admin) (Entered: 03/30/2012) |
| 03/29/2012 | | Receipt of Photocopies Fee - $4.00 by 11. Receipt Number 10050274. (admin) (Entered: 03/30/2012) |
| 04/11/2012 | 31 (140 pgs) | Motion to Convert Case From Chapter 11 to 7. *; Motion to Convert Bad Faith Case to Case Under Chapter 7 with Notice and Proof of Service* Fee Amount $15 Filed by Creditor OneWest Bank, FSB (Landau, Lewis) (Entered: 04/11/2012) |
| 04/11/2012 | | Receipt of Motion to Convert Case(1:12-bk-10986-AA) [motion,mconv] ( 15.00) Filing Fee. Receipt number 26497486. Fee amount 15.00. (U.S. Treasury) (Entered: 04/11/2012) |
| 04/11/2012 | 32 (4 pgs) | Opposition to (related document(s): 29 Application to Employ Goodman Faith LLP as Attorneys *for Debtor and Debtor-in-Possession; and Declaration of Andrew Goodman in Support Thereof* filed by Debtor Allana Baroni) *and Request for Hearing with Proof of Service* Filed by Creditor OneWest Bank, FSB (Landau, Lewis) (Entered: 04/11/2012) |
| 04/13/2012 | 33 (4 pgs) | Notice of Hearing *on Debtor's Motion for Order Authorizing Employment of Goodman Faith, LLP as Attorneys for Debtor and Debtor-in-Possession* Filed by Debtor Allana Baroni (RE: related document(s)29 Application to Employ Goodman Faith LLP as Attorneys *for Debtor and Debtor-in-Possession; and Declaration of Andrew Goodman in Support Thereof* Filed by Debtor Allana Baroni). (Goodman, Andrew) (Entered: 04/13/2012) |
| 04/13/2012 | 34 | Hearing Set (RE: related document(s)31 Motion to Convert Case filed by Creditor OneWest Bank, FSB) The Hearing date is set for 5/9/2012 at 10:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Alan M. Ahart (Harraway, Phillip) (Entered: 04/13/2012) |
| 04/13/2012 | 35 | Hearing Set (RE: related document(s)29 Application to Employ filed by Debtor Allana Baroni) The Hearing date is set for 5/2/2012 at 10:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Alan M. Ahart (Harraway, Phillip) (Entered: 04/13/2012) |
| 04/13/2012 | 36 (7 pgs) | Emergency motion *to Withdraw as Counsel; Memorandum of Points and Authorities; Declaration of Andrew Goodman in Support Thereof* Filed by Debtor Allana Baroni (Goodman, Andrew) (Entered: 04/13/2012) |
| 04/13/2012 | 37 (5 pgs) | Application shortening time *Application for Order Setting Hearing on Shortened Notice 36* Filed by Debtor Allana Baroni (Goodman, Andrew) Modified on 4/13/2012 (Harraway, Phillip). (Entered: 04/13/2012) |

| | | |
|---|---|---|
| 04/13/2012 | 38 (6 pgs) | Order Granting Application setting hearing on shortened notice re Motion to withdraw as counsel ; Hearing set for 4/25/12 @ 11:00 AM (Related Doc # 37 ) Signed on 4/13/2012 (Harraway, Phillip) (Entered: 04/13/2012) |
| 04/13/2012 | 39 | Hearing Set (RE: related document(s)36 Emergency motion filed by Debtor Allana Baroni) The Hearing date is set for 4/25/2012 at 11:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Alan M. Ahart (Harraway, Phillip) (Entered: 04/13/2012) |
| 04/13/2012 | 40 (4 pgs) | Notice of Hearing *Re Emergency Motion to Withdraw as Counsel* Filed by Debtor Allana Baroni (RE: related document(s)36 Emergency motion *to Withdraw as Counsel; Memorandum of Points and Authorities; Declaration of Andrew Goodman in Support Thereof* Filed by Debtor Allana Baroni). (Goodman, Andrew) (Entered: 04/13/2012) |
| 04/13/2012 | 41 (4 pgs) | Proof of service *Supplemental Proof of Service of Notice of Hearing Re Emergency Motion to Withdraw as Counsel; and Entered Order Granting Application and Setting Hearing on Shortened Notice* Filed by Debtor Allana Baroni (RE: related document(s)38 Order (Generic), 40 Notice of Hearing). (Goodman, Andrew) (Entered: 04/13/2012) |
| 04/15/2012 | 42 (8 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)38 Order (Generic)) No. of Notices: 1. Notice Date 04/15/2012. (Admin.) (Entered: 04/15/2012) |
| 04/16/2012 | 43 (3 pgs) | Proof of service Filed by Creditor OneWest Bank, FSB (RE: related document(s)31 Motion to Convert Case From Chapter 11 to 7. *; Motion to Convert Bad Faith Case to Case Under Chapter 7 with Notice and Proof of Service* Fee Amount $15). (Landau, Lewis) (Entered: 04/16/2012) |
| 04/24/2012 | 44 (8 pgs) | Ex parte application *to Continue Hearing on One West Bank's Motion to Convert; Declaration of Andrew Goodman in Support 31* Filed by Debtor Allana Baroni (Goodman, Andrew) Modified on 4/25/2012 (Harraway, Phillip). (Entered: 04/24/2012) |
| 04/25/2012 | 45 (8 pgs) | Reply to (related document(s): 32 Opposition filed by Creditor OneWest Bank, FSB) *Reply to Opposition of One West Bank, FSB to Application to Employ Goodman Faith, LLP as Attorneys for Debtor and Debtor-in-Possession; and Declaration of Andrew Goodman in Support Thereof* Filed by Debtor Allana Baroni (Goodman, Andrew) (Entered: 04/25/2012) |
| 04/25/2012 | 46 (4 pgs) | Order Granting Emergency Motion to Withdraw as Counsel (Related Doc # 36 ) Signed on 4/25/2012 (Harraway, Phillip) (Entered: 04/25/2012) |
| 04/25/2012 | 47 (3 pgs) | Notice of Change of Address . (Landau, Lewis) WARNING: Item subsequently amended by docket entry #48. Modified on 4/26/2012 (Dominguez, Amy). (Entered: 04/25/2012) |
| 04/26/2012 | 48 | Notice to Filer of Error and/or Deficient Document **Other -** Louis Landau is not the attorney of record on this case. THE COURT WILL NOT TAKE ANY FURTHER ACTION. (RE: related document(s)47 Notice of Change of Address (multi)) (Dominguez, Amy) (Entered: 04/26/2012) |
| 04/27/2012 | 49 (4 pgs) | Order Granting Ex Parte Motion to Continue Hearing on One West Bank's Motion to Convert to 5/30/2012 @ 10:00 AM (Related Doc # 44 ) Signed on 4/27/2012 (Harraway, Phillip) (Entered: 04/27/2012) |
| 04/27/2012 | | Hearing (Bk Motion) Continued (RE: related document(s) 31 MOTION TO CONVERT CASE filed by OneWest Bank, FSB) Hearing to be held on 05/30/2012 at 10:00 AM 21041 Burbank Blvd Woodland Hills, CA 91367 for 31 , (Harraway, Phillip) (Entered: 04/27/2012) |
| 04/27/2012 | 50 (4 pgs) | Withdrawal re: *Opposition to Goodman Faith, LLP Employment Application with Proof of Service* Filed by Creditor OneWest Bank, FSB (RE: related document(s)32 Opposition). (Landau, Lewis) (Entered: 04/27/2012) |
| 04/27/2012 | 51 (6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)46 Order (Generic)) No. of Notices: 1. Notice Date 04/27/2012. (Admin.) (Entered: 04/27/2012) |
| 04/29/2012 | 52 (6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)49 Order (Generic)) No. of Notices: 1. Notice Date 04/29/2012. (Admin.) (Entered: 04/29/2012) |
| 05/02/2012 | | Hearing (Bk Motion) Continued (RE: related document(s) 29 APPLICATION TO EMPLOY filed by Allana Baroni) Hearing to be held on 05/30/2012 at 10:00 AM 21041 Burbank Blvd Woodland Hills, CA 91367 for 29 , (Harraway, Phillip) (Entered: 05/02/2012) |
| 05/04/2012 | 53 (4 pgs) | Notice of Hearing *on Debtor's Motion for Order Authorizing (Limited) Employment of Goodman Faith, LLP as Attorneys for Debtor and Debtor-in-Possession* Filed by Debtor Allana Baroni (RE: related document(s)29 Application to Employ Goodman Faith LLP as Attorneys *for Debtor and Debtor-in-* |

| | | |
|---|---|---|
| | | *Possession, and Declaration of Andrew Goodman in Support Thereof* Filed by Debtor Allana Baroni). (Triplett, Meghann) (Entered: 05/04/2012) |
| 05/05/2012 | 54 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Webb, Kristin. (Webb, Kristin) (Entered: 05/05/2012) |
| 05/07/2012 | 55 (21 pgs) | Application to Employ Law Offices of Linda M. Blank as Attorneys for Debtor *and Declaration of Linda M. Blank in Support Thereof* Filed by Debtor Allana Baroni (Blank, Linda) (Entered: 05/07/2012) |
| 05/07/2012 | 56 (5 pgs) | Notice of motion/application *to Employ Law Offices of Linda M. Blank as Attorneys for Debtor* Filed by Debtor Allana Baroni (RE: related document(s)55 Application to Employ Law Offices of Linda M. Blank as Attorneys for Debtor *and Declaration of Linda M. Blank in Support Thereof* Filed by Debtor Allana Baroni). (Blank, Linda) (Entered: 05/07/2012) |
| 05/15/2012 | 57 (2 pgs; 2 docs) | Amended Schedule A Filed by Debtor Allana Baroni. (Attachments: # 1 Affidavit Electronic Filing Declaration) (Blank, Linda) (Entered: 05/15/2012) |
| 05/15/2012 | 58 (4 pgs; 2 docs) | Amended Schedule B Filed by Debtor Allana Baroni. (Attachments: # 1 Affidavit Electronic Filing Declaration) (Blank, Linda) (Entered: 05/15/2012) |
| 05/15/2012 | 59 (2 pgs; 2 docs) | Amending Schedules (F) Filed by Debtor Allana Baroni. (Attachments: # 1 Affidavit Electronic Filing Declaration) (Blank, Linda) (Entered: 05/15/2012) |
| 05/15/2012 | | Receipt of Amending Schedules D E or F(1:12-bk-10986-AA) [misc,amdsch] ( 30.00) Filing Fee. Receipt number 27139599. Fee amount 30.00. (U.S. Treasury) (Entered: 05/15/2012) |
| 05/15/2012 | 60 (2 pgs; 2 docs) | Schedule G Filed by Debtor Allana Baroni. (Attachments: # 1 Affidavit Electronic Filing Declaration) (Blank, Linda) (Entered: 05/15/2012) |
| 05/15/2012 | 61 (2 pgs; 2 docs) | Schedule G *Amended* Filed by Debtor Allana Baroni. (Attachments: # 1 Affidavit Electronic Filing Declaration) (Blank, Linda) (Entered: 05/15/2012) |
| 05/15/2012 | 62 (12 pgs; 2 docs) | Statement of Financial Affairs *Amended* Filed by Debtor Allana Baroni. (Attachments: # 1 Affidavit Electronic Filing Declaration) (Blank, Linda) (Entered: 05/15/2012) |
| 05/15/2012 | 63 (8 pgs) | Monthly Operating Report. Operating Report Number: 1. For the Month Ending Feb. 29, 2012 Filed by Debtor Allana Baroni. (Blank, Linda) (Entered: 05/15/2012) |
| 05/15/2012 | 64 (9 pgs) | Monthly Operating Report. Operating Report Number: 2. For the Month Ending Mar. 31, 2012 Filed by Debtor Allana Baroni. (Blank, Linda) (Entered: 05/15/2012) |
| 05/15/2012 | 65 (20 pgs) | Monthly Operating Report. Operating Report Number: 3. For the Month Ending Apr. 30, 2012 Filed by Debtor Allana Baroni. (Blank, Linda) (Entered: 05/15/2012) |
| 05/15/2012 | 66 (48 pgs) | Opposition to (related document(s): 31 Motion to Convert Case From Chapter 11 to 7. *; Motion to Convert Bad Faith Case to Case Under Chapter 7 with Notice and Proof of Service* Fee Amount $15 filed by Creditor OneWest Bank, FSB) *Declaration of Allana Baroni in Support Thereof* Filed by Debtor Allana Baroni (Blank, Linda) (Entered: 05/15/2012) |
| 05/18/2012 | 67 (19 pgs) | Motion to Use Cash Collateral *notice of motion and motion* Filed by Debtor Allana Baroni (Blank, Linda) (Entered: 05/18/2012) |
| 05/18/2012 | 68 (5 pgs) | Application shortening time Filed by Debtor Allana Baroni (Blank, Linda) (Entered: 05/18/2012) |
| 05/21/2012 | 69 (6 pgs) | Order Granting ORDER shortening time re Motion for Order Authorizing Interim Use of Cash Collateral : Hearing set for 5/23/12 @ 11:00 AM (Related Doc # 68 ) Signed on 5/21/2012 (Harraway, Phillip) (Entered: 05/21/2012) |
| 05/21/2012 | 70 | Hearing Set (RE: related document(s)67 Motion to Use Cash Collateral filed by Debtor Allana Baroni) The Hearing date is set for 5/23/2012 at 11:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Alan M. Ahart (Harraway, Phillip) (Entered: 05/21/2012) |
| 05/21/2012 | 71 (6 pgs) | Notice of Hearing *on Motion for Order Authorizing Interim Use of Cash Collateral with Proof of Servicet* Filed by Debtor Allana Baroni (RE: related document(s)67 Motion to Use Cash Collateral *notice of motion and motion* Filed by Debtor Allana Baroni). (Blank, Linda) (Entered: 05/21/2012) |
| 05/21/2012 | 72 (7 pgs) | Declaration re: *Service of Notice of Hearing on Shortened Time on Motion for Order Authorizing Interim Use of Cash Collateral* Filed by Debtor Allana Baroni (RE: related document(s)71 Notice of Hearing). |

| | | |
|---|---|---|
| | | (Blank, Linda) (Entered: 05/21/2012) |
| 05/23/2012 | | Hearing (Bk Motion) Continued (RE: related document(s) 67 MOTION TO USE CASH COLLATERAL filed by Allana Baroni) Hearing to be held on 06/06/2012 at 10:30 AM 21041 Burbank Blvd Woodland Hills, CA 91367 for 67 , (Harraway, Phillip) (Entered: 05/23/2012) |
| 05/23/2012 | 73 (8 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)69 ORDER shortening time) No. of Notices: 1. Notice Date 05/23/2012. (Admin.) (Entered: 05/23/2012) |
| 05/23/2012 | 74 (95 pgs; 2 docs) | Reply to (related document(s): 31 Motion to Convert Case From Chapter 11 to 7. *; Motion to Convert Bad Faith Case to Case Under Chapter 7 with Notice and Proof of Service* Fee Amount $15 filed by Creditor OneWest Bank, FSB, 66 Opposition filed by Debtor Allana Baroni) *in Support of Case Conversion with Proof of Service* Filed by Creditor OneWest Bank, FSB (Attachments: # 1 Part 2 of 2) (Landau, Lewis) (Entered: 05/23/2012) |
| 05/28/2012 | 75 (11 pgs) | Declaration re: non opposition *to Application to Employ Linda M. Blank as General Counsel* Filed by Debtor Allana Baroni (RE: related document(s)55 Application to Employ Law Offices of Linda M. Blank as Attorneys for Debtor *and Declaration of Linda M. Blank in Support Thereof*). (Blank, Linda) (Entered: 05/28/2012) |
| 05/28/2012 | 76 (3 pgs) | Notice of Hearing *Final Hearing on Debtor's Use of Cash Collateral* Filed by Debtor Allana Baroni (RE: related document(s)67 Motion to Use Cash Collateral *notice of motion and motion* Filed by Debtor Allana Baroni). (Blank, Linda) (Entered: 05/28/2012) |
| 05/29/2012 | 77 (5 pgs) | Order Granting Motion To Use Cash Collateral (Related Doc # 67 ) Signed on 5/29/2012 (Harraway, Phillip) (Entered: 05/29/2012) |
| 05/29/2012 | 78 (4 pgs) | Order Granting Application to Employ Linda M Blank as General Bankruptcy Counsel (Related Doc # 55) Signed on 5/29/2012. (Harraway, Phillip) (Entered: 05/29/2012) |
| 05/31/2012 | 79 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)77 Order on Motion to Use Cash Collateral) No. of Notices: 1. Notice Date 05/31/2012. (Admin.) (Entered: 05/31/2012) |
| 06/01/2012 | 80 (4 pgs) | Order Granting Application to Employ Goodman Faith LLP as Attorney for Debtor and Debtor-in-Possession through April 25, 2012 (Related Doc # 29) Signed on 6/1/2012. (Harraway, Phillip) (Entered: 06/01/2012) |
| 06/11/2012 | 81 (3 pgs) | Order denying motion to convert Signed on 6/11/2012 (RE: related document(s)31 Motion to Convert Case filed by Creditor OneWest Bank, FSB). (I, deputy clerk who is making this entry, certify that service on all parties under Section II was as completed, Remy, Johanne) (Remy, Johanne) (Entered: 06/11/2012) |
| 06/11/2012 | 82 (7 pgs) | Notice of Appeal USDC Court. *with Proof of Service*. Fee Amount $298 Filed by Creditor OneWest Bank, FSB (RE: related document(s)81 Order (Generic)). Appellant Designation due by 06/25/2012. (Landau, Lewis) (Entered: 06/11/2012) |
| 06/11/2012 | | Receipt of Notice of Appeal(1:12-bk-10986-AA) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number 27606530. Fee amount 298.00. (U.S. Treasury) (Entered: 06/11/2012) |
| 06/11/2012 | 83 (3 pgs) | Election to Appeal to District Court *with Proof of Service* Filed by Creditor OneWest Bank, FSB (RE: related document(s)82 Notice of Appeal). (Landau, Lewis) (Entered: 06/11/2012) |
| 06/12/2012 | 84 (11 pgs; 4 docs) | Notice of referral of appeal to U. S. District Court with certificate of mailing (RE: related document(s)82 Notice of Appeal filed by Creditor OneWest Bank, FSB) (Attachments: # 1 Amended Order Continuing Bankruptcy Appellate Panel of the Ninth Circuit# 2 Notice of Transcripts# 3 Transcript Instruction and Order Form) (Remy, Johanne) (Entered: 06/12/2012) |
| 06/12/2012 | 85 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Weber, Edward. (Weber, Edward) (Entered: 06/12/2012) |
| 06/18/2012 | 86 (21 pgs) | Monthly Operating Report. Operating Report Number: 4. For the Month Ending May 31, 2012 Filed by Debtor Allana Baroni. (Blank, Linda) (Entered: 06/18/2012) |
| 06/21/2012 | 87 (5 pgs) | Order Granting Motion To Use Cash Collateral (Related Doc # 67 ) Signed on 6/21/2012 (Harraway, Phillip) (Entered: 06/21/2012) |
| 06/23/2012 | 88 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)87 Order on Motion to Use Cash Collateral) No. of Notices: 1. Notice Date 06/23/2012. (Admin.) (Entered: 06/23/2012) |
| 06/25/2012 | 89 | Statement of Issues on Appeal , Appellant Designation of Contents For Inclusion in Record On Appeal |

| | | |
|---|---|---|
| | (5 pgs) | Filed by Creditor OneWest Bank, FSB (RE: related document(s)82 Notice of Appeal, 83 Election to Appeal). Appellee designation due by 07/9/2012. Transmission of Designation Due by 07/25/2012. (Landau, Lewis) (Entered: 06/25/2012) |
| 06/25/2012 | 90 (3 pgs) | Notice of transcripts Filed by Creditor OneWest Bank, FSB (RE: related document(s)82 Notice of Appeal). (Landau, Lewis) (Entered: 06/25/2012) |
| 06/26/2012 | 91 (15 pgs) | Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *with proof of service* Filed by Debtor Allana Baroni (Blank, Linda) (Entered: 06/26/2012) |
| 06/27/2012 | 92 (4 pgs) | Notice of Motion and Motion in Individual Ch 11 Case for Order Setting Bar Date for Filing Proofs of Claim Filed by Debtor Allana Baroni (Blank, Linda) (Entered: 06/27/2012) |
| 07/02/2012 | 93 (3 pgs) | Proof of service *Amended* Filed by Debtor Allana Baroni (RE: related document(s)91 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *with proof of service*). (Blank, Linda) (Entered: 07/02/2012) |
| 07/10/2012 | 94 (17 pgs) | Opposition to (related document(s): 91 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *with proof of service* filed by Debtor Allana Baroni) *and Request for Hearing with Proof of Service* Filed by Creditor OneWest Bank, FSB (Landau, Lewis) (Entered: 07/10/2012) |
| 07/13/2012 | 95 (3 pgs) | Declaration re: non opposition *Motion in Individual Chapter 11 Case for Order Setting Bar Date for Filing Proofs of Claim* Filed by Debtor Allana Baroni. (Blank, Linda)Related #92 Modified on 7/16/2012 (Ogier, Kathy). (Entered: 07/13/2012) |
| 07/16/2012 | 96 (4 pgs) | Order Granting Motion in Individual Ch 11 Case for Order Setting Bar Date for Filing Proofs of Claim (Related Doc # 92) Signed on 7/16/2012. Proofs of Claims due by 9/17/2012. Government Proof of Claim due by 1/14/2013. (I, deputy clerk who is making this entry, certify that service on all parties under Section II was as completed, Remy, Johanne) (Remy, Johanne) (Entered: 07/16/2012) |
| 07/16/2012 | 97 (4 pgs) | Notice of Bar Date for Filing Proof of Claim in an Individual Chapter 11 (LBR 3001-1) Filed by Debtor Allana Baroni. (Blank, Linda) (Entered: 07/16/2012) |
| 07/16/2012 | 98 (9 pgs) | Monthly Operating Report. Operating Report Number: 5. For the Month Ending June 30, 2012 Filed by Debtor Allana Baroni. (Blank, Linda) (Entered: 07/16/2012) |
| 07/18/2012 | 99 (79 pgs) | Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 3339 Via Verde Court, Calabasas, CA 91302 *with Notice and Proof of Service*. Fee Amount $176, Filed by Creditor OneWest Bank, FSB (Landau, Lewis) (Entered: 07/18/2012) |
| 07/18/2012 | | Receipt of Motion for Relief from Stay - Real Property(1:12-bk-10986-AA) [motion,nmrp] ( 176.00) Filing Fee. Receipt number 28249086. Fee amount 176.00. (U.S. Treasury) (Entered: 07/18/2012) |
| 07/19/2012 | 100 | Hearing Set (RE: related document(s)99 Motion for Relief from Stay - Real Property filed by Creditor OneWest Bank, FSB) The Hearing date is set for 8/8/2012 at 11:30 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Alan M. Ahart (Ogier, Kathy) (Entered: 07/19/2012) |
| 07/20/2012 | 101 (3 pgs) | Application *of Non-Resident Attorney to Appear in a Specific Case [LBR 2090-1(b)]* Filed by Debtor Allana Baroni (Blank, Linda) (Entered: 07/20/2012) |
| 07/20/2012 | 102 (8 pgs) | Notice of motion/application *and Motion in Individual Chapter 11 Case for Order Employing Professional [LBR 2014-1]* Filed by Debtor Allana Baroni. (Blank, Linda) (Entered: 07/20/2012) |
| 07/20/2012 | 103 (9 pgs) | Declaration re: *of Michael S. Riley in Support of Debtors Motion in Individual Chapter 11 Case for Order Employing Professional* Filed by Debtor Allana Baroni (RE: related document(s)102 Notice of motion/application). (Blank, Linda) (Entered: 07/20/2012) |
| 07/20/2012 | 104 (8 pgs) | Notice of Motion and Motion in Individual Ch 11 Case for Order Employing Professional (LBR 2014-1): Michael S. Riley as Special Counsel *(Replaces document #102 filed under wrong event code)* Filed by Debtor Allana Baroni (Blank, Linda) (Entered: 07/20/2012) |
| 07/20/2012 | 105 (9 pgs) | Declaration re: *of Michael S. Riley in Support of Debtors Motion in Individual Chapter 11 Case for Order Employing Professional* Filed by Debtor Allana Baroni (RE: related document(s)104 Notice of Motion and Motion in Individual Ch 11 Case for Order Employing Professional (LBR 2014-1): Michael S. Riley as Special Counsel *(Replaces document #102 filed under wrong event code)*). (Blank, Linda) (Entered: 07/20/2012) |
| 07/23/2012 | 106 (3 pgs) | Order Granting Application of non-resident attorney to appear in a specific case (Related Doc # 101 ) Signed on 7/23/2012 (Ogier, Kathy) (Entered: 07/23/2012) |

| | | |
|---|---|---|
| 07/23/2012 | 107 (5 pgs) | Reply to (related document(s): 91 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *with proof of service* filed by Debtor Allana Baroni) *in Support of Motion to Extend Exclusivity* Filed by Debtor Allana Baroni (Blank, Linda) (Entered: 07/23/2012) |
| 07/23/2012 | 108 (3 pgs) | Notice of Hearing *on Debtor's Motion to Extend Exclusivity* Filed by Debtor Allana Baroni (RE: related document(s)91 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *with proof of service* Filed by Debtor Allana Baroni). (Blank, Linda) (Entered: 07/23/2012) |
| 07/23/2012 | 109 (14 pgs) | Motion *Notice of Motion and Motion for Order Pursuant to 11 U.S.C. §363 Setting Budget for Interim Use of Estate Property as Defined by 11 U.S.C. §1115; Declaration of Allana Baroni in Support Thereof* Filed by Debtor Allana Baroni (Blank, Linda) (Entered: 07/23/2012) |
| 07/23/2012 | 110 (7 pgs) | Opposition to (related document(s): 99 Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 3339 Via Verde Court, Calabasas, CA 91302 *with Notice and Proof of Service*. Fee Amount $176, filed by Creditor OneWest Bank, FSB) Filed by Debtor Allana Baroni (Blank, Linda) (Entered: 07/23/2012) |
| 07/24/2012 | 111 | Hearing Set (RE: related document(s)91 Motion to Extend/Limit Exclusivity Period filed by Debtor Allana Baroni) The Hearing date is set for 8/15/2012 at 10:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Alan M. Ahart (Remy, Johanne) (Entered: 07/24/2012) |
| 07/24/2012 | 112 (10 pgs) | Transcript regarding Hearing Held 05/30/12 RE: Hrg Re Debtor's Application to Employ Goomadn Faith llp. Remote electronic access to the transcript is restricted until 10/22/2012. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For transcriber contact information, call the applicable divisional office where the case was filed.]. Notice of Intent to Request Redaction Deadline Due By 7/31/2012. Redaction Request Due By 08/14/2012. Redacted Transcript Submission Due By 08/24/2012. Transcript access will be restricted through 10/22/2012. (Bauer, Tara) (Entered: 07/24/2012) |
| 07/25/2012 | 113 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)106 Order on Generic Application) No. of Notices: 1. Notice Date 07/25/2012. (Admin.) (Entered: 07/26/2012) |
| 08/01/2012 | 114 (7 pgs) | Reply to (related document(s): 110 Opposition filed by Debtor Allana Baroni) *with Proof of Service* Filed by Creditor OneWest Bank, FSB (Landau, Lewis) (Entered: 08/01/2012) |
| 08/06/2012 | 115 (8 pgs) | Opposition to (related document(s): 109 Motion *Notice of Motion and Motion for Order Pursuant to 11 U.S.C. §363 Setting Budget for Interim Use of Estate Property as Defined by 11 U.S.C. §1115; Declaration of Allana Baroni in Support Thereof* filed by Debtor Allana Baroni) *and Request for Hearing with Proof of Service* Filed by Creditor OneWest Bank, FSB (Landau, Lewis) (Entered: 08/06/2012) |
| 08/10/2012 | 116 (2 pgs) | Notice of Hearing re status conference on chapter 11 voluntary petition. The Hearing date is set for 9/5/2012 at 10:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Alan M. Ahart (Ogier, Kathy) (Entered: 08/10/2012) |
| 08/10/2012 | 117 | Hearing Set Status hearing to be held on 9/5/2012 at 10:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Alan M. Ahart related #311(Ogier, Kathy) (Entered: 08/10/2012) |
| 08/16/2012 | 118 (7 pgs) | Order Granting Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF) (Related Doc # 99 ) Signed on 8/16/2012 (Remy, Johanne) (Entered: 08/16/2012) |
| 08/16/2012 | 119 (5 pgs) | Declaration re: non opposition *filing Application to Employ Mike Riley as special counsel for Debtor and Debtor-in-Possession* Filed by Debtor Allana Baroni. (Blank, Linda) (Entered: 08/16/2012) |
| 08/16/2012 | 120 (4 pgs) | Substitution of attorney Filed by Debtor Allana Baroni. (Landsberg, Ian) (Entered: 08/16/2012) |
| 08/17/2012 | 121 (6 pgs) | Emergency motion *Emergency Motion for Reconsideration of Onewest Bank's Motion for Relief From Stay, Or In The Alternative For An Order Reinstating The Autmotic Stay Under 11 U.S.C 105 With Respect to Real Property Located At 3339 Via Verde Court, Calabasas California [Declarations of Allana Baroni, Tony Giordano and Linda Blank Filed Concurrently Herewith]* Filed by Debtor Allana Baroni (Landsberg, Ian) (Entered: 08/17/2012) |
| 08/17/2012 | 122 (22 pgs; 6 docs) | Declaration re: *Declaration of Allana Baroni in Support of Motion for Reconsideration of Onewest Bank's Motion for Relief From Stay, Or In The Alternative, For An Order Reinstating The Autmotic Stay Under 11 U.S.C. 105 With Respect To Real Property Located At 3339 Via Verde Court, Calabasas, California* Filed by Debtor Allana Baroni (RE: related document(s)121 Emergency motion *Emergency Motion for Reconsideration of Onewest Bank's Motion for Relief From Stay, Or In The Alternative For An Order Reinstating The Autmotic Stay Under 11 U.S.C 105 With Respect to Real Property Located At 3339 Via Verde Cour). (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5) (Landsberg, Ian) (Entered: 08/17/2012)* |

| | | |
|---|---|---|
| 08/17/2012 | 123 (8 pgs) | Declaration re: *Declaration of Tony Giordano in Support of Motion for Reconsideration* Filed by Debtor Allana Baroni (RE: related document(s)121 Emergency motion *Emergency Motion for Reconsideration of Onewest Bank's Motion for Relief From Stay, Or In The Alternative For An Order Reinstating The Autmotic Stay Under 11 U.S.C 105 With Respect to Real Property Located At 3339 Via Verde Cour). (Landsberg, Ian) (Entered: 08/17/2012)* |
| 08/17/2012 | 124 (2 pgs) | Declaration re: *Declaration of Linda Blank in Support of Motion for Reconsideration* Filed by Debtor Allana Baroni (RE: related document(s)121 Emergency motion *Emergency Motion for Reconsideration of Onewest Bank's Motion for Relief From Stay, Or In The Alternative For An Order Reinstating The Autmotic Stay Under 11 U.S.C 105 With Respect to Real Property Located At 3339 Via Verde Cour). (Landsberg, Ian) (Entered: 08/17/2012)* |
| 08/17/2012 | 125 (4 pgs) | Application shortening time Filed by Debtor Allana Baroni (Landsberg, Ian) (Entered: 08/17/2012) |
| 08/17/2012 | 126 (7 pgs) | Order Granting Application and setting hearing on shortened notice (Related Doc # 125 ) Signed on 8/17/2012 (Remy, Johanne) (Entered: 08/17/2012) |
| 08/17/2012 | 127 | Hearing Set (RE: related document(s)121 Emergency motion filed by Debtor Allana Baroni) The Hearing date is set for 8/22/2012 at 11:30 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Alan M. Ahart (Remy, Johanne) (Entered: 08/17/2012) |
| 08/17/2012 | 128 (4 pgs) | Declaration re: *Declaration Re Service* Filed by Debtor Allana Baroni (RE: related document(s)121 Emergency motion *Emergency Motion for Reconsideration of Onewest Bank's Motion for Relief From Stay, Or In The Alternative For An Order Reinstating The Autmotic Stay Under 11 U.S.C 105 With Respect to Real Property Located At 3339 Via Verde Cour, 122 Declaration, 123 Declaration, 124 Declaration, 125 Application shortening time , 126 Order (Generic)). (Landsberg, Ian) (Entered: 08/17/2012)* |
| 08/18/2012 | 129 (9 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)118 Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF)) No. of Notices: 1. Notice Date 08/18/2012. (Admin.) (Entered: 08/18/2012) |
| 08/19/2012 | 130 (9 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)126 Order (Generic)) No. of Notices: 2. Notice Date 08/19/2012. (Admin.) (Entered: 08/19/2012) |
| 08/21/2012 | 131 (4 pgs) | Proof of service *Proof of Service Re: 1. Notice of Status Conference 2. Procedure for Approval of Disclosure Statement and Confirmation of Chapter 11 Plan of Cases Assigned to Judge Alan M. Ahart* Filed by Debtor Allana Baroni (RE: related document(s)116 Notice of Hearing). (Landsberg, Ian) (Entered: 08/21/2012) |
| 08/31/2012 | 132 (5 pgs) | Order Granting Debtor's Emergency Motion for Reconsideration of Onewest Bank's motion for relief from stay, or in the alternative for an order reinstating the autmotic Stay under 11 USC 105 with respect to real property located At 3339 Via Verde Court, Calabasas, California (Related Doc # 121 ) Signed on 8/31/2012 (Remy, Johanne) (Entered: 08/31/2012) |
| 08/31/2012 | 133 (9 pgs) | Notice of Appeal USDC Court. *with Proof of Service*. Fee Amount $298 Filed by Creditor OneWest Bank, FSB (RE: related document(s)132 Order (Generic)). Appellant Designation due by 09/14/2012. (Landau, Lewis) [2:12-CV-7638-DOC]Modified on 9/11/2012 (Ogier, Kathy). (Entered: 08/31/2012) |
| 08/31/2012 | | Receipt of Notice of Appeal(1:12-bk-10986-AA) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number 29006185. Fee amount 298.00. (U.S. Treasury) (Entered: 08/31/2012) |
| 08/31/2012 | 134 (3 pgs) | Election to Appeal to District Court *and Statement of Related Appellate Case 2:12-cv-05130-DOC with Proof of Service* Filed by Creditor OneWest Bank, FSB (RE: related document(s)133 Notice of Appeal). (Landau, Lewis) (Entered: 08/31/2012) |
| 09/02/2012 | 135 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)132 Order (Generic)) No. of Notices: 2. Notice Date 09/02/2012. (Admin.) (Entered: 09/02/2012) |
| 09/04/2012 | 136 (25 pgs) | Monthly Operating Report. Operating Report Number: 6. For the Month Ending 7/31/12 Filed by Debtor Allana Baroni. (Landsberg, Ian) (Entered: 09/04/2012) |
| 09/04/2012 | 137 (3 pgs) | Notice of referral of appeal to U. S. District Court with certificate of mailing (RE: related document(s)133 Notice of Appeal filed by Creditor OneWest Bank, FSB) (Ogier, Kathy) (Entered: 09/05/2012) |
| 09/05/2012 | 138 (4 pgs) | Order Granting in part, Denying in part Motion in Individual Ch 11 Case for Order Employing Professional (LBR 2014-1) (Related Doc # 104) Signed on 9/5/2012. I, Kathy Ogier who is making this |

| | | |
|---|---|---|
| | | entry, certify that service on all parties under Section II was completed.(Ogier, Kathy) (Entered: 09/05/2012) |
| 09/05/2012 | 139 (4 pgs) | Order Granting Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement (Related Doc # 91 ) Signed on 9/5/2012 (Ogier, Kathy) (Entered: 09/05/2012) |
| 09/06/2012 | 140 (4 pgs) | Scheduling Order on chapter 11 case (Related Doc # 1 ) Signed on 9/6/2012 (Ogier, Kathy) (Entered: 09/06/2012) |
| 09/06/2012 | 145 (2 pgs) | Notice regarding appeal from Bankruptcy Court(RE: related document(s)133 Notice of Appeal USDC Court. *with Proof of Service*. Fee Amount $298 Filed by Creditor OneWest Bank, FSB). (Ogier, Kathy) (Entered: 09/11/2012) |
| 09/07/2012 | 141 (6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)139 Order on Motion to Extend Exclusivity Period) No. of Notices: 2. Notice Date 09/07/2012. (Admin.) (Entered: 09/07/2012) |
| 09/08/2012 | 142 (6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)140 Order (Generic)) No. of Notices: 2. Notice Date 09/08/2012. (Admin.) (Entered: 09/08/2012) |
| 09/11/2012 | 143 (22 pgs) | Transcript regarding Hearing Held 08/22/12 RE: Debtor's Emergency Motion for Reconsideration of Onewest Bank's Motion for Relief from Stay. Remote electronic access to the transcript is restricted until 12/10/2012. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For transcriber contact information, call the applicable divisional office where the case was filed.]. Notice of Intent to Request Redaction Deadline Due By 9/18/2012. Redaction Request Due By 10/2/2012. Redacted Transcript Submission Due By 10/12/2012. Transcript access will be restricted through 12/10/2012. (Bauer, Tara) (Entered: 09/11/2012) |
| 09/11/2012 | 144 (5 pgs) | Transcript regarding Hearing Held 08/08/12 RE: Motion for Relief from Stay. Remote electronic access to the transcript is restricted until 12/10/2012. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For transcriber contact information, call the applicable divisional office where the case was filed.]. Notice of Intent to Request Redaction Deadline Due By 9/18/2012. Redaction Request Due By 10/2/2012. Redacted Transcript Submission Due By 10/12/2012. Transcript access will be restricted through 12/10/2012. (Bauer, Tara) (Entered: 09/11/2012) |
| 09/12/2012 | 146 (24 pgs) | Application to Employ Landsberg & Associates, A Professional Law Corporation as General Bankruptcy Counsel *Application by Debtor and Debtor in Possession to Employ Landsberg & Associates, A Professional Law Corporation as General Bankruptcy Counsel; Declaration of Ian S. Landsberg in Support Thereof* Filed by Debtor Allana Baroni (Landsberg, Ian) (Entered: 09/12/2012) |
| 09/12/2012 | 147 (7 pgs) | Notice of motion/application *Notice of Application by Debtor and Debtor in Possession to Employ Landsberg & Associates, A Professional Law Corporation as General Bankruptcy Counsel* Filed by Debtor Allana Baroni (RE: related document(s)146 Application to Employ Landsberg & Associates, A Professional Law Corporation as General Bankruptcy Counsel *Application by Debtor and Debtor in Possession to Employ Landsberg & Associates, A Professional Law Corporation as General Bankruptcy Counsel; Declaration of Ian S. Landsberg in Support Thereof* Filed by Debtor Allana Baroni). (Landsberg, Ian) (Entered: 09/12/2012) |
| 09/14/2012 | 148 (5 pgs) | Statement of Issues on Appeal , Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Creditor OneWest Bank, FSB (RE: related document(s)133 Notice of Appeal, 134 Election to Appeal). Appellee designation due by 09/28/2012. Transmission of Designation Due by 10/15/2012. (Landau, Lewis) (Entered: 09/14/2012) |
| 09/14/2012 | 149 (3 pgs) | Notice of transcripts Filed by Creditor OneWest Bank, FSB (RE: related document(s)133 Notice of Appeal). (Landau, Lewis) (Entered: 09/14/2012) |
| 09/14/2012 | 150 (6 pgs) | Statement of Issues on Appeal , Appellant Designation of Contents For Inclusion in Record On Appeal *(Amended) with Proof of Service* Filed by Creditor OneWest Bank, FSB (RE: related document(s)133 Notice of Appeal, 148 Statement of Issues on Appeal). Appellee designation due by 09/28/2012. Transmission of Designation Due by 10/15/2012. (Landau, Lewis) (Entered: 09/14/2012) |
| 09/20/2012 | 151 (29 pgs) | Monthly Operating Report. Operating Report Number: 6. For the Month Ending 8/31/12 Filed by Debtor Allana Baroni. (Landsberg, Ian) (Entered: 09/20/2012) |
| 09/24/2012 | 152 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Blank, Linda. (Blank, Linda) (Entered: 09/24/2012) |
| 09/27/2012 | 153 (45 pgs) | Disclosure Statement *and Plan or Reorganization for Allana Baroni* Filed by Debtor Allana Baroni. (Landsberg, Ian) (Entered: 09/27/2012) |
| 09/27/2012 | 154 | Exhibit *1* Filed by Debtor Allana Baroni (RE: related document(s)153 Disclosure Statement). (Landsberg, |

| | | |
|---|---|---|
| | (4 pgs) | Ian) (Entered: 09/27/2012) |
| 09/27/2012 | 155 (90 pgs; 5 docs) | Exhibit *2 through 6* Filed by Debtor Allana Baroni (RE: related document(s)153 Disclosure Statement). (Attachments: # 1 Exhibit 3# 2 Exhibit 4# 3 Exhibit 5# 4 Exhibit 6) (Landsberg, Ian) (Entered: 09/28/2012) |
| 09/28/2012 | 156 (122 pgs; 7 docs) | Exhibit *7* Filed by Debtor Allana Baroni (RE: related document(s)153 Disclosure Statement). (Attachments: # 1 Volume(s) 2# 2 Volume(s) 3# 3 Volume(s) 4# 4 Volume(s) 5# 5 Volume(s) 6# 6 Volume(s) 7) (Landsberg, Ian) (Entered: 09/28/2012) |
| 09/28/2012 | 157 (3 pgs) | Exhibit *8* Filed by Debtor Allana Baroni (RE: related document(s)153 Disclosure Statement). (Landsberg, Ian) (Entered: 09/28/2012) |
| 09/28/2012 | 158 (2 pgs) | Certificate of readiness of record on appeal to District Court. Case Number: 1210986 (RE: related document(s)133 Notice of Appeal filed by Creditor OneWest Bank, FSB, 134 Election to Appeal filed by Creditor OneWest Bank, FSB, 148 Statement of Issues on Appeal filed by Creditor OneWest Bank, FSB, Appellant Designation, 149 Notice of transcripts filed by Creditor OneWest Bank, FSB) (Ogier, Kathy) (Entered: 09/28/2012) |
| 09/28/2012 | 159 (5 pgs) | Proof of service Filed by Debtor Allana Baroni (RE: related document(s)153 Disclosure Statement, 154 Exhibit, 155 Exhibit, 156 Exhibit, 157 Exhibit). (Landsberg, Ian) (Entered: 09/28/2012) |
| 10/03/2012 | 160 (28 pgs) | Amended Schedule A , Amended Schedule B , Amended Schedule C , Schedule G , Schedule H , Amended Schedule I , Amended Schedule J Filed by Debtor Allana Baroni. (Landsberg, Ian) (Entered: 10/03/2012) |
| 10/03/2012 | 161 (27 pgs; 2 docs) | Amending Schedules (D) (F) Filed by Debtor Allana Baroni. (Attachments: # 1 Exhibit Creditor Matrix) (Landsberg, Ian) (Entered: 10/03/2012) |
| 10/03/2012 | | Receipt of Amending Schedules D E or F(1:12-bk-10986-AA) [misc,amdsch] ( 30.00) Filing Fee. Receipt number 29535078. Fee amount 30.00. (U.S. Treasury) (Entered: 10/03/2012) |
| 10/03/2012 | 162 (1 pg) | Declaration Re: Electronic Filing Filed by Debtor Allana Baroni. (Landsberg, Ian) (Entered: 10/03/2012) |
| 10/05/2012 | 163 (2 pgs) | Certificate of readiness of record on appeal to District Court. Case Number: 1205130 (RE: related document(s)82 Notice of Appeal filed by Creditor OneWest Bank, FSB) (Ogier, Kathy) (Entered: 10/05/2012) |
| 10/08/2012 | 164 (40 pgs) | Declaration re: non opposition *Declaration of Ian S. Landsberg Re No Opposition to Application by Debtor and Debtor-in-Possession to Employ Landsberg & Associates, A Professional Law Corporation as General Bankruptcy Counsel* Filed by Debtor Allana Baroni (RE: related document(s)146 Application to Employ Landsberg & Associates, A Professional Law Corporation as General Bankruptcy Counsel *Application by Debtor and Debtor in Possession to Employ Landsberg & Associates, A Professional Law Corporation as General Bankruptcy Counsel;). (Landsberg, Ian) (Entered: 10/08/2012)* |
| 10/09/2012 | 165 (7 pgs) | Order Granting Application to Employ Landsberg & Associates (Related Doc # 146) Signed on 10/9/2012. (Ogier, Kathy) (Entered: 10/09/2012) |
| 10/10/2012 | 166 (1 pg) | Notice re: bankruptcy record complete briefing schedule and notice of entry(RE: related document(s)82 Notice of Appeal USDC Court. *with Proof of Service*. Fee Amount $298 Filed by Creditor OneWest Bank, FSB). (Ogier, Kathy) (Entered: 10/17/2012) |
| 10/18/2012 | 167 (20 pgs) | Motion for approval of chapter 11 disclosure statement *Notice of Motion and Motion for Order Approving Disclosure Statement and Plan of Reorganization for Allana Baroni* Filed by Debtor Allana Baroni (Landsberg, Ian) (Entered: 10/18/2012) |
| 10/19/2012 | 168 | Hearing Set (RE: related document(s)167 Motion for approval of chapter 11 disclosure statement filed by Debtor Allana Baroni) The Hearing date is set for 11/14/2012 at 10:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Alan M. Ahart (Ogier, Kathy) (Entered: 10/19/2012) |
| 10/19/2012 | 169 (15 pgs) | Monthly Operating Report. Operating Report Number: 7. For the Month Ending September 30, 2012 *Monthly Operating Report #7* Filed by Debtor Allana Baroni. (Landsberg, Ian) (Entered: 10/19/2012) |
| 10/19/2012 | 170 (4 pgs) | Objection (related document(s): 167 Motion for approval of chapter 11 disclosure statement *Notice of Motion and Motion for Order Approving Disclosure Statement and Plan of Reorganization for Allana Baroni* filed by Debtor Allana Baroni) *Objection To Individual Debtor's Disclosure Statement* Filed by U.S. Trustee United States Trustee (SV) (Ross, S) (Entered: 10/19/2012) |

| | | |
|---|---|---|
| 10/19/2012 | 171 (24 pgs) | Monthly Operating Report. Operating Report Number: 7. For the Month Ending September 30, 2012 *Amended Monthly Operating Report for September 2012* Filed by Debtor Allana Baroni. (Landsberg, Ian) (Entered: 10/19/2012) |
| 10/23/2012 | 172 (69 pgs) | Motion for 2004 Examination *Notice of Motion and Motion Pursuant to Fed. R. Bankr. P. 2004 for the Production of Documents and the Oral Examination of the Person Designated by One West Bank to be Most Knowledgeable of the Topics Identified Herein; Declarations of Allana Baroni and Michael S. Riley in Support Thereof* Filed by Debtor Allana Baroni (Landsberg, Ian) (Entered: 10/23/2012) |
| 10/29/2012 | 173 (13 pgs) | Order Granting Motion for 2004 Examination (Related Doc # 172 ) Signed on 10/29/2012 (Ogier, Kathy) (Entered: 10/29/2012) |
| 10/29/2012 | 174 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Reganyan, Robert. (Reganyan, Robert) (Entered: 10/29/2012) |
| 10/29/2012 | 175 (3 pgs) | Notice of Change of Address . (Landsberg, Ian) (Entered: 10/29/2012) |
| 10/31/2012 | 176 (4 pgs) | Notice *Notice of Subpoena on One West Bank Custodian of Records* Filed by Debtor Allana Baroni. (Landsberg, Ian) (Entered: 10/31/2012) |
| 10/31/2012 | 177 (4 pgs) | Notice *Notice of Subpoena on Jennifer Gray Employee or Agent of One West Bank* Filed by Debtor Allana Baroni. (Landsberg, Ian) (Entered: 10/31/2012) |
| 10/31/2012 | 178 (4 pgs) | Notice *Notice of Subpoena on One West Bank Person(s) Most Knowledgeable* Filed by Debtor Allana Baroni. (Landsberg, Ian) (Entered: 10/31/2012) |
| 10/31/2012 | 179 (2 pgs) | Notice of Change of Address *for attorney Summer Saad* Filed by Debtor Allana Baroni. (Landsberg, Ian) (Entered: 10/31/2012) |
| 10/31/2012 | 180 (4 pgs) | Notice *Amended Notice of Subpoena on Jennifer Gray Employee or Agent of One West Bank* Filed by Debtor Allana Baroni (RE: related document(s)177 Notice *Notice of Subpoena on Jennifer Gray Employee or Agent of One West Bank* Filed by Debtor Allana Baroni.). (Landsberg, Ian) (Entered: 10/31/2012) |
| 10/31/2012 | 181 (29 pgs) | Notice *Amended Notice of Subpoena on One West Bank Person(s) Most Knowledgeable* Filed by Debtor Allana Baroni (RE: related document(s)178 Notice *Notice of Subpoena on One West Bank Person). (Landsberg, Ian) (Entered: 10/31/2012)* |
| 10/31/2012 | 182 (29 pgs) | Notice *Amende Notice of Subpoena on One West Bank Custodian of Records* Filed by Debtor Allana Baroni (RE: related document(s)176 Notice *Notice of Subpoena on One West Bank Custodian of Records* Filed by Debtor Allana Baroni.). (Landsberg, Ian) (Entered: 10/31/2012) |
| 10/31/2012 | 183 (29 pgs) | Notice *Amended Notice of Subpoena on Jennifer Gray Employee or Agent of One West Bank* Filed by Debtor Allana Baroni (RE: related document(s)180 Notice *Amended Notice of Subpoena on Jennifer Gray Employee or Agent of One West Bank* Filed by Debtor Allana Baroni). (Landsberg, Ian) (Entered: 10/31/2012) |
| 10/31/2012 | 184 (4 pgs) | Opposition to (related document(s): 167 Motion for approval of chapter 11 disclosure statement *Notice of Motion and Motion for Order Approving Disclosure Statement and Plan of Reorganization for Allana Baroni* filed by Debtor Allana Baroni) *with Proof of Service* Filed by Creditor Nationstar Mortgage, LLC (Estle, Mark) (Entered: 10/31/2012) |
| 10/31/2012 | 185 (15 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)173 Order on Motion for Examination) No. of Notices: 4. Notice Date 10/31/2012. (Admin.) (Entered: 10/31/2012) |
| 11/01/2012 | 186 (111 pgs) | Opposition to (related document(s): 172 Motion for 2004 Examination *Notice of Motion and Motion Pursuant to Fed. R. Bankr. P. 2004 for the Production of Documents and the Oral Examination of the Person Designated by One West Bank to be Most Knowledgeable of the Topics Identified Herein; De filed by Debtor Allana Baroni) and Request For Hearing with Exhibit A and Proof of Service. Filed by Creditor OneWest Bank, FSB (Reganyan, Robert) (Entered: 11/01/2012)* |
| 11/01/2012 | 187 (20 pgs) | Application shortening time *re: OneWest's motion for protective order in relation to Debtor's filed 2004 Motion.* Filed by Creditor OneWest Bank, FSB (Reganyan, Robert) (Entered: 11/01/2012) |
| 11/01/2012 | 188 (21 pgs; 2 docs) | Motion for Protective Order *with Proof of Service.* Filed by Creditor OneWest Bank, FSB (Attachments: # 1 Continued NEF Service) (Reganyan, Robert) (Entered: 11/01/2012) |
| 11/01/2012 | 189 | Application shortening time *amended with Declaration of Robert Reganyan* Filed by Creditor OneWest |

| | | |
|---|---|---|
| | (5 pgs) | Bank, FSB (Reganyan, Robert) (Entered: 11/01/2012) |
| 11/01/2012 | 190 (135 pgs; 3 docs) | Motion to Reconsider (related documents 173 Order on Motion for Examination) *with application for order shortening time* Filed by Creditor OneWest Bank, FSB (Attachments: # 1 Exhibit # 2 Proof of Service) (Reganyan, Robert) (Entered: 11/01/2012) |
| 11/01/2012 | 191 (135 pgs; 3 docs) | Application shortening time *with motion for reconsideration and Exhibits.* Filed by Creditor OneWest Bank, FSB (Attachments: # 1 Exhibit # 2 Proof of Service) (Reganyan, Robert) (Entered: 11/01/2012) |
| 11/02/2012 | 192 (7 pgs) | Order Granting Application and setting hearing on shortened notice (Related Doc # 187 ) Signed on 11/2/2012 (Remy, Johanne) (Entered: 11/02/2012) |
| 11/02/2012 | 193 (7 pgs) | Order Granting Application on setting hearing on shortened notice (Related Doc # 191 ) Signed on 11/2/2012 (Remy, Johanne) (Entered: 11/02/2012) |
| 11/02/2012 | 194 | Hearing Set (RE: related document(s)188 Motion for Protective Order filed by Creditor OneWest Bank, FSB) The Hearing date is set for 11/14/2012 at 11:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Alan M. Ahart (Remy, Johanne) (Entered: 11/02/2012) |
| 11/02/2012 | 195 | Hearing Set (RE: related document(s)190 Motion to Reconsider filed by Creditor OneWest Bank, FSB) The Hearing date is set for 11/14/2012 at 11:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Alan M. Ahart (Remy, Johanne) (Entered: 11/02/2012) |
| 11/04/2012 | 196 (9 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)192 Order (Generic)) No. of Notices: 5. Notice Date 11/04/2012. (Admin.) (Entered: 11/04/2012) |
| 11/04/2012 | 197 (9 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)193 Order (Generic)) No. of Notices: 5. Notice Date 11/04/2012. (Admin.) (Entered: 11/04/2012) |
| 11/07/2012 | 198 (3 pgs) | Notice resetting time of hearing on motion for approval of disclosure statement(RE: related document(s)167 Motion for approval of chapter 11 disclosure statement *Notice of Motion and Motion for Order Approving Disclosure Statement and Plan of Reorganization for Allana Baroni* Filed by Debtor Allana Baroni). The Hearing date is set for 11/14/2012 at 11:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Alan M. Ahart (Ogier, Kathy) (Entered: 11/07/2012) |
| 11/07/2012 | | Hearing (Bk Motion) Continued (RE: related document(s) 167 MOTION FOR APPROVAL OF CHAPTER 11 DISCLOSURE STATEMENT filed by Allana Baroni) Hearing to be held on 11/14/2012 at 11:00 AM 21041 Burbank Blvd Woodland Hills, CA 91367 for 167 , (Ogier, Kathy) (Entered: 11/07/2012) |
| 11/07/2012 | 199 (8 pgs) | Reply to (related document(s): 167 Motion for approval of chapter 11 disclosure statement *Notice of Motion and Motion for Order Approving Disclosure Statement and Plan of Reorganization for Allana Baroni* filed by Debtor Allana Baroni, 184 Opposition filed by Creditor Nationstar Mortgage, LLC) *with proof of service* Filed by Debtor Allana Baroni (Landsberg, Ian) (Entered: 11/07/2012) |
| 11/13/2012 | 200 (10 pgs) | Response to (related document(s): 188 Motion for Protective Order *with Proof of Service.* filed by Creditor OneWest Bank, FSB, 190 Motion to Reconsider (related documents 173 Order on Motion for Examination) *with application for order shortening time* filed by Creditor OneWest Bank, FSB) *Debtor's Repsone to One West Bank's Motion for Recondsideration and Objection to Debtor's Motion for Rule 2004 Examination of One West Bank FSBA and For Production of Documents* Filed by Debtor Allana Baroni (Landsberg, Ian) (Entered: 11/13/2012) |
| 11/13/2012 | 201 (5 pgs) | Objection (related document(s): 188 Motion for Protective Order *with Proof of Service.* filed by Creditor OneWest Bank, FSB, 190 Motion to Reconsider (related documents 173 Order on Motion for Examination) *with application for order shortening time* filed by Creditor OneWest Bank, FSB) *Debtor's OBjection to Motion for Protective Order Filed By OneWest Bank, FSB* Filed by Debtor Allana Baroni (Landsberg, Ian) (Entered: 11/13/2012) |
| 11/13/2012 | 202 (4 pgs) | Motion to Appear pro hac vice *for attorney William Finkelstein, Dykema Gossett PLLC,* Filed by Creditor OneWest Bank, FSB (Reganyan, Robert) (Entered: 11/13/2012) |
| 11/13/2012 | 203 (5 pgs) | Motion to Appear pro hac vice *for attorney Jeffrey R. Fine, Dykema Gossett, PLLC.* Filed by Creditor OneWest Bank, FSB (Reganyan, Robert) (Entered: 11/13/2012) |
| 11/13/2012 | 204 (24 pgs) | Declaration re: *of Micahel S. Riley* Filed by Debtor Allana Baroni (RE: related document(s)200 Response, 201 Objection). (Landsberg, Ian) (Entered: 11/13/2012) |
| 11/13/2012 | 205 (3 pgs) | Ex parte application *Debtor's Ex Parte Request for Leave to File after 10:00 a.m. Declaration of Michael S. Riley* Filed by Debtor Allana Baroni (Landsberg, Ian) (Entered: 11/13/2012) |

| | | |
|---|---|---|
| 11/13/2012 | 206 (2 pgs) | Proof of service Filed by Debtor Allana Baroni (RE: related document(s)204 Declaration). (Landsberg, Ian) (Entered: 11/13/2012) |
| 11/13/2012 | 207 (13 pgs) | Errata *Errata to Exhibit "D" of Declaration of Michael S. Riley in Support of Debtor's Responses to One West Bank FSB's Objection to 2004 Examination and Debtor's Objection to Motion for Protective Order* Filed by Attorney Landsberg & Associates (RE: related document(s)204 Declaration). (Landsberg, Ian) (Entered: 11/13/2012) |
| 11/13/2012 | 208 (2 pgs) | Declaration re: *of Robert Reganyan re: payment of pro hac vice filing fee* Filed by Creditor OneWest Bank, FSB (RE: related document(s)202 Motion to Appear pro hac vice *for attorney William Finkelstein, Dykema Gossett PLLC,*, 203 Motion to Appear pro hac vice *for attorney Jeffrey R. Fine, Dykema Gossett, PLLC.*). (Reganyan, Robert) (Entered: 11/13/2012) |
| 11/13/2012 | 209 (3 pgs) | Application *Request for Telephonic Appearance* Filed by Debtor Allana Baroni (Landsberg, Ian) (Entered: 11/13/2012) |
| 11/13/2012 | 210 (3 pgs) | Motion *Request for Telephonic Appearance* Filed by Debtor Allana Baroni (Landsberg, Ian) (Entered: 11/13/2012) |
| 11/13/2012 | 211 (2 pgs) | Proof of service Filed by Creditor OneWest Bank, FSB (RE: related document(s)192 Order (Generic)). (Reganyan, Robert) (Entered: 11/13/2012) |
| 11/13/2012 | 212 (2 pgs) | Proof of service Filed by Creditor OneWest Bank, FSB (RE: related document(s)193 Order (Generic)). (Reganyan, Robert) (Entered: 11/13/2012) |
| 11/14/2012 | 213 (3 pgs) | Order Granting Motion To Appear pro hac vice (Related Doc # 202 ) Signed on 11/14/2012 (Remy, Johanne) (Entered: 11/14/2012) |
| 11/14/2012 | 214 (3 pgs) | Order Granting Motion To Appear pro hac vice (Related Doc # 203 ) Signed on 11/14/2012 (Remy, Johanne) (Entered: 11/14/2012) |
| 11/14/2012 | | Hearing (Bk Motion) Continued (RE: related document(s) 188 MOTION FOR PROTECTIVE ORDER filed by OneWest Bank, FSB) Hearing to be held on 12/05/2012 at 11:00 AM 21041 Burbank Blvd Woodland Hills, CA 91367 for 188 , (Ogier, Kathy) (Entered: 11/14/2012) |
| 11/14/2012 | | Hearing (Bk Motion) Continued (RE: related document(s) 167 MOTION FOR APPROVAL OF CHAPTER 11 DISCLOSURE STATEMENT filed by Allana Baroni) Hearing to be held on 01/09/2013 at 10:00 AM 21041 Burbank Blvd Woodland Hills, CA 91367 for 167 , (Ogier, Kathy) (Entered: 11/14/2012) |
| 11/16/2012 | 215 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)213 Order on Motion to Appear pro hac vice) No. of Notices: 5. Notice Date 11/16/2012. (Admin.) (Entered: 11/16/2012) |
| 11/16/2012 | 216 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)214 Order on Motion to Appear pro hac vice) No. of Notices: 5. Notice Date 11/16/2012. (Admin.) (Entered: 11/16/2012) |
| 11/20/2012 | 217 (20 pgs) | Monthly Operating Report. Operating Report Number: 8. For the Month Ending 10/31/12 Filed by Debtor Allana Baroni. (Landsberg, Ian) (Entered: 11/20/2012) |
| 11/21/2012 | 218 (23 pgs) | Transcript regarding Hearing Held 11/14/12 RE: Hearing re Creditor's Motion for Protective Order. Remote electronic access to the transcript is restricted until 02/19/2013. The transcript may be viewed at the Bankruptcy Court Clerk's Office. [For transcriber contact information, call the applicable divisional office where the case was filed.]. Notice of Intent to Request Redaction Deadline Due By 11/28/2012. Redaction Request Due By 12/12/2012. Redacted Transcript Submission Due By 12/24/2012. Transcript access will be restricted through 02/19/2013. (Bauer, Tara) (Entered: 11/21/2012) |
| 11/26/2012 | 219 (4 pgs) | Order Denying Motion To Reconsider (Related Doc # 190) Signed on 11/26/2012. (Ogier, Kathy) (Entered: 11/26/2012) |
| 11/26/2012 | 220 (23 pgs) | Notice of motion/application *Notice of Motion and Motion for Order Extending Exclusivity Period for the Debtor to Obtain Acceptances of Her Plan of Reorganization and Request for Extension of Court's Deadlines Commensurate Therewith; Memorandum of Points and Authorities; Declaration of Allana Baroni in Support* Filed by Attorney Landsberg & Associates. (Landsberg, Ian) (Entered: 11/26/2012) |
| 11/27/2012 | 221 (3 pgs) | Notice of Hearing *Notice to Professionals of Hearing on Fee Applications* Filed by Other Professional Goodman Faith, LLP. (Goodman, Andrew) (Entered: 11/27/2012) |
| 12/04/2012 | 222 (272 pgs; 17 docs) | Amended Disclosure Statement *First Amended Disclosure Statement and Plan of Reorganization for Allana Baroni* Filed by Debtor Allana Baroni (RE: related document(s)153 Disclosure Statement *and* |

| | | |
|---|---|---|
| | | *Plan or Reorganization for Allana Baroni* Filed by Debtor Allana Baroni.). (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5# 6 Exhibit 6# 7 Exhibit 7 Part 1# 8 Exhibit 7 Part 2# 9 Exhibit 7 Part 3# 10 Exhibit 7 Part 4# 11 Exhibit 7 Part 5# 12 Exhibit 7 Part 6# 13 Exhibit 7 Part 7# 14 Exhibit 7 Part 8# 15 Exhibit 7 Part 9# 16 Exhibit 8)(Landsberg, Ian) (Entered: 12/04/2012) |
| 12/04/2012 | 223 (9 pgs) | Notice of Hearing *Notice of Continued Hearing on Motion for Order Approving Disclosure Statement and Plan of Reorganization for Allana Baroni* Filed by Debtor Allana Baroni. (Landsberg, Ian) (Entered: 12/04/2012) |
| 12/04/2012 | 224 (48 pgs) | Amended Disclosure Statement *First Amended Disclosure Statement and Plan of Reorganization for Allana Baroni (Red Line Version)* Filed by Debtor Allana Baroni (RE: related document(s)153 Disclosure Statement *and Plan or Reorganization for Allana Baroni* Filed by Debtor Allana Baroni.). (Landsberg, Ian) (Entered: 12/04/2012) |
| 12/06/2012 | | Hearing (Bk Motion) Continued (RE: related document(s) 188 MOTION FOR PROTECTIVE ORDER filed by OneWest Bank, FSB) Hearing to be held on 01/02/2013 at 10:30 AM 21041 Burbank Blvd Woodland Hills, CA 91367 for 188 , (Remy, Johanne) (Entered: 12/06/2012) |
| 12/07/2012 | 225 (3 pgs) | Notice of Change of Address *and Termination from Case*. (Landau, Lewis) (Entered: 12/07/2012) |
| 12/18/2012 | 226 (4 pgs) | Stipulation By Linda M. Blank and *professionals to continue hearing on fee applications* Filed by Interested Party Linda M. Blank (Blank, Linda) (Entered: 12/18/2012) |
| 12/19/2012 | 227 (4 pgs) | Order Granting Stipulation to continue hearing date on fee applications (Related Doc # 226 ) Signed on 12/19/2012 (Ogier, Kathy) (Entered: 12/19/2012) |
| 12/20/2012 | 228 (19 pgs) | Monthly Operating Report. Operating Report Number: 9. For the Month Ending 11/30/12 Filed by Debtor Allana Baroni. (Landsberg, Ian) (Entered: 12/20/2012) |
| 12/21/2012 | 229 (6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)227 Stipulation and ORDER thereon) No. of Notices: 5. Notice Date 12/21/2012. (Admin.) (Entered: 12/21/2012) |
| 12/26/2012 | 230 (6 pgs) | Stipulation By OneWest Bank, FSB and *Debtor, Allana Baroni regarding stipulation to vacate continued hearing on motion for protective order filed by OneWest Bank with proof of service.* Filed by Creditor OneWest Bank, FSB (Rhim, J)CORRECTION: Stipulation cannot have two electronic signatures. Modified on 12/27/2012 (Ogier, Kathy). (Entered: 12/26/2012) |
| 12/26/2012 | 231 (8 pgs) | Notice *of Lodgment with Exhibit A and Proof of Service.* Filed by Creditor OneWest Bank, FSB (RE: related document(s)230 Stipulation By OneWest Bank, FSB and *Debtor, Allana Baroni regarding stipulation to vacate continued hearing on motion for protective order filed by OneWest Bank with proof of service.* Filed by Creditor OneWest Bank, FSB). (Rhim, J) (Entered: 12/26/2012) |
| 12/26/2012 | 232 (4 pgs) | Objection (related document(s): 222 Amended Disclosure Statement filed by Debtor Allana Baroni) *with Proof of Service* Filed by Creditor Nationstar Mortgage, LLC (Estle, Mark) (Entered: 12/26/2012) |
| 12/26/2012 | 233 (7 pgs) | Notice *amended Notice with Exhibit A, Order on Stipulation and Proof of Service.* Filed by Creditor OneWest Bank, FSB (RE: related document(s)230 Stipulation By OneWest Bank, FSB and *Debtor, Allana Baroni regarding stipulation to vacate continued hearing on motion for protective order filed by OneWest Bank with proof of service.* Filed by Creditor OneWest Bank, FSB). (Rhim, J) (Entered: 12/26/2012) |
| 12/26/2012 | 234 (11 pgs) | Objection (related document(s): 222 Amended Disclosure Statement filed by Debtor Allana Baroni) *with Proof of Service.* Filed by Creditor OneWest Bank, FSB (Rhim, J) (Entered: 12/26/2012) |
| 01/02/2013 | 235 (7 pgs) | Notice *of Lodgment of Stipulation to Vacate Continued Hearing on Motion for Protective Order with Proof of Service* Filed by Creditor OneWest Bank, FSB (RE: related document(s)230 Stipulation By OneWest Bank, FSB and *Debtor, Allana Baroni regarding stipulation to vacate continued hearing on motion for protective order filed by OneWest Bank with proof of service.* Filed by Creditor OneWest Bank, FSB.). (Rhim, J) (Entered: 01/02/2013) |
| 01/02/2013 | 236 (3 pgs) | Order 1- Approving Stipulation to Vacate continued hearing on motion for protective order filed by OneWest Bank FSB; and 2- Vacating 2/2/13 hearing (BNC-PDF) (Related Doc # 230 ) Signed on 1/2/2013 (Remy, Johanne) (Entered: 01/02/2013) |
| 01/02/2013 | 237 (46 pgs) | Notice *Notice of Errata to Main Document of First Amended Disclosure Statement and Plan of Reorganization for Allana Baroni* Filed by Debtor Allana Baroni (RE: related document(s)222 Amended Disclosure Statement *First Amended Disclosure Statement and Plan of Reorganization for Allana Baroni* Filed by Debtor Allana Baroni). (Landsberg, Ian) (Entered: 01/02/2013) |

| | | |
|---|---|---|
| 01/02/2013 | 238 (2 pgs) | Declaration re: *Declaration of Liliana Zuniga to Notice of Errata Re First Amended Disclosure Statement and Plan of Reorganization for Allana Baroni* Filed by Debtor Allana Baroni (RE: related document(s)222 Amended Disclosure Statement, 237 Notice). (Landsberg, Ian) (Entered: 01/02/2013) |
| 01/02/2013 | 239 (9 pgs) | Reply to (related document(s): 232 Objection filed by Creditor Nationstar Mortgage, LLC) *Reply to Objection to First Amended Disclosure Statement and Plan of Reorganization for Allana Baroni, Filed by Nationstar Mortgage LLC.* Filed by Debtor Allana Baroni (Landsberg, Ian) (Entered: 01/02/2013) |
| 01/02/2013 | 240 (4 pgs) | Exhibit *A* Filed by Debtor Allana Baroni (RE: related document(s)239 Reply). (Landsberg, Ian) (Entered: 01/02/2013) |
| 01/02/2013 | 241 (10 pgs) | Reply to (related document(s): 234 Objection filed by Creditor OneWest Bank, FSB) *Reply to Objection by Onewest Bank, FSB to First Amended Disclosure Statement and Plan of Reorganization for Allana Baroni, with proof of service* Filed by Debtor Allana Baroni (Landsberg, Ian) (Entered: 01/02/2013) |
| 01/04/2013 | 242 (47 pgs) | Application for Compensation *First and Final Application of Goodman Faith, LLP for Payment of Fees and Reimbursement of Expenses as Counsel for Allana Baroni for The Period February 10, 2012 - May 31, 2012; Declaration of Andrew Goodman in Support Thereof* for Goodman Faith, LLP, Other Professional, Period: 2/10/2012 to 5/31/2012, Fee: $22,038.00, Expenses: $93.16. Filed by Attorney Andrew A Goodman (Goodman, Andrew) (Entered: 01/04/2013) |
| 01/04/2013 | 243 (4 pgs) | Notice of Hearing *on Fee Application* Filed by Other Professional Goodman Faith, LLP (RE: related document(s)242 Application for Compensation *First and Final Application of Goodman Faith, LLP for Payment of Fees and Reimbursement of Expenses as Counsel for Allana Baroni for The Period February 10, 2012 - May 31, 2012; Declaration of Andrew Goodman in Support Thereof* for Goodman Faith, LLP, Other Professional, Period: 2/10/2012 to 5/31/2012, Fee: $22,038.00, Expenses: $93.16. Filed by Attorney Andrew A Goodman). (Goodman, Andrew) (Entered: 01/04/2013) |
| 01/04/2013 | 244 (33 pgs) | Application for Compensation *First and Final Application of Law Offices of Linda M. Blank for Approval of Compensation and Reimbursement of Expenses* for Linda M Blank, Other Professional, Period: to, Fee: $35,595.00, Expenses: $915.94. Filed by Interested Party Linda M. Blank (Blank, Linda) (Entered: 01/04/2013) |
| 01/04/2013 | 245 | Hearing Set (RE: related document(s)242 Application for Compensation filed by Other Professional Goodman Faith, LLP) The Hearing date is set for 2/13/2013 at 10:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Alan M. Ahart (Remy, Johanne) (Entered: 01/04/2013) |
| 01/04/2013 | 246 | Hearing Set (RE: related document(s)244 Application for Compensation filed by Interested Party Linda M. Blank) The Hearing date is set for 2/13/2013 at 10:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Alan M. Ahart (Remy, Johanne) (Entered: 01/04/2013) |
| 01/04/2013 | 247 (79 pgs) | Application for Compensation *First Interim Application of Landsberg & Associates, A Professional Law Corporation, General Bankruptcy Counsel for the Debtor, for Allowance of Compensation and Reimbursement of Expenses for the Period August 13, 2012 Through December 31, 2012; Declaration of Ian S. Landsberg in Support* for Ian Landsberg, Debtor's Attorney, Period: 8/13/2012 to 12/31/2012, Fee: $88321.50, Expenses: $6138.48. Filed by Attorney Ian Landsberg (Landsberg, Ian) (Entered: 01/04/2013) |
| 01/04/2013 | 248 (9 pgs) | Notice of Hearing *NOTICE OF HEARING ON FIRST* Filed by Debtor Allana Baroni (RE: related document(s)247 Application for Compensation *First Interim Application of Landsberg & Associates, A Professional Law Corporation, General Bankruptcy Counsel for the Debtor, for Allowance of Compensation and Reimbursement of Expenses for the Period August 13, 2012 Through December 31, 2012; Declaration of Ian S. Landsberg in Support* for Ian Landsberg, Debtor's Attorney, Period: 8/13/2012 to 12/31/2012, Fee: $88321.50, Expenses: $6138.48. Filed by Attorney Ian Landsberg). (Landsberg, Ian) (Entered: 01/04/2013) |
| 01/04/2013 | 249 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)236 Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 2. Notice Date 01/04/2013. (Admin.) (Entered: 01/04/2013) |
| 01/07/2013 | 250 | Hearing Set (RE: related document(s)247 Application for Compensation filed by Debtor Allana Baroni) The Hearing date is set for 2/13/2013 at 10:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Alan M. Ahart (Ogier, Kathy) (Entered: 01/07/2013) |
| 01/09/2013 | 251 (29 pgs) | Motion for 2004 Examination *Notice of Motion and Motion Pursuant to Fed. R. Bankr. P. 2004 for the Production of Documents and the Oral Examination of the Person Designated by GreenTree Servicing LLC to Be Most Knowledgeable of the Topics Identified Herein; Declarations of Allana Baroni and Michael S. Riley in Support Thereof* Filed by Debtor Allana Baroni (Landsberg, Ian) (Entered: 01/09/2013) |
| 01/09/2013 | 252 | Motion for 2004 Examination *NOTICE OF MOTION AND MOTION PURSUANT TO FED. R. BANKR.* |

| | | |
|---|---|---|
| | (28 pgs) | *P. 2004 FOR THE PRODUCTION OF DOCUMENTS AND THE ORAL EXAMINATION OF THE PERSON DESIGNATED BY THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS SUCCESSOR TRUSTEE JP MORGAN CHASE BANK N.A. AS TRUSTEE FOR THE HOLDERS OF SAMI II TRUST 2006-AR6, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR6 TO BE MOST KNOWLDEGEABLE OF THE TOPICS IDENTIFIED HEREIN; DECLARATIONS OF ALLANA BARONI AND MICHAEL S. RILEY IN SUPPORT THEREOF* Filed by Debtor Allana Baroni (Landsberg, Ian) (Entered: 01/09/2013) |
| 01/09/2013 | 253 (28 pgs) | Motion for 2004 Examination *NOTICE OF MOTION AND MOTION PURSUANT TO FED. R. BANKR. P. 2004 FOR THE PRODUCTION OF DOCUMENTS AND THE ORAL EXAMINATION OF THE PERSON DESIGNATED BY WELLS FARGO BANK NATIONAL ASSOCIATION AS TRUSTEE FOR STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST MORTGAGE PASS- THROUGH CERTIFICATE SERIES 2005-17 TO BE MOST KNOWLDEGEABLE OF THE TOPICS IDENTIFIED HEREIN; DECLARATIONS OF ALLANA BARONI AND MICHAEL S. RILEY IN SUPPORT THEREOF* Filed by Debtor Allana Baroni (Landsberg, Ian) (Entered: 01/09/2013) |
| 01/09/2013 | 254 (8 pgs) | Notice *Notice of Lodgment of Order in Bankruptcy Case re: Motion Pursuant to Fed. R. Bankr. P. 2004 for Production of Documents and the Oral Examination - GreeTree Servicing LLC* Filed by Debtor Allana Baroni (RE: related document(s)251 Motion for 2004 Examination *Notice of Motion and Motion Pursuant to Fed. R. Bankr. P. 2004 for the Production of Documents and the Oral Examination of the Person Designated by GreenTree Servicing LLC to Be Most Knowledgeable of the Topics Identified Herein; Declarations of Allana Baroni and Michael S. Riley in Support Thereof* Filed by Debtor Allana Baroni). (Landsberg, Ian) CORRECTION: Incorrect event selected. Correct event: BK>other>Notice of lodgment Modified on 1/10/2013 (Ogier, Kathy). (Entered: 01/09/2013) |
| 01/09/2013 | 255 (8 pgs) | Notice *Notice of Lodgment of Order in Bankruptcy Case re: Motion Pursuant to Fed. R. Bankr. P. 2004 for Production of Documents and the Oral Examination - Wells Fargo Bank National Association* Filed by Debtor Allana Baroni (RE: related document(s)253 Motion for 2004 Examination *NOTICE OF MOTION AND MOTION PURSUANT TO FED. R. BANKR. P. 2004 FOR THE PRODUCTION OF DOCUMENTS AND THE ORAL EXAMINATION OF THE PERSON DESIGNATED BY WELLS FARGO BANK NATIONAL ASSOCIATION AS TRUSTEE FOR STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST MORTGAGE PASS- THROUGH CERTIFICATE SERIES 2005-17 TO BE MOST KNOWLDEGEABLE OF THE TOPICS IDENTIFIED HEREIN; DECLARATIONS OF ALLANA BARONI AND MICHAEL S. RILEY IN SUPPORT THEREOF* Filed by Debtor Allana Baroni). (Landsberg, Ian)CORRECTION: Incorrect event selected. Correct event: BK>Other>Notice of lodgment. Modified on 1/10/2013 (Ogier, Kathy). (Entered: 01/09/2013) |
| 01/09/2013 | 256 (8 pgs) | Notice *Notice of Lodgment of Order in Bankruptcy Case re: Motion Pursuant to Fed. R. Bankr. P. 2004 for Production of Documents and the Oral Examination - Bank of New York as Successor* Filed by Debtor Allana Baroni (RE: related document(s)252 Motion for 2004 Examination *NOTICE OF MOTION AND MOTION PURSUANT TO FED. R. BANKR. P. 2004 FOR THE PRODUCTION OF DOCUMENTS AND THE ORAL EXAMINATION OF THE PERSON DESIGNATED BY THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS SUCCESSOR TRUSTEE JP MORGAN CHASE BANK N.A. AS TRUSTEE FOR THE HOLDERS OF SAMI II TRUST 2006-AR6, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR6 TO BE MOST KNOWLDEGEABLE OF THE TOPICS IDENTIFIED HEREIN; DECLARATIONS OF ALLANA BARONI AND MICHAEL S. RILEY IN SUPPORT THEREOF* Filed by Debtor Allana Baroni). (Landsberg, Ian)CORRECTION: Incorrect event selected. Correct event: BK>Other>Notice of lodgment. Modified on 1/10/2013 (Ogier, Kathy). (Entered: 01/09/2013) |
| 01/10/2013 | 257 (30 pgs) | Declaration re: non opposition *Declaration of Ian S. Landsberg Re No Opposition to Motion for Order Extending Exclusivity Period for the Debtor to Obtain Acceptances of Her Plan of Reorganization and Request for Extension of Court's Deadlines Commensurate Therewith* Filed by Debtor Allana Baroni. (Landsberg, Ian) Related #268Modified on 1/15/2013 (Ogier, Kathy). (Entered: 01/10/2013) |
| 01/10/2013 | 258 (38 pgs) | Motion for 2004 Examination *NOTICE OF MOTION AND MOTION PURSUANT TO FED. R. BANKR. P. 2004 FOR THE PRODUCTION OF DOCUMENTS AND THE ORAL EXAMINATION OF THE PERSON DESIGNATED BY NATIONSTAR MORTGAGE, LLC TO BE MOST KNOWLDEGEABLE OF THE TOPICS IDENTIFIED HEREIN; DECLARATIONS OF ALLANA BARONI AND MICHAEL S. RILEY IN SUPPORT THEREOF* Filed by Debtor Allana Baroni (Landsberg, Ian) (Entered: 01/10/2013) |
| 01/10/2013 | 259 (9 pgs) | Notice *Notice of Lodgment of Order in Bankruptcy Case re: Notice of Motion and Motion Pursuant to Fed. R. Bankr. P. 2004 for the Production of Documents and Oral Examination - Nationstar* Filed by Debtor Allana Baroni (RE: related document(s)258 Motion for 2004 Examination *NOTICE OF MOTION AND MOTION PURSUANT TO FED. R. BANKR. P. 2004 FOR THE PRODUCTION OF DOCUMENTS AND THE ORAL EXAMINATION OF THE PERSON DESIGNATED BY NATIONSTAR MORTGAGE, LLC TO BE MOST KNOWLDEGEABLE OF THE TOPICS IDENTIFIED HEREIN; DECLARATIONS OF ALLANA BARONI AND MICHAEL S. RILEY IN SUPPORT THEREOF* Filed by Debtor Allana Baroni). (Landsberg, Ian) (Entered: 01/10/2013) |
| 01/10/2013 | 260 (6 pgs) | Notice *Notice of Lodgment of Order in Bankruptcy Case* Filed by Debtor Allana Baroni (RE: related document(s)257 Declaration re: non opposition *Declaration of Ian S. Landsberg Re No Opposition to Motion for Order Extending Exclusivity Period for the Debtor to Obtain Acceptances of Her Plan of* |

| | | |
|---|---|---|
| | | *Reorganization and Request for Extension of Court's Deadlines Commensurate Therewith* Filed by Debtor Allana Baroni.). (Landsberg, Ian) (Entered: 01/10/2013) |
| 01/10/2013 | 261 (18 pgs) | Notice *Notice of Errata Re Exhibit C of Motion Pursuant to Fed.R. Bankr. P. 2004 for the Production of Documents and the Oral Examination of the Person Designated by Green Tree Servicing LLC to be the Most Knowledgeable of the Topics Identified Herein* Filed by Debtor Allana Baroni (RE: related document(s)251 Motion for 2004 Examination *Notice of Motion and Motion Pursuant to Fed. R. Bankr. P. 2004 for the Production of Documents and the Oral Examination of the Person Designated by GreenTree Servicing LLC to Be Most Knowledgeable of the Topics Identified Herein; Declarations of Allana Baroni and Michael S. Riley in Support Thereof* Filed by Debtor Allana Baroni). (Landsberg, Ian) (Entered: 01/10/2013) |
| 01/10/2013 | 262 (3 pgs) | Proof of service *Supplemental Proof of Service* Filed by Debtor Allana Baroni (RE: related document(s)258 Motion for 2004 Examination *NOTICE OF MOTION AND MOTION PURSUANT TO FED. R. BANKR. P. 2004 FOR THE PRODUCTION OF DOCUMENTS AND THE ORAL EXAMINATION OF THE PERSON DESIGNATED BY NATIONSTAR MORTGAGE, LLC TO BE MOST KNOWLDEGEABLE OF THE TOPICS IDENTIFIED). (Landsberg, Ian) (Entered: 01/10/2013)* |
| 01/10/2013 | 263 (18 pgs) | Notice *Notice of Errata Re Exhibit C of Motion Pursuant to Fed.R. Bank. P. 2004 for the Production of Documents and the Oral Examination of the Person Designated by Wells Fargo Bank National Association as Trustee for Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificate Series 2005-17 to Be Most Knowledgeable of the Topics Identified Herein* Filed by Debtor Allana Baroni (RE: related document(s)253 Motion for 2004 Examination *NOTICE OF MOTION AND MOTION PURSUANT TO FED. R. BANKR. P. 2004 FOR THE PRODUCTION OF DOCUMENTS AND THE ORAL EXAMINATION OF THE PERSON DESIGNATED BY WELLS FARGO BANK NATIONAL ASSOCIATION AS TRUSTEE FOR STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST MORTGAGE PASS- THROUGH CERTIFICATE SERIES 2005-17 TO BE MOST KNOWLDEGEABLE OF THE TOPICS IDENTIFIED HEREIN; DECLARATIONS OF ALLANA BARONI AND MICHAEL S. RILEY IN SUPPORT THEREOF* Filed by Debtor Allana Baroni, 255 Notice *Notice of Lodgment of Order in Bankruptcy Case re: Motion Pursuant to Fed. R. Bankr. P. 2004 for Production of Documents and the Oral Examination - Wells Fargo Bank National Association* Filed by Debtor Allana Baroni.). (Landsberg, Ian) (Entered: 01/10/2013) |
| 01/10/2013 | 264 (18 pgs) | Notice *Notice of Errata Re Exhibit C of Motion Pursuant to Fed.R.Bank. P. 2004 for the Production of Documents and the Oral Examination of the Person Designated by the Bank of New York Mellon FKA The Bank of New York as Successor Trustee JP Morgan Chase Bank N.A. as Trustee for the Holders of SAMI II Trust 2006-AR6, Mortgage Pass-Through Certificates Series 2006-AR6* Filed by Debtor Allana Baroni (RE: related document(s)252 Motion for 2004 Examination *NOTICE OF MOTION AND MOTION PURSUANT TO FED. R. BANKR. P. 2004 FOR THE PRODUCTION OF DOCUMENTS AND THE ORAL EXAMINATION OF THE PERSON DESIGNATED BY THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS SUCCESSOR TRUSTEE JP MORGAN CHASE BANK N.A. AS TRUSTEE FOR THE HOLDERS OF SAMI II TRUST 2006-AR6, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR6 TO BE MOST KNOWLDEGEABLE OF THE TOPICS IDENTIFIED HEREIN; DECLARATIONS OF ALLANA BARONI AND MICHAEL S. RILEY IN SUPPORT THEREOF* Filed by Debtor Allana Baroni). (Landsberg, Ian) (Entered: 01/10/2013) |
| 01/11/2013 | 265 (9 pgs) | Notice of lodgment *Notice of Lodgment of Order in Bankruptcy Case re: Motion Pursuant to Fed. R. Bankr. P. 2004 Prodcution of Documents and Oral Examination - GreenTree Servicing LLC* Filed by Debtor Allana Baroni (RE: related document(s)251 Motion for 2004 Examination *Notice of Motion and Motion Pursuant to Fed. R. Bankr. P. 2004 for the Production of Documents and the Oral Examination of the Person Designated by GreenTree Servicing LLC to Be Most Knowledgeable of the Topics Identified). (Landsberg, Ian) (Entered: 01/11/2013)* |
| 01/11/2013 | 266 (9 pgs) | Notice of lodgment *Notice of Lodgment of Order in Bankruptcy Case re: Motion Pursuant to Fed. R. Bankr. P. 2004 Production of Documents and Oral Examination - Nationstar Mortgage LLC* Filed by Debtor Allana Baroni (RE: related document(s)258 Motion for 2004 Examination *NOTICE OF MOTION AND MOTION PURSUANT TO FED. R. BANKR. P. 2004 FOR THE PRODUCTION OF DOCUMENTS AND THE ORAL EXAMINATION OF THE PERSON DESIGNATED BY NATIONSTAR MORTGAGE, LLC TO BE MOST KNOWLDEGEABLE OF THE TOPICS IDENTIFIED). (Landsberg, Ian) (Entered: 01/11/2013)* |
| 01/11/2013 | 267 (9 pgs) | Notice of lodgment *Notice of Lodgment of Order in Bankruptcy Case re: Motion Pursuant to Fed. R. Bankr. P. 2004 Production of Documents and Oral Examination - Wells Fargo Bank* Filed by Debtor Allana Baroni (RE: related document(s)253 Motion for 2004 Examination *NOTICE OF MOTION AND MOTION PURSUANT TO FED. R. BANKR. P. 2004 FOR THE PRODUCTION OF DOCUMENTS AND THE ORAL EXAMINATION OF THE PERSON DESIGNATED BY WELLS FARGO BANK NATIONAL ASSOCIATION AS TRUSTEE FOR STRUCTURED ADJUSTABLE). (Landsberg, Ian) (Entered: 01/11/2013)* |
| 01/11/2013 | 268 (23 pgs) | Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement [ORIGINALLY FILED 11/26/12 AT NOTICE OF MOTION] *Re-Filed To Correct Event Code (Original Docket No.220) Notice of Motion and Motion for Order Extending Exlusivity Period for the Debtor to Obtain Acceptances of Her Plan of Reorganization and Request for Extension of Court's Deadlines to* |

| | | |
|---|---|---|
| | | *Commensurate Therewith; Memorandum of Points and Authorities; Declaration of Allana Baroni in Support* Filed by Debtor Allana Baroni (Landsberg, Ian)Relate 220 Modified on 1/11/2013 (Ogier, Kathy). Modified on 1/11/2013 (Ogier, Kathy). (Entered: 01/11/2013) |
| 01/11/2013 | 269 (9 pgs) | Notice of lodgment *Notice of Lodgment of Order in Bankruptcy Case re: Motion Pursuant to Fed. R. Bankr. P. 2004 Production of Documents and Oral Examination - The Bank of New York* Filed by Debtor Allana Baroni (RE: related document(s)252 Motion for 2004 Examination *NOTICE OF MOTION AND MOTION PURSUANT TO FED. R. BANKR. P. 2004 FOR THE PRODUCTION OF DOCUMENTS AND THE ORAL EXAMINATION OF THE PERSON DESIGNATED BY THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS SUCCESSOR TRUSTEE). (Landsberg, Ian) (Entered: 01/11/2013)* |
| 01/11/2013 | 270 (5 pgs) | Order Granting Motion for 2004 Examination (PDF-BNC) (Related Doc # 251 ) Signed on 1/11/2013 (Ogier, Kathy) (Entered: 01/11/2013) |
| 01/11/2013 | 271 (5 pgs) | Order Granting Motion for 2004 Examination (PDF-BNC) (Related Doc # 258 ) Signed on 1/11/2013 (Ogier, Kathy) (Entered: 01/11/2013) |
| 01/11/2013 | 272 (5 pgs) | Order Granting Motion for 2004 Examination (PDF-BNC) (Related Doc # 253 ) Signed on 1/11/2013 (Ogier, Kathy) (Entered: 01/11/2013) |
| 01/13/2013 | 273 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)270 Order on Motion for Examination (BNC-PDF)) No. of Notices: 2. Notice Date 01/13/2013. (Admin.) (Entered: 01/13/2013) |
| 01/13/2013 | 274 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)271 Order on Motion for Examination (BNC-PDF)) No. of Notices: 2. Notice Date 01/13/2013. (Admin.) (Entered: 01/13/2013) |
| 01/13/2013 | 275 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)272 Order on Motion for Examination (BNC-PDF)) No. of Notices: 2. Notice Date 01/13/2013. (Admin.) (Entered: 01/13/2013) |
| 01/15/2013 | 276 (9 pgs) | Notice of lodgment *Notice of Lodgment of Order in Bankruptcy Case re: Motion Pursuant to Fed. R. Bankr. P. 2004 for Production of Documents and the Oral Examination - Bank of New York as Successor* Filed by Debtor Allana Baroni (RE: related document(s)252 Motion for 2004 Examination *NOTICE OF MOTION AND MOTION PURSUANT TO FED. R. BANKR. P. 2004 FOR THE PRODUCTION OF DOCUMENTS AND THE ORAL EXAMINATION OF THE PERSON DESIGNATED BY THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS SUCCESSOR TRUSTEE). (Landsberg, Ian) (Entered: 01/15/2013)* |
| 01/15/2013 | 277 (5 pgs) | Order Granting Motion for 2004 Examination (PDF-BNC) (Related Doc # 252 ) Signed on 1/15/2013 (Remy, Johanne) (Entered: 01/15/2013) |
| 01/15/2013 | 278 (12 pgs) | Notice of lodgment Filed by Debtor Allana Baroni (RE: related document(s)167 Motion for approval of chapter 11 disclosure statement *Notice of Motion and Motion for Order Approving Disclosure Statement and Plan of Reorganization for Allana Baroni*). (Landsberg, Ian) (Entered: 01/15/2013) |
| 01/15/2013 | 279 (16 pgs) | Notice *Notice of Subpoena on Greentree Servicing LLC* Filed by Debtor Allana Baroni (RE: related document(s)251 Motion for 2004 Examination *Notice of Motion and Motion Pursuant to Fed. R. Bankr. P. 2004 for the Production of Documents and the Oral Examination of the Person Designated by GreenTree Servicing LLC to Be Most Knowledgeable of the Topics Identified Herein; Declarations of Allana Baroni and Michael S. Riley in Support Thereof* Filed by Debtor Allana Baroni). (Landsberg, Ian) (Entered: 01/15/2013) |
| 01/15/2013 | 280 (16 pgs) | Notice *Notice of Subpoena on Nationstar Mortgage, LLC.* Filed by Debtor Allana Baroni (RE: related document(s)258 Motion for 2004 Examination *NOTICE OF MOTION AND MOTION PURSUANT TO FED. R. BANKR. P. 2004 FOR THE PRODUCTION OF DOCUMENTS AND THE ORAL EXAMINATION OF THE PERSON DESIGNATED BY NATIONSTAR MORTGAGE, LLC TO BE MOST KNOWLDEGEABLE OF THE TOPICS IDENTIFIED HEREIN; DECLARATIONS OF ALLANA BARONI AND MICHAEL S. RILEY IN SUPPORT THEREOF* Filed by Debtor Allana Baroni). (Landsberg, Ian) (Entered: 01/15/2013) |
| 01/15/2013 | 281 (16 pgs) | Notice *Notice of Subpoena on the Bank of New York Mellon* Filed by Debtor Allana Baroni (RE: related document(s)252 Motion for 2004 Examination *NOTICE OF MOTION AND MOTION PURSUANT TO FED. R. BANKR. P. 2004 FOR THE PRODUCTION OF DOCUMENTS AND THE ORAL EXAMINATION OF THE PERSON DESIGNATED BY THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK AS SUCCESSOR TRUSTEE JP MORGAN CHASE BANK N.A. AS TRUSTEE FOR THE HOLDERS OF SAMI II TRUST 2006-AR6, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2006-AR6 TO BE MOST KNOWLDEGEABLE OF THE TOPICS IDENTIFIED HEREIN; DECLARATIONS OF ALLANA BARONI AND MICHAEL S. RILEY IN SUPPORT THEREOF* Filed by Debtor Allana Baroni). (Landsberg, Ian) (Entered: 01/15/2013) |
| 01/15/2013 | 282 | Notice *Notice of Subpeona on Wells Fargo Bank National Association* Filed by Debtor Allana Baroni |

| | | |
|---|---|---|
| | (16 pgs) | (RE: related document(s)253 Motion for 2004 Examination *NOTICE OF MOTION AND MOTION PURSUANT TO FED. R. BANKR. P. 2004 FOR THE PRODUCTION OF DOCUMENTS AND THE ORAL EXAMINATION OF THE PERSON DESIGNATED BY WELLS FARGO BANK NATIONAL ASSOCIATION AS TRUSTEE FOR STRUCTURED ADJUSTABLE RATE MORTGAGE LOAN TRUST MORTGAGE PASS- THROUGH CERTIFICATE SERIES 2005-17 TO BE MOST KNOWLDEGEABLE OF THE TOPICS IDENTIFIED HEREIN; DECLARATIONS OF ALLANA BARONI AND MICHAEL S. RILEY IN SUPPORT THEREOF* Filed by Debtor Allana Baroni). (Landsberg, Ian) (Entered: 01/15/2013) |
| 01/16/2013 | 283 (327 pgs; 17 docs) | Chapter 11 Plan of Reorganization *First Amended Disclosure Statement and Plan of Reorganization for Allana Baroni* Filed by Debtor Allana Baroni. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5# 6 Exhibit 6# 7 Exhibit 7# 8 Exhibit 7 Part 2# 9 Exhibit 7 Part 3# 10 Exhibit 7 Part 4# 11 Exhibit 7 Part 5# 12 Exhibit 7 Part 6# 13 Exhibit 7 part 7# 14 Exhibit 7 Part 8# 15 Exhibit 7 part 9# 16 Exhibit 8)(Landsberg, Ian) (Entered: 01/16/2013) |
| 01/16/2013 | 284 (2 pgs) | Notice of Hearing *Notice of Hearing to Consider Confirmation of Debtors' Plan of Reorganization; Ballot Deadline; and Objection Deadline* Filed by Debtor Allana Baroni. (Landsberg, Ian) (Entered: 01/16/2013) |
| 01/16/2013 | 285 (2 pgs) | Declaration re: *Declaration of James Baroni Regarding Spouse's Income* Filed by Debtor Allana Baroni (RE: related document(s)283 Chapter 11 Plan, 284 Notice of Hearing). (Landsberg, Ian) (Entered: 01/16/2013) |
| 01/17/2013 | 286 (7 pgs) | Proof of service Filed by Debtor Allana Baroni (RE: related document(s)283 Chapter 11 Plan, 284 Notice of Hearing, 285 Declaration). (Landsberg, Ian) (Entered: 01/17/2013) |
| 01/17/2013 | 287 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)277 Order on Motion for Examination (BNC-PDF)) No. of Notices: 2. Notice Date 01/17/2013. (Admin.) (Entered: 01/17/2013) |
| 01/22/2013 | 288 (21 pgs) | Monthly Operating Report. Operating Report Number: 10. For the Month Ending 12/31/12 Filed by Debtor Allana Baroni. (Landsberg, Ian) (Entered: 01/22/2013) |
| 01/30/2013 | 289 (6 pgs) | Stipulation By Allana Baroni and *Stipulation to Continue Hearings On First and Final Fee Applications of Law Offices of Linda Blank and Goodman Faith, LLP/Greenberg & Bass* Filed by Debtor Allana Baroni (Landsberg, Ian) (Entered: 01/30/2013) |
| 01/30/2013 | 290 (7 pgs) | Notice of lodgment Filed by Debtor Allana Baroni (RE: related document(s)289 Stipulation By Allana Baroni and *Stipulation to Continue Hearings On First and Final Fee Applications of Law Offices of Linda Blank and Goodman Faith, LLP/Greenberg & Bass*). (Landsberg, Ian) (Entered: 01/30/2013) |
| 01/31/2013 | 291 (3 pgs) | Order Approving Stipulation to Continue hearing on first and final fee applications of Law Offices of Linda Blank and Goodman Faith LLP/Greenberg & Bass (BNC-PDF) (Related Doc # 289 ) Signed on 1/31/2013 (Remy, Johanne) (Entered: 01/31/2013) |
| 01/31/2013 | | Hearing (Bk Motion) Continued (RE: related document(s) 244 APPLICATION FOR COMPENSATION filed by Linda M. Blank) Hearing to be held on 02/27/2013 at 10:00 AM 21041 Burbank Blvd Woodland Hills, CA 91367 for 244 , (Remy, Johanne) (Entered: 01/31/2013) |
| 01/31/2013 | | Hearing (Bk Motion) Continued (RE: related document(s) 242 APPLICATION FOR COMPENSATION filed by Goodman Faith, LLP) Hearing to be held on 02/27/2013 at 10:00 AM 21041 Burbank Blvd Woodland Hills, CA 91367 for 242 , (Remy, Johanne) (Entered: 01/31/2013) |
| 02/01/2013 | 292 (4 pgs) | Objection (related document(s): 247 Application for Compensation *First Interim Application of Landsberg & Associates, A Professional Law Corporation, General Bankruptcy Counsel for the Debtor, for Allowance of Compensation and Reimbursement of Expenses for the Period August 13, 2012 Th filed by Debtor Allana Baroni) U.S. TRUSTEES LIMITED OBJECTION TO APPLICATION FOR APPROVAL OF COMPENSATION AND REIMBURSEMENT OF EXPENSES BY BANKRUPTCY COUNSEL FOR DEBTOR IN POSSESSION LANDSBERG AND ASSOCIATES Filed by U.S. Trustee United States Trustee (SV) (Ross, S) (Entered: 02/01/2013)* |
| 02/02/2013 | 293 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)291 Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 2. Notice Date 02/02/2013. (Admin.) (Entered: 02/02/2013) |
| 02/05/2013 | 294 (6 pgs) | Stipulation By Allana Baroni and *Stipulation Regarding Treatment of Class 1 Secured Claim* Filed by Debtor Allana Baroni (Landsberg, Ian) (Entered: 02/05/2013) |
| 02/05/2013 | 295 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Glaser, Barry. (Glaser, Barry) (Entered: 02/05/2013) |
| 02/05/2013 | 296 | Notice of lodgment Filed by Debtor Allana Baroni (RE: related document(s)294 Stipulation By Allana |

| | | |
|---|---|---|
| | (7 pgs) | Baroni and *Stipulation Regarding Treatment of Class 1 Secured Claim*). (Landsberg, Ian) (Entered: 02/05/2013) |
| 02/05/2013 | 297 (7 pgs) | Notice of lodgment Filed by Debtor Allana Baroni (RE: related document(s)294 Stipulation By Allana Baroni and *Stipulation Regarding Treatment of Class 1 Secured Claim*). (Landsberg, Ian) (Entered: 02/05/2013) |
| 02/06/2013 | 298 (3 pgs) | Order approving Stipulation regarding treatment of class 1 secured claim (Related Doc # 294 ) Signed on 2/6/2013 (Ogier, Kathy) (Entered: 02/06/2013) |
| 02/06/2013 | 299 (12 pgs) | Notice of lodgment Filed by Debtor Allana Baroni (RE: related document(s)167 Motion for approval of chapter 11 disclosure statement *Notice of Motion and Motion for Order Approving Disclosure Statement and Plan of Reorganization for Allana Baroni*, 222 Amended Disclosure Statement). (Landsberg, Ian) (Entered: 02/06/2013) |
| 02/06/2013 | 300 (11 pgs) | Notice of lodgment Filed by Debtor Allana Baroni (RE: related document(s)220 Notice of motion/application, 268 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *Re-Filed To Correct Event Code (Original Docket No.220) Notice of Motion and Motion for Order Extending Exlusivity Period for the Debtor to Obtain Acceptances o). (Landsberg, Ian) (Entered: 02/06/2013)* |
| 02/06/2013 | 301 (20 pgs) | Motion for order confirming chapter 11 plan *Notice of Motion and Motion for Order: (1) Confirming First Amended Plan of Reorganization ("Plan"); (2) Determining Value of Real Property for Purposes of Plan Confirmation and Treatment of Classes 5, 6 and 7; and (3) Approving Stipulation Regarding Treatment of Class 1 Secured Claim* Filed by Debtor Allana Baroni (Landsberg, Ian) (Entered: 02/06/2013) |
| 02/06/2013 | 302 (25 pgs) | Declaration re: *Declaration of Allana Baroni in Support of Motion for Order: (1) Confirming First Amended Plan of Reorganization ("Plan"); (2) Determining Value of Real Property for Purposes of Plan of Confirmation and Treatment of Classes 5, 6 and 7; and (3) Approving Stipulation Regaring Treatment of Class 1 Secured Claim* Filed by Debtor Allana Baroni (RE: related document(s)301 Motion for order confirming chapter 11 plan *Notice of Motion and Motion for Order: (1) Confirming First Amended Plan of Reorganization ("Plan"); (2) Determining Value of Real Property for Purposes of Plan Confirmation and Treatment of Class). (Landsberg, Ian) (Entered: 02/06/2013)* |
| 02/06/2013 | 303 (8 pgs) | Proof of service Filed by Debtor Allana Baroni (RE: related document(s)301 Motion for order confirming chapter 11 plan *Notice of Motion and Motion for Order: (1) Confirming First Amended Plan of Reorganization ("Plan"); (2) Determining Value of Real Property for Purposes of Plan Confirmation and Treatment of Class, 302 Declaration). (Landsberg, Ian) (Entered: 02/06/2013)* |
| 02/07/2013 | 304 (7 pgs) | Order Granting Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement (BNC-PDF) (Related Doc # 268 ) Signed on 2/7/2013 (Remy, Johanne) (Entered: 02/07/2013) |
| 02/07/2013 | 305 (18 pgs) | Chapter 11 Ballots *Ballot Submission; and Declaration of Summer Saad Regarding Ballot Tally* Filed by Debtor Allana Baroni. (Landsberg, Ian) (Entered: 02/07/2013) |
| 02/08/2013 | 306 | Hearing Set (RE: related document(s)301 Motion for order confirming chapter 11 plan filed by Debtor Allana Baroni) The Hearing date is set for 2/27/2013 at 10:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Alan M. Ahart (Ogier, Kathy) (Entered: 02/08/2013) |
| 02/08/2013 | 307 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)298 Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 2. Notice Date 02/08/2013. (Admin.) (Entered: 02/08/2013) |
| 02/09/2013 | 308 (9 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)304 Order on Motion to Extend Exclusivity Period (BNC-PDF)) No. of Notices: 2. Notice Date 02/09/2013. (Admin.) (Entered: 02/09/2013) |
| 02/11/2013 | 309 (6 pgs) | Stipulation By Allana Baroni and *Stipulation to Continue Hearings on First and Final Fee Applications of Law Offices of Linda Blank and Goodman Faith, LLP/Greenberg & Bass* Filed by Debtor Allana Baroni (Landsberg, Ian) (Entered: 02/11/2013) |
| 02/11/2013 | 310 (7 pgs) | Notice of lodgment Filed by Debtor Allana Baroni (RE: related document(s)309 Stipulation By Allana Baroni and *Stipulation to Continue Hearings on First and Final Fee Applications of Law Offices of Linda Blank and Goodman Faith, LLP/Greenberg & Bass*). (Landsberg, Ian) (Entered: 02/11/2013) |
| 02/12/2013 | 311 (3 pgs) | Order approving stipulation to continue hearings on first and final fee applications of Law Offices of Linda Blank and Goodman Faith, LLP/Greenberg & Bass (Related Doc # 309 ) Signed on 2/12/2013 (Ogier, Kathy) (Entered: 02/12/2013) |
| 02/12/2013 | | Hearing (Bk Motion) Continued (RE: related document(s) 242 APPLICATION FOR COMPENSATION |

| | | |
|---|---|---|
| | | filed by Goodman Faith, LLP) Hearing to be held on 03/20/2013 at 10:00 AM 21041 Burbank Blvd Woodland Hills, CA 91367 for 242 , (Ogier, Kathy) (Entered: 02/12/2013) |
| 02/12/2013 | | Hearing (Bk Motion) Continued (RE: related document(s) 244 APPLICATION FOR COMPENSATION filed by Linda M. Blank) Hearing to be held on 03/20/2013 at 10:00 AM 21041 Burbank Blvd Woodland Hills, CA 91367 for 244 , (Ogier, Kathy) (Entered: 02/12/2013) |
| 02/12/2013 | 312 (37 pgs; 3 docs) | Objection (related document(s): 283 Chapter 11 Plan filed by Debtor Allana Baroni) *The Los Angeles County Treasurer and Tax Collectors Limited Objection to Debtor's First Amended Disclosure Statement and Plan of Reorganization for Allana Baroni; and Declaration of Bonita Sandoz in Support Thereof (With Proof of Service)* Filed by Creditor Los Angeles County Treasurer & Tax Collector (Attachments: # 1 Exhibit A to Sandoz Declaration# 2 Exhibit B to Sandoz Declaration) (Glaser, Barry) (Entered: 02/12/2013) |
| 02/13/2013 | 313 (22 pgs) | Opposition to (related document(s): 301 Motion for order confirming chapter 11 plan *Notice of Motion and Motion for Order: (1) Confirming First Amended Plan of Reorganization ("Plan"); (2) Determining Value of Real Property for Purposes of Plan Confirmation and Treatment of Class filed by Debtor Allana Baroni) Filed by Creditor OneWest Bank, FSB (Rhim, J) (Entered: 02/13/2013)* |
| 02/13/2013 | 314 (6 pgs) | Opposition to (related document(s): 301 Motion for order confirming chapter 11 plan *Notice of Motion and Motion for Order: (1) Confirming First Amended Plan of Reorganization ("Plan"); (2) Determining Value of Real Property for Purposes of Plan Confirmation and Treatment of Class filed by Debtor Allana Baroni) Filed by Creditor The Bank of New York Mellon fka the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Structured Asset Mortgage Investments II Trust, Mortgage Pass- Through Certifica (Estle, Mark) (Entered: 02/13/2013)* |
| 02/13/2013 | 315 (6 pgs) | Opposition to (related document(s): 301 Motion for order confirming chapter 11 plan *Notice of Motion and Motion for Order: (1) Confirming First Amended Plan of Reorganization ("Plan"); (2) Determining Value of Real Property for Purposes of Plan Confirmation and Treatment of Class filed by Debtor Allana Baroni) Filed by Creditor Nationstar Mortgage, LLC (Estle, Mark) (Entered: 02/13/2013)* |
| 02/14/2013 | 316 (8 pgs) | Order Approving Amended Disclosure Statement and Plan of Reorganization for Allana Baroni (BNC-PDF) (Related Doc # 167 ) Signed on 2/14/2013 (Remy, Johanne) (Entered: 02/14/2013) |
| 02/14/2013 | 317 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)311 Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 2. Notice Date 02/14/2013. (Admin.) (Entered: 02/14/2013) |
| 02/15/2013 | 318 (2 pgs) | Certificate of Service *(amended)* Filed by Creditor Nationstar Mortgage, LLC (RE: related document(s)315 Opposition). (Estle, Mark) (Entered: 02/15/2013) |
| 02/15/2013 | 319 (2 pgs) | Certificate of Service *(amended)* Filed by Creditor The Bank of New York Mellon (RE: related document(s)314 Opposition). (Estle, Mark) (Entered: 02/15/2013) |
| 02/16/2013 | 320 (10 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)316 Order on Generic Motion (BNC-PDF)) No. of Notices: 2. Notice Date 02/16/2013. (Admin.) (Entered: 02/16/2013) |
| 02/20/2013 | 321 (15 pgs) | Reply to (related document(s): 313 Opposition filed by Creditor OneWest Bank, FSB) *Debtor's Reply to Onewest Bank, FSB's Objection to Plan Confirmation* Filed by Debtor Allana Baroni (Landsberg, Ian) (Entered: 02/20/2013) |
| 02/20/2013 | 322 (12 pgs) | Reply to (related document(s): 314 Opposition filed by Creditor The Bank of New York Mellon fka the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Structured Asset Mortgage Investments II Trust, Mortgage Pass- Through Certifica, 315 Opposition filed by Creditor Nationstar Mortgage, LLC) *Debtor's Reply to Nationstar Mortgage, LLC, and Bank of New York Mellon's Objection to Plan Confirmation* Filed by Debtor Allana Baroni (Landsberg, Ian) (Entered: 02/20/2013) |
| 02/20/2013 | 323 (2 pgs) | Reply to (related document(s): 312 Objection filed by Creditor Los Angeles County Treasurer & Tax Collector) *Debtor's Reply to Los Angeles County Treasurer and Tax Collector's Limited Objection to Plan Confirmation* Filed by Debtor Allana Baroni (Landsberg, Ian) (Entered: 02/20/2013) |
| 02/20/2013 | 324 (18 pgs) | Declaration re: *Declaration of Allana Baroni in Support of Reply to Objections to Plan Confirmation* Filed by Debtor Allana Baroni (RE: related document(s)321 Reply, 322 Reply, 323 Reply). (Landsberg, Ian) (Entered: 02/20/2013) |
| 02/20/2013 | 325 (2 pgs) | Declaration re: *Declaration of James Baroni in Support of Debtor's Reply to Objection to Plan Confirmation Filed By Onewest Bank* Filed by Debtor Allana Baroni (RE: related document(s)321 Reply). (Landsberg, Ian) (Entered: 02/20/2013) |
| 02/20/2013 | 326 | Declaration re: *Declaration of Michael S. Riley in Support of Debtor's Reply to Objections to Plan* |

| | | |
|---|---|---|
| | (32 pgs) | *Confirmation* Filed by Debtor Allana Baroni (RE: related document(s)321 Reply, 322 Reply, 323 Reply). (Landsberg, Ian) (Entered: 02/20/2013) |
| 02/20/2013 | 327 (10 pgs) | Declaration re: *Declaration of Michael P. Fiorentino* Filed by Debtor Allana Baroni (RE: related document(s)321 Reply, 322 Reply, 323 Reply). (Landsberg, Ian) (Entered: 02/20/2013) |
| 02/20/2013 | 328 (5 pgs) | Proof of service Filed by Debtor Allana Baroni (RE: related document(s)321 Reply, 322 Reply, 323 Reply, 324 Declaration, 325 Declaration, 326 Declaration, 327 Declaration). (Landsberg, Ian) (Entered: 02/20/2013) |
| 02/22/2013 | 329 (21 pgs) | Monthly Operating Report. Operating Report Number: 11. For the Month Ending 1/31/13 Filed by Debtor Allana Baroni. (Landsberg, Ian) (Entered: 02/22/2013) |
| 02/22/2013 | 330 (8 pgs) | Objection (related document(s): 326 Declaration filed by Debtor Allana Baroni) *Evidentiary Objections to the Decl. of Michael Riley in Support of Debtor's Reply to Objections to Plan Confirmation with Proof of Service* Filed by Creditor OneWest Bank, FSB (Rhim, J) (Entered: 02/22/2013) |
| 02/22/2013 | 331 (6 pgs) | Ex parte application *For Order Allowing Live Testimony at the Confirmation Hearing with proof of service* Filed by Creditor OneWest Bank, FSB (Rhim, J) (Entered: 02/22/2013) |
| 02/22/2013 | 332 (5 pgs) | Notice of lodgment *Order Granting OneWest Bank's with proof of service* Filed by Creditor OneWest Bank, FSB (RE: related document(s)331 Ex parte application *For Order Allowing Live Testimony at the Confirmation Hearing with proof of service*). (Rhim, J) (Entered: 02/22/2013) |
| 02/25/2013 | 333 (5 pgs) | Opposition to (related document(s): 331 Ex parte application *For Order Allowing Live Testimony at the Confirmation Hearing with proof of service* filed by Creditor OneWest Bank, FSB, 332 Notice of Lodgment filed by Creditor OneWest Bank, FSB) *Opposition to OneWest Bank's Ex Parte Application for Order Allowing Live Testimony at the Confirmation Hearing* Filed by Debtor Allana Baroni (Landsberg, Ian) (Entered: 02/25/2013) |
| 02/25/2013 | 334 (2 pgs) | Order Denying Onewest Bank's ex parte application for order allowing live testimony at the confirmation hearing (Related Doc # 331 ) Signed on 2/25/2013 (Ogier, Kathy) (Entered: 02/25/2013) |
| 02/25/2013 | 335 (19 pgs) | Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *Notice of Motion and Motion for Order Extending Exclusivity Period for the Debtor to Obtain Acceptances of Her Plan of Her Reorganiztion and Request for Extension of Court's Deadlines Commensurate Therewith; Memorandum of Points and Authorities; Declaration of Allana Baroni in Support* Filed by Debtor Allana Baroni (Landsberg, Ian) (Entered: 02/25/2013) |
| 02/25/2013 | 336 (13 pgs) | Notice of lodgment Filed by Debtor Allana Baroni (RE: related document(s)247 Application for Compensation *First Interim Application of Landsberg & Associates, A Professional Law Corporation, General Bankruptcy Counsel for the Debtor, for Allowance of Compensation and Reimbursement of Expenses for the Period August 13, 2012 Th). (Landsberg, Ian) (Entered: 02/25/2013)* |
| 02/26/2013 | 337 (9 pgs) | Order Granting Application For Compensation (BNC-PDF) (Related Doc # 247) for Ian Landsberg, fees awarded: $88321.50, expenses awarded: $6138.48 Signed on 2/26/2013. (Ogier, Kathy) (Entered: 02/26/2013) |
| 02/26/2013 | 338 (3 pgs) | Substitution of attorney Filed by Creditor Nationstar Mortgage, LLC. (Barasch, Adam) (Entered: 02/26/2013) |
| 02/27/2013 | 339 (3 pgs) | Substitution of attorney Filed by Creditors The Bank of New York Mellon, The Bank of New York Mellon fka the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Structured Asset Mortgage Investments II Trust, Mortgage Pass- Through Certifica. (Schiff, Stefanie) (Entered: 02/27/2013) |
| 02/27/2013 | 340 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)334 Order (Generic) (BNC-PDF)) No. of Notices: 2. Notice Date 02/27/2013. (Admin.) (Entered: 02/27/2013) |
| 02/28/2013 | | Hearing (Bk Motion) Continued (RE: related document(s) 301 MOTION FOR ORDER CONFIRMING CHAPTER 11 PLAN filed by Allana Baroni) Hearing to be held on 04/03/2013 at 10:00 AM 21041 Burbank Blvd Woodland Hills, CA 91367 for 301 , (Remy, Johanne) (Entered: 02/28/2013) |
| 02/28/2013 | 341 (11 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)337 Order on Application for Compensation (BNC-PDF)) No. of Notices: 2. Notice Date 02/28/2013. (Admin.) (Entered: 02/28/2013) |
| 03/06/2013 | 342 (5 pgs) | Objection (related document(s): 244 Application for Compensation *First and Final Application of Law Offices of Linda M. Blank for Approval of Compensation and Reimbursement of Expenses* for Linda M Blank, Other Professional, Period: to, Fee: $35,595.00, Expenses: $915. filed by Interested Party Linda M. Blank) *REQUEST FOR APPROVAL OF REDUCTION OF COMPENSATION AS STIPULATED* |

| | | |
|---|---|---|
| | | *BETWEEN THE UNITED STATES TRUSTEE, DEBTOR IN POSSESSION AND THE LAW OFFICES OF LINDA M. BLANK TO RESOLVE OBJECTIONS TO THE FIRST AND FINAL APPLICATION OF THE LAW OFFICES OF LINDA M. BLANK FOR APPROVAL AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS FORMER COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION* Filed by U.S. Trustee United States Trustee (SV) (Ross, S) (Entered: 03/06/2013) |
| 03/06/2013 | 343 (6 pgs) | Objection (related document(s): 242 Application for Compensation *First and Final Application of Goodman Faith, LLP for Payment of Fees and Reimbursement of Expenses as Counsel for Allana Baroni for The Period February 10, 2012 - May 31, 2012; Declaration of Andrew Goodman in Support Th filed by Other Professional Goodman Faith, LLP) REQUEST FOR APPROVAL OF REDUCTION OF COMPENSATION AS STIPULATED BETWEENTHE UNITED STATES TRUSTEE, DEBTOR IN POSSESSION AND GOODMAN FAITH, LLP TO RESOLVE ALL OBJECTIONS TO TO THE FIRST AND FINAL APPLICATION OF GOODMAN FAITH LLP FOR APPROVAL AND PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AS FORMER COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION Filed by U.S. Trustee United States Trustee (SV) (Ross, S) (Entered: 03/06/2013)* |
| 03/06/2013 | 344 (43 pgs) | Motion for 2004 Examination *Notice of Motion and Motion Pursuant to Fed. R. Bankr. P. 2004 for the Production of Documents and The Oral Examination of Person Designated By U.S. Bank National Association Corporate Trust Department, DSLA Mortgage Pass- Through Certificates, Series 2004-AR1 To Be Most Knowledgeable of the Topics Identified Herein; Declarations of Allana Baroni and Michael S. Riley in Support Thereof* Filed by Debtor Allana Baroni (Landsberg, Ian) (Entered: 03/06/2013) |
| 03/06/2013 | 345 (39 pgs) | Motion for 2004 Examination *Notice of Motion and Motion Pursuant to Fed. R. Bankr. P. 2004 for the Production of Documents and The Oral Examination of Person Designated By Ambac Assurance Corporation To Be Most Knowledgeable of the Topics Identified Herein; Declarations of Allana Baroni and Michael S. Riley in Support Thereof* Filed by Debtor Allana Baroni (Landsberg, Ian) (Entered: 03/06/2013) |
| 03/06/2013 | 346 (34 pgs) | Motion for 2004 Examination *Notice of Motion and Motion Pursuant to Fed. R. Bankr. P. 2004 for the Production of Documents and The Oral Examination of Person Designated By Federal Deposit Insurance Corporation To Be Most Knowledgeable of the Topics Identified Herein; Declarations of Allana Baroni and Michael S. Riley in Support Thereof* Filed by Debtor Allana Baroni (Landsberg, Ian) (Entered: 03/06/2013) |
| 03/06/2013 | 347 (45 pgs) | Motion for 2004 Examination *Notice of Motion and Motion Pursuant to Fed. R. Bankr. P. 2004 for the Production of Documents and The Oral Examination of Person Designated By Deutsche Bank, Deutsche Bank Securities and Trust, Deutsche Bank National Trust Company To Be Most Knowledgeable of the Topics Identified Herein; Declarations of Allana Baroni and Michael S. Riley in Support Thereof* Filed by Debtor Allana Baroni (Landsberg, Ian) (Entered: 03/06/2013) |
| 03/06/2013 | 348 (43 pgs) | Motion for 2004 Examination *Notice of Motion and Motion Pursuant to Fed. R. Bankr. P. 2004 for the Production of Documents and The Oral Examination of Person Designated By Wells Fargo Bank National Association, Wells Fargo Bank National Association As Trustee and Wells Fargo Bank National Association as Master Servicer and Securities Administrator for DSLA Mortgage Loan Trust 2004-AR1, DSLA Pass-Through Certificates, Series 2004 A-1 To Be Most Knowledgeable of the Topics Identified Herein; Declarations of Allana Baroni and Michael S. Riley in Support Thereof* Filed by Debtor Allana Baroni (Landsberg, Ian) (Entered: 03/06/2013) |
| 03/06/2013 | 349 (8 pgs) | Notice of lodgment Filed by Debtor Allana Baroni (RE: related document(s)345 Motion for 2004 Examination *Notice of Motion and Motion Pursuant to Fed. R. Bankr. P. 2004 for the Production of Documents and The Oral Examination of Person Designated By Ambac Assurance Corporation To Be Most Knowledgeable of the Topics Identified). (Landsberg, Ian) (Entered: 03/06/2013)* |
| 03/06/2013 | 350 (8 pgs) | Notice of lodgment Filed by Debtor Allana Baroni (RE: related document(s)344 Motion for 2004 Examination *Notice of Motion and Motion Pursuant to Fed. R. Bankr. P. 2004 for the Production of Documents and The Oral Examination of Person Designated By U.S. Bank National Association Corporate Trust Department, DSLA Mortgage Pass-). (Landsberg, Ian) (Entered: 03/06/2013)* |
| 03/06/2013 | 351 (7 pgs) | Notice of lodgment Filed by Debtor Allana Baroni (RE: related document(s)346 Motion for 2004 Examination *Notice of Motion and Motion Pursuant to Fed. R. Bankr. P. 2004 for the Production of Documents and The Oral Examination of Person Designated By Federal Deposit Insurance Corporation To Be Most Knowledgeable of the Topics I). (Landsberg, Ian) (Entered: 03/06/2013)* |
| 03/06/2013 | 352 (8 pgs) | Notice of lodgment Filed by Debtor Allana Baroni (RE: related document(s)347 Motion for 2004 Examination *Notice of Motion and Motion Pursuant to Fed. R. Bankr. P. 2004 for the Production of Documents and The Oral Examination of Person Designated By Deutsche Bank, Deutsche Bank Securities and Trust, Deutsche Bank National Trus). (Landsberg, Ian) (Entered: 03/06/2013)* |
| 03/06/2013 | 353 (8 pgs) | Notice of lodgment Filed by Debtor Allana Baroni (RE: related document(s)348 Motion for 2004 Examination *Notice of Motion and Motion Pursuant to Fed. R. Bankr. P. 2004 for the Production of* |

| | | |
|---|---|---|
| | | *Documents and The Oral Examination of Person Designated By Wells Fargo Bank National Association, Wells Fargo Bank National Association A). (Landsberg, Ian) (Entered: 03/06/2013)* |
| 03/07/2013 | 354 (5 pgs) | Order Granting Motion for 2004 Examination (PDF-BNC) (Related Doc # 348 ) Signed on 3/7/2013 (Ogier, Kathy) (Entered: 03/07/2013) |
| 03/07/2013 | 355 (5 pgs) | Order Granting Motion for 2004 Examination (PDF-BNC) (Related Doc # 347 ) Signed on 3/7/2013 (Ogier, Kathy) (Entered: 03/07/2013) |
| 03/07/2013 | 356 (4 pgs) | Order Granting Motion for 2004 Examination (PDF-BNC) (Related Doc # 346 ) Signed on 3/7/2013 (Ogier, Kathy) (Entered: 03/07/2013) |
| 03/07/2013 | 357 (5 pgs) | Order Granting Motion for 2004 Examination (PDF-BNC) (Related Doc # 344 ) Signed on 3/7/2013 (Ogier, Kathy) (Entered: 03/07/2013) |
| 03/07/2013 | 358 (5 pgs) | Order Granting Motion for 2004 Examination (PDF-BNC) (Related Doc # 345 ) Signed on 3/7/2013 (Ogier, Kathy) (Entered: 03/07/2013) |
| 03/08/2013 | 359 (32 pgs) | Motion for 2004 Examination *Amended Notice of Motion and Motion Pursuant to Fed. R. Bankr. P. 2004 for the Production of Documents and the Oral Examination of the Person Designated by Wells Fargo Bank National Association, Wells Fargo Bank National Association As Trustee and Wells Fargo Bank National Association as Master Servicer and Securities Administrator for DSLA Mortgage Loan Trust 2004-AR1, DSLA Morgage Pass-Through Certificates, Series 2004-AR1 to Be the Most Knowledgeable of the Topics Identified Herein; Declarations of Allana Baroni and Michael S. Riley in Support Thereof* Filed by Debtor Allana Baroni (Landsberg, Ian) (Entered: 03/08/2013) |
| 03/08/2013 | 360 (9 pgs) | Notice of lodgment Filed by Debtor Allana Baroni (RE: related document(s)359 Motion for 2004 Examination *Amended Notice of Motion and Motion Pursuant to Fed. R. Bankr. P. 2004 for the Production of Documents and the Oral Examination of the Person Designated by Wells Fargo Bank National Association, Wells Fargo Bank National A). (Landsberg, Ian) (Entered: 03/08/2013)* |
| 03/08/2013 | 361 (5 pgs) | Order Granting Amended Motion Pursuant to Fed. R. Bankr. P. 2004 for the Production of Documents and the Oral Examination of the Person Designated by Wells Fargo Bank National Association, Wells Fargo Bank National Association as Trustee and Wells Fargo Bank National Association as Master Servicer and Securities Administrator for DSLA Mortgage Loan Trust 2004-AR1, DSLA Morgage Pass-Through Certificates, Series 2004-AR1 to be the Most Knowledgeable of the Topics Identified Herein (PDF-BNC) (Related Doc # 359 ) Signed on 3/8/2013 (Remy, Johanne) (Entered: 03/08/2013) |
| 03/08/2013 | 362 (38 pgs) | Motion for 2004 Examination *Notice of Motion and Motion Pursuant to Fed. R. 2004 For the Production of Documents and the Oral Examination of Person Designated by JP Morgan Chase Bank, N.A., JP Morgan Chase & Co., JP Morgan Chase Bank, N.A. As Successor in Interest to Washington Mutual Bank to Be the Most Knowledeable of the Topics Identified Herein; Declarations of Allana Baroni and Michael S. Riley in Support Thereof* Filed by Debtor Allana Baroni (Landsberg, Ian) (Entered: 03/08/2013) |
| 03/08/2013 | 363 (9 pgs) | Notice of lodgment Filed by Debtor Allana Baroni (RE: related document(s)362 Motion for 2004 Examination *Notice of Motion and Motion Pursuant to Fed. R. 2004 For the Production of Documents and the Oral Examination of Person Designated by JP Morgan Chase Bank, N.A., JP Morgan Chase & Co., JP Morgan Chase Bank, N.A. As Success). (Landsberg, Ian) (Entered: 03/08/2013)* |
| 03/08/2013 | 364 (65 pgs; 7 docs) | Motion for 2004 Examination *Notice of Motion and Motion Pursuant to Fed. R. Bankr. P. 2004 for the Production of Documents and the Oral Examination of the Person Designated by Countrywide Home Loans, Inc. And Bank of America National Association to Be Most Knowledeable of the Topics Identified Herein; Declarations of Allana Baroni and Michael S. Riley in Support Thereof* Filed by Debtor Allana Baroni (Attachments: # 1 Exhibit A-C Part 1# 2 Exhibit A-C Part 2# 3 Exhibit A-C Part 3# 4 Exhibit Part 4# 5 Exhibit A-C Part 5# 6 Exhibit Declaration of Mike Riley with Exhibits) (Landsberg, Ian) (Entered: 03/08/2013) |
| 03/08/2013 | 365 (9 pgs) | Notice of lodgment Filed by Debtor Allana Baroni (RE: related document(s)364 Motion for 2004 Examination *Notice of Motion and Motion Pursuant to Fed. R. Bankr. P. 2004 for the Production of Documents and the Oral Examination of the Person Designated by Countrywide Home Loans, Inc. And Bank of America National Association to B). (Landsberg, Ian) (Entered: 03/08/2013)* |
| 03/09/2013 | 366 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)354 Order on Motion for Examination (BNC-PDF)) No. of Notices: 2. Notice Date 03/09/2013. (Admin.) (Entered: 03/09/2013) |
| 03/09/2013 | 367 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)355 Order on Motion for Examination (BNC-PDF)) No. of Notices: 2. Notice Date 03/09/2013. (Admin.) (Entered: 03/09/2013) |
| 03/09/2013 | 368 (6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)356 Order on Motion for Examination (BNC-PDF)) No. of Notices: 2. Notice Date 03/09/2013. (Admin.) (Entered: 03/09/2013) |

| | | |
|---|---|---|
| 03/09/2013 | 369 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)357 Order on Motion for Examination (BNC-PDF)) No. of Notices: 2. Notice Date 03/09/2013. (Admin.) (Entered: 03/09/2013) |
| 03/09/2013 | 370 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)358 Order on Motion for Examination (BNC-PDF)) No. of Notices: 2. Notice Date 03/09/2013. (Admin.) (Entered: 03/09/2013) |
| 03/10/2013 | 371 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)361 Order on Motion for Examination (BNC-PDF)) No. of Notices: 2. Notice Date 03/10/2013. (Admin.) (Entered: 03/10/2013) |
| 03/11/2013 | 372 (5 pgs) | Order Granting Motion Pursuant to Fed. R. 2004 for the Production of Documents and the Oral Examination of Person Designated by JP Morgan Chase Bank NA, JP Morgan Chase & Co, JP Morgan Chase Bank NA as Successor in Interest to Washington Mutual Bank to be the Most Knowledeable of the Topics Identified Herein (PDF-BNC) (Related Doc # 362 ) Signed on 3/11/2013 (Remy, Johanne) (Entered: 03/11/2013) |
| 03/11/2013 | 373 (5 pgs) | Order Granting Motion Pursuant to Fed. R. Bankr. P. 2004 for the Production of Documents and the Oral Examination of the Person Designated by Countrywide Home Loans Inc and Bank of America National Association to be Most Knowledeable of the Topics Identified Herein (PDF-BNC) (Related Doc # 364 ) Signed on 3/11/2013 (Remy, Johanne) (Entered: 03/11/2013) |
| 03/13/2013 | 374 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)372 Order on Motion for Examination (BNC-PDF)) No. of Notices: 2. Notice Date 03/13/2013. (Admin.) (Entered: 03/13/2013) |
| 03/13/2013 | 375 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)373 Order on Motion for Examination (BNC-PDF)) No. of Notices: 2. Notice Date 03/13/2013. (Admin.) (Entered: 03/13/2013) |
| 03/20/2013 | 376 (326 pgs; 17 docs) | Amended Chapter 11 Plan *Second Amended Disclosure Statement and Plan of Reorganization for Allana Baroni* Filed by Debtor Allana Baroni (RE: related document(s)283 Chapter 11 Plan of Reorganization *First Amended Disclosure Statement and Plan of Reorganization for Allana Baroni* Filed by Debtor Allana Baroni.). (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5# 6 Exhibit 6# 7 Exhibit 7# 8 Exhibit 7# 9 Exhibit 7# 10 Exhibit 7# 11 Exhibit 7# 12 Exhibit 7# 13 Exhibit 7# 14 Exhibit 7# 15 Exhibit 7# 16 Exhibit 8)(Landsberg, Ian) (Entered: 03/20/2013) |
| 03/20/2013 | 377 (4 pgs) | Declaration re: *Supplemental Declaration of Michael Fiorentino in Support of Plan Confirmation* Filed by Debtor Allana Baroni (RE: related document(s)376 Amended Chapter 11 Plan). (Landsberg, Ian) (Entered: 03/20/2013) |
| 03/20/2013 | 378 (2 pgs) | Declaration re: *Supplemental Declaration of James Baroni in Support of Plan Confirmation* Filed by Debtor Allana Baroni (RE: related document(s)376 Amended Chapter 11 Plan, 377 Declaration). (Landsberg, Ian) (Entered: 03/20/2013) |
| 03/20/2013 | 379 (9 pgs) | Brief *Debtor's Supplemental Brief in Support of Plan Confirmation* Filed by Debtor Allana Baroni (RE: related document(s)376 Amended Chapter 11 Plan, 377 Declaration, 378 Declaration). (Landsberg, Ian) (Entered: 03/20/2013) |
| 03/20/2013 | 380 (8 pgs) | Proof of service Filed by Debtor Allana Baroni (RE: related document(s)376 Amended Chapter 11 Plan, 377 Declaration, 378 Declaration, 379 Brief). (Landsberg, Ian) (Entered: 03/20/2013) |
| 03/21/2013 | 381 (20 pgs) | Monthly Operating Report. Operating Report Number: 12. For the Month Ending 2/28/13 Filed by Debtor Allana Baroni. (Landsberg, Ian) (Entered: 03/21/2013) |
| 03/22/2013 | 382 (26 pgs) | Declaration re: non opposition *Declaration of Ian S. Landsberg Re No Opposition to Motion for Order Extending Exclusivity Period for the Debtor to Obtain Acceptances of Her Plan of Reorganization and Request for Extension of Courts Deadlines Commensurate* Filed by Debtor Allana Baroni (RE: related document(s)335 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *Notice of Motion and Motion for Order Extending Exclusivity Period for the Debtor to Obtain Acceptances of Her Plan of Her Reorganiztion and Request for Extensi). (Landsberg, Ian) (Entered: 03/22/2013)* |
| 03/22/2013 | 383 (12 pgs) | Notice of lodgment Filed by Debtor Allana Baroni (RE: related document(s)335 Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement *Notice of Motion and Motion for Order Extending Exclusivity Period for the Debtor to Obtain Acceptances of Her Plan of Her Reorganiztion and Request for Extensi). (Landsberg, Ian) (Entered: 03/22/2013)* |
| 03/25/2013 | 384 (8 pgs) | Order Granting in part, Denying in part Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement (BNC-PDF) (Related Doc # 335 ) Signed on 3/25/2013 (Ogier, Kathy) (Entered: 03/25/2013) |
| 03/25/2013 | 385 | Emergency Motion to Quash *With Proof of Service* Filed by Interested Party Federal Deposit Insurance |

| | | |
|---|---|---|
| | (52 pgs; 2 docs) | Corporation as Receiver for First Federal Bank of California, a Federal Savings Bank (Attachments: # 1 Exhibit A) (Matin, Ali) Modified on 3/26/2013 (Ogier, Kathy). (Entered: 03/25/2013) |
| 03/25/2013 | 386 (11 pgs; 4 docs) | Declaration re: *Ali Matin (with Proof of Service)* Filed by Interested Party Federal Deposit Insurance Corporation as Receiver for First Federal Bank of California, a Federal Savings Bank (RE: related document(s)385 Motion to Quash *With Proof of Service*). (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C) (Matin, Ali) (Entered: 03/25/2013) |
| 03/25/2013 | 387 (6 pgs) | Emergency motion *Application for Order Shortening Time re Motion to Quash or Modify Subpoena or, In the Alternative, for Protective Order* Filed by Interested Party Federal Deposit Insurance Corporation as Receiver for First Federal Bank of California, a Federal Savings Bank (Matin, Ali) Related #385Modified on 3/26/2013 (Ogier, Kathy). (Entered: 03/25/2013) |
| 03/25/2013 | 388 (6 pgs) | Notice of lodgment Filed by Interested Party Federal Deposit Insurance Corporation as Receiver for First Federal Bank of California, a Federal Savings Bank (RE: related document(s)387 Emergency motion *Application for Order Shortening Time re Motion to Quash or Modify Subpoena or, In the Alternative, for Protective Order*). (Matin, Ali) (Entered: 03/25/2013) |
| 03/25/2013 | 389 (7 pgs) | Notice of lodgment *of Order* Filed by Interested Party Linda M. Blank (RE: related document(s)244 Application for Compensation *First and Final Application of Law Offices of Linda M. Blank for Approval of Compensation and Reimbursement of Expenses* for Linda M Blank, Other Professional, Period: to, Fee: $35,595.00, Expenses: $915.94. Filed by Interested Party Linda M. Blank). (Blank, Linda) (Entered: 03/25/2013) |
| 03/25/2013 | 390 (9 pgs) | Notice of lodgment Filed by Interested Party Federal Deposit Insurance Corporation as Receiver for First Federal Bank of California, a Federal Savings Bank (RE: related document(s)387 Emergency motion *Application for Order Shortening Time re Motion to Quash or Modify Subpoena or, In the Alternative, for Protective Order*). (Matin, Ali) (Entered: 03/25/2013) |
| 03/25/2013 | 391 (3 pgs) | Withdrawal re: *Docket No. 388* Filed by Interested Party Federal Deposit Insurance Corporation as Receiver for First Federal Bank of California, a Federal Savings Bank (RE: related document(s)388 Notice of Lodgment). (Matin, Ali) (Entered: 03/25/2013) |
| 03/26/2013 | 392 (3 pgs) | Order Granting Application For Compensation (BNC-PDF) (Related Doc # 244) for Linda M Blank Signed on 3/26/2013. (Remy, Johanne) (Entered: 03/26/2013) |
| 03/26/2013 | 393 (5 pgs) | Order Granting Application and Setting Hearing on Shortened Notice (Related Doc # 387 ) Signed on 3/26/2013 (Remy, Johanne) (Entered: 03/26/2013) |
| 03/26/2013 | 394 | Hearing Set (RE: related document(s)385 Motion to Quash filed by Interested Party Federal Deposit Insurance Corporation as Receiver for First Federal Bank of California, a Federal Savings Bank) The Hearing date is set for 3/27/2013 at 11:30 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Alan M. Ahart (Remy, Johanne) (Entered: 03/26/2013) |
| 03/26/2013 | 395 (4 pgs) | Motion *Request for Telephonic Appearance* Filed by Debtor Allana Baroni (Landsberg, Ian) (Entered: 03/26/2013) |
| 03/26/2013 | 396 (10 pgs; 2 docs) | Notice of Hearing Filed by Interested Party Federal Deposit Insurance Corporation as Receiver for First Federal Bank of California, a Federal Savings Bank (RE: related document(s)385 Emergency Motion to Quash *With Proof of Service* Filed by Interested Party Federal Deposit Insurance Corporation as Receiver for First Federal Bank of California, a Federal Savings Bank.). (Attachments: # 1 Exhibit A) (Matin, Ali) (Entered: 03/26/2013) |
| 03/26/2013 | 397 (7 pgs) | Notice of lodgment *of Order Granting Request for Telephonic Appearance* Filed by Debtor Allana Baroni (RE: related document(s)395 Motion *Request for Telephonic Appearance* Filed by Debtor Allana Baroni). (Landsberg, Ian) (Entered: 03/26/2013) |
| 03/26/2013 | 398 (6 pgs) | Declaration re: *OF ALI MATIN REGARDING NOTICE AND SERVICE OF (A) THE FDIC-Rs Motion to Quash or Modify Subpoena; or, in the Alternative, for Protective Order; (B) APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE; AND (C) ORDER SETTING HEARING ON SHORTENED TIME* Filed by Interested Party Federal Deposit Insurance Corporation as Receiver for First Federal Bank of California, a Federal Savings Bank. (Matin, Ali) (Entered: 03/26/2013) |
| 03/27/2013 | 399 (4 pgs) | Order Granting Request for Telephonic Appearance (BNC-PDF) (Related Doc # 395 ) Signed on 3/27/2013 (Remy, Johanne) (Entered: 03/27/2013) |
| 03/27/2013 | 400 (13 pgs) | Objection (related document(s): 376 Amended Chapter 11 Plan filed by Debtor Allana Baroni) *to Debtor's Second Amended Disclosure Statement and Confirmation of Debtor's Chapter 11 Plan* Filed by Creditor Nationstar Mortgage, LLC (Barasch, Adam) (Entered: 03/27/2013) |

| Date | # | Docket Text |
|---|---|---|
| 03/27/2013 | 401 (7 pgs) | Opposition to (related document(s): 376 Amended Chapter 11 Plan filed by Debtor Allana Baroni) *Supplemental Opposition by OneWest Bank to Motion Seeking Confirmation of 2nd Amended Plan - with proof of service* Filed by Creditor OneWest Bank, FSB (Rhim, J) (Entered: 03/27/2013) |
| 03/27/2013 | 402 (10 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)384 Order on Motion to Extend Exclusivity Period (BNC-PDF)) No. of Notices: 2. Notice Date 03/27/2013. (Admin.) (Entered: 03/27/2013) |
| 03/28/2013 | 403 (7 pgs) | Notice of lodgment Filed by Interested Party Federal Deposit Insurance Corporation as Receiver for First Federal Bank of California, a Federal Savings Bank (RE: related document(s)385 Emergency Motion to Quash *With Proof of Service* Filed by Interested Party Federal Deposit Insurance Corporation as Receiver for First Federal Bank of California, a Federal Savings Bank.). (Matin, Ali) (Entered: 03/28/2013) |
| 03/28/2013 | 404 (8 pgs) | Objection to Confirmation of Plan Filed by Creditors The Bank of New York Mellon, The Bank of New York Mellon fka the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Structured Asset Mortgage Investments II Trust, Mortgage Pass- Through Certifica (RE: related document(s)376 Amended Chapter 11 Plan *Second Amended Disclosure Statement and Plan of Reorganization for Allana Baroni* Filed by Debtor Allana Baroni). (Schiff, Stefanie) (Entered: 03/28/2013) |
| 03/28/2013 | 405 (4 pgs) | Declaration re: *Objection to Second Amended Disclosure Statement and Confirmation of Debtor's Chapter 11 Plan* Filed by Creditors The Bank of New York Mellon, The Bank of New York Mellon fka the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Structured Asset Mortgage Investments II Trust, Mortgage Pass- Through Certifica (RE: related document(s)404 Objection to Confirmation of the Plan). (Schiff, Stefanie) (Entered: 03/28/2013) |
| 03/28/2013 | 406 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)392 Order on Application for Compensation (BNC-PDF)) No. of Notices: 2. Notice Date 03/28/2013. (Admin.) (Entered: 03/28/2013) |
| 03/28/2013 | 407 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)393 Order (Generic) (BNC-PDF)) No. of Notices: 2. Notice Date 03/28/2013. (Admin.) (Entered: 03/28/2013) |
| 03/29/2013 | 408 (6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)399 Order on Generic Motion (BNC-PDF)) No. of Notices: 2. Notice Date 03/29/2013. (Admin.) (Entered: 03/29/2013) |
| 04/01/2013 | 409 (5 pgs) | Reply to (related document(s): 404 Objection to Confirmation of the Plan filed by Creditor The Bank of New York Mellon, Creditor The Bank of New York Mellon fka the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Structured Asset Mortgage Investments II Trust, Mortgage Pass- Through Certifica, 405 Declaration filed by Creditor The Bank of New York Mellon, Creditor The Bank of New York Mellon fka the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Structured Asset Mortgage Investments II Trust, Mortgage Pass- Through Certifica) *Debtor's Reply to Objection of Bank of New York Mellon's Objection to Confirmation of Second Amended Plan* Filed by Debtor Allana Baroni (Landsberg, Ian) (Entered: 04/01/2013) |
| 04/01/2013 | 410 (9 pgs) | Reply to (related document(s): 400 Objection filed by Creditor Nationstar Mortgage, LLC) *Debtor's Reply to Objection of Nationstar Mortgage, LLC to Confirmation of Second Amended Plan* Filed by Debtor Allana Baroni (Landsberg, Ian) (Entered: 04/01/2013) |
| 04/01/2013 | 411 (5 pgs) | Reply to (related document(s): 401 Opposition filed by Creditor OneWest Bank, FSB) *Debtor's Reply to Objection of One West Bank, FSB to Confirmation of Second Amended Plan* Filed by Debtor Allana Baroni (Landsberg, Ian) (Entered: 04/01/2013) |
| 04/03/2013 | 412 (121 pgs) | Adversary case 1:13-ap-01069. Complaint by Allana Baroni against NATIONSTAR MORTGAGE LLC . (Charge To Estate). Nature of Suit: (14 (Recovery of money/property - other)) ,(21 (Validity, priority or extent of lien or other interest in property)) ,(91 (Declaratory judgment)) (Aquino, Tommy) (Entered: 04/03/2013) |
| 04/03/2013 | 413 (71 pgs) | Adversary case 1:13-ap-01070. Complaint by Allana Baroni against Green Tree Servicing LLC . (Charge To Estate). Nature of Suit: (14 (Recovery of money/property - other)) ,(21 (Validity, priority or extent of lien or other interest in property)) ,(91 (Declaratory judgment)) (Kinsley, Terri) (Entered: 04/03/2013) |
| 04/03/2013 | 414 (171 pgs; 3 docs) | Adversary case 1:13-ap-01071. Complaint by Allana Baroni against Wells Fargo Bank, National Association as Trustee for Structured Adj Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17 . (Fee Not Required). (Attachments: # 1 Exhibit A to B# 2 Exhibit C - H) Nature of Suit: (14 (Recovery of money/property - other)) ,(21 (Validity, priority or extent of lien or other interest in property)) ,(91 (Declaratory judgment)) (Mendez, Raoul) (Entered: 04/03/2013) |
| 04/03/2013 | 415 (234 pgs; 4 docs) | Adversary case 1:13-ap-01072. Complaint by Allana Baroni against The Bank of New York Mellon FKA The Bank OF New York, As Successor Trustee To JPMorgan Chase Bank NA As Trustee For the Holders Of Sami II Trust 2006-AR6 Mortgage Pass Through Certificates . (Charge To Estate). (Attachments: # 1 Part 2 of 4# 2 Part 3 of 4# 3 Part 4 of 4) Nature of Suit: (14 (Recovery of money/property - other)) ,(21 |

| | | (Validity, priority or extent of lien or other interest in property)) ,(91 (Declaratory judgment)) (Aquino, Tommy) (Entered: 04/03/2013) |
|---|---|---|
| 04/03/2013 | 416 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Domeyer, Mark. (Domeyer, Mark) (Entered: 04/03/2013) |
| 04/03/2013 | 417 (8 pgs) | Notice of lodgment Filed by Debtor Allana Baroni (RE: related document(s)309 Stipulation By Allana Baroni and *Stipulation to Continue Hearings on First and Final Fee Applications of Law Offices of Linda Blank and Goodman Faith, LLP/Greenberg & Bass* Filed by Debtor Allana Baroni, 343 Objection). (Landsberg, Ian) (Entered: 04/03/2013) |
| 04/04/2013 | 418 (4 pgs) | Order Granting Stipulation and ORDER thereon Between The United States Trustee, Debtor in Possession and Goodman Faith, LLP to Resolve Alll Objetions to The First and Final Application of Goodman Faith LLP , (BNC-PDF){sequence})~ (Related Doc # 309 ) Signed on 4/4/2013 (Gonzalez, Emma) (Entered: 04/04/2013) |
| 04/05/2013 | 419 (3 pgs) | Order Granting the FDIC-R's Motion to Quash or Modify Subpoena; or, in the Alternative, for Protective Order (BNC-PDF) (Related Doc # 385 ) Signed on 4/5/2013 (Remy, Johanne) (Entered: 04/05/2013) |
| 04/05/2013 | 420 (15 pgs) | Notice of lodgment Filed by Debtor Allana Baroni (RE: related document(s)301 Motion for order confirming chapter 11 plan *Notice of Motion and Motion for Order:). (Landsberg, Ian) (Entered: 04/05/2013)* |
| 04/06/2013 | 421 (6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)418 Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 2. Notice Date 04/06/2013. (Admin.) (Entered: 04/06/2013) |
| 04/07/2013 | 422 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)419 Order on Motion To Quash (BNC-PDF)) No. of Notices: 2. Notice Date 04/07/2013. (Admin.) (Entered: 04/07/2013) |
| 04/15/2013 | 423 (10 pgs) | Order Confirming Debtor's Second Amended Plan of Reorganization (Related Doc # 301 ) Signed on 4/15/2013 (Remy, Johanne) (Entered: 04/15/2013) |
| 04/15/2013 | 424 | Hearing Set (RE: related document(s)1 Voluntary Petition (Chapter 13) filed by Debtor Allana Baroni) Status hearing to be held on 9/18/2013 at 10:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Alan M. Ahart (Remy, Johanne) (Entered: 04/15/2013) |
| 04/17/2013 | 425 (12 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)423 Order (Generic) (BNC-PDF)) No. of Notices: 2. Notice Date 04/17/2013. (Admin.) (Entered: 04/17/2013) |
| 05/10/2013 | 426 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Yabes, Gilbert. (Yabes, Gilbert) (Entered: 05/10/2013) |
| 05/29/2013 | 427 (105 pgs) | Application for Compensation *Final Application of Landsberg & Associates, A Professional Law Corporation, General Bankruptcy Counsel for the Debtor, for Allowance of Compensation and Reimbursement of Expenses for the Period August 13, 2012 through April 15, 2013; Declaration of Ian S. Landsberg and Allana Baroni in Support* for Ian Landsberg, Debtor's Attorney, Period: 8/13/2012 to 4/15/2013, Fee: $173,367.50, Expenses: $17,543.95. Filed by Attorney Ian Landsberg (Landsberg, Ian) (Entered: 05/29/2013) |
| 05/30/2013 | 428 | Hearing Set (RE: related document(s)427 Application for Compensation filed by Debtor Allana Baroni) The Hearing date is set for 6/19/2013 at 10:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Alan M. Ahart (Ogier, Kathy) (Entered: 05/30/2013) |
| 06/19/2013 | 429 (12 pgs) | Notice of lodgment Filed by Debtor Allana Baroni (RE: related document(s)427 Application for Compensation *Final Application of Landsberg & Associates, A Professional Law Corporation, General Bankruptcy Counsel for the Debtor, for Allowance of Compensation and Reimbursement of Expenses for the Period August 13, 2012 through Ap). (Landsberg, Ian) (Entered: 06/19/2013)* |
| 06/20/2013 | 430 (8 pgs) | Order Granting Application For Compensation (BNC-PDF) (Related Doc # 427) for Ian Landsberg, fees awarded: $173367.50, expenses awarded: $17543.95 Signed on 6/20/2013. (Ogier, Kathy) (Entered: 06/20/2013) |
| 06/22/2013 | 431 (10 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)430 Order on Application for Compensation (BNC-PDF)) No. of Notices: 2. Notice Date 06/22/2013. (Admin.) (Entered: 06/22/2013) |
| 07/03/2013 | 432 (13 pgs) | Transcript regarding Hearing Held 04/03/13 RE: Hearing re Motin for Order. Remote electronic access to the transcript is restricted until 10/1/2013. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Echo Reporting, Inc., Telephone number (858) 453-7590.]. Notice of Intent to Request Redaction Deadline Due By 7/10/2013. |

| | | |
|---|---|---|
| | | Redaction Request Due By 07/24/2013. Redacted Transcript Submission Due By 08/5/2013. Transcript access will be restricted through 10/1/2013. (Bauer, Tara) (Entered: 07/03/2013) |
| 07/17/2013 | 433 (30 pgs) | Motion to Allow Claim 3 *by OneWest Bank, FSB for Order Allowing Claim Pursuant to 11 USC Sec. 501(A); Declaration of Alexandra Rhim in Support Thereof (with proof of service)* Filed by Creditor OneWest Bank, FSB (Rhim, J) (Entered: 07/17/2013) |
| 07/17/2013 | 434 (28 pgs; 2 docs) | Request for judicial notice *in Support of Motion by OneWest Bank, FSB for Order Allowing Claim Pursuant to 11 USC Sec. 502(A)* Filed by Creditor OneWest Bank, FSB (RE: related document(s)433 Motion to Allow Claim 3 *by OneWest Bank, FSB for Order Allowing Claim Pursuant to 11 USC Sec. 501(A); Declaration of Alexandra Rhim in Support Thereof (with proof of service)*). (Attachments: # 1 Exhibit Exh. 2 to Request for Jud. Notice) (Rhim, J) (Entered: 07/17/2013) |
| 07/17/2013 | 435 (75 pgs; 2 docs) | Exhibit *1 to Request for Judicial Notice in Support of Motion* Filed by Creditor OneWest Bank, FSB (RE: related document(s)433 Motion to Allow Claim 3 *by OneWest Bank, FSB for Order Allowing Claim Pursuant to 11 USC Sec. 501(A); Declaration of Alexandra Rhim in Support Thereof (with proof of service)*). (Attachments: # 1 Exhibit Exhibit 1-B to Request for Judicial Notice) (Rhim, J). Related document(s) 434 Request for judicial notice filed by Creditor OneWest Bank, FSB. Modified on 7/17/2013 (RE: related to document 434)(Seneviratne, Johann). (Entered: 07/17/2013) |
| 07/17/2013 | 436 (2 pgs) | Notice of motion/application *to allow claim* Filed by Creditor OneWest Bank, FSB. (Rhim, J) (Entered: 07/17/2013) |
| 07/18/2013 | 437 | Hearing Set (RE: related document(s)433 Motion to Allow Claims filed by Creditor OneWest Bank, FSB) The Hearing date is set for 8/7/2013 at 10:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Alan M. Ahart (Ogier, Kathy) (Entered: 07/18/2013) |
| 07/18/2013 | 438 (4 pgs) | Proof of service *re Notice of Motion by Onewest Bank for Motion to Allow Claim* Filed by Creditor OneWest Bank, FSB (RE: related document(s)433 Motion to Allow Claim 3 *by OneWest Bank, FSB for Order Allowing Claim Pursuant to 11 USC Sec. 501(A); Declaration of Alexandra Rhim in Support Thereof (with proof of service)*). (Rhim, J) (Entered: 07/18/2013) |
| 07/23/2013 | 439 (2 pgs; 2 docs) | Transfer of Claim Transfer Agreement 3001 (e) 2 Transferor: Bank of America, N.A. (Claim No. 7) To Nationstar Mortgage, LLC Fee Amount $25 To Nationstar Mortgage, LLC350 Highland DriveLewisville, TX 75067 Filed by Creditor Nationstar Mortgage, LLC. (Taylor, Bill) (Entered: 07/23/2013) |
| 07/23/2013 | | Receipt of Transfer of Claim (Fee)(1:12-bk-10986-AA) [claims,trclm] ( 25.00) Filing Fee. Receipt number 33970127. Fee amount 25.00. (re: Doc# 439) (U.S. Treasury) (Entered: 07/23/2013) |
| 07/23/2013 | 440 (4 pgs) | Stipulation By Allana Baroni and *Stipulation to Continue Hearing on Motion to Allow Claim Filed by Onewest Bank* Filed by Debtor Allana Baroni (Landsberg, Ian) (Entered: 07/23/2013) |
| 07/23/2013 | 441 (8 pgs) | Notice of lodgment Filed by Debtor Allana Baroni (RE: related document(s)440 Stipulation By Allana Baroni and *Stipulation to Continue Hearing on Motion to Allow Claim Filed by Onewest Bank*). (Landsberg, Ian) (Entered: 07/23/2013) |
| 07/24/2013 | 442 (4 pgs) | Order approving stipulation to continue hearing on motion to allow claim filed by OneWest Bank (BNC-PDF) (Related Doc # 440 ) Signed on 7/24/2013 (Ogier, Kathy) (Entered: 07/24/2013) |
| 07/24/2013 | | Hearing (Bk Motion) Continued (RE: related document(s) 433 MOTION TO ALLOW CLAIMS filed by OneWest Bank, FSB) Hearing to be held on 08/20/2013 at 10:00 AM 21041 Burbank Blvd Woodland Hills, CA 91367 for 433 , (Ogier, Kathy) (Entered: 07/24/2013) |
| 07/26/2013 | 443 (6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)442 Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 2. Notice Date 07/26/2013. (Admin.) (Entered: 07/26/2013) |
| 07/26/2013 | 444 (3 pgs) | BNC Certificate of Notice - Transfer of Claim (RE: related document(s)439 Transfer of Claim (Fee) filed by Creditor Nationstar Mortgage, LLC) No. of Notices: 1. Notice Date 07/26/2013. (Admin.) (Entered: 07/26/2013) |
| 07/29/2013 | 445 (9 pgs) | Motion to Withdraw as Attorney *Motion of Landsberg & Associates, A Professional Law Corporation to Withdraw as General Bankruptcy Cousel for the Debtor; Declaration of Ian S. Landsberg in Support* Filed by Debtor Allana Baroni (Landsberg, Ian) (Entered: 07/29/2013) |
| 07/29/2013 | 446 (8 pgs) | Application shortening time Filed by Debtor Allana Baroni (Landsberg, Ian) (Entered: 07/29/2013) |
| 07/29/2013 | 447 (10 pgs) | Notice of lodgment Filed by Debtor Allana Baroni (RE: related document(s)445 Motion to Withdraw as Attorney *Motion of Landsberg & Associates, A Professional Law Corporation to Withdraw as General* |

| | | |
|---|---|---|
| | | *Declaration of Ian S. Landsberg in Support, 446 Application shortening time ). (Landsberg, Ian) (Entered: 07/29/2013)* |
| 07/30/2013 | 448<br>(6 pgs) | Order Granting Application and Setting Hearing on Shortened Notice (Related Doc # 446 ) Signed on 7/30/2013 (Remy, Johanne) (Entered: 07/30/2013) |
| 07/30/2013 | 449 | Hearing Set (RE: related document(s)445 Motion to Withdraw as Attorney filed by Debtor Allana Baroni) The Hearing date is set for 8/1/2013 at 11:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Alan M. Ahart (Remy, Johanne) (Entered: 07/30/2013) |
| 07/30/2013 | 450<br>(3 pgs) | Declaration re: *Declaration of Diana Zuniga Ree Service of Motion of Landsberg & Associates, A Professional Law Corporation to Withdraw as General Bankruptcy Counsel for the Debtor* Filed by Attorney Landsberg & Associates (RE: related document(s)445 Motion to Withdraw as Attorney *Motion of Landsberg & Associates, A Professional Law Corporation to Withdraw as General Bankruptcy Cousel for the Debtor; Declaration of Ian S. Landsberg in Support, 448* Order (Generic) (BNC-PDF), 449 Hearing (Bk Motion) Set). (Landsberg, Ian) (Entered: 07/30/2013) |
| 07/30/2013 | 451<br>(2 pgs) | Declaration re: *Declaration of Evelyn Chun Re Service of Motion of Landsberg & Associates, A Professional Law Corporation to Withdraw as General Bankruptcy Counsel for the Debtor* Filed by Attorney Landsberg & Associates (RE: related document(s)445 Motion to Withdraw as Attorney *Motion of Landsberg & Associates, A Professional Law Corporation to Withdraw as General Bankruptcy Cousel for the Debtor; Declaration of Ian S. Landsberg in Support, 448* Order (Generic) (BNC-PDF), 449 Hearing (Bk Motion) Set). (Landsberg, Ian) (Entered: 07/30/2013) |
| 07/30/2013 | 452<br>(2 pgs) | Declaration re: *Declaration of Summer Saad Re Service of Motion of Landsberg & Associates, A Professional Law Corporation to Withdraw as General Bankruptcy Counsel for the Debtor* Filed by Attorney Landsberg & Associates (RE: related document(s)445 Motion to Withdraw as Attorney *Motion of Landsberg & Associates, A Professional Law Corporation to Withdraw as General Bankruptcy Cousel for the Debtor; Declaration of Ian S. Landsberg in Support, 448* Order (Generic) (BNC-PDF), 449 Hearing (Bk Motion) Set). (Landsberg, Ian) (Entered: 07/30/2013) |
| 07/30/2013 | 453<br>(2 pgs) | Notice of Hearing Filed by Attorney Landsberg & Associates (RE: related document(s)445 Motion to Withdraw as Attorney *Motion of Landsberg & Associates, A Professional Law Corporation to Withdraw as General Bankruptcy Cousel for the Debtor; Declaration of Ian S. Landsberg in Support* Filed by Debtor Allana Baroni). (Landsberg, Ian) (Entered: 07/30/2013) |
| 07/30/2013 | 454<br>(4 pgs) | Proof of service Filed by Attorney Landsberg & Associates (RE: related document(s)445 Motion to Withdraw as Attorney *Motion of Landsberg & Associates, A Professional Law Corporation to Withdraw as General Bankruptcy Cousel for the Debtor; Declaration of Ian S. Landsberg in Support, 448* Order (Generic) (BNC-PDF), 453 Notice of Hearing). (Landsberg, Ian) (Entered: 07/30/2013) |
| 08/01/2013 | 455<br>(5 pgs) | Ex parte application *Ex Parte Motion to Continue Hearing on Motion by Onewest Bank, FSB, for Order Allowing Claim Pursuant to 11§502(A)* Filed by Attorney Landsberg & Associates (Landsberg, Ian) (Entered: 08/01/2013) |
| 08/01/2013 | 456<br>(8 pgs) | Notice of lodgment Filed by Attorney Landsberg & Associates (RE: related document(s)455 Ex parte application *Ex Parte Motion to Continue Hearing on Motion by Onewest Bank, FSB, for Order Allowing Claim Pursuant to 11§502(A)*). (Landsberg, Ian) (Entered: 08/01/2013) |
| 08/01/2013 | 457<br>(9 pgs) | Notice of lodgment Filed by Attorney Landsberg & Associates (RE: related document(s)445 Motion to Withdraw as Attorney *Motion of Landsberg & Associates, A Professional Law Corporation to Withdraw as General Bankruptcy Cousel for the Debtor; Declaration of Ian S. Landsberg in Support* Filed by Debtor Allana Baroni). (Landsberg, Ian) (Entered: 08/01/2013) |
| 08/01/2013 | 458<br>(3 pgs) | Opposition to (related document): 455 Ex parte application *Ex Parte Motion to Continue Hearing on Motion by Onewest Bank, FSB, for Order Allowing Claim Pursuant to 11§502(A)* filed by Attorney Landsberg & Associates) Filed by Creditor OneWest Bank, FSB (Rhim, J) (Entered: 08/01/2013) |
| 08/01/2013 | 459<br>(8 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)448 Order (Generic) (BNC-PDF)) No. of Notices: 2. Notice Date 08/01/2013. (Admin.) (Entered: 08/01/2013) |
| 08/02/2013 | 460<br>(4 pgs) | Reply to (related document): 458 Opposition filed by Creditor OneWest Bank, FSB) *Reply to Onewest Bank, FSB's Opposition to Debtor's Ex Parte Motion to Continue Hearing on Motion by Onwest Bank, FSB for Order Allowing Claim Pursuant to 11 U.S.C.§502(A)* Filed by Attorney Landsberg & Associates (Landsberg, Ian) (Entered: 08/02/2013) |
| 08/02/2013 | 461<br>(4 pgs) | Order Granting ex parte motion to continue hearing on motion by OneWest Bank, FSB for order allowing claim pursuant to 11 U.S.C. ◆502(A) Related Doc # 455 ) Signed on 8/2/2013 (Ogier, Kathy) (Entered: 08/02/2013) |

| | | |
|---|---|---|
| 08/02/2013 | | Hearing (Bk Motion) Continued (RE: related document(s) 433 MOTION TO ALLOW CLAIMS filed by OneWest Bank, FSB) Hearing to be held on 09/25/2013 at 10:00 AM 21041 Burbank Blvd Woodland Hills, CA 91367 for 433 , (Ogier, Kathy) (Entered: 08/02/2013) |
| 08/02/2013 | 462 (5 pgs) | Order Granting Motion To Withdraw As Attorney (BNC-PDF) (Related Doc # 445) Signed on 8/2/2013. (Ogier, Kathy) (Entered: 08/02/2013) |
| 08/04/2013 | 463 (6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)461 Order (Generic) (BNC-PDF)) No. of Notices: 2. Notice Date 08/04/2013. (Admin.) (Entered: 08/04/2013) |
| 08/04/2013 | 464 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)462 Order on Motion to Withdraw as Attorney (BNC-PDF)) No. of Notices: 2. Notice Date 08/04/2013. (Admin.) (Entered: 08/04/2013) |
| 08/05/2013 | 465 (13 pgs) | Order Re: civil minutes from District Court affirming the Bankruptcy Court's granting or reconsideration [filed in District Court 3/27/13] (BNC-PDF) Signed on 8/5/2013 (RE: related document(s)133 Notice of Appeal filed by Creditor OneWest Bank, FSB). (Ogier, Kathy) (Entered: 08/05/2013) |
| 08/05/2013 | 466 (10 pgs) | Order Re: civil minutes from District Court affirming the Bankruptcy Court's denial of creditor's motion to convert (BNC-PDF) Signed on 8/5/2013 (RE: related document(s)82 Notice of Appeal filed by Creditor OneWest Bank, FSB). (Ogier, Kathy)[order originally filed in District Court 3/27/13] Modified on 8/5/2013 (Ogier, Kathy). (Entered: 08/05/2013) |
| 08/07/2013 | 467 (15 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)465 Order (Generic) (BNC-PDF)) No. of Notices: 2. Notice Date 08/07/2013. (Admin.) (Entered: 08/07/2013) |
| 08/07/2013 | 468 (12 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)466 Order (Generic) (BNC-PDF)) No. of Notices: 2. Notice Date 08/07/2013. (Admin.) (Entered: 08/07/2013) |
| 08/12/2013 | 469 (10 pgs) | Affidavit and Request for Issuance of Writ Filed by Attorney Ian S Landsberg of Landsberg & Associates. (RE: related document(s)430 Order on Application for Compensation (BNC-PDF)). (Kinsley, Terri) (Entered: 08/12/2013) |
| 08/12/2013 | 470 (3 pgs) | Writ of execution - Copy -Original issued 8/12/2013 filed by attorney Ian S Landsberg of Landsberg and Asociates. Re: 465 (Kinsley, Terri) (Entered: 08/12/2013) |
| 08/13/2013 | 471 (9 pgs) | Document re request for service of process by registered process server Filed by Attorney Landsberg & Associates (Ogier, Kathy) (Entered: 08/13/2013) |
| 08/13/2013 | 472 (7 pgs) | Notice of lodgment Filed by Attorney Landsberg & Associates (RE: related document(s)471 Document re request for service of process by registered process server Filed by Attorney Landsberg & Associates). (Ogier, Kathy) (Entered: 08/13/2013) |
| 08/14/2013 | 473 (3 pgs) | Order approving request of service by registered process server (BNC-PDF) Signed on 8/14/2013 (RE: related document(s)471 Document filed by Attorney Landsberg & Associates). (Ogier, Kathy) (Entered: 08/15/2013) |
| 08/16/2013 | 474 (3 pgs) | Substitution of attorney *(with Proof of Service)* Filed by Debtor Allana Baroni. (Esbin, Louis) (Entered: 08/16/2013) |
| 08/17/2013 | 475 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)473 Order (Generic) (BNC-PDF)) No. of Notices: 2. Notice Date 08/17/2013. (Admin.) (Entered: 08/17/2013) |
| 08/21/2013 | 476 (77 pgs) | Motion to Convert Case From Chapter 11 to 7. *Notice of Motion and Motion to Compel Debtor to Comply with Orders of this Court or, In the Alternative, Convert this Case to One Under Chapter 7 of the Bankruptcy Code; Memorandum of Points and Authorities; Declaration of Ian S. Landsberg in Support Thereof* Fee Amount $15 Filed by Attorney Landsberg & Associates (Landsberg, Ian) (Entered: 08/21/2013) |
| 08/21/2013 | | Receipt of Motion to Convert Case(1:12-bk-10986-AA) [motion,mconv] ( 15.00) Filing Fee. Receipt number 34343293. Fee amount 15.00. (re: Doc# 476) (U.S. Treasury) (Entered: 08/21/2013) |
| 08/21/2013 | 477 (284 pgs; 17 docs) | Request for judicial notice *Request for Judicial Notice in Support of Landsberg & Associates' Motion to Compel Debtor to Comply with Orders of this Court or, in the Alternative, Convert this Case to One Under Chapter 7 of the Bankruptcy Code* Filed by Attorney Landsberg & Associates (RE: related document(s)476 Motion to Convert Case From Chapter 11 to 7. *Notice of Motion and Motion to Compel Debtor to Comply with Orders of this Court or, In the Alternative, Convert this Case to One Under Chapter 7 of the Bankruptcy Code; Memorandum of Points and Authoriti, Automatic docket of credit card/debit card). (Attachments: # 1 Exhibit 1 # 2 Exhibit 2 # 3 Exhibit 3 # 4 Exhibit 4 # 5 Exhibit 5 # 6 Exhibit 6 # 7 Exhibit 7 # 8 Exhibit 8 # 9 Exhibit 9 # 10 Exhibit 10 # 11 Exhibit 11 # 12 Exhibit 12 # 13 Exhibit 13 # 14 Exhibit 14 # 15 Exhibit 15 # 16 Exhibit 16) (Landsberg, Ian) (Entered: 08/21/2013)* |

| Date | # | Docket Text |
|---|---|---|
| 08/22/2013 | 478 | Hearing Set (RE: related document(s)476 Motion to Convert Case filed by Attorney Landsberg & Associates) The Hearing date is set for 9/11/2013 at 10:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Alan M. Ahart (Ogier, Kathy) (Entered: 08/22/2013) |
| 08/23/2013 | 479 (128 pgs) | Motion to Reconsider (related documents 430 Order on Application for Compensation (BNC-PDF), 473 Order (Generic) (BNC-PDF)) *Notice of Motion and Motion for Reconsideration of Order Approving Final Application of Landsberg & Associates, APC, General Bankruptcy Counsel for the Debtor, for Allowance of Compensation and Reimbursement of Expenses for the Period August 13, 2012 Through April 15, 2013; Writ of Execution; Order Approving Request of Service by Registered Process Server; Points and Authorities; Declaration of Allana A. Baroni in Support (with Proof of Service)* Filed by Debtor Allana Baroni (Esbin, Louis) (Entered: 08/23/2013) |
| 08/26/2013 | 480 | Hearing Set (RE: related document(s)479 Motion to Reconsider filed by Debtor Allana Baroni) The Hearing date is set for 9/18/2013 at 10:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Alan M. Ahart (Ogier, Kathy) (Entered: 08/26/2013) |
| 08/27/2013 | 481 (14 pgs) | Application shortening time *Ex Parte Application for Order Shortening Time for Hearing on Notice of Motion and Motion for Reconsideration (Case Doc. No. 479); Points and Authorities; Declarations in Support (with Proof of Service)* Filed by Debtor Allana Baroni (Esbin, Louis) (Entered: 08/27/2013) |
| 08/27/2013 | 482 (8 pgs) | Notice of lodgment *(with Proof of Service)* Filed by Debtor Allana Baroni (RE: related document(s)481 Application shortening time *Ex Parte Application for Order Shortening Time for Hearing on Notice of Motion and Motion for Reconsideration (Case Doc. No. 479); Points and Authorities; Declarations in Support (with Proof of Service)* Filed by Debtor Allana Baroni). (Esbin, Louis) (Entered: 08/27/2013) |
| 08/27/2013 | 483 (5 pgs) | Order Granting Application and Setting Hearing on Shortened Notice (Related Doc # 481 ) Signed on 8/27/2013 (Remy, Johanne) (Entered: 08/27/2013) |
| 08/27/2013 | | Hearing (Bk Motion) Continued (RE: related document(s) 479 MOTION TO RECONSIDER filed by Allana Baroni) Hearing to be held on 09/11/2013 at 10:00 AM 21041 Burbank Blvd Woodland Hills, CA 91367 for 479 , (Remy, Johanne) (Entered: 08/27/2013) |
| 08/28/2013 | 484 (7 pgs) | Response to (related document(s): 476 Motion to Convert Case From Chapter 11 to 7. *Notice of Motion and Motion to Compel Debtor to Comply with Orders of this Court or, In the Alternative, Convert this Case to One Under Chapter 7 of the Bankruptcy Code; Memorandum of Points and Authoriti filed by Attorney Landsberg & Associates) Partial Joinder Filed by Creditor OneWest Bank, FSB (Rhim, J) (Entered: 08/28/2013)* |
| 08/28/2013 | 485 (13 pgs) | Notice of Hearing *on Motion for Reconsideration of Order Approving Final Application of Landsberg & Associates, APC, General Bankruptcy Counsel for the Debtor, for Allowance of Compensation and Reimbursement of Expenses for the Period August 13, 2012 Through April 15, 2013; Writ of Execution; Order Approving Request of Service by Registered Process Server; Proof of Service of Parties in Interest and Creditors per Order Shortening Time Entered as Case Doc. No. 483 (with Proof of Service)* Filed by Debtor Allana Baroni (RE: related document(s)479 Motion to Reconsider (related documents 430 Order on Application for Compensation (BNC-PDF), 473 Order (Generic) (BNC-PDF)) *Notice of Motion and Motion for Reconsideration of Order Approving Final Application of Landsberg & Associates, APC, General Bankruptcy Counsel for the Debtor, for Allowance of Compensation and Reimbursement of Expenses for the Period August 13, 2012 Through April 15, 2013; Writ of Execution; Order Approving Request of Service by Registered Process Server; Points and Authorities; Declaration of Allana A. Baroni in Support (with Proof of Service)* Filed by Debtor Allana Baroni). (Esbin, Louis) (Entered: 08/28/2013) |
| 08/28/2013 | 486 (19 pgs) | Response to (related document(s): 476 Motion to Convert Case From Chapter 11 to 7. *Notice of Motion and Motion to Compel Debtor to Comply with Orders of this Court or, In the Alternative, Convert this Case to One Under Chapter 7 of the Bankruptcy Code; Memorandum of Points and Authoriti filed by Attorney Landsberg & Associates) Debtor's Opposition to the Motion to Compel Debtor to Comply with Orders of this Court Or, in the Alternative, Convert this Case to One under Chapter 7 of the Bankruptcy Code; Points and Authorities; Declaration in Support (with Proof of Service) Filed by Debtor Allana Baroni (Esbin, Louis) (Entered: 08/28/2013)* |
| 08/29/2013 | 487 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)483 Order (Generic) (BNC-PDF)) No. of Notices: 2. Notice Date 08/29/2013. (Admin.) (Entered: 08/29/2013) |
| 09/03/2013 | 488 (5 pgs) | Notice *of Partial Joinder to Motion to Convert Case* Filed by Creditors Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17, Nationstar Mortgage, LLC (RE: related document(s)476 Motion to Convert Case From Chapter 11 to 7. *Notice of Motion and Motion to Compel Debtor to Comply with Orders of this Court or, In the Alternative, Convert this Case to One Under Chapter 7 of the Bankruptcy Code; Memorandum of Points and Authorities; Declaration of Ian S. Landsberg in Support Thereof* Fee Amount $15 Filed by Attorney Landsberg & Associates). (Barasch, Adam) (Entered: 09/03/2013) |

| | | |
|---|---|---|
| 09/03/2013 | 489 (2 pgs) | Proof of service Filed by Attorney Landsberg & Associates (RE: related document(s)473 Order (Generic) (BNC-PDF)). (Ogier, Kathy) (Entered: 09/04/2013) |
| 09/04/2013 | 490 (5 pgs) | Notice *of Partial Joinder to Motion to Convert Case* Filed by Creditors The Bank of New York Mellon, The Bank of New York Mellon fka the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Structured Asset Mortgage Investments II Trust, Mortgage Pass- Through Certifica (RE: related document(s)476 Motion to Convert Case From Chapter 11 to 7. *Notice of Motion and Motion to Compel Debtor to Comply with Orders of this Court or, In the Alternative, Convert this Case to One Under Chapter 7 of the Bankruptcy Code; Memorandum of Points and Authorities; Declaration of Ian S. Landsberg in Support Thereof* Fee Amount $15 Filed by Attorney Landsberg & Associates). (Balser, Justin) (Entered: 09/04/2013) |
| 09/04/2013 | 491 (12 pgs) | Reply to (related document(s): 488 Notice filed by Creditor Nationstar Mortgage, LLC, Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17) *Opposition to Partial Joinder by Nationstar Mortgage, LLC, and Wells Fargo to Motion to Convert this Case to One under Chapter 7 of the Bankruptcy Code (with Proof of Service)* Filed by Debtor Allana Baroni (Esbin, Louis) (Entered: 09/04/2013) |
| 09/04/2013 | 492 (12 pgs) | Reply to (related document(s): 484 Response filed by Creditor OneWest Bank, FSB) *Opposition to Partial Joinder by OneWest Bank, FSB to Motion to Convert this Case to One under Chapter 7 of the Bankruptcy Code (with Proof of Service)* Filed by Debtor Allana Baroni (Esbin, Louis) (Entered: 09/04/2013) |
| 09/04/2013 | 493 (13 pgs) | Reply to (related document(s): 490 Notice filed by Creditor The Bank of New York Mellon, Creditor The Bank of New York Mellon fka the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Structured Asset Mortgage Investments II Trust, Mortgage Pass- Through Certifica) *Opposition to Partial Joinder by the Bank of New York Mellon to Motion to Convert this Case to One under Chapter 7 of the Bankruptcy Code (with Proof of Service)* Filed by Debtor Allana Baroni (Esbin, Louis) (Entered: 09/04/2013) |
| 09/04/2013 | 494 (4 pgs) | Stipulation By Landsberg & Associates and *Stipulation Between Landsberg & Associates and Debtor Extending the Time for Landsberg & Associates to File Its Reply to Debtor's Opposition to Motion to Convert* Filed by Attorney Landsberg & Associates (Landsberg, Ian) (Entered: 09/04/2013) |
| 09/04/2013 | 495 (8 pgs) | Notice of lodgment Filed by Attorney Landsberg & Associates (RE: related document(s)494 Stipulation By Landsberg & Associates and *Stipulation Between Landsberg & Associates and Debtor Extending the Time for Landsberg & Associates to File Its Reply to Debtor's Opposition to Motion to Convert*). (Landsberg, Ian) (Entered: 09/04/2013) |
| 09/05/2013 | 496 (8 pgs) | Notice of lodgment Filed by Attorney Landsberg & Associates (RE: related document(s)494 Stipulation By Landsberg & Associates and *Stipulation Between Landsberg & Associates and Debtor Extending the Time for Landsberg & Associates to File Its Reply to Debtor's Opposition to Motion to Convert*, 495 Notice of Lodgment). (Landsberg, Ian) (Entered: 09/05/2013) |
| 09/05/2013 | 497 (4 pgs) | Order approving stipulation between Landsberg & Associates and debtor extending the time for Landsberg & Associates to file its reply to debtor's opposition to motion to convert (BNC-PDF) (Related Doc # 494 ) Signed on 9/5/2013 (Ogier, Kathy) (Entered: 09/05/2013) |
| 09/05/2013 | 498 (56 pgs) | Opposition to (related document(s): 479 Motion to Reconsider (related documents 430 Order on Application for Compensation (BNC-PDF), 473 Order (Generic) (BNC-PDF)) *Notice of Motion and Motion for Reconsideration of Order Approving Final Application of Landsberg & Associates, APC, Gener filed by Debtor Allana Baroni) Opposition to Motin for Reconsideration of Order Approving Final Application of Landsberg & Associates, APC, General Bankruptcy Counsel for the Debtor, for Allowance of Compensation and Reimbursement of Expenses for the Period August 13, 2012 Through April 15, 2013; Writ of Execution; Order Approving Request of Service by Registered Process Server; Declaration of Ian Landsberg and Summer Saad in Support Filed by Attorney Landsberg & Associates (Landsberg, Ian) (Entered: 09/05/2013)* |
| 09/05/2013 | 499 (5 pgs) | Reply to (related document(s): 479 Motion to Reconsider (related documents 430 Order on Application for Compensation (BNC-PDF), 473 Order (Generic) (BNC-PDF)) *Notice of Motion and Motion for Reconsideration of Order Approving Final Application of Landsberg & Associates, APC, Gener filed by Debtor Allana Baroni, 492 Reply filed by Debtor Allana Baroni) Reply to Objection to Motion to Compel Debtor to Comply with Orders of this Cort or in the Alternative, Convert this Case to One Under Chapter 7 of the Bankruptcy Code Filed by Attorney Landsberg & Associates (Landsberg, Ian) (Entered: 09/05/2013)* |
| 09/05/2013 | 500 (3 pgs) | Proof of service *Proof of Service Re: Reply to Objection to Motion to Compel Debtor to Comply with Orders of this Court or in the Alternative, Convert this Case to One Under Chapter 7 of the Bankruptcy Code* Filed by Attorney Landsberg & Associates (RE: related document(s)499 Reply). (Landsberg, Ian) (Entered: 09/05/2013) |

| Date | # | Docket Text |
|---|---|---|
| 09/07/2013 | 501 (6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)497 Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 2. Notice Date 09/07/2013. (Admin.) (Entered: 09/07/2013) |
| 09/08/2013 | 502 (45 pgs) | Reply to (related document(s): 479 Motion to Reconsider (related documents 430 Order on Application for Compensation (BNC-PDF), 473 Order (Generic) (BNC-PDF)) *Notice of Motion and Motion for Reconsideration of Order Approving Final Application of Landsberg & Associates, APC, Gener filed by Debtor Allana Baroni, 498 Opposition filed by Attorney Landsberg & Associates) Reply to Opposition to Motion for Reconsideration of Order Approving Final Application of Landsberg & Associates, APC, General Bankruptcy Counsel for the Debtor, for Allowance of Compensation and Reimbursement of Expenses for the Period August 13, 2012 Through April 15, 2013; Writ of Execution; Order Approving Request of Service by Registered Process Server; Points and Authorities; Declaration of Allana A. Baroni in Support (with Proof of Service) Filed by Debtor Allana Baroni (Esbin, Louis) (Entered: 09/08/2013)* |
| 09/08/2013 | 503 (5 pgs) | Declaration re: *Declaration of Louis J. Esbin in Support of Notice of Hearing on Motion for Reconsideration of Order Approving Final Application of Landsberg & Associates, APC, General Bankruptcy Counsel for the Debtor, for Allowance of Compensation and Reimbursement of Expenses for the Period August 13, 2012 Through April 15, 2013; Writ of Execution; Order Approving Request of Service by Registered Process Server; Proof of Service of Parties in Interest and Creditors per Order Shortening Time Entered as Case Doc. No. 483 (with Proof of Service)* Filed by Debtor Allana Baroni (RE: related document(s)479 Motion to Reconsider (related documents 430 Order on Application for Compensation (BNC-PDF), 473 Order (Generic) (BNC-PDF)) *Notice of Motion and Motion for Reconsideration of Order Approving Final Application of Landsberg & Associates, APC, Gener). (Esbin, Louis) (Entered: 09/08/2013)* |
| 09/09/2013 | 504 (17 pgs) | Reply to (related document(s): 502 Reply filed by Debtor Allana Baroni) *Sur-Reply to* Filed by Attorney Landsberg & Associates (Landsberg, Ian) (Entered: 09/09/2013) |
| 09/10/2013 | | Hearing (Bk Motion) Continued (RE: related document(s) 476 MOTION TO CONVERT CASE filed by Landsberg & Associates) Hearing to be held on 09/18/2013 at 11:00 AM 21041 Burbank Blvd Woodland Hills, CA 91367 for 476, (Ogier, Kathy)CORRECTION: ENTERED DUE TO CLERICAL ERROR. HEARING 9/11/13 AT 10:00 A.M. Modified on 9/10/2013 (Ogier, Kathy). (Entered: 09/10/2013) |
| 09/10/2013 | 505 (5 pgs) | Stipulation By OneWest Bank, FSB and *Resolving Motion by OneWest Bank, FSB for Order Allowing Claim Pursuant to 11 U.S.C. Sect. 502(A)* Filed by Creditor OneWest Bank, FSB (Rhim, J). Related document(s) 433 Motion to Allow Claim 3 *by OneWest Bank, FSB for Order Allowing Claim Pursuant to 11 USC Sec. 501(A); Declaration of Alexandra Rhim in Support Thereof (with proof of service)* filed by Creditor OneWest Bank, FSB. Modified on 9/25/2013 (Ogier, Kathy). (Entered: 09/10/2013) |
| 09/13/2013 | 506 | Hearing Continued (RE: related document(s)476 Motion to Convert Case filed by Attorney Landsberg & Associates) The Hearing date is set for 9/25/2013 at 10:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Alan M. Ahart (Ogier, Kathy) (Entered: 09/13/2013) |
| 09/17/2013 | 507 (5 pgs) | Status report *Reorganized Debtors Post Confirmation Case Management Conference Report and ex Parte Application to Continue Hearing (with Proof of Service)* Filed by Debtor Allana Baroni (RE: related document(s)423 Order (Generic) (BNC-PDF)). (Esbin, Louis) (Entered: 09/17/2013) |
| 09/19/2013 | | Hearing (Bk Motion) Continued (RE: related document(s) 433 MOTION TO ALLOW CLAIMS filed by OneWest Bank, FSB) Hearing to be held on 09/25/2013 at 11:00 AM 21041 Burbank Blvd Woodland Hills, CA 91367 for 433 , (Remy, Johanne) (Entered: 09/19/2013) |
| 09/19/2013 | | Hearing (Bk Motion) Continued (RE: related document(s) 476 MOTION TO CONVERT CASE filed by Landsberg & Associates) Hearing to be held on 09/25/2013 at 11:00 AM 21041 Burbank Blvd Woodland Hills, CA 91367 for 476 , (Remy, Johanne) (Entered: 09/19/2013) |
| 09/20/2013 | | Hearing (Bk Other) Continued (RE: related document(s) 1 VOLUNTARY PETITION (CHAPTER 13) filed by Allana Baroni) Status Hearing to be held on 09/25/2013 at 10:00 AM 21041 Burbank Blvd Woodland Hills, CA 91367 for 1 , (Ogier, Kathy) (Entered: 09/20/2013) |
| 09/24/2013 | 508 (6 pgs) | Notice of lodgment *re Order Approving Stipulation Resolving Motion by OneWest for Order Allowing Claim Pursuant to 11 USC Sect. 501(A) (with proof of service)* Filed by Creditor OneWest Bank, FSB (RE: related document(s)505 Stipulation By OneWest Bank, FSB and *Resolving Motion by OneWest Bank, FSB for Order Allowing Claim Pursuant to 11 U.S.C. Sect. 502(A)* Filed by Creditor OneWest Bank, FSB). (Rhim, J) (Entered: 09/24/2013) |
| 09/25/2013 | 509 (4 pgs) | Order Approving Stipulation Resolving Motion by OneWest Bank FSB for Order Allowing Claim pursuant to 11 USC 502(A) (BNC-PDF) (Related Doc # 505 ) Signed on 9/25/2013 (Remy, Johanne) (Entered: 09/25/2013) |
| 09/27/2013 | | Hearing (Bk Motion) Continued (RE: related document(s) 433 MOTION TO ALLOW CLAIMS filed by OneWest Bank, FSB) Hearing to be held on 10/02/2013 at 10:00 AM 21041 Burbank Blvd Woodland |

Hills, CA 91367 for 433 , (Ogier, Kathy) (Entered: 09/27/2013)

| Date | # | Docket Text |
|---|---|---|
| 09/27/2013 | 510 (6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)509 Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 1. Notice Date 09/27/2013. (Admin.) (Entered: 09/27/2013) |
| 10/09/2013 | 511 (5 pgs) | Notice of lodgment *(with Proof of Service)* Filed by Debtor Allana Baroni (RE: related document(s)476 Motion to Convert Case From Chapter 11 to 7. *Notice of Motion and Motion to Compel Debtor to Comply with Orders of this Court or, In the Alternative, Convert this Case to One Under Chapter 7 of the Bankruptcy Code; Memorandum of Points and Authorities; Declaration of Ian S. Landsberg in Support Thereof* Fee Amount $15 Filed by Attorney Landsberg & Associates). (Esbin, Louis) (Entered: 10/09/2013) |
| 10/09/2013 | 512 (5 pgs) | Notice of lodgment *(with Proof of Service)* Filed by Debtor Allana Baroni (RE: related document(s)479 Motion to Reconsider (related documents 430 Order on Application for Compensation (BNC-PDF), 473 Order (Generic) (BNC-PDF)) *Notice of Motion and Motion for Reconsideration of Order Approving Final Application of Landsberg & Associates, APC, General Bankruptcy Counsel for the Debtor, for Allowance of Compensation and Reimbursement of Expenses for the Period August 13, 2012 Through April 15, 2013; Writ of Execution; Order Approving Request of Service by Registered Process Server; Points and Authorities; Declaration of Allana A. Baroni in Support (with Proof of Service)* Filed by Debtor Allana Baroni). (Esbin, Louis) (Entered: 10/09/2013) |
| 10/10/2013 | 513 (3 pgs) | Order Denying Motion to Compel Debtor to Comply with Orders of the Court or, in the Alternative, Convert this Case to one under Chapter 7 of the Bankruptcy Code (Related Doc # 476 ) Signed on 10/10/2013 (Remy, Johanne) (Entered: 10/10/2013) |
| 10/10/2013 | 514 (3 pgs) | Order Denying Motion To Compel Debtor to Comply with Orders of the Court or, in the Alternative, Convert this Case to one under Chapter 7 of the Bankruptcy Code (BNC-PDF) (Related Doc # 479) Signed on 10/10/2013. (Remy, Johanne) (Entered: 10/10/2013) |
| 10/12/2013 | 515 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)513 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 10/12/2013. (Admin.) (Entered: 10/12/2013) |
| 10/12/2013 | 516 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)514 Order on Motion To Reconsider (BNC-PDF)) No. of Notices: 1. Notice Date 10/12/2013. (Admin.) (Entered: 10/12/2013) |
| 11/15/2013 | 517 (52 pgs) | Adversary case 1:13-ap-01249. Complaint by Allana Baroni against ONEWEST BANK, FSB. (Charge To Estate). *Adversary Complaint To: 1. Determine the Nature, Extent and Validity of Lien / Declaratory Relief [Fed.R.Bank.P. 7001, 28 U.S.C. §2201; 2. Quasi Contract / Unjust Enrichment; 3. Violation of 15 U.S.C. §1692, ET SEQ.; 4. Violation of 12 U.S.C. § 2605; 5. Violation of California Business and Professions Code Section §17200, ET SEQ.; 6. Accounting - Demand for Jury Trial (with Proof of Service)* Nature of Suit: (21 (Validity, priority or extent of lien or other interest in property)),(91 (Declaratory judgment)),(72 (Injunctive relief - other)),(14 (Recovery of money/property - other)),(02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy)))(Esbin, Louis) (Entered: 11/15/2013) |
| 01/16/2014 | 518 (33 pgs) | Motion *Notice of Motion and Motion to Compel One West Bank, FSB to Produce Documents as Required by Order Granting Motion for FRBP 2004 Exam; Request for Sanctions; Declaration of Michael S. Riley in Support (with Proof of Service)* Filed by Debtor Allana Baroni (Esbin, Louis) (Entered: 01/16/2014) |
| 01/17/2014 | 519 | Hearing Set (RE: related document(s)518 Generic Motion filed by Debtor Allana Baroni) The Hearing date is set for 2/12/2014 at 10:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Alan M. Ahart (Ogier, Kathy) (Entered: 01/17/2014) |
| 01/20/2014 | 520 (16 pgs) | Motion *Notice of Motion and Motion to Compel Deutsche Bank, Deutsche Bank Securities and Trust, Deutsche Bank National Trust Company to Produce Documents as Required by Order Granting Motion for FRBP 2004 Exam; Request for Sanctions; Declaration of Michael S. Riley in Support (with Proof of Service)* Filed by Debtor Allana Baroni (Esbin, Louis) (Entered: 01/20/2014) |
| 01/21/2014 | 521 | Hearing Set (RE: related document(s)520 Generic Motion filed by Debtor Allana Baroni) The Hearing date is set for 2/12/2014 at 10:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Alan M. Ahart (Ogier, Kathy) (Entered: 01/21/2014) |
| 01/29/2014 | 522 (18 pgs) | Opposition to (related document(s): 518 Motion *Notice of Motion and Motion to Compel One West Bank, FSB to Produce Documents as Required by Order Granting Motion for FRBP 2004 Exam; Request for Sanctions; Declaration of Michael S. Riley in Support (with Proof of Service)* filed by Debtor Allana Baroni) *Opposition to Motion; Declaration of J. Kevin Snyder in Support Thereof (with proof of service)* Filed by Creditor OneWest Bank, FSB (Rhim, J) (Entered: 01/29/2014) |
| 01/29/2014 | 523 (36 pgs; 2 docs) | Opposition to (related document(s): 520 Motion *Notice of Motion and Motion to Compel Deutsche Bank, Deutsche Bank Securities and Trust, Deutsche Bank National Trust Company to Produce Documents as Required by Order Granting Motion for FRBP 2004 Exam; Request for Sanctions; Declaration of M* |

| Date | # | Docket Text |
|---|---|---|
| | | *filed by Debtor Allana Baroni) Opposition to Compel Compliance with Order Granting Application for Examination Pursuant to Bankruptcy Rule 2004; and Declaration of Richard W. Esterkin in Support Thereof Filed by Witness DEUTSCHE BANK NATIONAL TRUST COMPANY* (Attachments: # 1 Exhibit 1-5 with proof) (Esterkin, Richard) Additional attachment(s) added on 1/30/2014 (Gomez, Andrea). Additional attachment(s) added on 1/30/2014 (Fleming, Lachelle). (Entered: 01/29/2014) |
| 02/04/2014 | 524 (39 pgs) | Reply to (related document(s): 523 Opposition filed by Witness DEUTSCHE BANK NATIONAL TRUST COMPANY) *Reply to Deutsche Bank Opposition to Motion to Compel Deutsche Bank, Deutsche Bank Securities and Trust, Deutsche Bank National Trust Company to Produce Documents as Required by Order Granting Motion for FRBP 2004 Exam; Request for Sanctions; Declaration of Michael S. Riley in Support (with Proof of Service)* Filed by Debtor Allana Baroni (Esbin, Louis) (Entered: 02/04/2014) |
| 02/05/2014 | 525 (77 pgs) | Reply to (related document(s): 522 Opposition filed by Creditor OneWest Bank, FSB) *Reply to OneWest Bank, FSB's Opposition to Motion to Compel OneWest Bank, FSB to Produce Documents as Required by Order Granting Motion for FRBP 2004 Exam; Request for Sanctions; Declaration of Michael S. Riley in Support (with Proof of Service)* Filed by Debtor Allana Baroni (Esbin, Louis) (Entered: 02/05/2014) |
| 02/14/2014 | | Hearing (Bk Motion) Continued (RE: related document(s) 518 GENERIC MOTION filed by Allana Baroni) Hearing to be held on 03/12/2014 at 10:00 AM 21041 Burbank Blvd Woodland Hills, CA 91367 for 518 , (Remy, Johanne) (Entered: 02/14/2014) |
| 02/14/2014 | | Hearing (Bk Motion) Continued (RE: related document(s) 520 GENERIC MOTION filed by Allana Baroni) Hearing to be held on 03/12/2014 at 10:00 AM 21041 Burbank Blvd Woodland Hills, CA 91367 for 520 , (Remy, Johanne) (Entered: 02/14/2014) |
| 02/27/2014 | 526 (7 pgs) | Reply to (related document(s): 525 Reply filed by Debtor Allana Baroni) *Reply (Supplemental) to Onewest Bank, FSBS Opposition to Motion to Compel Onewest Bank, FSB to Produce Documents as Required by Order Granting Motion for FRBP 2004 Exam; Request for Sanctions; Declaration in Support (with Proof of Service)* Filed by Debtor Allana Baroni (Esbin, Louis) (Entered: 02/27/2014) |
| 02/28/2014 | 527 (26 pgs) | Response to (related document(s): 518 Motion *Notice of Motion and Motion to Compel One West Bank, FSB to Produce Documents as Required by Order Granting Motion for FRBP 2004 Exam; Request for Sanctions; Declaration of Michael S. Riley in Support (with Proof of Service)* filed by Debtor Allana Baroni) *as well as Docket 526 (with proof of service)* Filed by Creditor OneWest Bank, FSB (Rhim, J) (Entered: 02/28/2014) |
| 03/03/2014 | | Hearing (Bk Motion) Continued (RE: related document(s) 518 GENERIC MOTION filed by Allana Baroni) Hearing to be held on 03/12/2014 at 11:00 AM 21041 Burbank Blvd Woodland Hills, CA 91367 for 518 , (Ogier, Kathy) (Entered: 03/03/2014) |
| 03/03/2014 | | Hearing (Bk Motion) Continued (RE: related document(s) 520 GENERIC MOTION filed by Allana Baroni) Hearing to be held on 03/12/2014 at 11:00 AM 21041 Burbank Blvd Woodland Hills, CA 91367 for 520 , (Ogier, Kathy) (Entered: 03/03/2014) |
| 03/03/2014 | 528 (4 pgs) | Errata *Corrected Proof of Service* Filed by Creditor OneWest Bank, FSB (RE: related document(s)527 Response). (Rhim, J) (Entered: 03/03/2014) |
| 03/06/2014 | 529 (84 pgs) | Reply to (related document(s): 518 Motion *Notice of Motion and Motion to Compel One West Bank, FSB to Produce Documents as Required by Order Granting Motion for FRBP 2004 Exam; Request for Sanctions; Declaration of Michael S. Riley in Support (with Proof of Service)* filed by Debtor Allana Baroni, 526 Reply filed by Debtor Allana Baroni, 527 Response filed by Creditor OneWest Bank, FSB) *Reply (Further Supplemental) to Onewest Bank, FSBS Opposition to Motion to Compel Onewest Bank, FSB to Produce Documents as Required by Order Granting Motion for FRBP 2004 Exam; Request for Sanctions; Declaration of Michael S. Riley in Support (with Proof of Service)* Filed by Debtor Allana Baroni (Esbin, Louis) (Entered: 03/06/2014) |
| 03/10/2014 | 530 (35 pgs) | Response to (related document(s): 518 Motion *Notice of Motion and Motion to Compel One West Bank, FSB to Produce Documents as Required by Order Granting Motion for FRBP 2004 Exam; Request for Sanctions; Declaration of Michael S. Riley in Support (with Proof of Service)* filed by Debtor Allana Baroni) *Further Supplemental Reply Re: Motion to Compel Production of Documents; Declaration of Brian H. Newman in Support thereof (with Proof of Service)* Filed by Creditor OneWest Bank, FSB (Rhim, J) (Entered: 03/10/2014) |
| 03/11/2014 | 531 (36 pgs; 2 docs) | Reply to (related document(s): 524 Reply filed by Debtor Allana Baroni) Filed by Debtor Allana Baroni (Attachments: # 1 Exhibit 1-4) (Esbin, Louis) (Entered: 03/11/2014) |
| 03/11/2014 | 532 (4 pgs) | Proof of service *Proof of Service of Supplemental Reply to Deutsche Bank, Deutsche Bank Securities and Trust, Deutsche Bank National Trust Company's Opposition to Motion to Compel Deutsche Bank, Deutsche Bank Securities and Trust, Deutsche Bank National Trust Company to Produce Documents as Required by Order Granting Motion for FRBP 2004 Exam; Request for Sanctions; Declaration of* |

*Michael S. Riley in Support (with Proof of Service)* Filed by Debtor Allana Baroni. (Esbin, Louis) (Entered: 03/11/2014)

| Date | # | Docket Text |
|---|---|---|
| 03/12/2014 | 533 (3 pgs; 2 docs) | Request for Removal from Courtesy Notice of Electronic Filing (NEF) Filed by Matin, Ali. (Attachments: # 1 Affidavit to Request Removal From Courtesy Notification of Electronic Filing (NEF)) (Matin, Ali) (Entered: 03/12/2014) |
| 03/13/2014 | | Hearing (Bk Motion) Continued (RE: related document(s) 518 GENERIC MOTION filed by Allana Baroni) Hearing to be held on 04/16/2014 at 10:30 AM 21041 Burbank Blvd Woodland Hills, CA 91367 for 518 , (Ogier, Kathy) (Entered: 03/13/2014) |
| 03/13/2014 | | Hearing (Bk Motion) Continued (RE: related document(s) 520 GENERIC MOTION filed by Allana Baroni) Hearing to be held on 04/16/2014 at 10:30 AM 21041 Burbank Blvd Woodland Hills, CA 91367 for 520 , (Ogier, Kathy) (Entered: 03/13/2014) |
| 03/19/2014 | 534 (109 pgs; 5 docs) | Motion for Protective Order *Deutsche Bank National Trust Company's Notice of Motion and Motion for Protective Orders Re Rule 2004 Examination; Memorandum of Points and Authorities and Declaration of Richard W. Esterkin in Support Thereof* Filed by Witness Deutsche Bank National Trust Company (Attachments: # 1 Exhibit A through E # 2 Exhibit F through N # 3 Exhibit O through Q # 4 Exhibit 1 and Proof of Service) (Esterkin, Richard) (Entered: 03/19/2014) |
| 03/19/2014 | 535 (17 pgs) | Supplemental *[Proposed] Stipulation Re Request for Protective Order Re Production of Documents in Connection with Rule 2004 Examination* Filed by Witness Deutsche Bank National Trust Company. (Esterkin, Richard) (Entered: 03/19/2014) |
| 03/20/2014 | | Receipt of Tape Duplication Fee - $30.00 by 19. Receipt Number 10060802. (admin) (Entered: 03/21/2014) |
| 03/24/2014 | 536 (7 pgs) | Status report *Reorganized Debtor's Post Confirmation Case Management Conference Report (with Proof of Service)* Filed by Debtor Allana Baroni (RE: related document(s)423 Order (Generic) (BNC-PDF)). (Esbin, Louis) (Entered: 03/24/2014) |
| 03/28/2014 | 537 (1 pg) | Request for Removal from Courtesy Notice of Electronic Filing (NEF) Filed by Matin, Ali. (Matin, Ali) (Entered: 03/28/2014) |
| 04/01/2014 | 538 | Hearing Set (RE: related document(s)534 Motion for Protective Order filed by Witness Deutsche Bank National Trust Company) The Hearing date is set for 4/16/2014 at 10:30 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Alan M. Ahart (Ogier, Kathy) (Entered: 04/01/2014) |
| 04/02/2014 | 539 (67 pgs; 4 docs) | Opposition to (related document(s): 534 Motion for Protective Order *Deutsche Bank National Trust Company's Notice of Motion and Motion for Protective Orders Re Rule 2004 Examination; Memorandum of Points and Authorities and Declaration of Richard W. Esterkin in Support Thereof* filed by Witness Deutsche Bank National Trust Company) *Reorganized Debtor's Opposition to the Notice of Motion and Motion for Protective Order re Rule 2004 Examination by Deutsche Bank National Trust Company; Declaration of Michael Riley in Support (with Proof of Service)* Filed by Debtor Allana Baroni (Attachments: # 1 Exhibit Exhibits 1 - 6 # 2 Exhibit Exhibits 7 - 8 # 3 Exhibit Exhibit 9) (Esbin, Louis) (Entered: 04/02/2014) |
| 04/09/2014 | 540 (5 pgs) | Stipulation By OneWest Bank, FSB and *Debtor, Allana Baroni to Continue Hearing on Motion to Compel Production of Documents Pursuant to Rule 2004 Order (with proof of service)* Filed by Creditor OneWest Bank, FSB (Rhim, J) (Entered: 04/09/2014) |
| 04/09/2014 | 541 (7 pgs) | Notice of lodgment *of Order Approving Stipulation Continuing Hearing on Motion to Compel Production of Documents (with proof of service)* Filed by Creditor OneWest Bank, FSB (RE: related document(s)518 Motion *Notice of Motion and Motion to Compel One West Bank, FSB to Produce Documents as Required by Order Granting Motion for FRBP 2004 Exam; Request for Sanctions; Declaration of Michael S. Riley in Support (with Proof of Service)* Filed by Debtor Allana Baroni, 540 Stipulation By OneWest Bank, FSB and *Debtor, Allana Baroni to Continue Hearing on Motion to Compel Production of Documents Pursuant to Rule 2004 Order (with proof of service)* Filed by Creditor OneWest Bank, FSB). (Rhim, J) (Entered: 04/09/2014) |
| 04/09/2014 | 542 (110 pgs; 3 docs) | Reply to (related document(s): 534 Motion for Protective Order *Deutsche Bank National Trust Company's Notice of Motion and Motion for Protective Orders Re Rule 2004 Examination; Memorandum of Points and Authorities and Declaration of Richard W. Esterkin in Support Thereof* filed by Witness Deutsche Bank National Trust Company) *Deutsche Bank National Trust Company's Reply Memorandum in Support of Motion for Protective Orders Re Rule 2004 Examination* Filed by Witness Deutsche Bank National Trust Company (Attachments: # 1 Exhibit 1-4 # 2 Exhibit 5-7 and Proof of Service) (Esterkin, Richard) (Entered: 04/09/2014) |
| 04/09/2014 | 543 | Exhibit *Exhibits 1 through 4 to Deutsche Bank National Trust Company's Reply Memorandum in* |

| | | |
|---|---|---|
| | (187 pgs) | *Support of Motion for Protective Orders Re Rule 2004 Examination* Filed by Witness Deutsche Bank National Trust Company (RE: related document(s)534 Motion for Protective Order *Deutsche Bank National Trust Company's Notice of Motion and Motion for Protective Orders Re Rule 2004 Examination; Memorandum of Points and Authorities and Declaration of Richard W. Esterkin in Support Thereof*). (Esterkin, Richard) (Entered: 04/09/2014) |
| 04/09/2014 | 544 (3 pgs) | Status report *Joint Status Report Regarding Stipulation On Motion To Compel Production Of Documents (with Proof of Service)* Filed by Debtor Allana Baroni (RE: related document(s)520 Motion *Notice of Motion and Motion to Compel Deutsche Bank, Deutsche Bank Securities and Trust, Deutsche Bank National Trust Company to Produce Documents as Required by Order Granting Motion for FRBP 2004 Exam; Request for Sanctions; Declaration of M). (Esbin, Louis) (Entered: 04/09/2014)* |
| 04/10/2014 | 545 (5 pgs) | Stipulation By OneWest Bank, FSB and *Debtor, Allana Baroni to Continue Hearing on Motion to Compel Production of Documents Pursuant to Rule 2004 Order (with Proof of Service)* Filed by Creditor OneWest Bank, FSB (Rhim, J) (Entered: 04/10/2014) |
| 04/10/2014 | 546 (7 pgs) | Notice of lodgment *of Order Approving Stipulation Continuing Hearing on Motion to Compel Production of Documents (with proof of service)* Filed by Creditor OneWest Bank, FSB (RE: related document(s)518 Motion *Notice of Motion and Motion to Compel One West Bank, FSB to Produce Documents as Required by Order Granting Motion for FRBP 2004 Exam; Request for Sanctions; Declaration of Michael S. Riley in Support (with Proof of Service)* Filed by Debtor Allana Baroni, 545 Stipulation By OneWest Bank, FSB and *Debtor, Allana Baroni to Continue Hearing on Motion to Compel Production of Documents Pursuant to Rule 2004 Order (with Proof of Service)* Filed by Creditor OneWest Bank, FSB). (Rhim, J) (Entered: 04/10/2014) |
| 04/11/2014 | 547 (2 pgs) | Order approving Stipulation continuing hearing on motion to compel production of documents pursuant to rule 2004 order (BNC-PDF) (Related Doc # 545 ) Signed on 4/11/2014 (Ogier, Kathy) (Entered: 04/11/2014) |
| 04/11/2014 | | Hearing (Bk Motion) Continued (RE: related document(s) 518 GENERIC MOTION filed by Allana Baroni) Hearing to be held on 04/30/2014 at 10:30 AM 21041 Burbank Blvd Woodland Hills, CA 91367 for 518 , (Ogier, Kathy) (Entered: 04/11/2014) |
| 04/13/2014 | 548 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)547 Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 1. Notice Date 04/13/2014. (Admin.) (Entered: 04/13/2014) |
| 04/15/2014 | 549 (226 pgs; 3 docs) | Declaration re: *Declaration of Richard W. Esterkin re Joint Stipulation on Motion to Compel Production of Documents* Filed by Witness Deutsche Bank National Trust Company (RE: related document(s)520 Motion *Notice of Motion and Motion to Compel Deutsche Bank, Deutsche Bank Securities and Trust, Deutsche Bank National Trust Company to Produce Documents as Required by Order Granting Motion for FRBP 2004 Exam; Request for Sanctions; Declaration of M). (Attachments: # 1 Exhibit 1 through 5 # 2 Exhibit 6 and Proof of Service) (Esterkin, Richard) (Entered: 04/15/2014)* |
| 04/16/2014 | 550 (5 pgs) | Notice of lodgment *(with Proof of Service)* Filed by Debtor Allana Baroni (RE: related document(s)534 Motion for Protective Order *Deutsche Bank National Trust Company's Notice of Motion and Motion for Protective Orders Re Rule 2004 Examination; Memorandum of Points and Authorities and Declaration of Richard W. Esterkin in Support Thereof* Filed by Witness Deutsche Bank National Trust Company (Attachments: # 1 Exhibit A through E # 2 Exhibit F through N # 3 Exhibit O through Q # 4 Exhibit 1 and Proof of Service)). (Esbin, Louis) (Entered: 04/16/2014) |
| 04/16/2014 | 551 (5 pgs) | Notice of lodgment *(with Proof of Service)* Filed by Debtor Allana Baroni (RE: related document(s)520 Motion *Notice of Motion and Motion to Compel Deutsche Bank, Deutsche Bank Securities and Trust, Deutsche Bank National Trust Company to Produce Documents as Required by Order Granting Motion for FRBP 2004 Exam; Request for Sanctions; Declaration of Michael S. Riley in Support (with Proof of Service)* Filed by Debtor Allana Baroni). (Esbin, Louis) (Entered: 04/16/2014) |
| 04/17/2014 | 552 (21 pgs; 2 docs) | Objection (related document(s): 520 Motion *Notice of Motion and Motion to Compel Deutsche Bank, Deutsche Bank Securities and Trust, Deutsche Bank National Trust Company to Produce Documents as Required by Order Granting Motion for FRBP 2004 Exam; Request for Sanctions; Declaration of M filed by Debtor Allana Baroni) to Form of [Proposed] Order Filed by Witness DEUTSCHE BANK NATIONAL TRUST COMPANY (Attachments: # 1 Proposed Order) (Esterkin, Richard) (Entered: 04/17/2014)* |
| 04/17/2014 | 553 (2 pgs) | Notice of lodgment *of [Proposed] Order Granting Motion to Compel Deutsche Bank, Deutsche Bank Securities and Trust, and Deutsche Bank National Trust Company to Produce Documents as Required by Motion for FRBP 2004 Examination* Filed by Witness DEUTSCHE BANK NATIONAL TRUST COMPANY (RE: related document(s)520 Motion *Notice of Motion and Motion to Compel Deutsche Bank, Deutsche Bank Securities and Trust, Deutsche Bank National Trust Company to Produce Documents as Required by Order Granting Motion for FRBP 2004 Exam; Request for Sanctions; Declaration of M). (Esterkin, Richard) (Entered: 04/17/2014)* |
| 04/17/2014 | 554 | Objection (related document(s): 550 Notice of Lodgment filed by Debtor Allana Baroni) Filed by |

| | | |
|---|---|---|
| | (13 pgs; 2 docs) | Witness DEUTSCHE BANK NATIONAL TRUST COMPANY (Attachments: # 1 Proposed Order) (Esterkin, Richard) (Entered: 04/17/2014) |
| 04/17/2014 | 555 (2 pgs) | Notice of lodgment *of [Alternative Proposed] Order Denying Deutsche Bank National Trust Company's Motion for Protective Order* Filed by Witness DEUTSCHE BANK NATIONAL TRUST COMPANY (RE: related document(s)534 Motion for Protective Order *Deutsche Bank National Trust Company's Notice of Motion and Motion for Protective Orders Re Rule 2004 Examination; Memorandum of Points and Authorities and Declaration of Richard W. Esterkin in Support Thereof*). (Esterkin, Richard) (Entered: 04/17/2014) |
| 04/18/2014 | 556 (5 pgs) | Opposition to (related document(s): 554 Objection filed by Witness DEUTSCHE BANK NATIONAL TRUST COMPANY) *Reorganized Debtor's Response to Deutsche Bank National Trust Company's Objection to the Form of [Proposed] Order Denying Motion for Protective Order for Deutsche Bank, Deutsche Bank Securities and Trust, and Deutsche Bank National Trust (with Proof of Service)* Filed by Debtor Allana Baroni (Esbin, Louis) (Entered: 04/18/2014) |
| 04/18/2014 | 557 (6 pgs) | Opposition to (related document(s): 552 Objection filed by Witness DEUTSCHE BANK NATIONAL TRUST COMPANY) *Reorganized Debtor's Response to Deutsche Bank National Trust Company's Objection to the Form of [Proposed] Order Granting the Reorganized Debtor's Motion to Compel Deutsche Bank, Deutsche Bank Securities and Trust, and Deutsche Bank National Trust Company to Produce Documents as Required by Motion for FRBP 2004 (with Proof of Service)* Filed by Debtor Allana Baroni (Esbin, Louis) (Entered: 04/18/2014) |
| 04/21/2014 | 558 (1 pg) | Order Denying Motion For Protective Order (BNC-PDF) (Related Doc # 534 ) Signed on 4/21/2014 (Ogier, Kathy) (Entered: 04/21/2014) |
| 04/21/2014 | 559 (2 pgs) | Order Granting in part, Denying in part Motion debtor's motion to compel Deutsche Bank, Deutsche Bank Securities and Trust, Deutsch Bank National Trust Company to produce documents as required by order granting motion for FRBP 2004 exam; request for sanctions (BNC-PDF) (Related Doc # 520 ) Signed on 4/21/2014 (Ogier, Kathy) (Entered: 04/21/2014) |
| 04/21/2014 | 560 (2 pgs; 2 docs) | Transcript Order Form, regarding Hearing Date 04/16/14 Filed by Debtor Allana Baroni. (Attachments: # 1 Transcript Order) (Riley, Michael) (Entered: 04/21/2014) |
| 04/22/2014 | 561 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 14-AA-17. RE Hearing Date: 04/16/14, [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Certified Deposition Reporters, Telephone number 888-272-0022 ext. 201 or 206.] (RE: related document(s)560 Transcript Order Form filed by Debtor Allana Baroni) (Briggs, Victoria) (Entered: 04/22/2014) |
| 04/23/2014 | 562 (3 pgs) | Status report *Joint Status Report Regarding Stipulation by and Between Reorganized Debtor and OneWest Bank, NA, Fka, OneWest Bank, FSB, re Motion to Compel OneWest to Produce Documents as Required by Order Granting Motion for Frbp 2004 Exam; Request for Sanctions (Proof Service)* Filed by Debtor Allana Baroni (RE: related document(s)518 Motion *Notice of Motion and Motion to Compel One West Bank, FSB to Produce Documents as Required by Order Granting Motion for FRBP 2004 Exam; Request for Sanctions; Declaration of Michael S. Riley in Support (with Proof of Service)*). (Esbin, Louis) (Entered: 04/23/2014) |
| 04/23/2014 | 563 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)558 Order on Motion for Protective Order (BNC-PDF)) No. of Notices: 1. Notice Date 04/23/2014. (Admin.) (Entered: 04/23/2014) |
| 04/23/2014 | 564 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)559 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 04/23/2014. (Admin.) (Entered: 04/23/2014) |
| 04/28/2014 | 565 (2 pgs; 2 docs) | Transfer of Claim Transfer Agreement 3001 (e) 2 Transferor: THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YO (Claim No. 10) To Nationstar Mortgage, LLC Fee Amount $25 To Nationstar Mortgage, LLC350 Highland DriveLewisville, TX 75067 Filed by Creditor Nationstar Mortgage, LLC. (Taylor, Bill) (Entered: 04/28/2014) |
| 04/29/2014 | | Receipt of Transfer of Claim (Fee)(1:12-bk-10986-AA) [claims,trclm] ( 25.00) Filing Fee. Receipt number 36798934. Fee amount 25.00. (re: Doc# 565) (U.S. Treasury) (Entered: 04/29/2014) |
| 04/30/2014 | 566 (18 pgs) | Transcript regarding Hearing Held 04/16/14 RE: In Re: Allana Baroni. Remote electronic access to the transcript is restricted until 07/29/2014. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Certified Deposition Reporters, Telephone number 888-272-0022.]. Notice of Intent to Request Redaction Deadline Due By 5/7/2014. Redaction Request Due By 05/21/2014. Redacted Transcript Submission Due By 06/2/2014. Transcript access will be restricted through 07/29/2014. (Hyatt, Mitchell) (Entered: 04/30/2014) |
| 05/01/2014 | 567 (3 pgs) | BNC Certificate of Notice - Transfer of Claim (RE: related document(s)565 Transfer of Claim (Fee) filed by Creditor Nationstar Mortgage, LLC) No. of Notices: 1. Notice Date 05/01/2014. (Admin.) (Entered: |

| Date | # | Docket Text |
|---|---|---|
| 05/02/2014 | | Hearing (Bk Motion) Continued (RE: related document(s) 518 GENERIC MOTION filed by Allana Baroni) Hearing to be held on 05/14/2014 at 10:30 AM 21041 Burbank Blvd Woodland Hills, CA 91367 for 518 , (Ogier, Kathy) (Entered: 05/02/2014) |
| 05/05/2014 | 568 (238 pgs; 3 docs) | Motion to Reconsider (related documents 559 Order on Generic Motion (BNC-PDF)) *Deutsche Bank National Trust Company's Notice of Motion and Motion for Order Permitting Protection of Unrelated Third-Party Borrowers' Private Financial Information in Two Produced Documents; Memorandum of Points and Authorities and Declaration of Richard W. Esterkin in Support Thereof* Filed by Witness Deutsche Bank National Trust Company (Attachments: # 1 Exhibit A, Part 1 # 2 Exhibit A, Part 2, with Proof of Service) (Esterkin, Richard) (Entered: 05/05/2014) |
| 05/05/2014 | 569 | Hearing Set (RE: related document(s)568 Motion to Reconsider filed by Witness Deutsche Bank National Trust Company) The Hearing date is set for 5/28/2014 at 10:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Alan M. Ahart (Briggs, Victoria) (Entered: 05/06/2014) |
| 05/07/2014 | 570 (41 pgs; 4 docs) | Opposition to (related document(s): 518 Motion *Notice of Motion and Motion to Compel One West Bank, FSB to Produce Documents as Required by Order Granting Motion for FRBP 2004 Exam; Request for Sanctions; Declaration of Michael S. Riley in Support (with Proof of Service)* filed by Debtor Allana Baroni) *Supplmental Opposition to Motion to Compel and Request for Protective Order; Declaration of Brian Newman in support thereof (with proof of service)* Filed by Creditor OneWest Bank, FSB (Attachments: # 1 Exhibit A # 2 Exhibit B # 3 Exhibit C) (Rhim, J) (Entered: 05/07/2014) |
| 05/07/2014 | 571 (69 pgs; 4 docs) | Reply to (related document(s): 518 Motion *Notice of Motion and Motion to Compel One West Bank, FSB to Produce Documents as Required by Order Granting Motion for FRBP 2004 Exam; Request for Sanctions; Declaration of Michael S. Riley in Support (with Proof of Service)* filed by Debtor Allana Baroni) *Reply (Second Further Supplemental) to Onewest Bank, FSB'S Opposition to Motion to Compel Onewest Bank, FSB to Produce Documents as Required by Order Granting Motion for FRBP 2004 Exam; Request for Sanctions; Declaration of Michael S. Riley in Support (with Proof of Service)* Filed by Debtor Allana Baroni (Attachments: # 1 Exhibit 1 - 7 # 2 Exhibit 8 # 3 Exhibit 9 - 11) (Esbin, Louis) (Entered: 05/07/2014) |
| 05/12/2014 | 572 (36 pgs) | Response to (related document(s): 518 Motion *Notice of Motion and Motion to Compel One West Bank, FSB to Produce Documents as Required by Order Granting Motion for FRBP 2004 Exam; Request for Sanctions; Declaration of Michael S. Riley in Support (with Proof of Service)* filed by Debtor Allana Baroni) *OneWest's Response to Baroni's Supplemental Reply in Support of Motion to Compel; Declaration of Brian Newman in support thereof (with Exhibits A & B) (with proof of service)* Filed by Creditor OneWest Bank, FSB (Rhim, J) (Entered: 05/12/2014) |
| 05/12/2014 | 573 (16 pgs) | Declaration re: *of Kurt Johnson in support of OneWest's Response to Baroni's Second Supplemental Reply in support of Motion to Compel (with Exhibits A & B) (with proof of service)* Filed by Creditor OneWest Bank, FSB (RE: related document(s)518 Motion *Notice of Motion and Motion to Compel One West Bank, FSB to Produce Documents as Required by Order Granting Motion for FRBP 2004 Exam; Request for Sanctions; Declaration of Michael S. Riley in Support (with Proof of Service)*). (Rhim, J) (Entered: 05/12/2014) |
| 05/13/2014 | 574 (20 pgs) | Reply to (related document(s): 518 Motion *Notice of Motion and Motion to Compel One West Bank, FSB to Produce Documents as Required by Order Granting Motion for FRBP 2004 Exam; Request for Sanctions; Declaration of Michael S. Riley in Support (with Proof of Service)* filed by Debtor Allana Baroni, 572 Response filed by Creditor OneWest Bank, FSB, 573 Declaration filed by Creditor OneWest Bank, FSB) *Reply (Third Further Supplemental) to Onewest Bank, FSB'S Opposition to Motion to Compel Onewest Bank, Fsb to Produce Documents as Required by Order Granting Motion for FRBP 2004 Exam; Request for Sanctions; Declaration of Michael S. Riley in Support (with Proof of Service)* Filed by Debtor Allana Baroni (Esbin, Louis) (Entered: 05/13/2014) |
| 05/14/2014 | 575 (5 pgs) | Notice of lodgment *(with Proof of Service)* Filed by Debtor Allana Baroni (RE: related document(s)518 Motion *Notice of Motion and Motion to Compel One West Bank, FSB to Produce Documents as Required by Order Granting Motion for FRBP 2004 Exam; Request for Sanctions; Declaration of Michael S. Riley in Support (with Proof of Service)* Filed by Debtor Allana Baroni). (Esbin, Louis) (Entered: 05/14/2014) |
| 05/14/2014 | 576 (111 pgs) | Opposition to (related document(s): 568 Motion to Reconsider (related documents 559 Order on Generic Motion (BNC-PDF)) *Deutsche Bank National Trust Company's Notice of Motion and Motion for Order Permitting Protection of Unrelated Third-Party Borrowers' Private Financial Inform filed by Witness Deutsche Bank National Trust Company) Reorganized Debtors Opposition to Motion for Order Permitting Protection of Unrelated Third Party Borrowers Private Financial Information in Two Produced Documents (with Proof of Service) Filed by Debtor Allana Baroni (Esbin, Louis) (Entered: 05/14/2014)* |
| 05/16/2014 | 577 (16 pgs; 3 docs) | Objection (related document(s): 575 Notice of Lodgment filed by Debtor Allana Baroni) *Objection to Debtor's Proposed Order re Motion to Compel OneWest Bank N.A. to Produce Documents as Required by Order Granting Motion for FRBP 2004 Exam and Request for Sanctions* Filed by Creditor OneWest Bank, FSB (Attachments: # 1 Exhibit A # 2 Exhibit B) (Rhim, J) (Entered: 05/16/2014) |

| Date | # | Docket Text |
|---|---|---|
| 05/16/2014 | 578 (7 pgs) | Notice of lodgment *[Proposed] Alternative Order Granting in Part & Denying in Part Motin to Compel* Filed by Creditor OneWest Bank, FSB (RE: related document(s)518 Motion *Notice of Motion and Motion to Compel One West Bank, FSB to Produce Documents as Required by Order Granting Motion for FRBP 2004 Exam; Request for Sanctions; Declaration of Michael S. Riley in Support (with Proof of Service)* Filed by Debtor Allana Baroni, 577 Objection (related document(s): 575 Notice of Lodgment filed by Debtor Allana Baroni) *Objection to Debtor's Proposed Order re Motion to Compel OneWest Bank N.A. to Produce Documents as Required by Order Granting Motion for FRBP 2004 Exam and Request for Sanctions* Filed by Creditor OneWest Bank, FSB (Attachments: # 1 Exhibit A # 2 Exhibit B)). (Rhim, J) (Entered: 05/16/2014) |
| 05/18/2014 | 579 (16 pgs) | Opposition to (related document(s): 577 Objection filed by Creditor OneWest Bank, FSB, 578 Notice of Lodgment filed by Creditor OneWest Bank, FSB) *Reorganized Debtor's Response to One West Bank, N.A. fka One West Bank, FSB'S Objection to the Reorganized Debtor's Proposed Order Re: Motion to Compel Onewest Bank N.A. to Produce Documents as Required by Order Granting Motion for FRBP 2004 (with Proof of Service)* Filed by Debtor Allana Baroni (Esbin, Louis) (Entered: 05/18/2014) |
| 05/20/2014 | 580 (2 pgs) | Order Granting in part, and Denying in part, Debtor's Motion to Compel One West Bank, FSB to Produce Documents as Required by Order Granting Motion for FRBP 2004 Exam; Request for Sanctions (BNC-PDF) (Related Doc # 518 ) Signed on 5/20/2014 (Bever, Sabine) (Entered: 05/20/2014) |
| 05/21/2014 | 581 (8 pgs) | Reply to (related document(s): 568 Motion to Reconsider (related documents 559 Order on Generic Motion (BNC-PDF)) *Deutsche Bank National Trust Company's Notice of Motion and Motion for Order Permitting Protection of Unrelated Third-Party Borrowers' Private Financial Inform filed by Witness Deutsche Bank National Trust Company) Third Party Deutsche Bank National Trust Company's Reply Memorandum in Support of Motion for Order Permitting Protection of Unrelated Third-Party Borrowers' Private Financial Information in Two Produced Documents Filed by Witness Deutsche Bank National Trust Company (Esterkin, Richard) (Entered: 05/21/2014)* |
| 05/21/2014 | 582 (49 pgs) | Request for judicial notice *Request For Judicial Notice In Support Of Third Party Deutsche Bank National Trust Company's Reply Memorandum In Support Of Motion For Order Permitting Protection Of Unrelated Third-Party Borrowers Private Financial Information In Two Produced Documents* Filed by Witness Deutsche Bank National Trust Company (RE: related document(s)568 Motion to Reconsider (related documents 559 Order on Generic Motion (BNC-PDF)) *Deutsche Bank National Trust Company's Notice of Motion and Motion for Order Permitting Protection of Unrelated Third-Party Borrowers' Private Financial Inform). (Esterkin, Richard) (Entered: 05/21/2014)* |
| 05/22/2014 | 583 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)580 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 05/22/2014. (Admin.) (Entered: 05/22/2014) |
| 05/24/2014 | 584 (18 pgs) | Declaration re: *Declaration of Allana Baroni in Further Support of Opposition to the Notice of Motion and Motion for Protective Order re Rule 2004 Examination by Deutsche Bank National Trust Company (with Proof of Service)* Filed by Debtor Allana Baroni (RE: related document(s)582 Request for judicial notice). (Esbin, Louis) (Entered: 05/24/2014) |
| 05/24/2014 | 585 (25 pgs) | Objection (related document(s): 581 Reply filed by Witness Deutsche Bank National Trust Company, 582 Request for judicial notice filed by Witness Deutsche Bank National Trust Company) *Reorganized Debtors Evidentiary Objections to Deutsche Bank National Trust Companys Reply Memorandum in Support Of Motion for Order Permitting Protection of Unrelated Third-Party Borrowers Private Financial Information in Two Produced Documents; and the Request for Judicial Notice in Support (with Proof of Service)* Filed by Debtor Allana Baroni (Esbin, Louis) (Entered: 05/24/2014) |
| 05/27/2014 | 586 (22 pgs; 2 docs) | Declaration re: *Declaration of Richard W. Esterkin in Further Support of Third Party Deutsche Bank National Trust Company's Motion for Order Permitting Protection of Unrelated Third-Party Borrowers' Private Financial Information in Two Produced Documents* Filed by Witness Deutsche Bank National Trust Company (RE: related document(s)568 Motion to Reconsider (related documents 559 Order on Generic Motion (BNC-PDF)) *Deutsche Bank National Trust Company's Notice of Motion and Motion for Order Permitting Protection of Unrelated Third-Party Borrowers' Private Financial Inform). (Attachments: # 1 Exhibit A) (Esterkin, Richard) (Entered: 05/27/2014)* |
| 06/05/2014 | 587 (1 pg) | Transcript Order Form, regarding Hearing Date 05/28/14 Filed by Witness Deutsche Bank National Trust Company (RE: related document(s)568 Motion to Reconsider (related documents 559 Order on Generic Motion (BNC-PDF)) *Deutsche Bank National Trust Company's Notice of Motion and Motion for Order Permitting Protection of Unrelated Third-Party Borrowers' Private Financial Inform). (Esterkin, Richard) (Entered: 06/05/2014)* |
| 06/06/2014 | 588 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 14-AA-021. RE Hearing Date: 05/28/14, [TRANSCRIPTION SERVICE PROVIDER: ECHO, Telephone number 858-453-7590.] (RE: related document(s)587 Transcript Order Form filed by Witness Deutsche Bank National Trust Company) (Ogier, Kathy) (Entered: 06/06/2014) |
| 06/13/2014 | 589 | Motion for 2004 Examination *of James Baroni and Production of Documents pursuant to Fed.R.Bankr. P.* |

| | | |
|---|---|---|
| | (39 pgs; 2 docs) | 2004; *Declaration of Alexandra Rhim in support thereof (with proof of service)* Filed by Creditor OneWest Bank, FSB (Attachments: # 1 Exhibit Exhibits 1 through 6) (Rhim, J) (Entered: 06/13/2014) |
| 06/13/2014 | 590 (4 pgs) | Notice *of Correction to Docket 589 - Motion for Examination of Allana Baroni (with proof of service)* Filed by Creditor OneWest Bank, FSB (RE: related document(s)589 Motion for 2004 Examination *of James Baroni and Production of Documents pursuant to Fed.R.Bankr. P. 2004; Declaration of Alexandra Rhim in support thereof (with proof of service)* Filed by Creditor OneWest Bank, FSB (Attachments: # 1 Exhibit Exhibits 1 through 6)). (Rhim, J) (Entered: 06/13/2014) |
| 06/16/2014 | 591 (59 pgs) | Objection (related document(s): 589 Motion for 2004 Examination *of James Baroni and Production of Documents pursuant to Fed.R.Bankr. P. 2004; Declaration of Alexandra Rhim in support thereof (with proof of service)* filed by Creditor OneWest Bank, FSB, 590 Notice filed by Creditor OneWest Bank, FSB) *(with Proof of Service)* Filed by Debtor Allana Baroni (Esbin, Louis) (Entered: 06/16/2014) |
| 06/19/2014 | 592 (9 pgs) | Response to (related document(s): 589 Motion for 2004 Examination *of James Baroni and Production of Documents pursuant to Fed.R.Bankr. P. 2004; Declaration of Alexandra Rhim in support thereof (with proof of service)* filed by Creditor OneWest Bank, FSB) *Response to Debtor's Objection to Motion for Examination of Allana Baroni (with proof of service)* Filed by Creditor OneWest Bank, FSB (Rhim, J) (Entered: 06/19/2014) |
| 06/19/2014 | 593 (6 pgs) | Notice of lodgment *re Order Granting Motion for Examination of Allana Baroni* Filed by Creditor OneWest Bank, FSB (RE: related document(s)589 Motion for 2004 Examination *of James Baroni and Production of Documents pursuant to Fed.R.Bankr. P. 2004; Declaration of Alexandra Rhim in support thereof (with proof of service)* Filed by Creditor OneWest Bank, FSB (Attachments: # 1 Exhibit Exhibits 1 through 6)). (Rhim, J) (Entered: 06/19/2014) |
| 06/23/2014 | 594 (2 pgs) | Order Granting Onewest Bank N.A.'S Motion Pursuant to Fed.R.Bankr.P. 2004 for Examination of Allana Baroni and Production of Documents (PDF-BNC) (Related Doc # 589 ) Signed on 6/23/2014 (Bever, Sabine) (Entered: 06/23/2014) |
| 06/25/2014 | 595 (106 pgs) | Motion for Protective Order *Notice of Motion and Motion to Quash Order for 2004 Exam, or in the Alternative, for Protective Order in Response to Order, Pursuant to Fed.R.Bankr. P. 2004, for Examination of Allana Baroni and Production of Documents; Declaration of Louis J. Esbin in Support (with Proof of Service)* Filed by Debtor Allana Baroni (Esbin, Louis). Related document(s) 597 Notice of Lodgment filed by Debtor Allana Baroni. Modified on 6/26/2014 (Ogier, Kathy). (Entered: 06/25/2014) |
| 06/25/2014 | 596 (14 pgs) | Application shortening time *Ex Parte Application for Order Shortening Time for Hearing on Notice of Motion and Motion to Quash Order for 2004 Exam, or in the Alternative, for Protective Order in Response to Order, Pursuant to Fed.R.Bankr. P. 2004, for Examination of Allana Baroni and Production of Documents; Declaration of Louis J. Esbin in Support (with Proof of Service)* Filed by Debtor Allana Baroni (Esbin, Louis) (Entered: 06/25/2014) |
| 06/25/2014 | 597 (7 pgs) | Notice of lodgment *(with Proof of Service)* Filed by Debtor Allana Baroni (RE: related document(s)596 Application shortening time *Ex Parte Application for Order Shortening Time for Hearing on Notice of Motion and Motion to Quash Order for 2004 Exam, or in the Alternative, for Protective Order in Response to Order, Pursuant to Fed.R.Bankr. P. 2004, for Examination of Allana Baroni and Production of Documents; Declaration of Louis J. Esbin in Support (with Proof of Service)* Filed by Debtor Allana Baroni). (Esbin, Louis) (Entered: 06/25/2014) |
| 06/25/2014 | 598 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)594 Order on Motion for Examination (BNC-PDF)) No. of Notices: 1. Notice Date 06/25/2014. (Admin.) (Entered: 06/25/2014) |
| 06/26/2014 | 599 (4 pgs) | Notice of lodgment *of Order in Bankruptcy Case* Filed by Witness Deutsche Bank National Trust Company (RE: related document(s)568 Motion to Reconsider (related documents 559 Order on Generic Motion (BNC-PDF)) *Deutsche Bank National Trust Company's Notice of Motion and Motion for Order Permitting Protection of Unrelated Third-Party Borrowers' Private Financial Information in Two Produced Documents; Memorandum of Points and Authorities and Declaration of Richard W. Esterkin in Support Thereof* Filed by Witness Deutsche Bank National Trust Company (Attachments: # 1 Exhibit A, Part 1 # 2 Exhibit A, Part 2, with Proof of Service)). (Esterkin, Richard) (Entered: 06/26/2014) |
| 06/26/2014 | 600 (5 pgs) | Opposition to (related document(s): 596 Application shortening time *Ex Parte Application for Order Shortening Time for Hearing on Notice of Motion and Motion to Quash Order for 2004 Exam, or in the Alternative, for Protective Order in Response to Order, Pursuant to Fed.R.Bankr. P. 2004, fo filed by Debtor Allana Baroni) Opposition by OneWest Bank (with proof of service) Filed by Creditor OneWest Bank, FSB (Rhim, J) (Entered: 06/26/2014)* |
| 06/26/2014 | 601 (11 pgs) | Reply to (related document(s): 600 Opposition filed by Creditor OneWest Bank, FSB) *Reply to Objection to Notice of Motion and Motion to Quash Order for 2004 Exam, or in the Alternative, for Protective Order in Response to Order, Pursuant to FED.R.BANKR. P. 2004, for Examination of Allana Baroni and Production of Documents (with Proof of Service)* Filed by Debtor Allana Baroni (Esbin, Louis) (Entered: 06/26/2014) |

| | | |
|---|---|---|
| 06/27/2014 | 602 (4 pgs) | Order Denying application for setting hearing on shortened notice (Related Doc # 596 ) Signed on 6/27/2014 (Ogier, Kathy) (Entered: 06/27/2014) |
| 06/29/2014 | 603 (6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)602 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 06/29/2014. (Admin.) (Entered: 06/29/2014) |
| 07/03/2014 | 604 (2 pgs) | Order Denying Motion To Reconsider (BNC-PDF) (Related Doc # 568) Signed on 7/3/2014. (Briggs, Victoria) (Entered: 07/03/2014) |
| 07/05/2014 | 605 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)604 Order on Motion To Reconsider (BNC-PDF)) No. of Notices: 1. Notice Date 07/05/2014. (Admin.) (Entered: 07/05/2014) |
| 07/07/2014 | 606 (4 pgs) | Notice of Hearing *(with Proof of Service)* Filed by Debtor Allana Baroni (RE: related document(s)595 Motion for Protective Order *Notice of Motion and Motion to Quash Order for 2004 Exam, or in the Alternative, for Protective Order in Response to Order, Pursuant to Fed.R.Bankr. P. 2004, for Examination of Allana Baroni and Production of Documents; Declaration of Louis J. Esbin in Support (with Proof of Service)* Filed by Debtor Allana Baroni (Esbin, Louis). Related document(s) 597 Notice of Lodgment filed by Debtor Allana Baroni. Modified on 6/26/2014.). (Esbin, Louis) (Entered: 07/07/2014) |
| 07/07/2014 | 607 | Hearing Set (RE: related document(s)595 Motion for Protective Order filed by Debtor Allana Baroni) The Hearing date is set for 7/30/2014 at 10:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Alan M. Ahart (Bever, Sabine) (Entered: 07/07/2014) |
| 07/16/2014 | 608 (22 pgs) | Opposition to (related document(s): 595 Motion for Protective Order *Notice of Motion and Motion to Quash Order for 2004 Exam, or in the Alternative, for Protective Order in Response to Order, Pursuant to Fed.R.Bankr. P. 2004, for Examination of Allana Baroni and Production of Documents; De filed by Debtor Allana Baroni) and Declaration of A. Rhim Filed by Creditor OneWest Bank, FSB (Rhim, J) (Entered: 07/16/2014)* |
| 07/16/2014 | 609 (199 pgs; 3 docs) | Motion For Contempt *Reorganized Debtor's Notice of Motion and Motion to Hold Onewest Bank, N.A., fka One West Bank, fsb, in Contempt of the Order Granting Motion for FRBP 2004 Exam and the Order Compelling Compliance with the Order Granting 2004 Exam, or in the Alternative, Request for Issuance of an Order to Show Cause; Request for Sanctions; Points and Authorities; Declarations of David Mork, as Designated Expert, and Louis J. Esbin in Support Thereof (with Proof of Service)* Filed by Debtor Allana Baroni (Attachments: # 1 Exhibit A-G (to Mork Declaration) # 2 Exhibit 1-12 (to Esbin Declaration)) (Esbin, Louis) (Entered: 07/16/2014) |
| 07/16/2014 | 610 (6 pgs) | Notice of lodgment *(with Proof of Service)* Filed by Debtor Allana Baroni (RE: related document(s)609 Motion For Contempt *Reorganized Debtor's Notice of Motion and Motion to Hold Onewest Bank, N.A., fka One West Bank, fsb, in Contempt of the Order Granting Motion for FRBP 2004 Exam and the Order Compelling Compliance with the Order Granting 2004 Exam, or in the Alternative, Request for Issuance of an Order to Show Cause; Request for Sanctions; Points and Authorities; Declarations of David Mork, as Designated Expert, and Louis J. Esbin in Support Thereof (with Proof of Service)* Filed by Debtor Allana Baroni (Attachments: # 1 Exhibit A-G (to Mork Declaration) # 2 Exhibit 1-12 (to Esbin Declaration))). (Esbin, Louis) (Entered: 07/16/2014) |
| 07/16/2014 | 611 | Hearing Set (RE: related document(s)609 Motion for Contempt filed by Debtor Allana Baroni) The Hearing date is set for 8/6/2014 at 10:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Alan M. Ahart (Bever, Sabine) (Entered: 07/17/2014) |
| 07/22/2014 | 612 (1 pg) | Transcript Order Form, regarding Hearing Date 05/14/2014 Filed by Creditor OneWest Bank, FSB. (Rhim, J) (Entered: 07/22/2014) |
| 07/22/2014 | 613 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 14-AA-024. RE Hearing Date: 05/14/14, [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Certified Deposition Reporters, Telephone number 888-272-0022.] (RE: related document(s)612 Transcript Order Form filed by Creditor OneWest Bank, FSB) (Cetulio, Julie) (Entered: 07/22/2014) |
| 07/23/2014 | 614 (17 pgs) | Objection (related document(s): 609 Motion For Contempt *Reorganized Debtor's Notice of Motion and Motion to Hold Onewest Bank, N.A., fka One West Bank, fsb, in Contempt of the Order Granting Motion for FRBP 2004 Exam and the Order Compelling Compliance with the Order Granting 2004 filed by Debtor Allana Baroni) Objections to Declaration of David Mork (with proof of service) Filed by Creditor OneWest Bank, FSB (Rhim, J) (Entered: 07/23/2014)* |
| 07/23/2014 | 615 (63 pgs; 2 docs) | Opposition to (related document(s): 609 Motion For Contempt *Reorganized Debtor's Notice of Motion and Motion to Hold Onewest Bank, N.A., fka One West Bank, fsb, in Contempt of the Order Granting Motion for FRBP 2004 Exam and the Order Compelling Compliance with the Order Granting 2004 filed by Debtor Allana Baroni) Opposition to Hold OneWest Bank, N.A. in Contempt and Objection to Issuance of Order to Show Cause; Request for Sanctions; Declaration of Brian Newman in Support Thereof (with proof of service) Filed by Creditor OneWest Bank, FSB (Attachments: # 1 Exhibit A through F to Declaration of Brian Newman) (Rhim, J) (Entered: 07/23/2014)* |

| Date | # | Docket Text |
|---|---|---|
| 07/23/2014 | 616 (82 pgs) | Reply to (related document(s): 595 Motion for Protective Order *Notice of Motion and Motion to Quash Order for 2004 Exam, or in the Alternative, for Protective Order in Response to Order, Pursuant to Fed.R.Bankr. P. 2004, for Examination of Allana Baroni and Production of Documents; De filed by Debtor Allana Baroni) Reply to One West Bank N.A.S Opposition of the Notice of Motion and Motion to Quash Order for 2004 Exam, or in the Alternative, for Protective Order in Response to Rule 2004 Order, Request for Sanctions; Declaration of J. Alexandra Rhim; Declaration of Designated Expert David S. Mork and Louis J. Esbin and Allana Baroni in Support (with Proof of Service) Filed by Debtor Allana Baroni (Esbin, Louis) (Entered: 07/23/2014)* |
| 07/24/2014 | 617 (5 pgs) | Errata *Notice of Errata to the Opposition to Hold OneWest Bank in Contempt and Objection to Issuance of Order to Show Cause; Request for Sanctions; Declaration of Brian Newman in Support Thereof (with proof of service)* Filed by Creditor OneWest Bank, FSB (RE: related document(s)615 Opposition). (Rhim, J) (Entered: 07/24/2014) |
| 07/25/2014 | 618 (19 pgs) | Transcript regarding Hearing Held 05/14/14 RE: In Re: Allana Baroni. Remote electronic access to the transcript is restricted until 10/23/2014. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Certified Deposition Reporters, Telephone number 888-272-0022.]. Notice of Intent to Request Redaction Deadline Due By 8/1/2014. Redaction Request Due By 08/15/2014. Redacted Transcript Submission Due By 08/25/2014. Transcript access will be restricted through 10/23/2014. (Hyatt, Mitchell) (Entered: 07/25/2014) |
| 07/30/2014 | 619 (17 pgs) | Reply to (related document(s): 609 Motion For Contempt *Reorganized Debtor's Notice of Motion and Motion to Hold Onewest Bank, N.A., fka One West Bank, fsb, in Contempt of the Order Granting Motion for FRBP 2004 Exam and the Order Compelling Compliance with the Order Granting 2004 filed by Debtor Allana Baroni) Debtor's Reply to Onewest Bank N.A.'s Opposition to Hold Onewest Bank, N.A., Fka One West Bank, FSB, in Contempt of the Order Granting Motion for FRBP 2004 Exam and the Order Compelling Compliance with the Order Granting 2004 Exam, or in the Alternative, Request for Issuance of an Order to Show Cause; Request for Sanctions; Declaration Michael S. Riley in Support Thereof (with Proof of Service) Filed by Debtor Allana Baroni (Esbin, Louis) (Entered: 07/30/2014)* |
| 07/31/2014 | 620 (6 pgs) | Notice of lodgment *of Proposed Order Denying Debtor's Motion to Quash Order for 2004 Exam* Filed by Creditor OneWest Bank, FSB (RE: related document(s)595 Motion for Protective Order *Notice of Motion and Motion to Quash Order for 2004 Exam, or in the Alternative, for Protective Order in Response to Order, Pursuant to Fed.R.Bankr. P. 2004, for Examination of Allana Baroni and Production of Documents; Declaration of Louis J. Esbin in Support (with Proof of Service)* Filed by Debtor Allana Baroni (Esbin, Louis). Related document(s) 597 Notice of Lodgment filed by Debtor Allana Baroni. Modified on 6/26/2014.). (Rhim, J) (Entered: 07/31/2014) |
| 07/31/2014 | 621 (13 pgs) | Errata *Errata To) Reorganized Debtor's Reply to Onewest Bank N.A.'S Opposition to Hold Onewest Bank, N.A., Fka One West Bank, FSB, in Contempt of the Order Granting Motion for FRBP 2004 Exam and the Order Compelling Compliance with the Order Granting 2004 Exam, or in the Alternative, Request for Issuance of an Order to Show Cause; Request for Sanctions; Declaration Michael S. Riley in Support Thereof (with Proof of Service)* Filed by Debtor Allana Baroni (RE: related document(s)609 Motion For Contempt *Reorganized Debtor's Notice of Motion and Motion to Hold Onewest Bank, N.A., fka One West Bank, fsb, in Contempt of the Order Granting Motion for FRBP 2004 Exam and the Order Compelling Compliance with the Order Granting 2004). (Esbin, Louis) (Entered: 07/31/2014)* |
| 08/06/2014 | 622 (7 pgs) | Notice of lodgment *[Proposed] Order Denying Debtor's Motion to Hold OneWest Bank in Contempt* Filed by Creditor OneWest Bank, FSB (RE: related document(s)609 Motion For Contempt *Reorganized Debtor's Notice of Motion and Motion to Hold Onewest Bank, N.A., fka One West Bank, fsb, in Contempt of the Order Granting Motion for FRBP 2004 Exam and the Order Compelling Compliance with the Order Granting 2004 Exam, or in the Alternative, Request for Issuance of an Order to Show Cause; Request for Sanctions; Points and Authorities; Declarations of David Mork, as Designated Expert, and Louis J. Esbin in Support Thereof (with Proof of Service)* Filed by Debtor Allana Baroni (Attachments: # 1 Exhibit A-G (to Mork Declaration) # 2 Exhibit 1-12 (to Esbin Declaration))). (Rhim, J) (Entered: 08/06/2014) |
| 08/08/2014 | | Hearing (Bk Motion) Continued (RE: related document(s) 609 MOTION FOR CONTEMPT filed by Allana Baroni) Hearing to be held on 01/14/2015 at 10:30 AM 21041 Burbank Blvd Woodland Hills, CA 91367 for 609, (Ogier, Kathy) CORRECTION: HEARING NOT CONTINUED. ENTERED IN ERROR. Modified on 8/8/2014 (Ogier, Kathy). (Entered: 08/08/2014) |
| 08/11/2014 | 623 (2 pgs) | Order Denying Motion to quash order for 2004 exam or, in the alternative, for protective order in response to rule 2004 order (BNC-PDF) (Related Doc # 595 ) Signed on 8/11/2014 (Ogier, Kathy) (Entered: 08/11/2014) |
| 08/11/2014 | 624 (3 pgs) | Transcript Order Form, regarding Hearing Date 08/06/2014 Filed by Debtor Allana Baroni. (Riley, Michael) (Entered: 08/11/2014) |
| 08/13/2014 | 625 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: |

| | | |
|---|---|---|
| | | 14-AA-030. RE Hearing Date: 08/06/14, [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Certified Deposition Reporters, Telephone number 888-272-0022.] (RE: related document(s)624 Transcript Order Form filed by Debtor Allana Baroni) (Cetulio, Julie) (Entered: 08/13/2014) |
| 08/13/2014 | 626 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)623 Order on Motion for Protective Order (BNC-PDF)) No. of Notices: 1. Notice Date 08/13/2014. (Admin.) (Entered: 08/13/2014) |
| 08/14/2014 | 627 (2 pgs) | Order Denying Motion to hold Onewest Baank N.A. in Contempt, or in the alternative, request for issuance of an order to show cause (BNC-PDF) (Related Doc # 609 ) Signed on 8/14/2014 (Ogier, Kathy) (Entered: 08/14/2014) |
| 08/14/2014 | 628 (6 pgs) | Transcript regarding Hearing Held 08/06/14 RE: In Re: Allana Baroni. Remote electronic access to the transcript is restricted until 11/12/2014. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Certified Deposition Reporters, Telephone number 888-272-0022.]. Notice of Intent to Request Redaction Deadline Due By 8/21/2014. Redaction Request Due By 09/4/2014. Redacted Transcript Submission Due By 09/15/2014. Transcript access will be restricted through 11/12/2014. (Hyatt, Mitchell) (Entered: 08/14/2014) |
| 08/16/2014 | 629 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)627 Order on Motion for Contempt (BNC-PDF)) No. of Notices: 1. Notice Date 08/16/2014. (Admin.) (Entered: 08/16/2014) |
| 09/03/2014 | 630 (57 pgs) | Motion *Notice of Motion and Motion to Compel Compliance with Rule 2004 Order; Memorandum of Points and Authorities; Request for Sanctions; Declaration of Brian Newman with Exhibits A-F (with proof of service)* Filed by Creditor OneWest Bank, FSB (Snyder, James) (Entered: 09/03/2014) |
| 09/03/2014 | 631 (18 pgs) | Stipulation By OneWest Bank, FSB and *Debtor in Support of OneWest Bank's Motion to Compel Compliance with Rule 2004 Order (with proof of service)* Filed by Creditor OneWest Bank, FSB (Snyder, James) (Entered: 09/03/2014) |
| 09/03/2014 | 632 | Hearing Set (RE: related document(s)630 Motion to Compel Compliance with Rule 2004 Order filed by Creditor OneWest Bank, FSB) The Hearing date is set for 9/24/2014 at 10:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Alan M. Ahart (Bever, Sabine) (Entered: 09/04/2014) |
| 09/10/2014 | 633 (16 pgs) | Opposition to (related document(s): 630 Motion *Notice of Motion and Motion to Compel Compliance with Rule 2004 Order; Memorandum of Points and Authorities; Request for Sanctions; Declaration of Brian Newman with Exhibits A-F (with proof of service)* filed by Creditor OneWest Bank, FSB) *Opposition to Motion to Compel Compliance with Rule 2004 Order Declaration of Louis J. Esbin in Support (with Proof of Service)* Filed by Debtor Allana Baroni (Esbin, Louis) (Entered: 09/10/2014) |
| 09/17/2014 | 634 (8 pgs) | Reply to (related document(s): 589 Motion for 2004 Examination *of James Baroni and Production of Documents pursuant to Fed.R.Bankr. P. 2004; Declaration of Alexandra Rhim in support thereof (with proof of service)* filed by Creditor OneWest Bank, FSB, 594 Order on Motion for Examination (BNC-PDF)) *Reply in Support of Motion to Compel Compliance with Rule 2004 Order and Request for Sanctions (with proof of service)* Filed by Creditor OneWest Bank, FSB (Snyder, James) (Entered: 09/17/2014) |
| 09/25/2014 | 635 (7 pgs) | Notice of lodgment *of [Proposed] Order Granting OneWest's Motion to Compel Compliance with Rule 2004 Order* Filed by Creditor OneWest Bank, FSB (RE: related document(s)630 Motion *Notice of Motion and Motion to Compel Compliance with Rule 2004 Order; Memorandum of Points and Authorities; Request for Sanctions; Declaration of Brian Newman with Exhibits A-F (with proof of service)* Filed by Creditor OneWest Bank, FSB). (Jones, Gregory) (Entered: 09/25/2014) |
| 10/03/2014 | 636 (2 pgs) | Order Granting Onewest's Motion to Compel Compliance with Rule 2004 Order (BNC-PDF) (Related Doc # 630 ) Signed on 10/3/2014 (Bever, Sabine) (Entered: 10/03/2014) |
| 10/05/2014 | 637 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)636 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 10/05/2014. (Admin.) (Entered: 10/05/2014) |
| 10/07/2014 | 638 (6 pgs) | Notice of Appeal USDC Court. *Notice of Appeal from Order Granting Onewests Motion to Compel Compliance with Rule 2004 Order (with Proof of Service)*. Fee Amount $298 Filed by Debtor Allana Baroni (RE: related document(s)636 Order on Generic Motion (BNC-PDF)). Appellant Designation due by 10/21/2014. (Esbin, Louis) Modified on 10/23/2014 USDC Appeal Case No. CV 14-8035-DOC (Espino, Cecilia). (Entered: 10/07/2014) |
| 10/07/2014 | 639 (3 pgs) | Election to Appeal to District Court *Notice of Election to Appeal to the United States District Court for the Central District of California from Order Granting Onewest's Motion to Compel Compliance with Rule 2004 Order [FED.R.BANKR.P. 8001(e)] (with Proof of Service)* Filed by Debtor Allana Baroni (RE: related document(s)638 Notice of Appeal). (Esbin, Louis) (Entered: 10/07/2014) |

| | | |
|---|---|---|
| 10/07/2014 | | Receipt of Notice of Appeal(1:12-bk-10986-AA) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number 38222920. Fee amount 298.00. (re: Doc# 638) (U.S. Treasury) (Entered: 10/07/2014) |
| 10/09/2014 | 640 (6 pgs; 3 docs) | Notice of referral of appeal to U. S. District Court with certificate of mailing (RE: related document(s)638 Notice of Appeal filed by Debtor Allana Baroni) (Attachments: # 1 Transcript order form # 2 Notice of Transcript) (Espino, Cecilia) (Entered: 10/09/2014) |
| 10/17/2014 | 642 (2 pgs) | Notice regarding appeal from Bankruptcy Court to Distict Court (RE: related document(s)638 Notice of Appeal USDC Court. *Notice of Appeal from Order Granting Onewests Motion to Compel Compliance with Rule 2004 Order (with Proof of Service)*. Fee Amount $298 Filed by Debtor Allana Baroni (RE: related document(s)636 Order on Generic Motion (BNC-PDF)). Appellant Designation due by 10/21/2014., 639 Election to Appeal to District Court *Notice of Election to Appeal to the United States District Court for the Central District of California from Order Granting Onewest's Motion to Compel Compliance with Rule 2004 Order [FED.R.BANKR.P. 8001(e)] (with Proof of Service)* Filed by Debtor Allana Baroni (RE: related document(s)638 Notice of Appeal)., Receipt of Notice of Appeal(1:12-bk-10986-AA) [appeal,ntcapl] ( 298.00) Filing Fee. Receipt number 38222920. Fee amount 298.00. (re: Doc638) (U.S. Treasury), 640 Notice of referral of appeal to U. S. District Court with certificate of mailing (RE: related document(s)638 Notice of Appeal filed by Debtor Allana Baroni) (Attachments: # 1 Transcript order form # 2 Notice of Transcript), 641 Deficiency notice send to BAP/USDC Statement of issues, Designtion of Record, Notice of transcript, No Transcript(s) has been filed as ordered (RE: related document(s)638 Notice of Appeal filed by Debtor Allana Baroni)). (Espino, Cecilia) (Entered: 10/23/2014) |
| 10/20/2014 | 641 (1 pg) | Deficiency notice send to BAP/USDC Statement of issues, Designtion of Record, Notice of transcript, No Transcript(s) has been filed as ordered (RE: related document(s)638 Notice of Appeal filed by Debtor Allana Baroni) (Espino, Cecilia) (Entered: 10/20/2014) |
| 10/22/2014 | 644 (2 pgs) | Notice Regarding Appeal from Bankruptcy Court (RE: related document(s)638 Notice of Appeal USDC Court. *Notice of Appeal from Order Granting Onewests Motion to Compel Compliance with Rule 2004 Order (with Proof of Service)*. Fee Amount $298 Filed by Debtor Allana Baroni (RE: related document(s)636 Order on Generic Motion (BNC-PDF)). Appellant Designation due by 10/21/2014. (Esbin, Louis) Modified on 10/23/2014 USDC Appeal Case No. CV 14-8035-DOC .). (Remy, Johanne) (Entered: 10/31/2014) |
| 10/23/2014 | 643 (2 pgs) | Notice *of Request to be Removed From Courtesy Notification of Electronic Filing (NEF)* Filed by Creditor Los Angeles County Treasurer & Tax Collector. (Glaser, Barry) (Entered: 10/23/2014) |
| 11/14/2014 | 645 (4 pgs) | Statement of Issues on Appeal *Designation of Issues on Appeal to Be Presented on Appeal from Order Granting Onewest's Motion to Compel Compliance with Rule 2004 Order [28 U.S.C. §§ 158(d)(2)(A)-(E); Fed.R.Bank.P. 8005] (with Proof of Service)* Filed by Debtor Allana Baroni (RE: related document(s)638 Notice of Appeal). (Esbin, Louis) (Entered: 11/14/2014) |
| 11/14/2014 | 646 (4 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal *Designation of Record and Transcripts on Appeal to Be Presented on Appeal from Order Granting Onewest's Motion to Compel Compliance with Rule 2004 Order [28 U.S.C. §§ 158(d)(2)(A)-(E); Fed.R.Bank.P. 8005] (with Proof of Service)* Filed by Debtor Allana Baroni (RE: related document(s)638 Notice of Appeal, 639 Election to Appeal, 645 Statement of Issues on Appeal). Appellee designation due by 11/28/2014. Transmission of Designation Due by 12/15/2014. (Esbin, Louis) (Entered: 11/14/2014) |
| 11/17/2014 | 647 (1 pg) | Transcript Order Form, regarding Hearing Date 9/24/2014 Filed by Debtor Allana Baroni. (Riley, Michael) (Entered: 11/17/2014) |
| 11/17/2014 | 648 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 14-AA-036. RE Hearing Date: 09/24/14, [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Certified Deposition Reporters, Telephone number 888-272-0022.] (RE: related document(s)647 Transcript Order Form filed by Debtor Allana Baroni) (Cetulio, Julie) (Entered: 11/17/2014) |
| 11/19/2014 | 649 (3 pgs) | Notice of transcripts *Notice of Designation of Transcripts on Appeal to Be Presented on Appeal from Order Granting Onewest's Motion to Compel Compliance with Rule 2004 Order [28 U.S.C. §§ 158(d)(2)(A)-(E); Fed.R.Bank.P. 8005] (with Proof of Service)* Filed by Debtor Allana Baroni (RE: related document(s)638 Notice of Appeal). (Esbin, Louis) (Entered: 11/19/2014) |
| 11/20/2014 | 650 (2 pgs) | Certificate of readiness of record on appeal to District Court. Case Number: CV -14-8035 SVW (RE: related document(s)638 Notice of Appeal filed by Debtor Allana Baroni, 639 Election to Appeal filed by Debtor Allana Baroni, 645 Statement of Issues on Appeal filed by Debtor Allana Baroni, 646 Appellant Designation filed by Debtor Allana Baroni, 649 Notice of transcripts filed by Debtor Allana Baroni) (Espino, Cecilia) (Entered: 11/20/2014) |
| 11/21/2014 | 651 (10 pgs) | Transcript regarding Hearing Held 09/24/14 RE: In Re: Allana Baroni. Remote electronic access to the transcript is restricted until 02/19/2015. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript |

| | | |
|---|---|---|
| | | access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Certified Deposition Reporters, Telephone number 888-272-0022.]. Notice of Intent to Request Redaction Deadline Due By 11/28/2014. Redaction Request Due By 12/12/2014. Redacted Transcript Submission Due By 12/22/2014. Transcript access will be restricted through 02/19/2015. (Hyatt, Mitchell) (Entered: 11/21/2014) |
| 11/25/2014 | 652 (1 pg) | Notice Re: Bankruptcy Record Complete, Briefing Schedule and Notice of Entry (RE: related document(s)638 Notice of Appeal USDC Court. *Notice of Appeal from Order Granting Onewests Motion to Compel Compliance with Rule 2004 Order (with Proof of Service)*. Fee Amount $298 Filed by Debtor Allana Baroni (RE: related document(s)636 Order on Generic Motion (BNC-PDF)). Appellant Designation due by 10/21/2014. (Esbin, Louis) Modified on 10/23/2014 USDC Appeal Case No. CV 14-8035-DOC .). (Remy, Johanne) (Entered: 12/01/2014) |
| 12/09/2014 | 653 (3 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal *(Amendment)Designation of Record and Transcripts on Appeal to Be Presented on Appeal from Order Granting Onewest's Motion to Compel Compliance with Rule 2004 Order [28 U.S.C. §§ 158(d)(2)(A)-(E); Fed.R.Bank.P. 8005] (with Proof of Service)* Filed by Debtor Allana Baroni (RE: related document(s)638 Notice of Appeal, 646 Appellant Designation). Appellee designation due by 12/23/2014. Transmission of Designation Due by 01/8/2015. (Esbin, Louis) (Entered: 12/09/2014) |
| 12/19/2014 | 654 (65 pgs; 3 docs) | Motion *Notice of Motion and Motion to Compel Debtor's Compliance with Plan of Reorganization; Request for Sanctions; Memorandum of Points and Authorities; Declaration of Brian Newman in Support* Filed by Creditor OneWest Bank, FSB (Attachments: # 1 Exhibit Exhibits A through C # 2 Proof of Service re Motion) (Snyder, James) (Entered: 12/19/2014) |
| 12/22/2014 | 655 | Hearing Set (RE: related document(s)654 Generic Motion filed by Creditor OneWest Bank, FSB) The Hearing date is set for 1/14/2015 at 01:00 PM at Crtrm 302, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Alan M. Ahart (Ogier, Kathy) (Entered: 12/22/2014) |
| 12/22/2014 | 656 (59 pgs; 4 docs) | Motion *Notice of Motion and Motion To Compel Debtor to Comply with Order Confirming Chapter 11 Plan; Memorandum of Points and Authorities in Support Thereof* Filed by Creditor Nationstar Mortgage, LLC (Attachments: # 1 Request for Judicial Notice # 2 Exhibit A-Second Amended Plan # 3 Exhibit B-Judgment) (Barasch, Adam) (Entered: 12/22/2014) |
| 12/22/2014 | 657 (58 pgs; 4 docs) | Motion *Notice of Motion and Motion To Compel Debtor to Comply with Order Confirming Chapter 11 Plan; Memorandum of Points and Authorities in Support Thereof* Filed by Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17 (Attachments: # 1 Request for Judicial Notice # 2 Exhibit A-Second Amended Plan # 3 Exhibit B-Judgment) (Barasch, Adam) (Entered: 12/22/2014) |
| 12/22/2014 | 658 | Hearing Set (RE: related document(s)656 Generic Motion filed by Creditor Nationstar Mortgage, LLC) The Hearing date is set for 1/14/2015 at 01:00 PM at Crtrm 302, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Alan M. Ahart (Ogier, Kathy) Modified on 12/22/2014 (Ogier, Kathy). (Entered: 12/22/2014) |
| 12/22/2014 | 659 | Hearing Set (RE: related document(s)654 Generic Motion filed by Creditor OneWest Bank, FSB) The Hearing date is set for 1/14/2015 at 01:00 PM at Crtrm 302, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Alan M. Ahart (Ogier, Kathy) (Entered: 12/22/2014) |
| 12/22/2014 | 660 | Hearing Set (RE: related document(s)657 Generic Motion filed by Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17) The Hearing date is set for 1/14/2015 at 01:00 PM at Crtrm 302, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Alan M. Ahart (Ogier, Kathy) (Entered: 12/22/2014) |
| 12/31/2014 | 661 (333 pgs) | Response to (related document(s): 654 Motion *Notice of Motion and Motion to Compel Debtor's Compliance with Plan of Reorganization; Request for Sanctions; Memorandum of Points and Authorities; Declaration of Brian Newman in Support* filed by Creditor OneWest Bank, FSB) *Opposition to Motion to Compel Compliance with Plan of Reorganization Declarations of Louis J. Esbin, and Michael S. Riley in Support Thereof (with Proof of Service)* Filed by Debtor Allana Baroni (Esbin, Louis) (Entered: 12/31/2014) |
| 01/07/2015 | 662 (12 pgs) | Reply to (related document(s): 661 Response filed by Debtor Allana Baroni) *Opposition to Motion to Compel Compliance with Plan of Reorganization* Filed by Creditor OneWest Bank, FSB (Jones, Gregory) (Entered: 01/07/2015) |
| 01/09/2015 | 663 (2 pgs) | Order continuing hearings on motion to compel by Wells Fargo Bank, N.A. Onewest Bank, FSB, and Nationstar Mortgage, LlC (docket #657, #654, and #656) (Related Doc # doc ) Signed on 1/9/2015 (Ogier, Kathy) (Entered: 01/09/2015) |
| 01/09/2015 | | Hearing (Bk Motion) Continued (RE: related document(s) 654 GENERIC MOTION filed by OneWest Bank, FSB) Hearing to be held on 05/13/2015 at 10:00 AM 21041 Burbank Blvd Woodland Hills, CA 91367 for 654 , (Ogier, Kathy) (Entered: 01/09/2015) |

|  |  |  |
|---|---|---|
| 01/09/2015 |  | Hearing (Bk Motion) Continued (RE: related document(s) 657 GENERIC MOTION filed by Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17) Hearing to be held on 05/13/2015 at 10:00 AM 21041 Burbank Blvd Woodland Hills, CA 91367 for 657 , (Ogier, Kathy) (Entered: 01/09/2015) |
| 01/11/2015 | 664 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)663 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 01/11/2015. (Admin.) (Entered: 01/11/2015) |
| 03/02/2015 | 665 (3 pgs) | Statement - Civil Minutes (Related document(s) 638 Notice of Appeal filed by Debtor Allana Baroni USDC Appeal Case No. CV 14-8035-DOC) (Remy, Johanne) (Entered: 03/05/2015) |
| 03/02/2015 | 666 (3 pgs) | Statement - Civil Minutes (Related document(s) 638 Notice of Appeal filed by Debtor Allana Baroni USDC Appeal Case No. CV 14-8035-DOC) (Remy, Johanne) (Entered: 03/05/2015) |
| 03/27/2015 | 667 (2 pgs) | Notice of Change of Address Filed by Creditor Nationstar Mortgage, LLC. (Daniels, Michael) (Entered: 03/27/2015) |
| 03/28/2015 | 668 (2 pgs) | Notice of Change of Address Filed by Creditor Nationstar Mortgage, LLC. (Daniels, Michael) (Entered: 03/28/2015) |
| 03/29/2015 | 669 (2 pgs) | Notice of Change of Address Filed by Creditor Nationstar Mortgage, LLC. (Daniels, Michael) (Entered: 03/29/2015) |
| 04/06/2015 | 670 | In accordance with the Administrative Order 15-03 dated 04/02/2015, this case is hereby reassigned from Judge Alan M. Ahart to Judge Martin R. Barash. (Campbell, Fern) (Entered: 04/06/2015) |
| 04/29/2015 | 671 (169 pgs) | Response to (related document(s): 657 Motion *Notice of Motion and Motion To Compel Debtor to Comply with Order Confirming Chapter 11 Plan; Memorandum of Points and Authorities in Support Thereof* filed by Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17) *Response in Opposition to Defendant's Motion to Compel Debtor's Compliance with Plan of Reorganization Points and Authorities Declaration in Support (with Proof of Service)* Filed by Debtor Allana Baroni (Esbin, Louis) (Entered: 04/29/2015) |
| 04/29/2015 | 672 (169 pgs) | Response to (related document(s): 656 Motion *Notice of Motion and Motion To Compel Debtor to Comply with Order Confirming Chapter 11 Plan; Memorandum of Points and Authorities in Support Thereof* filed by Creditor Nationstar Mortgage, LLC) *Response in Opposition to Defendant's Motion to Compel Debtor's Compliance with Plan of Reorganization Points and Authorities Declaration in Support (with Proof of Service)* Filed by Debtor Allana Baroni (Esbin, Louis) (Entered: 04/29/2015) |
| 04/30/2015 | 673 (162 pgs) | Response to (related document(s): 654 Motion *Notice of Motion and Motion to Compel Debtor's Compliance with Plan of Reorganization; Request for Sanctions; Memorandum of Points and Authorities; Declaration of Brian Newman in Support* filed by Creditor OneWest Bank, FSB) *Opposition to One West Bank's Motion to Compel Compliance with Plan of Reorganization; Points and Authorities; Declarations in Support (with Proof of Service)* Filed by Debtor Allana Baroni (Esbin, Louis) (Entered: 04/30/2015) |
| 05/06/2015 | 674 (7 pgs) | Reply to (related document(s): 671 Response filed by Debtor Allana Baroni) Filed by Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17 (Barasch, Adam) (Entered: 05/06/2015) |
| 05/06/2015 | 675 (7 pgs) | Reply to (related document(s): 672 Response filed by Debtor Allana Baroni) Filed by Creditor Nationstar Mortgage, LLC (Barasch, Adam) (Entered: 05/06/2015) |
| 05/12/2015 | 676 (120 pgs) | Motion For Contempt *Notice of Motion and Motion to Find Bank of America N.A. and Countrywide Home Loans, Inc. in Civil Contempt for Willful Refusal to Comply with this Court's Order; to Compel Production of Documents and Participate Pursuant to Order for Fed. R. Bankr. P. 2004 Examination; Request for Sanctions Fees and Costs; Memorandum of Points and Authorities and Declarations in Support (with Proof of Service)* Filed by Debtor Allana Baroni (Esbin, Louis) (Entered: 05/12/2015) |
| 05/15/2015 | 677 (3 pgs) | Notice Rescheduling Hearing re (RE: related document(s)676 Motion For Contempt *Notice of Motion and Motion to Find Bank of America N.A. and Countrywide Home Loans, Inc. in Civil Contempt for Willful Refusal to Comply with this Court's Order; to Compel Production of Documents and Participate Pursuant to Order for Fed. R. Bankr. P. 2004 Examination; Request for Sanctions Fees and Costs; Memorandum of Points and Authorities and Declarations in Support (with Proof of Service)* Filed by Debtor Allana Baroni). (Garcia, Patty) (Entered: 05/15/2015) |
| 05/15/2015 | 678 | Hearing Set (RE: related document(s)676 Motion for Contempt filed by Debtor Allana Baroni) The Hearing date is set for 6/18/2015 at 11:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Garcia, Patty) (Entered: 05/15/2015) |

| | | |
|---|---|---|
| 05/15/2015 | 679 (3 pgs; 2 docs) | Transfer of Claim Transfer Agreement 3001 (e) 4 Transferor: Green Tree Servicing LLC (Claim No. 4) To Specialized Loan Servicing LLC Fee Amount $25 To Specialized Loan Servicing LLC8742 Lucent Blvd, Suite 300Highlands Ranch, Colorado 80129 Filed by Creditor SPECIALIZED LOAN SERVICING LLC. (Kussmaul, Andrew) (Entered: 05/15/2015) |
| 05/15/2015 | | Receipt of Transfer of Claim (Fee)(1:12-bk-10986-MB) [claims,trclm] ( 25.00) Filing Fee. Receipt number 39929850. Fee amount 25.00. (re: Doc# 679) (U.S. Treasury) (Entered: 05/15/2015) |
| 05/21/2015 | 680 (3 pgs) | BNC Certificate of Notice - Transfer of Claim (RE: related document(s)679 Transfer of Claim (Fee) filed by Creditor SPECIALIZED LOAN SERVICING LLC) No. of Notices: 0. Notice Date 05/21/2015. (Admin.) (Entered: 05/21/2015) |
| 05/28/2015 | 681 (167 pgs) | Status report *Reorganized Debtor's Post Confirmation Case Management Conference Report (with Proof of Service)* Filed by Debtor Allana Baroni (RE: related document(s)423 Order (Generic) (BNC-PDF)). (Esbin, Louis) (Entered: 05/28/2015) |
| 06/05/2015 | 682 (2 pgs) | Stipulation By COUNTRYWIDE HOME LOANS, INC., BANK OF AMERICA, N.A., Allana Baroni and *to Continue Hearing on Motion for Contempt* Filed by Respondent COUNTRYWIDE HOME LOANS, INC., Creditor BANK OF AMERICA, N.A., Debtor Allana Baroni (Kornberg, Bernard) (Entered: 06/05/2015) |
| 06/05/2015 | 683 (5 pgs; 2 docs) | Notice of lodgment *of Order Continuing Hearing Date* Filed by Creditor BANK OF AMERICA, N.A., Respondent COUNTRYWIDE HOME LOANS, INC. (RE: related document(s)676 Motion For Contempt *Notice of Motion and Motion to Find Bank of America N.A. and Countrywide Home Loans, Inc. in Civil Contempt for Willful Refusal to Comply with this Court's Order; to Compel Production of Documents and Participate Pursuant to Order for Fed. R. Bankr. P. 2004 Examination; Request for Sanctions Fees and Costs; Memorandum of Points and Authorities and Declarations in Support (with Proof of Service)* Filed by Debtor Allana Baroni, 682 Stipulation By COUNTRYWIDE HOME LOANS, INC., BANK OF AMERICA, N.A., Allana Baroni and *to Continue Hearing on Motion for Contempt* Filed by Respondent COUNTRYWIDE HOME LOANS, INC., Creditor BANK OF AMERICA, N.A., Debtor Allana Baroni). (Attachments: # 1 Proposed Order) (Kornberg, Bernard) (Entered: 06/05/2015) |
| 06/05/2015 | 684 (2 pgs) | Stipulation By BANK OF AMERICA, N.A., Allana Baroni, COUNTRYWIDE HOME LOANS, INC. and *to Continue Hearing on Motion for Contempt* Filed by Creditor BANK OF AMERICA, N.A., Debtor Allana Baroni, Respondent COUNTRYWIDE HOME LOANS, INC. (Kornberg, Bernard) (Entered: 06/05/2015) |
| 06/09/2015 | 685 (5 pgs; 2 docs) | Notice of lodgment Filed by Creditor BANK OF AMERICA, N.A., Respondent COUNTRYWIDE HOME LOANS, INC. (RE: related document(s)684 Stipulation By BANK OF AMERICA, N.A., Allana Baroni, COUNTRYWIDE HOME LOANS, INC. and *to Continue Hearing on Motion for Contempt* Filed by Creditor BANK OF AMERICA, N.A., Debtor Allana Baroni, Respondent COUNTRYWIDE HOME LOANS, INC.). (Attachments: # 1 Proposed Order) (Kornberg, Bernard) (Entered: 06/09/2015) |
| 06/10/2015 | 686 (3 pgs) | BAP/USDC dismissal of appeal Re: Appeal BAP/USDC Number: 2:14-cv-08035, 2::15-cv-235, Signed on 6/10/2015. (Espino, Cecilia) (Entered: 06/10/2015) |
| 06/10/2015 | 687 (2 pgs) | Order approving stipulation to continue hearing on motion to find Bank of America N.A. and Countrywide Home Loans, Inc. in civil contempt (BNC-PDF) (Related Doc # 684 ) Signed on 6/10/2015 (Ogier, Kathy) (Entered: 06/10/2015) |
| 06/10/2015 | | Hearing (Bk Motion) Continued (RE: related document(s) 676 MOTION FOR CONTEMPT filed by Allana Baroni) Hearing to be held on 07/30/2015 at 11:00 AM 21041 Burbank Blvd Woodland Hills, CA 91367 for 676 , (Ogier, Kathy) (Entered: 06/10/2015) |
| 06/12/2015 | 688 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)687 Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 1. Notice Date 06/12/2015. (Admin.) (Entered: 06/12/2015) |
| 06/17/2015 | 689 (3 pgs) | Transcript Order Form, regarding Hearing Date 05/13/2015 Filed by Creditor OneWest Bank, FSB. (Snyder, James) (Entered: 06/17/2015) |
| 06/18/2015 | 690 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 15-MB-09. RE Hearing Date: 05/13/15, [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt, Telephone number 888-272-0022.] (RE: related document(s)689 Transcript Order Form (Public Request) filed by Creditor OneWest Bank, FSB) (Kinsley, Terri) (Entered: 06/18/2015) |
| 06/22/2015 | 691 | Acknowledgement of Request for Transcript (RE: Appeal) Received on 6/18/2015. The Reporter Expects to Have the Transcript Completed by 6/22/2015. (RE: related document(s) 689 Transcript Order Form, regarding Hearing Date 05/13/2015 Filed by Creditor OneWest Bank, FSB.). (Hyatt, Mitchell) (Entered: 06/22/2015) |

| | | |
|---|---|---|
| 07/06/2015 | 692 (3 pgs) | Scheduling order establishing omnibus hearing dates (Related Doc # doc ) Signed on 7/6/2015 (Ogier, Kathy) (Entered: 07/06/2015) |
| 07/08/2015 | 693 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)692 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 07/08/2015. (Admin.) (Entered: 07/08/2015) |
| 07/16/2015 | 694 (19 pgs; 3 docs) | Opposition to (related document(s): 676 Motion For Contempt *Notice of Motion and Motion to Find Bank of America N.A. and Countrywide Home Loans, Inc. in Civil Contempt for Willful Refusal to Comply with this Court's Order; to Compel Production of Documents and Participate Pursuant to filed by Debtor Allana Baroni) Filed by Creditor BANK OF AMERICA, N.A., Respondent COUNTRYWIDE HOME LOANS, INC. (Attachments: # 1 Declaration of Brianna May # 2 Declaration of Bernard J. Kornberg) (Kornberg, Bernard) (Entered: 07/16/2015)* |
| 07/23/2015 | 695 (44 pgs) | Reply to (related document(s): 694 Opposition filed by Respondent COUNTRYWIDE HOME LOANS, INC., Creditor BANK OF AMERICA, N.A.) *Reply to Opposition of Bank of America N.A. and Countrywide Home Loans, Inc to Notice of Motion and Motion to Find Bank of America N.A. and Countrywide Home Loans, Inc. in Civil Contempt for Willful Refusal to Comply with this Court's Order; to Compel Production of Documents and Participate Pursuant to Order for Fed. R. Bankr. P. 2004 Examination; Request for Sanctions Fees and Costs; Memorandum of Points and Authorities and Declarations in Support (with Proof of Service)* Filed by Debtor Allana Baroni (Esbin, Louis) (Entered: 07/23/2015) |
| 08/21/2015 | 696 (3 pgs) | Voluntary Dismissal of Motion *for Summary Judgment re: Supplemental Brief Document No. 88* Filed by Creditor The Bank of New York Mellon fka the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Structured Asset Mortgage Investments II Trust, Mortgage Pass- Through Certifica. (Fredrich, Christopher) (Entered: 08/21/2015) |
| 08/24/2015 | 697 (3 pgs) | Notice of rescheduled hearing re motion for contempt to find Bank of America, N.A. and Countrywide Home Loans, Inc. in civil contempt for willful refusal to comply with this Court's order to compel production of documents and participate pursuant to order for Fed. R. Bankr.P. 2004 examination; request for sanctions fees and costs (Ogier, Kathy) (Entered: 08/24/2015) |
| 09/23/2015 | 698 (2 pgs) | Stipulation By BANK OF AMERICA, N.A., COUNTRYWIDE HOME LOANS, INC. and *Debtor Allana Baroni to Continue Hearing on Motion for Contempt* Filed by Creditor BANK OF AMERICA, N.A., Respondent COUNTRYWIDE HOME LOANS, INC. (Kornberg, Bernard) (Entered: 09/23/2015) |
| 09/23/2015 | 699 (5 pgs; 2 docs) | Notice of lodgment *of Proposed Order Continuing Hearing* Filed by Creditor BANK OF AMERICA, N.A., Respondent COUNTRYWIDE HOME LOANS, INC. (RE: related document(s)676 Motion For Contempt *Notice of Motion and Motion to Find Bank of America N.A. and Countrywide Home Loans, Inc. in Civil Contempt for Willful Refusal to Comply with this Court's Order; to Compel Production of Documents and Participate Pursuant to Order for Fed. R. Bankr. P. 2004 Examination; Request for Sanctions Fees and Costs; Memorandum of Points and Authorities and Declarations in Support (with Proof of Service)* Filed by Debtor Allana Baroni). (Attachments: # 1 Proposed Order) (Kornberg, Bernard) (Entered: 09/23/2015) |
| 09/28/2015 | 700 (2 pgs) | Order Approving Stipulation Between Debtor And Bank of America, N.A. And Countrywide Home Loans, Inc. To Continue Motion For Contempt. (BNC-PDF) (Related Doc # 698 ) Signed on 9/28/2015 (Briggs, Victoria) (Entered: 09/28/2015) |
| 09/30/2015 | 701 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)700 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 09/30/2015. (Admin.) (Entered: 09/30/2015) |
| 10/22/2015 | 702 (6 pgs) | Notice of lodgment *(with Proof of Service)* Filed by Debtor Allana Baroni (RE: related document(s)654 Motion *Notice of Motion and Motion to Compel Debtor's Compliance with Plan of Reorganization; Request for Sanctions; Memorandum of Points and Authorities; Declaration of Brian Newman in Support* Filed by Creditor OneWest Bank, FSB (Attachments: # 1 Exhibit Exhibits A through C # 2 Proof of Service re Motion)). (Esbin, Louis) (Entered: 10/22/2015) |
| 10/22/2015 | 703 (6 pgs) | Notice of lodgment *(with Proof of Service)* Filed by Debtor Allana Baroni (RE: related document(s)656 Motion *Notice of Motion and Motion To Compel Debtor to Comply with Order Confirming Chapter 11 Plan; Memorandum of Points and Authorities in Support Thereof* Filed by Creditor Nationstar Mortgage, LLC (Attachments: # 1 Request for Judicial Notice # 2 Exhibit A-Second Amended Plan # 3 Exhibit B-Judgment)). (Esbin, Louis) (Entered: 10/22/2015) |
| 10/22/2015 | 704 (6 pgs) | Notice of lodgment *(with Proof of Service)* Filed by Debtor Allana Baroni (RE: related document(s)657 Motion *Notice of Motion and Motion To Compel Debtor to Comply with Order Confirming Chapter 11 Plan; Memorandum of Points and Authorities in Support Thereof* Filed by Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17 (Attachments: # 1 Request for Judicial Notice # 2 Exhibit A-Second Amended Plan # 3 Exhibit B-Judgment)). (Esbin, Louis) (Entered: 10/22/2015) |
| 10/29/2015 | 705 | Hearing Continued (RE: related document(s)676 Motion for Contempt filed by Debtor Allana Baroni) The |

| | | |
|---|---|---|
| | | Hearing date is set for 1/21/2016 at 10:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Ogier, Kathy) (Entered: 11/05/2015) |
| 11/13/2015 | 706 (3 pgs) | Order Temporarily Granting in part, Denying in part Motion to Compel Debtor's Compliance with Plan of Reorganization; Request for Sanctions (BNC-PDF) (Related Doc # 654 ) Signed on 11/13/2015 (Bever, Sabine) (Entered: 11/13/2015) |
| 11/13/2015 | 707 (3 pgs) | Order Granting in part, Denying in part Motion to Compel Debtor's Compliance with Plan of Reorganization (BNC-PDF) (Related Doc # 656 ) Signed on 11/13/2015 (Bever, Sabine) (Entered: 11/13/2015) |
| 11/13/2015 | 708 (3 pgs) | Order Granting in part, Denying in part Motion to Compel Debtor's Compliance with Plan of Reorganization (BNC-PDF) (Related Doc # 657 ) Signed on 11/13/2015 (Bever, Sabine) (Entered: 11/13/2015) |
| 11/15/2015 | 709 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)706 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 11/15/2015. (Admin.) (Entered: 11/15/2015) |
| 11/15/2015 | 710 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)707 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 11/15/2015. (Admin.) (Entered: 11/15/2015) |
| 11/15/2015 | 711 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)708 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 11/15/2015. (Admin.) (Entered: 11/15/2015) |
| 12/03/2015 | 712 (1 pg) | Transcript Order Form, regarding Hearing Date 10/29/2015 Filed by Creditor BANK OF AMERICA, N.A., Respondent COUNTRYWIDE HOME LOANS, INC.. (Kornberg, Bernard) (Entered: 12/03/2015) |
| 12/03/2015 | 713 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 15-MB-21. RE Hearing Date: 10/29/15, [TRANSCRIPTION SERVICE PROVIDER: Echo Reporting, Telephone number 858-453-7590.] (RE: related document(s)712 Transcript Order Form (Public Request) filed by Respondent COUNTRYWIDE HOME LOANS, INC., Creditor BANK OF AMERICA, N.A.) (Reaves, Kelly) (Entered: 12/03/2015) |
| 12/08/2015 | 714 | Transcript regarding Hearing Held 05/28/15 RE: Status Conference. Remote electronic access to the transcript is restricted until 03/7/2016. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Echo Reporting, Inc., Telephone number (858) 453-7590.;echoreporting@yahoo.com.]. Notice of Intent to Request Redaction Deadline Due By 12/15/2015. Redaction Request Due By 12/29/2015. Redacted Transcript Submission Due By 01/8/2016. Transcript access will be restricted through 03/7/2016. (Bauer, Tara) CORRECTION: Filed on incorrect case. The transcript is now on case 13-01070 docket number 136. Modified on 3/8/2016 (Remy, Johanne). (Entered: 12/08/2015) |
| 12/08/2015 | 715 (38 pgs) | Transcript regarding Hearing Held 10/29/15 RE: Motion for contempt. Remote electronic access to the transcript is restricted until 03/7/2016. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Echo Reporting, Inc., Telephone number (858) 453-7590.;echoreporting@yahoo.com.]. Notice of Intent to Request Redaction Deadline Due By 12/15/2015. Redaction Request Due By 12/29/2015. Redacted Transcript Submission Due By 01/8/2016. Transcript access will be restricted through 03/7/2016. (Bauer, Tara) (Entered: 12/08/2015) |
| 12/15/2015 | 716 (2 pgs) | Order re post-confirmation status conference and post-confirmation status conference reports (Related Doc # 423 ) Signed on 12/15/2015 (Ogier, Kathy) (Entered: 12/15/2015) |
| 12/15/2015 | 717 | Hearing Continued re Post confirmation Status hearing to be held on 2/18/2016 at 01:30 PM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Ogier, Kathy) (Entered: 12/15/2015) |
| 12/16/2015 | 718 (4 pgs) | Second scheduling order establishing omnibus hearing dates (Related Doc # 1 ) Signed on 12/16/2015 (Ogier, Kathy) (Entered: 12/16/2015) |
| 12/17/2015 | 719 (3 pgs) | Status report *Post-Confirmation Status Report (Quarterly) June 30, 2015* Filed by Debtor Allana Baroni (RE: related document(s)423 Order (Generic) (BNC-PDF)). (Esbin, Louis) (Entered: 12/17/2015) |
| 12/17/2015 | 720 (2 pgs) | Status report *Post-Confirmation Status Report (Quarterly) September 30, 2015* Filed by Debtor Allana Baroni (RE: related document(s)423 Order (Generic) (BNC-PDF)). (Esbin, Louis) (Entered: 12/17/2015) |
| 12/17/2015 | 721 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)716 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 12/17/2015. (Admin.) (Entered: 12/17/2015) |

| | | |
|---|---|---|
| 12/18/2015 | 722 (6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)718 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 12/18/2015. (Admin.) (Entered: 12/18/2015) |
| 01/14/2016 | 723 (97 pgs) | Reply to (related document(s): 676 Motion For Contempt *Notice of Motion and Motion to Find Bank of America N.A. and Countrywide Home Loans, Inc. in Civil Contempt for Willful Refusal to Comply with this Court's Order; to Compel Production of Documents and Participate Pursuant to filed by Debtor Allana Baroni) Joint Stipulation Concerning Notice of Motion and Motion to Find Bank of America N.A. and Countrywide Home Loans, Inc. in Civil Contempt for Willful Refusal to Comply with this Court's Order (with Proof of Service) Filed by Debtor Allana Baroni (Esbin, Louis) WARNING: Item subsequently amended by document no. 725. Modified on 1/15/2016 (Bever, Sabine). (Entered: 01/14/2016)* |
| 01/15/2016 | 724 (77 pgs) | Reply to (related document(s): 676 Motion For Contempt *Notice of Motion and Motion to Find Bank of America N.A. and Countrywide Home Loans, Inc. in Civil Contempt for Willful Refusal to Comply with this Court's Order; to Compel Production of Documents and Participate Pursuant to filed by Debtor Allana Baroni, 723 Reply filed by Debtor Allana Baroni) Reorganized Debtors Evidentiary Objections to the Declaration of Brianna May (with Proof of Service) Filed by Debtor Allana Baroni (Esbin, Louis) (Entered: 01/15/2016)* |
| 01/15/2016 | 725 | Notice to Filer of Error and/or Deficient Document **Document filed without electronic /s/ or holographic signature and/or was not accompanied by the required Local Bankruptcy form Electronic Filing Declaration. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE PROPER SIGNATURES. Incorrect event code was used to file this document. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT EVENT.** (RE: related document(s)723 Reply filed by Debtor Allana Baroni) (Bever, Sabine) (Entered: 01/15/2016) |
| 01/20/2016 | 726 (97 pgs) | Reply to (related document(s): 723 Reply filed by Debtor Allana Baroni, 725 Notice to Filer of Error and/or Deficient Document) *Joint Stipulation Concerning Notice Of Motion And Motion To Find Bank Of America N.A. And Countrywide Home Loans, Inc. In Civil Contempt For Willful Refusal To Comply With This Court's Order (with Proof of Service)* Filed by Debtor Allana Baroni (Esbin, Louis) WARNING: Item subsequently amended by document no. 727. Modified on 1/21/2016 (Bever, Sabine). (Entered: 01/20/2016) |
| 01/21/2016 | 727 | Notice to Filer of Error and/or Deficient Document **Incorrect event code was used to file this document. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT EVENT.** (RE: related document(s)726 Reply filed by Debtor Allana Baroni) (Bever, Sabine) (Entered: 01/21/2016) |
| 01/21/2016 | 728 (3 pgs) | Second amended scheduling order establishing omnibus hearing dates (BNC-PDF) Signed on 1/21/2016. (Ogier, Kathy) (Entered: 01/21/2016) |
| 01/23/2016 | 729 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)728 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 01/23/2016. (Admin.) (Entered: 01/23/2016) |
| 01/25/2016 | | Hearing (Bk Motion) Continued (RE: related document(s) 676 MOTION FOR CONTEMPT filed by Allana Baroni) Hearing to be held on 02/18/2016 at 01:30 PM 21041 Burbank Blvd Woodland Hills, CA 91367 for 676 , (Ogier, Kathy) (Entered: 01/25/2016) |
| 01/26/2016 | 730 (1 pg) | Status report *Post-Confirmation Status Report (Quarterly) December 31, 2015* Filed by Debtor Allana Baroni (RE: related document(s)423 Order (Generic) (BNC-PDF)). (Esbin, Louis) (Entered: 01/26/2016) |
| 02/12/2016 | 731 (3 pgs) | Substitution of attorney Filed by Debtor Allana Baroni. (Riley, Michael) (Entered: 02/12/2016) |
| 02/12/2016 | 732 (3 pgs) | Request for Removal from Courtesy Notice of Electronic Filing (NEF) *Notice of Request to be Removed from Notification of Electronic Filing* Filed by Goodman, Andrew. (Goodman, Andrew) (Entered: 02/12/2016) |
| 02/18/2016 | 733 (3 pgs) | Substitution of attorney *Corrected POS and Signature* Filed by Debtor Allana Baroni. (Riley, Michael) (Entered: 02/18/2016) |
| 02/18/2016 | 734 | Hearing Continued pursuant to ruling 2/18/16 (RE: related document(s)676 Motion for Contempt filed by Debtor Allana Baroni) The Hearing date is set for 3/17/2016 at 01:30 PM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Ogier, Kathy) (Entered: 02/18/2016) |
| 02/18/2016 | 735 | Hearing Continued pursuant to ruling on 2/18/16 re post confirmation Status hearing to be held on 3/17/2016 at 01:30 PM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Ogier, Kathy) (Entered: 02/18/2016) |
| 02/19/2016 | 736 (1 pg) | Transcript Order Form related to an Appeal, regarding Hearing Date 09/09/2015 Filed by Interested Party Federal Deposit Insurance Corporation as Receiver for First Federal Bank of California, a Federal Savings Bank. (Bentley, Justin) (Entered: 02/19/2016) |

| | | |
|---|---|---|
| 02/22/2016 | 737 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 16-MB-09. RE Hearing Date: 09/09/15, [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt, Telephone number 888-272-0022.] (RE: related document(s)736 Transcript Order Form (Public Request) filed by Interested Party Federal Deposit Insurance Corporation as Receiver for First Federal Bank of California, a Federal Savings Bank) (Reaves, Kelly) (Entered: 02/22/2016) |
| 02/24/2016 | 738 (3 pgs) | Order Directing Reorganized Debtor to Comply with this Court's "Order Re Postconfirmation Status Conference and Postconfirmation Status Conference Reports" (Related Doc # 716 ) Signed on 2/24/2016 (Bever, Sabine) (Entered: 02/24/2016) |
| 02/25/2016 | 739 (73 pgs) | Motion *Motion For Attorneys Fees and Costs* Filed by Debtor Allana Baroni (Riley, Michael) (Entered: 02/25/2016) |
| 02/26/2016 | 740 | Hearing Set (RE: related document(s)739 Generic Motion filed by Debtor Allana Baroni) The Hearing date is set for 3/17/2016 at 01:30 PM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Ogier, Kathy) (Entered: 02/26/2016) |
| 02/26/2016 | 741 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)738 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 02/26/2016. (Admin.) (Entered: 02/26/2016) |
| 03/03/2016 | 742 (13 pgs) | Opposition to (related document(s): 739 Motion *Motion For Attorneys Fees and Costs* filed by Debtor Allana Baroni) *and CIT Bank, N.A. FKA OneWest Bank N.A.'s Request for $2,128 in Sanctions Against Allana Baroni and her Counsel* Filed by Creditor OneWest Bank, FSB (Snyder, James) (Entered: 03/03/2016) |
| 03/03/2016 | 743 (24 pgs) | Status report Filed by Debtor Allana Baroni (RE: related document(s)423 Order (Generic) (BNC-PDF)). (Riley, Michael) (Entered: 03/03/2016) |
| 03/04/2016 | 744 (3 pgs) | Notice of rescheduled hearing re reorganized debtor's motion for attorney fees rescheduled to 3/24/16 at 1:30 p.m. (Ogier, Kathy) (Entered: 03/04/2016) |
| 03/04/2016 | 745 (3 pgs) | Notice of rescheduled hearing re motion for contempt to find Bank of America N.A. and Countrywide Home Loans, Inc. in civil contempt for willful refusal to comply with this Court's order to compel production of documents and participate pursuant to order for Fed. R. Bankr. P. 2004 examination; request for sanctions - rescheduled to 3/24/16 at 1:30 p.m. (Ogier, Kathy) (Entered: 03/04/2016) |
| 03/04/2016 | 746 (3 pgs) | Notice of rescheduled hearing re post confirmation status conference rescheduled to 3/24/16 at 1:30 p.m. (Ogier, Kathy) (Entered: 03/04/2016) |
| 03/04/2016 | | Hearing (Bk Motion) Continued (RE: related document(s) 739 GENERIC MOTION filed by Allana Baroni) Hearing to be held on 03/24/2016 at 01:30 PM 21041 Burbank Blvd Woodland Hills, CA 91367 for 739 , (Ogier, Kathy) (Entered: 03/04/2016) |
| 03/04/2016 | | Hearing (Bk Motion) Continued (RE: related document(s) 676 MOTION FOR CONTEMPT filed by Allana Baroni) Hearing to be held on 03/24/2016 at 01:30 PM 21041 Burbank Blvd Woodland Hills, CA 91367 for 676 , (Ogier, Kathy) (Entered: 03/04/2016) |
| 03/17/2016 | 747 (84 pgs) | Reply to (related document(s): 739 Motion *Motion For Attorneys Fees and Costs* filed by Debtor Allana Baroni, 742 Opposition filed by Creditor OneWest Bank, FSB, 744 Notice of rescheduled hearing, Hearing (Bk Motion) Continued) Filed by Debtor Allana Baroni (Riley, Michael) (Entered: 03/17/2016) |
| 03/25/2016 | 748 (8 pgs) | Notice of lodgment *of Order Denying Reorganized Debtor's Motion for Attorneys' Fees* Filed by Creditor OneWest Bank, FSB (RE: related document(s)739 Motion *Motion For Attorneys Fees and Costs* Filed by Debtor Allana Baroni). (Snyder, James) (Entered: 03/25/2016) |
| 03/30/2016 | 749 | Hearing Held 3/24/16 RULING: Motion denied. Related #739 (Ogier, Kathy) (Entered: 03/30/2016) |
| 03/30/2016 | 750 | Hearing Continued pursuant to hearing on 3/24/16 RULING: Cont'd to 4/29/16 @ 10:00 a.m. BANA and CHL to file supplemental declarations by 4/22/16. (RE: related document(s)676 Motion for Contempt filed by Debtor Allana Baroni) The Hearing date is set for 4/29/2016 at 10:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Ogier, Kathy) (Entered: 03/30/2016) |
| 03/30/2016 | 751 | Hearing Continued on post confirmation status conference per hearing held 3/24/16 RULING: Continued to 4/29/16 @ 10:00 a.m. Dtr shall file and serve an amended status report which complies with LBR 3020-1(b) by March 31, 2016. Status hearing to be held on 4/29/2016 at 10:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Ogier, Kathy) (Entered: 03/30/2016) |

| Date | # | Docket Text |
|---|---|---|
| 03/31/2016 | 752 (1 pg) | Transcript Order Form, regarding Hearing Date 3/24/2016 Filed by Creditor BANK OF AMERICA, N.A., Respondent COUNTRYWIDE HOME LOANS, INC. (RE: related document(s)745 Notice of rescheduled hearing). (Kornberg, Bernard) (Entered: 03/31/2016) |
| 03/31/2016 | 753 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 16-MB-14. RE Hearing Date: 03/24/16, [TRANSCRIPTION SERVICE PROVIDER: AVTRANZ, Telephone number 800-257-0885.] (RE: related document(s)752 Transcript Order Form (Public Request) filed by Respondent COUNTRYWIDE HOME LOANS, INC., Creditor BANK OF AMERICA, N.A.) (Reaves, Kelly) (Entered: 03/31/2016) |
| 04/01/2016 | 754 (24 pgs) | Status report *Amended* Filed by Debtor Allana Baroni (RE: related document(s)423 Order (Generic) (BNC-PDF), 716 Order (Generic) (BNC-PDF), 738 Order (Generic) (BNC-PDF), 751 Hearing (Bk Other) Continued). (Riley, Michael) (Entered: 04/01/2016) |
| 04/08/2016 | 755 (2 pgs) | Order Denying Reorganized Debtor's Motion for Attorneys' Fees (BNC-PDF) (Related Doc # 739 ) Signed on 4/8/2016 (Bever, Sabine) (Entered: 04/08/2016) |
| 04/10/2016 | 756 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)755 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 04/10/2016. (Admin.) (Entered: 04/10/2016) |
| 04/12/2016 | 757 (80 pgs) | Transcript regarding Hearing Held 03/24/16 RE: #16.00 MOTION FOR CONTEMPT TO FIND BANK OF AMERICA N.A. AND COUNTRYWIDE HOME LOANS, INC. IN CIVIL CONTEMPT FOR WILLFUL REFUSAL TO COMPLY WITH THIS COURT'S ORDER; TO COMPEL PRODUCTION OF DOCUMENTS AND PARTICIPATE PURSUANT TO ORDER FOR FED. R. BANKR. P. 2004 EXAMNINATION; REQUEST FOR SANCTIONS FEES AND COSTS. Remote electronic access to the transcript is restricted until 07/11/2016. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: AVTranz, Telephone number 6022630885.]. Notice of Intent to Request Redaction Deadline Due By 4/19/2016. Redaction Request Due By 05/3/2016. Redacted Transcript Submission Due By 05/13/2016. Transcript access will be restricted through 07/11/2016. (Lige, Erik) (Entered: 04/12/2016) |
| 04/22/2016 | 758 (4 pgs) | Declaration re: *Supplemental Declaration of BriAnna May* Filed by Creditor BANK OF AMERICA, N.A., Respondent COUNTRYWIDE HOME LOANS, INC. (RE: related document(s)676 Motion For Contempt *Notice of Motion and Motion to Find Bank of America N.A. and Countrywide Home Loans, Inc. in Civil Contempt for Willful Refusal to Comply with this Court's Order; to Compel Production of Documents and Participate Pursuant to). (Kornberg, Bernard) (Entered: 04/22/2016)* |
| 04/22/2016 | 759 (3 pgs) | Declaration re: *Declaration of Bernard J. Kornberg Regarding Production of Documents* Filed by Creditor BANK OF AMERICA, N.A., Respondent COUNTRYWIDE HOME LOANS, INC. (RE: related document(s)676 Motion For Contempt *Notice of Motion and Motion to Find Bank of America N.A. and Countrywide Home Loans, Inc. in Civil Contempt for Willful Refusal to Comply with this Court's Order; to Compel Production of Documents and Participate Pursuant to). (Kornberg, Bernard) (Entered: 04/22/2016)* |
| 04/22/2016 | 760 (2 pgs) | Proof of service *of Declarations* Filed by Creditor BANK OF AMERICA, N.A., Respondent COUNTRYWIDE HOME LOANS, INC. (RE: related document(s)758 Declaration, 759 Declaration). (Kornberg, Bernard) (Entered: 04/22/2016) |
| 05/03/2016 | | Hearing (Bk Motion) Continued (RE: related document(s) 676 MOTION FOR CONTEMPT filed by Allana Baroni) Hearing to be held on 06/24/2016 at 01:30 PM 21041 Burbank Blvd Woodland Hills, CA 91367 for 676 , (Ogier, Kathy) (Entered: 05/03/2016) |
| 05/03/2016 | 761 (2 pgs) | Order re post-confirmation status conference (Related Doc # 423 ) Signed on 5/3/2016 (Ogier, Kathy) (Entered: 05/03/2016) |
| 05/03/2016 | 762 (3 pgs) | Third amended scheduling order establishing omnibus hearing dates (Related Doc # doc ) Signed on 5/3/2016 (Ogier, Kathy) (Entered: 05/03/2016) |
| 05/05/2016 | 763 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)761 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 05/05/2016. (Admin.) (Entered: 05/05/2016) |
| 05/05/2016 | 764 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)762 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 05/05/2016. (Admin.) (Entered: 05/05/2016) |
| 06/22/2016 | 765 (5 pgs) | Declaration re: *Second Supplemental Declaration of BriAnna May* Filed by Creditor BANK OF AMERICA, N.A., Respondent COUNTRYWIDE HOME LOANS, INC. (RE: related document(s)676 Motion For Contempt *Notice of Motion and Motion to Find Bank of America N.A. and Countrywide Home Loans, Inc. in Civil Contempt for Willful Refusal to Comply with this Court's Order; to Compel Production of Documents and Participate Pursuant to). (Kornberg, Bernard) (Entered: 06/22/2016)* |

| | | |
|---|---|---|
| 06/30/2016 | 766 | Hearing Continued pursuant to ruling on 6/24/2016 (RE: related document(s)676 Motion for Contempt filed by Debtor Allana Baroni) The Hearing date is set for 8/26/2016 at 01:30 PM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Bever, Sabine) (Entered: 06/30/2016) |
| 08/18/2016 | 767 (1 pg) | Order Rescheduling Motion to Find Bank of America and Countrywide Home Loans, Inc. in Civil Contempt (BNC-PDF) (Related Doc # 676 ) Signed on 8/18/2016 (Reaves, Kelly) (Entered: 08/18/2016) |
| 08/18/2016 | | Hearing (Bk Motion) Continued (RE: related document(s) 676 MOTION FOR CONTEMPT filed by Allana Baroni) Hearing to be held on 09/16/2016 at 01:30 PM 21041 Burbank Blvd Woodland Hills, CA 91367 for 676 , (Reaves, Kelly) (Entered: 08/18/2016) |
| 08/20/2016 | 768 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)767 Order on Motion for Contempt (BNC-PDF)) No. of Notices: 1. Notice Date 08/20/2016. (Admin.) (Entered: 08/20/2016) |
| 09/12/2016 | 769 (2 pgs) | Order rescheduling motion For Contempt (BNC-PDF) (Related Doc # 676 ) Signed on 9/12/2016 - rescheduled for 10/21/16 at 1:30 pm (Ogier, Kathy) (Entered: 09/12/2016) |
| 09/14/2016 | 770 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)769 Order on Motion for Contempt (BNC-PDF)) No. of Notices: 1. Notice Date 09/14/2016. (Admin.) (Entered: 09/14/2016) |
| 09/28/2016 | 771 (4 pgs) | Notice of Hearing *REORGANIZED DEBTOR'S MOTION TO FIND BANK OF AMERICA N.A. AND COUNTRYWIDE HOME LOANS, INC. IN CIVIL CONTEMPT FOR WILLFUL REFUSAL TO COMPLY WITH COURT ORDER; TO COMPEL PRODUCTION OF DOCUMENTS AND PARTICIPATE PURSUANT TO ORDER FOR FED. R. BANKR. P. 2004 EXAMINATION; REQUEST FOR SANCTIONS* Filed by Debtor Allana Baroni. (Riley, Michael) (Entered: 09/28/2016) |
| 09/28/2016 | 772 | Hearing Continued RE: related document(s) 676 Motion For Contempt Notice of Motion and Motion to Find Bank of America N.A. and Countrywide Home Loans, Inc. in Civil Contempt for Willful Refusal to Comply with this Court's Order; to Compel Production of Documents and Participate Pursuant to Order for Fed. R. Bankr. P. 2004 Examination; Request for Sanctions Fees and Costs. The Hearing date is set for 10/24/2016 at 01:30 PM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Bever, Sabine) (Entered: 09/28/2016) |
| 10/11/2016 | 773 (19 pgs) | Status report Filed by Debtor Allana Baroni (RE: related document(s)423 Order (Generic) (BNC-PDF)). (Riley, Michael) (Entered: 10/11/2016) |
| 11/04/2016 | 774 (10 pgs) | Reply to (related document(s): 676 Motion For Contempt *Notice of Motion and Motion to Find Bank of America N.A. and Countrywide Home Loans, Inc. in Civil Contempt for Willful Refusal to Comply with this Court's Order; to Compel Production of Documents and Participate Pursuant to filed by Debtor Allana Baroni) Further Brief Re Outstanding Documents Filed by Debtor Allana Baroni (Riley, Michael) (Entered: 11/04/2016)* |
| 11/14/2016 | 775 (16 pgs; 4 docs) | Reply to (related document(s): 676 Motion For Contempt *Notice of Motion and Motion to Find Bank of America N.A. and Countrywide Home Loans, Inc. in Civil Contempt for Willful Refusal to Comply with this Court's Order; to Compel Production of Documents and Participate Pursuant to filed by Debtor Allana Baroni) (Responsive Brief) Filed by Creditor BANK OF AMERICA, N.A., Respondent COUNTRYWIDE HOME LOANS, INC. (Attachments: # 1 Declaration of Bernard J. Kornberg # 2 Exhibit A - Email # 3 Exhibit B - Email) (Kornberg, Bernard) (Entered: 11/14/2016)* |
| 11/22/2016 | 776 | Hearing Continued pursuant to ruling on 11/18/16 re motion for contempt [related #676] The Hearing date is set for 12/16/2016 at 01:30 PM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Ogier, Kathy) (Entered: 11/22/2016) |
| 11/22/2016 | 777 | Hearing Continued Status hearing to be held on 4/28/2017 at 01:30 PM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Ogier, Kathy) (Entered: 11/22/2016) |
| 11/23/2016 | 778 (3 pgs) | Fourth Amended Scheduling Order Establishing Omnibus Hearing Dates (BNC-PDF) (Related Doc # 762 ) Signed on 11/23/2016 (Bever, Sabine) (Entered: 11/23/2016) |
| 11/25/2016 | 779 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)778 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 11/25/2016. (Admin.) (Entered: 11/25/2016) |
| 11/29/2016 | 780 (74 pgs; 2 docs) | Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 71560 Biskra Road, Rancho Mirage, CA 92270 . Fee Amount $176, Filed by Creditor Wells Fargo Bank, National Association as Trustee for the Certificate Holders of the Structured Asset Mortgage Investments II Inc., Bear Stearns Mortgage Funding Trust 2006-AR5 (Attachments: # 1 Exhibits) (Raftery, Kelly) (Entered: 11/29/2016) |

| Date | # | Docket Text |
|---|---|---|
| 11/29/2016 | | Receipt of Motion for Relief from Stay - Real Property(1:12-bk-10986-MB) [motion,nmrp] ( 176.00) Filing Fee. Receipt number 43769424. Fee amount 176.00. (re: Doc# 780) (U.S. Treasury) (Entered: 11/29/2016) |
| 11/29/2016 | 781 | Hearing Set (RE: related document(s)780 Motion for Relief from Stay - Real Property filed by Creditor Wells Fargo Bank, National Association as Trustee for the Certificate Holders of the Structured Asset Mortgage Investments II Inc., Bear Stearns Mortgage Funding Trust 2006-AR5) The Hearing date is set for 1/4/2017 at 10:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Bever, Sabine) (Entered: 11/29/2016) |
| 11/30/2016 | 782 (3 pgs) | Order Resetting Hearing on Motion for Relief from the Automatic stay RE: 71560 Biskra Road, Rancho Mirage, CA (BNC-PDF) (Related Doc # 780 ) Signed on 11/30/2016 (Bever, Sabine) (Entered: 11/30/2016) |
| 11/30/2016 | | Hearing (Bk Motion) Continued (RE: related document(s) 780 MOTION FOR RELIEF FROM STAY - REAL PROPERTY filed by Wells Fargo Bank, National Association as Trustee for the Certificate Holders of the Structured Asset Mortgage Investments II Inc., Bear Stearns Mortgage Funding Trust 2006-AR5) Hearing to be held on 12/16/2016 at 01:30 PM 21041 Burbank Blvd Woodland Hills, CA 91367 for 780 , (Bever, Sabine) (Entered: 11/30/2016) |
| 12/02/2016 | 783 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)782 Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF)) No. of Notices: 1. Notice Date 12/02/2016. (Admin.) (Entered: 12/02/2016) |
| 12/02/2016 | 784 (155 pgs; 2 docs) | Reply to (related document(s): 676 Motion For Contempt *Notice of Motion and Motion to Find Bank of America N.A. and Countrywide Home Loans, Inc. in Civil Contempt for Willful Refusal to Comply with this Court's Order; to Compel Production of Documents and Participate Pursuant to filed by Debtor Allana Baroni) Filed by Debtor Allana Baroni (Attachments: # 1 Exhibit) (Riley, Michael)CORRECTION: Hearing date on document incorrect. Correct hearing date is 12/16/16 at 1:30 p.m. Modified on 12/5/2016 (Ogier, Kathy). (Entered: 12/02/2016)* |
| 12/06/2016 | 785 (4 pgs) | Stipulation By BANK OF AMERICA, N.A., COUNTRYWIDE HOME LOANS, INC. and *Debtor to Reset Hearing Date on Motion for Contempt* Filed by Creditor BANK OF AMERICA, N.A., Respondent COUNTRYWIDE HOME LOANS, INC. (Kornberg, Bernard) WARNING: Item subsequently amended by document no. 787. Modified on 12/7/2016 (Bever, Sabine). (Entered: 12/06/2016) |
| 12/06/2016 | 786 (5 pgs; 2 docs) | Notice of lodgment *on Stipulation to Reset Hearing Date* Filed by Creditor BANK OF AMERICA, N.A., Respondent COUNTRYWIDE HOME LOANS, INC. (RE: related document(s)676 Motion For Contempt *Notice of Motion and Motion to Find Bank of America N.A. and Countrywide Home Loans, Inc. in Civil Contempt for Willful Refusal to Comply with this Court's Order; to Compel Production of Documents and Participate Pursuant to Order for Fed. R. Bankr. P. 2004 Examination; Request for Sanctions Fees and Costs; Memorandum of Points and Authorities and Declarations in Support (with Proof of Service)* Filed by Debtor Allana Baroni, 785 Stipulation By BANK OF AMERICA, N.A., COUNTRYWIDE HOME LOANS, INC. and *Debtor to Reset Hearing Date on Motion for Contempt* Filed by Creditor BANK OF AMERICA, N.A., Respondent COUNTRYWIDE HOME LOANS, INC.). (Attachments: # 1 Proposed Order) (Kornberg, Bernard) (Entered: 12/06/2016) |
| 12/07/2016 | 787 | Notice to Filer of Error and/or Deficient Document **Document filed without electronic /s/ or holographic signature and/or was not accompanied by the required Local Bankruptcy form Electronic Filing Declaration. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE PROPER SIGNATURES.** (RE: related document(s)785 Stipulation filed by Respondent COUNTRYWIDE HOME LOANS, INC., Creditor BANK OF AMERICA, N.A.) (Bever, Sabine) (Entered: 12/07/2016) |
| 12/08/2016 | 788 (4 pgs) | Stipulation By BANK OF AMERICA, N.A., COUNTRYWIDE HOME LOANS, INC. and *Debtor to Reset Hearing on Motion to Compel* Filed by Creditor BANK OF AMERICA, N.A., Respondent COUNTRYWIDE HOME LOANS, INC. (Kornberg, Bernard) (Entered: 12/08/2016) |
| 12/09/2016 | 789 (12 pgs) | Reply to (related document(s): 676 Motion For Contempt *Notice of Motion and Motion to Find Bank of America N.A. and Countrywide Home Loans, Inc. in Civil Contempt for Willful Refusal to Comply with this Court's Order; to Compel Production of Documents and Participate Pursuant to filed by Debtor Allana Baroni) Regarding Motion for Contempt Filed by Creditor BANK OF AMERICA, N.A., Respondent COUNTRYWIDE HOME LOANS, INC. (Kornberg, Bernard) (Entered: 12/09/2016)* |
| 12/12/2016 | 790 (2 pgs) | Order on Stipulation to Reset Hearing Time on Motion for Contempt (BNC-PDF) (Related Doc # 788 ) Signed on 12/12/2016 (Bever, Sabine) (Entered: 12/12/2016) |
| 12/12/2016 | 791 | Hearing Continued RE: related document(s) 676 Motion for Contempt. The Hearing date is set for 12/16/2016 at 10:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Bever, Sabine) (Entered: 12/12/2016) |

| | | |
|---|---|---|
| 12/14/2016 | 792 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)790 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 12/14/2016. (Admin.) (Entered: 12/14/2016) |
| 12/20/2016 | 793 (7 pgs) | Notice *of Continued Hearing on Motion for Relief from the Automatic Stay* Filed by Creditor Wells Fargo Bank, National Association as Trustee for the Certificate Holders of the Structured Asset Mortgage Investments II Inc., Bear Stearns Mortgage Funding Trust 2006-AR5 (RE: related document(s)780 Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 71560 Biskra Road, Rancho Mirage, CA 92270 . Fee Amount $176, Filed by Creditor Wells Fargo Bank, National Association as Trustee for the Certificate Holders of the Structured Asset Mortgage Investments II Inc., Bear Stearns Mortgage Funding Trust 2006-AR5 (Attachments: # 1 Exhibits)). (Zilberstein, Kristin) (Entered: 12/20/2016) |
| 12/20/2016 | 794 | Hearing Continued on motion for contempt [Related #676] The Hearing date is set for 2/17/2017 at 01:30 PM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Ogier, Kathy) (Entered: 12/20/2016) |
| 12/20/2016 | 795 | Hearing Continued on motion for relief from stay [Related #780] The Hearing date is set for 1/25/2017 at 10:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Ogier, Kathy) (Entered: 12/20/2016) |
| 12/27/2016 | 796 (1 pg) | Request for special notice *by attorney Jeff Katofsky* Filed by Attorney Jeff Katofsky. (Katofsky, Jeff) (Entered: 12/27/2016) |
| 12/30/2016 | 797 (13 pgs) | Reply to (related document(s): 676 Motion For Contempt *Notice of Motion and Motion to Find Bank of America N.A. and Countrywide Home Loans, Inc. in Civil Contempt for Willful Refusal to Comply with this Court's Order; to Compel Production of Documents and Participate Pursuant to filed by Debtor Allana Baroni) Filed by Debtor Allana Baroni (Riley, Michael) (Entered: 12/30/2016)* |
| 01/27/2017 | 798 (10 pgs) | Reply to (related document(s): 676 Motion For Contempt *Notice of Motion and Motion to Find Bank of America N.A. and Countrywide Home Loans, Inc. in Civil Contempt for Willful Refusal to Comply with this Court's Order; to Compel Production of Documents and Participate Pursuant to filed by Debtor Allana Baroni, 797 Reply filed by Debtor Allana Baroni) Filed by Creditor BANK OF AMERICA, N.A., Respondent COUNTRYWIDE HOME LOANS, INC. (Kornberg, Bernard) (Entered: 01/27/2017)* |
| 01/27/2017 | 799 (10 pgs; 2 docs) | Notice of lodgment *of Order in Bankruptcy Case Re: Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 (Real Property)* Filed by Creditor Wells Fargo Bank, National Association as Trustee for the Certificate Holders of the Structured Asset Mortgage Investments II Inc., Bear Stearns Mortgage Funding Trust 2006-AR5 (RE: related document(s)780 Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 71560 Biskra Road, Rancho Mirage, CA 92270 . Fee Amount $176, Filed by Creditor Wells Fargo Bank, National Association as Trustee for the Certificate Holders of the Structured Asset Mortgage Investments II Inc., Bear Stearns Mortgage Funding Trust 2006-AR5 (Attachments: # 1 Exhibits)). (Attachments: # 1 Order) (Zilberstein, Kristin) (Entered: 01/27/2017) |
| 01/30/2017 | 800 | Hearing Held 1/25/17 - RULING: Motion granted [Related #780] (Ogier, Kathy) (Entered: 01/30/2017) |
| 02/03/2017 | 801 (4 pgs) | Objection (related document(s): 799 Notice of Lodgment filed by Creditor Wells Fargo Bank, National Association as Trustee for the Certificate Holders of the Structured Asset Mortgage Investments II Inc., Bear Stearns Mortgage Funding Trust 2006-AR5) Filed by Debtor Allana Baroni (Riley, Michael) (Entered: 02/03/2017) |
| 02/23/2017 | 802 (4 pgs) | Order Granting Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF) (Related Doc # 780 ) Signed on 2/23/2017 (Reaves, Kelly) (Entered: 02/23/2017) |
| 02/24/2017 | 803 | Hearing Continued: Pursuant to ruling on 2/17/17 676 The Hearing date is set for 3/24/2017 at 01:30 PM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Reaves, Kelly) (Entered: 02/24/2017) |
| 02/25/2017 | 804 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)802 Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF)) No. of Notices: 1. Notice Date 02/25/2017. (Admin.) (Entered: 02/25/2017) |
| 02/27/2017 | | Receipt of Certification Fee - $11.00 by 19. Receipt Number 20216489. (admin) (Entered: 02/27/2017) |
| 03/23/2017 | 805 (6 pgs) | Declaration re: *Third Supplemental Declaration of BriAnna May* Filed by Creditor BANK OF AMERICA, N.A., Respondent COUNTRYWIDE HOME LOANS, INC. (RE: related document(s)676 Motion For Contempt *Notice of Motion and Motion to Find Bank of America N.A. and Countrywide Home Loans, Inc. in Civil Contempt for Willful Refusal to Comply with this Court's Order; to Compel Production of Documents and Participate Pursuant to). (Kornberg, Bernard) (Entered: 03/23/2017)* |

| Date | # | Docket Text |
|---|---|---|
| 03/23/2017 | 806 (4 pgs) | Declaration re: *Production of Documents* Filed by Creditor BANK OF AMERICA, N.A., Respondent COUNTRYWIDE HOME LOANS, INC. (RE: related document(s)805 Declaration). (Kornberg, Bernard) (Entered: 03/23/2017) |
| 03/29/2017 | 807 | Hearing Held 3/24/2017 - RULING: Motion for contempt denied as moot [Related #676] (Ogier, Kathy) Modified on 4/20/2017 (Ogier, Kathy). (Entered: 03/29/2017) |
| 04/12/2017 | 808 (3 pgs) | Notice of rescheduled hearing re post confirmation status conference - rescheduled for 5/26/17 at 1:30 p.m.[Related #1] (Ogier, Kathy) (Entered: 04/12/2017) |
| 05/19/2017 | 809 (5 pgs; 2 docs) | Notice of lodgment *of Order Denying Motion for Contempt* Filed by Creditor BANK OF AMERICA, N.A., Respondent COUNTRYWIDE HOME LOANS, INC. (RE: related document(s)676 Motion For Contempt *Notice of Motion and Motion to Find Bank of America N.A. and Countrywide Home Loans, Inc. in Civil Contempt for Willful Refusal to Comply with this Court's Order; to Compel Production of Documents and Participate Pursuant to Order for Fed. R. Bankr. P. 2004 Examination; Request for Sanctions Fees and Costs; Memorandum of Points and Authorities and Declarations in Support (with Proof of Service)* Filed by Debtor Allana Baroni). (Attachments: # 1 Proposed Order) (Kornberg, Bernard) (Entered: 05/19/2017) |
| 05/19/2017 | 810 (9 pgs) | Notice of lodgment *Order on Motion to Compel* Filed by Debtor Allana Baroni (RE: related document(s)676 Motion For Contempt *Notice of Motion and Motion to Find Bank of America N.A. and Countrywide Home Loans, Inc. in Civil Contempt for Willful Refusal to Comply with this Court's Order; to Compel Production of Documents and Participate Pursuant to Order for Fed. R. Bankr. P. 2004 Examination; Request for Sanctions Fees and Costs; Memorandum of Points and Authorities and Declarations in Support (with Proof of Service)* Filed by Debtor Allana Baroni). (Riley, Michael) (Entered: 05/19/2017) |
| 05/19/2017 | 811 (17 pgs) | Status report Filed by Debtor Allana Baroni (RE: related document(s)423 Order (Generic) (BNC-PDF)). (Riley, Michael) (Entered: 05/19/2017) |
| 06/01/2017 | 812 | Hearing Continued: Pursuant to ruling on 5/26/17 1 Post Confirmation Status hearing to be held on 11/17/2017 at 01:30 PM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Reaves, Kelly) (Entered: 06/01/2017) |
| 08/07/2017 | | Receipt of Tape Duplication Fee - $93.00 by 12. Receipt Number 10070687. (admin) (Entered: 08/07/2017) |
| 09/12/2017 | 813 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Bensamochan, Eric. (Bensamochan, Eric) (Entered: 09/12/2017) |
| 09/29/2017 | 814 (1 pg) | Document / Hearing Held - Settlement Conference with Judge Jury in courtroom 301 at 3420 12th Street, Riverside Division re: Case not settled. (Hawkinson, Susan) (Entered: 10/02/2017) |
| 10/31/2017 | 815 (3 pgs) | Notice of rescheduled hearing re post confirmation status conference - rescheduled for 12/15/17 at 1:30 p.m. [Related #1] (Ogier, Kathy) (Entered: 10/31/2017) |
| 12/08/2017 | 816 (17 pgs) | Status report Filed by Debtor Allana Baroni (RE: related document(s)17 Order Converting Case to 11/12/13 (BNC-PDF)). (Riley, Michael) (Entered: 12/08/2017) |
| 12/14/2017 | 817 (2 pgs) | Order continuing post-confirmation status conference (BNC-PDF) (Related Doc # 423 ) Signed on 12/14/2017 - continued to 1/19/18 at 1:30 p.m. (Ogier, Kathy) (Entered: 12/14/2017) |
| 12/15/2017 | 818 (76 pgs; 4 docs) | Motion to Modify Plan *of Reorganization for Allana Baroni* Filed by Creditor CIT Bank, N.A. fka OneWest Bank N.A. fka OneWest Bank, FSB (Attachments: # 1 Exhibit A, Doc 376 Second Amended Disclosure Statement and Plan of Reoganization for Allana Baroni # 2 Exhibit B, Doc 129, Order Granting Summary Judgment in favor of OneWest bank N.A. on Adversary Complaint # 3 Proof of Service ISO) (Jones, Gregory) (Entered: 12/15/2017) |
| 12/15/2017 | 819 | Hearing Set (RE: related document(s)818 Motion to Modify Plan filed by Creditor CIT Bank, N.A. fka OneWest Bank N.A. fka OneWest Bank, FSB) The Hearing date is set for 1/30/2018 at 01:00 PM at Crtrm 301, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Bever, Sabine) (Entered: 12/15/2017) |
| 12/16/2017 | 820 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)817 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 12/16/2017. (Admin.) (Entered: 12/16/2017) |
| 12/27/2017 | 821 (7 pgs) | Notice *of Association of Counsel with Proof of Service Thereof* Filed by Debtor Allana Baroni. (Bensamochan, Eric) (Entered: 12/27/2017) |
| 01/08/2018 | 822 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date/time/location was selected.** |

| | | |
|---|---|---|
| | | **THE FILER IS INSTRUCTED TO FILE AN AMENDED NOTICE OF MOTION/HEARING WITH CORRECT HEARING INFORMATION.** (RE: related document(s)818 Motion to Modify Plan filed by Creditor CIT Bank, N.A. fka OneWest Bank N.A. fka OneWest Bank, FSB) (Ogier, Kathy) (Entered: 01/08/2018) |
| 01/09/2018 | 823 (11 pgs) | Motion to Continue Hearing On (related documents 818 Motion to Modify Plan) Filed by Creditor CIT Bank, N.A. fka OneWest Bank N.A. fka OneWest Bank, FSB (Jones, Gregory) WARNING: Item subsequently amended by document no. 824. Modified on 1/9/2018 (Bever, Sabine). (Entered: 01/09/2018) |
| 01/09/2018 | 824 | Notice to Filer of Error and/or Deficient Document **Incorrect event code was used to file this document. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT EVENT. (Correct event code: Bankruptcy Events> BK> Notices> Notice of Hearing) Also, please file a Voluntary Dismissal of Motion for document no. 823.** (RE: related document(s)823 Motion to Continue/Reschedule Hearing filed by Creditor CIT Bank, N.A. fka OneWest Bank N.A. fka OneWest Bank, FSB) (Bever, Sabine) (Entered: 01/09/2018) |
| 01/10/2018 | 825 (11 pgs) | Notice of Hearing Filed by Creditor CIT Bank, N.A. fka OneWest Bank N.A. fka OneWest Bank, FSB (RE: related document(s)818 Motion to Modify Plan *of Reorganization for Allana Baroni* Filed by Creditor CIT Bank, N.A. fka OneWest Bank N.A. fka OneWest Bank, FSB (Attachments: # 1 Exhibit A, Doc 376 Second Amended Disclosure Statement and Plan of Reoganization for Allana Baroni # 2 Exhibit B, Doc 129, Order Granting Summary Judgment in favor of OneWest bank N.A. on Adversary Complaint # 3 Proof of Service ISO)). (Jones, Gregory) (Entered: 01/10/2018) |
| 01/10/2018 | 826 (7 pgs) | Voluntary Dismissal of Motion Filed by Creditor CIT Bank, N.A. fka OneWest Bank N.A. fka OneWest Bank, FSB (RE: related document(s)823 Motion to Continue Hearing On (related documents 818 Motion to Modify Plan) ). (Jones, Gregory) (Entered: 01/10/2018) |
| 01/10/2018 | 827 | Hearing Set (RE: related document(s)818 Motion to Modify Plan filed by Creditor CIT Bank, N.A. fka OneWest Bank N.A. fka OneWest Bank, FSB) The Hearing date is set for 2/16/2018 at 01:30 PM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Ogier, Kathy) (Entered: 01/10/2018) |
| 02/01/2018 | 828 (11 pgs) | Opposition to (related document(s): 818 Motion to Modify Plan *of Reorganization for Allana Baroni* filed by Creditor CIT Bank, N.A. fka OneWest Bank N.A. fka OneWest Bank, FSB) Filed by Debtor Allana Baroni (Bensamochan, Eric) (Entered: 02/01/2018) |
| 02/09/2018 | 829 (14 pgs) | Reply to (related document(s): 818 Motion to Modify Plan *of Reorganization for Allana Baroni* filed by Creditor CIT Bank, N.A. fka OneWest Bank N.A. fka OneWest Bank, FSB, 828 Opposition filed by Debtor Allana Baroni) Filed by Creditor CIT Bank, N.A. fka OneWest Bank N.A. fka OneWest Bank, FSB (Jones, Gregory) (Entered: 02/09/2018) |
| 02/21/2018 | 830 (1 pg) | Transcript Order Form, regarding Hearing Date February 16, 2018 Filed by Creditor CIT Bank, N.A. fka OneWest Bank N.A. fka OneWest Bank, FSB. (Jones, Gregory) (Entered: 02/21/2018) |
| 02/21/2018 | 831 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 18-MB-16. RE Hearing Date: 02/16/18, [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Certified Deposition Reporters, Telephone number 888-272-0022.] (RE: related document(s)830 Transcript Order Form (Public Request) filed by Creditor CIT Bank, N.A. fka OneWest Bank N.A. fka OneWest Bank, FSB) (Reaves, Kelly) (Entered: 02/21/2018) |
| 02/21/2018 | 832 | Hearing Held: 2/16/18 - Ruling: Motion Denied. (RE: related document(s)818 Motion to Modify Plan filed by Creditor CIT Bank, N.A. fka OneWest Bank N.A. fka OneWest Bank, FSB) (Garcia, Patty) (Entered: 02/21/2018) |
| 02/21/2018 | 833 | Hearing Continued pursuant to ruling on 2/16/18. Status hearing to be held on 9/14/2018 at 01:30 PM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Garcia, Patty). Related document(s) 1 Voluntary Petition (Chapter 13) filed by Debtor Allana Baroni. Modified on 2/21/2018 (Garcia, Patty). (Entered: 02/21/2018) |
| 02/26/2018 | 834 (55 pgs) | Transcript regarding Hearing Held 02/16/18 RE: In Re: Allana Baroni. Remote electronic access to the transcript is restricted until 05/29/2018. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Corporation, Telephone number 8882720022.]. Notice of Intent to Request Redaction Deadline Due By 3/5/2018. Redaction Request Due By 03/19/2018. Redacted Transcript Submission Due By 03/29/2018. Transcript access will be restricted through 05/29/2018. (Hyatt, Mitchell) (Entered: 02/26/2018) |
| 02/26/2018 | 835 (7 pgs) | Substitution of attorney Filed by Debtor Allana Baroni. (Bensamochan, Eric) (Entered: 02/26/2018) |

| | | |
|---|---|---|
| 05/02/2018 | 836 (2 pgs) | Withdrawal of Claim(s): 4 Filed by Creditor SPECIALIZED LOAN SERVICING LLC. (Rafferty, John) (Entered: 05/02/2018) |
| 05/04/2018 | 837 (47 pgs) | Notice of motion/application *and Motion for Relief From Automatic Stay Under 11 U.S.C. Section 362 (with supporting declarations) (REAL PROPERTY)* Filed by Creditor CIT Bank, N.A. fka OneWest Bank N.A. fka OneWest Bank, FSB. (Jones, Gregory). Related document(s) 838 Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 3339 Via Verde Court, Calabasas, California 91302 *[Document No. 837 - Notice of Hearing]*. Fee Amount $181, filed by Creditor CIT Bank, N.A. fka OneWest Bank N.A. fka OneWest Bank, FSB. Modified on 5/4/2018 (Bever, Sabine). (Entered: 05/04/2018) |
| 05/04/2018 | 838 (47 pgs) | Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 3339 Via Verde Court, Calabasas, California 91302 *[Document No. 837 - Notice of Hearing]*. Fee Amount $181, Filed by Creditor CIT Bank, N.A. fka OneWest Bank N.A. fka OneWest Bank, FSB (Jones, Gregory) (Entered: 05/04/2018) |
| 05/04/2018 | | Receipt of Motion for Relief from Stay - Real Property(1:12-bk-10986-MB) [motion,nmrp] ( 181.00) Filing Fee. Receipt number 46948217. Fee amount 181.00. (re: Doc# 838) (U.S. Treasury) (Entered: 05/04/2018) |
| 05/04/2018 | 839 | Hearing Set (RE: related document(s)838 Motion for Relief from Stay - Real Property filed by Creditor CIT Bank, N.A. fka OneWest Bank N.A. fka OneWest Bank, FSB) The Hearing date is set for 5/25/2018 at 01:30 PM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Bever, Sabine) (Entered: 05/04/2018) |
| 05/21/2018 | 840 (13 pgs) | Motion to Continue Hearing On (related documents 838 Motion for Relief from Stay - Real Property) Filed by Debtor Allana Baroni (Riley, Michael) (Entered: 05/21/2018) |
| 05/21/2018 | 841 (8 pgs) | Notice of lodgment Filed by Debtor Allana Baroni (RE: related document(s)840 Motion to Continue Hearing On (related documents 838 Motion for Relief from Stay - Real Property) Filed by Debtor Allana Baroni). (Riley, Michael) (Entered: 05/21/2018) |
| 05/24/2018 | 842 (3 pgs) | Order on the Reorganized Debtor's Non-Oppostition Motion to Enlarge Time to Respond to Motion for Relief from the Automatic Stay and Continued Hearing Date (BNC-PDF) (Related Doc # 840 ) Signed on 5/24/2018 (Bever, Sabine) (Entered: 05/24/2018) |
| 05/24/2018 | | Hearing (Bk Motion) Continued (RE: related document(s) 838 MOTION FOR RELIEF FROM STAY - REAL PROPERTY filed by CIT Bank, N.A. fka OneWest Bank N.A. fka OneWest Bank, FSB) Hearing to be held on 06/27/2018 at 01:30 PM 21041 Burbank Blvd Woodland Hills, CA 91367 for 838 , (Bever, Sabine) (Entered: 05/24/2018) |
| 05/26/2018 | 843 (6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)842 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 05/26/2018. (Admin.) (Entered: 05/26/2018) |
| 06/06/2018 | 844 (12 pgs; 2 docs) | Transfer of Claim Transfer Agreement 3001 (e) 2 Transferor: OneWest Bank, FSB (Claim No. 3) To LoanCare LLC Fee Amount $25 To LoanCare LLCP.O. Box 60509City of Industry, CA 91716-0509 Filed by Creditor Loancare, LLC, on behalf of CIT Bank, N.A.. (Richey, Cassandra) (Entered: 06/06/2018) |
| 06/06/2018 | | Receipt of Transfer of Claim (Fee)(1:12-bk-10986-MB) [claims,trclm] ( 25.00) Filing Fee. Receipt number 47133151. Fee amount 25.00. (re: Doc# 844) (U.S. Treasury) (Entered: 06/06/2018) |
| 06/08/2018 | 845 (9 pgs) | Withdrawal re: *Transfer of Claim No. 3 with proof of service* Filed by Creditor LoanCare, LLC (related document(s)844 Transfer of Claim (Fee) filed by Creditor Loancare, LLC, on behalf of CIT Bank, N.A.). (Richey, Cassandra) (Entered: 06/08/2018) |
| 06/08/2018 | 846 (6 pgs) | Withdrawal re: *Amended Withdrawal of Transfer Of Claim Other Than For Security with proof of service* Filed by Creditor LoanCare, LLC (RE: related document(s)845 Withdrawal re:). (Richey, Cassandra) (Entered: 06/08/2018) |
| 06/09/2018 | 847 (4 pgs) | BNC Certificate of Notice - Transfer of Claim (RE: related document(s)844 Transfer of Claim (Fee) filed by Creditor Loancare, LLC, on behalf of CIT Bank, N.A.) No. of Notices: 1. Notice Date 06/09/2018. (Admin.) (Entered: 06/09/2018) |
| 06/15/2018 | 848 (13 pgs) | Motion to Continue Hearing On (related documents 838 Motion for Relief from Stay - Real Property) Filed by Debtor Allana Baroni (Riley, Michael) (Entered: 06/15/2018) |
| 06/18/2018 | 849 | DISREGUARD NOTICE OF ERROR Notice to Filer of Error and/or Deficient Document **Incorrect/incomplete/unreadable PDF was attached to the docket entry. .** (RE: related document(s)848 Motion to Continue/Reschedule Hearing filed by Debtor Allana Baroni) (Ogier, Kathy) Modified on 6/18/2018 (Ogier, Kathy). (Entered: 06/18/2018) |

| | | |
|---|---|---|
| 06/18/2018 | 850 (1 pg) | Request for Removal from Courtesy Notice of Electronic Filing (NEF) Filed by Katofsky, Jeff. (Katofsky, Jeff) (Entered: 06/18/2018) |
| 06/18/2018 | 851 (1 pg) | Request for Removal from Courtesy Notice of Electronic Filing (NEF) Filed by Katofsky, Jeff. (Katofsky, Jeff) (Entered: 06/18/2018) |
| 06/27/2018 | 852 (2 pgs) | Order Granting Reorganized Debtor's Motion to Enlarge Time to Respond to Motion for Relief from the Automatic Stay (BNC-PDF) (Related Doc # 840 ) Signed on 6/27/2018 (Bever, Sabine) (Entered: 06/27/2018) |
| 06/27/2018 | | Hearing (Bk Motion) Continued (RE: related document(s) 838 MOTION FOR RELIEF FROM STAY - REAL PROPERTY filed by CIT Bank, N.A. fka OneWest Bank N.A. fka OneWest Bank, FSB) Hearing to be held on 08/31/2018 at 01:30 PM 21041 Burbank Blvd Woodland Hills, CA 91367 for 838 , (Bever, Sabine) (Entered: 06/27/2018) |
| 06/29/2018 | 853 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)852 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 06/29/2018. (Admin.) (Entered: 06/29/2018) |
| 07/13/2018 | 854 (1 pg) | Request for Removal from Courtesy Notice of Electronic Filing (NEF) Filed by Reganyan, Robert. (Reganyan, Robert) (Entered: 07/13/2018) |
| 07/23/2018 | 855 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Treder, Edward. (Treder, Edward) (Entered: 07/23/2018) |
| 08/01/2018 | 856 (2 pgs) | Stipulation By SPECIALIZED LOAN SERVICING LLC and *Debtor to Withdraw Claim 4-2* Filed by Creditor SPECIALIZED LOAN SERVICING LLC (Kornberg, Bernard) (Entered: 08/01/2018) |
| 08/01/2018 | 857 (5 pgs; 2 docs) | Notice of lodgment *of Order to Withdraw Claim 4-2* Filed by Creditor SPECIALIZED LOAN SERVICING LLC (RE: related document(s)856 Stipulation By SPECIALIZED LOAN SERVICING LLC and *Debtor to Withdraw Claim 4-2* Filed by Creditor SPECIALIZED LOAN SERVICING LLC). (Attachments: # 1 Proposed Order) (Kornberg, Bernard) (Entered: 08/01/2018) |
| 08/02/2018 | 858 (2 pgs) | Order on stipulation between debtor and climant to withdraw claim 4-2 (BNC-PDF) (Related Doc # 856 ) Signed on 8/2/2018 (Ogier, Kathy) (Entered: 08/02/2018) |
| 08/04/2018 | 859 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)858 Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 1. Notice Date 08/04/2018. (Admin.) (Entered: 08/04/2018) |
| 08/13/2018 | 860 (1 pg) | Transcript Order Form, regarding Hearing Date 05/26/2017 Filed by Debtor Allana Baroni. (Riley, Michael) (Entered: 08/13/2018) |
| 08/13/2018 | 861 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 18-MB-041. RE Hearing Date: 05/26/17, [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt, Telephone number 888-272-0022.] (RE: related document(s)860 Transcript Order Form (Public Request) filed by Debtor Allana Baroni) (Bever, Sabine) (Entered: 08/13/2018) |
| 08/16/2018 | 862 (11 pgs) | Transcript regarding Hearing Held 05/26/17 RE: In Re: Allana Baroni. Remote electronic access to the transcript is restricted until 11/14/2018. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Corporation, Telephone number 8882720022.]. Notice of Intent to Request Redaction Deadline Due By 8/23/2018. Redaction Request Due By 09/6/2018. Redacted Transcript Submission Due By 09/17/2018. Transcript access will be restricted through 11/14/2018. (Hyatt, Mitchell) (Entered: 08/16/2018) |
| 08/17/2018 | 863 (22 pgs) | Opposition to (related document(s): 838 Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 3339 Via Verde Court, Calabasas, California 91302 *[Document No. 837 - Notice of Hearing]*. Fee Amount $181, filed by Creditor CIT Bank, N.A. fka OneWest Bank N.A. fka OneWest Bank, FSB) Filed by Debtor Allana Baroni (Riley, Michael) (Entered: 08/17/2018) |
| 08/17/2018 | 864 (216 pgs) | Request for judicial notice *In Support Of Opposition* Filed by Debtor Allana Baroni (RE: related document(s)838 Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 3339 Via Verde Court, Calabasas, California 91302 *[Document No. 837 - Notice of Hearing]*. Fee Amount $181,). (Riley, Michael) (Entered: 08/17/2018) |
| 08/21/2018 | 865 (88 pgs; 6 docs) | Motion to Convert Case From Chapter 11 to 7. *or to Dismiss Case* Fee Amount $15 Filed by Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17 (Attachments: # 1 Declaration of Edward Hyne # 2 Declaration of Adam Barasch # 3 Exhibit A - Power of Attorney # 4 Exhibit B - April 2 Letter # 5 Exhibit C - July 17 |

| | | |
|---|---|---|
| | | Letter) (Kornberg, Bernard) WARNING: Item subsequently amended by document no. 868. Modified on 8/22/2018 (Bever, Sabine). (Entered: 08/21/2018) |
| 08/21/2018 | | Receipt of Motion to Convert Case(1:12-bk-10986-MB) [motion,mconv] ( 15.00) Filing Fee. Receipt number 47568115. Fee amount 15.00. (re: Doc# 865) (U.S. Treasury) (Entered: 08/21/2018) |
| 08/21/2018 | 866 (4 pgs) | Notice of Hearing *on Motion to Convert or Dismiss* Filed by Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17 (RE: related document(s)865 Motion to Convert Case From Chapter 11 to 7. *or to Dismiss Case* Fee Amount $15 Filed by Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17 (Attachments: # 1 Declaration of Edward Hyne # 2 Declaration of Adam Barasch # 3 Exhibit A - Power of Attorney # 4 Exhibit B - April 2 Letter # 5 Exhibit C - July 17 Letter)). (Kornberg, Bernard) (Entered: 08/21/2018) |
| 08/22/2018 | 867 | Hearing Set (RE: related document(s)865 Motion to Convert Case filed by Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17) The Hearing date is set for 9/14/2018 at 01:30 PM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Bever, Sabine) (Entered: 08/22/2018) |
| 08/22/2018 | 868 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date was selected. THE FILER IS INSTRUCTED TO FILE AN AMENDED NOTICE OF HEARING WITH THE CORRECT HEARING INFORMATION. (Correct hearing date 09/14/2018 at 1:30 p.m. )** (RE: related document(s)865 Motion to Convert Case filed by Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17) (Bever, Sabine) (Entered: 08/22/2018) |
| 08/23/2018 | 869 (4 pgs) | Notice of Hearing *(Amended)* Filed by Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17 (RE: related document(s)865 Motion to Convert Case From Chapter 11 to 7. *or to Dismiss Case* Fee Amount $15 Filed by Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17 (Attachments: # 1 Declaration of Edward Hyne # 2 Declaration of Adam Barasch # 3 Exhibit A - Power of Attorney # 4 Exhibit B - April 2 Letter # 5 Exhibit C - July 17 Letter) (Kornberg, Bernard) WARNING: Item subsequently amended by document no. 868. Modified on 8/22/2018.). (Kornberg, Bernard) (Entered: 08/23/2018) |
| 08/24/2018 | 870 (17 pgs) | Reply to (related document(s): 838 Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 3339 Via Verde Court, Calabasas, California 91302 *[Document No. 837 - Notice of Hearing]*. Fee Amount $181, filed by Creditor CIT Bank, N.A. fka OneWest Bank N.A. fka OneWest Bank, FSB, 863 Opposition filed by Debtor Allana Baroni) Filed by Creditor CIT Bank, N.A. fka OneWest Bank N.A. fka OneWest Bank, FSB (Snyder, James) (Entered: 08/24/2018) |
| 08/31/2018 | 871 (2 pgs) | Order On Motion To Find Bank Of America N.A. and Countrywide Home Loans, Inc. In Civil Contempt (BNC-PDF) (Related Doc # 676 ) Signed on 8/31/2018 (Garcia, Patty) (Entered: 08/31/2018) |
| 09/02/2018 | 872 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)871 Order on Motion for Contempt (BNC-PDF)) No. of Notices: 1. Notice Date 09/02/2018. (Admin.) (Entered: 09/02/2018) |
| 09/05/2018 | | Hearing (Bk Motion) Continued (RE: related document(s) 838 MOTION FOR RELIEF FROM STAY - REAL PROPERTY filed by CIT Bank, N.A. fka OneWest Bank N.A. fka OneWest Bank, FSB) Hearing to be held on 10/09/2018 at 01:30 PM 21041 Burbank Blvd Woodland Hills, CA 91367 for 838 , (Gasparian, Ana) (Entered: 09/05/2018) |
| 09/11/2018 | 873 (5 pgs) | Stipulation By Allana Baroni and *Wells Fargo Bank N.A. et al* Filed by Debtor Allana Baroni (Riley, Michael). Related document(s) 865 Motion to Convert Case From Chapter 11 to 7. *or to Dismiss Case* Fee Amount $15 filed by Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17. Modified on 9/11/2018 (Ogier, Kathy). (Entered: 09/11/2018) |
| 09/11/2018 | 874 (5 pgs) | Notice of lodgment *Re Proposed Order On Joint Stipulation* Filed by Debtor Allana Baroni (RE: related document(s)873 Stipulation By Allana Baroni and *Wells Fargo Bank N.A. et al* Filed by Debtor Allana Baroni). (Riley, Michael) (Entered: 09/11/2018) |
| 09/12/2018 | 875 (1 pg) | Order Rescheduling Post Confirmation Status Conference (BNC-PDF) (Related Doc # 1 ) Signed on 9/12/2018 (Bever, Sabine) (Entered: 09/12/2018) |
| 09/12/2018 | 876 | Hearing Continued re: related document(s) 1 Chapter 11 Voluntary Petition. Status hearing to be held on 10/9/2018 at 01:30 PM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Bever, Sabine) (Entered: 09/12/2018) |

| | | |
|---|---|---|
| 09/13/2018 | 877 (2 pgs) | Order re Joint Stipulation to Continue Hearing Date on Motion of Wells Fargo Bank, N.A. as Trustee, etc., to Convert or Dismiss Chapter 11 Case (BNC-PDF) (Related Doc # 865 ) Signed on 9/13/2018 (Bever, Sabine) (Entered: 09/13/2018) |
| 09/13/2018 | | Hearing (Bk Motion) Continued (RE: related document(s) 865 MOTION TO CONVERT CASE filed by Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17) Hearing to be held on 10/09/2018 at 02:30 PM 21041 Burbank Blvd Woodland Hills, CA 91367 for 865 , (Bever, Sabine) (Entered: 09/13/2018) |
| 09/14/2018 | 878 (14 pgs) | Supplemental *Brief in support of Motion for Relief from Stay [Docket No. 838 (the "Motion']* Filed by Creditor CIT Bank, N.A. fka OneWest Bank N.A. fka OneWest Bank, FSB. (Jones, Gregory) (Entered: 09/14/2018) |
| 09/14/2018 | 879 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)875 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 09/14/2018. (Admin.) (Entered: 09/14/2018) |
| 09/14/2018 | 880 (6 pgs) | Opposition to (related document(s): 863 Opposition filed by Debtor Allana Baroni) *Supplemental Opposition* Filed by Debtor Allana Baroni (Riley, Michael) (Entered: 09/14/2018) |
| 09/15/2018 | 881 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)877 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 09/15/2018. (Admin.) (Entered: 09/15/2018) |
| 09/17/2018 | 882 (1 pg) | Order Rescheduling Hearing Time Re: Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF) (Related Doc # 838 ) Signed on 9/17/2018 (Bever, Sabine) (Entered: 09/17/2018) |
| 09/17/2018 | | Hearing (Bk Motion) Continued (RE: related document(s) 838 MOTION FOR RELIEF FROM STAY - REAL PROPERTY filed by CIT Bank, N.A. fka OneWest Bank N.A. fka OneWest Bank, FSB) Hearing to be held on 10/09/2018 at 02:30 PM 21041 Burbank Blvd Woodland Hills, CA 91367 for 838 , (Bever, Sabine) (Entered: 09/17/2018) |
| 09/17/2018 | 883 (1 pg) | Order Rescheduling Hearing Time re: Post Confirmation Status Conference (BNC-PDF) (Related Doc # 1 ) Signed on 9/17/2018 (Bever, Sabine) (Entered: 09/17/2018) |
| 09/17/2018 | 884 | Hearing Continued re: related document(s) 1. Status hearing to be held on 10/9/2018 at 02:30 PM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Bever, Sabine) (Entered: 09/17/2018) |
| 09/19/2018 | 885 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)882 Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF)) No. of Notices: 1. Notice Date 09/19/2018. (Admin.) (Entered: 09/19/2018) |
| 09/19/2018 | 886 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)883 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 09/19/2018. (Admin.) (Entered: 09/19/2018) |
| 09/25/2018 | 887 (13 pgs) | Supplemental *Response to Reorganized Debtor's Supplemental Brief in Opposition to Motion for Relief from Stay [Dkt. 880 [Dkt. 838 the "Motion] and [Dkt. 878 OneWest Supplemental Brief]* Filed by Creditor CIT Bank, N.A. fka OneWest Bank N.A. fka OneWest Bank, FSB. (Jones, Gregory) (Entered: 09/25/2018) |
| 09/25/2018 | 888 (4 pgs) | Opposition to (related document(s): 887 Supplemental filed by Creditor CIT Bank, N.A. fka OneWest Bank N.A. fka OneWest Bank, FSB) Filed by Debtor Allana Baroni (Riley, Michael) (Entered: 09/25/2018) |
| 09/26/2018 | 889 (146 pgs; 3 docs) | Opposition to (related document(s): 865 Motion to Convert Case From Chapter 11 to 7. *or to Dismiss Case* Fee Amount $15 filed by Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17) Filed by Debtor Allana Baroni (Attachments: # 1 Exhibit Exhibits 1-3 # 2 Exhibit Exhibits 4-6) (Riley, Michael) (Entered: 09/26/2018) |
| 09/26/2018 | 890 (5 pgs) | Proof of service Filed by Debtor Allana Baroni (RE: related document(s)888 Opposition). (Riley, Michael) (Entered: 09/26/2018) |
| 09/26/2018 | 891 (2 pgs) | Proof of service Filed by Debtor Allana Baroni (RE: related document(s)889 Opposition). (Riley, Michael) (Entered: 09/26/2018) |
| 09/28/2018 | 892 | Transcript Order Form, regarding Hearing Date 08/31/18 Filed by Creditor Nationstar Mortgage, LLC. (Kornberg, Bernard) WARNING: Item subsequently amended by document no. 893. Modified on 9/28/2018 (Bever, Sabine). (Entered: 09/28/2018) |

| | | |
|---|---|---|
| 09/28/2018 | 893 | Notice to Filer of Error and/or Deficient Document **Incorrect/incomplete/unreadable PDF was attached to the docket entry. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT PDF IMMEDIATELY. The PDF is incorrect format. Attorney to re-file in a flattened format. Instructions are posted under the "Forms" section of the Court's website www.cacb.uscourts.gov.** (RE: related document(s)892 Transcript Order Form (Public Request) filed by Creditor Nationstar Mortgage, LLC) (Bever, Sabine) (Entered: 09/28/2018) |
| 10/01/2018 | 894 (1 pg) | Transcript Order Form, regarding Hearing Date 08/31/18 Filed by Respondent COUNTRYWIDE HOME LOANS, INC.. (Kornberg, Bernard) (Entered: 10/01/2018) |
| 10/01/2018 | 895 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 18-MB-047. RE Hearing Date: 08/31/18, [TRANSCRIPTION SERVICE PROVIDER: J & J Court Transcribers, Telephone number 609-586-2311.] (RE: related document(s)894 Transcript Order Form (Public Request) filed by Respondent COUNTRYWIDE HOME LOANS, INC.) (Ogier, Kathy) (Entered: 10/01/2018) |
| 10/02/2018 | 896 | Acknowledgement of Request for Transcript (RE: Appeal) Received on 10/2/2018. The Reporter Expects to Have the Transcript Completed by 10/5/2018. (RE: related document(s) 894 Transcript Order Form, regarding Hearing Date 08/31/18 Filed by Respondent COUNTRYWIDE HOME LOANS, INC..). (Bowen, James) (Entered: 10/02/2018) |
| 10/02/2018 | 897 (9 pgs) | Reply to (related document(s): 865 Motion to Convert Case From Chapter 11 to 7. *or to Dismiss Case* Fee Amount $15 filed by Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17) Filed by Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17 (Kornberg, Bernard) (Entered: 10/02/2018) |
| 10/02/2018 | 898 (4 pgs) | Notice of Change of Address *for Where Payments Should be Sent as to Claim 7-1* Filed by Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17. (Kornberg, Bernard) (Entered: 10/02/2018) |
| 10/02/2018 | 899 (16 pgs) | Status report Filed by Debtor Allana Baroni (RE: related document(s)17 Order Converting Case to 11/12/13 (BNC-PDF)). (Riley, Michael) (Entered: 10/02/2018) |
| 10/04/2018 | 900 (102 pgs) | Transcript regarding Hearing Held 08/31/18 RE: Motions Hearing and Status Conference. Remote electronic access to the transcript is restricted until 01/2/2019. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: J&J Court Transcribers, Inc., Telephone number 609-586-2311.] (RE: related document(s) 894 Transcript Order Form, regarding Hearing Date 08/31/18 Filed by Respondent COUNTRYWIDE HOME LOANS, INC..). Notice of Intent to Request Redaction Deadline Due By 10/11/2018. Redaction Request Due By 10/25/2018. Redacted Transcript Submission Due By 11/5/2018. Transcript access will be restricted through 01/2/2019. (Bowen, James) (Entered: 10/04/2018) |
| 10/11/2018 | | Hearing (Bk Motion) Continued (RE: related document(s) 865 MOTION TO CONVERT CASE filed by Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17) Hearing to be held on 10/16/2018 at 01:30 PM 21041 Burbank Blvd Woodland Hills, CA 91367 for 865 , (Ogier, Kathy) (Entered: 10/11/2018) |
| 10/11/2018 | 901 | Hearing Held 10/9/18 RULING: Motion granted (RE: related document(s)838 Motion for Relief from Stay - Real Property filed by Creditor CIT Bank, N.A. fka OneWest Bank N.A. fka OneWest Bank, FSB) (Ogier, Kathy) (Entered: 10/11/2018) |
| 10/11/2018 | 902 | Hearing Continued pursuant to ruling on 10/9/18 Post confirmation Status hearing to be held on 1/8/2019 at 01:30 PM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Ogier, Kathy) (Entered: 10/11/2018) |
| 10/11/2018 | 903 (11 pgs; 2 docs) | Notice of lodgment *of Order on Motion to Convert* Filed by Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17 (RE: related document(s)865 Motion to Convert Case From Chapter 11 to 7. *or to Dismiss Case* Fee Amount $15 Filed by Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17 (Attachments: # 1 Declaration of Edward Hyne # 2 Declaration of Adam Barasch # 3 Exhibit A - Power of Attorney # 4 Exhibit B - April 2 Letter # 5 Exhibit C - July 17 Letter) (Kornberg, Bernard) WARNING: Item subsequently amended by document no. 868. Modified on 8/22/2018.). (Attachments: # 1 Proposed Order) (Kornberg, Bernard) (Entered: 10/11/2018) |
| 10/15/2018 | 904 (8 pgs) | Order on motion of Wells Fargo Bank, N.A., as trustee, etc., to convert or dismiss chapter 11 case (BNC-PDF) (Related Doc # 865 ) Signed on 10/15/2018 (Ogier, Kathy) (Entered: 10/15/2018) |
| 10/15/2018 | 905 | Declaration re: *Motion to Convert or Dismiss Chapter 11 Case* Filed by Debtor Allana Baroni (RE: related |

| Date | # | Docket Text |
|---|---|---|
| | (3 pgs) | document(s)865 Motion to Convert Case From Chapter 11 to 7. *or to Dismiss Case* Fee Amount $15). (Riley, Michael) (Entered: 10/15/2018) |
| 10/16/2018 | 906 (4 pgs) | Notice of Change of Address *Where Payments Should Be Sent On Claim 10* Filed by Creditor The Bank of New York Mellon fka the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Structured Asset Mortgage Investments II Trust, Mortgage Pass- Through Certifica. (Yap, Robert) (Entered: 10/16/2018) |
| 10/17/2018 | | Hearing (Bk Motion) Continued (RE: related document(s) 865 MOTION TO CONVERT CASE filed by Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17) Hearing to be held on 12/11/2018 at 01:30 PM 21041 Burbank Blvd Woodland Hills, CA 91367 for 865 , (Ogier, Kathy) (Entered: 10/17/2018) |
| 10/17/2018 | 907 (11 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)904 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 10/17/2018. (Admin.) (Entered: 10/17/2018) |
| 10/25/2018 | 908 (11 pgs) | Order Granting Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF) (Related Doc # 838 ) Signed on 10/25/2018 (Bever, Sabine) (Entered: 10/25/2018) |
| 10/27/2018 | 909 (14 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)908 Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF)) No. of Notices: 1. Notice Date 10/27/2018. (Admin.) (Entered: 10/27/2018) |
| 10/29/2018 | 910 (1 pg) | Transcript Order Form related to an Appeal, regarding Hearing Date 10/09/2018 Filed by Debtor Allana Baroni. (Riley, Michael) (Entered: 10/29/2018) |
| 10/29/2018 | 911 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 18-MB-54. RE Hearing Date: 10/09/18, [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt, Telephone number 888-272-0022.] (RE: related document(s)910 Transcript Order Form (Public Request) filed by Debtor Allana Baroni) (Bever, Sabine) (Entered: 10/29/2018) |
| 11/06/2018 | 912 | Acknowledgement of Request for Transcript (RE: Appeal) Received on 10/29/2018. The Reporter Expects to Have the Transcript Completed by 11/6/2018. (RE: related document(s) 910 Transcript Order Form related to an Appeal, regarding Hearing Date 10/09/2018 Filed by Debtor Allana Baroni.). (Hyatt, Mitchell) (Entered: 11/06/2018) |
| 11/06/2018 | 913 (13 pgs) | Transcript regarding Hearing Held 10/09/18 RE: In Re: Allana Baroni. Remote electronic access to the transcript is restricted until 02/4/2019. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Corporation, Telephone number 8882720022.]. Notice of Intent to Request Redaction Deadline Due By 11/13/2018. Redaction Request Due By 11/27/2018. Redacted Transcript Submission Due By 12/7/2018. Transcript access will be restricted through 02/4/2019. (Hyatt, Mitchell) (Entered: 11/06/2018) |
| 11/08/2018 | 914 (19 pgs) | Notice of Appeal and Statement of Election to Bankruptcy Appellate Panel.(Official Form 417A) . Fee Amount $298 Filed by Debtor Allana Baroni (RE: related document(s)908 Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF)). Appellant Designation due by 11/23/2018. (Riley, Michael) NOTE: BAP CC-18-1299 Modified on 11/15/2019 (Remy, Johanne). (Entered: 11/08/2018) |
| 11/08/2018 | | Receipt of Notice of Appeal and Statement of Election (Official Form 417A)(1:12-bk-10986-MB) [appeal,ntcaplel] ( 298.00) Filing Fee. Receipt number 48018663. Fee amount 298.00. (re: Doc# 914) (U.S. Treasury) (Entered: 11/08/2018) |
| 11/08/2018 | 915 (13 pgs; 4 docs) | Notice of referral of appeal to BAP with certificate of mailing (RE: related document(s)914 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Allana Baroni) (Attachments: # 1 BAP Amended Order # 2 Notice of Transcript(s) # 3 Transcript Order Form) (Espino, Cecilia) (Entered: 11/08/2018) |
| 11/13/2018 | 916 (24 pgs) | Statement *Of Election Under 28 U.S.C. § 158 And Federal Rule Of Bankruptcy Procedure 8005 To Have Appeal Filed On November 8, 2018 By Debtor Heard By United States District Court Instead Of Being Referred To Bankruptcy Appellate Panel* Filed by Creditor CIT Bank, N.A. fka OneWest Bank N.A. fka OneWest Bank, FSB. (Jones, Gregory) (Entered: 11/13/2018) |
| 11/14/2018 | 917 (17 pgs) | Opening Letter RE: Appeal from BAP CC-18-1299 (filed at the BAP on 11/14/18) (RE: related document(s)914 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Allana Baroni) (Remy, Johanne) (Entered: 11/14/2018) |
| 12/07/2018 | 918 (5 pgs; 2 docs) | Declaration re: *Failure of Debtor to Tender Payment* Filed by Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17 |

| Date | # | Docket Text |
|---|---|---|
| | | (RE: related document(s)865 Motion to Convert Case From Chapter 11 to 7. *or to Dismiss Case* Fee Amount $15). (Attachments: # 1 Proof of Service) (Kornberg, Bernard) (Entered: 12/07/2018) |
| 12/12/2018 | | Hearing (Bk Motion) Continued (RE: related document(s) 865 MOTION TO CONVERT CASE filed by Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17) Hearing to be held on 01/15/2019 at 01:30 PM 21041 Burbank Blvd Woodland Hills, CA 91367 for 865 , (Cetulio, Julie) (Entered: 12/12/2018) |
| 12/14/2018 | 921 (1 pg) | Appeal transferred notice from BAP to USDC CC-18-1299 (RE: related document(s)914 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Allana Baroni) (Espino, Cecilia) (Entered: 12/27/2018) |
| 12/19/2018 | 919 (2 pgs) | Notice RE: Appeal from Bankruptcy Court (USDC) (RE: related document(s)914 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Allana Baroni) (Espino, Cecilia) NOTE: USDC Case 2:18-cv-10431. Modified on 11/15/2019 (Remy, Johanne). (Entered: 12/19/2018) |
| 12/20/2018 | 920 (2 pgs) | Request for special notice Filed by Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17. (Covey, Theron) (Entered: 12/20/2018) |
| 12/27/2018 | 922 (1 pg) | Appeal deficiency letter to USDC Statement of Issues, Designation of Record, Notice of Transcript (RE: related document(s)914 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Allana Baroni) (Espino, Cecilia) (Entered: 12/27/2018) |
| 12/28/2018 | 923 (1 pg) | Order rescheduling post confirmation status conference to January 15, 2019 at 1:30 p.m. (BNC-PDF) (Related Doc # doc ) Signed on 12/28/2018 (Ogier, Kathy) (Entered: 12/28/2018) |
| 12/30/2018 | 924 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)923 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 12/30/2018. (Admin.) (Entered: 12/30/2018) |
| 01/09/2019 | 925 (5 pgs) | Opposition to (related document(s): 918 Declaration filed by Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17) Filed by Debtor Allana Baroni (Riley, Michael)WARNING: Item subsequently amended by docket entry #931 Modified on 1/14/2019 (Cetulio, Julie). (Entered: 01/09/2019) |
| 01/10/2019 | 926 (2 pgs) | Proof of service Filed by Debtor Allana Baroni (RE: related document(s)925 Opposition). (Riley, Michael) (Entered: 01/10/2019) |
| 01/11/2019 | 927 (4 pgs) | Ex parte application *Request For Continuance of Post Confirmation Status Conference* Filed by Debtor Allana Baroni (Riley, Michael) WARNING: Item subsequently amended by docket entry #931 Modified on 1/14/2019 (Cetulio, Julie). (Entered: 01/11/2019) |
| 01/13/2019 | 928 (2 pgs) | Proof of service *Request for Continuance* Filed by Debtor Allana Baroni (RE: related document(s)927 Ex parte application *Request For Continuance of Post Confirmation Status Conference*). (Riley, Michael) (Entered: 01/13/2019) |
| 01/14/2019 | 929 (2 pgs) | Order Setting for Hearing Debtor's Application to Continue Post-Confirmation Status Conference (BNC-PDF) (Related Doc # 927 ) Signed on 1/14/2019 (Cetulio, Julie) (Entered: 01/14/2019) |
| 01/14/2019 | 930 | Hearing Set [relates to doc.#927] - Debtor's Application to Continue Post-Confirmation Status Conference -- The Hearing date is set for 1/15/2019 at 01:30 PM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Cetulio, Julie) (Entered: 01/14/2019) |
| 01/14/2019 | 931 | Notice to Filer of Error and/or Deficient Document **Documents filed without holographic signature of declarant Allana Baroni THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE PROPER SIGNATURES.** (RE: related document(s)925 Opposition filed by Debtor Allana Baroni, 927 Ex parte application filed by Debtor Allana Baroni) (Cetulio, Julie) (Entered: 01/14/2019) |
| 01/14/2019 | 932 (6 pgs; 2 docs) | Response to (related document(s): 873 Stipulation By Allana Baroni and *Wells Fargo Bank N.A. et al* filed by Debtor Allana Baroni) Filed by Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17 (Attachments: # 1 Proof of Service) (Kornberg, Bernard) (Entered: 01/14/2019) |
| 01/15/2019 | 933 (3 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal *and Statement of Issues on Appeal* Filed by Debtor Allana Baroni (RE: related document(s)914 Notice of Appeal and Statement of Election (Official Form 417A)). Appellee designation due by 01/29/2019. Transmission of Designation Due by 02/14/2019. (Riley, Michael) (Entered: 01/15/2019) |
| 01/16/2019 | 934 (6 pgs) | Proof of service Filed by Debtor Allana Baroni (RE: related document(s)933 Appellant Designation). (Riley, Michael) (Entered: 01/16/2019) |

| | | |
|---|---|---|
| 01/16/2019 | 935 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)929 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 01/16/2019. (Admin.) (Entered: 01/16/2019) |
| 01/18/2019 | 936 | Hearing Continued (RE: related document(s)927 Ex parte application filed by Debtor Allana Baroni) The Hearing date is set for 3/5/2019 at 01:30 PM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Ogier, Kathy) (Entered: 01/18/2019) |
| 01/18/2019 | | Hearing (Bk Motion) Continued (RE: related document(s) 865 MOTION TO CONVERT CASE filed by Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17) Hearing to be held on 03/05/2019 at 01:30 PM 21041 Burbank Blvd Woodland Hills, CA 91367 for 865 , (Ogier, Kathy) (Entered: 01/18/2019) |
| 01/18/2019 | 937 | Hearing Continued re post confirmation Status conference hearing to be held on 3/5/2019 at 01:30 PM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Ogier, Kathy) (Entered: 01/18/2019) |
| 01/30/2019 | 938 (8 pgs) | Notice of transcripts Filed by Debtor Allana Baroni (RE: related document(s)914 Notice of Appeal and Statement of Election (Official Form 417A)). (Riley, Michael) (Entered: 01/30/2019) |
| 02/14/2019 | 939 (2 pgs) | Certificate of readiness of record on appeal to District Court. Case Number: 2:18-cv-10431 (RE: related document(s)914 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Allana Baroni) (Espino, Cecilia) (Entered: 02/14/2019) |
| 02/19/2019 | 940 (1 pg) | Notice RE: BK Record Complete, Briefing Schedule and Notice of Entry - Re: Appeal case number 2:18-cv-10431 (RE: related document(s)914 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Allana Baroni) (Espino, Cecilia) (Entered: 02/19/2019) |
| 02/19/2019 | 941 (15 pgs) | Status report Filed by Debtor Allana Baroni (RE: related document(s)423 Order (Generic) (BNC-PDF)). (Riley, Michael) (Entered: 02/19/2019) |
| 02/20/2019 | 942 (8 pgs) | Declaration re: Filed by Debtor Allana Baroni (RE: related document(s)865 Motion to Convert Case From Chapter 11 to 7. *or to Dismiss Case* Fee Amount $15). (Riley, Michael) (Entered: 02/20/2019) |
| 02/20/2019 | 943 | Notice to Filer of Error and/or Deficient Document **Document filed without electronic /s/ or holographic signature. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE PROPER SIGNATURES - Debtor's signature can must be holographic.** (RE: related document(s)942 Declaration filed by Debtor Allana Baroni) (Ogier, Kathy) (Entered: 02/20/2019) |
| 02/22/2019 | 944 (8 pgs) | Declaration re: Filed by Debtor Allana Baroni (RE: related document(s)865 Motion to Convert Case From Chapter 11 to 7. *or to Dismiss Case* Fee Amount $15). (Riley, Michael) (Entered: 02/22/2019) |
| 02/26/2019 | 945 (4 pgs) | Brief *in Response to February 20 Declaration of Allana Baroni* Filed by Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17 (RE: related document(s)944 Declaration). (Kornberg, Bernard) (Entered: 02/26/2019) |
| 03/06/2019 | 946 | Hearing Held 3/5/19 - RULING: motion denied as moot (RE: related document(s)865 Motion to Convert Case filed by Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17) (Cetulio, Julie) (Entered: 03/06/2019) |
| 03/06/2019 | 947 | Hearing Held 3/5/19 - RULING: motion denied as moot (RE: related document(s)927 Ex parte application filed by Debtor Allana Baroni) (Cetulio, Julie) (Entered: 03/06/2019) |
| 03/06/2019 | 948 | Hearing Continued - Post-confirmation status conference [relates to doc#1] Status hearing to be held on 9/10/2019 at 01:30 PM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Cetulio, Julie) (Entered: 03/06/2019) |
| 03/11/2019 | 949 (12 pgs; 3 docs) | Motion to Convert Case From Chapter 11 to 7. *or to Dismiss Case* Fee Amount $15 Filed by Creditor The Bank of New York Mellon fka the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Structured Asset Mortgage Investments II Trust, Mortgage Pass- Through Certifica (Attachments: # 1 Declaration of Edward Hyne # 2 Declaration of Justin Balser) (Balser, Justin) (Entered: 03/11/2019) |
| 03/11/2019 | 950 (4 pgs) | Notice of Hearing *on Motion to Convert or Dismiss* Filed by Creditor The Bank of New York Mellon fka the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Structured Asset Mortgage Investments II Trust, Mortgage Pass- Through Certifica (RE: related document(s)949 Motion to Convert Case From Chapter 11 to 7. *or to Dismiss Case* Fee Amount $15 Filed by Creditor The Bank of New York Mellon fka the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Structured Asset Mortgage Investments II Trust, Mortgage Pass- Through Certifica |

| | | |
|---|---|---|
| | | (Attachments: # 1 Declaration of Edward Hyne # 2 Declaration of Justin Balser)). (Balser, Justin) (Entered: 03/11/2019) |
| 03/11/2019 | 951 | Hearing Set (RE: related document(s)949 Motion to Convert Case filed by Creditor The Bank of New York Mellon fka the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Structured Asset Mortgage Investments II Trust, Mortgage Pass- Through Certifica) The Hearing date is set for 4/9/2019 at 01:30 PM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Bever, Sabine) (Entered: 03/11/2019) |
| 03/12/2019 | 952 (6 pgs) | Notice of lodgment Filed by Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17 (RE: related document(s)865 Motion to Convert Case From Chapter 11 to 7. *or to Dismiss Case* Fee Amount $15 Filed by Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17 (Attachments: # 1 Declaration of Edward Hyne # 2 Declaration of Adam Barasch # 3 Exhibit A - Power of Attorney # 4 Exhibit B - April 2 Letter # 5 Exhibit C - July 17 Letter) (Kornberg, Bernard) WARNING: Item subsequently amended by document no. 868. Modified on 8/22/2018.). (Barasch, Adam) (Entered: 03/12/2019) |
| 03/14/2019 | | Receipt of Motion to Convert Case(1:12-bk-10986-MB) [motion,mconv] ( 15.00) Filing Fee. Receipt number 48683963. Fee amount 15.00. (re: Doc# 949) (U.S. Treasury) (Entered: 03/14/2019) |
| 03/26/2019 | 953 (77 pgs) | Opposition to (related document(s): 949 Motion to Convert Case From Chapter 11 to 7. *or to Dismiss Case* Fee Amount $15 filed by Creditor The Bank of New York Mellon fka the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Structured Asset Mortgage Investments II Trust, Mortgage Pass- Through Certifica) Filed by Debtor Allana Baroni (Riley, Michael) (Entered: 03/26/2019) |
| 03/26/2019 | 954 (7 pgs) | Objection (related document(s): 949 Motion to Convert Case From Chapter 11 to 7. *or to Dismiss Case* Fee Amount $15 filed by Creditor The Bank of New York Mellon fka the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Structured Asset Mortgage Investments II Trust, Mortgage Pass- Through Certifica) *Evidentiary Objection to the Declaration of Edward Hyne* Filed by Debtor Allana Baroni (Riley, Michael) (Entered: 03/26/2019) |
| 03/26/2019 | 955 (7 pgs) | Objection (related document(s): 949 Motion to Convert Case From Chapter 11 to 7. *or to Dismiss Case* Fee Amount $15 filed by Creditor The Bank of New York Mellon fka the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Structured Asset Mortgage Investments II Trust, Mortgage Pass- Through Certifica) *Evidentiary Objections to the Declaration of Justin Balser* Filed by Debtor Allana Baroni (Riley, Michael) (Entered: 03/26/2019) |
| 03/28/2019 | 956 (2 pgs) | Notice of Change of Address *of Law Firm* Filed by Creditor The Bank of New York Mellon fka the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Structured Asset Mortgage Investments II Trust, Mortgage Pass- Through Certifica. (Yap, Robert) (Entered: 03/28/2019) |
| 04/02/2019 | 957 (5 pgs) | Reply to (related document(s): 949 Motion to Convert Case From Chapter 11 to 7. *or to Dismiss Case* Fee Amount $15 filed by Creditor The Bank of New York Mellon fka the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Structured Asset Mortgage Investments II Trust, Mortgage Pass- Through Certifica) Filed by Creditor The Bank of New York Mellon fka the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Structured Asset Mortgage Investments II Trust, Mortgage Pass- Through Certifica (Balser, Justin) (Entered: 04/02/2019) |
| 04/05/2019 | 958 (2 pgs) | Order on Motion of Wells Fargo Bank, N.A. as Trustee, Etc., to Convert or Dismiss Chapter 11 Case (BNC-PDF) (Related Doc # 865 ) Signed on 4/5/2019 (Bever, Sabine) (Entered: 04/05/2019) |
| 04/07/2019 | 959 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)958 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 04/07/2019. (Admin.) (Entered: 04/07/2019) |
| 04/09/2019 | 960 (17 pgs) | Adversary case 1:19-ap-01037. Complaint by Allana Baroni against Specialized Loan Servicing, LLC, NATIONSTAR MORTGAGE, LLC, Wells Fargo Bank, N.A., WELLS FARGO BANK N.A., BANK OF NEW YORK MELLON. (Charge To Estate). Nature of Suit: (21 (Validity, priority or extent of lien or other interest in property)),(91 (Declaratory judgment)) (Riley, Michael) (Entered: 04/09/2019) |
| 04/11/2019 | 961 | Hearing Held 4/9/19 - Ruling: Motion Granted (RE: related document(s)949 Motion to Convert Case filed by Creditor The Bank of New York Mellon fka the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Structured Asset Mortgage Investments II Trust, Mortgage Pass- Through Certifica) (Gasparian, Ana) (Entered: 04/11/2019) |
| 04/12/2019 | 962 | Transcript Order Form, regarding Hearing Date 04/09/19 Filed by Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17. (Kornberg, Bernard) (Entered: 04/12/2019) |
| 04/12/2019 | 963 (1 pg) | Transcript Order Form, regarding Hearing Date 04/09/19 Filed by Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series |

2005-17. (Kornberg, Bernard) (Entered: 04/12/2019)

| Date | # | Docket Text |
|---|---|---|
| 04/12/2019 | 964 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 19-MB-17. RE Hearing Date: 04/09/19, [TRANSCRIPTION SERVICE PROVIDER: J & J Court Transcribers, Telephone number 609-586-2311.] (RE: related document(s)963 Transcript Order Form (Public Request) filed by Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17) (Bever, Sabine) (Entered: 04/12/2019) |
| 04/16/2019 | 965 (5 pgs; 2 docs) | Notice of lodgment *of Order in Bankruptcy Case re Motion to Convert or Dismiss Chapter 11 Case* Filed by Creditor The Bank of New York Mellon fka the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Structured Asset Mortgage Investments II Trust, Mortgage Pass-Through Certifica (RE: related document(s)949 Motion to Convert Case From Chapter 11 to 7*. or to Dismiss Case* Fee Amount $15 Filed by Creditor The Bank of New York Mellon fka the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Structured Asset Mortgage Investments II Trust, Mortgage Pass- Through Certifica (Attachments: # 1 Declaration of Edward Hyne # 2 Declaration of Justin Balser)). (Attachments: # 1 Proposed Order) (Balser, Justin) (Entered: 04/16/2019) |
| 04/22/2019 | 966 (32 pgs) | Transcript regarding Hearing Held 04/09/19 RE: Motion to Dismiss. Remote electronic access to the transcript is restricted until 07/22/2019. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: J&J Court Transcribers, Inc., Telephone number 609-586-2311.] (RE: related document(s) 963 Transcript Order Form, regarding Hearing Date 04/09/19 Filed by Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17.). Notice of Intent to Request Redaction Deadline Due By 4/29/2019. Redaction Request Due By 05/13/2019. Redacted Transcript Submission Due By 05/23/2019. Transcript access will be restricted through 07/22/2019. (Bowen, James) (Entered: 04/22/2019) |
| 04/29/2019 | 967 (2 pgs) | Order Converting Case to Chapter 7 (BNC-PDF). Trustee (BNC-PDF) Signed on 4/29/2019. (Cetulio, Julie) (Entered: 04/29/2019) |
| 04/30/2019 | 968 (2 pgs) | Notice of appointment and acceptance of trustee Filed by Trustee David Seror. (Seror (TR), David) (Entered: 04/30/2019) |
| 04/30/2019 | 969 (3 pgs) | Meeting of Creditors 341(a) meeting to be held on 5/31/2019 at 10:30 AM at RM 100, 21041 Burbank Blvd., Woodland Hills, CA 91367-6003. Cert. of Financial Management due by 7/30/2019. Last day to oppose discharge or dischargeability is 7/30/2019. (Espino, Cecilia) (Entered: 04/30/2019) |
| 05/01/2019 | 970 (7 pgs; 2 docs) | Notice *of Entry of Order Granting Motion to Convert or Dismiss Chapter 11 Case* Filed by Creditor The Bank of New York Mellon fka the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Structured Asset Mortgage Investments II Trust, Mortgage Pass- Through Certifica (RE: related document(s)967 Order Converting Case to Chapter 7 (BNC-PDF). Trustee (BNC-PDF) Signed on 4/29/2019.). (Attachments: # 1 Exhibit A) (Balser, Justin) (Entered: 05/01/2019) |
| 05/01/2019 | 971 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)967 Order Converting Case to Chapter 7 (BNC-PDF)) No. of Notices: 1. Notice Date 05/01/2019. (Admin.) (Entered: 05/01/2019) |
| 05/02/2019 | 972 (7 pgs) | BNC Certificate of Notice (RE: related document(s)969 Meeting of Creditors Chapter 7 No Asset) No. of Notices: 46. Notice Date 05/02/2019. (Admin.) (Entered: 05/02/2019) |
| 05/13/2019 | 973 (5 pgs) | Notice *of Association of Counsel, with Proof of Service* Filed by Debtor Allana Baroni. (Resnik, Matthew) (Entered: 05/13/2019) |
| 05/13/2019 | 974 (63 pgs) | Motion to Reconsider *Notice of Motion and Motion for Reconsideration Pursuant to FRCP 60(b) and Motion for New Trial Pursuant to FRCP 59(a) of Court's Order Converting Case to Chapter 7; Declarations of Allana Baroni and Matthew D. Resnik in Support Thereof, with Proof of Service* Filed by Debtor Allana Baroni (Resnik, Matthew) (Entered: 05/13/2019) |
| 05/14/2019 | 975 | Hearing Set (RE: related document(s)974 Motion to Reconsider filed by Debtor Allana Baroni) The Hearing date is set for 6/11/2019 at 01:30 PM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Bever, Sabine) (Entered: 05/14/2019) |
| 05/21/2019 | 976 (1 pg) | Withdrawal of Claim(s): 11 *-1* Filed by Creditor Los Angeles County Treasurer & Tax Collector. (Estrada, Oscar) (Entered: 05/21/2019) |
| 05/28/2019 | 977 (10 pgs) | Opposition to (related document(s): 974 Motion to Reconsider *Notice of Motion and Motion for Reconsideration Pursuant to FRCP 60(b) and Motion for New Trial Pursuant to FRCP 59(a) of Court's Order Converting Case to Chapter 7; Declarations of Allana Baroni and Matthew D. Resnik in Su filed by Debtor Allana Baroni) Filed by Creditor The Bank of New York Mellon fka the Bank of New York Successor* |

| | | |
|---|---|---|
| | | *Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Structured Asset Mortgage Investments II Trust, Mortgage Pass- Through Certifica (Balser, Justin) (Entered: 05/28/2019)* |
| 05/28/2019 | 978 (16 pgs; 2 docs) | Opposition to (related document(s): 974 Motion to Reconsider *Notice of Motion and Motion for Reconsideration Pursuant to FRCP 60(b) and Motion for New Trial Pursuant to FRCP 59(a) of Court's Order Converting Case to Chapter 7; Declarations of Allana Baroni and Matthew D. Resnik in Su filed by Debtor Allana Baroni) and Joinder with Opposition of BONY Filed by Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17 (Attachments: # 1 Declaration of Bernard J. Kornberg) (Kornberg, Bernard) (Entered: 05/28/2019)* |
| 05/28/2019 | 979 (11 pgs; 2 docs) | Opposition to (related document(s): 974 Motion to Reconsider *Notice of Motion and Motion for Reconsideration Pursuant to FRCP 60(b) and Motion for New Trial Pursuant to FRCP 59(a) of Court's Order Converting Case to Chapter 7; Declarations of Allana Baroni and Matthew D. Resnik in Su filed by Debtor Allana Baroni) and Joinder with BONY Filed by Creditor Nationstar Mortgage, LLC (Attachments: # 1 Declaration of Alan Blunt) (Kornberg, Bernard) (Entered: 05/28/2019)* |
| 05/31/2019 | 980 (1 pg) | Transcript Order Form, regarding Hearing Date 03/05/2019 Filed by Debtor Allana Baroni. (Riley, Michael) (Entered: 05/31/2019) |
| 05/31/2019 | 981 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 19-MB-20. RE Hearing Date: 03/05/19, [TRANSCRIPTION SERVICE PROVIDER: J & J Court Transcribers, Telephone number 609-586-2311.] (RE: related document(s)980 Transcript Order Form (Public Request) filed by Debtor Allana Baroni) (Bever, Sabine) (Entered: 05/31/2019) |
| 05/31/2019 | 982 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 6/14/2019 at 10:30 AM at 21041 Burbank Blvd, Woodland Hills, CA 91367-6603. Debtor appeared. (Seror (TR), David) (Entered: 05/31/2019) |
| 06/03/2019 | 983 (14 pgs) | Transcript regarding Hearing Held 03/05/19 RE: Motion to convert or dismiss. Remote electronic access to the transcript is restricted until 09/3/2019. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: J&J Court Transcribers, Inc., Telephone number 609-586-2311.] (RE: related document(s) 980 Transcript Order Form, regarding Hearing Date 03/05/2019 Filed by Debtor Allana Baroni.). Notice of Intent to Request Redaction Deadline Due By 6/10/2019. Redaction Request Due By 06/24/2019. Redacted Transcript Submission Due By 07/5/2019. Transcript access will be restricted through 09/3/2019. (Bowen, James) (Entered: 06/03/2019) |
| 06/04/2019 | 984 (38 pgs) | Reply to (related document(s): 977 Opposition filed by Creditor The Bank of New York Mellon fka the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Structured Asset Mortgage Investments II Trust, Mortgage Pass- Through Certifica, 978 Opposition filed by Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17, 979 Opposition filed by Creditor Nationstar Mortgage, LLC) *; Declaration of Allana Baroni in Support Thereof, with Proof of Service* Filed by Debtor Allana Baroni (Hayes, M.) (Entered: 06/04/2019) |
| 06/13/2019 | | Hearing (Bk Motion) Continued (RE: related document(s) 974 MOTION TO RECONSIDER filed by Allana Baroni) Hearing to be held on 07/17/2019 at 01:30 PM 21041 Burbank Blvd Woodland Hills, CA 91367 for 974 , (Gasparian, Ana) (Entered: 06/13/2019) |
| 06/13/2019 | 985 (22 pgs) | Final report of post-petition debts and account (rule 1019) - additional debts listed *, with Proof of Service* Filed by Debtor Allana Baroni. (Resnik, Matthew) (Entered: 06/13/2019) |
| 06/14/2019 | 986 (1 pg) | Civil Minutes RE: Appeal (USDC)CV-18-10431 OSC re: Dismissal (RE: related document(s)914 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Allana Baroni) (Espino, Cecilia) (Entered: 06/14/2019) |
| 06/17/2019 | 987 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 7/22/2019 at 10:30 AM at 21041 Burbank Blvd, Woodland Hills, CA 91367-6603. Debtor appeared. (Seror (TR), David) (Entered: 06/17/2019) |
| 06/21/2019 | 988 (34 pgs) | Final report of post-petition debts and account (rule 1019) - additional debts listed *(AMENDED), with Proof of Service* Filed by Debtor Allana Baroni. (Resnik, Matthew) (Entered: 06/21/2019) |
| 06/25/2019 | 989 (47 pgs) | Motion to Dismiss Debtor *Notice of Motion and Motion by Debtor to Dismiss Chapter 7 Case; Memorandum of Points and Authorities; Declarations of Allana Baroni and M. Jonathan Hayes in Support Thereof, with Proof of Service* Filed by Debtor Allana Baroni (Hayes, M.) (Entered: 06/25/2019) |
| 06/25/2019 | 990 | Hearing Set (RE: related document(s)989 Dismiss Debtor filed by Debtor Allana Baroni) The Hearing date is set for 7/17/2019 at 11:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Bever, Sabine) (Entered: 06/26/2019) |

| | | |
|---|---|---|
| 06/26/2019 | 991 (24 pgs) | Motion for Turnover of Property *Notice of Motion and Motion for (1) Turnover of Property of the Estate, and (2) Order Compelling Debtor to Comply with Bankruptcy Rule 1019 and Local Bankruptcy Rules 2015-2(c) and 3020-1(d) (with Proof of Service)* Filed by Trustee David Seror (TR) (Seflin, Susan) (Entered: 06/26/2019) |
| 06/26/2019 | 992 | Hearing Set (RE: related document(s)991 Motion for Turnover of Property filed by Trustee David Seror (TR)) The Hearing date is set for 7/17/2019 at 11:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Bever, Sabine) (Entered: 06/27/2019) |
| 06/27/2019 | 993 (1 pg) | Transcript Order Form, regarding Hearing Date 06/11/19 Filed by Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17. (Kornberg, Bernard) (Entered: 06/27/2019) |
| 06/27/2019 | 994 (16 pgs; 3 docs) | Motion to Continue Hearing On (related documents 989 Dismiss Debtor) *Motion to Dismiss Debtor to August 17 or 21 Hearing Date* Filed by Creditors Nationstar Mortgage, LLC, Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17 (Attachments: # 1 Declaration of Bernard J. Kornberg # 2 Exhibit A - Email Correspondance) (Kornberg, Bernard) (Entered: 06/27/2019) |
| 06/27/2019 | 995 (5 pgs; 2 docs) | Notice of lodgment Filed by Creditors Nationstar Mortgage, LLC, Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17 (RE: related document(s)994 Motion to Continue Hearing On (related documents 989 Dismiss Debtor) *Motion to Dismiss Debtor to August 17 or 21 Hearing Date* Filed by Creditors Nationstar Mortgage, LLC, Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17 (Attachments: # 1 Declaration of Bernard J. Kornberg # 2 Exhibit A - Email Correspondance)). (Attachments: # 1 Proposed Order) (Kornberg, Bernard) (Entered: 06/27/2019) |
| 06/27/2019 | | Hearing (Bk Motion) Continued (RE: related document(s) 989 DISMISS DEBTOR filed by Allana Baroni) Hearing to be held on 07/17/2019 at 02:30 PM 21041 Burbank Blvd Woodland Hills, CA 91367 for 989 , (Gasparian, Ana) (Entered: 06/27/2019) |
| 06/27/2019 | | Hearing (Bk Motion) Continued (RE: related document(s) 991 MOTION FOR TURNOVER OF PROPERTY filed by David Seror (TR)) Hearing to be held on 07/17/2019 at 02:30 PM 21041 Burbank Blvd Woodland Hills, CA 91367 for 991 , (Gasparian, Ana) (Entered: 06/27/2019) |
| 06/28/2019 | 996 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 19-MB-28. RE Hearing Date: 06/11/19, [TRANSCRIPTION SERVICE PROVIDER: J&J Court Transcribers, Telephone number 609-586-2311.] (RE: related document(s)993 Transcript Order Form (Public Request) filed by Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17) (Cetulio, Julie) (Entered: 06/28/2019) |
| 06/28/2019 | 997 (6 pgs) | Response to (related document(s): 994 Motion to Continue Hearing On (related documents 989 Dismiss Debtor) *Motion to Dismiss Debtor to August 17 or 21 Hearing Date* filed by Creditor Nationstar Mortgage, LLC, Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17) Filed by Debtor Allana Baroni (Hayes, M.) (Entered: 06/28/2019) |
| 06/28/2019 | 998 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Gubner, Steven. (Gubner, Steven) (Entered: 06/28/2019) |
| 06/28/2019 | | Hearing (Bk Motion) Continued (RE: related document(s) 974 MOTION TO RECONSIDER filed by Allana Baroni) Hearing to be held on 07/17/2019 at 02:30 PM 21041 Burbank Blvd Woodland Hills, CA 91367 for 974 , (Gasparian, Ana) (Entered: 06/28/2019) |
| 06/28/2019 | 999 (4 pgs) | Notice of rescheduled hearing re: Debtor's motion for reconsideration pursuant to FRCP 60(b) and motion for new trial pursuant to FRCP 59(a)of court's order converting case to chapter 7 doc 974 (Gasparian, Ana) (Entered: 06/28/2019) |
| 06/28/2019 | 1000 (4 pgs) | Notice of rescheduled hearing re: Debtor's Motion to Dismiss Chapter 7 Case related doc 989 (Gasparian, Ana) (Entered: 06/28/2019) |
| 06/28/2019 | 1001 (4 pgs) | Notice of rescheduled hearing re: Trustee's motion for (1) turnover of property of the estate, and (2) order compelling debtor to comply with bankruptcy rule 1019 and local bankruptcy rules 2015-2(c) and 3020-1(d) related doc 991 (Gasparian, Ana) (Entered: 06/28/2019) |
| 07/03/2019 | 1002 (9 pgs) | Opposition to (related document(s): 989 Motion to Dismiss Debtor *Notice of Motion and Motion by Debtor to Dismiss Chapter 7 Case; Memorandum of Points and Authorities; Declarations of Allana Baroni and M. Jonathan Hayes in Support Thereof, with Proof of Service* filed by Debtor Allana Baroni) Filed by Creditors Nationstar Mortgage, LLC, Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate |

| Date | # | Docket Text |
|---|---|---|
| | | Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17 (Kornberg, Bernard) (Entered: 07/03/2019) |
| 07/03/2019 | 1003 (26 pgs) | Opposition to (related document(s): 989 Motion to Dismiss Debtor *Notice of Motion and Motion by Debtor to Dismiss Chapter 7 Case; Memorandum of Points and Authorities; Declarations of Allana Baroni and M. Jonathan Hayes in Support Thereof, with Proof of Service* filed by Debtor Allana Baroni) *Chapter 7 Trustee's Opposition to Debtor's Motion to Dismiss; Declaration of David Seror in Support Thereof (with Proof of Service)* Filed by Trustee David Seror (TR) (Seflin, Susan) (Entered: 07/03/2019) |
| 07/03/2019 | 1004 (127 pgs) | Opposition to (related document(s): 991 Motion for Turnover of Property *Notice of Motion and Motion for (1) Turnover of Property of the Estate, and (2) Order Compelling Debtor to Comply with Bankruptcy Rule 1019 and Local Bankruptcy Rules 2015-2(c) and 3020-1(d) (with Proof of Service)* filed by Trustee David Seror (TR)) *; Declarations of Allana Baroni and M. Jonathan Hayes in Support Thereof, with Proof of Service* Filed by Debtor Allana Baroni (Hayes, M.) (Entered: 07/03/2019) |
| 07/05/2019 | 1005 (4 pgs) | Opposition to (related document(s): 989 Motion to Dismiss Debtor *Notice of Motion and Motion by Debtor to Dismiss Chapter 7 Case; Memorandum of Points and Authorities; Declarations of Allana Baroni and M. Jonathan Hayes in Support Thereof, with Proof of Service* filed by Debtor Allana Baroni) Filed by Creditor The Bank of New York Mellon fka the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Structured Asset Mortgage Investments II Trust, Mortgage Pass- Through Certifica (Balser, Justin) (Entered: 07/05/2019) |
| 07/08/2019 | 1006 (4 pgs) | Withdrawal re: *Motion to Continue Hearing on Motion to Dismiss* Filed by Creditors Nationstar Mortgage, LLC, Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17 (RE: related document(s)994 Motion to Continue Hearing On (related documents 989 Dismiss Debtor) *Motion to Dismiss Debtor to August 17 or 21 Hearing Date*). (Kornberg, Bernard) WARNING: Item subsequently amended by document no. 1007. Modified on 7/8/2019 (Bever, Sabine). (Entered: 07/08/2019) |
| 07/08/2019 | 1007 | Notice to Filer of Error and/or Deficient Document **Incorrect docket event was used to file this document. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT DOCKET EVENT. (Correct event: Voluntary dismissal of motion)** (RE: related document(s)1006 Withdrawal re: filed by Creditor Nationstar Mortgage, LLC, Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17) (Bever, Sabine) (Entered: 07/08/2019) |
| 07/09/2019 | 1008 (4 pgs) | Voluntary Dismissal of Motion Filed by Creditors Nationstar Mortgage, LLC, Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17 (RE: related document(s)994 Motion to Continue Hearing On (related documents 989 Dismiss Debtor) *Motion to Dismiss Debtor to August 17 or 21 Hearing Date*). (Kornberg, Bernard) (Entered: 07/09/2019) |
| 07/10/2019 | 1009 (12 pgs) | Reply to (related document(s): 1002 Opposition filed by Creditor Nationstar Mortgage, LLC, Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17, 1003 Opposition filed by Trustee David Seror (TR)) *, with Proof of Service* Filed by Debtor Allana Baroni (Hayes, M.) (Entered: 07/10/2019) |
| 07/10/2019 | 1010 (38 pgs) | Reply to (related document(s): 1004 Opposition filed by Debtor Allana Baroni) *Chapter 7 Trustee's Reply to Debtor's Opposition to Trustee's Motion for (1) Turnover of Property of the Estate, and (2) Order Compelling Debtor to Comply with Bankruptcy Rule 1019 and Local Bankruptcy Rules 2015-2(c) and 3020-1(d); Declaration of David Seror in Support Thereof (with Proof of Service)* Filed by Trustee David Seror (TR) (Seflin, Susan) (Entered: 07/10/2019) |
| 07/11/2019 | 1011 (1 pg) | Request for judicial notice Filed by Creditor Law Offices of Louis J. Esbin. (Esbin, Louis) WARNING: Item subsequently amended by document no. 1012. Modified on 7/11/2019 (Bever, Sabine). (Entered: 07/11/2019) |
| 07/11/2019 | 1012 | Notice to Filer of Error and/or Deficient Document **Incorrect docket event was used to file this document. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT DOCKET EVENT.** (RE: related document(s)1011 Request for judicial notice filed by Creditor Law Offices of Louis J. Esbin) (Bever, Sabine) (Entered: 07/11/2019) |
| 07/12/2019 | 1013 (52 pgs) | Transcript regarding Hearing Held 06/11/19 RE: Motion for reconsideration. Remote electronic access to the transcript is restricted until 10/10/2019. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: J&J Court Transcribers, Inc., Telephone number 609-586-2311.] (RE: related document(s) 993 Transcript Order Form, regarding Hearing Date 06/11/19 Filed by Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17.). Notice of Intent to Request Redaction Deadline Due By 7/19/2019. Redaction Request Due By 08/2/2019. Redacted Transcript Submission Due By 08/12/2019. Transcript access will be restricted through 10/10/2019. (Bowen, James) (Entered: 07/12/2019) |

| | | |
|---|---|---|
| 07/17/2019 | 1014 (26 pgs) | Application to Employ Brutzkus Gubner as Trustee's General Counsel *Effective June 20, 2019; Statement of Disinterestedness in Support Thereof,* Filed by Trustee David Seror (TR) (Seror (TR), David) (Entered: 07/17/2019) |
| 07/17/2019 | 1015 (32 pgs) | Notice of Opportunity To Request a Hearing On Motion (LBR 9013-1(o)) Filed by Trustee David Seror (TR) (RE: related document(s)1014 Application to Employ Brutzkus Gubner as Trustee's General Counsel *Effective June 20, 2019; Statement of Disinterestedness in Support Thereof,* Filed by Trustee David Seror (TR) (Seror (TR), David)). (Seflin, Susan) (Entered: 07/17/2019) |
| 07/18/2019 | 1016 (1 pg) | Transcript Order Form, regarding Hearing Date 07/17/19 Filed by Trustee David Seror (TR). (Seflin, Susan) (Entered: 07/18/2019) |
| 07/18/2019 | 1017 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 19-MB-30. RE Hearing Date: 07/17/19, [TRANSCRIPTION SERVICE PROVIDER: Echo Reporting, Telephone number 858-453-7590.] (RE: related document(s)1016 Transcript Order Form (Public Request) filed by Trustee David Seror (TR)) (Bever, Sabine) (Entered: 07/18/2019) |
| 07/22/2019 | | Hearing (Bk Motion) Continued (RE: related document(s) 989 DISMISS DEBTOR filed by Allana Baroni) Hearing to be held on 08/29/2019 at 02:30 PM 21041 Burbank Blvd Woodland Hills, CA 91367 for 989 , (Gasparian, Ana) (Entered: 07/22/2019) |
| 07/22/2019 | | Hearing (Bk Motion) Continued (RE: related document(s) 991 MOTION FOR TURNOVER OF PROPERTY filed by David Seror (TR)) Hearing to be held on 08/29/2019 at 02:30 PM 21041 Burbank Blvd Woodland Hills, CA 91367 for 991 , (Gasparian, Ana) (Entered: 07/22/2019) |
| 07/22/2019 | 1018 | Hearing Held 7/17/19 - Ruling: Motion Denied (RE: related document(s)974 Motion to Reconsider filed by Debtor Allana Baroni) (Gasparian, Ana) (Entered: 07/22/2019) |
| 07/22/2019 | 1019 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 8/9/2019 at 10:30 AM at 21041 Burbank Blvd, Woodland Hills, CA 91367-6603. TRUSTEE REVIEWING DOCUMENTS PROVIDED BY DEBTOR Debtor appeared. (Seror (TR), David) (Entered: 07/22/2019) |
| 07/24/2019 | 1020 (91 pgs) | Transcript regarding Hearing Held 07/17/19 RE: Debtor's motion to dismiss Chapter 7 case. Remote electronic access to the transcript is restricted until 10/22/2019. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Echo Reporting, Inc., Telephone number (858) 453-7590.]. Notice of Intent to Request Redaction Deadline Due By 7/31/2019. Redaction Request Due By 08/14/2019. Redacted Transcript Submission Due By 08/26/2019. Transcript access will be restricted through 10/22/2019. (Bauer, Tara) (Entered: 07/24/2019) |
| 07/29/2019 | 1021 (6 pgs) | Notice of lodgment *, with Proof of Service* Filed by Debtor Allana Baroni (RE: related document(s)974 Motion to Reconsider *Notice of Motion and Motion for Reconsideration Pursuant to FRCP 60(b) and Motion for New Trial Pursuant to FRCP 59(a) of Court's Order Converting Case to Chapter 7; Declarations of Allana Baroni and Matthew D. Resnik in Support Thereof, with Proof of Service* Filed by Debtor Allana Baroni). (Resnik, Matthew) (Entered: 07/29/2019) |
| 07/31/2019 | 1022 (2 pgs) | Order Denying Debtor's Motion for Reconsideration Pursuant to FRCP 60(b) and Motion for New Trial Pursuant to FRCP 59(a) of Court's Order Converting Case to Chapter 7 [Case DTK. 974] (BNC-PDF) (Related Doc # 974) Signed on 7/31/2019. (Gasparian, Ana) (Entered: 07/31/2019) |
| 08/02/2019 | 1023 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)1022 Order on Motion To Reconsider (BNC-PDF)) No. of Notices: 1. Notice Date 08/02/2019. (Admin.) (Entered: 08/02/2019) |
| 08/07/2019 | 1024 (64 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) *(with Proof of Service)* Filed by Trustee David Seror (TR) (RE: related document(s)1014 Application to Employ Brutzkus Gubner as Trustee's General Counsel *Effective June 20, 2019; Statement of Disinterestedness in Support Thereof,*). (Seflin, Susan) (Entered: 08/07/2019) |
| 08/08/2019 | 1025 (1 pg) | Withdrawal of Claim(s): 12 *-1* Filed by Creditor Los Angeles County Treasurer & Tax Collector. (Estrada, Oscar) (Entered: 08/08/2019) |
| 08/09/2019 | 1026 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 8/23/2019 at 11:30 AM at 21041 Burbank Blvd, Woodland Hills, CA 91367-6603. Debtor appeared. (Seror (TR), David) (Entered: 08/09/2019) |
| 08/09/2019 | 1027 (2 pgs) | Order Granting Application to Employ Brutzkus Gubner as Chapter 7 Trustee's General Counsel Effective June 20, 2019. (BNC-PDF) (Related Doc # 1014) Signed on 8/9/2019. (Bever, Sabine) (Entered: 08/09/2019) |

| | | |
|---|---|---|
| 08/11/2019 | 1028 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)1027 Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 08/11/2019. (Admin.) (Entered: 08/11/2019) |
| 08/13/2019 | 1029 (8 pgs) | Notice of Appeal and Statement of Election to Bankruptcy Appellate Panel.(Official Form 417A) *, with Proof of Service*. Fee Amount $298 Filed by Debtor Allana Baroni. Appellant Designation due by 08/27/2019. (Hayes, M.) (Entered: 08/13/2019) |
| 08/13/2019 | | Receipt of Notice of Appeal and Statement of Election (Official Form 417A)(1:12-bk-10986-MB) [appeal,ntcaplel] ( 298.00) Filing Fee. Receipt number 49561713. Fee amount 298.00. (re: Doc# 1029) (U.S. Treasury) (Entered: 08/13/2019) |
| 08/14/2019 | 1030 (15 pgs; 4 docs) | Notice of referral of appeal to BAP with certificate of mailing (RE: related document(s)1029 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Allana Baroni) (Attachments: # 1 Amended Order of BAP # 2 Notice of Transcripts # 3 Transcript order form) (Espino, Cecilia) (Entered: 08/14/2019) |
| 08/16/2019 | 1031 (7 pgs) | Disclosure of Compensation of Attorney for Debtor (Official Form 2030) *Attorney's Disclosure of Postpetition Compensation Arrangement with Debtor [11 U.S.C. §329(a); FRBP 2016(b)], with Proof of Service* Filed by Debtor Allana Baroni. (Resnik, Matthew) (Entered: 08/16/2019) |
| 08/16/2019 | 1032 (163 pgs) | Brief *Chapter 7 Trustee's Supplemental Brief in Support of His Motion for (1) Turnover of Property of the Estate, and (2) Order Compelling Debtor to Comply with Bankruptcy Rule 1019 and Local Bankruptcy Rules 2015-2(c) and 3020-1(d); Declaration of David Seror in Support Thereof (with Proof of Service)* Filed by Trustee David Seror (TR) (RE: related document(s)991 Motion for Turnover of Property *Notice of Motion and Motion for (1) Turnover of Property of the Estate, and (2) Order Compelling Debtor to Comply with Bankruptcy Rule 1019 and Local Bankruptcy Rules 2015-2(c) and 3020-1(d) (with Proof of Service)*). (Seflin, Susan) (Entered: 08/16/2019) |
| 08/16/2019 | 1033 (7 pgs) | Response to (related document(s): 989 Motion to Dismiss Debtor *Notice of Motion and Motion by Debtor to Dismiss Chapter 7 Case; Memorandum of Points and Authorities; Declarations of Allana Baroni and M. Jonathan Hayes in Support Thereof, with Proof of Service* filed by Debtor Allana Baroni, 991 Motion for Turnover of Property *Notice of Motion and Motion for (1) Turnover of Property of the Estate, and (2) Order Compelling Debtor to Comply with Bankruptcy Rule 1019 and Local Bankruptcy Rules 2015-2(c) and 3020-1(d) (with Proof of Service)* filed by Trustee David Seror (TR)) *Joinder and Supplemental Response* Filed by Creditors Nationstar Mortgage, LLC, Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17 (Kornberg, Bernard) (Entered: 08/16/2019) |
| 08/16/2019 | 1034 (34 pgs) | Supplemental *Brief Addressing Issue of the Effect of Conversion on Property of the Estate; Memorandum of Points and Authorities; Declaration of M. Jonathan Hayes in Support Thereof, with Proof of Service* Filed by Debtor Allana Baroni. (Hayes, M.) (Entered: 08/16/2019) |
| 08/19/2019 | 1035 (17 pgs) | Opening Letter RE: Appeal from BAP CC-19-1199 (RE: related document(s)1029 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Allana Baroni) (Espino, Cecilia) (Entered: 08/19/2019) |
| 08/20/2019 | 1036 (42 pgs) | Amended Schedule A/B for Individual: Property (Official Form 106A/B or 206A/B) , Amended Schedule C: The Property You Claimed as Exempt (Official Form 106C) , Amending Schedules (D) (E/F) , Amendment to List of Creditors. Fee Amount $31 Filed by Debtor Allana Baroni. (Hayes, M.) (Entered: 08/20/2019) |
| 08/20/2019 | | Receipt of Amending Schedules D and/or E/F (Official Form 106D, 106E/F, 206D, or 206E/F) (Fee)(1:12-bk-10986-MB) [misc,amdsch] ( 31.00) Filing Fee. Receipt number 49605599. Fee amount 31.00. (re: Doc# 1036) (U.S. Treasury) (Entered: 08/20/2019) |
| 08/20/2019 | | Receipt of Amended List of Creditors (Fee)(1:12-bk-10986-MB) [misc,amdcm] ( 31.00) Filing Fee. Receipt number 49605599. Fee amount 31.00. (re: Doc# 1036) (U.S. Treasury) (Entered: 08/20/2019) |
| 08/20/2019 | 1037 (350 pgs) | Motion for 2004 Examination Filed by Debtor Allana Baroni (Riley, Michael) (Entered: 08/20/2019) |
| 08/21/2019 | 1038 (3 pgs) | Proof of service Filed by Debtor Allana Baroni (RE: related document(s)1037 Motion for 2004 Examination ). (Riley, Michael) (Entered: 08/21/2019) |
| 08/21/2019 | 1039 (6 pgs) | Notice of lodgment *Order Granting Motion For FRBP 2004 Examination and Production of Documents* Filed by Debtor Allana Baroni (RE: related document(s)1037 Motion for 2004 Examination Filed by Debtor Allana Baroni). (Riley, Michael) (Entered: 08/21/2019) |
| 08/21/2019 | 1040 (9 pgs) | Objection (related document(s): 1037 Motion for 2004 Examination filed by Debtor Allana Baroni) *to Motion for 2004 Examination* Filed by Respondent Mary Sohlberg, Creditor Wells Fargo Bank, N.A. As |

| | | |
|---|---|---|
| | | Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17 (Kornberg, Bernard) (Entered: 08/21/2019) |
| 08/21/2019 | 1041 (5 pgs; 2 docs) | Notice of lodgment Filed by Respondent Mary Sohlberg, Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17 (RE: related document(s)1037 Motion for 2004 Examination Filed by Debtor Allana Baroni, 1040 Objection (related document(s): 1037 Motion for 2004 Examination filed by Debtor Allana Baroni) *to Motion for 2004 Examination* Filed by Respondent Mary Sohlberg, Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17). (Attachments: # 1 Proposed Order) (Kornberg, Bernard) (Entered: 08/21/2019) |
| 08/21/2019 | 1042 (53 pgs) | Declaration re: *of Allana Baroni re Supplement to Amended Rule 1019 Report, with Proof of Service* Filed by Debtor Allana Baroni. (Hayes, M.) (Entered: 08/21/2019) |
| 08/23/2019 | 1043 (11 pgs) | Reply to (related document(s): 1040 Objection filed by Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17, Respondent Mary Sohlberg RE: 1037 Motion for 2004 Examination filed by Debtor Allana Baroni) Filed by Debtor Allana Baroni (Riley, Michael). (Entered: 08/23/2019) |
| 08/23/2019 | 1044 (8 pgs) | Proof of service Filed by Debtor Allana Baroni (RE: related document(s)1043 Reply). (Riley, Michael) (Entered: 08/23/2019) |
| 08/23/2019 | 1045 (4 pgs) | Statement *Joinder of CIT Bank to Chapter 7 Trustees Supplemental Brief [Docket 1032] and Wells Fargo Nationstar's Joinder [Docket 1033] w proof of service* Filed by Creditor CIT Bank, N.A. fka OneWest Bank N.A. fka OneWest Bank, FSB. (Jones, Gregory) (Entered: 08/23/2019) |
| 08/23/2019 | 1046 (68 pgs) | Reply to (related document(s): 1032 Brief filed by Trustee David Seror (TR), 1033 Response filed by Creditor Nationstar Mortgage, LLC, Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17) *, with Proof of Service* Filed by Debtor Allana Baroni (Hayes, M.) (Entered: 08/23/2019) |
| 08/23/2019 | 1047 (16 pgs) | Reply to (related document(s): 1034 Supplemental filed by Debtor Allana Baroni) *(with Proof of Service)* Filed by Trustee David Seror (TR) (Seflin, Susan) (Entered: 08/23/2019) |
| 08/26/2019 | 1048 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 9/23/2019 at 10:30 AM at 21041 Burbank Blvd, Woodland Hills, CA 91367-6603. MOR FILED NEAR CONFIRMATION: $500,000 in DIP account. Debtor doesn't remember what happened to funds. Debtor appeared. (Seror (TR), David) (Entered: 08/26/2019) |
| 08/26/2019 | 1049 (4 pgs) | Statement *of Election Under 28 U.S.C. §158 to Have Appeal Heard by the District Court* Filed by Creditor The Bank of New York Mellon fka the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Structured Asset Mortgage Investments II Trust, Mortgage Pass- Through Certifica. (Balser, Justin) (Entered: 08/26/2019) |
| 08/26/2019 | 1050 (8 pgs) | Notice *of Filing of Statement of Election Under 28 U.S.C. §158 to Have Appeal Heard by the District Court* Filed by Creditor The Bank of New York Mellon fka the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Structured Asset Mortgage Investments II Trust, Mortgage Pass- Through Certifica (RE: related document(s)1049 Statement *of Election Under 28 U.S.C. §158 to Have Appeal Heard by the District Court* Filed by Creditor The Bank of New York Mellon fka the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Structured Asset Mortgage Investments II Trust, Mortgage Pass- Through Certifica.). (Balser, Justin) (Entered: 08/26/2019) |
| 08/27/2019 | 1051 | Notice to Filer of Error and/or Deficient Document **Incorrect docket event was used to file this document. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT USING THE CORRECT DOCKET EVENT REGARDING APPEALS.** (RE: related document(s)1049 Statement filed by Creditor The Bank of New York Mellon fka the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Structured Asset Mortgage Investments II Trust, Mortgage Pass-Through Certifica) (Remy, Johanne) (Entered: 08/27/2019) |
| 08/27/2019 | 1052 (4 pgs) | Objection to Referral to Bankruptcy Appellant Panel Filed by Creditor The Bank of New York Mellon fka the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Structured Asset Mortgage Investments II Trust, Mortgage Pass- Through Certifica (RE: related document(s)1029 Notice of Appeal and Statement of Election (Official Form 417A)). (Balser, Justin) (Entered: 08/27/2019) |
| 08/27/2019 | 1053 (6 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal *Debtor's Designation and Statement of Issues re Appeal of Order Converting Case to Chapter 7, with Proof of Service* Filed by Debtor Allana Baroni (RE: related document(s)1029 Notice of Appeal and Statement of Election (Official Form 417A)). Appellee designation due by 09/10/2019. Transmission of Designation Due by 09/26/2019. (Hayes, M.) (Entered: 08/27/2019) |
| 08/29/2019 | 1054 | Transcript Order Form, regarding Hearing Date August 29, 2019 Filed by Trustee David Seror (TR) (RE: |

| | (1 pg) | related document(s)989 Motion to Dismiss Debtor *Notice of Motion and Motion by Debtor to Dismiss Chapter 7 Case; Memorandum of Points and Authorities; Declarations of Allana Baroni and M. Jonathan Hayes in Support Thereof, with Proof of Service*, 991 Motion for Turnover of Property *Notice of Motion and Motion for (1) Turnover of Property of the Estate, and (2) Order Compelling Debtor to Comply with Bankruptcy Rule 1019 and Local Bankruptcy Rules 2015-2(c) and 3020-1(d) (with Proof of Service)*). (Bagdanov, Jessica) (Entered: 08/29/2019) |
|---|---|---|
| 08/30/2019 | 1055 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 19-MB-32. RE Hearing Date: 08/29/19, [TRANSCRIPTION SERVICE PROVIDER: Echo Reporting, Telephone number 858-453-7590.] (RE: related document(s)1054 Transcript Order Form (Public Request) filed by Trustee David Seror (TR)) (Bever, Sabine) (Entered: 08/30/2019) |
| 08/30/2019 | 1056 (7 pgs) | Notice of lodgment *of Interim Order Directing Turnover of Property of the Estate* Filed by Trustee David Seror (TR) (RE: related document(s)991 Motion for Turnover of Property *Notice of Motion and Motion for (1) Turnover of Property of the Estate, and (2) Order Compelling Debtor to Comply with Bankruptcy Rule 1019 and Local Bankruptcy Rules 2015-2(c) and 3020-1(d) (with Proof of Service)*). (Bagdanov, Jessica) (Entered: 08/30/2019) |
| 08/30/2019 | 1057 (3 pgs) | Interim Order Directing Turnover of Property of the Estate (BNC-PDF) (Related Doc # 991 ) Signed on 8/30/2019 (Bever, Sabine) (Entered: 08/30/2019) |
| 09/01/2019 | 1058 (6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)1057 Order on Motion for Turnover of Property (BNC-PDF)) No. of Notices: 1. Notice Date 09/01/2019. (Admin.) (Entered: 09/01/2019) |
| 09/03/2019 | 1059 (95 pgs) | Transcript regarding Hearing Held 08/29/19 RE: Debtor's Motion to Dismiss Chapter 7 Case. Remote electronic access to the transcript is restricted until 12/2/2019. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Echo Reporting, Inc., Telephone number 8584537590.]. Notice of Intent to Request Redaction Deadline Due By 9/10/2019. Redaction Request Due By 09/24/2019. Redacted Transcript Submission Due By 10/4/2019. Transcript access will be restricted through 12/2/2019. (Bauer, Tara) (Entered: 09/03/2019) |
| 09/04/2019 | 1060 (2 pgs) | Notice RE: Appeal from Bankruptcy Court (USDC) (RE: related document(s)1029 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Allana Baroni) New District Court Case number is 2:19-07548 DSF (Espino, Cecilia) (Entered: 09/04/2019) |
| 09/09/2019 | 1061 (1 pg) | Appeal deficiency letter to Notice of transcripts (RE: related document(s)1029 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Allana Baroni) (Espino, Cecilia) (Entered: 09/09/2019) |
| 09/09/2019 | 1062 (6 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal *(AMENDED), with Proof of Service* Filed by Debtor Allana Baroni (RE: related document(s)1029 Notice of Appeal and Statement of Election (Official Form 417A)). Appellee designation due by 09/23/2019. Transmission of Designation Due by 10/9/2019. (Hayes, M.) (Entered: 09/09/2019) |
| 09/09/2019 | 1063 (4 pgs) | Notice of transcripts *Appellant's Notice re Transcripts, with Proof of Service* Filed by Debtor Allana Baroni (RE: related document(s)1029 Notice of Appeal and Statement of Election (Official Form 417A)). (Hayes, M.) (Entered: 09/09/2019) |
| 09/12/2019 | 1064 (7 pgs) | Motion for 2004 Examination *Request for Order On the August 20, 2019 Motion Pursuant to Fed. R. Bankr. P. 2004 For The Production Of Documents And The Oral Examination Of Mary L. Sohlberg Filed As Dkt. No. 1037* Filed by Debtor Allana Baroni (Riley, Michael) (Entered: 09/12/2019) |
| 09/13/2019 | 1065 (6 pgs) | Notice of lodgment Filed by Debtor Allana Baroni (RE: related document(s)1037 Motion for 2004 Examination Filed by Debtor Allana Baroni, 1064 Motion for 2004 Examination *Request for Order On the August 20, 2019 Motion Pursuant to Fed. R. Bankr. P. 2004 For The Production Of Documents And The Oral Examination Of Mary L. Sohlberg Filed As Dkt. No. 1037* Filed by Debtor Allana Baroni). (Riley, Michael) (Entered: 09/13/2019) |
| 09/13/2019 | 1066 (6 pgs) | Notice of lodgment *of Order Denying Debtor's Motion to Dismiss Chapter 7 Case* Filed by Trustee David Seror (TR) (RE: related document(s)989 Motion to Dismiss Debtor *Notice of Motion and Motion by Debtor to Dismiss Chapter 7 Case; Memorandum of Points and Authorities; Declarations of Allana Baroni and M. Jonathan Hayes in Support Thereof, with Proof of Service*). (Bagdanov, Jessica) (Entered: 09/13/2019) |
| 09/13/2019 | 1067 (10 pgs) | Notice of lodgment *of Findings of Fact and Conclusions of Law Regarding Order Denying Debtor's Motion to Dismiss Chapter 7 Case* Filed by Trustee David Seror (TR) (RE: related document(s)989 Motion to Dismiss Debtor *Notice of Motion and Motion by Debtor to Dismiss Chapter 7 Case; Memorandum of Points and Authorities; Declarations of Allana Baroni and M. Jonathan Hayes in Support Thereof, with Proof of Service*). (Bagdanov, Jessica) (Entered: 09/13/2019) |
| 09/13/2019 | 1068 | Notice of lodgment *of Order Granting Trustee's Turnover Motion* Filed by Trustee David Seror (TR) (RE: |

| | (6 pgs) | related document(s)991 Motion for Turnover of Property *Notice of Motion and Motion for (1) Turnover of Property of the Estate, and (2) Order Compelling Debtor to Comply with Bankruptcy Rule 1019 and Local Bankruptcy Rules 2015-2(c) and 3020-1(d) (with Proof of Service)*). (Bagdanov, Jessica) (Entered: 09/13/2019) |
|---|---|---|
| 09/13/2019 | 1069 (11 pgs) | Notice of lodgment *of Findings of Fact and Conclusions of Law Regarding Order Granting Trustee's Turnover Motion* Filed by Trustee David Seror (TR) (RE: related document(s)991 Motion for Turnover of Property *Notice of Motion and Motion for (1) Turnover of Property of the Estate, and (2) Order Compelling Debtor to Comply with Bankruptcy Rule 1019 and Local Bankruptcy Rules 2015-2(c) and 3020-1(d) (with Proof of Service)*). (Bagdanov, Jessica) (Entered: 09/13/2019) |
| 09/16/2019 | 1070 | Hearing Held 8/29/19 - Ruling: Motion Denied (RE: related document(s)989 Dismiss Debtor filed by Debtor Allana Baroni) (Gasparian, Ana) (Entered: 09/16/2019) |
| 09/16/2019 | 1071 | Hearing Held 8/29/19 - Ruling: Motion Granted in Part Denied in Part (RE: related document(s)991 Motion for Turnover of Property filed by Trustee David Seror (TR)) (Gasparian, Ana) (Entered: 09/16/2019) |
| 09/18/2019 | 1072 (4 pgs) | Notice of transcripts *(AMENDED), with Proof of Service* Filed by Debtor Allana Baroni (RE: related document(s)1029 Notice of Appeal and Statement of Election (Official Form 417A)). (Hayes, M.) (Entered: 09/18/2019) |
| 09/19/2019 | 1073 (4 pgs) | Notice *of No Waiver of Objections to Findings of Fact and Conclusions of Law re Trustee's Motion (1) Turnover of Property of the Estate, and (2) Order Compelling Debtor to Comply With Bankruptcy Rule 1019 and Local Bankruptcy Rules 2015 --2(c) and 3020-1(d), with Proof of Service* Filed by Debtor Allana Baroni. (Hayes, M.). Related document(s) 991 Motion for Turnover of Property *Notice of Motion and Motion for (1) Turnover of Property of the Estate, and (2) Order Compelling Debtor to Comply with Bankruptcy Rule 1019 and Local Bankruptcy Rules 2015-2(c) and 3020-1(d) (with Proof of Service)* filed by Trustee David Seror (TR). (Entered: 09/19/2019) |
| 09/20/2019 | 1074 (5 pgs) | Stipulation By Allana Baroni and *and Chapter 7 Trustee, David Seror to Extend Deadline to Object to Findings of Fact and Orders Lodged by the Trustee in Connection with the Trustee's Motion for Turnover and Debtor's Motion to Dismiss, with Proof of Service* Filed by Debtor Allana Baroni (Hayes, M.) (Entered: 09/20/2019) |
| 09/23/2019 | 1075 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 10/11/2019 at 10:30 AM at 21041 Burbank Blvd, Woodland Hills, CA 91367-6603. Debtor appeared. (Seror (TR), David) (Entered: 09/23/2019) |
| 09/24/2019 | 1076 (29 pgs) | Opposition to (related document(s): 1047 Reply filed by Trustee David Seror (TR), 1057 Order on Motion for Turnover of Property (BNC-PDF), 1067 Notice of Lodgment filed by Trustee David Seror (TR), 1068 Notice of Lodgment filed by Trustee David Seror (TR), 1069 Notice of Lodgment filed by Trustee David Seror (TR)) *and Comments to Trustee's Proposed Findings; Declaration of M. Jonathan Hayes in Support Thereof, with Proof of Service* Filed by Debtor Allana Baroni (Hayes, M.) (Entered: 09/24/2019) |
| 09/24/2019 | 1077 (28 pgs) | Statement *Chapter 7 Trustee's Response to the Debtor's Opposition and Comments to Trustee's Proposed Findings and Order Granting Motion for Turnover and Denying Debtor's Motion for Dismissal; Declaration of David Seror in Support Thereof (with Proof of Service)* Filed by Trustee David Seror (TR). (Seflin, Susan). Related document(s) 1076 Opposition filed by Debtor Allana Baroni. (Entered: 09/24/2019) |
| 09/24/2019 | 1078 (19 pgs) | Notice of lodgment *Notice of Lodgment of Revised Findings of Fact and Conclusions of Law Regarding Order Granting Trustee's Turnover Motion (with Proof of Service)* Filed by Trustee David Seror (TR) (RE: related document(s)991 Motion for Turnover of Property *Notice of Motion and Motion for (1) Turnover of Property of the Estate, and (2) Order Compelling Debtor to Comply with Bankruptcy Rule 1019 and Local Bankruptcy Rules 2015-2(c) and 3020-1(d) (with Proof of Service)* Filed by Trustee David Seror (TR)). (Seflin, Susan) (Entered: 09/24/2019) |
| 09/24/2019 | 1079 (16 pgs) | Notice of lodgment *Notice of Lodgment of Revised Findings of Fact and Conclusions of Law Regarding Order Denying Debtor's Motion to Dismiss Chapter 7 Case (with Proof of Service)* Filed by Trustee David Seror (TR) (RE: related document(s)989 Motion to Dismiss Debtor *Notice of Motion and Motion by Debtor to Dismiss Chapter 7 Case; Memorandum of Points and Authorities; Declarations of Allana Baroni and M. Jonathan Hayes in Support Thereof, with Proof of Service* Filed by Debtor Allana Baroni (Hayes, M.)). (Seflin, Susan) (Entered: 09/24/2019) |
| 09/25/2019 | 1080 | Hearing Set (RE: related document(s)989 Dismiss Debtor filed by Debtor Allana Baroni) Status Conference re Findings and Conclusions to be held on 9/26/2019 at 02:30 PM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Gasparian, Ana). (Entered: 09/25/2019) |
| 09/25/2019 | 1081 | Hearing Set The Status Conference re Findings and Conclusions on the Trustee's Turnover Motion to Dismiss Case Hearing date is set for 9/26/2019 at 02:30 PM at Crtrm 303, 21041 Burbank Blvd, Woodland |

| Date | # | Docket Text |
|---|---|---|
| | | Hills, CA 91367. The case judge is Martin R. Barash Related document(s) 991 Motion for Turnover of Property *Notice of Motion and Motion for (1) Turnover of Property of the Estate, and (2) Order Compelling Debtor to Comply with Bankruptcy Rule 1019 and Local Bankruptcy Rules 2015-2(c) and 3020-1(d) (with Proof of Service)* filed by Trustee David Seror (TR) (Gasparian, Ana). (Entered: 09/25/2019) |
| 09/25/2019 | 1082 (1 pg) | Request for Removal from Courtesy Notice of Electronic Filing (NEF) Filed by Sharf, Mark. (Sharf, Mark) (Entered: 09/25/2019) |
| 09/26/2019 | | Hearing (Bk Other) Continued (RE: related document(s) 989 DISMISS DEBTOR filed by Allana Baroni) Status Hearing to be held on 10/07/2019 at 02:30 PM 21041 Burbank Blvd Woodland Hills, CA 91367 for 989 , (Gasparian, Ana) (Entered: 09/26/2019) |
| 09/26/2019 | 1083 | Hearing Continued The Hearing date is set for 10/7/2019 at 02:30 PM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash Related document(s) 991 Motion for Turnover of Property *Notice of Motion and Motion for (1) Turnover of Property of the Estate, and (2) Order Compelling Debtor to Comply with Bankruptcy Rule 1019 and Local Bankruptcy Rules 2015-2(c) and 3020-1(d) (with Proof of Service)* filed by Trustee David Seror (TR) (Entered: 09/26/2019) |
| 10/01/2019 | 1084 (4 pgs) | Order Denying Without Prejudice Motion Pursuant to Fer. R. Bankr. P. 2004 for the Production of Documents and the Oral Examination of Mary L. Sohlberg [Case DKT. 1037} (PDF-BNC) (Related Doc # 1037 ) Signed on 10/1/2019 (Gasparian, Ana) (Entered: 10/01/2019) |
| 10/03/2019 | 1085 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)1084 Order on Motion for Examination (BNC-PDF)) No. of Notices: 1. Notice Date 10/03/2019. (Admin.) (Entered: 10/03/2019) |
| 10/09/2019 | 1086 (28 pgs) | Motion *Motion for Order Authorizing Trustee to Operate Real Property Effective September 9, 2019; Memorandum of Points and Authorities and Declaration of David Seror in Support Thereof (with Proof of Service)* Filed by Trustee David Seror (TR) (Seflin, Susan) (Entered: 10/09/2019) |
| 10/09/2019 | 1087 | Hearing Continued Evidentiary Hearing to be held on 12/17/2019 at 01:30 PM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash. Related document(s) 991 Motion for Turnover of Property *Notice of Motion and Motion for (1) Turnover of Property of the Estate, and (2) Order Compelling Debtor to Comply with Bankruptcy Rule 1019 and Local Bankruptcy Rules 2015-2(c) and 3020-1(d) (with Proof of Service)* filed by Trustee David Seror (TR) (Gasparian, Ana) (Entered: 10/09/2019) |
| 10/09/2019 | 1088 (30 pgs) | Notice of Hearing , Notice of motion/application *(with Proof of Service)* Filed by Trustee David Seror (TR) (RE: related document(s)1086 Motion *Motion for Order Authorizing Trustee to Operate Real Property Effective September 9, 2019; Memorandum of Points and Authorities and Declaration of David Seror in Support Thereof (with Proof of Service)* Filed by Trustee David Seror (TR)). (Seflin, Susan) (Entered: 10/09/2019) |
| 10/09/2019 | 1089 | Hearing Set (RE: related document(s)1086 Generic Motion filed by Trustee David Seror (TR)) The Hearing date is set for 11/13/2019 at 11:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Gasparian, Ana) (Entered: 10/09/2019) |
| 10/10/2019 | 1090 (9 pgs) | Monthly Operating Report. Operating Report Number: 1. For the Month Ending 9/30/19 Filed by Trustee David Seror (TR). (Seror (TR), David) (Entered: 10/10/2019) |
| 10/11/2019 | 1091 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 10/28/2019 at 11:30 AM at 21041 Burbank Blvd, Woodland Hills, CA 91367-6603. Court Closed Due to Emergency Debtor appeared. (Seror (TR), David) (Entered: 10/11/2019) |
| 10/17/2019 | 1092 (5 pgs) | Stipulation By David Seror (TR) and *Allana Baroni for Entry of Protective Order Between Chapter 7 Trustee and Allan Baroni (with Proof of Service)* Filed by Trustee David Seror (TR) (Seflin, Susan) (Entered: 10/17/2019) |
| 10/23/2019 | 1093 (4 pgs) | Certificate of readiness of record on appeal to District Court. Case Number: 2:-19-cv-07548-DSF (RE: related document(s)1029 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Allana Baroni) (Remy, Johanne) (Entered: 10/23/2019) |
| 10/24/2019 | 1094 (1 pg) | Notice RE: BK Record Complete, Briefing Schedule and Notice of Entry - Re: Appeal (filed at USDC on 10/23/19) (RE: related document(s)1029 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Allana Baroni) (Remy, Johanne) (Entered: 10/24/2019) |
| 10/25/2019 | 1095 (5 pgs) | Stipulation By Allana Baroni and *David Seror, Chapter 7 Trustee, to Continue Due Date for Filing Supplemental Briefs re Objections to Turnover Findings and Order, with Proof of Service* Filed by Debtor Allana Baroni (Hayes, M.) (Entered: 10/25/2019) |
| 10/28/2019 | 1096 | Order Approving Stipulation for Enry of Protective Orcer Between Chapter 7 Trustee and Allana Baroni |

| | (2 pgs) | (BNC-PDF) (Related Doc # 1092 ) Signed on 10/28/2019 (Bever, Sabine) (Entered: 10/28/2019) |
|---|---|---|
| 10/29/2019 | 1097 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 11/15/2019 at 10:30 AM at 21041 Burbank Blvd, Woodland Hills, CA 91367-6603. TRUSTEE REVIEWING DOCUMENTS PROVIDED BY DEBTOR Debtor appeared. (Seror (TR), David) (Entered: 10/29/2019) |
| 10/29/2019 | 1098 (2 pgs) | Order Approving Stipulation to Continue Due Date for Filing Supplemental Briefs Re Objections to Turnover Findings and Order (Related Doc # 1095 ) Signed on 10/29/2019 (Cetulio, Julie) (Entered: 10/29/2019) |
| 10/30/2019 | 1099 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)1096 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 10/30/2019. (Admin.) (Entered: 10/30/2019) |
| 10/31/2019 | 1100 (5 pgs) | Statement *Debtor's Comments re Trustee's Proposed Findings and Order Granting Motion for Turnover, with Proof of Service* Filed by Debtor Allana Baroni. (Hayes, M.) (Entered: 10/31/2019) |
| 10/31/2019 | 1101 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)1098 Stipulation and ORDER thereon (BNC-PDF)) No. of Notices: 1. Notice Date 10/31/2019. (Admin.) (Entered: 10/31/2019) |
| 11/04/2019 | 1102 (8 pgs) | Monthly Operating Report. Operating Report Number: 2. For the Month Ending 10/31/19 Filed by Trustee David Seror (TR). (Seror (TR), David) (Entered: 11/04/2019) |
| 11/14/2019 | 1103 (13 pgs) | Adversary case 1:19-ap-01134. Complaint by Richard L. Antognini, WELLS FARGO BANK N.A. against WELLS FARGO BANK N.A.. Fee Amount $350 Nature of Suit: (91 (Declaratory judgment)),(14 (Recovery of money/property - other)) (Riley, Michael) (Entered: 11/14/2019) |
| 11/14/2019 | 1104 | Hearing Held 11/13/19 - Ruling: Motion Granted (RE: related document(s)1086 Generic Motion filed by Trustee David Seror (TR)) (Gasparian, Ana) (Entered: 11/14/2019) |
| 11/15/2019 | 1105 (2 pgs; 2 docs) | Notice of Assets filed by trustee and court's notice of possible dividend (BNC) Filed by Trustee David Seror (TR). Proofs of Claims due by 2/18/2020. (Seror (TR), David) (Entered: 11/15/2019) |
| 11/15/2019 | 1106 | Meeting of Creditors Held and Concluded (Chapter 7 Asset) Filed by Trustee David Seror (TR) (RE: related document(s) 1091 Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 10/28/2019 at 11:30 AM at 21041 Burbank Blvd, Woodland Hills, CA 91367-6603. Court Closed Due to Emergency Debtor appeared. (Seror (TR), David)). (Seror (TR), David) (Entered: 11/15/2019) |
| 11/17/2019 | 1107 (6 pgs) | BNC Certificate of Notice (RE: related document(s)1105 Notice of Assets filed by trustee and court's notice of possible dividend (BNC) filed by Trustee David Seror (TR)) No. of Notices: 69. Notice Date 11/17/2019. (Admin.) (Entered: 11/17/2019) |
| 11/20/2019 | 1108 (5 pgs) | Statement *Trustee's Response to Debtor's Comments Re Trustee's Proposed Findings and Order Granting Motion for Turnover (with Proof of Service) (RE: related document(s)1078 Notice of Lodgment)* Filed by Trustee David Seror (TR). (Bagdanov, Jessica) (Entered: 11/20/2019) |
| 12/05/2019 | 1109 (8 pgs) | Monthly Operating Report. Operating Report Number: 3. For the Month Ending 11/30/19 *WITH PROOF OF SERVICE* Filed by Trustee David Seror (TR). (Seror (TR), David) (Entered: 12/05/2019) |
| 12/09/2019 | 1110 (2 pgs) | Order Granting Motion for Order Authoizing Trustee to Operate Real Property Effective September 09, 2019 (BNC-PDF) (Related Doc # 1086 ) Signed on 12/9/2019 (Bever, Sabine) (Entered: 12/09/2019) |
| 12/11/2019 | 1111 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)1110 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 12/11/2019. (Admin.) (Entered: 12/11/2019) |
| 12/13/2019 | 1112 (11 pgs) | Motion to Appear pro hac vice *Michael S. Riley on behalf of Allana Baroni and Richard Antognini* Filed by Debtor Allana Baroni (Riley, Michael) (Entered: 12/13/2019) |
| 01/06/2020 | 1113 (8 pgs) | Monthly Operating Report. Operating Report Number: 4. For the Month Ending 12/31/19 *WITH PROOF OF SERVICE* Filed by Trustee David Seror (TR). (Seror (TR), David) (Entered: 01/06/2020) |
| 01/09/2020 | 1114 (8 pgs) | Monthly Operating Report. Operating Report Number: 4. For the Month Ending 12/31/19 *AMENDED* Filed by Trustee David Seror (TR). (Seror (TR), David) (Entered: 01/09/2020) |
| 02/04/2020 | 1115 (8 pgs) | Monthly Operating Report. Operating Report Number: 5. For the Month Ending 1/31/2020 *WITH PROOF OF SERVICE* Filed by Trustee David Seror (TR). (Seror (TR), David) (Entered: 02/04/2020) |
| 02/06/2020 | 1116 | Application to Employ Thunderbird Real Estate as Real Estate Broker; *and Statement of Disinterestedness* |

| | (31 pgs) | *in Support Thereof* Filed by Trustee David Seror (TR) (Seror (TR), David) (Entered: 02/06/2020) |
|---|---|---|
| 02/06/2020 | 1117 (9 pgs) | Notice of Opportunity To Request a Hearing On Motion (LBR 9013-1(o)) *(with Proof of Service)* Filed by Trustee David Seror (TR) (RE: related document(s)1116 Application to Employ Thunderbird Real Estate as Real Estate Broker; *and Statement of Disinterestedness in Support Thereof* Filed by Trustee David Seror (TR) (Seror (TR), David)). (Seror (TR), David) (Entered: 02/06/2020) |
| 02/07/2020 | 1118 (3 pgs) | Notice of Ex Parte Communication and Order Setting Deadline for any Responses Thereto (BNC-PDF) (Related Doc # doc ) Signed on 2/7/2020 (Bever, Sabine) (Entered: 02/07/2020) |
| 02/09/2020 | 1119 (6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)1118 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 02/09/2020. (Admin.) (Entered: 02/09/2020) |
| 02/21/2020 | 1120 (45 pgs) | Motion to Approve Compromise Under Rule 9019 *with Certain Prepetition Lenders Pursuant to Federal Rule of Bankruptcy Procedure 9019 and Section 363(m) of the Bankruptcy Code (with Proof of Service)* Filed by Trustee David Seror (TR) (Seflin, Susan) (Entered: 02/21/2020) |
| 02/21/2020 | 1121 (9 pgs) | Notice of Hearing *(with Proof of Service)* Filed by Trustee David Seror (TR) (RE: related document(s)1120 Motion to Approve Compromise Under Rule 9019 *with Certain Prepetition Lenders Pursuant to Federal Rule of Bankruptcy Procedure 9019 and Section 363(m) of the Bankruptcy Code (with Proof of Service)* Filed by Trustee David Seror (TR)). (Seflin, Susan) (Entered: 02/21/2020) |
| 02/24/2020 | 1122 | Hearing Set (RE: related document(s)1120 Motion to Approve Compromise Under Rule 9019 filed by Trustee David Seror (TR)) The Hearing date is set for 3/17/2020 at 11:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Bever, Sabine) (Entered: 02/24/2020) |
| 02/25/2020 | 1123 (38 pgs) | Application to Employ LEA Accountancy, LLP as Accountant Filed by Accountant LEA Accountancy, LLP. (Leslie, Sam) (Entered: 02/25/2020) |
| 02/25/2020 | 1124 (13 pgs) | Notice of motion/application *to Employ LEA Accountancy, LLP as Accountant* Filed by Accountant LEA Accountancy, LLP (RE: related document(s)1123 Application to Employ LEA Accountancy, LLP as Accountant Filed by Accountant LEA Accountancy, LLP.). (Leslie, Sam) (Entered: 02/25/2020) |
| 02/25/2020 | 1125 (44 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) Filed by Trustee David Seror (TR) (RE: related document(s)1116 Application to Employ Thunderbird Real Estate as Real Estate Broker; *and Statement of Disinterestedness in Support Thereof*). (Seror (TR), David) (Entered: 02/25/2020) |
| 02/26/2020 | 1126 (6 pgs) | Notice *of Filing of Incident Report* Filed by Trustee David Seror (TR) (RE: related document(s)1118 Notice of Ex Parte Communication and Order Setting Deadline for any Responses Thereto (BNC-PDF) (Related Doc # doc ) Signed on 2/7/2020). (Seror (TR), David) (Entered: 02/26/2020) |
| 02/28/2020 | 1127 (8 pgs) | Declaration re: *of Allana Baroni in Response to Court's Notice of Ex Parte Communication, with Proof of Service* Filed by Debtor Allana Baroni (RE: related document(s)1118 Order (Generic) (BNC-PDF)). (Hayes, M.) (Entered: 02/28/2020) |
| 03/02/2020 | 1128 (8 pgs) | Monthly Operating Report. Operating Report Number: 6. For the Month Ending 02/29/2020 *WITH PROOF OF SERVICE* Filed by Trustee David Seror (TR). (Seror (TR), David) (Entered: 03/02/2020) |
| 03/03/2020 | 1129 (15 pgs) | Opposition to (related document(s): 1120 Motion to Approve Compromise Under Rule 9019 *with Certain Prepetition Lenders Pursuant to Federal Rule of Bankruptcy Procedure 9019 and Section 363(m) of the Bankruptcy Code (with Proof of Service)* filed by Trustee David Seror (TR)) Filed by Debtor Allana Baroni (Hayes, M.) (Entered: 03/03/2020) |
| 03/03/2020 | 1130 (6 pgs) | Motion for an Enlargement of Time to Respond to Motion for Approval of Compromise with Certain Prepetition Lenders Pursuant to Federal Rule of Bankruptcy Procedure 9010 and sec 363(m) of the Bankruptcy Code; Declaration in Support Thereof Filed by Interested Party James Baroni (Bever, Sabine) (Entered: 03/05/2020) |
| 03/03/2020 | 1131 (2 pgs) | Notice of Motion For Order Without a Hearing (LBR 9013-1(p) or (q)) Filed by Interested Party James Baroni (RE: related document(s)1130 Motion for an Enlargement of Time to Respond to Motion for Approval of Compromise with Certain Prepetition Lenders Pursuant to Federal Rule of Bankruptcy Procedure 9010 and sec 363(m) of the Bankruptcy Code; Declaration in Support Thereof Filed by Interested Party James Baroni). (Bever, Sabine) (Entered: 03/05/2020) |
| 03/11/2020 | 1132 (10 pgs) | Reply to (related document(s): 1129 Opposition filed by Debtor Allana Baroni) *Chapter 7 Trustee's Reply to Debtor's Opposition to Motion for Approval of Compromise with Certain Prepetition Lenders; Declaration of David Seror in Support Thereof (with Proof of Service)* Filed by Trustee David Seror (TR) (Seflin, Susan) (Entered: 03/11/2020) |

| | | |
|---|---|---|
| 03/13/2020 | 1133 (10 pgs) | Order (1) Continuing the time of the hearing on the trustee's motion for approval of compromise [case dkt. 1120]; and (2) Setting hearing on James Baroni's motion for an enlargement of time to respond to motion for approval of compromise [case dkt 1130] (BNC-PDF) (Related Doc 1130) Signed on 3/13/2020 (Gasparian, Ana) SEE AMENDED ORDER BELOW DOC 35 (Entered: 03/13/2020) |
| 03/13/2020 | | Hearing (Bk Motion) Continued (RE: related document(s) 1120 MOTION TO APPROVE COMPROMISE UNDER RULE 9019 filed by David Seror (TR)) Hearing to be held on 03/17/2020 at 02:30 PM 21041 Burbank Blvd Woodland Hills, CA 91367 for 1120 , (Gasparian, Ana) (Entered: 03/13/2020) |
| 03/13/2020 | 1134 | Hearing Set Re Motion of Enlargement of Time The Hearing date is set for 3/17/2020 at 02:30 PM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash Related document(s) 1130 Motion to Extend Time filed by Interested Party James Baroni. Modified on 3/13/2020 (Gasparian, Ana). (Entered: 03/13/2020) |
| 03/13/2020 | 1135 (10 pgs) | Order (Amended) (1) Continuing the time of the hearing on the trustee's motion for approval of compromise [case dkt. 1120]; and (2) Setting hearing on James Baroni's motion for an enlargement of time to respond to motion for approval of compromise [case dkt 1130] (BNC-PDF) (Related Doc # 1130 ) Signed on 3/13/2020 (Gasparian, Ana) (Entered: 03/13/2020) |
| 03/15/2020 | 1136 (10 pgs) | Notice of Appearance and Request for Notice by Wayne A Silver Filed by Interested Party James Baroni. (Silver, Wayne) (Entered: 03/15/2020) |
| 03/15/2020 | 1137 (13 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)1133 Order on Motion to Extend Time (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 03/15/2020. (Admin.) (Entered: 03/15/2020) |
| 03/15/2020 | 1138 (13 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)1135 Order on Motion to Extend Time (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 03/15/2020. (Admin.) (Entered: 03/15/2020) |
| 03/18/2020 | 1139 (5 pgs) | Notice of lodgment *of Order Enlarging Time* Filed by Interested Party James Baroni (RE: related document(s)1130 Motion for an Enlargement of Time to Respond to Motion for Approval of Compromise with Certain Prepetition Lenders Pursuant to Federal Rule of Bankruptcy Procedure 9010 and sec 363(m) of the Bankruptcy Code; Declaration in Support Thereof Filed by Interested Party James Baroni). (Silver, Wayne) (Entered: 03/18/2020) |
| 03/20/2020 | 1140 (2 pgs) | Order Enlargeing Time (BNC-PDF) (Related Doc # 1132 ) Signed on 3/20/2020 (Bever, Sabine) (Entered: 03/20/2020) |
| 03/20/2020 | | Hearing (Bk Motion) Continued (RE: related document(s) 1120 MOTION TO APPROVE COMPROMISE UNDER RULE 9019 filed by David Seror (TR)) Hearing to be held on 04/03/2020 at 11:00 AM 21041 Burbank Blvd Woodland Hills, CA 91367 for 1120 , (Bever, Sabine) (Entered: 03/20/2020) |
| 03/22/2020 | 1141 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)1140 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 03/22/2020. (Admin.) (Entered: 03/22/2020) |
| 03/23/2020 | 1142 (12 pgs) | Opposition to (related document(s): 1120 Motion to Approve Compromise Under Rule 9019 *with Certain Prepetition Lenders Pursuant to Federal Rule of Bankruptcy Procedure 9019 and Section 363(m) of the Bankruptcy Code (with Proof of Service)* filed by Trustee David Seror (TR)) Filed by Interested Party James Baroni (Silver, Wayne) (Entered: 03/23/2020) |
| 03/31/2020 | 1143 (15 pgs) | Reply to (related document(s): 1142 Opposition filed by Interested Party James Baroni) *Chapter 7 Trustee's Reply to James Baroni's Opposition to Trustee's Motion for Approval of Compromise with Certain Prepetition Lenders (with Proof of Service)* Filed by Trustee David Seror (TR) (Seflin, Susan) (Entered: 03/31/2020) |
| 03/31/2020 | 1144 (10 pgs) | Order Re: Findings of Fact and Conclusions of Law Regarding Order Denying Debtor's Motion to Dismiss Chapter 7 Case (BNC-PDF) Signed on 3/31/2020 (RE: related document(s)989 Dismiss Debtor filed by Debtor Allana Baroni). (Gasparian, Ana) (Entered: 03/31/2020) |
| 03/31/2020 | 1145 (8 pgs) | Reply to (related document(s): 1120 Motion to Approve Compromise Under Rule 9019 *with Certain Prepetition Lenders Pursuant to Federal Rule of Bankruptcy Procedure 9019 and Section 363(m) of the Bankruptcy Code (with Proof of Service)* filed by Trustee David Seror (TR), 1142 Opposition filed by Interested Party James Baroni) *and Joinder* Filed by Creditors Nationstar Mortgage, LLC, The Bank of New York Mellon fka the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Structured Asset Mortgage Investments II Trust, Mortgage Pass- Through Certifica, Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17 (Kornberg, Bernard) (Entered: 03/31/2020) |
| 03/31/2020 | 1146 (14 pgs) | Order Re: Findings of Fact and Conclusions of Law Regarding Order Granting Trustee's Turnover Motion (BNC-PDF) (Related Doc # 991 ) Signed on 3/31/2020 (Gasparian, Ana) (Entered: 03/31/2020) |

| | | |
|---|---|---|
| 03/31/2020 | 1147 (10 pgs) | Order Re: Findings of Fact and Conclusion of Law Regarding Order Denying Debtor's Motion to Dismiss Chapter 7 Case (BNC-PDF) Signed on 3/31/2020 (RE: related document(s)989 Dismiss Debtor filed by Debtor Allana Baroni). (Gasparian, Ana)CORRECTION: DUPLICATE ORDER OF [DOC 1144] Modified on 4/1/2020 (Gasparian, Ana). (Entered: 03/31/2020) |
| 03/31/2020 | 1148 (2 pgs) | Order Granting Trustee's Turnover Motion (BNC-PDF) (Related Doc # 991 ) Signed on 3/31/2020 (Gasparian, Ana) (Entered: 03/31/2020) |
| 04/01/2020 | 1149 (2 pgs) | Order Denying Debtor's Motion to Dismiss Chapter 7 Case (BNC-PDF) Signed on 4/1/2020 (RE: related document(s)989 Dismiss Debtor filed by Debtor Allana Baroni). (Gasparian, Ana) (Entered: 04/01/2020) |
| 04/02/2020 | 1150 (13 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)1144 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 04/02/2020. (Admin.) (Entered: 04/02/2020) |
| 04/02/2020 | 1151 (17 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)1146 Order on Motion for Turnover of Property (BNC-PDF)) No. of Notices: 1. Notice Date 04/02/2020. (Admin.) (Entered: 04/02/2020) |
| 04/02/2020 | 1152 (13 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)1147 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 04/02/2020. (Admin.) (Entered: 04/02/2020) |
| 04/03/2020 | 1153 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)1148 Order on Motion for Turnover of Property (BNC-PDF)) No. of Notices: 1. Notice Date 04/03/2020. (Admin.) (Entered: 04/03/2020) |
| 04/03/2020 | 1154 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)1149 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 04/03/2020. (Admin.) (Entered: 04/03/2020) |
| 04/06/2020 | 1155 (2 pgs) | Order Approving Trustee's Application for Authority to Employ Real Estate Broker Thunderbird Real Estate (BNC-PDF) (Related Doc # 1116) Signed on 4/6/2020. (Bever, Sabine) (Entered: 04/06/2020) |
| 04/06/2020 | 1156 (6 pgs) | Notice of Appeal and Statement of Election to Bankruptcy Appellate Panel.(Official Form 417A) *, with Proof of Service*. Fee Amount $298 Filed by Debtor Allana Baroni (RE: related document(s)1148 Order on Motion for Turnover of Property (BNC-PDF)). Appellant Designation due by 04/20/2020. (Hayes, M.) NOTE: BAP case number CC 20-1084 4/13/2020 (Remy, Johanne). NOTE: Transferred to USDC on 5/13/20. USCD Case number CV 20-04338. Transferred to Ninth Circuit on 1/29/21 Ninth Circuit Case number 21-55076. Modified on 7/8/2020 (Remy, Johanne). Modified on 1/29/2021 (Remy, Johanne). (Entered: 04/06/2020) |
| 04/06/2020 | | Receipt of Notice of Appeal and Statement of Election (Official Form 417A)(1:12-bk-10986-MB) [appeal,ntcaplel] ( 298.00) Filing Fee. Receipt number 50938388. Fee amount 298.00. (re: Doc# 1156) (U.S. Treasury) (Entered: 04/06/2020) |
| 04/06/2020 | 1157 (13 pgs; 4 docs) | Notice of referral of appeal to BAP with certificate of mailing (RE: related document(s)1156 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Allana Baroni) (Attachments: # 1 Amended Order Continuing Bankruptcy Appellate Panel of the Ninth Circuit # 2 Notice of Transcripts # 3 Transcript Instructions and Order Form) (Remy, Johanne) (Entered: 04/06/2020) |
| 04/07/2020 | | Hearing (Bk Motion) Continued (RE: related document(s) 1120 MOTION TO APPROVE COMPROMISE UNDER RULE 9019 filed by David Seror (TR)) Hearing to be held on 05/01/2020 at 11:00 AM 21041 Burbank Blvd Woodland Hills, CA 91367 for 1120 , (Cetulio, Julie) (Entered: 04/07/2020) |
| 04/08/2020 | 1158 (12 pgs) | Amended Findings of Fact and Conclusions of Law Regarding Order Granting Trustee's Turnover Motion (BNC-PDF) (Related Doc # 1146 ) Signed on 4/8/2020 (Bever, Sabine) (Entered: 04/08/2020) |
| 04/08/2020 | 1159 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)1155 Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 04/08/2020. (Admin.) (Entered: 04/08/2020) |
| 04/09/2020 | 1160 (3 pgs) | Notice of Requirement to Complete Course in Financial Management (BNC) . (Bever, Sabine) (Entered: 04/09/2020) |
| 04/10/2020 | 1161 (15 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)1158 ORDER to extend time (Generic Order - No Motion) (BNC-PDF)) No. of Notices: 1. Notice Date 04/10/2020. (Admin.) (Entered: 04/10/2020) |
| 04/10/2020 | 1162 (4 pgs) | Status report Filed by Debtor Allana Baroni, Interested Party James Baroni (RE: related document(s)1120 Motion to Approve Compromise Under Rule 9019 *with Certain Prepetition Lenders Pursuant to Federal Rule of Bankruptcy Procedure 9019 and Section 363(m) of the Bankruptcy Code (with Proof of Service)*). (Silver, Wayne) (Entered: 04/10/2020) |
| 04/11/2020 | 1163 | BNC Certificate of Notice (RE: related document(s)1160 Notice of Requirement to Complete Course in |

| | (6 pgs) | Financial Management (BNC)) No. of Notices: 1. Notice Date 04/11/2020. (Admin.) (Entered: 04/11/2020) |
|---|---|---|
| 04/13/2020 | 1164 (2 pgs) | Opening Letter RE: Appeal from BAP CC 20-1084 (Filed at the BAP on 4/10/20) (RE: related document(s)1156 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Allana Baroni) (Remy, Johanne) (Entered: 04/13/2020) |
| 04/15/2020 | 1165 (8 pgs) | Monthly Operating Report. Operating Report Number: 7. For the Month Ending 3/31/2020 *WITH PROOF OF SERVICE* Filed by Trustee David Seror (TR). (Seror (TR), David) (Entered: 04/15/2020) |
| 04/15/2020 | 1166 (1 pg) | Transcript Order Form related to an Appeal, regarding Hearing Date 10/07/19 Filed by Debtor Allana Baroni. (Hayes, M.) (Entered: 04/15/2020) |
| 04/16/2020 | 1167 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 20-MB-08. RE Hearing Date: 10/07/19, [TRANSCRIPTION SERVICE PROVIDER: Echo Reporting, Telephone number 858-453-7590.] (RE: related document(s)1166 Transcript Order Form (Public Request) filed by Debtor Allana Baroni) (Bever, Sabine) (Entered: 04/16/2020) |
| 04/16/2020 | 1168 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Treder, Edward. (Treder, Edward) (Entered: 04/16/2020) |
| 04/17/2020 | 1169 (7 pgs) | Stipulation By David Seror (TR) and *Debtor, James Baroni and the Rental Lenders to Extend Deadline to File Response re Trustee's Motion for Approval of Compromise with Certain Prepetition Lenders (with Proof of Service)* Filed by Trustee David Seror (TR) (Seflin, Susan) (Entered: 04/17/2020) |
| 04/17/2020 | 1170 (31 pgs) | Motion To Stay Pending Appeal *of Order Requiring Turnover of Certain Assets to Chapter 7 Trustee; Memorandum of Points and Authorities; Declarations of Allan Baroni and Anthony Giordano in Support Thereof, with Proof of Service* Filed by Debtor Allana Baroni (Hayes, M.) (Entered: 04/17/2020) |
| 04/17/2020 | 1171 (5 pgs) | Application shortening time *Application for Order Setting Hearing on Shortened Notice [LBR 9075-1(b)] re Motion for Order Granting a Stay Pending Appeal of Order Requiring Turnover of Certain Assets to Chapter 7 Trustee (Docket No. 1170); Declaration of M. Jonathan Hayes in Support Thereof, with Proof of Service* Filed by Debtor Allana Baroni (Hayes, M.) (Entered: 04/17/2020) |
| 04/17/2020 | 1172 (5 pgs) | Supplemental *Excerpts of Record for Motion for an Order Granting a Stay Pending Appeal of Order Requiring Turnover of Certain Assets to Chapter 7 Trustee, with Proof of Service* Filed by Debtor Allana Baroni. (Hayes, M.). Related document(s) 1170 Motion To Stay Pending Appeal *of Order Requiring Turnover of Certain Assets to Chapter 7 Trustee; Memorandum of Points and Authorities; Declarations of Allan Baroni and Anthony Giordano in Support Thereof, with Proof of Service* filed by Debtor Allana Baroni. (Entered: 04/17/2020) |
| 04/20/2020 | 1173 (65 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) F (RE: related document(s)1123 Application to Employ LEA Accountancy, LLP as Accountant ). (Bever, Sabine) (Entered: 04/20/2020) |
| 04/20/2020 | 1174 (2 pgs) | Order Approving Stipulation to Extend Deadline to File Response re: Trustee's Motion for Approval of Compromise with Certain Prepetition Lenders (BNC-PDF) (Related Doc # 1169 ) Signed on 4/20/2020 (Bever, Sabine) (Entered: 04/20/2020) |
| 04/20/2020 | 1175 (4 pgs) | Order Granting Application and Setting Hearing on Shortened Notice (BNC-PDF) (Related Doc # 1171 ) Signed on 4/20/2020 (Gasparian, Ana) (Entered: 04/20/2020) |
| 04/20/2020 | 1176 | Hearing Set (RE: related document(s)1170 Motion To Stay Pending Appeal filed by Debtor Allana Baroni) The Hearing date is set for 5/1/2020 at 11:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Gasparian, Ana) (Entered: 04/20/2020) |
| 04/21/2020 | 1177 (42 pgs) | Notice of Hearing *on Shortened Time, with Proof of Service* Filed by Debtor Allana Baroni (RE: related document(s)1170 Motion To Stay Pending Appeal *of Order Requiring Turnover of Certain Assets to Chapter 7 Trustee; Memorandum of Points and Authorities; Declarations of Allan Baroni and Anthony Giordano in Support Thereof, with Proof of Service* Filed by Debtor Allana Baroni (Hayes, M.)). (Hayes, M.) (Entered: 04/21/2020) |
| 04/21/2020 | 1178 (8 pgs) | Reply to (related document(s): 1162 Status report filed by Debtor Allana Baroni, Interested Party James Baroni) *Chapter 7 Trustee's Response to James Baroni's Status Statement Re: Trustee's Motion for Approval of Compromise with Certain Prepetition Lenders; Declaration of David Seror (with Proof of Service)* Filed by Trustee David Seror (TR) (Seflin, Susan) (Entered: 04/21/2020) |
| 04/22/2020 | 1179 (65 pgs) | Transcript regarding Hearing Held 10/07/19 RE: Status Conferene re Findings and Conclusions. Remote electronic access to the transcript is restricted until 07/21/2020. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: |

Echo Reporting, Inc., Telephone number (858) 453-7590.]. Notice of Intent to Request Redaction Deadline Due By 4/29/2020. Redaction Request Due By 05/13/2020. Redacted Transcript Submission Due By 05/26/2020. Transcript access will be restricted through 07/21/2020. (Jauregui, Tara) (Entered: 04/22/2020)

| | | |
|---|---|---|
| 04/22/2020 | 1180 (6 pgs) | Declaration re: *of Ja'Nita Fisher Regarding Service of Notice of Hearing on Debtor's Motion for an Order Granting a Stay Pending Appeal of Order Requiring Turnover of Certain Assets to Chapter 7 Trustee (Docket No. 1170), with Proof if Service* Filed by Debtor Allana Baroni (RE: related document(s)1177 Notice of Hearing). (Hayes, M.) (Entered: 04/22/2020) |
| 04/22/2020 | 1181 (4 pgs) | Notice of transcripts *Appellant's Notice re Transcripts re Appeal of Court's Order Requiring Turnover, with Proof of Service* Filed by Debtor Allana Baroni (RE: related document(s)1156 Notice of Appeal and Statement of Election (Official Form 417A)). (Hayes, M.) (Entered: 04/22/2020) |
| 04/22/2020 | 1182 (5 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal *and Statement of Issues re Appeal of Order Requiring Turnover of Certain Assets to Chapter 7, with Proof of Service* Filed by Debtor Allana Baroni (RE: related document(s)1156 Notice of Appeal and Statement of Election (Official Form 417A)). Appellee designation due by 05/6/2020. Transmission of Designation Due by 05/22/2020. (Hayes, M.) (Entered: 04/22/2020) |
| 04/22/2020 | 1183 (19 pgs) | Motion *Notice Of Motion And Motion For Leave To Object To Unsecured Claim No. 7* Filed by Creditor Richard Antognini (Riley, Michael) (Entered: 04/22/2020) |
| 04/22/2020 | 1184 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)1174 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 04/22/2020. (Admin.) (Entered: 04/22/2020) |
| 04/22/2020 | 1185 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)1175 Order on Generic Application (BNC-PDF)) No. of Notices: 1. Notice Date 04/22/2020. (Admin.) (Entered: 04/22/2020) |
| 04/23/2020 | 1186 | Hearing Set (RE: related document(s)1183 Generic Motion filed by Creditor Richard Antognini) The Hearing date is set for 5/14/2020 at 02:30 PM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Bever, Sabine) (Entered: 04/23/2020) |
| 04/23/2020 | 1187 (12 pgs) | Proof of service Filed by Creditor Richard Antognini (RE: related document(s)1183 Motion *Notice Of Motion And Motion For Leave To Object To Unsecured Claim No. 7*). (Riley, Michael) (Entered: 04/23/2020) |
| 04/27/2020 | 1188 (25 pgs) | Opposition to (related document(s): 1170 Motion To Stay Pending Appeal *of Order Requiring Turnover of Certain Assets to Chapter 7 Trustee; Memorandum of Points and Authorities; Declarations of Allan Baroni and Anthony Giordano in Support Thereof, with Proof of Service* filed by Debtor Allana Baroni) *(with Proof of Service)* Filed by Trustee David Seror (TR) (Seflin, Susan) (Entered: 04/27/2020) |
| 04/27/2020 | 1189 (9 pgs) | Opposition to (related document(s): 1170 Motion To Stay Pending Appeal *of Order Requiring Turnover of Certain Assets to Chapter 7 Trustee; Memorandum of Points and Authorities; Declarations of Allan Baroni and Anthony Giordano in Support Thereof, with Proof of Service* filed by Debtor Allana Baroni) Filed by Creditors Nationstar Mortgage, LLC, The Bank of New York Mellon fka the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Structured Asset Mortgage Investments II Trust, Mortgage Pass- Through Certifica, Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17 (Kornberg, Bernard) (Entered: 04/27/2020) |
| 04/27/2020 | 1190 (6 pgs) | Opposition to (related document(s): 1183 Motion *Notice Of Motion And Motion For Leave To Object To Unsecured Claim No. 7* filed by Creditor Richard Antognini) Filed by Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17 (Kornberg, Bernard) (Entered: 04/27/2020) |
| 04/28/2020 | 1191 (2 pgs) | Order Granting Application to Employ LEA Accountancy, LLP (BNC-PDF) (Related Doc # 1123) Signed on 4/28/2020. (Gasparian, Ana) (Entered: 04/28/2020) |
| 04/30/2020 | 1192 (6 pgs) | Reply to (related document(s): 1188 Opposition filed by Trustee David Seror (TR), 1189 Opposition filed by Creditor Nationstar Mortgage, LLC, Creditor The Bank of New York Mellon fka the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Structured Asset Mortgage Investments II Trust, Mortgage Pass- Through Certifica, Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17) *, with Proof of Service* Filed by Debtor Allana Baroni (Hayes, M.) (Entered: 04/30/2020) |
| 04/30/2020 | 1193 (6 pgs) | Opposition to (related document(s): 1183 Motion *Notice Of Motion And Motion For Leave To Object To Unsecured Claim No. 7* filed by Creditor Richard Antognini) *and Reservation of Rights (with Proof of Service)* Filed by Trustee David Seror (TR) (Seflin, Susan) (Entered: 04/30/2020) |
| 04/30/2020 | 1194 | BNC Certificate of Notice - PDF Document. (RE: related document(s)1191 Order on Application to |

| | (5 pgs) | Employ (BNC-PDF)) No. of Notices: 1. Notice Date 04/30/2020. (Admin.) (Entered: 04/30/2020) |
|---|---|---|
| 05/01/2020 | 1195 (1 pg) | Transcript Order Form, regarding Hearing Date 04/03/2020 Filed by Trustee David Seror (TR) (RE: related document(s) Hearing (Bk Motion) Continued). (Bagdanov, Jessica) (Entered: 05/01/2020) |
| 05/01/2020 | 1196 (6 pgs) | Notice of lodgment *(with Proof of Service)* Filed by Trustee David Seror (TR) (RE: related document(s)1170 Motion To Stay Pending Appeal *of Order Requiring Turnover of Certain Assets to Chapter 7 Trustee; Memorandum of Points and Authorities; Declarations of Allan Baroni and Anthony Giordano in Support Thereof, with Proof of Service* Filed by Debtor Allana Baroni (Hayes, M.)). (Seflin, Susan) (Entered: 05/01/2020) |
| 05/01/2020 | 1197 (1 pg) | Transcript Order Form, regarding Hearing Date 05/01/2020 Filed by Trustee David Seror (TR). (Bagdanov, Jessica) (Entered: 05/01/2020) |
| 05/01/2020 | 1198 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 20-MB-10. RE Hearing Date: 05/01/20, [TRANSCRIPTION SERVICE PROVIDER: Echo Reporting, Telephone number 858-453-7590.] (RE: related document(s)1197 Transcript Order Form (Public Request) filed by Trustee David Seror (TR)) (Gasparian, Ana) (Entered: 05/01/2020) |
| 05/04/2020 | 1199 | Hearing Held 5/1/20 - Ruling: Motion Denied (RE: related document(s)1170 Motion To Stay Pending Appeal filed by Debtor Allana Baroni) (Gasparian, Ana) (Entered: 05/04/2020) |
| 05/04/2020 | 1200 | Hearing Held 5/1/20 - Ruling: Motion Granted (RE: related document(s)1120 Motion to Approve Compromise Under Rule 9019 filed by Trustee David Seror (TR)) (Gasparian, Ana) (Entered: 05/04/2020) |
| 05/05/2020 | 1201 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 20-MB-11. RE Hearing Date: 04/03/20, [TRANSCRIPTION SERVICE PROVIDER: Echo Reporting, Telephone number 858-453-7590.] (RE: related document(s)1195 Transcript Order Form (Public Request) filed by Trustee David Seror (TR)) (Bever, Sabine) (Entered: 05/05/2020) |
| 05/06/2020 | 1202 (67 pgs) | Appellee Designation of Contents for Inclusion in Record of Appeal *(with Proof of Service)* Filed by Trustee David Seror (TR) (RE: related document(s)82 Notice of Appeal, 83 Election to Appeal, 914 Notice of Appeal and Statement of Election (Official Form 417A), 1029 Notice of Appeal and Statement of Election (Official Form 417A), 1156 Notice of Appeal and Statement of Election (Official Form 417A)). (Seflin, Susan) (Entered: 05/06/2020) |
| 05/07/2020 | 1203 (8 pgs) | Reply to (related document(s): 1188 Opposition filed by Trustee David Seror (TR), 1190 Opposition filed by Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17, 1193 Opposition filed by Trustee David Seror (TR)) Filed by Creditor Richard Antognini (Riley, Michael) (Entered: 05/07/2020) |
| 05/08/2020 | 1204 (2 pgs) | Proof of service *Omnibus Reply to Omnibus Opposition Filed as Dkt. No. 1193* Filed by Creditor Richard Antognini (RE: related document(s)1183 Motion *Notice Of Motion And Motion For Leave To Object To Unsecured Claim No. 7*). (Riley, Michael) (Entered: 05/08/2020) |
| 05/13/2020 | 1205 (1 pg) | Appeal transferred notice from BAP to USDC CC 20-1084 (Filed at the BAP on 5/13/20) (RE: related document(s)1156 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Allana Baroni) (Remy, Johanne) NOTE: USDC Case Number CV 20-04338 Modified on 5/21/2020 (Remy, Johanne). (Entered: 05/13/2020) |
| 05/14/2020 | 1206 (4 pgs) | Notice of rescheduled hearing RE: related document(s) 1183 Motion For Leave To Object To Unsecured Claim No. 7 Filed by Creditor Richard Antognini (Riley, Michael) with Notice of Service List (Bever, Sabine) (Entered: 05/14/2020) |
| 05/14/2020 | | Hearing (Bk Motion) Continued (RE: related document(s) 1183 GENERIC MOTION filed by Richard Antognini) Hearing to be held on 08/13/2020 at 02:30 PM 21041 Burbank Blvd Woodland Hills, CA 91367 for 1183 , (Bever, Sabine) (Entered: 05/14/2020) |
| 05/15/2020 | 1207 (6 pgs) | Notice of lodgment *of Order* Filed by Trustee David Seror (TR) (RE: related document(s)1120 Motion to Approve Compromise Under Rule 9019 *with Certain Prepetition Lenders Pursuant to Federal Rule of Bankruptcy Procedure 9019 and Section 363(m) of the Bankruptcy Code (with Proof of Service)*). (Seflin, Susan) (Entered: 05/15/2020) |
| 05/15/2020 | 1208 (16 pgs) | Notice of lodgment *of Findings of Fact and Conclusions of Law* Filed by Trustee David Seror (TR) (RE: related document(s)1120 Motion to Approve Compromise Under Rule 9019 *with Certain Prepetition Lenders Pursuant to Federal Rule of Bankruptcy Procedure 9019 and Section 363(m) of the Bankruptcy Code (with Proof of Service)* Filed by Trustee David Seror (TR)). (Seflin, Susan) (Entered: 05/15/2020) |
| 05/18/2020 | 1209 (8 pgs) | Monthly Operating Report. Operating Report Number: 8. For the Month Ending 4/30/2020 Filed by Trustee David Seror (TR). (Seror (TR), David) (Entered: 05/18/2020) |

| Date | # | Docket Text |
|---|---|---|
| 05/21/2020 | 1210 (2 pgs) | Notice RE: Appeal from Bankruptcy Court (USDC) (Filed at USDC on 5/13/20) (RE: related document(s)1156 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Allana Baroni) NOTE: NOTE: Case was at the BAP 20-1084 now with USDC Case Number CV 20-04338 (Remy, Johanne) (Entered: 05/21/2020) |
| 06/12/2020 | 1211 (8 pgs) | Monthly Operating Report. Operating Report Number: 9. For the Month Ending 5/31/2020 *WITH PROOF OF SERVICE* Filed by Trustee David Seror (TR). (Seror (TR), David) (Entered: 06/12/2020) |
| 07/01/2020 | 1212 (24 pgs) | Application to Employ *Trustee's Application for Authority to Employ Real Estate Broker; and Statement of Disinterestedness in Support Thereof* Filed by Trustee David Seror (TR) (Seror (TR), David) (Entered: 07/01/2020) |
| 07/01/2020 | 1213 (11 pgs) | Notice of Opportunity To Request a Hearing On Motion (LBR 9013-1(o)) Filed by Trustee David Seror (TR) (RE: related document(s)1212 Application to Employ *Trustee's Application for Authority to Employ Real Estate Broker; and Statement of Disinterestedness in Support Thereof* Filed by Trustee David Seror (TR) (Seror (TR), David)). (Seror (TR), David) (Entered: 07/01/2020) |
| 07/06/2020 | 1214 (2 pgs) | Certificate of readiness of record on appeal to District Court. Case Number: CV 20-04338 (RE: related document(s)1156 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Allana Baroni) (Remy, Johanne) (Entered: 07/06/2020) |
| 07/08/2020 | 1215 (1 pg) | Notice RE: BK Record Complete, Briefing Schedule and Notice of Entry - Re: Appeal (Filed at USDC on 7/7/20) (RE: related document(s)1156 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Allana Baroni) NOTE Bap Case number CC 20-1084. Transferred to USDC on 5/13/20. USDC Case number CV 20-04338. (Remy, Johanne) (Entered: 07/08/2020) |
| 07/15/2020 | 1216 (8 pgs) | Monthly Operating Report. Operating Report Number: 10. For the Month Ending 6/30/2020 Filed by Trustee David Seror (TR). (Seror (TR), David) (Entered: 07/15/2020) |
| 07/21/2020 | | Hearing (Bk Motion) Continued (RE: related document(s) 1183 GENERIC MOTION filed by Richard Antognini) Hearing to be held on 08/21/2020 at 02:30 PM 21041 Burbank Blvd Woodland Hills, CA 91367 for 1183 , (Gasparian, Ana) (Entered: 07/21/2020) |
| 07/29/2020 | 1217 (5 pgs) | Notice of Rescheduled Hearing (RE: related document(s)1183 Motion *Notice Of Motion And Motion For Leave To Object To Unsecured Claim No. 7* Filed by Creditor Richard Antognini). (Gasparian, Ana) (Entered: 07/29/2020) |
| 08/04/2020 | 1218 (39 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) Filed by Trustee David Seror (TR) (RE: related document(s)1212 Application to Employ *Trustee's Application for Authority to Employ Real Estate Broker; and Statement of Disinterestedness in Support Thereof*). (Seror (TR), David) (Entered: 08/04/2020) |
| 08/18/2020 | 1219 (8 pgs) | Monthly Operating Report. Operating Report Number: 11. For the Month Ending 7/31/20 *WITH PROOF OF SERVICE* Filed by Trustee David Seror (TR). (Seror (TR), David) (Entered: 08/18/2020) |
| 08/21/2020 | 1220 (2 pgs) | Order Granting Application to Employ Dilbeck Estates, and Carolyn Triebold, and Coldwell Banker Realty, and William Friedman (BNC-PDF) (Related Doc # 1212) Signed on 8/21/2020. (Gasparian, Ana) (Entered: 08/21/2020) |
| 08/23/2020 | 1221 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)1220 Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 08/23/2020. (Admin.) (Entered: 08/23/2020) |
| 08/25/2020 | 1222 | Hearing Held 8/21/20 - Ruling: Motion Denied (RE: related document(s)1183 Generic Motion filed by Creditor Richard Antognini) (Gasparian, Ana) (Entered: 08/25/2020) |
| 08/26/2020 | 1223 (5 pgs; 2 docs) | Notice of lodgment Filed by Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17 (RE: related document(s)1183 Motion *Notice Of Motion And Motion For Leave To Object To Unsecured Claim No. 7* Filed by Creditor Richard Antognini). (Attachments: # 1 Proposed Order) (Kornberg, Bernard) (Entered: 08/26/2020) |
| 08/28/2020 | 1224 (2 pgs) | Order Denying Motion for Leave to Object to Unsecured Claim No. 7 (BNC-PDF) (Related Doc # 1183 ) Signed on 8/28/2020 (Bever, Sabine) (Entered: 08/28/2020) |
| 08/30/2020 | 1225 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)1224 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 08/30/2020. (Admin.) (Entered: 08/30/2020) |
| 09/04/2020 | 1226 (11 pgs) | Motion *for Order Authorizing Trustee to Operate Real Property Through and Including September 9, 2021; Memorandum of Points and Authorities and Declaration of David Seror in Support Thereof (with proof of service)* Filed by Trustee David Seror (TR) (Seflin, Susan) (Entered: 09/04/2020) |

| | | |
|---|---|---|
| 09/04/2020 | 1227 (17 pgs) | Notice of motion/application *Notice of Motion for Motion for Order Authorizing Trustee to Operate Real Property Through and Including September 9, 2021 (with proof of service)* Filed by Trustee David Seror (TR) (RE: related document(s)1226 Motion *for Order Authorizing Trustee to Operate Real Property Through and Including September 9, 2021; Memorandum of Points and Authorities and Declaration of David Seror in Support Thereof (with proof of service)* Filed by Trustee David Seror (TR)). (Seflin, Susan) (Entered: 09/04/2020) |
| 09/04/2020 | 1228 | Hearing Set (RE: related document(s)1226 Generic Motion for Order Authorizing Trustee to Operate Real Property Through and Including Sep 09, 2021 filed by Trustee David Seror (TR)) The Hearing date is set for 10/1/2020 at 11:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Bever, Sabine) (Entered: 09/04/2020) |
| 09/11/2020 | 1229 (8 pgs) | Monthly Operating Report. Operating Report Number: 12. For the Month Ending 8/30/2020 *WITH PROOF OF SERVICE* Filed by Trustee David Seror (TR). (Seror (TR), David) (Entered: 09/11/2020) |
| 09/11/2020 | 1230 (10 pgs) | Notice of Appeal and Statement of Election to Bankruptcy Appellate Panel.(Official Form 417A) . Fee Amount $298 Filed by Creditor Richard Antognini (RE: related document(s)1224 Order on Generic Motion (BNC-PDF)). Appellant Designation due by 09/25/2020. (Riley, Michael) NOTE: BAP Case Number CC 20-1226 Modified on 9/18/2020 (Remy, Johanne). (Entered: 09/11/2020) |
| 09/11/2020 | | Receipt of Notice of Appeal and Statement of Election (Official Form 417A)(1:12-bk-10986-MB) [appeal,ntcaplel] ( 298.00) Filing Fee. Receipt number 51721638. Fee amount 298.00. (re: Doc# 1230) (U.S. Treasury) (Entered: 09/11/2020) |
| 09/14/2020 | 1231 (13 pgs; 4 docs) | Notice of referral of appeal to BAP with certificate of mailing (RE: related document(s)1230 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Richard Antognini) (Attachments: # 1 Amended Order Continuing BAP 2015 # 2 Notice of Transcripts 2016 # 3 Transcript Order Form 2018) (Jarquin, Jacqueline) (Entered: 09/14/2020) |
| 09/18/2020 | 1232 (2 pgs) | Opening Letter RE: Appeal from BAP CC 20-1226 (Filed at the BAP on 9/18/20) (RE: related document(s)1230 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Richard Antognini) (Remy, Johanne) (Entered: 09/18/2020) |
| 09/23/2020 | 1233 (43 pgs) | Adversary case 1:20-ap-01082. Complaint by David Seror against Jack Kasarjian, Karlene Kelley. ($350.00 Fee Charge To Estate). *Complaint for Specific Performance and Injunctive Relief* Nature of Suit: (72 (Injunctive relief - other)),(91 (Declaratory judgment)) (Coy, Ryan) (Entered: 09/23/2020) |
| 10/04/2020 | 1234 | Hearing Held 10/1/20 - Ruling: Motion Granted (RE: related document(s)1226 Generic Motion filed by Trustee David Seror (TR)) (Gasparian, Ana) (Entered: 10/04/2020) |
| 10/07/2020 | 1235 (2 pgs) | Order Granting Motion for Order Authorizing Trustee to Operate Real Property Through and Including September 09, 2021. (BNC-PDF) (Related Doc # 1226 ) Signed on 10/7/2020 (Bever, Sabine) (Entered: 10/07/2020) |
| 10/07/2020 | 1236 (1 pg) | Appeal deficiency letter to BAP, RE: Statement of Issues, Designation of Record, Notice of transcript (RE: related document(s)1230 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Richard Antognini) (Jarquin, Jacqueline) (Entered: 10/07/2020) |
| 10/09/2020 | 1237 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)1235 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 10/09/2020. (Admin.) (Entered: 10/09/2020) |
| 10/13/2020 | 1238 (1 pg) | Appeal transferred notice from BAP to USDC CC 20-1226 (Filed at the BAP on 10/9/20) (RE: related document(s)1230 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Richard Antognini) (Jarquin, Jacqueline) (Entered: 10/13/2020) |
| 10/14/2020 | 1239 (11 pgs) | Monthly Operating Report. Operating Report Number: 13. For the Month Ending 9/30/2020 *WITH PROOF OF SERVICE* Filed by Trustee David Seror (TR). (Seror (TR), David) (Entered: 10/14/2020) |
| 10/19/2020 | 1240 (2 pgs) | Notice RE: Appeal from Bankruptcy Court (USDC) (Filed at USDC on 10/15/20) (RE: related document(s)1230 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Richard Antognini) NOTE: BAP Case Number CC 20-1226. Now with USDC case number CV 20-09386. (Remy, Johanne) (Entered: 10/19/2020) |
| 10/30/2020 | 1241 (76 pgs) | Motion to Sell Property of the Estate Free and Clear of Liens under Section 363(f) *Notice of Motion for: Chapter 7 Trustee's Motion to: (1) Approve Sale of Real Property Free and Clear of all Liens, Interests, Claims and Encumbrances with Such Liens, Interests, Claims, and Encumbrances to Attach to Proceeds; (2) Approve Overbid Procedures; and (3) Determine that Buyer is Entitled to Protection (with proof of service)*. Fee Amount $181, Filed by Trustee David Seror (TR) (Seflin, Susan) (Entered: 10/30/2020) |

| Date | # | Docket Text |
|---|---|---|
| 10/30/2020 | 1242 (11 pgs) | Notice of Hearing *(with proof of service)* Filed by Trustee David Seror (TR) (RE: related document(s)1241 Motion to Sell Property of the Estate Free and Clear of Liens under Section 363(f) *Notice of Motion for: Chapter 7 Trustee's Motion to: (1) Approve Sale of Real Property Free and Clear of all Liens, Interests, Claims and Encumbrances with Such Liens, Interests, Claims, and Encumbrances to Attach to Proceeds; (2) Approve Overbid Procedures; and (3) Determine that Buyer is Entitled to Protection (with proof of service)*. Fee Amount $181, Filed by Trustee David Seror (TR)). (Seflin, Susan) (Entered: 10/30/2020) |
| 10/30/2020 | 1243 (4 pgs) | Notice of sale of estate property (LBR 6004-2) 3435 Rio Rd., Carmel, California 93921 Filed by Trustee David Seror (TR). (Seflin, Susan) (Entered: 10/30/2020) |
| 10/30/2020 | | Receipt of Motion to Sell Property of the Estate Free and Clear of Liens under Section 363(f) - Fee(1:12-bk-10986-MB) [motion,msell] ( 181.00) Filing Fee. Receipt number 51977113. Fee amount 181.00. (re: Doc# 1241) (U.S. Treasury) (Entered: 10/30/2020) |
| 11/02/2020 | 1244 | Hearing Set (RE: related document(s)1241 Motion to Sell Property of the Estate Free and Clear of Liens under Section 363(f) - Fee filed by Trustee David Seror (TR)) The Hearing date is set for 11/20/2020 at 11:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Cetulio, Julie) (Entered: 11/02/2020) |
| 11/03/2020 | 1245 (2 pgs) | Proof of service *Supplemental Proof of Service* Filed by Trustee David Seror (TR) (RE: related document(s)1241 Motion to Sell Property of the Estate Free and Clear of Liens under Section 363(f) *Notice of Motion for: Chapter 7 Trustee's Motion to: (1) Approve Sale of Real Property Free and Clear of all Liens, Interests, Claims and Encumbrances with Such L). (Seflin, Susan) (Entered: 11/03/2020)* |
| 11/03/2020 | 1246 (13 pgs) | Notice of Hearing *Amended Notice of Hearing (with Proof of Service)* Filed by Trustee David Seror (TR) (RE: related document(s)1241 Motion to Sell Property of the Estate Free and Clear of Liens under Section 363(f) *Notice of Motion for: Chapter 7 Trustee's Motion to: (1) Approve Sale of Real Property Free and Clear of all Liens, Interests, Claims and Encumbrances with Such Liens, Interests, Claims, and Encumbrances to Attach to Proceeds; (2) Approve Overbid Procedures; and (3) Determine that Buyer is Entitled to Protection (with proof of service)*. Fee Amount $181, Filed by Trustee David Seror (TR)). (Seflin, Susan) (Entered: 11/03/2020) |
| 11/03/2020 | 1247 (4 pgs) | Notice of sale of estate property (LBR 6004-2) (RE: related document(s)1241 Motion to Sell Property of the Estate Free and Clear of Liens under Section 363(f) Notice of Motion for: Chapter 7 Trustee's Motion to: (1) Approve Sale of Real Property Free and Clear of all Liens, Interests, Claims and Encumbrances with Such Liens, Interests, Claims, and Encumbrances to Attach to Proceeds) Filed by Trustee David Seror (TR). (Seflin, Susan) (Entered: 11/03/2020) |
| 11/03/2020 | 1248 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date was selected. The correct hearing date is 11/20/20 at 11:00 a.m. THE FILER IS INSTRUCTED TO FILE AN AMENDED NOTICE OF MOTION/HEARING WITH THE CORRECT HEARING INFORMATION.** (RE: related document(s)1245 Proof of service filed by Trustee David Seror (TR), 1246 Notice of Hearing filed by Trustee David Seror (TR), 1247 Notice of sale of estate property (LBR 6004-2) filed by Trustee David Seror (TR)) (Gasparian, Ana) CORRECTION: DISREGARD NOTICE Modified on 11/4/2020 (Gasparian, Ana). (Entered: 11/03/2020) |
| 11/04/2020 | 1249 | Hearing Continued (RE: related document(s)1241 Motion to Sell Property of the Estate Free and Clear of Liens under Section 363(f) - Fee filed by Trustee David Seror (TR)) The Hearing date is set for 12/9/2020 at 11:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Gasparian, Ana) (Entered: 11/04/2020) |
| 11/04/2020 | 1250 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Fujimoto, Daniel. (Fujimoto, Daniel) (Entered: 11/04/2020) |
| 11/05/2020 | 1251 (32 pgs) | Motion to Approve Compromise Under Rule 9019 *Notice of Motion and Motion to Approve Compromise with Jack Kasarjian Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure; Memorandum of Points and Authorities and Declaration of David Seror in Support Thereof with Proof of Service* Filed by Trustee David Seror (TR) (Coy, Ryan) (Entered: 11/05/2020) |
| 11/05/2020 | 1252 (34 pgs) | Notice of Opportunity To Request a Hearing On Motion (LBR 9013-1(o)) *with Proof of Service* Filed by Trustee David Seror (TR) (RE: related document(s)1251 Motion to Approve Compromise Under Rule 9019 *Notice of Motion and Motion to Approve Compromise with Jack Kasarjian Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure; Memorandum of Points and Authorities and Declaration of David Seror in Support Thereof with Proof of Service* Filed by Trustee David Seror (TR)). (Coy, Ryan) (Entered: 11/05/2020) |
| 11/05/2020 | 1253 (9 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal Filed by Creditor Richard Antognini (RE: related document(s)1230 Notice of Appeal and Statement of Election (Official Form 417A)). Appellee designation due by 11/19/2020. Transmission of Designation Due by 12/7/2020. (Antognini, Richard) (Entered: 11/05/2020) |

| | | |
|---|---|---|
| 11/10/2020 | 1254 (2 pgs) | Proof of service *Supplemental Proof of Service* Filed by Trustee David Seror (TR) (RE: related document(s)1241 Motion to Sell Property of the Estate Free and Clear of Liens under Section 363(f) *Notice of Motion for: Chapter 7 Trustee's Motion to: (1) Approve Sale of Real Property Free and Clear of all Liens, Interests, Claims and Encumbrances with Such L, 1246 Notice of Hearing). (Bagdanov, Jessica) (Entered: 11/10/2020)* |
| 11/16/2020 | 1255 (11 pgs) | Monthly Operating Report. Operating Report Number: 14. For the Month Ending 10/31/20 *WITH PROOF OF SERVICE* Filed by Trustee David Seror (TR). (Seror (TR), David) (Entered: 11/16/2020) |
| 11/19/2020 | 1256 (1 pg) | Transcript Order Form related to an Appeal, regarding Hearing Date 8/21/2020 Filed by Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17 (RE: related document(s)1183 Motion *Notice Of Motion And Motion For Leave To Object To Unsecured Claim No. 7*). (Kornberg, Bernard) (Entered: 11/19/2020) |
| 11/19/2020 | 1257 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 20-MB-25. RE Hearing Date: 08/21/2020, [TRANSCRIPTION SERVICE PROVIDER: ECHO Reporting, Telephone number 858-453-7590.] (RE: related document(s)1256 Transcript Order Form (Public Request) filed by Creditor Wells Fargo Bank, N.A. As Trustee For Structured Adjustable Rate Mortgage Loan Trust Mortgage Pass-Through Certificates, Series 2005-17) (Cetulio, Julie) (Entered: 11/19/2020) |
| 11/24/2020 | 1258 (70 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) Filed by Trustee David Seror (TR) (RE: related document(s)1251 Motion to Approve Compromise Under Rule 9019 *Notice of Motion and Motion to Approve Compromise with Jack Kasarjian Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure; Memorandum of Points and Authorities and Declaration of David Seror). (Bagdanov, Jessica) (Entered: 11/24/2020)* |
| 11/25/2020 | 1259 (24 pgs) | Opposition to (related document(s): 1241 Motion to Sell Property of the Estate Free and Clear of Liens under Section 363(f) *Notice of Motion for: Chapter 7 Trustee's Motion to: (1) Approve Sale of Real Property Free and Clear of all Liens, Interests, Claims and Encumbrances with Such L filed by Trustee David Seror (TR)) ; Request to Continue the Motion; Request for a Stay Pending Appeal if the Motion is Granted; Declaration of Allana Baroni, with Proof of Service Filed by Debtor Allana Baroni (Hayes, M.) (Entered: 11/25/2020)* |
| 11/25/2020 | 1260 (25 pgs) | Motion To Stay Pending Appeal *Motion for an Order Granting a Stay Pending Appeal of Order Approving Sale of Carmel Property; Memorandum of Points and Authorities; Declaration of Allana Baroni in Support Thereof, with Proof of Service* Filed by Debtor Allana Baroni (Hayes, M.) (Entered: 11/25/2020) |
| 11/25/2020 | 1261 (10 pgs) | Application shortening time *Application for Order Setting Hearing on Shortened Notice; Declaration of M. Jonathan Hayes in Support Thereof, with Proof of Service* Filed by Debtor Allana Baroni (Hayes, M.) (Entered: 11/25/2020) |
| 12/01/2020 | 1262 (4 pgs) | Order Granting Application and Setting Hearing on Shortened Notice (BNC-PDF) (Related Doc # 1261 ) Signed on 12/1/2020 (Bever, Sabine) (Entered: 12/01/2020) |
| 12/01/2020 | 1263 | Hearing Set (RE: related document(s)1260 Motion To Stay Pending Appeal filed by Debtor Allana Baroni) The Hearing date is set for 12/9/2020 at 11:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Bever, Sabine) (Entered: 12/01/2020) |
| 12/01/2020 | 1264 (2 pgs) | Order Granting Motion to Approve Compromise with Jack Kasarjian Pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (BNC-PDF) (Related Doc # 1251) Signed on 12/1/2020. (Bever, Sabine) (Entered: 12/01/2020) |
| 12/01/2020 | 1265 (88 pgs) | Transcript regarding Hearing Held 04/03/20 RE: MOTION FOR APPROVAL OF COMPROMISE UNDER RULE 9019 WITH CERTAIN PRE-PETITION LENDERS PURSUANT TO FRBP 9019 AND SECTION 363(M) OF THE BANKRUPTCY CODE. Remote electronic access to the transcript is restricted until 03/1/2021. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Echo Reporting, Inc., Telephone number (858) 453-7590.]. Notice of Intent to Request Redaction Deadline Due By 12/8/2020. Redaction Request Due By 12/22/2020. Redacted Transcript Submission Due By 01/4/2021. Transcript access will be restricted through 03/1/2021. (Jauregui, Tara) (Entered: 12/01/2020) |
| 12/01/2020 | 1266 (15 pgs) | Exhibit *"A" to Motion, with Proof of Service* Filed by Debtor Allana Baroni (RE: related document(s)1260 Motion To Stay Pending Appeal *Motion for an Order Granting a Stay Pending Appeal of Order Approving Sale of Carmel Property; Memorandum of Points and Authorities; Declaration of Allana Baroni in Support Thereof, with Proof of Service*). (Hayes, M.) (Entered: 12/01/2020) |
| 12/01/2020 | 1267 (53 pgs) | Notice of Hearing *on Shortened Time, with Proof of Service* Filed by Debtor Allana Baroni (RE: related document(s)1260 Motion To Stay Pending Appeal *Motion for an Order Granting a Stay Pending Appeal of Order Approving Sale of Carmel Property; Memorandum of Points and Authorities; Declaration of Allana* |

| | | |
|---|---|---|
| | | *Baroni in Support Thereof, with Proof of Service* Filed by Debtor Allana Baroni (Hayes, M.)). (Hayes, M.) (Entered: 12/01/2020) |
| 12/02/2020 | 1268 (35 pgs) | Reply to (related document(s): 1259 Opposition filed by Debtor Allana Baroni) *Chapter 7 Trustee's Reply to Debtor's: (1) Opposition to Motion to Approve Sale of Real Property; (2) Request to Continue the Motion; and (3) Request for a Stay Pending Appeal if the Motion is Granted; Declarations of Sam S. Leslie and Heidi Robinson in Support Thereof* Filed by Trustee David Seror (TR) (Bagdanov, Jessica) (Entered: 12/02/2020) |
| 12/02/2020 | 1269 (4 pgs) | Notice of transcripts Filed by Creditor Richard Antognini (RE: related document(s)1230 Notice of Appeal and Statement of Election (Official Form 417A)). (Riley, Michael) (Entered: 12/02/2020) |
| 12/03/2020 | 1270 (9 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)1262 ORDER shortening time (BNC-PDF)) No. of Notices: 1. Notice Date 12/03/2020. (Admin.) (Entered: 12/03/2020) |
| 12/03/2020 | 1271 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)1264 Order on Motion to Approve Compromise Under Rule 9019 (BNC-PDF)) No. of Notices: 1. Notice Date 12/03/2020. (Admin.) (Entered: 12/03/2020) |
| 12/04/2020 | 1272 (20 pgs) | Findings of Fact and Conclusions of Law (RE: related document(s)1120 Motion to Approve Compromise With Certain Prepetition Lenders filed by Trustee David Seror (TR)) (Bever, Sabine) (Entered: 12/04/2020) |
| 12/04/2020 | 1273 (3 pgs) | Order Granting Chapter 7 Trustee's Motion for Approval of Compromise with Certain Prepetition Lenders Pursuant to Federal Rule of Bankruptcy Procedure 9019 and Section 363(m) of the Bankruptcy Code (BNC-PDF) (Related Doc # 1120) Signed on 12/4/2020. (Bever, Sabine) (Entered: 12/04/2020) |
| 12/06/2020 | 1274 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)1273 Order on Motion to Approve Compromise Under Rule 9019 (BNC-PDF)) No. of Notices: 1. Notice Date 12/06/2020. (Admin.) (Entered: 12/06/2020) |
| 12/07/2020 | 1275 (8 pgs) | Opposition to (related document(s): 1260 Motion To Stay Pending Appeal *Motion for an Order Granting a Stay Pending Appeal of Order Approving Sale of Carmel Property; Memorandum of Points and Authorities; Declaration of Allana Baroni in Support Thereof, with Proof of Service* filed by Debtor Allana Baroni) Filed by Creditor Nationstar Mortgage, LLC (Kornberg, Bernard) (Entered: 12/07/2020) |
| 12/07/2020 | 1276 (25 pgs) | Opposition to (related document(s): 1260 Motion To Stay Pending Appeal *Motion for an Order Granting a Stay Pending Appeal of Order Approving Sale of Carmel Property; Memorandum of Points and Authorities; Declaration of Allana Baroni in Support Thereof, with Proof of Service* filed by Debtor Allana Baroni) *Opposition to Debtor's Motion for an Order Granting a Stay Pending Appeal of Order Approving Sale of Carmel Property* Filed by Trustee David Seror (TR) (Bagdanov, Jessica) (Entered: 12/07/2020) |
| 12/07/2020 | 1277 (6 pgs) | Declaration re: *of Ja'Nita Fisher Regarding Service of Notice of Hearing, with Proof of Service* Filed by Debtor Allana Baroni (RE: related document(s)1267 Notice of Hearing). (Hayes, M.) (Entered: 12/07/2020) |
| 12/09/2020 | 1278 (1 pg) | Transcript Order Form related to an Appeal, regarding Hearing Date 12/09/2020 Filed by Debtor Allana Baroni. (Riley, Michael) (Entered: 12/09/2020) |
| 12/10/2020 | 1279 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 20-MB-26. RE Hearing Date: 12/09/2020, [TRANSCRIPTION SERVICE PROVIDER: J & J Court Transcribers, Telephone number 609-586-2311.] (RE: related document(s)1278 Transcript Order Form (Public Request) filed by Debtor Allana Baroni) (Cetulio, Julie) (Entered: 12/10/2020) |
| 12/10/2020 | 1280 | Hearing Held 12/9/20 - Ruling: Approved (RE: related document(s)1241 Motion to Sell Property of the Estate Free and Clear of Liens under Section 363(f) - Fee filed by Trustee David Seror (TR)) (Gasparian, Ana) (Entered: 12/10/2020) |
| 12/10/2020 | 1281 | Hearing Held 12/9/20 - Ruling: Motion Denied (RE: related document(s)1260 Motion To Stay Pending Appeal filed by Debtor Allana Baroni) (Gasparian, Ana) (Entered: 12/10/2020) |
| 12/10/2020 | 1282 (8 pgs) | Notice of lodgment *, with Proof of Service* Filed by Debtor Allana Baroni (RE: related document(s)1260 Motion To Stay Pending Appeal *Motion for an Order Granting a Stay Pending Appeal of Order Approving Sale of Carmel Property; Memorandum of Points and Authorities; Declaration of Allana Baroni in Support Thereof, with Proof of Service* Filed by Debtor Allana Baroni (Hayes, M.)). (Hayes, M.) (Entered: 12/10/2020) |
| 12/10/2020 | 1283 (2 pgs) | Order Denying Motion for an Order Granting Stay Pending Appeal of Order Approving Sale of Carmel Property (BNC-PDF) (Related Doc # 1260) Signed on 12/10/2020. (Gasparian, Ana) (Entered: 12/10/2020) |
| 12/11/2020 | 1284 | Transcript regarding Hearing Held 12/09/20 RE: Trustee's motion to approve sale. Remote electronic access |

| | | |
|---|---|---|
| | (52 pgs) | to the transcript is restricted until 03/11/2021. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: J&J Court Transcribers, Inc., Telephone number 609-586-2311.] (RE: related document(s) 1278 Transcript Order Form related to an Appeal, regarding Hearing Date 12/09/2020 Filed by Debtor Allana Baroni.). Notice of Intent to Request Redaction Deadline Due By 12/18/2020. Redaction Request Due By 01/4/2021. Redacted Transcript Submission Due By 01/11/2021. Transcript access will be restricted through 03/11/2021. (Bowen, James) (Entered: 12/11/2020) |
| 12/11/2020 | 1285 (11 pgs) | Notice of lodgment *of Order* Filed by Trustee David Seror (TR) (RE: related document(s)1241 Motion to Sell Property of the Estate Free and Clear of Liens under Section 363(f) *Notice of Motion for: Chapter 7 Trustee's Motion to: (1) Approve Sale of Real Property Free and Clear of all Liens, Interests, Claims and Encumbrances with Such L). (Bagdanov, Jessica) (Entered: 12/11/2020)* |
| 12/12/2020 | 1286 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)1283 Order on Motion To Stay Pending Appeal (BNC-PDF)) No. of Notices: 1. Notice Date 12/12/2020. (Admin.) (Entered: 12/12/2020) |
| 12/16/2020 | 1287 (7 pgs) | Order Granting Motion To: (1) Approve Sale of Real Property Free and Clear of all Liens, Interests, Claims, and Encumbrances with Such Liens, Interests, Claims, and Encumbrances to Attach to Proceeds Pursuant to 11 U.S.C. sections 363(b) and (f); (2) Approve Overbid Procedures; and (3) Determine that Buyer is Entiitled to Protection Pursuant to 11 U.S.C. section 363(m) (Related Doc # 1241 ) Signed on 12/16/2020 (Cetulio, Julie) (Entered: 12/16/2020) |
| 12/16/2020 | 1288 | Request for a Certified Copy Fee Amount $11. The document will be sent via email to :mzepeda@bg.law: Filed by Trustee David Seror (TR) (RE: related document(s)1287 Order on Motion To Sell (BNC-PDF)). (Bagdanov, Jessica) (Entered: 12/16/2020) |
| 12/16/2020 | | Receipt of Request for a Certified Copy(1:12-bk-10986-MB) [misc,paycert] ( 11.00) Filing Fee. Receipt number 52191368. Fee amount 11.00. (re: Doc# 1288 ) (U.S. Treasury) (Entered: 12/16/2020) |
| 12/16/2020 | 1289 (11 pgs) | Monthly Operating Report. Operating Report Number: 15. For the Month Ending 11/30/20 *WITH PROOF OF SERVICE* Filed by Trustee David Seror (TR). (Seror (TR), David) (Entered: 12/16/2020) |
| 12/16/2020 | 1290 | Certified Copy Emailed to mzepeda@bg.law (Entered: 12/16/2020) |
| 12/17/2020 | 1291 (9 pgs) | Notice of Appeal and Statement of Election to Bankruptcy Appellate Panel.(Official Form 417A) *, with Proof of Service*. Fee Amount $298 Filed by Debtor Allana Baroni (RE: related document(s)1273 Order on Motion to Approve Compromise Under Rule 9019 (BNC-PDF)). Appellant Designation due by 12/31/2020. (Hayes, M.) NOTE: BAP Case number CC 20-1278. Modified on 12/22/2020 (Remy, Johanne). (Entered: 12/17/2020) |
| 12/17/2020 | 1292 (13 pgs) | Notice of Appeal and Statement of Election to Bankruptcy Appellate Panel.(Official Form 417A) *, with Proof of Service*. Fee Amount $298 Filed by Debtor Allana Baroni (RE: related document(s)1287 Order on Motion To Sell (BNC-PDF)). Appellant Designation due by 12/31/2020. (Hayes, M.) NOTE: BAP Case number CC 20-1279. Modified on 12/22/2020 (Remy, Johanne). (Entered: 12/17/2020) |
| 12/17/2020 | | Receipt of Notice of Appeal and Statement of Election (Official Form 417A)(1:12-bk-10986-MB) [appeal,ntcaplel] ( 298.00) Filing Fee. Receipt number 52200016. Fee amount 298.00. (re: Doc# 1291) (U.S. Treasury) (Entered: 12/17/2020) |
| 12/17/2020 | | Receipt of Notice of Appeal and Statement of Election (Official Form 417A)(1:12-bk-10986-MB) [appeal,ntcaplel] ( 298.00) Filing Fee. Receipt number 52200016. Fee amount 298.00. (re: Doc# 1292) (U.S. Treasury) (Entered: 12/17/2020) |
| 12/18/2020 | 1293 (12 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)1287 Order on Motion To Sell (BNC-PDF)) No. of Notices: 1. Notice Date 12/18/2020. (Admin.) (Entered: 12/18/2020) |
| 12/22/2020 | 1294 (2 pgs) | Notice of referral of appeal to BAP with certificate of mailing (RE: related document(s)1291 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Allana Baroni) (Remy, Johanne) (Entered: 12/22/2020) |
| 12/22/2020 | 1295 (2 pgs) | Notice of referral of appeal to BAP with certificate of mailing (RE: related document(s)1292 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Allana Baroni) (Remy, Johanne) (Entered: 12/22/2020) |
| 12/22/2020 | 1296 (2 pgs) | Opening Letter RE: Appeal from BAP CC 20-1278 (Filed at the BAP on 12/22/20) (RE: related document(s)1291 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Allana Baroni) (Remy, Johanne) (Entered: 12/22/2020) |
| 12/22/2020 | 1297 | Opening Letter RE: Appeal from BAP CC 20-1279 (Filed at the BAP on 12/22/20) (RE: related |

| | | |
|---|---|---|
| | (2 pgs) | document(s)1292 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Allana Baroni) (Remy, Johanne) (Entered: 12/22/2020) |
| 01/25/2021 | 1298 (14 pgs) | Order Re: Appeal from the United States Bankruptcy Court's Conversion Order (BNC-PDF) (Filed at the USDC on 1/25/21) (RE: related document(s)1029 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Allana Baroni). NOTE: USDC Case number CV 19-07548 The Bankruptcy Court's Conversion Order is Affirmed (Remy, Johanne) (Entered: 01/25/2021) |
| 01/26/2021 | 1299 (15 pgs) | Order Re: Appeal from the United States Bankruptcy Court's Turnover Order (BNC-PDF) (Filed at the USDC on 1/25/21) (RE: related document(s)1156 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Allana Baroni). NOTE: USDC Case number CV 20-04338 The Bankruptcy Court's Turnover Order is Affirmed (Remy, Johanne) (Entered: 01/26/2021) |
| 01/27/2021 | 1300 (15 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)1298 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 01/27/2021. (Admin.) (Entered: 01/27/2021) |
| 01/28/2021 | 1301 (16 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)1299 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 01/28/2021. (Admin.) (Entered: 01/28/2021) |
| 01/29/2021 | 1302 (9 pgs) | Monthly Operating Report. Operating Report Number: 16. For the Month Ending December 31, 2020 Filed by Trustee David Seror (TR). (Seror (TR), David) (Entered: 01/29/2021) |
| 01/29/2021 | 1303 (18 pgs) | Notice of Appeal to Ninth Circuit Court of Appeals from a Judgment or Order of the District Court (Filed at USDC on 1/28/21) (RE: related document(s)1156 Notice of Appeal and Statement of Election to Bankruptcy Appellate Panel.(Official Form 417A) *, with Proof of Service*. Fee Amount $298 Filed by Debtor Allana Baroni (RE: related document(s)1148 Order on Motion for Turnover of Property (BNC-PDF)). Appellant Designation due by 04/20/2020. (Hayes, M.) NOTE: BAP case number CC 20-1084 4/13/2020 (Remy, Johanne). NOTE: Transferred to USDC on 5/13/20. USCD Case number CV 20-04338. Transferred to Ninth Circuit on 1/29/21 Ninth Circuit Case number 21-55076. Modified on 7/8/2020 (Remy, Johanne). Modified on 1/29/2021 .). (Remy, Johanne) (Entered: 01/29/2021) |
| 02/09/2021 | 1304 (6 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal *Designation of Record and Statement of Issues re Appeal of Order Granting Trustee's Motion for Approval of Compromise [Docket No. 1273], with Proof of Service* Filed by Debtor Allana Baroni (RE: related document(s)1291 Notice of Appeal and Statement of Election (Official Form 417A)). Appellee designation due by 02/23/2021. Transmission of Designation Due by 03/11/2021. (Hayes, M.) (Entered: 02/09/2021) |
| 02/09/2021 | 1305 (5 pgs) | Notice of transcripts *re Appeal of Order Granting Trustee's Motion for Approval of Compromise (Docket No. 1273), with Proof of Service* Filed by Debtor Allana Baroni (RE: related document(s)1291 Notice of Appeal and Statement of Election (Official Form 417A)). (Hayes, M.) (Entered: 02/09/2021) |
| 02/09/2021 | 1306 (5 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal *Designation of Record and Statement of Issues re Appeal of Order Granting Trustee's Motion for Approval of Sale of Carmel Property (Docket NO. 1287), with Proof of Service* Filed by Debtor Allana Baroni (RE: related document(s)1292 Notice of Appeal and Statement of Election (Official Form 417A)). Appellee designation due by 02/23/2021. Transmission of Designation Due by 03/11/2021. (Hayes, M.) (Entered: 02/09/2021) |
| 02/09/2021 | 1307 (5 pgs) | Notice of transcripts *for Appeal of Order Granting Trustee's Motion for Approval of Sale of Carmel Property (Docket No. 1287), with Proof of Service* Filed by Debtor Allana Baroni (RE: related document(s)1292 Notice of Appeal and Statement of Election (Official Form 417A)). (Hayes, M.) (Entered: 02/09/2021) |
| 02/09/2021 | 1308 (1 pg) | Appeal deficiency letter to Transcripts (RE: related document(s)1291 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Allana Baroni) NOTE: BAP Case number CC 20-1278 (Remy, Johanne) (Entered: 02/09/2021) |
| 02/09/2021 | 1309 (1 pg) | Appeal deficiency letter to Notice of Transcripts (RE: related document(s)1230 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Richard Antognini) NOTE: USCD Case number CV 20-09386 (Remy, Johanne) (Entered: 02/09/2021) |
| 02/18/2021 | 1310 (11 pgs) | Monthly Operating Report. Operating Report Number: 17. For the Month Ending 1/31/21 *WITH PROOF OF SERVICE* Filed by Trustee David Seror (TR). (Seror (TR), David) (Entered: 02/18/2021) |
| 02/19/2021 | 1311 (3 pgs) | BAP/USDC judgment appealed to US Court of Appeal Re: Appeal BAP/USDC Number: CV 19-07548 (Filed at USDC on 2/18/21) (Related document(s) 1029 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Allana Baroni) (Remy, Johanne) (Entered: 02/19/2021) |
| 02/24/2021 | 1312 (2 pgs) | Certificate of readiness of record on appeal to BAP. Case Number: CC 20-1279 (RE: related document(s)1292 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Allana Baroni) (Remy, Johanne) (Entered: 02/24/2021) |

| | | |
|---|---|---|
| 03/17/2021 | 1313 (11 pgs) | Monthly Operating Report. Operating Report Number: 18. For the Month Ending 2/28/21 *WITH PROOF OF SERVICE* Filed by Trustee David Seror (TR). (Seror (TR), David) (Entered: 03/17/2021) |
| 04/16/2021 | 1314 (16 pgs) | Monthly Operating Report. Operating Report Number: 19. For the Month Ending 3/31/21 *WITH PROOF OF SERVICE* Filed by Trustee David Seror (TR). (Seror (TR), David) (Entered: 04/16/2021) |
| 05/14/2021 | 1315 (13 pgs) | Monthly Operating Report. Operating Report Number: 20. For the Month Ending 4/30/21 *WITH PROOF OF SERVICE* Filed by Trustee David Seror (TR). (Seror (TR), David) (Entered: 05/14/2021) |
| 06/15/2021 | 1316 (13 pgs) | Monthly Operating Report. Operating Report Number: 21. For the Month Ending 5/31/21 *WITH PROOF OF SERVICE* Filed by Trustee David Seror (TR). (Seror (TR), David) (Entered: 06/15/2021) |
| 06/16/2021 | 1317 (2 pgs) | Appeal deficiency letter to Transcripts (Second Notice) (RE: related document(s)1291 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Allana Baroni) NOTE: BAP Case Number CC 20-1278 (Remy, Johanne) (Entered: 06/16/2021) |
| 06/16/2021 | 1318 (2 pgs) | Certificate of readiness of record on appeal to BAP. Case Number: (RE: related document(s)1292 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Allana Baroni) NOTE: BAP Case number CC 20-1279 (Remy, Johanne) (Entered: 06/16/2021) |
| 06/16/2021 | 1319 (2 pgs) | Civil Minutes RE: Appeal (USDC) (Filed at USDC on 4/8/21) (RE: related document(s)1230 Notice of Appeal and Statement of Election (Official Form 417A) filed by Creditor Richard Antognini) NOTE: BAP Case Number CC 20-1226; USCD Case Number CV 20-09386 (Remy, Johanne) (Entered: 06/16/2021) |
| 06/30/2021 | 1320 (5 pgs) | Stipulation By Nationstar Mortgage, LLC and *Trustee for Entry of an Adequate Protection Order* Filed by Creditor Nationstar Mortgage, LLC (Kornberg, Bernard) (Entered: 06/30/2021) |
| 06/30/2021 | 1321 (5 pgs; 2 docs) | Notice of lodgment *of Adequate Protection Order* Filed by Creditor Nationstar Mortgage, LLC (RE: related document(s)1320 Stipulation By Nationstar Mortgage, LLC and *Trustee for Entry of an Adequate Protection Order* Filed by Creditor Nationstar Mortgage, LLC). (Attachments: # 1 Proposed Order) (Kornberg, Bernard) (Entered: 06/30/2021) |
| 07/07/2021 | 1322 (24 pgs) | Statement *And Objection to Request For Entry of Order Approving Stipulation For Adequate Protection Filed as Dkt. No. 1320* Filed by Creditor Richard Antognini. (Riley, Michael). Related document(s) 1320 Stipulation By Nationstar Mortgage, LLC and *Trustee for Entry of an Adequate Protection Order* filed by Creditor Nationstar Mortgage, LLC. Modified on 7/8/2021 (Garcia, Patty). (Entered: 07/07/2021) |
| 07/08/2021 | 1323 (2 pgs) | Proof of service Filed by Creditor Richard Antognini (RE: related document(s)1322 Statement). (Riley, Michael) (Entered: 07/08/2021) |
| 07/12/2021 | 1324 (6 pgs) | Reply to (related document(s): 1320 Stipulation By Nationstar Mortgage, LLC and *Trustee for Entry of an Adequate Protection Order* filed by Creditor Nationstar Mortgage, LLC, 1322 Statement filed by Creditor Richard Antognini) Filed by Creditor Nationstar Mortgage, LLC (Kornberg, Bernard) (Entered: 07/12/2021) |
| 07/14/2021 | 1325 (21 pgs) | Memorandum of decision (BNC-PDF) (Filed at the BAP on 7/13/21) Related document(s) 1291 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Allana Baroni. (Remy, Johanne) (Entered: 07/14/2021) |
| 07/14/2021 | 1326 (1 pg) | BAP/USDC appeal judgment BAP Judgment Re: Appeal BAP/USDC Number: CC 20-1278, Ruling: AFFIRMING, (Filed at the BAP on 7/13/21) (RE: related document(s)1291 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Allana Baroni). (Remy, Johanne) (Entered: 07/14/2021) |
| 07/14/2021 | 1327 (21 pgs) | Memorandum of decision (BNC-PDF) (Filed at the BAP on 7/13/21) Related document(s) 1292 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Allana Baroni. (Remy, Johanne) (Entered: 07/14/2021) |
| 07/14/2021 | 1328 (1 pg) | BAP/USDC appeal judgment BAP Judgment Re: Appeal BAP/USDC Number: CC 20-1279, Ruling: AFFRIMING (Filed at the BAP on 7/13/21) (RE: related document(s)1292 Notice of Appeal and Statement of Election (Official Form 417A) filed by Debtor Allana Baroni). (Remy, Johanne) (Entered: 07/14/2021) |
| 07/16/2021 | 1329 (26 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)1325 Memorandum of decision (BNC-PDF)) No. of Notices: 1. Notice Date 07/16/2021. (Admin.) (Entered: 07/16/2021) |
| 07/16/2021 | 1330 (22 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)1327 Memorandum of decision (BNC-PDF)) No. of Notices: 1. Notice Date 07/16/2021. (Admin.) (Entered: 07/16/2021) |
| 07/19/2021 | 1331 | Monthly Operating Report. Operating Report Number: 22. For the Month Ending 6/30/21 *WITH PROOF* |

| | | |
|---|---|---|
| | (13 pgs) | *OF SERVICE* Filed by Trustee David Seror (TR). (Seror (TR), David) (Entered: 07/19/2021) |
| 08/12/2021 | 1332 (1 pg) | Notice of Filing Appeal to the Ninth Circuit (Filed at BAP on 8/11/21) (RE: related document(s)1291 Notice of Appeal and Statement of Election to Bankruptcy Appellate Panel.(Official Form 417A) *, with Proof of Service*. Fee Amount $298 Filed by Debtor Allana Baroni (RE: related document(s)1273 Order on Motion to Approve Compromise Under Rule 9019 (BNC-PDF)). Appellant Designation due by 12/31/2020. (Hayes, M.) NOTE: BAP Case number CC 20-1278. Modified on 12/22/2020 .). (Remy, Johanne) (Entered: 08/12/2021) |
| 08/12/2021 | 1333 (1 pg) | Notice of Filing Appeal to the Ninth Circuit (Filed at BAP on 8/11/21) (RE: related document(s)1292 Notice of Appeal and Statement of Election to Bankruptcy Appellate Panel.(Official Form 417A) *, with Proof of Service*. Fee Amount $298 Filed by Debtor Allana Baroni (RE: related document(s)1287 Order on Motion To Sell (BNC-PDF)). Appellant Designation due by 12/31/2020. (Hayes, M.) NOTE: BAP Case number CC 20-1279. Modified on 12/22/2020 .). (Remy, Johanne) (Entered: 08/12/2021) |
| 08/16/2021 | 1334 (11 pgs) | Monthly Operating Report. Operating Report Number: 23. For the Month Ending 7/31/21 *WITH PROOF OF SERVICE* Filed by Trustee David Seror (TR). (Seror (TR), David) (Entered: 08/16/2021) |
| 08/30/2021 | 1335 (12 pgs) | Motion *for Order Authorizing Trustee to Operate Real Property Through and Including September 9, 2022; Memorandum of Points and Authorities and Declaration of David Seror in Support Thereof (with proof of service)* Filed by Trustee David Seror (TR) (Seflin, Susan) WARNING: Item subsequently amended by docket entry #1337. Modified on 8/30/2021 (Garcia, Patty). (Entered: 08/30/2021) |
| 08/30/2021 | 1336 (18 pgs) | Notice of Hearing , Notice of motion/application *Notice of Motion for Motion for Order Authorizing Trustee to Operate Real Property Through and Including September 9, 2022 (with proof of service)* Filed by Trustee David Seror (TR) (RE: related document(s)1335 Motion *for Order Authorizing Trustee to Operate Real Property Through and Including September 9, 2022; Memorandum of Points and Authorities and Declaration of David Seror in Support Thereof (with proof of service)* Filed by Trustee David Seror (TR)). (Seflin, Susan) (Entered: 08/30/2021) |
| 08/30/2021 | 1337 | Notice to Filer of Error and/or Deficient Document **Other - Matter has NOT been set for hearing. Filer is required to file the Supplemental Notice of Hearing to be Held Remotely Using ZoomGov Audio and Video. See Judge Barash's self calendaring instructions for more information.** (RE: related document(s)1335 Generic Motion filed by Trustee David Seror (TR)) (Garcia, Patty) (Entered: 08/30/2021) |
| 08/31/2021 | 1338 (8 pgs) | Notice *Supplemental Notice of Hearing to be Held Remotely Using ZoomGov Audio and Video (with proof of service)* Filed by Trustee David Seror (TR) (RE: related document(s)1335 Motion *for Order Authorizing Trustee to Operate Real Property Through and Including September 9, 2022; Memorandum of Points and Authorities and Declaration of David Seror in Support Thereof (with proof of service)* Filed by Trustee David Seror (TR) (Seflin, Susan) WARNING: Item subsequently amended by docket entry #1337. Modified on 8/30/2021.). (Seflin, Susan) (Entered: 08/31/2021) |
| 08/31/2021 | 1339 (5 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal *Designation of Record and Statement of Issues re Appeal to the Ninth Circuit of Order Granting Trustee's Motion for Approval of Sale of Carmel Property, with Proof of Service* Filed by Debtor Allana Baroni (RE: related document(s)1292 Notice of Appeal and Statement of Election (Official Form 417A)). Appellee designation due by 09/14/2021. Transmission of Designation Due by 09/30/2021. (Hayes, M.) (Entered: 08/31/2021) |
| 08/31/2021 | 1340 (5 pgs) | Notice of transcripts *for Appeal to the Ninth Circuit of Order Granting Trustee's Motion for Approval of Sale of Carmel Property [Docket No. 1287], with Proof of Service* Filed by Debtor Allana Baroni (RE: related document(s)1292 Notice of Appeal and Statement of Election (Official Form 417A)). (Hayes, M.) (Entered: 08/31/2021) |
| 08/31/2021 | 1341 (6 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal *Designation of Record and Statement of Issues re Appeal to Ninth Circuit of Order Granting Trustee's Motion for Approval of Compromise [Docket No. 1273], with Proof of Service* Filed by Debtor Allana Baroni (RE: related document(s)1291 Notice of Appeal and Statement of Election (Official Form 417A)). Appellee designation due by 09/14/2021. Transmission of Designation Due by 09/30/2021. (Hayes, M.) (Entered: 08/31/2021) |
| 08/31/2021 | 1342 (5 pgs) | Notice of transcripts *for Appeal to the Ninth Circuit of Order Granting Trustee's Motion for Approval of Compromise [Docket No. 1273], with Proof of Service* Filed by Debtor Allana Baroni (RE: related document(s)1291 Notice of Appeal and Statement of Election (Official Form 417A)). (Hayes, M.) (Entered: 08/31/2021) |
| 08/31/2021 | 1343 | Hearing Set (RE: related document(s)1335 Generic Motion filed by Trustee David Seror (TR)) The Hearing date is set for 9/22/2021 at 11:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Garcia, Patty) (Entered: 08/31/2021) |
| 09/08/2021 | 1344 (35 pgs) | Opposition to (related document(s): 1335 Motion *for Order Authorizing Trustee to Operate Real Property Through and Including September 9, 2022; Memorandum of Points and Authorities and Declaration of David Seror in Support Thereof (with proof of service)* filed by Trustee David Seror (TR)) *; Declaration of* |

| | | |
|---|---|---|
| | | *Allana Baroni in Support Thereof, with Proof of Service* Filed by Debtor Allana Baroni (Resnik, Matthew) (Entered: 09/08/2021) |
| 09/15/2021 | 1345 (13 pgs) | Monthly Operating Report. Operating Report Number: 24. For the Month Ending 8/31/21 *WITH PROOF OF SERVICE* Filed by Trustee David Seror (TR). (Seror (TR), David) (Entered: 09/15/2021) |
| 09/15/2021 | 1346 (39 pgs) | Reply to (related document(s): 1344 Opposition filed by Debtor Allana Baroni) *Trustee's Reply to Debtor's Opposition to Motion for Order Authorizing Trustee to Operate Real Property Through and Including September 9, 2022; Supplemental Declaration of David Seror* Filed by Trustee David Seror (TR) (Bagdanov, Jessica) (Entered: 09/15/2021) |
| 09/19/2021 | 1347 (15 pgs) | Statement *of Joinder* Filed by Creditor Richard Antognini. (Riley, Michael) (Entered: 09/19/2021) |
| 09/19/2021 | 1348 (10 pgs) | Motion *For an Order Directing Trustee to Cooperate in Discovery Initiated Under Rule 9014 in the Contested Matter of the Motion for an Order Authorizing Trustee to Operate Real Property Through and Including September 9, 2022 and Request for Continued Hearing* Filed by Creditor Richard Antognini (Riley, Michael) (Entered: 09/19/2021) |
| 09/19/2021 | 1349 (6 pgs) | Ex parte application *for Order Setting Hearing on Shortened Notice [LBR 9075-1 (b)]* Filed by Creditor Richard Antognini (Riley, Michael) (Entered: 09/19/2021) |
| 09/20/2021 | 1350 (3 pgs) | Order Granting Application and Setting Hearing (BNC-PDF) (Related Doc # 1349) Signed on 9/20/2021 (Gasparian, Ana) CORRECTION: The correct hearing time is at 11:00 a.m. Modified on 9/20/2021 (Gasparian, Ana). (Entered: 09/20/2021) |
| 09/20/2021 | 1351 | Hearing Set (RE: related document(s)1348 Generic Motion filed by Creditor Richard Antognini) The Hearing date is set for 9/22/2021 at 11:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Gasparian, Ana) (Entered: 09/20/2021) |
| 09/21/2021 | 1352 (11 pgs) | Declaration re: *Notice and Service* Filed by Creditor Richard Antognini (RE: related document(s)1350 Order on Generic Motion (BNC-PDF)). (Riley, Michael) (Entered: 09/21/2021) |
| 09/22/2021 | 1353 (8 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)1350 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 09/22/2021. (Admin.) (Entered: 09/22/2021) |
| 09/24/2021 | 1354 | Hearing Held 9/22/21 - Ruling: Denied (RE: related document(s)1348 Generic Motion filed by Creditor Richard Antognini) (Gasparian, Ana) (Entered: 09/24/2021) |
| 09/24/2021 | 1355 | Hearing Held 9/22/21 - Ruling: Granted (RE: related document(s)1335 Generic Motion filed by Trustee David Seror (TR)) (Gasparian, Ana) (Entered: 09/24/2021) |
| 09/30/2021 | 1356 (17 pgs; 3 docs) | Motion *to Approve Stipulation for Entry of Adequate Protection Order* Filed by Creditor Nationstar Mortgage, LLC (Attachments: # 1 Exhibit A - Stipulation # 2 Exhibit B - Proposed Order) (Kornberg, Bernard) (Entered: 09/30/2021) |
| 09/30/2021 | 1357 (4 pgs) | Notice of Hearing *on Motion to Approve Stipulation for Entry of an Adequate Protection Order* Filed by Creditor Nationstar Mortgage, LLC (RE: related document(s)1356 Motion *to Approve Stipulation for Entry of Adequate Protection Order* Filed by Creditor Nationstar Mortgage, LLC (Attachments: # 1 Exhibit A - Stipulation # 2 Exhibit B - Proposed Order)). (Kornberg, Bernard) (Entered: 09/30/2021) |
| 09/30/2021 | 1358 | Notice to Filer of Error and/or Deficient Document **Other - Matter has NOT been set for hearing. Filer is required to file the Supplemental Notice of Hearing to be Held Remotely Using ZoomGov Audio and Video. See Judge Barash's self calendaring instructions for more information.** (RE: related document(s)1356 Generic Motion filed by Creditor Nationstar Mortgage, LLC) (Garcia, Patty) (Entered: 09/30/2021) |
| 09/30/2021 | 1359 (6 pgs) | Notice of lodgment *of Order Granting Motion for Order Authorizing Trustee to Operate Real Property Through and Including September 9, 2022* Filed by Trustee David Seror (TR) (RE: related document(s)1335 Motion *for Order Authorizing Trustee to Operate Real Property Through and Including September 9, 2022; Memorandum of Points and Authorities and Declaration of David Seror in Support Thereof (with proof of service)*). (Bagdanov, Jessica) (Entered: 09/30/2021) |
| 10/01/2021 | 1360 (2 pgs) | Notice of Hearing *Supplemental* Filed by Creditor Nationstar Mortgage, LLC (RE: related document(s)1356 Motion *to Approve Stipulation for Entry of Adequate Protection Order* Filed by Creditor Nationstar Mortgage, LLC (Attachments: # 1 Exhibit A - Stipulation # 2 Exhibit B - Proposed Order)). (Kornberg, Bernard) (Entered: 10/01/2021) |
| 10/01/2021 | 1361 | Hearing Set (RE: related document(s)1356 Generic Motion filed by Creditor Nationstar Mortgage, LLC) The Hearing date is set for 10/27/2021 at 11:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, |

| | | CA 91367. The case judge is Martin R. Barash (Gasparian, Ana) (Entered: 10/01/2021) |
|---|---|---|
| 10/08/2021 | 1362 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by March, Kathleen. (March, Kathleen) (Entered: 10/08/2021) |
| 10/13/2021 | 1363 (4 pgs) | Notice of Hearing *Notice to Professionals of Hearing Date on Interim Applications for Allowance and Payment of Fees and Reimbursement of Expenses* Filed by Trustee David Seror (TR). (Seror (TR), David) (Entered: 10/13/2021) |
| 10/13/2021 | 1364 (4 pgs) | Notice *Supplemental Notice of Hearing to be Held Remotely Using ZoomGov Audio and Video* Filed by Trustee David Seror (TR) (RE: related document(s)1363 Notice of Hearing *Notice to Professionals of Hearing Date on Interim Applications for Allowance and Payment of Fees and Reimbursement of Expenses* Filed by Trustee David Seror (TR). (Seror (TR), David)). (Seror (TR), David) (Entered: 10/13/2021) |
| 10/13/2021 | 1365 | Hearing Set Related document(s) 1363 Notice of Hearing filed by Trustee David Seror (TR).Status hearing to be held on 12/8/2021 at 11:00 AM at Crtrm 303, 21041 Burbank Blvd, Woodland Hills, CA 91367. The case judge is Martin R. Barash (Gasparian, Ana) (Entered: 10/13/2021) |
| 10/13/2021 | 1366 (12 pgs) | Opposition to (related document(s): 1356 Motion *to Approve Stipulation for Entry of Adequate Protection Order* filed by Creditor Nationstar Mortgage, LLC) Filed by Creditor Richard Antognini (Riley, Michael) (Entered: 10/13/2021) |
| 10/14/2021 | 1367 (11 pgs) | Monthly Operating Report. Operating Report Number: 25. For the Month Ending 09/30/21 *WITH PROOF OF SERVICE* Filed by Trustee David Seror (TR). (Seror (TR), David) (Entered: 10/14/2021) |
| 10/20/2021 | 1368 (6 pgs) | Reply to (related document(s): 1361 Hearing (Bk Motion) Set) Filed by Creditor Nationstar Mortgage, LLC (Kornberg, Bernard) (Entered: 10/20/2021) |
| 10/21/2021 | 1369 (2 pgs) | Order Granting Motion for Order Authorizing Trustee to Operate Real Property Through and Including Setpember 9, 2022 (BNC-PDF) (Related Doc # 1335 ) Signed on 10/21/2021 (Cetulio, Julie) (Entered: 10/21/2021) |
| 10/23/2021 | 1370 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)1369 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 10/23/2021. (Admin.) (Entered: 10/23/2021) |
| 10/26/2021 | 1371 (4 pgs) | Notice *of Change of Firm Affiliation* Filed by Creditors The Bank of New York Mellon, The Bank of New York Mellon fka the Bank of New York Successor Trustee to JPMorgan Chase Bank, N.A., as Trustee for the Structured Asset Mortgage Investments II Trust, Mortgage Pass- Through Certifica. (Balser, Justin) (Entered: 10/26/2021) |
| 10/27/2021 | 1372 (1 pg) | Transcript Order Form, regarding Hearing Date 10/27/21 Filed by Debtor Allana Baroni (RE: related document(s)1356 Motion *to Approve Stipulation for Entry of Adequate Protection Order*). (Riley, Michael) (Entered: 10/27/2021) |
| 10/28/2021 | 1373 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 21-MB-20. RE Hearing Date: 10/27/21, [TRANSCRIPTION SERVICE PROVIDER: J & J Court Transcribers, Telephone number (609)586-2311.] (RE: related document(s)1372 Transcript Order Form (Public Request) filed by Debtor Allana Baroni) (Gasparian, Ana) (Entered: 10/28/2021) |
| 11/02/2021 | 1374 (2 pgs) | Order Denying Motion Under F.R.B.P. 4001(d) for Approval of Stipulation for Entry of an Adequate Protection Order as to the Carmel Property (BNC-PDF) (Related Doc # 1356 ) Signed on 11/2/2021 (Cetulio, Julie) (Entered: 11/02/2021) |
| 11/03/2021 | 1375 | Hearing Held 10/27/21 - Ruling: Denied without prejudice (RE: related document(s)1356 Generic Motion filed by Creditor Nationstar Mortgage, LLC) (Gasparian, Ana) (Entered: 11/03/2021) |
| 11/04/2021 | 1376 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)1374 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 11/04/2021. (Admin.) (Entered: 11/04/2021) |
| 11/15/2021 | 1377 (12 pgs) | Monthly Operating Report. Operating Report Number: 26. For the Month Ending 10/31/21 *WITH PROOF OF SERVICE* Filed by Trustee David Seror (TR). (Seror (TR), David) (Entered: 11/15/2021) |

**PACER Service Center**

**Transaction Receipt**

11/17/2021 15:24:30

| | | | |
|---|---|---|---|
| **PACER Login:** | kmarch80366 | **Client Code:** | P Allana Baroni |
| **Description:** | Docket Report | **Search Criteria:** | 1:12-bk-10986-MB Fil or Ent: filed From: 1/1/2012 To: 11/17/2021 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

Main Document Page 268 of 271

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
10524 W Pico Blvd., Ste. 212, Los Angeles, CA 90064

A true and correct copy of the foregoing document entitled (*specify*): NOTICE OF MOTION AND MOTION OF DEBTOR ALLANA BARONI, MOVING THE BANKRUPTCY COURT FOR AN ORDER REMOVING CHAPTER 7 TRUSTEE DAVID SEROR FOR CAUSE, PURSUANT TO 11 USC §324(b); MEMORANDUM OF P & A; DECLARATIONS OF KATHLEEN P. MARCH, ESQ., APRIL HESS, AND ALLANA BARONI, EACH W/EXHIBITS will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 17, 2021** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See continuation page A attached hereto X Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **November 17, 2021** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

See continuation page B attached hereto X Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **November 17, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Hon. Martin Barash
United States Bankruptcy Court
Central District of California
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

Office of the U.S. Trustee
915 Wilshire Blvd., Ste. 1850
Los Angeles, CA 90017

A copy of the CD-ROM with the video that is Exhibit B to Baroni Decl. is being hand-filed at the Court, and is being hand-served or FedEx-served as follows:
- the Court, by delivery to the Woodland Hills filing window (by hand delivery)
- Trustee David Seror and his law firm (at his law firm, by hand delivery)
- Bernard Kornberg, at his law firm (by FedEx express)
- Office of the U.S. Trustee (by FedEx express).

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/17/21 | Kathleen P. March | /s/ Kathleen P. March |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE** 258

**CONTINUATION SHEET A**
**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING**

- Richard L Antognini , rlalawyer@yahoo.com
- Richard L Antognini rlalawyer@yahoo.com, rlalawyer@yahoo.com
- Jessica L Bagdanov jbagdanov@bg.law, ecf@bg.law
- Justin D Balser parisa.jassim@akerman.com;joseph.yoon@akerman.com;Amanda.herrera@akerman.com;Suzanne.jimenez@akerman.com;joanna.seiner@akerman.com;jenny.barker@akerman.com;den-cf@akerman.com;abigail.dewitt@akerman.com;masterdocketc
- Adam N Barasch anb@severson.com, cas@severson.com;nye@severson.com
- Eric Bensamochan eric@eblawfirm.us, G63723@notify.cincompass.com
- Justin C Bentley justinbentley@yahoo.com, mslattery@lkfirm.com,mabner@lkfirm.com,caguilar@lkfirm.com
- Linda M Blank linda@lmblank.com, lindablank.lb@gmail.com
- Theron S Covey theronscovey@hotmail.com, sferry@raslg.com
- Ryan Coy ecf@bg.law, rcoy@bg.law
- Michael Daniels BkECFnotifications@nationstarmail.com
- Louis J Esbin Louis@Esbinlaw.com
- Richard W Esterkin richard.esterkin@morganlewis.com
- Oscar Estrada oestrada@ttc.lacounty.gov
- Christopher R Fredrich cfredrich@stroock.com, lacalendar@stroock.com
- Daniel K Fujimoto wdk@wolffirm.com
- Steven T Gubner sgubner@bg.law, ecf@bg.law
- M. Jonathan Hayes jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com
- Gregory K Jones gjones@stradlinglaw.com, smjohnson@sycr.com;smjohnson@stradlinglaw.com
- Jeff Katofsky jeff@oremowlz.com, jgroves@propertymanagers.biz
- Kelly M Kaufmann bknotice@mccarthyholthus.com, kraftery@ecf.courtdrive.com
- Bernard J Kornberg bjk@severson.com, elw@severson.com
- Andrew Kussmaul Andrew.Kussmaul@Bonialpc.com
- Lewis R Landau Lew@Landaunet.com
- Kathleen P March kmarch@bkylawfirm.com, kmarch3@sbcglobal.net
- Jeannette Marsala jmarsala@marsalalawfirm.com, jmarsala@marsalalawfirm.com
- Thomas E McCurnin tmccurnin@bkolaw.com, aduran@bkolaw.com;kescano@bkolaw.com
- John Rafferty john.rafferty@bonialpc.com
- Robert Reganyan reganyanlawfirm@gmail.com
- Robert Reganyan reganyanlawfirm@gmail.com
- Matthew D. Resnik matt@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- J. Alexandra Rhim arhim@hrhlaw.com
- Cassandra J Richey cdcaecf@bdfgroup.com
- Michael S Riley mriley8@aol.com, 10986aa@gmail.com
- S Margaux Ross margaux.ross@usdoj.gov, Kate.Bunker@UST.DOJ.GOV
- Stefanie A Schiff stefanie.schiff@akerman.com, preston.ascherin@akerman.com;Melissa.cizmorris@akerman.com;Suzanne.jimenez@akerman.com
- Susan K Seflin sseflin@bg.law, ecf@bg.law
- David Seror (TR) aquijano@bg.law, C133@ecfcbis.com;mgalvan@bg.law
- Mark M Sharf msharf00@gmail.com, 2180473420@filings.docketbird.com;mark_091@ecf.courtdrive.com
- Wayne A Silver ws@waynesilverlaw.com, w_silver@sbcglobal.net

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012 F 9013-3.1.PROOF.SERVICE

259

- James K Snyder ksnyder@dykema.com, cacossano@dykema.com
- Lukas Sosnicki lsosnicki@thompsoncoburn.com, bgutierrez@thompsoncoburn.com
- Bill Taylor ecfnotices@4stechnologies.com
- Edward A Treder cdcaecf@bdfgroup.com
- United States Trustee (SV) ustpregion16.wh.ecf@usdoj.gov
- Kristin A Zilberstein Kris.Zilberstein@Padgettlawgroup.com, BKecf@padgettlawgroup.com;Kris.Zilberstein@ecf.courtdrive.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

260

Main Document Page 271 of 271

**CONTINUATION SHEET B**
**TO BE SERVED BY U.S.P.S FIRST CLASS MAIL**

Severson & Werson (Attorneys for Wells Fargo Bank, N.A. as Trustee for Series 2005-17)
Bernard J. Kornberg, Esq.: re Allana Baroni
1 Embarcadero Ctr. Ste. 2600
San Francisco, CA 94111

Preston K Ascherin
Akerman LLP
601 West Fifth Street, Ste 300
Los Angeles, CA 90071

Goodman Faith, LLP
c/o Greenberg & Bass
16000 Ventura Boulevard, Suite 1000
Encino,

Jeff Katofsky
Law Office of Jeff Katofsky, Esq.
4558 Sherman Oaks Avenue
Sherman Oaks, CA 91403

LEA Accountancy, LLP
3435 Wilshire Boulevard
Suite 990
Los Angeles, CA 90010

Landsberg & Associates
16030 Ventura Blvd, Ste 470
Encino, CA 91436

Andrew W Noble
Severson & Werson
One Embarcadero Center Ste 2600
San Francisco, CA 94111

Harry A Olivar
Quinn Emanuel
865 S. Figueroa, 10th Flr
Los Angeles, CA 90017

Christopher Peterson
Duncan Peterson, LLP
9965 Chesapeake Dr Ste 305
San Diego, CA 92123

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012 F 9013-3.1.PROOF.SERVICE
261