```
1   STEVEN T. GUBNER – Bar No. 156593
    SUSAN K. SEFLIN – Bar No. 213865
2   JESSICA L. BAGDANOV – Bar No. 281020
    BRUTZKUS GUBNER
3   21650 Oxnard Street, Suite 500
    Woodland Hills, CA 91367
4   Telephone:  (818) 827-9000
    Facsimile:   (818) 827-9099
5   Email:      sgubner@bg.law
                sseflin@bg.law
6               jbagdanov@bg.law

7   Attorneys for David Seror, Chapter 7 Trustee
```

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | Case No. 1:12-bk-10986-MB |
| ALLANA BARONI, | Chapter 7 |
| Debtor. | **TRUSTEE'S OBJECTIONS TO AND REQUEST TO STRIKE THE DECLARATION OF KATHLEEN P. MARCH FILED IN SUPPORT TRUSTEE'S OPPOSITION TO MOTION OF DEBTOR ALLANA BARONI, MOVING THE BANKRUPTCY COURT FOR AN ORDER REMOVING CHAPTER 7 TRUSTEE DAVID SEROR FOR CAUSE, PURSUANT TO 11 U.S.C. § 324(b); AND MOVING COURT TO MAKE CRIMINAL REFERRALS OF WELLS FARGO BANK, OF BANK'S ATTORNEY BERNARD KORNBERG, AND OF SEROR, AS SPECIFIED IN THE ATTACHED NOTICE OF MOTION AND MOTION**<br><br>Hearing:<br><br>Date:  December 8, 2021<br>Time: 3:00 p.m.<br>Place: Courtroom 303 Via ZoomGov |

1

2736600

David Seror, Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Allana Baroni (the "Debtor"), hereby objects to the entirety of the Declaration of Kathleen P. March (the "March Declaration") appended to the Debtor's motion to remove the Trustee [Doc. 1378] and requests that it be stricken in its entirety.  Setting aside the fact that the entire declaration is defamatory per se,[1] it improperly submitted evidence insofar as (a) the declarant lacks personal knowledge and foundation (Fed. R. Evid. 104(b), 601, 602), (b) her statements consist of improper legal conclusions, argument and lay opinion (Fed. R. Evid. 701(c), 702), (c) her statements are not relevant to any issues (Fed. R. Evid. 402), (d) her statements violate the best evidence rule and are hearsay (Fed. R. Evid. 801, 802, 901, 1002, 1003), (e) her declaration consists of expert opinions for which she is not qualified to render and which are improper insofar as before March may offer expert testimony she was required (but failed) to disclose in writing "a complete statement of all opinions the witness will express and the basis and reasons for them" and the "facts or data considered by the witness in forming them." Fed. R. Civ. Proc 26(a)(2)(B)(i)-(ii); see also Fed. R. Evid. 703, and (f) the statements contained therein are a patent and improper attempt to seek reconsideration of prior Court orders that are now subject to the appellate process.

A declaration that "primarily contains legal argument rather than evidentiary matter" is properly stricken.  *Pacific Gas and Elec. Co. v. Lynch*, 216 F. Supp.2d. 1016, 1027 (N.D. Cal. 2002); *see also Universal Grading Serv. v. eBay, Inc.*, 2011 WL 846060, at *11 (N.D. Cal. Mar. 8, 2011) ("Because [Plaintiffs'] Declaration contains numerous legal conclusions and arguments and lacks proper foundation, this court grants [Defendant's] motion to strike."); *Logtale, Ltd. v. IKOR, Inc.*, 2015 WL 1299849, at *5, fn. 4 (striking declaration that, among other things, "includes numerous pages of argument, legal conclusions, and assertions not within the declarant's personal knowledge").

---

[1] Rule 3.3 of the California Rules of Professional Conduct set forth the standards of candor a lawyer must exhibit towards a tribunal.  Among other things, "[a] lawyer shall not: knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;". . . offer evidence that the lawyer knows to be false."

2

To the extent that the Court does not strike the March Declaration in its entirety, the Trustee further objects and moves to strike individually the following paragraphs for the following each and every paragraph therein as referred to more specifically below.

| Citation | Declaration Testimony | Basis to Strike |
|---|---|---|
| ¶ 4, at 147:22-148:4 | That sequencing is particularly important to analyzing Seror's Motion to Compromise (dkt.1120, filed 2/21/20, and heard and granted 5/1/20), because several months before Seror filed his dkt. 1120 Compromise Motion, filed 2/21/20, with Seror's Declaration, Baroni had, on 8/20/19, filed Baroni's Motion that is dkt.1037 with this Court; and Baroni's dkt 1037 Motion attached, as Exhibit F to Baroni's dkt.1037 Motion, the Note and DOT on the Baroni's Henderson property, each stamped "PAID IN FULL", along with a letter from Nationstar (servicer for Wells Fargo Bank) dated 4/1/19, returning the original Note and DOT to the Baronis, each stamped "PAID IN FULL", and congratulating the Baronis on having paid the Note, in full. | **Legal argument; Relevance; Lacks personal knowledge and foundation; Inadmissible hearsay and Best Evidence.**<br><br>The declarant has no personal knowledge of events that have occurred in this bankruptcy case, which is almost 10 years old. She certainly has no personal knowledge as to whether, if, or when the Note was paid in full. To the extent the declarant is quoting from documents, the documents are the best evidence of their content. To the extent the declarant is offering the statements in the documents for the truth of the matters asserted the testimony is hearsay. And, the statement is not relevant insofar as the compromise with Wells Fargo was approved by this Court and, at best, the statement is part of an untimely and improper motion for reconsideration. |
| ¶ 5, at 148:5-148:14 | Therefore, at the time that Seror filed his Motion that claimed to be "settling" Wells Fargo's POC 7-2, filed 7/16/19, by having this Hon. Court grant Wells Fargo an allowed $450,000 general unsecured claim in Baroni's bankruptcy case regarding the Note on the Henderson property, Seror knew that, as a matter of law, ZERO was owed to Wells Fargo on that Note, because (1) on 4/1/19 the original Note and DOT on the Henderson property had been returned to the Baronis by Wells Fargo's servicer Nationstar, and (2) the returned Note and DOT were each stamped "PAID IN FULL", and (3) Wells Fargo's POC 7-2, filed | **Legal argument; Legal Conclusion; Relevance; Lacks personal knowledge and foundation; Inadmissible hearsay and Best Evidence.**<br><br>The declarant improperly purports to opine on the mental state of the Trustee and, further provides bald legal and factual conclusion that are improper and that lack personal knowledge and foundation. |

3

| | | |
|---|---|---|
| | 7/16/19, was fraudulent, because POC 7-2 attached a copy of the Note, that was not stamped paid in full. | |
| ¶ 6, 148:15-18 | Seror's Compromise Motion did not settle POC 7-2. Instead, Seror's Compromise Motion (dkt.1120) used Wells Fargo's fraudulent POC 7-2, to create an allowed $450,000 general unsecured claim for Wells Fargo, via Seror's Compromise Motion, when Wells Fargo was owed Zero. | **Legal argument; Legal Conclusion; Relevance; Lacks personal knowledge and foundation; Inadmissible hearsay and Best Evidence; improper lay and expert opinion.** <br><br> The declarant purports to provide pure legal opinions and legal conclusions. The declarant also lacks personal knowledge as to what Wells Fargo was owed. The Compromise Motion is the best evidence of its contents. The declarant offers an improper lay and expert opinion as to what the Compromise Motion did or did not settle. |
| ¶ 7, 148:19-149:27 | Wells Fargo Bank, and Bank's attorney Bernard Kornberg, both committed bankruptcy crime, by violating 18 USC §152(4), by "presenting" (aka filing) POC 7-2, on 7/16/19, claiming Wells Fargo had a general unsecured claim of $839,944, when as a matter of law, ZERO was owed Bank, on a Note, when the original Note had previously been returned to the borrowers (Baronis) by Bank's servicer, stamped "PAID IN FULL". Attorney Kornberg signed Wells Fargo's POC 7-2, attaching the copy of the Henderson Note that was not stamped paid in full, over 3 months after the original of that Note had been returned to the Baronis by Wells Fargo's servicer Nationstar, stamped paid in full on 4/1/19. | **Legal argument; Legal Conclusion; Relevance; Lacks personal knowledge and foundation; Inadmissible hearsay and Best Evidence; Improper Lay and Expert Opinion.** <br><br> The declarant purports to provide pure legal opinions and legal conclusions. The declarant also lacks personal knowledge as to what Wells Fargo was owed. The Compromise Motion and the other documents identified are the best evidence of their contents. <br> The declarant has no personal knowledge or foundation for any of the statements or opinions contained in this paragraph. <br> The statement is both an improper lay opinion, as well as an improper expert opinion. |
| ¶ 8, 148:28-149:4 | Seror committed bankruptcy crime, 18 USC §152(4), by "using" Wells Fargo's fraudulent POC 7-2, in Seror's Compromise Motion (dkt.1120) as the basis for moving | **Legal argument; Legal Conclusion; Relevance; Lacks personal knowledge and foundation; Inadmissible hearsay and Best Evidence;** |

4

| | | | |
|---|---|---|---|
| | | this Hon. Bankruptcy Court to grant Wells Fargo Bank (which was owed ZERO) an allowed general unsecured claim of $450,000, based on "settling" Wells Fargo's fraudulent POC 7-2. | **Improper Lay and Expert Opinion.** <br> The declarant purports to provide pure legal opinions and legal conclusions. The declarant also lacks personal knowledge as to what Wells Fargo was owed. The Compromise Motion and the other documents identified are the best evidence of their contents. <br> The declarant has no personal knowledge or foundation for any of the statements or opinions contained in this paragraph. <br> The statement is both an improper lay opinion, as well as an improper expert opinion. |
| | ¶ 9, 149:5-8 | Seror using Wells Fargo's fraudulent POC 7-2 is bankruptcy crime, because using a fraudulent claim in a bankruptcy case, is bankruptcy crime, just as presenting (aka filing) a fraudulent claim in a bankruptcy case, violates 18 USC §152(4). | **Legal argument; Legal Conclusion; Improper Lay and Expert Opinion.** <br><br> The declarant purports to provide pure legal opinions and legal conclusions. The statement is both an improper lay opinion, as well as an improper expert opinion. |
| | ¶ 10, 149:9-12 | This Court has a duty to refer Wells Fargo, its attorney Kornberg, and Seror to the Office of US Trustee and to the Office of US Attorney, for investigation for possible prosecution for bankruptcy crimes. | **Improper legal argument and legal conclusion; improper opinion testimony.** <br><br> The declarant's attempt to advise this Court as to this Court's duty is improper legal argument, improper legal conclusion and improper opinion testimony to which she is not qualified to render and to which shed did not provide her opinions as required under the federal code. |
| | ¶ 11, 149:12-18 | Instead of "settling" the $839,944 (fraudulent, and invalid as a matter of law) Wells Fargo POC 7-2, for an allowed $450,000 general unsecured claim, it was Seror's duty, as Trustee, to demand that Wells Fargo withdraw its fraudulent POC, and if Wells Fargo did not do so, to file an Objection to that POC. 11 USC §704(a)(5) (duties of trustee) states: "(5) if a purpose would be served, | **Improper legal argument and legal conclusion; lacks personal knowledge; improper opinion testimony.** <br><br> The declarant has no personal knowledge regarding the purported evidence and, in any event, the paragraph consists solely of improper legal arguments, improper legal |

2736600

| | | | |
|---|---|---|---|
| | | examine proofs of claims and object to the allowance of any claim that is improper." | conclusions, and improper opinion testimony. |
| | ¶ 12, at 149:19-28 | Wells Fargo would very likely have filed a withdrawal of that fraudulent POC 7-2, if Seror had simply demanded that Wells Fargo withdraw its false proof of claim, citing 18 USC §152(4). Therefore, it is likely that filing an Objection to POC 7-2 would not have been necessary. But if Seror needed to file an Objection to POC 7-2, it would have been a very simple Objection, because all Seror would have needed to do would be to attach to Seror's Objection the "PAID IN FULL" Note and "PAID IN FULL" DOT, which Bank had returned to Baronis on 4/1/19 (printing them from Exhibit F to Baroni's Motion that is dkt.1037, filed 8/20/19, and to point out that from 4/1/19 onward, Baronis, not Wells Fargo, had possession of that Note. | **Improper legal argument and legal conclusion; lacks personal knowledge; improper opinion testimony, and speculation**.<br><br>The declarant has no personal knowledge regarding the purported evidence and, in any event, the paragraph consists solely of improper legal arguments, improper legal conclusions, and improper opinion testimony. It also consists of rank speculation. |
| | ¶ 13, at 150:1-10 | A trustee who commits bankruptcy crime must be removed for cause, without anything else. But here, Seror has additionally abused his power s trustee, by Seror and his real estate broker acting without authorization regarding the Hess tenants; has lied to the Court via Seror's attorney Bagdanov; has lied to the Court in pleadings filed by Seror's firm (including Seror's Declaration to the Compromise Motion (dkt.1120); has lost $400,000 (maybe up to $800,000) for the bankruptcy estate by poor listing procedures (as found by US District Judge Fitgerald) regarding Baronis' Carmel rental property; has lost the bankruptcy estate additional money, including but not limited to because Seror allowed insurance to lapse, and by leaving up to $650,000 in Zero interest accounts (in violation of USTrustee guidelines). | **Improper legal argument and legal conclusion; lacks personal knowledge; improper opinion testimony**.<br><br>The declarant has no personal knowledge regarding the purported evidence and, in any event, the paragraph consists solely of improper legal arguments, improper legal conclusions, and improper opinion testimony. |
| | ¶ 14, at 150:11-15 | All this evidence requires this Court to grant Baroni's herein Motion to remove Seror, for cause, pursuant to 11 USC §324(b), from continuing to act as the Chapter 7 Trustee in Baroni's bankruptcy case, and from | **Improper legal argument and legal conclusion; lacks personal knowledge**.<br><br>The declarant has no personal knowledge regarding the |

6

2736600

| | | | |
|---|---|---|---|
| | | continuing to act as Trustee in additional bankruptcy cases. | purported evidence and, in any event, the paragraph consists solely of improper legal arguments and improper legal conclusions. |
| | ¶ 15, 150:16-27 | 18 USC §152(4) not only makes it a bankruptcy crime to "present" (aka file) a knowingly false claim in a bankruptcy case. 18 USC §152(4) additionally makes it a bankruptcy crime to "use" such a false claim in a bankruptcy case. Wells Fargo presented (aka filed) fraudulent Wells Fargo POC 7-2 on 7/16/19. Seror used Wells Fargo's fraudulent POC 7-2, in Seror's Compromise Motion (dkt.1120 filed 2/21/20 and heard and granted on 5/1/20) as the basis for the Court granting Wells Fargo an allowed $450,000 general unsecured claim, when zero was owed, and Seror knew zero was owed, because Baroni's Motion(dkt.1037, filed 8/20/19), had filed with the Court the Note and DOT on Henderson, each stamped "PAID IN FULL" and the 4/1/19 Letter to Baronis from Wells Fargo's servicer, Nationstar, congratulating Baronis for having paid the Henderson Note in full; all filed as Exhibit F to Baroni's dkt.1037 Motion. | **Improper legal argument and legal conclusion; lacks personal knowledge**.<br><br>The declarant has no personal knowledge regarding the purported evidence and, in any event, the paragraph consists solely of improper legal arguments and improper legal conclusions. |
| | ¶ 16, at 150:28-151:7 | Wells Fargo and its attorney (Bernard Jaron Kornberg, Esq (CA state bar #252006) of Severson & Werson, PC, who signed Wells Fargo's fraudulent POC 7-2 (filed 7/16/19), under penalty of perjury, should be referred by this Court for investigation for prosecution for filing a knowingly false Proof of Claim, including that POC 7-2 attaches copies of the Note and Deed of Trust on the Henderson property that are not stamped "PAID IN FULL," over 3 months after Wells Fargo, by its servicer Nationstar, had, on 4/1/19, returned that original Note and Deed of Trust to the Baronis, each stamped "PAID IN FULL." | **Improper legal argument and legal conclusion; lacks personal knowledge**.<br><br>The declarant has no personal knowledge regarding the purported evidence and, in any event, the paragraph consists solely of improper legal arguments and improper legal conclusions. |
| | ¶ 17, at 151:8-26 | Wells Fargo's misconduct is shown to be intentional, because (1) Baroni's Motion (dkt.1037, filed 8/20/19) to take 2004 exam of a Wells Fargo officer regarding the validity and extent of Wells Fargo | **Improper legal argument and legal conclusion; lacks personal knowledge**.<br><br>The declarant has no personal knowledge regarding the |

7

| | | | |
|---|---|---|---|
| | | POC 7-2 (filed 7/16/19), attached the Note and DOT on the Henderson property (Exhibit F to Motion), each stamped "PAID IN FULL", along with the letter congratulating the Baronis for paying that Note in full. Wells Fargo's Objection (dkt.1040, filed 8/21/19) objecting to Baroni taking a 2004 exam of a bank officer, regarding validity of that Note, which Kornberg signed, and which includes Kornberg's Declaration, does not deny that the Baronis had the original Note and DOT back, each stamped "PAID IN FULL" as of 4/1/19. It was fraudulent for Wells Fargo to file POC 7-2 based on a Note and DOT which had been returned to the Baronis each stamped paid in full, months before that POC 7-2 was filed. But even if Kornberg denied knowing this (he never denied this) when he signed and filed POC 7-2 on 7/16/19, Kornberg knew this when he filed Wells Fargo's Objection (Dkt.1040, filed 8/21/19) to Baroni's Motion for 2004 exam (dkt.1037) because Baroni's Motion attached the stamped "PAID IN FULL" Note and DOT, which had been returned to the Baronis on 4/1/19; yet Wells Fargo never withdrew POC 7-2 (which Kornberg had signed under penalty of perjury, as Wells Fargo's attorney. | purported evidence and, in any event, the paragraph consists solely of improper legal arguments and improper legal conclusions. |
| | ¶ 18, at 151:27-28 | The Court has a duty to make that criminal referral of Wells Fargo and Kornberg. | **Improper legal argument and legal conclusion; improper opinion testimony.**<br><br>The declarant's attempt to advise this Court as to this Court's duty is improper legal argument, improper legal conclusion and improper opinion testimony to which she is not qualified to render and to which shed did not provide her opinions as required under the federal code. |
| | ¶ 19, at 152:1-5 | Seror, by Seror's Motion to Compromise (dkt.1120)—based on Seror's Declaration to Motion-- used Wells Fargo's fraudulent POC 7-2, as the basis for this Court granting Seror's Compromise Motion, to grant an allowed $450,000 general | **Lacks personal knowledge; improper lay opinion; improper legal argument, best evidence.**<br><br>Declarant was not present at the events described in this |

8

| | | | |
|---|---|---|---|
| | | unsecured claim to Wells Fargo, based on "settling" Wells Fargo's fraudulent e POC 7-2, on which ZERO was owed, as a matter of law. | paragraph, has no personal knowledge regarding these events and, thus, no foundation to opine on these events and is otherwise providing improper lay opinion and legal argument. Moreover, the Motion to Compromise and this Court's order thereon are the best evidence of what Wells Fargo was owed. |
| | ¶ 20, 152:6-15 | Seror's Motion, and Seror's Declaration to Seror's Motion, concealed from this Court that the Note and DOT on the Henderson property had been returned to Baronis on 4/1/19, each stamped "PAID IN FULL" (attached as Exhibit F to Baoni dkt.1037, filed 8/20/19) and concealed from the Court that Wells Fargo's POC 7-2 was fraudulent, including because Wells Fargo no longer had possession of the Note on Henderson, and because the copy of the Note, that POC 7-2 attached, as the support for POC 7-2, was a copy of the Henderson Note that was not stamped "PAID IN FULL", months after Wells Fargo's servicer, Nationstar, had returned the original Note and DOT to the Baronis, on 4/1/19, each stamped "PAID IN FULL". | **Improper legal argument and legal conclusion; lacks personal knowledge**.<br><br>The declarant has no personal knowledge regarding the purported evidence and, in any event, the paragraph consists solely of improper legal arguments and improper legal conclusions. |
| | ¶ 21, at 152:16-23 | In sum, Seror used Wells Fargo's POC 7-2, which Seror knew was fraudulent, to mislead this Court into granting Seror's Compromise Motion, to grant Wells Fargo an allowed $450,000 general unsecured claim, based "settling" Wells Fargo's fraudulent POC 7-2, on which Seror and Kornberg both knew ZERO was owed, as a matter of law. Seror using Wells Fargo's fraudulent POC 7-2, as the basis getting Wells Fargo granted an allowed $450,000 general unsecured claim, via Seror's Motion to Compromise (dkt.1120), is bankruptcy crime by Seror, violating 18 USC §152(4). | **Improper legal argument and legal conclusion; lacks personal knowledge**.<br><br>The declarant has no personal knowledge regarding the purported evidence and, in any event, the paragraph consists solely of improper legal arguments and improper legal conclusions. |
| | ¶ 22, at152:24-27 | The Court has a duty to refer Wells Fargo, and its attorney Kornberg (who signed fraudulent POC 7-2), to the Office of US Trustee and to the US Attorney's office, for | **Improper legal argument and legal conclusion; improper opinion testimony.**<br><br>The declarant's attempt to |

| | | |
|---|---|---|
| | investigation for criminal prosecution. The Court has a duty to include Seror in that criminal referral. | advise this Court as to this Court's duty is improper legal argument, improper legal conclusion and improper opinion testimony to which she is not qualified to render and to which shed did not provide her opinions as required under the federal code. |
| ¶ 23, 152:29-153:5 | Seror's Motion to Compromise did not settle a Wells Fargo claim, it created an allowed $450,000 general unsecured claim for Wells Fargo, where ZERO was owed, as a matter of law, because the Henderson Note and DOT had been returned to the Baronis on 4/1/19, each stamped "PAID IN FULL", and Wells Fargo POC 7-2 fraudulently attached a copy of the Henderson Note not stamped "PAID IN FULL". | **Improper legal argument and legal conclusion; lacks personal knowledge**.<br><br>The declarant has no personal knowledge regarding the purported evidence and, in any event, the paragraph consists solely of improper legal arguments and improper legal conclusions. |
| ¶ 24, at 153:6-12 | The logical inference to be drawn is that Seror misleading this Court into granting Wells Fargo (which was owed ZERO as a matter of law) an allowed $450,000 general unsecured claim, via Seror's Motion to Compromise, is the quid pro quo for Wells Fargo assisting Seror to defeat Baroni's Motion to pay creditors and dismiss Baroni's bankruptcy, by Wells Fargo filing its false POC claim 7-2 for $839,944, on 7/16/19-- the day before Baroni's Motion to pay and dismiss her bankruptcy case, was first set to be heard. | **Improper legal argument and legal conclusion; lacks personal knowledge**.<br><br>The declarant has no personal knowledge regarding the purported evidence and, in any event, the paragraph consists solely of improper legal arguments and improper legal conclusions. |
| ¶ 25, at 153:13-23 | Seror's misconduct was as bad, or worse, than that of Wells Fargo and Wells Fargo's attorney Kornberg, because, as Trustee, Seror owed a fiduciary duty to Baroni's bankruptcy estate, and Seror's motivation in moving the Court to grant Wells Fargo an allowed $450,000 general unsecured claim, based on Wells Fargo's criminally false POC 7-2, is that Seror's needed Wells Fargo to file its fraudulent $839,944 general unsecured POC 7-2 (filed the day before 7/17/19, the original hearing date for Baroni's motion to pay and dismiss), to defeat Baroni's Motion to pay unsecured claims and dismiss her bankruptcy case, by making it impossible for Baroni to pay all | **Improper legal argument and legal conclusion; lacks personal knowledge**.<br><br>The declarant has no personal knowledge regarding the purported evidence and, in any event, the paragraph consists solely of improper legal arguments and improper legal conclusions. |

| | | |
|---|---|---|
| | | unsecured claims as a condition for the Court granting Baroni's Motion to Dismiss Baroni's bankruptcy case. | |
| ¶ 26, at 153:24-154:3 | Baroni's actual unsecured creditors would have been better off being paid 100% by Baroni, as Baroni's Motion to dismiss offered Baroni would do, than the effect on those unsecured creditors of having a fraudulent additional $450,000 allowed general unsecured claim added to their claims. Seror fabricating an allowed $450,000 general unsecured claim for Wells Fargo was detrimental to the actual existing general unsecured claims, because adding a $450,000 general unsecured claim, to the unsecured claim total, reduces the pro rata payment to the actually existing general unsecured claims | **Improper legal argument and legal conclusion; lacks personal knowledge.**<br><br>The declarant has no personal knowledge regarding the purported evidence and, in any event, the paragraph consists solely of improper legal arguments and improper legal conclusions. |
| ¶ 27, at 154:4-16 | Seror is responsible for lying to the Court and to parties in interest, THREE ways: (1) Jessica Bogdanov, Esq. 2/6/20 ex parte appearance before Judge Barash, (2) Seror himself, and Seror's real estate agent Thunderbird Real Estate/Robinson misrepresenting to, and mistreating, the tenants in the Baronis' Carmel property, driving them out, and doing this before Seror obtained an Order from the Bankruptcy Court to operate Baroni's rental properties, and doing this before Seror had obtained an Order from the Bankruptcy Court authorizing Seror to hire a real estate agent to market the Baronis' Carmel property; and (3) Seror's pleadings, filed by Seror's own law firm, including in some cases Seror's own Declaration, made false statements to the Court and concealed the truth from the Court. | **Improper legal argument and legal conclusion; lacks personal knowledge.**<br><br>The declarant has no personal knowledge regarding the purported evidence and, in any event, the paragraph consists solely of improper legal arguments and improper legal conclusions. |
| ¶ 28, at 154:17-20 | The ex parte appearance (no notice to any of Baroni's attorneys) that attorney Jessica Bogdanov, Esq (a partner in Seror's own law firm, which is representing Seror as Chapter 7 Trustee in Baroni's bankruptcy case), made on 2/6/21, was wholly improper for multiple reasons: | **Lacks personal knowledge; improper lay opinion; improper legal argument.**<br><br>Declarant was not present at the events described in this paragraph, has no personal knowledge regarding these events and, thus, no foundation to opine on these events and is otherwise providing improper lay opinion and legal argument. |

11

| | | |
|---|---|---|
| ¶ 29, at 154:21-24 | First, the debtor in the common area, who was distressed because Seror had just sold the debtor's property was a debtor whose bankruptcy case was assigned to bankruptcy judge Sandra Klein, not to Judge Barash, Therefore, if Bagdanov was going to appear before any Judge, it should have been Judge Klein, not Judge Barash. | **Lacks personal knowledge; improper lay opinion; improper legal argument.**<br><br>Declarant was not present at the events described in this paragraph, has no personal knowledge regarding these events and, thus, no foundation to opine on these events and is otherwise providing improper lay opinion and legal argument. |
| ¶ 30, at 154:25-155:2 | Second, as Allana Baroni's Declaration attests, and as Exhibits A and B to Baroni's Declaration establish, there was no emergency of any kind, and it was wholly improper for Bagdanov to appear ex parte (no notice of any kind to Baroni's attorneys). This Court should have immediately have refused to hear Bagdanov, and should have told Bagdanov to bring a Motion on shortened time, or on regular time, served on Baroni's attorneys, and to bring that Motion before the correct Judge. | **Lacks personal knowledge; improper lay opinion; improper legal argument.**<br><br>Declarant was not present at the events described in this paragraph, has no personal knowledge regarding these events and, thus, no foundation to opine on these events and is otherwise providing improper lay opinion and legal argument, including an opinion as to how this Court should have handled the particular situation. |
| ¶ 31, at 155:3-10 | Third, whether or not this Court thinks the lies that Bagdonov told this Court, in her ex parte appearance, those lies did prejudice Baroni, because shortly after that ex parte appearance, Judge Barash, on 3/31/20, through orders (dkts 1146, 1147, 1148, and 1149) granted Trustee's motion for turnover, and denied Baroni's motion to dismiss Baroni's bankruptcy case, both of which motions had been under submission for nine months. That timing shows the Court was affected by Bagdanov's improper ex parte appearance, and false statements, whether or not the Court believes it was affected. | **Lacks personal knowledge; improper lay opinion; improper legal argument.**<br><br>Declarant was not present at the events described in this paragraph, has no personal knowledge regarding these events and, thus, no foundation to opine on these events and is otherwise providing improper lay opinion and legal argument, including an opinion as to how this event impacted the Court. |
| ¶ 32, at 155:11-15 | 11 USC §1141(a) states expressly that the provisions of a confirmed plan bind the debtor,...any creditor…" Default does NOT undo the confirmed plan. E.g., Matter of Depew, an oft cited seminal case, 115 B.R. 965, at 967973-74 (Bankr. N.D. Ind. 1989) (quoted from in Memorandum of Points and Authorities, supra). | **Legal Argument.**<br><br>The entirety of this paragraph is improper legal argument. |

| | | |
|---|---|---|
| ¶ 33, at 155:16-21 | Seror's own pleading (Dkt. 1132, see p.3:22-4:10) agrees terms of a confirmed plan are NOT undone merely because a debtor fails to consummate a plan and states that default does not undo Baroni's confirmed plan:<br>"The Debtor's arguments about Nationstar and BoNYM also ignore the fact that the plan and the confirmation order are binding, legal documents. The terms of a plan are not undone merely because a debtor fails to consummate a plan." (Dkt. 1132 p.4:7-9) | **Improper legal argument and legal conclusion; best evidence**.<br><br>The paragraph consists solely of improper legal arguments and improper legal conclusions. To the extent the declarant is relying on a pleading filed by the Trustee, the pleading is the best evidence of its contents. |
| ¶ 34, at 155:22-156:10 | Notwithstanding that Seror admits Baroni's confirmed Plan is binding, even if Baroni fails to fully perform her confirmed plan (Baroni didn't default, see Baroni Decl hereto), Seror has repeatedly acted contrary to what Baroni's confirmed Plan provides, and has repeatedly moved this Court to order things that are contrary to what Baroni's confirmed Plan provides. That is misconduct. This includes that Seror has violated the following provisions in Baroni's confirmed plan:<br>(1) Confirmed Plan does not provide that the Carmel and Camarillo properties will be sold to satisfy unsecured claims—Seror has been trying to sell those properties; and<br>(2) Confirmed plan does not allow claimants to file amended claims with new and higher unsecured or secured amounts—but Trustee's Motion to Compromise (dkt.1120) moved the Court to grant "compromises" that gave creditors Nationstar (Carmel property loan) and BofNYM(Camarillo property loan) more than Baroni's confirmed Second Amended Plan gave those creditors (see figures in Paragraph 71 of Baroni Decl heret). That is improper. | **Improper legal argument and legal conclusion; best evidence**.<br><br>Declarant has no personal knowledge regarding these events and, thus, no foundation to opine on these events and is otherwise providing improper lay opinion and legal argument. The paragraph consists solely of improper legal arguments and improper legal conclusions. To the extent the declarant is relying on a pleading filed by the Trustee, the pleading is the best evidence of its contents. |
| ¶ 35, at 156:11-20 | The major beneficiary of the Court granting Seror's Motion to Compromise is Seror, and his attorneys (which are his own law firm, Brutzkus Gubner Rozansky Seror Weber LLP) who together can | **Improper legal argument and legal conclusion; personal knowledge, speculation**<br><br>The paragraph consists solely of improper legal arguments and |

2736600

| | |
|---|---|
| seek to have fees allowed equal to the whole $400,000 (consisting of 75% of the reserve account for BofNYM and 75% of the reserve account for Nationstar) to be used to pay unsecured claims. But though Seror's Motion to Compromise (dkt.1120) glibly asserts the $400,000 would go toward paying unsecured claims, in actuality, Seror will seek to use that $400,000 to pay administrative claims of Seror as Trustee and to pay attorneys fees to Seror's own law firm, which attorneys fees Seror will share in, as a partner of the firm. | improper legal conclusions. The declarant has no personal knowledge regarding any facts contained in this paragraph. |

Respectfully submitted,

Dated:  November 24, 2021            BRUTZKUS GUBNER


                        By: /s/ Jessica L. Bagdanov
                            Jessica L. Bagdanov
                            Attorneys for David Seror, Chapter 7 Trustee

2736600

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **21650 Oxnard Street, Suite 500, Woodland Hills, CA 91367**.

A true and correct copy of the foregoing document entitled: **TRUSTEE'S OBJECTIONS TO AND REQUEST TO STRIKE THE DECLARATION OF KATHLEEN P. MARCH FILED IN SUPPORT TRUSTEE'S OPPOSITION TO MOTION OF DEBTOR ALLANA BARONI, MOVING THE BANKRUPTCY COURT FOR AN ORDER REMOVING CHAPTER 7 TRUSTEE DAVID SEROR FOR CAUSE, PURSUANT TO 11 U.S.C. § 324(b); AND MOVING COURT TO MAKE CRIMINAL REFERRALS OF WELLS FARGO BANK, OF BANK'S ATTORNEY BERNARD KORNBERG, AND OF SEROR, AS SPECIFIED IN THE ATTACHED NOTICE OF MOTION AND MOTION** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **November 24, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **November 24, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA OVERNIGHT DELIVERY**

Honorable Martin R. Barash  
United States Bankruptcy Court  
21041 Burbank Blvd., Suite 345  
Woodland Hills, CA  91367  

Debtor  
Allana Baroni  
3339 Via Verde Court  
Calabasas, CA 91302  

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 24, 2021 | JESSICA STUDLEY | /s/ Jessica Studley |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

**VIA NOTICE OF ELECTRONIC FILING (NEF)**

- **Richard L Antognini**    rlalawyer@yahoo.com, rlalawyer@yahoo.com
- **Jessica L Bagdanov**    jbagdanov@bg.law, ecf@bg.law
- **Justin D Balser**    parisa.jassim@akerman.com; joseph.yoon@akerman.com; Amanda.herrera@akerman.com; Suzanne.jimenez@akerman.com;joanna.seiner@akerman.com;jenny.barker@akerman.com; den-cf@akerman.com; abigail.dewitt@akerman.com;masterdocketc
- **Adam N Barasch**    anb@severson.com, cas@severson.com;nye@severson.com
- **Adam N Barasch**    anb@severson.com, cas@severson.com;nye@severson.com
- **Eric Bensamochan**    eric@eblawfirm.us, G63723@notify.cincompass.com
- **Justin C Bentley**    justinbentley@yahoo.com, mslattery@lkfirm.com,mabner@lkfirm.com,caguilar@lkfirm.com
- **Linda M Blank**    linda@lmblank.com, lindablank.lb@gmail.com
- **Theron S Covey**    theronscovey@hotmail.com, sferry@raslg.com
- **Ryan Coy**    ecf@bg.law, rcoy@bg.law
- **Michael Daniels**    BkECFnotifications@nationstarmail.com
- **Louis J Esbin**    Louis@Esbinlaw.com
- **Richard W Esterkin**    richard.esterkin@morganlewis.com
- **Oscar Estrada**    oestrada@ttc.lacounty.gov
- **Christopher R Fredrich**    cfredrich@stroock.com, lacalendar@stroock.com
- **Daniel K Fujimoto**    wdk@wolffirm.com
- **Steven T Gubner**    sgubner@bg.law, ecf@bg.law
- **M. Jonathan Hayes**    jhayes@rhmfirm.com, roksana@rhmfirm.com; matt@rhmfirm.com; rosario@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com
- **Gregory K Jones**    gjones@stradlinglaw.com, smjohnson@sycr.com;smjohnson@stradlinglaw.com
- **Jeff Katofsky**    jeff@oremowlz.com, jgroves@propertymanagers.biz
- **Kelly M Kaufmann**    bknotice@mccarthyholthus.com, kraftery@ecf.courtdrive.com
- **Bernard J Kornberg**    bjk@severson.com, elw@severson.com
- **Andrew Kussmaul**    Andrew.Kussmaul@Bonialpc.com
- **Lewis R Landau**    Lew@Landaunet.com
- **Kathleen P March**    kmarch@bkylawfirm.com, kmarch3@sbcglobal.net
- **Jeannette Marsala**    jmarsala@marsalalawfirm.com, jmarsala@marsalalawfirm.com
- **Thomas E McCurnin**    tmccurnin@bkolaw.com, aduran@bkolaw.com;kescano@bkolaw.com
- **John Rafferty**    john.rafferty@bonialpc.com
- **Robert Reganyan**    reganyanlawfirm@gmail.com
- **Robert Reganyan**    reganyanlawfirm@gmail.com
- **Matthew D. Resnik**    matt@rhmfirm.com, roksana@rhmfirm.com; rosario@rhmfirm.com; susie@rhmfirm.com; max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- **J. Alexandra Rhim**    arhim@hrhlaw.com
- **Cassandra J Richey**    cdcaecf@bdfgroup.com
- **Michael S Riley**    mriley8@aol.com, 10986aa@gmail.com
- **S Margaux Ross**    margaux.ross@usdoj.gov, Kate.Bunker@UST.DOJ.GOV
- **Stefanie A Schiff**    stefanie.schiff@akerman.com, preston.ascherin@akerman.com;Melissa.cizmorris@akerman.com;Suzanne.jimenez@akerman.com
- **Susan K Seflin**    sseflin@bg.law, ecf@bg.law
- **David Seror (TR)**    aquijano@bg.law, C133@ecfcbis.com;mgalvan@bg.law
- **Mark M Sharf**    msharf00@gmail.com, 2180473420@filings.docketbird.com;mark_091@ecf.courtdrive.com
- **Wayne A Silver**    ws@waynesilverlaw.com, w_silver@sbcglobal.net
- **James K Snyder**    ksnyder@dykema.com, cacossano@dykema.com
- **Lukas Sosnicki**    lsosnicki@thompsoncoburn.com, bgutierrez@thompsoncoburn.com
- **Bill Taylor**    ecfnotices@4stechnologies.com
- **Edward A Treder**    cdcaecf@bdfgroup.com
- **United States Trustee (SV)**    ustpregion16.wh.ecf@usdoj.gov
- **Kristin A Zilberstein**    Kris.Zilberstein@Padgettlawgroup.com, BKecf@padgettlawgroup.com;Kris.Zilberstein@ecf.courtdrive.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**