STEVEN T. GUBNER – Bar No. 156593
SUSAN K. SEFLIN – Bar No. 213865
JESSICA L. BAGDANOV – Bar No. 281020
BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email:   sgubner@bg.law
         sseflin@bg.law
         jbagdanov@bg.law

Attorneys for David Seror, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>ALLANA BARONI,<br><br>               Debtor. | Case No. 1:12-bk-10986-MB<br><br>Chapter 7<br><br>**TRUSTEE'S EVIDENTIARY OBJECTIONS TO AND REQUEST TO STRIKE THE DECLARATION OF KATHLEEN P. MARCH FILED IN SUPPORT OF OBJECTION OF DEBTOR ALLANA BARONI, OBJECTING TO INTERIM FEE APPLICATION OF SEROR'S FIRM BRUTZKUS GUBNER ROZANSKY SEROR WEBER LLP (DKT. 1379, W/SEROR DECL.DKT.1380)**<br><br>Hearing:<br><br>Date: December 8, 2021<br>Time: 3:00 p.m.<br>Place: Courtroom 303 Via ZoomGov |

1

2737850

      David Seror, Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Allana Baroni (the "Debtor"), hereby objects to the entirety of the Declaration of Kathleen P. March (the "March Declaration") appended to the *"Objection of Debtor Allana Baroni, Objection to Interim Fee Application of Seror Firm, Brutzkus Gubner Rozansky Seror Weber LLP"* [Doc. #1395] and requests that it be stricken in its entirety.  Setting aside the fact that the entire declaration is defamatory per se,[1] it improperly submitted evidence insofar as (a) the declarant lacks personal knowledge and foundation (Fed. R. Evid. 104(b), 601, 602), (b) her statements consist of improper legal conclusions, argument and lay opinion (Fed. R. Evid. 701(c), 702), (c) her statements are not relevant to any issues (Fed. R. Evid. 402), (d) her statements violate the best evidence rule and are hearsay (Fed. R. Evid. 801, 802, 901, 1002, 1003), (e) her declaration consists of expert opinions for which she is not qualified to render and which are improper insofar as before March may offer expert testimony she was required (but failed) to disclose in writing "a complete statement of all opinions the witness will express and the basis and reasons for them" and the "facts or data considered by the witness in forming them."  Fed. R. Civ. Proc 26(a)(2)(B)(i)-(ii); see also Fed. R. Evid. 703, and (f) the statements contained therein are a patent and improper attempt to seek reconsideration of prior Court orders that are now subject to the appellate process.

      A declaration that "primarily contains legal argument rather than evidentiary matter" is properly stricken.  *Pacific Gas and Elec. Co. v. Lynch*, 216 F. Supp.2d. 1016, 1027 (N.D. Cal. 2002); *see also Universal Grading Serv. v. eBay, Inc.*, 2011 WL 846060, at *11 (N.D. Cal. Mar. 8, 2011) ("Because [Plaintiffs'] Declaration contains numerous legal conclusions and arguments and lacks proper foundation, this court grants [Defendant's] motion to strike."); *Logtale, Ltd. v. IKOR, Inc.*, 2015 WL 1299849, at *5, fn. 4 (striking declaration that, among other things, "includes numerous pages of argument, legal conclusions, and assertions not within the declarant's personal knowledge").

---

[1] Rule 3.3 of the California Rules of Professional Conduct set forth the standards of candor a lawyer must exhibit towards a tribunal.  Among other things, "[a] lawyer shall not: knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer;". . . offer evidence that the lawyer knows to be false."

1   To the extent that the Court does not strike the March Declaration in its entirety, the Trustee
2   further objects and moves to strike individually the following paragraphs for the following each and
3   every paragraph therein as referred to more specifically below.

| Citation | Declaration Testimony | Basis to Strike |
|---|---|---|
| ¶ 2, at page 23: | **Exhibit A** hereto is a true and correct copy of that Motion (dk.1378) with 3 Declarations and Exhibits, as efiled, downloaded by me from pacer. By attaching this Motion as Exhibit A to my Declaration to this Objection, the Objection incorporates into the Objection, the facts proven, and law briefed, in that Motion. | **Legal argument; Relevance; Best Evidence**<br><br>The declarant purports to provide pure legal opinions and legal conclusions, and references facts that "are proven," which is simply improper declaration testimony. The document already filed with the Court is the best evidence of its contents. |
| ¶ 3, at page 23: | Baroni's Motion (dkt.1378) in its Conclusion, asks the Court to deny Seror and Seror's law firm attorneys fees, based on their misconduct detailed in Baroni's Motion. This Court should deny any fees to Seror's law firm, on its present fee application. Seror's firm cannot properly be awarded any fees, where Seror has committed bankruptcy crime as detailed in the Motion, Seror's law firm has helped Seror to commit bankruptcy crime, by preparing/filing/arguing/ and seeking to be paid for its time to file Seror's Compromise Motion (dkt.1120) which commits bankruptcy crime by **using** Wells Fargo Bank's fraudulent POC 7-2, filed 7/16/19—on which zero was owed, as a matter of law—as the basis for granting Wells Fargo an allowed $450,000 general unsecured claim, based on Wells Fargo's fraudulent POC 7-2. Moreover, as detailed in Baroni's Motion, Seror didn't do this to help the actual unsecured creditors, he committed bankruptcy crime because he needed Wells Fargo to have a large allowed unsecured claim to prevent Baroni from paying her actual general unsecured claims 100% and getting her motion to dismiss her bankruptcy case granted. Seror did not want her case dismissed. He | **Legal argument; Legal Conclusion; Relevance; Lacks personal knowledge and foundation; Inadmissible hearsay and Best Evidence.**<br><br>The declarant purports to provide pure legal opinions and legal conclusions. The declarant also lacks personal knowledge as to most if not all of the events that have transpired in this bankruptcy case.<br>The statement is both an improper lay opinion, as well as an improper expert opinion. |

3

| | | |
|---|---|---|
| | wanted to keep it from being dismissed, so he could run up hundreds of thousands of dollars of attorneys fees for his law firm, and could seek trustee's fees for himself, all made possible by Seror' bankruptcy crime of **using** Wells Fargo's fraudulent POC 7-2, in Seror's Motion to Compromise (dkt.1120) as the basis for misleading this Court into granting Wells Fargo a $450,000 allowed general unsecured claim, based on "settling" fraudulent POC 7-2, on which zero was owed, as a matter of law. | |
| ¶ 4, at page 24: | From Seror firm's many communications with Kornberg, itemized in the Seror firm's fee application in issue, it can be deduced that Seror's firm was aware that Wells Fargo POC 7-2, filed 7/16/19, signed by Kornberg was fraudulent, because ZERO was owed, as a matter of law, as of that date, due to Wells Fargo (by its servicer Nationstar) having n 4/1/19 returned the original Note and DOT on the Carmel property, to the Baronis, each stamped "PAID IN FULL", along with a 4/1/19 "congratulations on having paid your Note in full" letter to Baronis. | **Legal argument; Legal Conclusion; Relevance; Lacks personal knowledge and foundation; Inadmissible hearsay and Best Evidence; improper lay and expert opinion.**<br><br>The declarant purports to provide pure legal opinions and legal conclusions, in which Ms. March appears to weigh evidence and decide for this Court what the evidence means.<br>The declarant has no personal knowledge or foundation for any of the statements or opinions contained in this paragraph.<br>The documents are the best evidence of their contents.<br>The statement is both an improper lay opinion, as well as an improper expert opinion.. |
| ¶ 5, at page 25: | Seror's firm should not be paid for any of the time on spent on preparing/filing the Motion to Compromise, with Seror's Declaration thereto, because **using** a fraudulent POC 7-2 as the basis for moving the Court to grant Wells Fargo an allowed $450,000 general unsecured claim, is bankruptcy crime, for violating 18 USC §152(4). That Motion also misled the Court in claiming the compromise motion settled 4 adversary proceedings and did not correct that at the 5/1/20 hearing on the Compromise Motion. Time billed for the Compromise Motion, Reply to Baroni's Opposition to Compromise Motion, hearing on compromise motion, and submitting order on compromise Motion, totals over 139 hours, which is well over $70,000 of time | **Legal argument; Legal Conclusion; Relevance; Lacks personal knowledge and foundation; Inadmissible hearsay and Best Evidence; Improper Lay and Expert Opinion.**<br><br>The declarant purports to provide pure legal opinions and legal conclusions.<br>The declarant has no personal knowledge or foundation for any of the statements or opinions contained in this paragraph.<br>The compromise motion is the best evidence of its contents and what the settlement agreement provides. Ms. March's opinions about time billed in this case is irrelevant to the Court's decision-making process.<br>The statement is both an improper lay opinion, as well as an improper expert opinion. |

4

2737850

| | | |
|---|---|---|
| | billed by Seror firm attorney Bagdanov and Selfin [sic]. All that time should be disallowed. | |
| ¶ 6, at page 25: | The only logical inference that can be drawn from the plethorq [sic] or communidq5ionw [sic] (shown in and billed for in Seror firm's fee application) that 5h3 [sic] Seror firm had with Wells Fargo's attorney Kornberg, establish that Seror firm had to have been aware that Wells Fargo POC 7-2 was fraudulent, and used it anyhow, in Seror's Motion to Compromise, as the basis for moving this Court to grant Wells Fargo an allowed $450,000 general unsecured claim, based on fraudulent POC 7-2. | **Legal argument; Legal Conclusion; Relevance; Lacks personal knowledge and foundation; Inadmissible hearsay and Best Evidence; Improper Lay and Expert Opinion.** The declarant purports to provide pure legal opinions and legal conclusions. The declarant has no personal knowledge or foundation for any of the statements or opinions contained in this paragraph. The statement is both an improper lay opinion, as well as an improper expert opinion. |
| ¶ 7, at page 26 | In addition, the Seror firm cannot properly be compensated for filing pleadings that made misstatements. Four of those are itemized in Baroni's Motion to Remove Seror for cause, at pp.10-12 of Baroni's Motion. Time on those pleadings, which made serious misstatements, should NOT be compensated. | **Legal argument; Legal Conclusion; Improper Lay and Expert Opinion.** The declarant purports to provide pure legal opinions and legal conclusions. The declarant has no personal knowledge or foundation for any of the statements or opinions contained in this paragraph. The statement is both an improper lay opinion, as well as an improper expert opinion. |

Dated:  December 1, 2021                     Respectfully submitted,

                                                    BRUTZKUS GUBNER

                                                    By: /s/ Jessica L. Bagdanov
                                                          Susan K. Seflin
                                                          Jessica L. Bagdanov
                                                          Attorneys for David Seror, Chapter 7 Trustee

2737850

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **21650 Oxnard Street, Suite 500, Woodland Hills, CA 91367**.

A true and correct copy of the foregoing document entitled: **TRUSTEE'S EVIDENTIARY OBJECTIONS TO AND REQUEST TO STRIKE THE DECLARATION OF KATHLEEN P. MARCH FILED IN SUPPORT OBJECTION OF DEBTOR ALLANA BARONI, OBJECTING TO INTERIM FEE APPLICATION OF SEROR'S FIRM BRUTZKUS GUBNER ROZANSKY SEROR WEBER LLP (DKT. 1379, W/SEROR DECL.DKT.1380)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **December 1, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**\*\*JUDGE'S COPY LESS THAN 25 PAGES IS SUSPENDED (GENERAL ORDER 21-05).**

Honorable Martin R. Barash
United States Bankruptcy Court
21041 Burbank Blvd., Suite 345
Woodland Hills, CA  91367

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **December 1, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

<u>**BY OVERNIGHT DELIVERY**</u>

<u>Debtor</u>
Allana Baroni
3339 Via Verde Court
Calabasas, CA 91302

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 1, 2021 | Mela Galvan | /s/ Mela Galvan |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                          **F 9013-3.1.PROOF.SERVICE**

**VIA NOTICE OF ELECTRONIC FILING (NEF)**

- **Richard L Antognini**  rlalawyer@yahoo.com, rlalawyer@yahoo.com
- **Jessica L Bagdanov**  jbagdanov@bg.law, ecf@bg.law
- **Justin D Balser**  parisa.jassim@akerman.com; joseph.yoon@akerman.com; Amanda.herrera@akerman.com; Suzanne.jimenez@akerman.com;joanna.seiner@akerman.com;jenny.barker@akerman.com; den-cf@akerman.com; abigail.dewitt@akerman.com;masterdocketc
- **Adam N Barasch**  anb@severson.com, cas@severson.com;nye@severson.com
- **Adam N Barasch**  anb@severson.com, cas@severson.com;nye@severson.com
- **Eric Bensamochan**  eric@eblawfirm.us, G63723@notify.cincompass.com
- **Justin C Bentley**  justinbentley@yahoo.com, mslattery@lkfirm.com,mabner@lkfirm.com,caguilar@lkfirm.com
- **Linda M Blank**  linda@lmblank.com, lindablank.lb@gmail.com
- **Theron S Covey**  theronscovey@hotmail.com, sferry@raslg.com
- **Ryan Coy**  ecf@bg.law, rcoy@bg.law
- **Michael Daniels**  BkECFnotifications@nationstarmail.com
- **Louis J Esbin**  Louis@Esbinlaw.com
- **Richard W Esterkin**  richard.esterkin@morganlewis.com
- **Oscar Estrada**  oestrada@ttc.lacounty.gov
- **Christopher R Fredrich**  cfredrich@stroock.com, lacalendar@stroock.com
- **Daniel K Fujimoto**  wdk@wolffirm.com
- **Steven T Gubner**  sgubner@bg.law, ecf@bg.law
- **M. Jonathan Hayes**  jhayes@rhmfirm.com, roksana@rhmfirm.com; matt@rhmfirm.com; rosario@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com
- **Gregory K Jones**  gjones@stradlinglaw.com, smjohnson@sycr.com;smjohnson@stradlinglaw.com
- **Jeff Katofsky**  jeff@oremowlz.com, jgroves@propertymanagers.biz
- **Kelly M Kaufmann**  bknotice@mccarthyholthus.com, kraftery@ecf.courtdrive.com
- **Bernard J Kornberg**  bjk@severson.com, elw@severson.com
- **Andrew Kussmaul**  Andrew.Kussmaul@Bonialpc.com
- **Lewis R Landau**  Lew@Landaunet.com
- **Kathleen P March**  kmarch@bkylawfirm.com, kmarch3@sbcglobal.net
- **Jeannette Marsala**  jmarsala@marsalalawfirm.com, jmarsala@marsalalawfirm.com
- **Thomas E McCurnin**  tmccurnin@bkolaw.com, aduran@bkolaw.com;kescano@bkolaw.com
- **John Rafferty**  john.rafferty@bonialpc.com
- **Robert Reganyan**  reganyanlawfirm@gmail.com
- **Robert Reganyan**  reganyanlawfirm@gmail.com
- **Matthew D. Resnik**  matt@rhmfirm.com, roksana@rhmfirm.com; rosario@rhmfirm.com; susie@rhmfirm.com; max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- **J. Alexandra Rhim**  arhim@hrhlaw.com
- **Cassandra J Richey**  cdcaecf@bdfgroup.com
- **Michael S Riley**  mriley8@aol.com, 10986aa@gmail.com
- **S Margaux Ross**  margaux.ross@usdoj.gov, Kate.Bunker@UST.DOJ.GOV
- **Stefanie A Schiff**  stefanie.schiff@akerman.com, preston.ascherin@akerman.com;Melissa.cizmorris@akerman.com;Suzanne.jimenez@akerman.com
- **Susan K Seflin**  sseflin@bg.law, ecf@bg.law
- **David Seror (TR)**  aquijano@bg.law, C133@ecfcbis.com;mgalvan@bg.law
- **Mark M Sharf**  msharf00@gmail.com, 2180473420@filings.docketbird.com;mark_091@ecf.courtdrive.com
- **Wayne A Silver**  ws@waynesilverlaw.com, w_silver@sbcglobal.net
- **James K Snyder**  ksnyder@dykema.com, cacossano@dykema.com
- **Lukas Sosnicki**  lsosnicki@thompsoncoburn.com, bgutierrez@thompsoncoburn.com
- **Bill Taylor**  ecfnotices@4stechnologies.com
- **Edward A Treder**  cdcaecf@bdfgroup.com
- **United States Trustee (SV)**  ustpregion16.wh.ecf@usdoj.gov
- **Kristin A Zilberstein**  Kris.Zilberstein@Padgettlawgroup.com, BKecf@padgettlawgroup.com;Kris.Zilberstein@ecf.courtdrive.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**