> FILED & ENTERED
>
> AUG 09 2022
>
> CLERK U.S. BANKRUPTCY COURT
> Central District of California
> BY Cetulio    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>ALLANA BARONI,<br><br>            Debtor. | Case No. 1:12-bk-10986-MB<br><br>Chapter 7<br><br>**ORDER RE:**<br><br>**[1] BARONI AND ANTOGNINI'S EVIDENTIARY OBJECTION AND REQUEST TO STRIKE ENTIRE DECLARATION OF FAY JANATI [CASE DKT. 1433]; AND**<br><br>**[2] BARONI AND ANTOGNINI'S EVIDENTIARY OBJECTION AND REQUEST TO STRIKE ENTIRE DECLARATION OF BERNARD J. KORNBERG [CASE DKT. 1434]** |

1    The chapter 7 debtor, Allana Baroni (the "Debtor"), and Richard Antognini ("Antognini")
2  have filed joint evidentiary objections (case dkt. 1433, 1434) to the declarations of Fay Janati and
3  Bernard J. Kornberg appended to the *Supplemental Brief in support of Memorandum in Opposition
4  to Allana Baroni's Motion to Remove the Trustee and for Criminal Referrals* filed by Wells Fargo
5  Bank (case dkt. 1428) and request the Court strike the entirety of those declarations for failure to
6  comply with 28 U.S.C. § 1746(2) because both are signed: "I declare under penalty of perjury that
7  the foregoing is true and correct to the best of my knowledge . . . "  The Debtor and Antognini argue
8  the qualification "to be the best of my knowledge" renders the declarations improper.  They fail,
9  however, to offer any authority other than 28 U.S.C. §1746(2) in support.

10    "To the best of my knowledge" is an improper qualification.  *Sherwin-Williams Co. v.
11  Performance Auto Body, Inc.*, 2014 WL 12558844, *2 (C.D. Cal., Jan. 29, 2014).  However, section
12  1746 requires only that declarations must be "substantially" in the form set forth in the statute.
13  *CFTC v. Topworth Int'l Ltd.*, 205 F.3d 1107, 1112 (9th Cir. 1999).  In *Schroeder v. McDonald*, the
14  Ninth Circuit Court of Appeals determined that a verification of facts as "true and correct as known
15  to me" satisfied 28 U.S.C. § 1746 despite not following the statute's "form with precision."
16  *Schroeder v. McDonald*, 55 F.3d 454, 460 n. 10 (9th Cir. 1995).  Because there is no material
17  difference between the qualification "as known to me" and "to the best of my knowledge," and
18  because the jurat otherwise complies with section 1746, the objection is **OVERRULED** and the
19  request to strike is **DENIED.**

| ¶ OF DECLARATION | EVIDENTIARY OBJECTION | RULING |
|---|---|---|
| **RULINGS ON SPECIFIC OBJECTIONS** | | |
| **Objection to the Declaration of Fay Janati** | | |
| ¶ 8. Even in a case such as this where there is still personal liability owed, Nationstar's system can only treat the loan one way.  As such the Note is returned "paid in full" once the secured portion of the loan has been | FRE 802 Hearsay to which the business records exception in 803(6) does not | Sustained only as the sentence "Nationstar's records still reflect the account as being open due to the pending |

| **RULINGS ON SPECIFIC OBJECTIONS** | | |
|---|---|---|
| ¶ OF DECLARATION | EVIDENTIARY OBJECTION | RULING |
| paid.<br><br>Nationstar's records still reflect the account as being open due to the pending litigation and the outstanding unsecured portion as set forth in the revised proof of claim 7-2 is still owed. | apply.  FRE 1002 Best Evidence Rule. | litigation and the outstanding unsecured portion as set forth in the revised proof of claim 7-2 is still owed." |
| **Objection to the Declaration of Bernard J. Kornberg** | | |
| ¶ 7, lines 14-18<br>...While my conversations with Nationstar are privileged, the ultimate factual determination was that it was Nationstar's practice to return the note to a post-confirmation Chapter 11 borrower once a secured claim is paid in full. That is because in almost all cases, the payment of the secured claim represents the extinguishment of all recoverable debt owed on the loan. | FRE 802 Hearsay<br><br>Lack of Foundation<br><br>FRE 1002 Best Evidence Rule. | Sustained as inadmissible hearsay. |
| ¶¶ 8-9<br>**8.** However, in this matter, personal liability on the note remained. Debtor was coborrower on the note with her husband, James Baroni. James Baroni is not in bankruptcy and has never received a discharge. Accordingly, Wells Fargo still had recourse against James for the balance of the note.<br>**9.** Further, the unsecured portion of Claim 7<br>remained unpaid. Therefore, while Allana Baroni's personal liability had been discharged, Wells Fargo continued to have an unsecured claim in the case. | Improper legal conclusions.<br><br>Irrelevant. | Overruled.  Generally, legal arguments are inappropriate in declaration testimony. *King Cty. v. Rasmussen*, 299 F.3d 1077, 1082 (9th Cir. 2002); *GemCap Lending, LLC. v. Quarles & Brady, LLP*, 269 F.Supp. 3d 1007, 1026 (C.D. Cal. 2017).  Here, however, Mr. Kornberg is offering his understanding of the legal issues to explain why he signed |

| RULINGS ON SPECIFIC OBJECTIONS | | |
|---|---|---|
| ¶ OF DECLARATION | EVIDENTIARY OBJECTION | RULING |
| | | and filed the Amended Wells Fargo POC, and the testimony is admissible for that purpose. |
| ¶¶ 11-15<br>**11.** First, the return of the note to Baroni is legally irrelevant to the proof of claim. Section 506(a) states that, to the extent a secured claim is subject to bifurcation, that a creditor has an "unsecured claim to the extent that the value of such creditor's interest or the amount so subject to set off is less than the amount of such allowed claim." 11 U.S.C.§ 506(a). Here, Baroni bifurcated Wells Fargo's claim in the Chapter 11 plan. Thus by operation of law Wells Fargo is entitled to an unsecured claim for the remainder. Therefore, the unsecured claim's validity is not predicated on the note which created the debt.<br>**12**. Second, even if the claim is dependent on the note, the return of the note is not conclusive. In my legal research, I determined that the return of a note to the borrower does not necessarily extinguish the note if personal liability remained. Instead, the "longstanding policy of California law [is] to correct forfeitures (and the accompanying windfall)." *Great W. Sav. v. United States*, 1986 U.S. Dist. LEXIS 20318, at *4 (C.D. Cal. Sep. 16, 1986). Numerous other cases support this proposition. To the best of my knowledge, no case, binding or persuasive, that stands to the contrary. Accordingly, Wells Fargo could assert a claim predicated on a legal action for the return of the note.<br>**13**. Finally, as to the amount of the | Improper legal conclusions.<br><br>Irrelevant. | Overruled. Mr. Kornberg is offering his understanding of the legal issues to explain why he signed and filed the Amended Wells Fargo POC, and the testimony is admissible for that purpose. |

| ¶ OF DECLARATION | EVIDENTIARY OBJECTION | RULING |
|---|---|---|
| **RULINGS ON SPECIFIC OBJECTIONS** | | |
| debt, I determined that there was a good faith, and quite likely prevailing, argument that the April 29, 2019 conversion of the case to Chapter 7 lifted the cap on payments set in the Chapter 11 plan to unsecured creditors.<br>**14.** This determination was based in part on the 2015 Supreme Court case of *Harris v. Viegelahn*, 135 S. Ct. 1829, 1838 (2015), which held that<br>     [w]hen a debtor exercises his statutory right to convert, the case is placed under Chapter 7's governance, and no Chapter 13 provision holds sway. §103(i) ("Chapter 13 . . . applies only in a case under [that] chapter."). Harris having converted the case, the Chapter 13 plan was no longer "bind[ing]." §1327(a).<br>**15.** In my opinion, this holding also applies to a conversion of a case from Chapter 11 to Chapter 7. Therefore, I determined that Wells Fargo could assert it was entitled to the entire balance of the loan as an unsecured claim. | | |
| ¶ 17<br>And in the opposition to Debtor's Motion to Dismiss the Case, Wells Fargo disclosed the following:<br>     Debtor asserts that Wells Fargo's claim was fully extinguished when she paid the secured portion of the claim during her Chapter 11 and Wells Fargo reconveyed the deed of trust and then released the note to Debtor. Wells Fargo is still investigating the facts behind the release of the note, but at | Improper legal conclusions.<br><br>Irrelevant. | Sustained. This is impermissible legal argument restating disclosures made to the Court in a filed pleading rather than explaining Mr. Kornberg's intent and reasoning for filing the Amended Wells Fargo POC for his client. |

2298335

| **RULINGS ON SPECIFIC OBJECTIONS** | | |
|---|---|---|
| ¶ OF DECLARATION | EVIDENTIARY OBJECTION | RULING |
| this time believes that the release of the note was in error. In 99.9% of cases, the payment of the secured portion of the claim also results in the full discharge of the obligations of the note. In this case, that was not the case as even if Debtor had received her Chapter 11 discharge, a large unsecured claim remained against James Baroni. If the note was released to Debtor in error, Wells Fargo may demand its return and payment of the unsecured portion of the claim. [Citation.] Wells Fargo has had preliminary discussion regarding this issue with the Trustee and hopes to resolve the issue without litigation. A copy of this brief is attached as Exhibit 2 to this Declaration. | | |

### # # #

Date: August 9, 2022

Martin R Barash
United States Bankruptcy Judge

2298335