STEVEN T. GUBNER – Bar No. 156593
JASON B. KOMORSKY – Bar No. 155677
SUSAN K. SEFLIN – Bar No. 213865
JESSICA L. BAGDANOV – Bar No. 281020
BG LAW LLP
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Email: sgubner@bg.law
jkomorsky@bg.law
sseflin@bg.law
jbagdanov@bg.law

Attorneys for David Seror, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

In re

Allana Baroni,

Debtor.

Case No. 1:12-bk-10986-MB

Chapter 7

**OPPOSITION TO MOTION TO STAY ENFORCEMENT OF THE ORDER DENYING RELIEF REQUESTED IN THE OMNIBUS MOTION RELATED TO THE MAIN BANKRUPTCY CASE [CASE DKT. 2101]**

Hearing:

Date: March 11, 2026
Time: 11:00 a.m.
Place: Via Zoom.gov or Courtroom 303
21041 Burbank Boulevard
Woodland Hills, CA 91367

**TABLE OF CONTENTS**

Page

**I.** THE MOTION SHOULD BE DENIED ....... 1

**A.** An Injunction Can Only Be Had by Way of an Adversary Proceeding ....... 2

**B.** Movants Know the Difference Between an Injunction and a Stay and Know They Are Bringing this Motion for an Improper Purpose ....... 4

**C.** Only the Estate Is Suffering an Irreparable Injury ....... 5

**D.** Movants Have No Likelihood of Success on the Merits ....... 7

**II.** CONCLUSION ....... 11

## TABLE OF AUTHORITIES

Page

**CASES**

*Clemens v. U.S. Dist. Ct. for Cent. Dist. of Cal.*,
428 F.3d 1175 (9th Cir. 2005) ....................9

*First Interstate Bank of Arizona, N.A. v. Murphy, Weir & Butler*,
210 F.3d 983 (9th Cir. 2000) ....................8

*In re Baroni*,
36 F.4th 958 (9th Cir. 2022),
*cert. denied sub nom. Baroni v. Seror*,
2022 WL 16909177 (U.S. Nov. 14, 2022)....................7

*In re Baroni*,
643 B.R. 253 (Bankr. C.D. Cal. 2022)....................4

*In re Baroni*,
2022 WL 18277987 (C.D. Cal. Dec. 9, 2022) ....................4, 5, 6

*In re DeArakie*,
199 B.R. 821 (Bankr. S.D.N.Y 1996)....................3

*In re Gardens Regional Hospital and Medical Center, Inc.*,
567 B.R. 820 (C.D. Cal. 2017) ....................3

*In re Greenfield*,
623 B.R. 847 (D. Idaho 2020)....................3

*In re Princeton Medical Management Inc.*,
248 B.R. 907 (Bankr. M.D. Fla. 2000) ....................9

*In re Roussos v. Ehrenberg*,
2017 WL 2259674 (C.D. Cal. May 23, 2017) ....................2

*In re Sustaita*,
438 B.R 198 (9th Cir. BAP 2010)....................9

*Liteky v. United States*,
510 U.S. 540 (1994)....................9

*Metal Jeans, Inc. v. Metal Sport, Inc.*,
2019 WL 1427104 (C.D. Cal Jan 15, 2019) ....................6

*Nichols v. Alley*,
71 F.3d 347 (10th Cir.1995) ....................9

*Religious Technology Center v. Scott*,
82 F.3d 423 (9th Cir. Apr. 11, 1006) (Unpublished) ....................8

*United States v. Mikhel*,
889 F.3d 1003 (2018)....................8

*Wisdom v. Gugino*,

787 Fed. App. 390 (9th Cir. Nov. 1, 2019) .......... 8

**STATUTES**

11 U.S.C.,
Section 704(a)(1) .......... 2

**RULES**

Federal Rule of Bankruptcy Procedure,
Rule 7001 .......... 3

Federal Rules of Bankruptcy Procedure,
Rule 8007 .......... 3

David Seror, in his capacity as Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Allana Baroni (the "Debtor") hereby files this opposition (the "Opposition") to the Motion to Stay Enforcement of the Order Denying Relief Requested in the Omnibus Motion Related to the Main Bankruptcy Case [Case Dkt. 2101] (the "Motion") filed by the Debtor, the Debtor's non-debtor husband, James Baroni, and their counsel, Richard Antognini (collectively, "Movants").

## I. THE MOTION SHOULD BE DENIED

By any standard, the Motion, which improperly seeks an injunction not a stay, confirms that the Movants are vexatious litigants and will not stop inundating this Court with frivolous filings unless and until they are subject to a pre-filing order. As a result of Movants' conduct in litigating, relitigating, appealing and reappealing *ad infinitum* final, non-appealable orders the estate is administratively insolvent. Frivolous motions, like the instant one, only serve to further bury the estate and waste the Court's resources. If past is prologue, there is little doubt that when this Motion is denied (and it is a meritless Motion that should be denied), it will be renewed with and/or appealed to the District Court or the BAP.

Frivolous does not adequately describe the tome presented by the Movants.[1] Bizarrely, Movants seek a stay of an order that provided no affirmative relief and, thus, nothing to stay. Specifically, by way of the Order Denying Relief Requested in the Omnibus Motion Related to the Main Bankruptcy Case [Dkt. 2106] (the "Omnibus Order"), the Court maintained the status quo by rejecting (i) Movants' efforts to disqualify this Court from presiding over the main case and, as an unrelated afterthough, (ii) Movants' efforts to vacate a sanctions judgment entered in 2023 (the "2023 Sanctions Judgment"), which has been final for years,[2] and (iii) Movants' efforts to stay collection efforts by the Trustee of the 2023 Sanctions Judgment. Dkt. 2106, at 2:21-26.

---

[1] Amazingly, Movants have rejiggered the top and bottom margins and line spacing such that the Motion contains 32 lines of text per page and, further, reduced the left and right margins so that each line contains more characters.

[2] The monetary sanctions were the subject of this Court's order on February 10, 2023 [Dkt. 1751], which order was appealed and which appeal was dismissed on July 20, 2023 for lack of prosecution. *See In re Baroni*, case no. 23-1812 (MWF), *Order Dismissing Appeal for Failure to Prosecute* [Doc. 18] (C.D. Cal. July 20, 2023)

It appears (although it is far from clear) that Movants seek to enjoin the Trustee from marshalling assets of the estate—in the form of the 2023 Sanctions Judgment. See Notice of Motion, at 2:6-8. It also seeks, again without any clarity, to enjoin this Court from proceeding over the main bankruptcy case until resolution of its appeal of the Order denying its request for recusal, which request is admittedly based upon events that began in 2019.[3] See *id.*, at 2:9-10. However, in its conclusion the Motion only seeks to "stay[] enforcement of the February 10, 2023 Sanctions Judgment pending resolution of the appeal, without bond…". Motion, at 29:17-18.

Assuming that it is the latter relief sought, it still would constitute an injunction, not a stay, as the 2023 Sanctions Judgment, long since final, is not directly before this Court and staying a motion that itself sought to collaterally attack the 2023 Sanctions Judgment is one step removed. In short, the two things the Motion does not accomplish are "preserve the status quo" or "avoid irreparable harm." To the contrary, the Motion, if granted, would prevent the Trustee from obtaining monetary relief awarded to the estate almost three years ago. If anything, the Trustee needs these and other monies owed the estate by the Movants to address their never-ending efforts to forestall the closing of the estate.

The Motion is defective, without authority, and should be denied. The Movants should, likewise, be subject to a pre-filing order going forward in this bankruptcy proceeding.

### A. An Injunction Can Only Be Had by Way of an Adversary Proceeding

"One of a bankruptcy trustee's primary responsibilities in a Chapter 7 case is to 'collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of the parties in interest.'" *In re Roussos v. Ehrenberg*, 2017 WL 2259674, at *5 (C.D. Cal. May 23, 2017) (quoting 11 U.S.C. § 704(a)(1)). Here, Movants seek to enjoin the Trustee from performing his fundamental obligation to liquidate

[3] The recusal effort is also a collateral attack on the denial of the Debtor's prior effort to have the Court recused insofar as it repackages one of the very arguments it previously made that was rejected: namely, the Debtor's argument that the Court was selectively enforcing the Debtor's plan of reorganization. Bankr. Doc. No. 1730, at 17:9-13.

and maximize the assets for the benefit of creditors. Specifically, the Movants seek to prevent the Trustee from collecting on the 2023 Sanctions Judgment.

Movants cite no case or statutory authority for the proposition that this Court has *carte blanche* by way of a stay of an altogether different order to prevent a Trustee from carrying out his statutory duties, such as liquidating the 2023 Sanctions Judgment that is an asset of the bankruptcy estate. Called a stay by Movants, in reality what they seek is an injunction. *See In re Greenfield*, 623 B.R. 847, 857-858 (D. Idaho 2020) ("Though stylized as a stay of execution, Debtor essentially requests the Court enjoin Trustee from taking steps to sell property of the estate. A request to enjoin a trustee from selling property of the estate requires an adversary proceeding."); *see In re DeArakie*, 199 B.R. 821, 824 (Bankr. S.D.N.Y 1996) (debtor's motion for a stay of the sale of his apartment actually seeks "to enjoin the trustee from selling property").

Here, Movants seek to interfere with the Trustee's statutory duties. The difference between a stay and injunction should be apparent: as reflected in Rule 8007, a stay is directed at temporarily preventing the execution of a judgment, order or decree. *See In re Gardens Regional Hospital and Medical Center, Inc.*, 567 B.R. 820, 830 (C.D. Cal. 2017) ("Pursuant to Fed. R. Bankr. P 8007(a)(1), the Court may issue a stay of a judgment, order, or decree pending appeal."). Clearly, Movants do not seek to stay the execution of the Omnibus Order for that order merely maintained the status quo by denying Movants the affirmative relief they sought. It did not provide any affirmative relief to the Trustee. Rather, they seek a stay of the enforcement of the 2023 Sanctions Judgment (*i.e.*, collection thereon), as the actual order granting the sanctions was adjudicated to finality years ago as this Court recounted in the Omnibus Order. Omnibus Order, at 4:3-6:23.

An injunction, on the other hand, is designed to compel a party from refraining from certain acts, such as restraining a Trustee from disposing of assets. *See e.g. In re Greenfield*, 623 B.R. at 857. Here, Movants seek to enjoin the Trustee from monetizing the 2023 Sanctions Judgment through the guise of a stay of the Omnibus Order, which stay would have no impact on the wholly-separate 2023 Sanctions Judgment. A stay of the Omnibus Order accomplishes nothing vis-à-vis the 2023 Sanctions Judgment. Simply labeling the Motion as a motion seeking a stay, does not make it so, nor does it absolve the Movants from the mandate of Rule 7001, which requires injunctive relief

to be brought via adversary proceeding. This is especially so where, as here, the Omnibus Order for which they seek a stay did not materially affect the long since final 2023 Sanctions Judgment. Moreover, an adversary proceeding seeking to enjoin the Trustee from monetizing the 2023 Sanctions Judgment would be a dead letter insofar as the 2023 Sanctions Judgment is final and non-appealable and any adversary thereon would be both moot and an impermissible collateral attack.

The Motion is procedurally defective and should be denied on those grounds.

**B. Movants Know the Difference Between an Injunction and a Stay and Know They Are Bringing this Motion for an Improper Purpose**

Not surprisingly, this is not the first time that Movants have mislabeled injunctive relief as a stay and, having been previously disabused of such efforts, they cannot legitimately claim ignorance as to the difference between the two. In *In re Baroni¸* 2022 WL 18277987 (C.D. Cal. Dec. 9, 2022), the Debtor and Mr. Antognini sought "on an emergency basis, for an Order staying the activities of the Chapter 7 Trustee," among other things, during the pendency of their appeal of a removal order (the "Removal Order") [*In re Baroni*, 643 B.R. 253 (Bankr. C.D. Cal. 2022)]. 2022 WL 18277987, at *1. As the District Court framed the issue, "[a]ppellants merely seek to stop any sort of marketing efforts from commencing—in other words, to stop the Trustee from carrying out his administrative duties." 2022 WL 18277987, at *1. On the emergency motion presented to the District Court, the District Court recognized that the Debtor and Mr. Antognini were trying to use the appeal of the Removal Order as a basis to seek the stay of other orders previously issued by the bankruptcy court (which orders were final) as being related to the Removal Order.

In rejecting the effort to label an injunction a stay and denying the relief as both "procedurally and substantively defective," the District Court's framing reflects that Movants are seeking to do here precisely what the District Court told them was improper: namely, using the appeal of one order as a basis to stay another already-issued order:

> [T]he Motion must be denied as procedurally improper because it is not actually seeking a stay of any order from the Bankruptcy Court but rather seeks an affirmative injunction to prevent the Trustee from administrating the estate. Therefore, under Rule 7001(7) of the Federal Rules of Bankruptcy Procedure, the only way for the Appellants to seek to prevent the Trustee from performing his statutory duties would be for the Appellants to first initiate an adversary proceeding. (Opposition at 4-5, 12-14) (citing Fed. R. Bank. Proc. 7001(7) (an adversary proceeding "is a

> proceeding ... (7) to obtain an injunction or other equitable relief....”.); *see also In re Martinez*, 2016 WL 5396648, at *2 (Bankr. C.D. Cal. Sept. 26, 2016) (collecting cases for the proposition that injunctive relief must be sought via an adversary proceeding)).
>
> …as Appellants note in their Reply, when they sought similar relief from the Bankruptcy Court, it denied Appellants’ request for a stay because Appellees did not “request [a] stay, but rather ... an injunction enjoining the trustee from performing any administration of the estate.” (Reply at 6) (citing Bankruptcy Docket, 1:12-bk-10986-MB, No. 1547). Now, Appellants do not offer a single reason why this Court should take a different view. The Court wholly agrees with the Bankruptcy Court.
>
> In the Removal Order (the order that Appellants claim is the relevant order pending appeal), the Bankruptcy Court simply denied Appellants’ motion to remove the Trustee based on various allegations of misconduct. The Court also notes that the Removal Order properly denied Appellants’ improper and unethical request for the Bankruptcy Court to criminally refer Appellees.
>
> Regardless, a stay is of course, meant to temporarily prevent the execution of an order – but as the Trustee contends: “Appellants do not seek to stay the execution of the Removal Order for that order merely maintained the status quo” (i.e., it kept the Trustee as the Trustee of Baroni's Chapter 7 estate). (Opposition at 13).

2022 WL 18277987, at *1-*2.

This prior failed strategy is precisely what Movants repackage here insofar as they seek a stay of one order, the 2023 Sanctions Judgment, under the guise of a stay of the Omnibus Order. But, a stay of the Omnibus Order, as was the scenario presented to the District Court with respect to the Removal Order, does nothing but maintain the status quo and cannot be used as a springboard to enjoin rights under other orders. In other words, not only is the relief sought improper but Movants are fully aware of the impropriety of the relief sought in light of their prior attempt to bootstrap an earlier order in a stay request relating to subsequently-denied relief, which was rejected by this Court and the District Court.

**C. Only the Estate Is Suffering an Irreparable Injury**

The District Court’s ruling also sheds light on the Movants’ claim of irreparable injury—assuming this issue is relevant given the fatal procedural defect in the Motion discussed above. In other words, since what is being sought is not a stay in the first instance, let alone a direct stay of the 2023 Sanctions Judgment, the analysis that would apply to seeking a stay of an order is not implicated. That a Court would consider four factors (such as irreparable injury and likelihood on

the merits) in whether to stay the payment of sanctions pending an appeal [*see Metal Jeans, Inc. v. Metal Sport, Inc.*, 2019 WL 1427104, at *2 (C.D. Cal Jan 15, 2019)] has no application to the injunction sought here.

In any event, the prior appeal nevertheless is informative on this inquiry as well. There, the Debtor claimed irreparable injury because if the sale of the Calabasas Property went forward she would lose this asset. Not so found the District Court, which recognized that any irreparable injury occurred years earlier:

> Appellants seem to be operating under the fantasy that they may collaterally attack the Ninth Circuit's ruling affirming the earlier turnover order in this action, which confirmed that the Calabasas residence was an asset of the estate. *In re Baroni*, 36 F.4th 958, 966 (9th Cir. 2022), *cert. denied sub nom. Baroni v. Seror*, 2022 WL 16909177 (U.S. Nov. 14, 2022). They may not. And given the Calabasas residence is part of the estate, Appellant Baroni cannot claim "irreparable injury" based on its future sale. (See Opposition at 16) ("Here, the injury—i.e., the Debtor's loss of her house—was the direct result of the Debtor's defaults under her chapter 11 plan, the conversion of her chapter 11 to a chapter 7, and the resulting turnover of the Debtor's assets to the chapter 7 estate. To the extent the Debtor suffered irreparable injury, it occurred years ago and was the product of her own malfeasance.").

*In re Baroni*, 2022 WL 18277987, at *2.

Here, Movant's irreparable injury argument not only suffers from this infirmity insofar as the 2023 Sanctions Judgment was final three years ago and, thus, cannot rise to the level of an irreparable harm but, and unlike the sale of the Calabasas Property, the 2023 Sanctions Judgment simply involves money, which is clearly compensable if the Trustee actually collects the sanctions[4]—assuming the appeal could encompass an order issued three years ago. Movants have made no showing that they would not be refunded this award if somehow the sanctions (which are not even subject to appeal) are collected but the 2023 Sanctions Judgment (which is final and not subject to an appeal) is somehow magically reversed.

---

[4] Between sanctions and the outright theft of estate assets (in the form of certain of the Henderson proceeds), the Movants collectively owe the estate more than $300,000, which even if collected does not come close to making the estate whole for the bad faith conduct inflicted on this estate by these Movants.

### D. Movants Have No Likelihood of Success on the Merits

Two courts have looked at Movants' Motion (albeit different aspects). Both denied the relief sought by Movants and provided ample authority as to the impropriety of the relief sought including, without limitation, the untimeliness of the relief (seeking recusal on actions that Movants claim began in 2019), the improper collateral attack of prior, final and non-appealable orders (including the 2023 Sanctions Judgment) and, as has been their *modus operandi*, the creation of facts from whole cloth to perpetuate a false and unethical narrative. The aspersions cast on both courts are, unfortunately, indicative of Movants' long-standing contempt borne from a predicament of the Debtor's own making (*i.e.*, her material breaches of her plan of reorganization) for which she accepts no responsibility and are not founded on any new and colorable facts. Nothing the Trustee pens here can add to the independent findings made by this Court and, separately, by Judge Neil W. Bason.

There is nothing gained by chasing Movants down the rabbit hole, which is merely filled with their wild conspiracy theories and is at its core the next chapter in their quest to void seven years of orders, all of which are final and non-appealable. Further to the point, the Motion, like every other filing by Movants, engages in revisionist history. In blaming everyone but themselves for the loss of the Debtor's assets and for the absence of a solvent estate in which some corpus might have remained for the Debtor, the Motion refuses to acknowledge that the entire parade of horribles alleged by Movants arose from Debtors' repeated and intentional violations of her chapter 11 plan and the litigation warfare the Debtor has waged both prior to and after her material default. This Court's order converting the Debtor's bankruptcy from chapter 11 to chapter 7 and the resulting order requiring the Debtor to turn over all real property to the estate for liquidation was of the Debtor's own making, as confirmed by the Ninth Circuit. *See In re Baroni*, 36 F.4th 958 (9th Cir. 2022), *cert. denied sub nom. Baroni v. Seror*, 2022 WL 16909177 (U.S. Nov. 14, 2022).

The efforts by way of the underlying Omnibus Motion to seek recusal of the Court for actions the Movants claim arose in 2019, stemming from Movants' belief that the Court misunderstood the effect of conversion and which the Court first stated on the record in April 2019, is untimely in the extreme.

> 'It is well established in this circuit that a recusal motion must be made in a timely fashion.' *E. & J. Gallo Winery v. Gallo Cattle Co.*, 967 F.2d

> 1280, 1295 (9th Cir. 1992). 'While there is no per se rule that recusal motions must be made at a fixed point in order to be timely, such motions should be filed with reasonable promptness after the ground for such a motion is ascertained.' *Id.* (citation omitted) (quotation marks omitted). Where 'unexplained delay' in filing a recusal motion 'suggests that the recusal statute is being misused for strategic purposes,' the motion will be denied as untimely. *Id.* at 1296; *see also United States v. Rogers*, 119 F.3d 1377, 1380 (9th Cir. 1997); *Davies v. Comm'r*, 68 F.3d 1129, 1131 (9th Cir. 1995).
>
> Defendants discovered the alleged grounds for recusal on December 28, 2006, but nevertheless waited until January 30, 2007, to file their motion. Although a delay of a little over a month would not always, or even ordinarily, doom a motion for recusal, defendants' delay here renders their motion untimely. Defendants were clearly notified that Judge Tevrizian had put himself in the running to be United States Attorney, yet they withheld their motion while trial was ongoing and waited to file until after the jury's verdicts against them, and after the government rested its penalty-phase case. See *Rogers,* 119 F.3d at 1380. We see 'a heightened risk' that defendants used a recusal motion 'for strategic purposes.' *Preston v. United States*, 923 F.2d 731, 733 (9th Cir. 1991)

*United States v. Mikhel*, 889 F.3d 1003, 1026-1027 (2018) (footnote omitted); *First Interstate Bank of Arizona, N.A. v. Murphy, Weir & Butler*, 210 F.3d 983, 988 fn. 8 (9th Cir. 2000) (recognizing that Section 455 challenges may be waived by delay when not "raised at the earliest possible time after the facts are discovered"). By any measure, waiting 6 ½ years to bring a recusal motion (or, in this case almost 4 years to re-raise arguments rejected on a prior recusal motion) is untimely.

In point of fact, the Court correctly saw the Omnibus Motion for what it was: an improper collateral attack insofar as the Baronis and Antognini unsuccessfully sought to have this Court recused in late-2022 [Bankr. Doc. No. 1647]—after the 2019 event that they claim now warrants his recusal—and based, in part, on that prior ruling. *See Religious Technology Center v. Scott*, 82 F.3d 423, *1 (9th Cir. Apr. 11, 1006) (Unpublished) (prior denial of recusal motion was law of the case "unless new evidence or law has been presented or unless the first panel's ruling was clearly erroneous"); *see also Wisdom v. Gugino*, 787 Fed. App. 390, 392 (9th Cir. Nov. 1, 2019) (denying recusal motion based upon law of the case in that basis of recusal motion rested in matters previously decided against movant).

Specifically, as part of the prior recusal motion, the Debtor and Mr. Antognini argued that the Court engaged in "selective enforcement of the Plan" [Bankr. Doc. No. 1647, at 18:16-17], which forms the basis of the renewed challenged to this Court—*i.e.*, his alleged collateral attack of the of

the Debtor's plan of reorganization (the "Plan"). The argument was addressed and rejected by Judge Tighe, as follows:

> Debtor also complains of selective interpretation of various Chapter 11 plan provisions. This is a judicial interpretation that forms no basis for recusal and ignores the reasoning provided for each of the rulings. '[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality recusal motion.' *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Bankr. Doc. No. 1730, at 17:9-13; *see also* Bankr. Doc. No. 1647, at 18:7-8 ("The Court's Selective Application of the Plan is Biased Against Baroni and Harms the Estate"). Even if the Omnibus Motion was timely (it is not), Judge Tighe's ruling is law of the case and should not be disturbed based upon an argument previously rejected (*i.e.*, in the absence of no new evidence or law).

Further, it has long been held that adverse rulings, absent more, "almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994) ; *In re Sustaita*, 438 B.R 198, 214 (9th Cir. BAP 2010) ("'[j]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion,' absent a showing of a high degree of antagonism or favoritism in the text accompanying the order or ruling"), *quoting Litecky, supra*; *In re Princeton Medical Management Inc.*, 248 B.R. 907, 912 (Bankr. M.D. Fla. 2000) (a judge's adverse ruling against debtors, in granting motion for appointment of trustee, provided no basis for questioning judge's impartiality, and no basis for judge's disqualification, either by itself or in connection with unsubstantiated generalities alleged by debtors as to judge's unequal treatment of them); *Clemens v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 428 F.3d 1175, 1178–79 (9th Cir. 2005) ("prior rulings in the proceeding, or another proceeding, solely because they were adverse" are "not ordinarily sufficient to require ... recusal") quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir.1995). Thus, even on a clean slate recusal of this Court from the Debtor's main bankruptcy case would still be untimely and unwarranted given that his prior judicial rulings (all of which have, when appealed, been affirmed) are not a recognized basis for recusal.

Thus, the rejection of yet another attempt to have the Court recused, upon which the Movants' appeal is based (and adding as an aside the wholly unrelated 2023 Sanctions Judgment) was merely another in a long line of improper collateral attacks based solely on adverse rulings, which is not a proper basis for such a motion.

Moreover, in seeking this Court's recusal based upon statements first made by the Court in an April 9, 2019 transcript, the Motion does not explain how that could or would impact one, and only one, order—the 2023 Sanctions Judgment issued in February 2023, long since final and non-appealable—while keeping every other order from 2019 to the present intact (some of which other orders were part of the failed adversary proceeding).[5] This is, of course, another bizarre and improper collateral attack given that the 2023 Sanctions Judgment was the subject of a prior unsuccessful appeal. *See In re Baroni*, case no. CV 23-1812-MWF, Doc. 18, Order Dismissing Appeal for Failure to Prosecute (C.D. Cal. July 20, 2023). The Motion does not explain how it can reach back and cherry-pick one ruling out of dozens based upon a request for the Court to recuse itself today.

Not for nothing, challenging the above statement by the Court as to the effect of the conversion of the Debtor's bankruptcy was the cornerstone of the Adversary Proceeding, wherein the Movants sought to collaterally attack a series of final, non-appealable orders issued by this Court consistent with the Conversion Order. At best, it appears that the Movants inadvertently omitted this order from the panoply of orders previously identified in the Adversary Proceeding as "void" for want of jurisdiction (a claim rejected by Judge Bason), which complaint was dismissed and led to a finding of bad faith. By seeking to challenge another prior, final and non-appealable ruling on the recycled grounds that this Court's orders violated the Debtor's plan of reorganization (and he should now be recused), Movants thumb their collective noses at Judge Bason's and Judge Tighe's findings (and prior affirmed rulings by this Court) and simply double down on their bad faith conduct.

Stated simply, the Movants have no likelihood of prevailing assuming, in the first instance, the Motion was procedurally proper.

---

[5] Since April 2019, this Court has issued dozens of orders (a list too voluminous to document here), separate and apart from the orders approving the sale of estate assets and settlements with estate creditors (which were the orders challenged in the adversary), including reconsideration of the Court's Conversion Order [Doc. No. 1022], an order requiring the turnover of the Debtor's properties [Doc. No. 1148], orders granting the Trustee the right to operate rental properties [*see, e.g.,* Doc. No. 1110], and a host of orders approving the retention of counsel, brokers, and other professionals in furtherance of marshalling and selling the estate's assets. In light of the volume of orders issued by this Court after April 2019, the Motion makes no effort to explain its decision to isolate the 2023 Sanctions Judgment to the exclusion of all other orders.

## II. CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court deny the Motion in its entirety and that the Court consider whether to issue a pre-filing order.

Dated: February 25, 2026

BG Law LLP

By: ____________________
Jason B. Komorsky
Susan K. Seflin
Jessica L. Bagdanov
Attorneys for David Seror, Chapter 7 Trustee

Main Document Page 16 of 17

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **21650 Oxnard Street, Suite 500, Woodland Hills, CA 91367**.

A true and correct copy of the foregoing document entitled: **OPPOSITION TO MOTION TO STAY ENFORCEMENT OF THE ORDER DENYING RELIEF REQUESTED IN THE OMNIBUS MOTION RELATED TO THE MAIN BANKRUPTCY CASE [CASE DKT. 2101]** be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **February 25, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Richard L Antognini** , rlalawyer@yahoo.com
- **Richard L Antognini** rlalawyer@yahoo.com, rlalawyer@yahoo.com
- **Jessica L Bagdanov** jbagdanov@bg.law, ecf@bg.law
- **Michael M Baker** mbaker@petersonlawllp.com, christine@petersonlawllp.com
- **Justin D Balser** Justin.Balser@troutman.com, LitigationDocketRequests@troutman.com; Elizabeth.Streible@troutman.com; Tracey.Cantu@troutman.com;evelyn.duarte@troutman.com;Carla.Llarena@troutman.com;erin.edwards@troutman.com; OCCcourtnotices@troutman.com

☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**: On ________**, 2026**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

****JUDGE MARTIN R. BARASH WAIVES SERVICE OF JUDGE'S COPY OF THIS DOCUMENT.**

☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on __________**, 2026**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 25, 2026 | Jessica Studley | /s/ Jessica Studley |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

Main Document Page 17 of 17

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Adam N Barasch** anb@severson.com, cr@severson.com
- **Eric Bensamochan** eric@eblawfirm.us, G63723@notify.cincompass.com
- **Justin C Bentley** justinbentley@yahoo.com, mslattery@lkfirm.com,mabner@lkfirm.com,caguilar@lkfirm.com
- **Linda M Blank** linda@lmblank.com, lindablank.lb@gmail.com
- **Theron S Covey** tcovey@raslg.com
- **Ryan Coy** ryan.coy@saul.com, hannah.richmond@saul.com;Shelly.Guise@saul.com;LitigationDocketing@saul.com
- **Michael Daniels** BkECFnotifications@nationstarmail.com
- **Louis J Esbin** Louis@Esbinlaw.com
- **Richard W Esterkin** richard.esterkin@morganlewis.com
- **Oscar Estrada** oestrada@ttc.lacounty.gov
- **Christopher R Fredrich** cfredrich@steptoe.com, docketing@steptoe.com
- **Daniel K Fujimoto** ecf@steelellp.com, rsoriano@steelellp.com
- **Steven T Gubner** sgubner@bg.law, ecf@bg.law
- **M. Jonathan Hayes** jhayes@rhmfirm.com, roksana@rhmfirm.com; matt@rhmfirm.com; rosario@rhmfirm.com; sloan@rhmfirm.com;priscilla@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;susie@rhmfirm.com;
- max@rhmfirm.com; russ@rhmfirm.com
- **Gregory K Jones** gjones@stradlinglaw.com, smjohnson@sycr.com;smjohnson@stradlinglaw.com
- **Jeff Katofsky** jeff@katofskylaw.com, jgroves@propertymanagers.biz
- **Kelly M Kaufmann** bknotice@mccarthyholthus.com, kraftery@ecf.courtdrive.com
- **Jason B Komorsky** ecf@bg.law, jkomorsky@bg.law
- **Bernard J Kornberg** bernie.kornberg@millernash.com, elw@severson.com
- **Andrew Kussmaul** Andrew.Kussmaul@Bonialpc.com
- **Lewis R Landau** Lew@Landaunet.com
- **Kathleen P March** kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- **Jeannette Marsala** jmarsala@marsalalawfirm.com, jmarsala@marsalalawfirm.com
- **Thomas E McCurnin** tmccurnin@bkolaw.com, aduran@bkolaw.com;kescano@bkolaw.com
- **Kenneth Misken** Kenneth.M.Misken@usdoj.gov
- **Brian H. Newman** bnewman@dykema.com, nleali@dykema.com
- **JaVonne M Phillips** bknotice@mccarthyholthus.com, jphillips@ecf.courtdrive.com
- **John Rafferty** john.rafferty@bonialpc.com
- **Robert Reganyan** reganyanlawfirm@gmail.com
- **Robert Reganyan** reganyanlawfirm@gmail.com
- **Matthew D. Resnik** matt@rhmfirm.com, roksana@rhmfirm.com; sloan@rhmfirm.com; nina@rhmfirm.com; david@rhmfirm.com;priscilla@rhmfirm.com;gabriela@rhmfirm.com;rosario@rhmfirm.com; rebeca@rhmfirm.com;LA@rhmfirm.com
- **J. Alexandra Rhim** arhim@lakklawyers.com, smcfadden@lakklawyers.com
- **Cassandra J Richey** cdcaecf@bdfgroup.com
- **Michael S Riley** mriley8@aol.com, 10986aa@gmail.com
- **Stefanie A Schiff** stefanie.schiff@akerman.com, preston.ascherin@akerman.com; Melissa.cizmorris@akerman.com; Suzanne.jimenez@akerman.com
- **Susan K Seflin** sseflin@bg.law
- **David Seror (TR)** dseror@bg.law, csalazar@bg.law;C133@ecfcbis.com;mgalvan@bg.law
- **Mark M Sharf** msharf00@gmail.com, 2180473420@filings.docketbird.com;mark_091@ecf.courtdrive.com
- **Wayne A Silver** ws@waynesilverlaw.com, w_silver@sbcglobal.net
- **James K Snyder** ksnyder@dykema.com, cacossano@dykema.com
- **Lukas Sosnicki** lsosnicki@thompsoncoburn.com
- **Bill Taylor** ecfnotices@4stechnologies.com
- **Edward A Treder** cdcaecf@bdfgroup.com
- **United States Trustee (SV)** ustpregion16.wh.ecf@usdoj.gov
- **Fanny Zhang Wan** Fanny.Wan@mccalla.com, mccallaecf@ecf.courtdrive.com
- **Kristin A Zilberstein** bankruptcy@zbslaw.com, kzilberstein@zbslaw.com;kzilberstein_534@ecf.courtdrive.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**